Lesley E. Weaver (SBN 191305)
Mili Desai (SBN 308858)
Britt Cibulka (SBN 220957)
BLEICHMAR FONTI & AULD, LLP
1999 Harrison Street, Suite 670
Oakland, California 94612
Tel:  (415) 445-4003
Fax:   (415) 445-4020
lweaver@bfalaw.com
mdesai@bfalaw.com
bcibulka@bfalaw.com

Robyn R. English, *pro hac vice forthcoming*
BLEICHMAR FONTI & AULD, LLP
7 Times Square, 27th Floor
New York, NY 10036
Tel: (212) 789-1359
Fax: (212) 205-3970
renglish@bfalaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Boardsports School Inc., individually and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>Qualcomm Incorporated<br><br>          Defendant. | Case No. 17-cv-00398-HRL<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**Related Case Nos.**<br>• 17-cv-220-LHK<br>• 17-cv-234-NC<br>• 17-cv-304-NC<br>• 17-cv-372-HRL |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Plaintiff Boardsports School Inc. (the "Plaintiff") brings this administrative motion, individually and on behalf of all others similarly situated, requesting the Court to consider whether certain cases should be related pursuant to Northern District of California's Civil Local Rules (the "Local Rules") 3-12 and 7-11.[1]

## I.     THE POTENTIALLY RELATED ACTIONS

A number of cases are currently pending in this District that could be related to the Plaintiff's action, *Boardsports School Inc. v. Qualcomm Incorporated*, Case No. 5:17-cv-00398 (N.D. Cal., filed Jan. 25, 2017) (the "*Boardsports* Action"). The potentially related actions are:

- *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-cv-220-HRL (N.D. Cal., filed Jan. 17, 2017) ("*FTC* Action");
- *Bornstein et al. v. Qualcomm Incorporated*, Case No. 17-cv-234-NC (N.D. Cal., filed Jan. 18, 2017) ("*Bornstein* Action");
- *Stromberg et al. v. Qualcomm Incorporated*, Case No. 17-cv-304-NC (N.D. Cal., filed Jan. 20, 2017) ("*Stromberg* Action"); and
- *McMahon v. Qualcomm Incorporated*, Case No. 17-cv-372 (N.D. Cal., filed Jan. 24, 2017) ("*McMahon* Action")

For the reasons set forth below, Plaintiff contends that these cases together with the *Boardsports* Action (collectively, "the Actions") should be related.

## II.    LEGAL STANDARDS

The Local Rules require that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District . . . the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civil L.R. 3-12(b). Cases are considered related when "[t]he actions concern substantially the

---

[1] Plaintiff is filing concurrent with this motion a Notice of Pendency of Other Action or Proceeding in the *Boardsports* Action before the Honorable Howard R. Lloyd pursuant to Civil Local Rule 3-13 to apprise the Court of the Actions above, as well as other matters pending in the Southern District of California, *see Apple v. Qualcomm Incorporated*, Case No. 17-cv-108-GPC-NLS (S.D. Cal., filed Jan. 20, 2017).

1
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

## III.   THE ACTIONS SHOULD BE RELATED

Plaintiff has promptly filed this motion in the lowest-numbered case in accordance with Local Rule 3-12(b), and now asserts that the Actions should be related as they all meet the criteria for related actions set forth in Local Rule 3-12(a).

### A.   The Actions Concern Substantially the Same Parties, Transaction or Event

The Actions concern substantially the same parties, transaction or event.  First, all of the Actions are brought against the same Defendant—Qualcomm Incorporated.  Second, all of the Actions concern the same transactions and events because they are all focused on Qualcomm Incorporated's anticompetitive conduct with respect to certain cellular technology known as a baseband processors (also called "chips, "chipsets," "modems," and "modem chipsets").  In fact, the gravamen of all of the Actions is that Qualcomm unlawfully maintained a monopoly in baseband processors and related technologies, and did so through anticompetitive means.  *See Boardsports* Action Compl., ECF No. 1;  *see also FTC* Action Compl., ECF No. 1; *Bornstein* Action Compl., ECF No. 1; *Stromberg* Action Compl., ECF No. 1; *McMahon* Action Compl., ECF No. 1.  The anticompetitive conduct alleged in the Actions includes, among other things, inducing standard setting organizations into adopting its technologies for their cellular standards, excluding competitors by refusing licenses, conditioning its chipset supply on the licensing of an entire patent portfolio, and engaging in exclusive dealing.  *See id.*  As a result of this conduct, all Actions allege that Qualcomm charged device manufacturers unfair and unreasonable royalties, which it based on the net

selling price of the entire cellular device and that consumers were harmed by these excessive charges.  *See id.*

Accordingly, these Actions call for determinations of multiple question of law and fact that will be the same or substantially similar.  These questions include whether Qualcomm has acquired and maintained monopoly power through anticompetitive means, and whether its conduct has violated the Sherman Act and various unfair competition and deceptive practices laws, including Section 5 of the Federal Trade Commission Act.

Finally, the Actions also call for substantially similar relief.  For example, the *Boardsports*, *Bornstein*, *Stromberg*, and *McMahon* Actions are all proposed class actions brought on behalf of overlapping classes of purchasers of cellular devices throughout the United States, which seek to recover economic, injunctive, and other equitable relief, individually and on behalf of class members.  The *FTC* Action likewise seeks injunctive and other equitable relief.

### B. Not Relating the Actions Could Lead to Burdensome Duplication of Efforts and Conflicting Results

As discussed above, all of these Actions have concern the same defendant, involve the same transactions or events, and have common questions of law and fact.  Therefore, there will be substantial overlap with respect to discovery, arguments made, and factual and legal questions presented.  As a result, should the actions not be related, there will likely be duplicative efforts that could waste important judicial resources.  By contrast, relating the actions will also assist in the most just and efficient resolution of these Actions. *See* Fed. R. Civ. P. 1.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the recently-filed *Boardsports* Action, *FTC* Action, *Bornstein* Action, *Stromberg* Action, and *McMahon* Action should be related pursuant to Local Rule 3-12.

Dated: January 26, 2017                                                  Respectfully submitted,


By:  /s/ Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Mili Desai (SBN 308858)
Britt Cibulka (SBN 220957)
**BLEICHMAR FONTI & AULD, LLP**
1999 Harrison Street, Suite 670
Oakland, California 94612
Tel:  (415) 445-4003
Fax:   (415) 445-4020
lweaver@bfalaw.com
mdesai@bfalaw.com
bcibulka@bfalaw.com

Robyn R. English, *pro hac vice forthcoming*
**BLEICHMAR FONTI & AULD, LLP**
7 Times Square, 27th Floor
New York, NY 10036
Tel: (212) 789-1359
Fax: (212) 205-3970
renglish@bfalaw.com


*Attorneys for Plaintiff*