<pre>
 1                 UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4


 5

    FEDERAL TRADE COMMISSION,        )  C-17-00220 LHK
 6                                    )
                     PLAINTIFF,       )  SAN JOSE, CALIFORNIA
 7                                    )
             VS.                      )  APRIL 19, 2017
 8                                    )
    QUALCOMM INCORPORATED, A          )  PAGES 1-26
 9  DELAWARE CORPORATION,             )
                                      )
10                   DEFENDANT.       )
    _____  )
11

12                TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LUCY H. KOH
13                UNITED STATES DISTRICT JUDGE

14

15  A P P E A R A N C E S:

16  FOR THE PLAINTIFF:    FEDERAL TRADE COMMISSION
                          BY:  JENNIFER MILICI
17                        600 PENNSYLVANIA AVENUE, NW
                          WASHINGTON, D.C.  20580
18
                          BY:  JOSEPH R. BAKER
19                        400 7TH STREET, SW
                          WASHINGTON, D.C.  20024
20

21             APPEARANCES CONTINUED ON NEXT PAGE

22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
</pre>

APPEARANCES CONTINUED ON NEXT PAGE

1

2       APPEARANCES (CONTINUED)

3


4       FOR THE DEFENDANT:       CRAVATH, SWAINE & MOORE
                                 BY:  GARY A. BORNSTEIN
5                                     YONATAN EVEN
                                      NICOLE PELES
6                                825 EIGHTH AVENUE
                                 NEW YORK, NEW YORK  10019
7

8                                MORGAN, LEWIS & BOCKIUS
                                 BY:  GEOFFREY T. HOLTZ
9                                     RICHARD S. TAFFET

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1        SAN JOSE, CALIFORNIA              APRIL 19, 2017

 2                     P R O C E E D I N G S

 3          (COURT CONVENED AT 10:28 A.M.)

 4               THE COURT:  GOOD MORNING AND WELCOME.

 5               THE CLERK:  PLEASE BE SEATED.

 6          YOUR HONOR, WE'RE CALLING CASE NUMBER 17-CV-00220, FEDERAL

 7      TRADE COMMISSION VERSUS QUALCOMM INCORPORATED.

 8               COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

 9               MS. MILICI:  JENNIFER MILICI FOR THE FTC.

10               MR. HOLTZ:  I'LL GO FIRST.

11          GEOFFREY HOLTZ FOR QUALCOMM.

12               MR. BORNSTEIN:  GARY BORNSTEIN FOR QUALCOMM, YOUR

13      HONOR.

14               MR. BAKER:  JOSEPH BAKER FOR THE FTC.

15               MR. EVEN:  YONATAN EVEN FOR QUALCOMM.

16               THE COURT:  I'M SORRY?

17               MR. EVEN:  YONATAN EVEN FOR QUALCOMM.

18               MS. PELES:  NICOLE PELES FOR QUALCOMM.

19               MR. TAFFET:  RICHARD TAFFET FOR QUALCOMM AS WELL.

20               THE COURT:  OKAY.  GOOD MORNING AND WELCOME TO

21      EVERYONE.

22          OKAY.  DID YOU EXCHANGE INITIAL DISCLOSURES ON APRIL 12TH?

23               MR. BORNSTEIN:  WE DID, YOUR HONOR.

24               MS. MILICI:  WE DID.

25               THE COURT:  OKAY.  AND DID YOU ACTUALLY EXCHANGE
```

```
1    DOCUMENTS OR JUST LISTS OF CATEGORIES OF DOCUMENTS IN YOUR

2    POSSESSION?

3              MS. MILICI:  JUST LISTS OF CATEGORIES OF DOCUMENTS.

4    WE DID NOT EXCHANGE DOCUMENTS WITH THE INITIAL DISCLOSURES.

5              MR. BORNSTEIN:  AND WE'VE OBVIOUSLY PROVIDED A FAIRLY

6    LARGE NUMBER OF DOCUMENTS IN THE PRE-COMPLAINT STAGE.

7              THE COURT:  UNDERSTOOD.  OKAY.

8         ALL RIGHT.  SO WE HAVE A HEARING ON JUNE 15.

9         SO TELL ME ABOUT THE THIRD PARTY DISCOVERY.  IS THAT

10   DISCOVERY THAT WAS TAKEN OF QUALCOMM CONSUMERS, QUALCOMM

11   COMPETITORS, OR --

12             MS. MILICI:  SO THE THIRD PARTIES, IT WOULD INCLUDE

13   BOTH CUSTOMERS AND COMPETITORS.

14             THE COURT:  UM-HUM.  OKAY.  AND I WOULD ASSUME THAT

15   QUALCOMM HAS ITS OWN DOCUMENTATION THAT IT'S EXCHANGED WITH ITS

16   CUSTOMERS.

17             MR. BORNSTEIN:  OVER THE COURSE OF TIME, SURE, THERE

18   ARE INTERCHANGES WITH CUSTOMERS.  WE DON'T HAVE ACCESS, OF

19   COURSE, TO THE INTERNAL INFORMATION OF THE CUSTOMERS.

20             THE COURT:  RIGHT.

21        OKAY.  HAVE YOU REACHED AGREEMENT ON THE ADDITIONAL

22   DEPOSITIONS THAT MAY BE NEEDED, OR SHOULD WE WAIT ON THAT ONE?

23             MR. BORNSTEIN:  WE'VE NOT YET GOTTEN TO AGREEMENT ON

24   THAT ONE, YOUR HONOR, AND I WOULD SUGGEST THAT IT WOULD BE

25   USEFUL TO HAVE MORE INFORMATION TO BE ABLE TO HAVE AN
```

1    INTELLIGENT DISCUSSION WITH COUNSEL ABOUT THAT BEFORE WE

2    SUGGEST SOMETHING TO THE COURT.

3            THE COURT:  THAT'S FINE.  THAT'S FINE.

4        NOW, YOU HAVE AGREED TO HAVE NO MORE THAN 20

5    INTERROGATORIES ON THE THIRD PARTIES; CORRECT?

6            MR. BORNSTEIN:  YES.

7            MS. MILICI:  YES.

8            THE COURT:  OKAY, THAT'S FINE.

9        OTHERWISE, UNTIL YOU REQUEST ANY VARIATION, THE DISCOVERY

10   LIMITS IN THE FEDERAL RULES OF CIVIL PROCEDURE WILL GOVERN THE

11   CASE.

12       ALL RIGHT.  NOW, JUDGE NATHANAEL COUSINS IS GOING TO BE

13   THE DISCOVERY JUDGE FOR THE MDL, AND I THINK IT DOESN'T MAKE

14   SENSE TO HAVE TWO DIFFERENT JUDGES, BECAUSE WE MAY HAVE

15   INCONSISTENT RULINGS, SO HE'S ALSO GOING TO BE THE DISCOVERY

16   JUDGE IN THE FTC CASE, IN YOUR CASE.  ALL RIGHT?  SO IF YOU

17   WOULD PLEASE ALWAYS COMPLY WITH WHATEVER HIS REQUIREMENTS ARE

18   FOR RAISING ANY DISCOVERY DISPUTES.

19       BUT HE'S QUITE FAST IN RESOLVING THEM, SO I THINK THAT

20   WILL ALSO HELP US IN KEEPING THE CASE MOVING.

21       LET'S TALK ABOUT YOUR PROTECTIVE ORDER.  SO UNDER OUR

22   PATENT LOCAL RULES, DISCOVERY CAN'T BE WITHHELD ON THE BASIS

23   THAT THERE'S NO PROTECTIVE ORDER, AND WE HAVE TWO DIFFERENT

24   SORT OF MODEL PROTECTIVE ORDERS IN OUR DISTRICT, ONE FOR YOUR

25   GENERAL CIVIL CASE THAT ONLY HAS ONE LEVEL OF CONFIDENTIALITY,

