**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

QUALCOMM INCORPORATED, a
Delaware corporation,

Defendant.

Case No. 5:17-cv-00220-LHK

**PROTECTIVE ORDER GOVERNING
CONFIDENTIAL MATERIAL**

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>Commission or FTC</u>:  the Federal Trade Commission, or any of its employees,

United States District Court
Northern District of California

1    agents, attorneys, and all other persons acting on its behalf.

2         2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is

3 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

4 Civil Procedure 26(c).

5         2.4     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

6 as their support staff).

7         2.5     Designated House Counsel:  House Counsel who seek access to "HIGHLY

8 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter under Section 7.4 of

9 this Order.

10        2.6     Designating Party:  a Party or Non-Party that designates information or items that it

11 produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

12 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13        2.7     Disclosure or Discovery Material:  all items or information, regardless of the

14 medium or manner in which it is generated, stored, or maintained (including, among other things,

15 testimony, transcripts, and tangible things), that are produced or generated in disclosures or

16 responses to discovery in this matter.

17        2.8     Expert:  a person, who is not an employee of a Defendant or of any firm engaged in

18 the design, manufacture or sale of cellular technology, cellular products or cellular subscriber

19 services, with specialized knowledge or experience in a matter pertinent to the litigation who has

20 been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action,

21 as well as employees of the firm with which the Expert is associated or independent contractors who

22 are necessary to assist the Expert's work.

23        2.9     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

24 extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

25 Non-Party would create a substantial risk of serious harm that could not be avoided by less

26 restrictive means.

27        2.10    House Counsel:  attorneys who are employees in the Corporate Legal Department of

28

1   Qualcomm Incorporated (and their support staff). House Counsel does not include Outside Counsel

2   of Record or any other outside counsel.

3        2.11   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

4   entity not named as a Party to this action.

5        2.12   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action

6   but are retained to represent or advise a party to this action, and have appeared in this action on

7   behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, as well

8   as such attorneys' support staffs.

9        2.13   <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

10  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

11       2.14   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

12  Material in this action.

13       2.15   <u>Professional Vendors</u>:  persons or entities that provide litigation support services

14  (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

15  storing, or retrieving data in any form or medium) and their employees and subcontractors.

16       2.16   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

17  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18       2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

19  Producing Party.

20  3.   <u>SCOPE</u>

21       The protections conferred by this Stipulation and Order cover not only Protected Material (as

22  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

23  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

24  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

25  However, the protections conferred by this Stipulation and Order do not cover the following

26  information:  (a) any information that is in the public domain at the time of disclosure to a Receiving

27  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

28

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited except as provided specifically in this order or any federal statute or regulation. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially

1   asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

2   mistaken designation.

3       5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order

4   (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

6   designated before the material is disclosed or produced. For the avoidance of doubt, Section 5.2

7   does not apply to Non-Party documents submitted or produced to the FTC prior to entry of this

8   Order and subject to Section 5.4 of this Order.

9           Designation in conformity with this Order requires:

10          (a)  for information in documentary form (*e.g.*, paper or electronically stored information

11   ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), that the

12   Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY" to each page that contains protected material and also, for ESI, in the

14   metadata field assigned to indicate the confidentiality designation.

15          A Party or Non-Party that makes original documents or materials available for

16   inspection need not designate them for protection until after the inspecting Party has indicated which

17   material it would like copied and produced. During the inspection and before the designation, all of the

18   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

20   copied and produced, the Producing Party must determine which documents, or portions thereof,

21   qualify for protection under this Order. Then, before producing the specified documents, the

22   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY") as set forth in the preceding paragraph.

24          (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

25   Designating Party identify, either verbally on the record or in a writing served on all Parties and the

26   court reporter within 21 days after the close of the deposition, hearing, or other proceeding, all

27   protected testimony and specify the level of protection being asserted.  Only those portions of the

28

testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order.

Each Party shall give the other Party notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as and to the extent actually designated.

(c) for all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Following a correction of a designation, the

1    Producing Party shall provide re-labeled copies of the information or items to each Receiving Party

2    reflecting the change in designation.

3         5.4    <u>Information Obtained During Commission Investigation</u>.  Any document or portion

4    thereof submitted or produced to the FTC by a Non-Party prior to entry of this Order, and all

5    transcripts of investigational hearings of Non-Parties taken during the Commission's pre-complaint

6    investigation, as well as any other documents in the FTC's possession, custody or control that

7    disclose the substance of such documents or transcripts, shall be treated as follows:

8         (a)  Upon production by the Commission in this action, such information shall be

9    initially treated by the Parties as information designated "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY."

