UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. No. 68, 86, 119 |

Before the Court are the parties' administrative motions to seal portions of Qualcomm Incorporated's ("Qualcomm") motion to dismiss, ECF No. 68; portions of Federal Trade Commission's ("FTC") opposition to Qualcomm's motion to dismiss, ECF No. 86; and portions of Qualcomm's reply, ECF No. 119.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action" (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–1099; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

2

trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* Civ. L.R. 79-5(d)(1).

"Motions to dismiss are typically treated as dispositive motions and are more than tangentially related to the underlying cause of action." *Garrison v. Oracle Corp.*, 2016 WL 7042988, at *2 (N.D. Cal. Feb. 22, 2016). Motions to dismiss can end the litigation. Accordingly, the Court applies the "compelling reasons" standard to the parties' requests to seal the briefs related to Qualcomm's motion to dismiss.

On January 25, 2017, Magistrate Judge Howard Lloyd sealed portions of the Complaint under the "good cause" standard. ECF No. 17. The parties' instant sealing motions request that the Court seal the same allegations sealed by Magistrate Judge Lloyd. *See* ECF No. 68, at 4 ("[T]he portions of Qualcomm's Motion to Dismiss that Qualcomm moves to seal are based on the

3
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

same FTC Complaint paragraphs that have already been sealed"); ECF No. 17 (granting in part and denying in part FTC's motion to seal portions of the complaint). However, as stated above, the Court applies the "compelling reasons" standard, rather than the "good cause" standard, to the parties' instant motions to seal. Accordingly, the allegations that Magistrate Judge Lloyd sealed on January 25, 2017 are not automatically sealable for purposes of the parties' motion to dismiss briefing.

Applying the "compelling reasons" standard, the Court grants in part and denies in part the parties' motions to seal. The Ninth Circuit has held, and this Court has previously ruled, that "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements plainly constitute trade secrets, and are thus sealable. *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Accordingly, to the extent that the motions to seal seek to seal "pricing terms, royalty rates, and guaranteed minimum payment terms," the Court agrees with Qualcomm that compelling reasons exist to seal this information. *Id.* However, several of the parties' sealing requests go further than simply seeking to seal this limited information, and several of the parties' sealing requests seek to seal allegations that are substantially repeated elsewhere in unsealed portions of the Complaint. Qualcomm has not articulated "compelling reasons" to keep these allegations from the public.

Accordingly, the Court GRANTS in part and DENIES in part the motions to seal as follows:

| **Motion to Seal** | **Document to be Sealed** | **Rulings** |
|---|---|---|
| ECF No. 68 | Qualcomm's Motion to Dismiss | DENIED. Qualcomm seeks to seal information that is already in unsealed portions of the Complaint. *See* Compl. ¶¶ 102, 104. Thus, Qualcomm has not shown "compelling reasons" to seal this information. |
| ECF No. 86 | FTC's Opposition to Qualcomm's Motion to Dismiss | DENIED as to Page 1, lines 17–18; Page 2; Page 4, lines 4, 9-13; Page 5; Page 6, lines 2–3; Pages 9, 16–17, 20, 22–23. Qualcomm seeks to seal information that does not meet the "compelling reasons" standard and in |

4
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | | |
|---|---|---|
| | | some instances is already in unredacted portions of the Complaint.<br><br>GRANTED as to Page 1, line 20; Page 4, lines 14–20; Page 6, lines 4–7.  This information constitutes sealable information under the "compelling reasons" standard. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569. |
| ECF No. 119 | Qualcomm's Reply in Support of its Motion to Dismiss | DENIED.  Qualcomm seeks to seal information that does not meet the "compelling reasons" standard and in some instances is already in unredacted portions of the Complaint. |

**IT IS SO ORDERED.**

Dated: June 27, 2017

_____
LUCY H. KOH
United States District Judge