# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF NON-PARTY INTEL CORPORATION'S PROTECTED MATERIALS** |

WHEREAS, on May 1, 2017, the Court entered a Protective Order Governing Confidential Material in the above-captioned case. Docket No. 81 (the "Protective Order"). Section 5.4 of the Protective Order addresses the production in this case of documents produced to the FTC by Non-Parties [1] during the FTC's pre-complaint investigation (the "FTC Investigation"), as well as transcripts of investigational hearings of Non-Parties during the FTC Investigation and other investigative material;

WHEREAS, Intel Corporation ("Intel") produced documents to the FTC during the FTC Investigation, and witnesses affiliated with Intel were questioned by the FTC during investigational hearings, and that material is now requested for production by the FTC under the provisions of Section 5.4 of the Protective Order;

WHEREAS, Intel provided documents and other information to the FTC during the FTC investigation under an expectation of confidentiality, and that material contains highly sensitive

---

[1] Unless otherwise stated, capitalized terms in this Order refer to the defined terms in the Protective Order.

business and trade secrets, the disclosure of which to customers, competitors, or other parties—including Defendant Qualcomm Inc. ("Qualcomm")—would result in significant injury to Intel;

WHEREAS, Section 5.4(b) of the Protective Order invites Non-Parties to seek a protective order from this Court regarding the FTC's production of its confidential information, and Section 10.1 of the Protective Order states that its provisions should not be construed as prohibiting a Non-Party from seeking additional protections for its confidential materials;

WHEREFORE, IT IS HEREBY ORDERED, that the terms of the Protective Order apply to "INTEL MATERIAL" (defined below), except as modified herein.

**A. Definitions**

1. "INTEL MATERIAL" includes: (1) documents produced by Intel to the FTC during the FTC Investigation; (2) transcripts of Intel witnesses'[2] investigational hearing testimony obtained by the FTC during the FTC Investigation; (3) the portions of any other documents in the FTC's possession, custody or control that disclose the substance of such documents or transcripts and produced by the FTC pursuant to Section 5.4 of the Protective Order, and (4) any other Disclosure and Discovery Materials produced by Intel or obtained from Intel or Intel witnesses in this case.

2. "INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: refers to any INTEL MATERIAL that satisfy the requirements of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items in Section 2.9 of the Protective Order.

3. "INTEL PROTECTED MATERIAL" includes: INTEL MATERIAL designed as either CONFIDENTIAL or INTEL HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

**B. Designation of Protected Material**

4. Any INTEL MATERIAL may be designated CONFIDENTIAL in accordance

---

[2] For the purposes of this Supplemental Order, "Intel Witnesses" shall include current and former employees of Intel who offered testimony to the FTC regarding their employment at Intel as part of the FTC's Investigation.

with the terms of the Protective Order, including Section 5.4.

5. Notwithstanding the provisions of Section 5 of the Protective Order, Intel shall designate its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items as "INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY," including without limitation designations made pursuant to Section 5.4(b); otherwise, all provisions governing the manner and timing of the designation of HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY Information or Items apply to the designation of INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

**C.    Access to And Use of Intel Protected Material**

6. Except as modified herein, INTEL MATERIAL designated CONFIDENTIAL pursuant to the Protective Order shall be treated in accordance with the provisions of the Protective Order that govern the treatment of CONFIDENTIAL Information or Items, including without limitation Section 7.

7. Unless otherwise ordered by the Court or permitted in writing by Intel, INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following:

(a) persons who appear on the face of the Protected Material as an author, addressee, or recipient, or who are the custodians of the Protected Material;

(b) Qualcomm's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record (1) who do not provide commercial advice (as opposed to legal advice) to Qualcomm and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(c) The Court and its personnel;

(d) court reporters and their staff, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order;

1        (e)     Experts (as defined in the Protective Order), subject to the provisions and limitations set forth in Section D herein;

(f)     witnesses as permitted in Paragraph 14 of this Order; and

(g)     FTC Commissioners and FTC counsel who have appeared in this action, as well as other Commission employees to whom it is reasonably necessary to disclose the information for this litigation.

8.     Notwithstanding the provisions herein, the FTC may, subject to taking appropriate steps to preserve confidentiality, disclose and use INTEL PROTECTED MATERIAL in responding to either: (a) a formal request from either House of Congress or from any committee or subcommittee of either House of Congress, consistent with applicable law, including Sections 6(f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 57b-2; or (b) a federal or state access request pursuant to Commission Rules 4.11(c) and (d), 16 C.F.R. § 4.11(c) and (d). In such instances, the FTC shall provide Intel with fourteen (14) days prior written notice of such disclosure unless the applicable statute or regulation prohibits such notice, in which case the Commission shall comply with the applicable statute or regulation.

