Jennifer Milici, D.C. Bar No. 987096
Wesley G. Carson, D.C. Bar No. 1009899
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Cal. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
*jmilici@ftc.gov*

Lin W. Kahn, Cal. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
*lkahn@ftc.gov*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>       Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S AND PLAINTIFF FEDERAL TRADE COMMISSION'S JOINT DISCOVERY STATEMENT**<br><br>Courtroom: 7, 4th Floor<br>Judge:     Hon. Nathanael M. Cousins |

Defendant Qualcomm Incorporated ("Qualcomm") and Plaintiff Federal Trade Commission ("FTC") hereby submit this joint statement.  The parties have met and conferred by telephone six times, but have been unable to reach agreement on the issues addressed herein.[1]

**I.  Qualcomm's Position**

On April 19, 2017, Qualcomm requested that the FTC produce all documents that third parties had submitted to the FTC during its pre-complaint investigation of Qualcomm.  The FTC objects to producing, *inter alia*: (1) "several hundred" documents that third parties provided *to the FTC*, simply because they were also submitted to certain foreign agencies ("Dual Submissions") that the FTC claims now object to production; and (2) advocacy materials that third parties submitted to the FTC ("Advocacy Documents").  Qualcomm seeks to compel the FTC to produce all Dual Submissions and Advocacy Documents, and requests that the Court deny the FTC's request for a protective order barring Qualcomm from seeking Advocacy Documents from third parties.  In both cases, the relevance of the documents is not in dispute, and denying access to the documents curtails Qualcomm's ability to mount its defense.

A.      Dual Submissions

The FTC does not dispute the relevance of the Dual Submissions.[2]  Nevertheless, although the authors of the documents have not objected, the FTC is withholding the documents based on general concerns expressed by two foreign agencies.[3]  Fundamental fairness requires that Qualcomm be provided these documents, which were submitted directly to the FTC by their authors, and which the FTC reviewed and relied upon in its investigation, so that Qualcomm has a fair opportunity to present its defense, discover exculpatory evidence, and confront its accusers.

The FTC's appeal to "comity" to withhold relevant documents submitted by third parties to a U.S. agency is untenable, and none of the cases cited by the FTC suggests otherwise.  The FTC relies on *Société Nationale Industrielle Aérospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), which addressed the scope of discovery from parties located *outside* the United States; here, Qualcomm seeks discovery directly from a U.S. agency that is a party to the litigation.  The FTC's other cases relate to documents that were previously submitted *only* in foreign proceedings.[4]  There is no case that sanctions the FTC's effort to withhold documents that were produced directly to the FTC during a U.S. investigation, during litigation that the FTC itself has initiated.[5]  Qualcomm's right to defend itself in this U.S. action

---

[1] See correspondence annexed to the Declarations of Yonatan Even ("Even Decl."), dated July 18, 2017, and Jennifer Milici ("Milici Decl."), dated July 18, 2017.

[2] Indeed, the FTC sought Qualcomm's own foreign submissions during its pre-complaint investigation, and in the multi-district litigation related to this action, Judge Koh ordered Qualcomm to produce these foreign submissions to the consumer plaintiffs.  (*See* Case No. 17-md-02773-LHK, Dkt. 36.)

[3] Notably, the FTC is withholding these documents despite its obligation under this Court's order to produce "promptly" "[a]ny document or portion thereof submitted or produced to the FTC by a Non-Party . . . [i]f the Non-Party fails to seek a protective order from this court".  (Dkt. 81, at § 5.4.)  No foreign agency or other third party has sought a protective order preventing production of any Dual Submission.

[4] *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2014 WL 6602711, at *1 (N.D. Cal. Nov. 20, 2014) (non-public European Commission decision sought from party to European proceedings, when the European Commission had refused to disclose); *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1080-83 (N.D. Cal. 2007) (plaintiff sought confidential communications between defendant and European Commission).

