CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)
825 Eighth Avenue
New York, New York  10019-7475
Telephone:   (212) 474-1000
Facsimile:   (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, Ca 94111-1809
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
101 Park Avenue
New York, New York  10178-0060
Telephone:   (212) 309-6000
Facsimile:   (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC  20004-2541
Telephone:   (202) 739-3000
Facsimile:   (202) 739 3001

MORGAN, LEWIS & BOCKIUS LLP
Donn P. Pickett (SBN 72257)
Geoffrey T. Holtz (SBN 191370)
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Telephone:   (415) 442-1000
Facsimile:   (415) 442-1001

Attorneys for Defendant,
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, a Delaware corporation, <br><br> Defendant. <br><br><br> IN RE: QUALCOMM ANTITRUST LITIGATION <br><br> ALL ACTIONS | Case No. 5:17-cv-00220-LHK-NMC <br><br> Case No. 5:17-md-02773-LHK-NMC <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES** |

# NOTICE OF MOTION

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

Defendant Qualcomm Incorporated ("Qualcomm") respectfully requests that the Court approve its request for international judicial assistance in procuring evidence from foreign third parties ZTE Corporation ("ZTE"), Xiaomi Communications Co., Ltd. ("Xiaomi"), Huawei Device Co., Ltd. ("Huawei"), Lenovo Group Ltd. ("Lenovo"), and FIH Mobile Ltd. ("Foxconn") (collectively, the "China Third Parties"). This motion is based upon this Notice of Motion, the Statement of Relief, the accompanying Memorandum of Points and Authorities, and the Declaration of Geoffrey T. Holtz ("Holtz Decl.") submitted in support of this Motion.

Qualcomm conferred with counsel for the Federal Trade Commission ("FTC"). (Holtz Decl. ¶ 10.) The FTC stated its intent to object to certain of the requests. (Holtz Decl. ¶ 10, Ex. H.) Qualcomm submits this Motion with a stipulation by the parties to abbreviate the briefing and have the Court rule on the papers — unless the Court determines otherwise — to conserve the Court's resources and efficiently resolve any objections given the short discovery timetable.

# STATEMENT OF RELIEF

Qualcomm respectfully requests that the Court sign and affix its seal to the accompanying Letters of Request, and return the same with original signatures and seals to Qualcomm's counsel for forwarding to the appropriate Judicial Authority of China.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), 23 U.S.T. 2555, 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), Qualcomm respectfully moves the Court for the issuance of Letters of Request to obtain evidence consisting of documents from the China Third Parties. These foreign third-parties possess documents potentially to be used at trial in support of Qualcomm's defenses to the FTC's allegation that Qualcomm violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), and to the putative class plaintiffs' allegations that Qualcomm violated federal and state antitrust and consumer protection laws. Accordingly,

1

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC

DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

Qualcomm respectfully requests that the Court grant this Motion and issue Letters of Request on behalf of Qualcomm for transmittal to the appropriate Judicial Authority of China pursuant to the Hague Convention.

**II.     FACTUAL BACKGROUND**

The FTC asserts that Qualcomm has violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). The putative class plaintiffs assert that Qualcomm has violated federal and state antitrust and consumer protection laws. The issues in this litigation relate to, among other things: cellular communications standards, including but not limited to CDMA, WCDMA, and LTE; licensing of cellular standard essential patents to practice the relevant cellular standards, including license agreements entered into between Qualcomm and certain of the China Third Parties, and the potential effect (if any) of such license agreements on competition in the sale of certain baseband processors, including by one of the China Third Parties.

In support of its defenses to the FTC's and putative class plaintiffs' claims, Qualcomm has been diligently pursuing, and will continue to pursue, discovery from the FTC, the putative class plaintiffs, and third parties located outside China. Qualcomm also seeks evidence from the China Third Parties concerning the licensing and chip supply that are the subject of the FTC's complaint and the class complaints. Specifically, the China Third Parties are either licensees and actual or potential baseband processor customers of Qualcomm, or competitors of Qualcomm in the sale of baseband processors. Each of the China Third Parties is identified in the FTC's Initial Disclosures, dated April 12, 2017, as possessing relevant information that the FTC may use to support its claims. (Holtz Decl., Ex. A.)

The Letters of Request that are the subject of this Motion, attached hereto as Holtz Decl., Exs. C-G, solicit assistance from the appropriate Judicial Authority of China in obtaining evidence from the China Third Parties to be used at trial.

Each of the China Third Parties is headquartered in the People's Republic of China. (Holtz Decl. ¶ 4, Ex. A.) Based on an investigation and in the course of Qualcomm's business interactions with some of the China Third Parties, and its understanding of the business of other China Third Parties, it is Qualcomm's belief that relevant evidence is located at the China Third

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES

Parties' respective headquarters in China. Many of these documents may be outside the custody, possession, or control of any related U.S.-based entities of the China Third Parties, thus necessitating foreign judicial assistance.

The People's Republic of China is a party to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil and Commercial Matters. *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82; https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/china.html.

### III. ARGUMENT

United States District Courts have inherent authority to issue letters of request and letters rogatory. *See* 28 U.S.C. § 1781; Fed R. Civ. P. 28(b); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at *1-*2 (N.D. Cal. May 17, 2012) (granting motion for issuance of letters rogatory seeking discovery from a foreign entity).

Both the United States and the People's Republic of China are parties to and are bound by the Hague Convention, which authorizes the issuance of a letter request from a judicial tribunal in the United States to the designated authority in China. *See* Hague Evidence Convention, Ch. I, Art. 1 ("In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 533 (1987).