```
1    AND THE STANDARD PROTECTIVE ORDER IN PATENT CASES THAT HAS THE

2    TWO LEVELS.  IT HAS ATTORNEYS' EYES ONLY, IT HAS PROSECUTION

3    BAR.

4         SO I DON'T WANT THE ABSENCE OF A PROTECTIVE ORDER TO BE

5    THE BASIS FOR WITHHOLDING OF ANY DISCOVERY, SO DO YOU WANT TO

6    HAVE ONE OF THESE DEFAULTS BE YOUR DEFAULT UNTIL YOU STIPULATE

7    TO ONE THAT HAS ALL THE CUSTOMIZED PROVISIONS THAT YOU WANT?

8              MS. MILICI:  SO THE FTC SENT A DRAFT PROTECTIVE

9    ORDER --

10             THE COURT:  OKAY.

11             MS. MILICI:  -- TO QUALCOMM ON APRIL 6TH.

12             THE COURT:  OKAY.

13             MS. MILICI:  WE HAVEN'T HEARD BACK.  I THINK WE

14   STARTED WITH THE MODEL PROTECTIVE ORDER FOR THE PATENT --

15             THE COURT:  FOR PATENT CASES?

16             MS. MILICI:  YES.

17             THE COURT:  OKAY.

18             MS. MILICI:  AND THEN WE MODIFIED IT SOMEWHAT.  AMONG

19   OTHER THINGS, THE MODEL ORDERS ARE WRITTEN PRIMARILY FOR

20   COMMERCIAL PARTIES AND NOT FOR GOVERNMENT PLAINTIFFS, SO THERE

21   WAS SOME MODIFICATION TO THE LANGUAGE.

22             THE COURT:  SURE.

23             MS. MILICI:  BUT THAT -- THAT DRAFT HAS BEEN WITH

24   QUALCOMM FOR SOME TIME.

25             THE COURT:  OKAY.  SO I'D LIKE A DATE BY WHICH
```

1    QUALCOMM IS GOING TO RESPOND TO YOU, BECAUSE IT'S BEEN TWO

2    WEEKS.

3            MR. BORNSTEIN:  SURE.  WE'LL RESPOND BY THE END OF

4    THE WEEK, YOUR HONOR.

5            THE COURT:  OKAY.

6            MR. BORNSTEIN:  AND WE'VE TENTATIVELY AGREED WITH

7    COUNSEL THAT WE WOULD PRESENT SOMETHING TO THE COURT BY NEXT

8    WEEK.

9            THE COURT:  OKAY.  SO BY APRIL 21, QUALCOMM WILL

10   RESPOND TO THE FTC'S APRIL 6TH DRAFT PROTECTIVE ORDER.

11       ALL RIGHT.  AND THAT DOCUMENT CAN BE PRESENTED TO

12   JUDGE COUSINS FOR SIGNATURE.  OKAY?

13       AND SIMILARLY, IF YOU HAVE ANY DISPUTES ABOUT THE

14   PROTECTIVE ORDER, THAT WOULD GO TO JUDGE COUSINS.

15       LET'S GIVE A DATE BY WHICH YOU'RE GOING TO DO THAT SO I

16   CAN ALERT HIS CHAMBERS THAT THAT IS COMING AND THEY'LL BE ON

17   THE LOOK OUT FOR IT AND CAN SIGN IT PROMPTLY IF YOU REACH A

18   STIPULATION.  WHEN IS THAT GOING TO BE FILED?

19           MR. BORNSTEIN:  SO I WOULD SUGGEST THURSDAY IF THAT

20   WORKS FOR COUNSEL, THE 27TH.

21           MS. MILICI:  THAT'S FINE WITH THE FTC.

22           THE COURT:  IF YOU NEEDED A LITTLE MORE TIME -- IF

23   YOU'RE ONLY GOING TO GET QUALCOMM'S RESPONSE ON FRIDAY, THE

24   21ST --

25           MR. BORNSTEIN:  WE CAN DO IT THE FOLLOWING WEEK.

1      HOWEVER MUCH TIME COUNSEL NEEDS.

2              MS. MILICI:  I THINK WE CAN DO IT BY THE 27TH.

3              THE COURT:  OKAY.  I'LL JUST SAY APRIL 28TH.

4          DO YOU KNOW WHAT OBJECTIONS YOU MIGHT HAVE?

5              MR. BORNSTEIN:  TO THE DRAFT THAT THE FTC PROVIDED?

6              THE COURT:  YES.

7              MR. BORNSTEIN:  YES.  WE ARE CONCERNED ABOUT USING

8      SOME OF THE PROVISIONS THAT ARE FROM THE PATENT MODEL ORDER --

9              THE COURT:  UM-HUM.

10             MR. BORNSTEIN:  -- WHICH WE THINK ARE MORE SUITED TO

11     THE EXCHANGE OF TECHNICAL INFORMATION AS OPPOSED TO THE KIND OF

12     COMMERCIAL INFORMATION THAT'S GOING TO BE AT ISSUE IN THIS

13     CASE.  THIS IS NOT A CASE THAT'S GOING TO INVOLVE THE EXCHANGE

14     OF SOURCE CODE OR TECHNICAL INFORMATION LIKE MATTERS THAT HAVE

15     BEEN BEFORE YOUR HONOR MANY TIMES.

16         AND SO WE HAVE SUGGESTIONS THAT WE'LL MAKE.  THE PROPOSAL

17     WE RECEIVED FROM THE FTC LOOKED A LITTLE BIT MORE LIKE THE

18     STANDARD MODEL ORDER IN THIS COURT, ALTHOUGH WE DO AGREE WITH

19     THE CONCEPT OF A TWO-TIER CONFIDENTIALITY.

20             THE COURT:  SO WHAT IS THE CHANGE YOU'RE GOING TO

21     RECOMMEND TO THE ATTORNEYS' EYES ONLY TIER?

22             MR. BORNSTEIN:  THE -- I DON'T HAVE A COMPLETE LIST

23     FOR THE COURT, BUT THE PRIMARY ONE THAT HAS BEEN GIVING US

24     TROUBLE, WHICH WE'VE BEEN TRYING TO FIGURE OUT HOW TO MAKE A

25     PROPOSAL ON, IS THE PROVISION THAT WOULD REQUIRE US TO GIVE