11        (b)  Within three (3) business days of the entry of this Protective Order, the Commission

12   shall provide all Non-Parties who submitted or produced information to the FTC with notice that

13   Qualcomm has requested information provided by the Non-Party, together with a copy of this

14   Protective Order. This notice shall inform the Non-Party that (a) it may, within fourteen (14) days of

15   such notice, seek a protective order from this court regarding the FTC's production of its

16   confidential information; and (b) it may, within thirty (30) days of such notice designate any

17   materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18   pursuant to the terms of this Protective Order.  All such materials shall be treated by the Parties as

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of such thirty

20   (30) day period.

21        (c)  If the Non-Party fails to seek a protective order from this court within fourteen (14)

22   days of receiving the notice and accompanying information, the FTC shall promptly produce the

23   Non-Party's confidential information. If the Non-Party timely seeks a protective order, the FTC

24   shall not produce any information in its possession or control covered by the protective order sought

25   by the Non-Party before a determination by the court.  Absent a court order to the contrary, the

26   Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

27   Material.

28

(d) If the Non-Party who submitted the information to the Commission fails to designate such materials within thirty (30) days of receiving the notice and accompanying information, any information submitted by the Non-Party to the Commission and produced by the Commission in this action shall be re-designated as "CONFIDENTIAL."

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21)

days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. The parties may stipulate without court order to amend the time period within which a motion shall be filed. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any related appellate proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a

1  secure manner that ensures that access is limited to the persons authorized under this Order.

2      7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

3  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

4  information or item designated "CONFIDENTIAL" only to:

5          (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

6  said Outside Counsel of Record (1) who do not provide commercial advice (as opposed to legal

7  advice) to a Defendant and (2) to whom it is reasonably necessary to disclose the information for this

8  litigation;

9          (b)  House Counsel, identified in Exhibit B, (1) who have no involvement in competitive

10  decision-making for a Defendant, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3

11  (Fed. Cir. 1984), (2) to whom disclosure is reasonably necessary for this litigation, and (3) who have

12  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support

13  staff, provided that such support staff are not involved in competitive decision-making and have

14  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15          (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

17  Be Bound" (Exhibit A);

18          (d)  the court and its personnel;

19          (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

20  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22          (f)  during their testimony or in preparation for their testimony, witnesses in the action and

23  their counsel to whom disclosure is reasonably necessary and who have signed the "Acknowledgment

24  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

25  ordered by the court. Such disclosure may only occur for the purpose of assisting the preparation or

26  examination of the witness. Pages of transcribed deposition testimony or exhibits to depositions that

27  reveal Protected Material must be separately bound by the court reporter and may not be disclosed to

28

1    anyone except as permitted under this Stipulated Protective Order;

2            (g)  the Designating Party or its employees, the author or recipient of a document

3    containing the information, or a custodian or other person who otherwise possessed or knew the

4    information; and

5            (h)  FTC Commissioners and FTC counsel who have appeared in this action, as well as

6    other Commission employees to whom it is reasonably necessary to disclose the information for this

7    litigation.

8            7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

10   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

11   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

12           (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

13   said Outside Counsel of Record (1) who do not provide commercial advice (as opposed to legal

14   advice) to a Defendant and (2) to whom it is reasonably necessary to disclose the information for this

15   litigation;

16           (b)  Designated House Counsel of the Receiving Party (1) who have no involvement in

17   competitive decision-making for a Defendant, as defined by *U.S. Steel v. United States*, 730 F.2d

18   1465, 1468 n.3 (Fed. Cir. 1984), (2) to whom disclosure is reasonably necessary for this litigation,

19   (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to

20   whom the procedures set forth in paragraph 7.4, below, have been followed;

21           (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

22   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

23   Be Bound" (Exhibit A);

24           (d)  the court and its personnel;

25           (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

26   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

27   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

1        (f)  the Designating Party or its employees, the author or recipient of a document

2    containing the information or a custodian or other person who otherwise possessed or knew the

3    information; and

4        (g)  FTC Commissioners and FTC counsel who have appeared in this action, as well as

5    other Commission employees to whom it is reasonably necessary to disclose the information for this

6    litigation.

7        7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

8    <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.

9        (a)  Unless otherwise ordered by the court or agreed to in writing by the Designating

10   Party, a Party that seeks to disclose to Designated House Counsel any information or item that has

11   been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

12   paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full

13   name of the Designated House Counsel and the city and state of his or her residence, and (2)

14   describes the Designated House Counsel's current and reasonably foreseeable future primary job

15   duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may

16   become involved, in any competitive decision-making and (3) identifies with reasonable

17   particularity the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that

18   the Receiving Party seeks permission to disclose;

19       (b)  A Party that makes a request and provides the information specified in paragraph

20   7.4(a) may disclose the subject Protected Material to the identified Designated House Counsel

21   unless, within 14 days of delivering the request, the Party receives a written objection from the

22   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

23       (c)  A Party that receives a timely written objection must meet and confer with the

24   Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement

25   within seven days of the written objection. If no agreement is reached, the Party seeking to make the

26   disclosure to Designated House Counsel may file a motion as provided in Civil Local Rule 7 (and in

27   compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.