9.     Each person to whom INTEL PROTECTED MATERIAL may be disclosed, and who is required to sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order shall do so, prior to the time such INTEL PROTECTED MATERIAL is disclosed to him or her. Counsel for a Party who makes such a disclosure shall provide the recipient a copy of this Order as well as the Protective Order. Counsel for a Party who makes any disclosure of Protected Material shall retain each original executed acknowledgement and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

**D.    Access by Experts**

10.    Unless otherwise ordered by the Court or agreed to in writing by Intel, a Receiving Party that seeks to disclose to an Expert (as defined in the Protective Order) any information or item that has been designated INTEL HIGHLY CONFIDENTIAL—OUTSIDE

Case No. 5:17-CV-00220-LHK     4     SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF NON-PARTY INTEL CORPORATION'S PROTECTED MATERIALS

ATTORNEYS' EYES ONLY first must make a written request by email to counsel of record for Intel that (1) identifies the general categories of "INTEL HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through declaration, report, or testimony at a deposition or trial, during the preceding five years.[4]

11. A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Receiving Party receives a written objection from Intel. Any such objection must set forth in detail the grounds on which it is based.

12. A Receiving Party that receives a timely written objection from Intel must meet and confer with Intel (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Expert shall be available to meet and confer with Intel regarding any such engagement.

[4] Intel will keep the Receiving Party's written request, and all information disclosed therein, confidential and will not disclose that information to anyone outside of Intel, including any other Party.

Case No. 5:17-CV-00220-LHK　　　　5　　　　SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF NON-PARTY INTEL CORPORATION'S PROTECTED MATERIALS

the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by Intel for its refusal to approve the disclosure. If no agreement is reached, no INTEL HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Item or Information shall be disclosed to the Expert unless or until the Court grants the Receiving Party permission to do so.

13. In any such proceeding, Intel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### E. Use of Protected Material

14. Use of Designated Material at Depositions and During Trial Testimony. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions, hearings and trial and may testify concerning INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, agent, employee and/or designated Rule 30(6)(b) witness of Intel may be examined and may testify concerning INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items;

(b) A former director, officer, agent and/or employee of Intel may be interviewed, examined and may testify concerning INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which he or she has prior knowledge, including any material that refers to matters of which the witness has personal knowledge, which has been produced by the FTC or Intel and which pertains to the period or periods of his or her prior employment with Intel;

(c) Any other witness may be examined at deposition or otherwise testify concerning any document containing INTEL HIGHLY CONFIDENTIAL—OUTSIDE

ATTORNEYS' EYES ONLY Information or Items which appears on its face or from other documents or testimony to have been received from or communicated to that witness as a result of any contact or relationship with Intel, or a representative of Intel; and

    (d)    At deposition, any person other than the witness, his or her attorney(s), and any person qualified to receive INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items under this Order shall be excluded from the portion of the examination concerning such information, unless Intel consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide an "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Order and maintain the confidentiality of INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items disclosed during the course of the examination. In the event that such attorney declines to sign the "Acknowledgment and Agreement to be Bound" prior to the examination, Intel may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such attorney from disclosing INTEL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

15.    Use of Designated Material at Trial or Hearings. INTEL HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items may not be disclosed, directly or indirectly, in an open hearing without prior written consent from Intel. If the disclosing party wishes to obtain that consent from Intel, it should notify Intel's counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and describe the materials to be disclosed with reasonable particularity. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review INTEL HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items remain during the presentation of such material.

16. Filing of Designated Material. The provisions of Civil L.R. 79-5 govern the filing of any INTEL PROTECTED MATERIAL, including without limitation the process by which Intel shall receive notice of said filing, and the process by which Intel must establish that the filed material is sealable

17. This Supplemental Protective Order incorporates by reference all provisions of the Protective Order entered by this Court on May 1, 2017 (Docket No. 81) to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and the May 1, 2017 Protective Order, in which case this Supplemental Protective Order shall govern.

IT IS SO ORDERED.

Dated: ~~May __, 2017~~ June 28, 2017



Honorable
United

Judge Nathanael M. Cousins

GRANTED