[5] The third parties' production of the Dual Submissions to the FTC affects more than the documents' location.  It raises basic issues of fairness and due process.  The FTC had the opportunity to consider these documents in

and ability to take discovery on a level playing field with the FTC requires access to materials the FTC reviewed in connection with its investigation—regardless of whether those materials were also submitted to a foreign agency.

The FTC contends that Qualcomm has no need for the Dual Submissions because it does not intend to rely on them in this litigation, and they are not "critical". But *Qualcomm* may want to rely on them or view them as "critical", as they may contain or lead to the discovery of exculpatory material, may impeach testimony from the submitting third party or may lead to other admissible evidence. The FTC cannot gerrymander the record by disclaiming an intent to rely on certain materials. If that were the rule, the FTC could withhold any documents damaging to its case by simply saying it will not rely on them.

Finally, the FTC points to general concerns raised by two foreign agencies (*see* Milici Decl., Exs. 3, 4) regarding future cooperation by industry participants with these agencies' investigations.[6] But it is the industry participants whose cooperation these agencies seek that provided the materials to the FTC, knowing the FTC's investigation may result in U.S. litigation and discovery. Thus, when weighed against Qualcomm's right to defend itself, the generalized concerns raised by foreign agencies cannot justify the concealment of relevant documents submitted directly to, reviewed by and potentially used by, the FTC.

B.      Advocacy Documents

The FTC also does not dispute that the Advocacy Documents are relevant.[7] Instead, the FTC is relying on the "informant" privilege to withhold them. That privilege does not apply.

The informant privilege allows the government to withhold information where disclosure would undermine a credible need to conceal "'the identity of persons who furnish information of violations of law to officers charged with enforcement of that law' from 'those who would have cause to resent the communication.'" *In re Perez*, 749 F.3d 849, 855 (9th Cir. 2014) (quoting *Roviaro v. United States*, 353 U.S. 53, 59-60 (1957)). Where the identities of the submitting third parties have already been disclosed, the privilege does not apply. *United States v. Reyes*, No. 5:15-cr-00145-EJD, 2016 WL 520866, at *2 (N.D. Cal. Feb. 10, 2016) (quoting *Roviaro*, 353 U.S. at 60). Here, the FTC already disclosed a list of the entities that provided it with documents during the investigation.[8] (*See, e.g.*, Even Decl., Ex. 1 at 2.) The FTC's purported concern that third-party submitters in this case face retaliation is pure conjecture. The relevant third parties are large corporations, many of which dwarf Qualcomm's size. And several companies have been publicly and vocally challenging Qualcomm on the same issues in a variety of forums for many years—including in *amicus* briefs filed in this case—without any fear of retaliation.[9] The FTC's conjecture that Qualcomm might suddenly begin retaliating if it learned that these companies had *also* complained to the FTC cannot justify withholding relevant

---

forming its views, crafting its claims, seeking additional discovery and planning its litigation strategy. Qualcomm should be able to consider these documents and seek any exculpatory evidence mentioned therein, in conducting its defense.

[6] Neither foreign agency is aware of the exact documents being withheld. And the KFTC's letter does not outright object to disclosure, but seeks merely to "reasonably restrict access". (Milici Decl., Ex. 3 at 2.) Any concern raised by these agencies can be addressed through designations under the Protective Order.

[7] The Advocacy Materials are particularly relevant because the FTC's allegations expressly rely on third party complaints and advocacy. (*See, e.g.*, Compl. ¶¶ 76, 86.)

[8] The FTC's reliance on *Hodgson* and *Martin*, *see infra* note 23, is misplaced. Both cases dealt with individuals in FLSA investigations, not large corporations that have been challenging the party seeking disclosure for years.

[9] These include Apple, Huawei, Intel, LG, MediaTek, NVIDIA, and Samsung. (*See* Even Decl. ¶¶ 3-9.)

documents.[10] Moreover, even if the "informants" were not already known to Qualcomm, disclosure would be warranted. The Supreme Court in *Roviaro* recognized that even where the safety of an informant in a drug deal was concerned, the privilege could not hold where the informant was a percipient witness to the events. "[F]airness dictates that '[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused . . . the privilege must give way.'" *Reyes*, 2016 WL 520866, at *2 (quoting *Roviaro*, 353 U.S. at 60-61). Here, the authors of the submissions are speaking to their direct experiences with Qualcomm. Both the identity of the submitting parties—who the FTC may well call as key fact witnesses—and the content of their prior statements, as reflected in the submissions, are necessary and important to Qualcomm's preparation of its defense.