As the China Third Parties are not parties to this action, Letters of Request through the Hague Convention are the appropriate manner of receiving evidence from the China Third Parties. *See Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *2, *7 (S.D. Cal. Jan. 14, 2013) (granting motion to issue letters of request under Hague Convention for documents that cannot be obtained from a party); *S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *4 (N.D. Cal. Mar. 16, 2009) (granting a motion to issue letters of request to a foreign non-party to the litigation); *Barnes & Noble, Inc. v. LSI Corp.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES

No. C 11-02709 EMC LB, 2013 WL 812331, at *2 (N.D. Cal. Mar. 5, 2013) (holding that letters rogatory are necessary and proper where the subject of the letters were non-parties residing in a foreign country); *Evanston Ins. Co. v. OEA, Inc.*, No. CIV-21505, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006) (issuing letters rogatory under the Hague Convention).

Letters of Request should be issued unless good cause is otherwise shown. *Evanston*, 2006 WL 1652315, at *2. "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery nor will it attempt to predict whether that evidence will actually be obtained." *Barnes & Noble*, 2013 WL 812331, at *2. Letters of request and letters rogatory need only be consistent with the liberal standards of Federal Rule of Civil Procedure 26. *See Barnes & Noble v. LSI Corp.*, No. C 11–02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012) ("A court's decision whether to issue a letter rogatory . . . require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure."). As such, courts regularly rule in favor of the litigants' interests in obtaining foreign discovery to develop fully the factual record for U.S. litigation if the documents sought are sufficiently relevant to the nature of the litigation. *See, e.g.*, *Multimedia Patent Trust v. Apple Inc.*, No. 10-cv-2618-H, 2012 WL 12868304, at *2 (S.D. Cal. Jul. 30, 2012).

Plaintiffs' complaints make clear that third-party discovery is required for Qualcomm to develop its legal and factual arguments. (Dkt. No. 1.) Plaintiffs' allegations against Qualcomm make obtaining discovery from multiple participants in the cellular communications industry critical to assess the antitrust issues raised in these actions. This need is highlighted by the FTC's Initial Disclosures, which lists 44 non-parties to this action, of which 25 are headquartered outside the United States, including the five China Third Parties. (Holtz Decl. ¶ 4, Ex. A.)

All parties agree that the China Third Parties are likely to have evidence relevant to this action, and so there is no reason (let alone good cause) militating against foreign discovery. *Evanston*, 2006 WL 1652315, at *2; (Holtz Decl. ¶ 4, Exs. A and B). Furthermore, the discovery requests attached to the Letters of Request ask that a Chinese court compel the China Third Parties respectively to produce documents described in the Letters, which have been

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES

particularized to refer to identified custodians and specific agreements at issue, as set forth in the Letters.  The requests set forth in the Letters seek relevant evidence relating to license agreements and licensing negotiations with Qualcomm and other patent holders, modem chip negotiations and sales by or to these entities, and competition in the supply of modem chips that is the subject of the FTC's complaint and the purported class plaintiffs' complaints.  Accordingly, this information is important to these actions as it sheds light on the negotiation of licensing agreements and the sale of baseband processors that are at issue in the complaints and plainly falls within the ambit of the Federal Rules.

Because the information is believed to be stored by the China Third Parties in the People's Republic of China, Qualcomm may be unable to secure the requested discovery from these China Third Parties through a subpoena pursuant to Federal Rule of Civil Procedure 45.  While Qualcomm continues to pursue other avenues of securing the requested evidence, the China Third Parties have objected to such efforts, and Qualcomm is concerned that the only practicable method of obtaining the information is through Letters of Request to the appropriate Judicial Authority of China.  Qualcomm respectfully urges this Court to exercise its discretion to seek international judicial assistance to obtain documents necessary for Qualcomm to develop fully the factual records in these actions.  *Barnes & Noble*, 2012 WL 1808849, at *1-2.

## IV.   CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant Qualcomm's motion, sign and affix its seal to the Letters of Request attached hereto, and return the same with original signatures and seals to Qualcomm's counsel for forwarding to the Appropriate Judicial Authority of China.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES

| | |
|---|---|
| Dated:  August 10, 2017 | Respectfully submitted,<br><br>CRAVATH, SWAINE & MOORE, LLP<br><br><br>              */s/ Gary A. Bornstein*              <br>Gary A. Bornstein<br>Yonatan Even<br><br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019<br>Tel:    (212) 474-1000<br>Fax:    (212) 474-3700<br>gbornstein@cravath.com<br>yeven@cravath.com<br><br>Robert A. Van Nest<br>Asim M. Bhansali<br>Eugene M. Paige<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, Ca 94111-1809<br>Telephone:    (415) 391-5400<br>Facsimile:    (415) 397-7188<br>rvannest@kvn.com<br>abhansali@kvn.com<br>epaige@kvn.com<br><br>Richard S. Taffet<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY  10178-0060<br>Tel:    (212) 309-6000<br>Fax:    (212) 309-6001<br>richard.taffet@morganlewis.com<br><br>Willard K. Tom<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Ave. NW<br>Washington, DC  20004-2541<br>Tel:    (202) 739-3000<br>Fax:    (202) 739 3001<br>willard.tom@morganlewis.com |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

### **FILER'S ATTESTATION**

I, Geoffrey T. Holtz, am the ECF user whose identification and password are being used to file this Motion to Approve Request for International Judicial Assistance.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. AND MO. TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
IN PROCURING EVIDENCE FROM CHINESE THIRD PARTIES