```
 1          NOTICE TO THIRD PARTIES OF OUR INTENT TO SHARE INFORMATION WITH

 2          IN-HOUSE COUNSEL AT QUALCOMM, PEOPLE RESPONSIBLE FOR

 3          SUPERVISING THE LITIGATION.

 4                    THE COURT:  UM-HUM.

 5                    MR. BORNSTEIN:  AND THEN IF WE RECEIVE AN OBJECTION

 6          FROM THE THIRD PARTY, THE PROPOSAL IN THE DRAFT THAT WE

 7          RECEIVED IS THAT WE WOULD HAVE TO COME TO COURT TO MAKE A

 8          MOTION IN ORDER TO RECEIVE PERMISSION TO SHARE INFORMATION WITH

 9          THE ATTORNEYS AT QUALCOMM RESPONSIBLE FOR SUPERVISING THE

10          LITIGATION.

11                    THE COURT:  UM-HUM.

12                    MR. BORNSTEIN:  AND THAT STRIKES US AS A

13          SIGNIFICANTLY BURDENSOME AND UNNECESSARY PROCESS FOR COMMERCIAL

14          INFORMATION, NOT TECHNICAL INFORMATION, AND FOR SHARING THAT

15          INFORMATION WITH PEOPLE WHO HAVE LITIGATION RESPONSIBILITIES

16          AND NOT EITHER TECHNICAL OR COMMERCIAL BUSINESS

17          RESPONSIBILITIES.  SO THAT'S THE PRIMARY CHANGE THAT I THINK

18          WE'LL BE SUGGESTING.

19               THERE WILL BE A FEW OTHERS, AND I WOULD HAVE TO TAKE A

20          LOOK AT THE DOCUMENTS TO GIVE YOUR HONOR A MORE COMPLETE LIST

21          RIGHT NOW.

22                    THE COURT:  SO WHAT IS YOUR SUGGESTION THEN?  THAT

23          THE THIRD PARTY HAS TO MOVE TO QUASH IT OR FOR SOME TYPE OF A

24          PROTECTION SO THAT IT'S NOT VIEWED BY QUALCOMM IN-HOUSE COUNSEL

25          WHO DON'T DO LICENSING?
```

1          MR. BORNSTEIN:  SO OUR SUGGESTION WITH RESPECT TO THE

2    THIRD PARTY INFORMATION IS -- REALLY COMES IN TWO STEPS.

3    THERE'S THE THIRD PARTY INFORMATION THAT IS CURRENTLY IN THE

4    POSSESSION OF THE FTC THAT WE WOULD LIKE TO GET ACCESS TO

5    PROMPTLY, AND THEN THERE'S THE THIRD PARTY INFORMATION WE MAY

6    GET THROUGH SUPPLEMENTAL OR ADDITIONAL DISCOVERY DOWN THE LINE.

7          IN EITHER CASE, WHAT WE WOULD LIKE TO HAVE IS OBVIOUSLY

8    OUTSIDE COUNSEL BEING ABLE TO SEE THE DOCUMENTS, AS WELL AS A

9    DESIGNATED SET OF IN-HOUSE QUALCOMM LAWYERS WITH RESPONSIBILITY

10   FOR THE LITIGATION WHO ARE PERMITTED TO SEE THE MATERIALS SO

11   THAT THEY CAN EXERCISE THEIR RESPONSIBILITIES TO THE COMPANY TO

12   SUPERVISE THE CASE.

13          THE COURT:  AND THEN YOU'LL HAVE SOMETHING LIKE A

14   PROSECUTION BAR, THAT THEY CANNOT THEN BE CONTRACT NEGOTIATORS

15   AND LICENSING ATTORNEYS?  BECAUSE I DO THINK THAT WOULD CAUSE

16   PROBLEMS FOR THESE THIRD PARTIES WHO MAY HAVE TO NEGOTIATE A

17   LICENSE WITH QUALCOMM.

18          MS. MILICI:  AND I THINK THAT'S OUR CONCERN IS THAT A

19   LOT OF THE THIRD PARTIES, YOU KNOW, DEPEND ON QUALCOMM FOR

20   THEIR CHIPSET SUPPLY, YOU KNOW, AND/OR ARE COMPETITORS.

21          AND SO THERE'S SOME CONCERN THAT QUALCOMM ATTORNEYS MIGHT

22   HAVE BUSINESS RESPONSIBILITIES THAT ARE IMPLICATED IN THE

23   FUTURE.

24          THE COURT:  SO I THINK IF YOU'RE ONLY GOING TO GET

25   THEIR RESPONSE, I ASSUME PROBABLY LATE IN THE DAY ON

1    APRIL 21ST, THERE'S NO WAY THIS IS GOING TO GET RESOLVED BY THE

2    27TH.

3         MS. MILICI:  OKAY.

4         THE COURT:  AND I THINK THAT IT WOULD BE THE FTC'S

5    RESPONSIBILITY TO REPRESENT THE INTERESTS OF THE THIRD PARTIES

6    IN THIS PROTECTIVE ORDER.  RIGHT?

7         MS. MILICI:  I THINK THAT'S RIGHT.

8         THE COURT:  SO -- WHY DON'T YOU TRY TO FILE THAT BY

9    MAY 5TH, AND THEN IF YOU NEED TO HAVE IT LITIGATED, HAVE

10   JUDGE COUSINS DECIDE ANY DISPUTE ON THAT QUESTION.  OKAY?  SO

11   MAY 5 OF 2017, PLEASE.

12       ALL RIGHT.  SO THAT'S THE PROTECTIVE ORDER.  THANK YOU FOR

13   THE PROGRESS THAT BOTH SIDES HAVE MADE ON PUSHING AT LEAST THAT

14   FORWARD.

15        SO LET'S GO TO THE MAIN EVENT, WHICH IS THE SCHEDULE.

16        I'M TRYING TO THINK IF THERE'S ANYTHING ELSE HERE.

17        I AM NOT GOING TO STAY DISCOVERY, SO WHETHER IT'S A

18   LIMITED DISCOVERY REQUEST -- LIMITED STAY REQUEST OR A BROAD

19   ONE, I'M NOT GOING TO STAY DISCOVERY.

20        SO LET ME HEAR, THOUGH, WHAT IS QUALCOMM'S -- I'M SORRY --

21   WHAT IS THE FTC'S POSITION ON QUALCOMM'S REQUEST?  DO YOU AGREE

22   THEY PROVIDE A NON-PUBLIC CASE FILE, OR DISAGREE AS TO DELAYING