28

1   Any such motion must describe the circumstances with specificity, set forth in detail the reasons

2   why the disclosure to Designated House Counsel is reasonably necessary, assess the risk of harm

3   that the disclosure would entail, and suggest any additional means that could be used to reduce that

4   risk. In addition, any such motion must be accompanied by a competent declaration describing the

5   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

6   confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

7   approve the disclosure.

8          In any such proceeding, the Party opposing disclosure to Designated House Counsel

9   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

10  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

11  Designated House Counsel.

12         7.5     Notwithstanding this Protective Order, the Commission may, subject to  taking

13  appropriate steps to preserve confidentiality, disclose and use "CONFIDENTIAL" or "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items in responding to either:

15  (a) a formal request from either House of Congress or from any committee or subcommittee of

16  Congress, consistent with applicable law, including Sections 6(f) and 21 of the FTC Act, 15 U.S.C.

17  §§ 46(f) and 57b-2; or (b) a federal or state access request pursuant to Commission Rules 4.11(c)

18  and (d), 16 C.F.R. § 4.11(c) and (d).  In such instances, the Commission shall provide the

19  Designating Party with fourteen (14) days prior written notice unless the applicable statute or

20  regulation prohibits providing such notice, in which case the Commission shall comply with the

21  applicable statute or regulation.

22  8.      COMPETITIVE DECISION-MAKING BAR

23         Absent written consent from the Designating Party, any individual who receives access to

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall not be

25  involved in competitive decision-making for a Defendant, as defined by *U.S. Steel v. United States*,

26  730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), relating to the subject matter of the Information or Items

27  accessed by the individual.  This bar shall begin when access to "HIGHLY CONFIDENTIAL –

28

1   ATTORNEYS' EYES ONLY" Information or Items is first received by the affected individual and

2   shall end one (1) year after access to such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3   ONLY" Information or Items is first received by the affected individual.

4   9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

5           LITIGATION

6           If a Party is served with a subpoena or a court order issued in other litigation that compels

7   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  that Party must:

9           (a)  promptly notify in writing the Designating Party. Such notification shall include a copy

10  of the subpoena or court order;

11          (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

12  other litigation that some or all of the material covered by the subpoena or order is subject to this

13  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

14          (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

15  Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a

16  protective order, the Party served with the subpoena or court order shall not produce any information

17  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY" before a determination by the court from which the subpoena or order issued, unless

19  the Party has obtained the Designating Party's permission. The Designating Party shall bear the

20  burden and expense of seeking protection in that court of its confidential material. Nothing in these

21  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

22  disobey a lawful directive from another court.

23  10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

24          LITIGATION

25          10.1    The terms of this Order are applicable to information produced by a Non-Party in this

26  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

27  EYES ONLY." Such information produced by Non-Parties in connection with this litigation is

28

1   protected by the remedies and relief provided by this Order.  Nothing in these provisions should be

2   construed as prohibiting a Non-Party from seeking additional protections.

3          10.2   For the avoidance of doubt, Sections 10.3 and 10.4 do not apply to documents

4   submitted or produced by Non-Parties that are subject to Section 5.4 of this Order.

5          10.3   In the event that a Party is required, by a valid discovery request, to produce a

6   Non-Party's confidential information in its possession, custody or control, and the Party has a

7   contractual or legal obligation not to produce the Non-Party's confidential information, then the

8   Party shall:

9          (a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of

10  the information requested is subject to a confidentiality agreement with a Non-Party;

11         (b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

12  this litigation and the relevant discovery request(s); and

13         (c)  make the information requested available for inspection by the Non-Party.

14         10.4   If the Non-Party fails to object or seek a protective order from this court within

15  fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may

16  produce the Non-Party's confidential information responsive to the discovery request. If the

17  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in

18  its possession or control that is subject to the confidentiality agreement with the Non-Party before a

19  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden

20  and expense of seeking protection in this court of its Protected Material.

21  11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

24  the Receiving Party must immediately (a) notify in writing the Designating Party of the

25  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

26  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

27  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

28

Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: April 27, 2017            /s/  Jennifer Milici
                                 Attorney for Plaintiff Federal Trade Commission


DATED: April 27, 2017            /s/  Gary A. Bornstein
                                 Attorney for Defendant Qualcomm Incorporated

1

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4    DATED: May 1, 2017

5                                              Honorable Nathan_____

6    

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-cv-00220-LHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT B</u>

Kevin Kelly

Kurt Kjelland

Carol Lam

John Scott

Mark Snyder