The FTC again claims that disclosure is unnecessary because the FTC does not intend to rely on the Advocacy Documents. But as noted above, the FTC already *has* relied on these documents to guide its investigation and to inform its discovery efforts and litigation strategy.[11] And the FTC presumably intends to rely on testimony of the purported informants at trial, which it should not be allowed to do without disclosing its prior communications with them. A party may not withhold relevant documents created by key witnesses by saying it will not rely on them. Even if the FTC does not wish to use the documents, Qualcomm may wish to do so and is entitled to discover them.[12]

## II. The FTC's Position

The FTC has already produced to Qualcomm more than 370,000 third-party ordinary-course business documents. The FTC continues to review other documents and forthrightly stated in its Objections and Responses that it would withhold, *inter alia,* (1) certain exchanges between third parties and foreign agencies concerning investigations into Qualcomm's conduct ("Foreign Submissions"); and (2) documents that reveal the identity of government informants ("Informant Submissions"). Considerations of comity protect Foreign Submissions from discovery where, as here, a foreign government objects to their production. Informant Submissions are protected from disclosure under the informant's privilege. The FTC does not intend to rely on any withheld document during the litigation and Qualcomm cites no authority for the proposition that the FTC's review of materials during its investigation waives all protections from disclosure in subsequent litigation.[13] Indeed, if governmental review of information constituted waiver, the informant's privilege would have no application at all. The FTC respectfully requests that this Court deny Qualcomm's request to compel discovery from the FTC and enter the protective order attached as Exhibit 10, designed to prevent Qualcomm from seeking in discovery documents that would necessarily identify government informants.

---

[10] *Cf. FTC v. Sysco Corp.*, 83 F. Supp. 3d 271, 275 (D.D.C. 2015) (ordering FTC to disclose identities of industry-participant complainants because concerns about retaliation were wholly speculative).

[11] The FTC's reliance on *In re Androgel*, *infra* note 13, is misplaced. In *Androgel*, the FTC argued it would not rely on the withheld documents because they were not relevant; here, relevance is not disputed.

[12] The FTC's proposed protective order overreaches by prospectively barring Qualcomm, on a blanket basis, from seeking certain information on the basis of a *qualified* privilege, which requires fact-specific analysis. A prior FTC effort to obtain such a protective order regarding the informant's privilege was denied for this reason. *See In re Pool Prod. Distrib. Mkt. Antitrust Litig.*, MDL No. 2328, 2013 WL 2456217, at *5-6 (E.D. La. June 5, 2013).

[13] *See In re Androgel Antitrust Litig. (No. II)*, No. 1:09-CV-955-TWT, 2015 WL 2193777, at *4 (N.D. Ga. May 11, 2015) (refusing to compel production where the documents will not be "used as evidence to establish the elements of [the FTC's] claims"). The FTC is not selectively asserting any protection and intends to withhold from production *all* documents protected from disclosure as Foreign Submissions or Informant Submissions.

A. Foreign Submissions

The FTC intends to withhold third-party exchanges with the European Commission ("EC") and Korea Fair Trade Commission ("KFTC") made in connection with investigations into Qualcomm's conduct because both agencies object to disclosure of such materials to Qualcomm. In these circumstances, courts apply principles of comity to protect the interests of foreign governments.[14] When evaluating comity concerns, courts apply a multi-factor balancing test that considers: (1) the importance of the documents to the litigation; (2) the degree of specificity of the requests; (3) whether the information originated and is located in the United States; (4) alternative means of securing the information; and (5) balancing the United States' interests with the foreign sovereign's interest in maintaining confidentiality. *Aérospatiale*, 482 U.S. at 544 n. 28.