23   THIRD PARTY DISCOVERY?

24        I MEAN, I'M GOING TO BE JUST FRANK HERE.  I ISSUED AN

25   ORDER THAT SAID THERE WILL BE NO STAY OF DISCOVERY, AND THEN I

1    INVITED QUALCOMM TO PROPOSE A SHORTER CASE SCHEDULE, AND THEN I

2    WAS, FRANKLY, DISAPPOINTED THAT YOUR JOINT CASE MANAGEMENT

3    STATEMENT THEN COMES BACK AND ASKS FOR ANOTHER DISCOVERY STAY,

4    ALBEIT MORE LIMITED THAN YOUR FIRST REQUEST.

5        BUT I HOPE THAT'S NOT AN INDICATION OF HOW YOU INTEND TO

6    LITIGATE THIS CASE, BECAUSE I'M GOING TO BE DISAPPOINTED IF I

7    ISSUE AN ORDER THAT, YOU KNOW, SAYS "THE COURT DENIES

8    DEFENDANT'S REQUEST THAT DISCOVERY BE DEFERRED UNTIL AFTER THE

9    COURT HAS RULED ON DEFENDANT'S PENDING RULE 12(B)(6) MOTION TO

10   DISMISS.  THERE WILL BE NO STAY OF DISCOVERY."

11       AND THEN WITHIN THREE DAYS, TWO BUSINESS DAYS, I GET

12   ANOTHER DISCOVERY STAY REQUEST.  IT'S -- IT'S DISAPPOINTING.

13   I'LL PUT IT THAT WAY.

14       SO I HOPE, WHEN I MAKE A RULING, I'M NOT THEN FOLLOWED UP

15   BY THE SAME REQUEST JUST SLIGHTLY MORE LIMITED GOING FORWARD.

16           MR. BORNSTEIN:  YOUR HONOR, THAT --

17           THE COURT:  YEAH.

18           MR. BORNSTEIN:  -- IS ABSOLUTELY NOT HOW WE INTEND TO

19   LITIGATE, AND I APOLOGIZE --

20           THE COURT:  YEAH.

21           MR. BORNSTEIN:  -- FOR UPSETTING OR DISAPPOINTING THE

22   COURT I THINK WAS THE WORD THAT YOU USED.

23           THE COURT:  YEAH.

24           MR. BORNSTEIN:  OUR CONCERN, WHAT MOTIVATED THIS --

25           THE COURT:  YES.

1          MR. BORNSTEIN:  -- JUST SO THAT I'M SURE I GET THE

2     OPPORTUNITY TO EXPLAIN AND APOLOGIZE FOR THIS, IS THAT WE ARE

3     VERY WILLING TO START AND GO AHEAD AND MAKE DISCOVERY TO THE

4     FTC, THE INFORMATION IT SEEKS FROM US.

5          BUT WE, RIGHT NOW, ARE NOT IN A POSITION WHERE WE CAN GO

6     SERVE DISCOVERY REQUESTS ON THIRD PARTIES IN AN INFORMED WAY.

7     IF WE GO OUT AND WE SERVE A BUNCH OF DISCOVERY REQUESTS ON

8     THIRD PARTIES, IT'S GOING TO ASK FOR INFORMATION THAT'S ALREADY

9     IN THE RECORD.  IT'S GOING TO BE DUPLICATIVE OF THE INFORMATION

10    WE WOULD GET FROM THE FTC CASE FILE.

11         WE'RE NOT GOING TO BE ABLE TO BE AS EFFICIENT AND INFORMED

12    IN SEEKING WHAT WE NEED OR IN COORDINATING THE THIRD PARTY

13    DISCOVERY WITH THE FTC WHICH HAS A HEAD START IN THE PROCESS.

14         ALL WE'RE LOOKING TO DO IS TO BEGIN THE DISCOVERY PROCESS

15    FROM THE SAME PLACE SO THAT WE CAN GET TO THE STARTING LINE AND

16    THEN HAVE A DISCOVERY PROCESS THAT IS FAIR AND BALANCED ON BOTH

17    SIDES WHERE WE ACTUALLY HAVE THE RECORD SO WE CAN CRAFT OUR

18    REQUESTS, AND THEN WE CAN COORDINATE WITH THE FTC IN TERMS OF

19    HOW THE DISCOVERY WILL GO WITH THE THIRD PARTIES SO THERE ARE

20    NOT SUCCESSIVE REQUESTS FOR DOCUMENTS, SO THERE'S JUST ONE

21    DEPOSITION OF ANY INDIVIDUAL OR THIRD PARTY WHO WE'RE ABLE TO

22    HAVE THE MATERIAL IN ADVANCE AND BE PREPARED FOR THAT.

23         SO THAT WAS THE MOTIVATION.

24         THE COURT:  UM-HUM.

25         MR. BORNSTEIN:  I TRULY APOLOGIZE IF THAT, A, WASN'T

1      CLEAR; AND, B, IF YOU FELT THAT WE WERE UNDERCUTTING YOUR

2      ORDER, WHICH WAS ABSOLUTELY NOT OUR INTENT, YOUR HONOR.

3              THE COURT:  WHAT IS THE FTC'S POSITION?

4              MS. MILICI:  WELL --

5              THE COURT:  I'M NOT GOING TO STAY IT.  I'M NOT GOING

6      TO BIFURCATE DISCOVERY.

7          BUT TELL ME YOUR POSITION ON THEIR OTHER REQUESTS.

8              MS. MILICI:  OKAY.  SO ONE OF THE -- THE FIRST

9      PROPOSAL THAT QUALCOMM MADE WAS THAT WE PRODUCE THE THIRD PARTY

10     MATERIALS IMMEDIATELY.

11             THE COURT:  UM-HUM.

12             MS. MILICI:  WE CAN'T DO THAT, BOTH UNDER THE

13     REGULATIONS THAT GOVERN THE FTC, THAT'S 16 C.F.R. 410(G), WHICH

14     SAYS WE CAN'T PRODUCE THIRD PARTY MATERIALS UNTIL, UNTIL A

15     PROTECTIVE ORDER IS IN PLACE, AND THAT WE HAVE TO GIVE THIRD

16     PARTIES THE OPPORTUNITY TO COME TO COURT AND SEEK ADDITIONAL

17     PROTECTIONS.

18         THAT'S COMPLETELY CONSISTENT WITH THE MODEL PROTECTIVE

19     ORDERS OF THIS COURT.  BOTH THE PATENT MODEL PROTECTIVE ORDER

20     AND THE STANDARD PROTECTIVE ORDER SAY THAT WHEN A PARTY SEEKS