Qualcomm argues that Foreign Submissions must be produced to Qualcomm solely because they were produced to the FTC during its investigation.[15] But production to the FTC, an antitrust enforcement agency, cannot possibly waive the objections of foreign governments to the disclosure of materials to Qualcomm, the target of their ongoing proceedings. This court must consider the objections of foreign governments under the multi-factor comity test, regardless of where the documents are found. *See Flat Panel*, 2011 WL 13147214, at *5.

In this case, the balance of factors, particularly factors (1), (4), and (5), counsel heavily against disclosure. First, courts are "less inclined to ignore a foreign state's concerns where the outcome of litigation 'does not stand or fall on the present discovery order….'" *Rubber Chemicals*, 486 F. Supp. 2d at 1082. The FTC's complaint concerns *Qualcomm's* conduct and no claim or defense turns upon the contents of communications between third parties and foreign governments. The Foreign Submissions are not critical to the case.

Second, to the extent that the documents contain factual information, those facts are discoverable through other means and "there is little to no reason to offend foreign law." *Rubber Chemicals*, 486 F. Supp. at 1083. Qualcomm already has access to ordinary-course business documents and is actively seeking further discovery directly from industry participants.

Third, both the EC and KFTC object to the disclosure of the Foreign Submissions to Qualcomm. Specifically, the EC has expressed concerns that disclosure of Foreign Submissions would "undermine DG COMP's law enforcement efforts with respect to European Union antitrust law," both in its current investigations of Qualcomm and in future investigations. *See* Milici Decl. ¶ 11, Ex. 4 at 3.[16] Similarly, the KFTC is "very much concerned" about disclosure, as the KFTC relies on voluntary cooperation by third parties, which would be jeopardized by disclosure of these documents to the targets of investigations. *See* Milici Decl. ¶ 10, Ex. 3 at 3. Because these interests are the "most important" factor when evaluating comity concerns, such objections weigh strongly against disclosure. *Flat Panel*, 2011 WL 13147214, at *5.[17]

B. Informant Submissions

---

[14] *See, e.g., Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 543 n.27 (1987); *see also, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL 1819, 2011 WL 13147214, at *6 (N.D. Cal. Apr. 26, 2011); *In Re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1084 (N.D. Cal. 2007).
[15] The PO in no way prohibits the FTC from protecting the interests of foreign agencies. Indeed, by stipulating to the entry of the PO, "no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any grounds not addressed in [the PO]." Dkt. 81, at § 13.2.
[16] The EC explains that the protective order in this case would not "sufficiently defend [the EC's] interests." *Id*.
[17] *Cf. In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1042, 1045 (N.D. Cal. 2016) (denying Qualcomm request for KFTC investigation documents under 28 U.S.C. § 1782 due in part to comity concerns).

The FTC has produced to Qualcomm third-party documents and testimony provided in response to compulsory process issued in the FTC's pre-complaint investigation. The FTC, however, has not produced documents that would reveal which companies voluntarily expressed a view that Qualcomm engaged in anticompetitive conduct.[18] Protection of that information is the purpose of the informant's privilege, which permits the government "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."[19] This protection allows the flow of information to the government and "encourages such communications by preserving the informant's anonymity" and minimizing fear of reprisals.[20] The privilege "protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant."[21]

Informants who advocated to the FTC that Qualcomm engaged in anticompetitive conduct expressed concerns about reprisals should their advocacy become known. *See* Ex. 9 ¶¶ 13-14 (Decl. of Markus H. Meier) ("Meier Decl."). Their concerns are acute here, given the nature of the FTC's claims, including that Qualcomm is a monopolist that can cut customers off from supply of a critically important input.[22] ECF No. 1, ¶¶ 80, 83, 86. To facilitate the provision of this information, FTC staff gave assurances that they would make all appropriate efforts to protect the confidentiality of their voluntary submissions. Meier Decl. ¶ 13.