21     THIRD PARTY DOCUMENTS FROM ANOTHER PARTY, THE THIRD PARTY HAS

22     TO BE NOTIFIED AND GIVEN A COPY OF THE PROTECTIVE ORDER AND THE

23     DOCUMENT REQUEST AND THEN GIVEN A CHANCE TO COME TO COURT AND

24     SEEK PROTECTION FOR ITS DOCUMENTS.

25         SO THAT'S THE PROCESS THAT WE'LL NEED TO FOLLOW HERE.  WE

1    CANNOT PRODUCE THEM IMMEDIATELY.  THE THIRD PARTIES ARE

2    ENTITLED TO APPEAR BEFORE THE COURT AND MAKE THEIR ARGUMENTS.

3         IT'S FOR THAT REASON THAT, YOU KNOW, THE SCHEDULE THAT

4    QUALCOMM PROPOSES IS INDEFINITE.  IT'S THAT FACT DISCOVERY

5    CONTINUES FOR 12 MONTHS AFTER TWO MONTHS AFTER THEY GET THE

6    FTC'S DOCUMENTS.  WE'RE OPPOSED TO ANY INDEFINITE SCHEDULE FOR

7    FACT DISCOVERY.  AND, IN FACT, I KNOW THAT JUST A WEEK AGO,

8    QUALCOMM PROPOSED A FACT DISCOVERY PERIOD THAT'S JUST STRAIGHT

9    OUT 15 MONTHS, AND SO THIS IS A NEW POSITION SINCE THEN.

10        YOU KNOW, IN ADDITION, I DON'T SEE THE NEED TO STAY ALL

11   THE THIRD PARTY DISCOVERY WHILE QUALCOMM REVIEWS DOCUMENTS.

12   THERE ARE CERTAINLY A NUMBER OF THIRD PARTIES WHO WE WOULD BE

13   SEEKING DISCOVERY FROM WHO DID NOT PRODUCE ANY DOCUMENTS DURING

14   THE FTC'S INVESTIGATION, AND I DON'T SEE ANY REASON TO STAY

15   DISCOVERY AS TO THOSE THIRD PARTIES.

16        THE COURT:  I'M WONDERING IF THERE'S ANY SORT OF

17   EXPEDITING PERHAPS MULTIPLE TRACKS, WHETHER YOU CAN INFORM

18   QUALCOMM AS TO WHICH THIRD PARTIES YOU OBTAINED NO DISCOVERY

19   FROM SO THEN THEY CAN START FRESH KNOWING THAT THERE'S NO

20   DUPLICATION POSSIBLE.  WOULD YOU BE OPPOSED TO PROVIDING THAT

21   INFORMATION?

22        OR EVEN JUST SAYING -- I'M NOT FAMILIAR WITH 16 C.F.R.

23   410(G), SO I DON'T KNOW IF YOU CAN SAY AT LEAST HERE'S THE

24   LIST, AND WE CAN PROBABLY GUESS THEM NOW WHO THEY ARE.  BUT,

25   YOU KNOW, HERE'S A LIST OF WHO WE HAVE OBTAINED DISCOVERY FROM,

1     AND SO THEN QUALCOMM CAN KNOW, WELL, EVERYONE ELSE WAS NOT

2     INVOLVED OR DIDN'T PRODUCE DOCUMENTS AND THEY CAN START FRESH

3     WITH THOSE.

4          IS THAT POSSIBLE?

5          AND I WOULD ASSUME, AT LEAST FOR THE CUSTOMERS, A LOT OF

6     THAT IS GOING TO BE DOCUMENTS THAT QUALCOMM ALREADY HAS.

7     QUALCOMM MAY HAVE GENERATED THE E-MAILS, DRAFTS, WHATNOT.

8          PRESUMABLY THAT CAN BE PRODUCED ON AN EXPEDITED BASIS EVEN

9     IF, YOU KNOW, MORE INTERNAL DOCUMENTS THAT QUALCOMM WOULDN'T

10    HAVE COULD BE ON A SEPARATE TRACK.

11         I'M JUST WONDERING, IS THERE ANY SORT OF EXPEDITING THAT

12    COULD BE DONE, OR SOME INFORMATION YOU CAN PROVIDE CONSISTENT

13    WITH YOUR C.F.R. OBLIGATIONS THAT WOULD AT LEAST ASSIST

14    QUALCOMM IN PUSHING THE BALL FORWARD?

15         MS. MILICI:  SO I THINK PART OF THE PROBLEM HERE IS

16    THE HOLD UP ON THE PROTECTIVE ORDER.

17         THE COURT:  OKAY.

18         MS. MILICI:  TYPICALLY WE DON'T, YOU KNOW, IDENTIFY

19    SUBMITTERS, COMPANIES THAT SUBMIT DOCUMENTS DURING AN

20    INVESTIGATION, YOU KNOW, ON THE PUBLIC RECORD OR TO THE

21    ATTORNEY OF THE INVESTIGATION.

22         THE COURT:  OKAY.

23         MS. MILICI:  SO WE WOULD WANT SOME PROTECTIVE ORDER

24    IN PLACE BEFORE, YOU KNOW, DOING THE NEGATIVE.  IF WE'RE GOING

25    TO IDENTIFY ANYBODY WHO DIDN'T, WE'RE IDENTIFYING EVERYONE WHO

1    DID.

2              THE COURT:  RIGHT.

3              MS. MILICI:  BUT AS TO YOUR POINT OF, YOU KNOW, ONCE

4    THAT'S HAPPENED, COULD WE PRODUCE -- MAKE A LIMITED PRODUCTION

5    OF DOCUMENTS THAT, YOU KNOW, QUALCOMM SHOULD ALREADY HAVE

6    BECAUSE THEY'RE COMMUNICATIONS WITH QUALCOMM, I MEAN, THAT

7    WOULD TAKE A LOT OF WORK ON OUR BEHALF TO IDENTIFY THOSE

8    DOCUMENTS.

9              THE COURT:  UM-HUM.

10             MS. MILICI:  I'M NOT SUGGESTING THAT IT CAN'T BE

11   DONE, BUT IT MIGHT NOT BE MORE EFFICIENT.

12             THE COURT:  UM-HUM.  ALL RIGHT.

13        WELL, I'M WONDERING IF YOU CAN AT LEAST START, IN YOUR

14   COMMUNICATIONS WITH THE THIRD PARTIES, TO NOTIFY THEM OF WHAT'S

15   COMING.  I MEAN, YOU MAY EVEN WANT TO CONSULT WITH THEM ON THE

16   PROTECTIVE ORDER TO PROCEED TO WORK OUT THE MECHANISM THAT WILL

17   WORK SO THAT IT DOES NOT GET BOGGED DOWN IN A LOT OF

18   LITIGATION, WHICH NOBODY WANTS.

19        SO IT COULD BE THAT YOU COULD JUST START DOING SOME OF THE