The privilege has not been waived. Qualcomm's knowledge of the identities of companies that have submitted documents to the Commission in response compulsory process, or to requests made in lieu of process, does not reveal which informants voluntarily expressed a view to the FTC that Qualcomm engaged in anticompetitive conduct.[23] Similarly, that Qualcomm believes it has guessed the identity of informants based on participation in other investigations does not obviate the privilege.[24]

Qualcomm has not demonstrated a "compelling need for the information" to overcome the government's interest in confidentiality.[25] The FTC does not intend to rely on Informant Submissions in this litigation. *See* Milici Dec. ¶¶ 14, 15, Ex. 5 at 3; Ex. 6 at 4-5. Further, Qualcomm has obtained and can continue to obtain factual evidence relevant to claims and defenses in this case without compromising the identities of the Commission's informants.[26]

---

[18] In certain circumstances, even the identities of third parties that cooperated with a government investigation by responding to compulsory process may be protected by the informant's privilege. *See In re Pool Prod. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2013 WL 2456217, at *4, *6 (E.D. La. June 5, 2013).

[19] *Roviaro v. United States*, 353 U.S. 53, 59 (1957).

[20] *United States v. Sanchez*, 988 F.2d 1384, 1391-92 (5th Cir. 1993). The government need not provide evidence of the likelihood of retaliation and may claim the privilege as a matter of right. *See, e.g., Dole v. Local 1942, Int'l Bhd. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 372 (7th Cir. 1989).

[21] *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006); *see also Solis v. Seafood Peddler of San Rafael, Inc.,* No. 12-CV-0116 PJH (NC), 2012 WL 12547592, at *3 (N.D. Cal. Oct. 16, 2012).

[22] *FTC v. Sysco Corp.*, 83 F. Supp. 3d 271 (D.D.C. 2015) does not even address the informant's privilege. In *Sysco*, defendants sought to de-designate confidential sworn declarations from third parties already produced to counsel for the defendant to "test the witnesses' statements against" defendant employees' factual knowledge. *Id*. at 273.

[23] *See Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972); *Martin v. Albany Bus. Journal, Inc.*, 780 F. Supp. 927, 940–41 (N.D.N.Y. 1992).

[24] *See United States v. Tzannos*, 460 F.3d 128, 140 (1st Cir. 2006).

[25] *Perez v. Kazu Constr., LLC*, No. 16-cv-00077 ACK-KSC, 2017 WL 628455, at *5-*6 (D. Haw. Feb. 15, 2017) (citing *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990)).

[26] *Roviaro* and *Reyes*, both criminal cases, are inapposite on the issue of whether Qualcomm's purported need should overcome the privilege. Although the informant's privilege applies in both the criminal and civil context, it is "stronger" in civil cases where constitutional rights guaranteed to criminal defendants do not apply. *In re Kleberg Cty., Tex.*, 86 Fed. Appx. 29, 32 (5th Cir. 2004).

Dated: July 18, 2017

          Respectfully submitted,

          FEDERAL TRADE COMMISSION,

               */s/ Jennifer Milici*
          Jennifer Milici
          Wesley G. Carson
          J. Alexander Ansaldo
          Joseph R. Baker
          Elizabeth A. Gillen
          Federal Trade Commission
          600 Pennsylvania Avenue, N.W.
          Washington, D.C. 20580
          (202) 326-2912; (202) 326-3496 (fax)
          jmilici@ftc.gov

          *Attorneys for Federal Trade Commission*

          CRAVATH, SWAINE & MOORE LLP,

               */s/ Gary A. Bornstein*
                  Gary A. Bornstein
                  Yonatan Even

          Worldwide Plaza
             825 Eighth Avenue
                New York, NY 10019
                    Tel: (212) 474-1000
                      Fax: (212) 474-3700
                          gbornstein@cravath.com
                          yeven@cravath.com

          Richard S. Taffet
          MORGAN, LEWIS & BOCKIUS LLP
             101 Park Avenue
                New York, NY 10178-0060
                    Tel: (212) 309-6000
                      Fax: (212) 309-6001
                          richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

## **FILER'S ATTESTATION**

I, Wesley G. Carson, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories of this document have concurred in this filing.

*/s/ Wesley G. Carson*