20   LEGWORK NOW.

21             MS. MILICI:  AND TO BE CLEAR, WE HAVE.

22             THE COURT:  OKAY, GOOD.

23             MS. MILICI:  YOU KNOW, THE -- THE NOTICE THAT HASN'T

24   BEEN PROVIDED TO THE THIRD PARTIES IS THE NOTICE THAT'S CALLED

25   FOR IN THE MODEL PROTECTIVE ORDER, WHICH IS HERE'S THE DOCUMENT

1    REQUEST, HERE'S THE PROTECTIVE ORDER, HERE'S THE TIMEFRAME IN

2    WHICH YOU NEED TO SEEK ADDITIONAL PROTECTION.  WE KIND OF CAN'T

3    GIVE THAT NOTICE UNTIL THERE'S A PROTECTIVE ORDER.

4         BUT, YOU KNOW, CERTAINLY WE CAN GIVE NOTICE THAT THIS

5    ISSUE HAS ARISEN.

6         THE COURT:  WELL, LET ME ASK QUALCOMM, YOU GOT THE

7    DRAFT ON APRIL 6TH.  CAN YOU EXPEDITE IN GIVING YOUR COMMENTS

8    SO WE CAN TRY TO -- I MEAN, I'M HAPPY TO MOVE THIS BACK TO

9    APRIL 27TH IF THAT IS HELPFUL.

10        I'M JUST CONCERNED THAT IF YOU DON'T GET QUALCOMM'S

11   POSITION UNTIL THE END OF THE DAY ON FRIDAY, THE 21ST, THE 27TH

12   MIGHT BE TIGHT.  BUT MAYBE IT'S NOT.  YOU ALL HAVE ALREADY BEEN

13   THINKING ABOUT THIS.

14        MR. BORNSTEIN:  SO, YOUR HONOR, WE'LL DO WHATEVER WE

15   CAN TO GET IT TO COUNSEL AS QUICKLY AS WE CAN.  AND IF --

16        THE COURT:  CAN YOU DO IT TODAY?  THAT WOULD HELP.

17        MR. BORNSTEIN:  I DON'T THINK I CAN DO IT TODAY, YOUR

18   HONOR.

19        THE COURT:  OKAY.  WELL, HOW ABOUT TOMORROW?

20        MR. BORNSTEIN:  WE WILL DO IT TOMORROW IF THAT NEEDS

21   TO HAPPEN, ABSOLUTELY.

22        THE COURT:  OKAY.  SO THAT WOULD BE THE 20TH.

23        DO YOU STILL THINK ONE WEEK IS ENOUGH TIME?

24        MS. MILICI:  I MEAN, I THINK WE CAN DO IT IN ONE WEEK

25   IF -- WITH SUFFICIENT MOTIVATION.

1          THE COURT:  OKAY.  ALL RIGHT.  WELL, THEN, I'LL MOVE

2     YOUR DATE TO FILE EITHER A STIPULATED PROTECTIVE ORDER OR A

3     PROTECTIVE ORDER DISPUTE -- WELL, YOU'LL HAVE TO CHECK WITH

4     JUDGE COUSINS.  FIND OUT WHAT HIS REQUIREMENTS ARE.  I CAN'T

5     REMEMBER IF HE HAS A -- I'M SURE HE HAS A MEET AND CONFER

6     OBLIGATION BEFORE YOU CAN FILE, BUT I JUST DON'T RECALL WHAT

7     THE SPECIFICS ARE BEFORE FILING WITH HIM.

8          BUT APRIL 27TH WILL BE YOUR DEADLINE ONE WAY OR THE OTHER.

9     OKAY?

10          MR. BORNSTEIN:  OKAY.  AND I -- YOU KNOW, THE

11     PROTECTIVE ORDER, I THINK YOUR HONOR, IF I MAY, THE -- WILL

12     ADDRESS SOME OF THE CONCERNS THAT COUNSEL WAS EXPRESSING ABOUT

13     THIS BEING AN INDEFINITE PERIOD.

14          WE'RE NOT SEEKING AN INDEFINITE PERIOD.  WHAT WE ENVISION

15     IS THAT THERE WOULD BE AN ORDERLY PROCESS WHERE THE NOTICE

16     UNDER 410(G) OF THE C.F.R. WOULD BE GIVEN; THERE WOULD BE AN

17     OPPORTUNITY FOR THE THIRD PARTIES TO RAISE WHATEVER CONCERNS

18     THEY HAVE; THERE WOULD BE A PERIOD OF TIME FOR THOSE CONCERNS

19     TO BE ADDRESSED BY THE COURT, WHICH CAN BE ON -- IN WHATEVER

20     SCHEDULE IS APPROPRIATE THAT YOUR HONOR OR JUDGE COUSINS DEEMS

21     APPROPRIATE; AND THEN WE WOULD GET THE MATERIALS.

22          IT WOULDN'T DRAG ON FOREVER, AND I'M CONCERNED ABOUT THE

23     POSSIBILITY THAT COUNSEL WAS SUGGESTING IT WILL DRAG ON

24     FOREVER.

25          THAT'S OUR REAL CONCERN IS THAT WE HAVE A BACK END DATE ON

1    WHEN FACT DISCOVERY MUST END, BUT WE HAVE AN INDEFINITE PERIOD

2    OF TIME BEFORE WE KNOW WHAT THE FULL RECORD IS THAT WE'RE

3    TAKING DISCOVERY ON.  THAT'S OUR REAL CONCERN.  WE JUST WANT

4    SOME PREDICTABILITY IN TERMS OF WHEN WE'LL GET DOCUMENTS AND

5    THEN HAVE ENOUGH TIME WITH THOSE DOCUMENTS TO BE ABLE TO

6    CONDUCT DISCOVERY.

7            THE COURT:  ALL RIGHT.  WELL, I'M NOT GOING TO LET

8    THIS CASE DRAG ON, SO -- OKAY.  SO LET'S GO THROUGH THE

9    SCHEDULE.

10       I WOULD LIKE TO -- THIS COMPLAINT WAS FILED IN JANUARY OF

11   2017, SO I WOULD LIKE THE TRIAL TO BE WITHIN TWO YEARS, SO I AM

12   GOING TO WORK BACKWARDS.

13       I AM GOING TO PROPOSE AN EIGHT DAY -- I DO THINK IT'S

14   EIGHT DAYS.  I MEAN, THIS IS A BENCH TRIAL, SO IT MAY BE LESS,

15   BUT I DON'T KNOW HOW MANY DIFFERENT WITNESSES WOULD BE CALLED.

16           WHAT DO YOU THINK THE ESTIMATE IS?

17           MR. BORNSTEIN:  THE INITIAL DISCLOSURES, YOUR HONOR,

18   THAT WE RECEIVED FROM THE FTC HAVE 39 QUALCOMM EMPLOYEES AND 44

19   THIRD PARTIES, THIRD PARTY ENTITIES --

20           THE COURT:  UM-HUM.

21           MR. BORNSTEIN:  -- WHICH STRIKES ME THAT THIS IS

22   GOING TO BE A VERY LARGE DISCOVERY PERIOD AND A LARGE TRIAL.

23           THE COURT:  OKAY.  SO WHAT DO YOU THINK?  IF WE

24   GET -- WELL, I THINK WITHOUT A JURY, WE'LL GET EVEN MORE --

25   WE'LL GET PROBABLY FIVE HOURS AND 45 MINUTES OF TRANSCRIPT TIME

 1    EVERY DAY, MAYBE EVEN SIX HOURS BECAUSE THERE WILL BE FEWER OF

 2    THE TYPES OF DISCUSSIONS WITHOUT A JURY.  SO HOW MANY DAYS DO

 3    YOU THINK?

 4            MR. BORNSTEIN:  WELL, COUNSEL AND I HAVE NOT HAD THE

 5    OPPORTUNITY TO CONFER ON THE SUBJECT.

 6            THE COURT:  UM-HUM.

 7            MR. BORNSTEIN:  WOULD IT BE ACCEPTABLE TO YOUR HONOR

 8    IF WE HAVE THAT OPPORTUNITY TO DO THAT BEFORE WE GET BACK TO

 9    THE COURT?

10            THE COURT:  THAT'S FINE.  AND, YOU KNOW, IT FRANKLY

11    DOESN'T MATTER.  I JUST NEED TO SET THE START DATE.  WE CAN END

12    AT WHATEVER POINT YOU WANT TO.  BUT I WOULD SET TIME LIMITS.

13            MR. BORNSTEIN:  OF COURSE.

14            THE COURT:  SO I'LL SAY FOR NOW, ASSUMING WE GET FIVE

15    AND A HALF HOURS OF TRANSCRIPT TIME EACH DAY, I WOULD ASSUME --

16    LET'S SAY YOU EACH GOT 25 HOURS, OR EVEN 20, 20 TO 25 HOURS OF

17    EVIDENCE.  SAY YOU GOT, WHAT, 40 MINUTES EACH FOR OPENING, AN

18    HOUR AND A HALF IF YOU THINK NECESSARY, ALTHOUGH I THINK AN

19    HOUR WOULD BE BETTER.  WHAT ABOUT AN HOUR FOR CLOSING AND 45

20    MINUTES FOR OPENING, 20 HOURS OF EVIDENCE EACH?

21        OKAY.  WE HAVE NO JURY SELECTION.  WE'VE GOT NO JURY

22    INSTRUCTIONS, SO WE DON'T NEED TO SAVE ANY TIME FOR THAT.

23        SO WHAT DOES THAT WORK OUT TO BE?

24        (PAUSE IN PROCEEDINGS.)

25            THE COURT:  ROUGHLY 44 HOURS, SO THAT'S ABOUT EIGHT

1    DAYS.

2              MS. MILICI:  YOUR HONOR, THAT TIME MIGHT BE TIGHT,

3    BUT I'M ASSUMING THAT WE COULD ADDRESS THAT LATER IF THAT --

4              THE COURT:  YEAH, WE CAN FINE TUNE THIS LATER.

5              MS. MILICI:  OKAY.

6              THE COURT:  IT'S NOT -- I'LL PUT IT NOW FOR NINE

7    DAYS.  BUT I REALLY THINK THAT -- YOU KNOW, I'M GOING TO GO

8    AHEAD AND PUT IT FOR EIGHT NOW.  WE CAN FINE TUNE IT LATER.

9    BUT THERE WILL BE STRICT TIME LIMITS, SO -- BUT AS THE CASE

10   DEVELOPS, YOU CAN LET ME KNOW WHAT'S MORE REALISTIC OR NOT.

11        OKAY.  SO THAT WILL BE STARTING JANUARY 4TH OF 2019 AT

12   9:00 O'CLOCK; WE'LL HAVE THE FINAL PRETRIAL CONFERENCE

13   DECEMBER 13, 2018, AT 1:30; WE'LL HAVE A HEARING ON DISPOSITIVE

14   MOTIONS OCTOBER 18 OF 2018 AT 1:30.

15        AND THE REASON WHY I PUT IN TWO MONTHS IS THAT IF IT'S A

16   GRANT IN PART OR A GRANT IN FULL, I NEED TO GIVE YOU A WRITTEN

17   ORDER THAT YOU CAN APPEAL AND, YOU KNOW, IT MAY TAKE AT LEAST A

18   MONTH AFTER THE HEARING TO GET THAT OUT.

19        AND THEN UNDER MY STANDING ORDER, YOU'LL NEED TO MEET AND

20   CONFER 21 DAYS IN ADVANCE OF THE PRETRIAL CONFERENCE AND FILE

21   YOUR PRETRIAL DOCUMENTS 14 AND 10 DAYS BEFORE THE PRETRIAL

22   CONFERENCE.

23        SO THAT JUST BUILDS IN A MONTH TO GET THE ORDER OUT, AND

24   THEN A MONTH FOR YOU TO DO ALL THE PRETRIAL PREP BEFORE THE

25   PRETRIAL CONFERENCE.  AND THAT WAY YOU'RE NOT HAVING TO ARGUE

1       MOTIONS IN LIMINE IN THE ALTERNATIVE AND YOU'LL HAVE A RULING

2       IN HAND AND A BETTER SENSE OF THE SCOPE OF THE CASE.

3            OKAY.  SO BUILDING IN THE SORT OF -- HMM.  WHAT ABOUT

4       SEPTEMBER 28TH, 2018, FOR THE DAUBERT REPLIES AND SUMMARY

5       JUDGMENT REPLIES -- THIS MIGHT BE A LITTLE -- HOW MANY WEEKS IS

6       THAT?

7            (PAUSE IN PROCEEDINGS.)

8            THE COURT:  OKAY.  SO SEPTEMBER 28TH, 2018, IS THE

9       DATE FOR SUMMARY JUDGMENT AND DAUBERT REPLIES; SEPTEMBER 10TH

10      OF 2018 IS THE DATE FOR SUMMARY JUDGMENT AND DAUBERT

11      OPPOSITIONS; AUGUST 10TH, 2018, IS THE LAST DAY TO FILE

12      DISPOSITIVE MOTIONS AND DAUBERT MOTIONS.

13           NOW, YOU CAN FILE ANY DISPOSITIVE MOTIONS EARLIER, BUT I

14      USUALLY LIMIT DISPOSITIVE MOTIONS TO ONE PER SIDE IN THE WHOLE

15      CASE.  YOU CAN FILE IT ANY TIME, BUT I DISCOURAGE YOU FILING IT

16      PREMATURELY BECAUSE THEN WE'LL JUST GET A 56(D) OPPOSITION AND

17      IT'LL BE A WASTE OF TIME.  SO THERE'S ONE PER SIDE IN THE WHOLE

18      CASE.  THAT'S AUGUST 10.

19           THEN THE CLOSE OF EXPERT DISCOVERY IS JULY 20TH, 2018;

20      PLAINTIFF'S REBUTTAL EXPERT REPORTS, JUNE 22; DEFENDANT'S

21      EXPERT REPORTS, MAY 25; PLAINTIFF'S OPENING EXPERT REPORTS,

22      APRIL 20TH OF 2018; CLOSE OF FACT DISCOVERY, MARCH 30TH OF

23      2018; AND WE HAVE THE HEARING ON THE MOTION TO DISMISS SET FOR

24      JUNE 15, 2017, AND YOU ALL HAVE STIPULATED TO THE BRIEFING

25      SCHEDULE, SO I THINK THAT'S FINE.

1        WE HAVE A REPLY DATE OF JUNE 2ND; AN OPPOSITION DATE OF

2   MAY 12; AND WE SET APRIL 27TH AS THE FILING DATE FOR THE

3   PROTECTIVE ORDER.

4        I WOULD SET A FURTHER CMC FOR AFTER THE HEARING SO YOU

5   HAVE THE ORDER IN HAND.  WHAT ABOUT JULY 19, 2017, AT 2:00

6   O'CLOCK?

7           MS. MILICI:  THAT'S FINE FOR THE FTC, YOUR HONOR.

8   THANK YOU.

9           MR. BORNSTEIN:  YOUR HONOR, MAY I ASK YOUR PERMISSION

10   TO LOOK AT MY PHONE TO MAKE SURE THAT I'M NOT SUPPOSED TO BE

11   WITH MY KIDS THAT WEEK ON A VACATION?

12           THE COURT:  YES, PLEASE.

13           MR. BORNSTEIN:  OKAY.  THANK YOU.

14           THE COURT:  PLEASE.

15       (PAUSE IN PROCEEDINGS.)

16           MR. BORNSTEIN:  YES, THAT'S FINE, YOUR HONOR.

17       I APOLOGIZE FOR HAVING TO DO THAT.

18           THE COURT:  OKAY.  NO, NO, NO PROBLEM.

19       OKAY.  DO YOU NEED ME TO REPEAT THE SCHEDULE?  WE'LL ISSUE

20   A CASE MANAGEMENT ORDER WITH ALL THESE DATES IN IT, BUT I'M

21   HAPPY TO REPEAT IT BECAUSE THIS IS A LOT OF -- THIS IS A LONG

22   LIST OF DATES.

23           MS. MILICI:  I THINK WE'VE GOT IT.

24           MR. BORNSTEIN:  I THINK WE HAVE IT.

25           THE COURT:  OKAY.  ALL RIGHT.

1          MR. BORNSTEIN:  THANK YOU.

2          THE COURT:  I'M SORRY.  GO AHEAD.

3          MR. BORNSTEIN:  I WAS JUST GOING TO -- I WANTED TO

4     PUT ONE ISSUE ON THE TABLE THAT MAY COME UP IN THE FUTURE, JUST

5     SO THERE ARE NO SURPRISES IF WE HAVE TO SPEAK WITH COUNSEL OR

6     WITH THE COURT ABOUT THIS AT SOME POINT.

7          THE COURT:  OKAY.

8          MR. BORNSTEIN:  BUT AS WE NOTED, THERE'S A VERY LARGE

9     NUMBER OF THIRD PARTIES THAT ARE OVERSEAS THAT WILL COMPLICATE

10    THE DISCOVERY PROCESS, AND SO I JUST WANTED TO RAISE THE

11    POSSIBILITY THAT IF WE REACH THE END OF FACT DISCOVERY AND

12    THERE'S A DELAY IN GETTING INFORMATION BECAUSE OF HAGUE

13    CONVENTION PROCESSES, I HOPE THE COURT WILL INDULGE US IN BEING

14    ABLE TO CONTINUE TO RECEIVE THE INFORMATION AND TAKE FACT

15    DISCOVERY THAT -- WHERE THE DELAY IS CAUSED BY ISSUES THAT ARE

16    OUT OF OUR CONTROL, LIKE THE HAGUE CONVENTION PROCESSES.

17         THE COURT:  I'LL CERTAINLY CONSIDER ANY ISSUES THAT

18    COME UP.  I WILL EXPECT FULL DILIGENCE, THOUGH.

19         MR. BORNSTEIN:  OF COURSE, YOUR HONOR.

20         THE COURT:  AND IF IT TURNS OUT THAT A HAGUE

21    CONVENTION REQUEST, YOU KNOW, WAS MADE TO GERMANY, OR ANY

22    COUNTRY THAT TAKES A REALLY LONG TIME, LIKE TWO WEEKS BEFORE

23    FACT DISCOVERY CUTOFF, I MAY NOT BE THAT SYMPATHETIC.

24         MR. BORNSTEIN:  NO.

25         THE COURT:  SO AS LONG AS THERE'S BEEN FULL

1    DILIGENCE, THEN, YES, I AM NOT GOING TO DISADVANTAGE A PARTY

2    BECAUSE THEY'RE STILL WAITING FOR SOME EMBASSY TO -- YOU KNOW,

3    YOU'RE STILL WAITING ON LETTERS ROGATORY OR, YOU KNOW, SOME

4    PROCESS STILL HAS NOT TAKEN PLACE IN A FOREIGN COUNTRY.

5            MR. BORNSTEIN:  THANK YOU, YOUR HONOR.  I APPRECIATE

6    THAT.  WE WILL, OF COURSE, BE DILIGENT IN PURSUING THAT.

7            THE COURT:  OKAY.  WHAT ELSE?  ANYTHING ELSE TODAY?

8            MS. MILICI:  NOT FOR THE FTC.

9            MR. BORNSTEIN:  NO, WE DON'T HAVE ANYTHING, EITHER,

10   YOUR HONOR.  THANK YOU.

11           THE COURT:  OKAY.  ALL RIGHT.  THANK YOU ALL VERY

12   MUCH.

13           MS. MILICI:  THANK YOU, YOUR HONOR.

14           THE COURT:  OKAY.  THANK YOU.

15           THE CLERK:  COURT IS ADJOURNED.

16       (THE PROCEEDINGS WERE CONCLUDED AT 11:00 A.M.)

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595

18        DATED:  APRIL 25, 2017

19

20

21

22

23

24

25