# Exhibit 2



**EUROPEAN COMMISSION**
DG Competition

**The Director-General**

Brussels, 16/08/2017
COMP/C3/NB/tfd/(2017) 077202

**To:**

**Honourable Nathanael Cousins**
**Magistrate Judge**
United States District Court for the
Northern District of California

**Via Federal Trade Commission**
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
United States of America
antitrust@ftc.gov

Subject:    **Request for discovery of certain documents in the FTC's file before the United States District Court for the Northern District of California in the case *In re Federal Trade Commission vs Qualcomm Incorporated***

Dear Judge Cousins,

I refer to Mr. Guillaume Loriot's letter of 26 June 2017 to the Federal Trade Commission (FTC) which I understand was produced to you by the FTC concerning the ongoing discovery process in relation to the complaint lodged by the FTC ("the FTC complaint") against Qualcomm Incorporated ("Qualcomm") before your Court.

I understand that you have asked for additional information on DG COMP's position in relation to the potential disclosure to Qualcomm via discovery of confidential versions of certain third party responses to requests for information issued by DG COMP in the framework of two ongoing antitrust proceedings (AT.40220 – Qualcomm (Exclusivity payments) and AT.39711 – Qualcomm (Predation)). These documents are hereinafter referred to as the "RFI Responses" and have been obtained by the FTC.

I understand that a Production Request before the Court seeks to obtain via discovery the disclosure to Qualcomm of confidential versions of the RFI Responses. These are documents that have been created by third parties specifically for the purposes of the two

Commission européenne, DG COMP GREFFE ANTITRUST, 1049 Bruxelles, BELGIQUE
Europese Commissie, DG COMP GREFFE ANTITRUST, 1049 Brussel, BELGIË

Tel: +32 229-91111. Fax: +32 229-50128. E-mail: COMP-GREFFE-ANTITRUST@ec.europa.eu.

ongoing DG COMP antitrust investigations referred to above. This letter outlines in more detail why DG COMP opposes the provision of confidential versions of the RFI responses to Qualcomm via discovery.

First, in the specific context of DG COMP's ongoing Qualcomm investigations referred to above, the disclosure of such information could harm the third parties that have provided the RFI Responses in our two above-mentioned ongoing antitrust proceedings. These third parties have submitted the RFI Responses believing that Qualcomm would be granted access only to non-confidential, and not the confidential, versions of documents included in the case file[1] and therefore, that their legitimate confidentiality claims would be safeguarded. Obliging the provision of the confidential versions in another jurisdiction would undermine and circumvent their specific confidentiality interests that have been accepted by the European Commission, and which have been subject to an extensive procedure in this regard. On this point, I should stress that this determination was made following a careful analysis of all confidentiality claims first by DG COMP, and subsequently confirmed by the competition Hearing Officer of the European Commission, who is not part of DG COMP and acts as an independent arbiter when a dispute about the effective exercise of procedural rights between parties and DG COMP arises in antitrust and merger proceedings. More details on the role of the Hearing Officer can be found at:
http://ec.europa.eu/competition/hearing_officers/index_en.html

As Mr. Loriot indicated in his letter to the FTC of 26 June 2017, information which has been accepted to be confidential is protected against disclosure under the laws of the European Union and we are therefore under a duty to act accordingly.[2] I should add that the fact that the third parties in question have provided the confidential versions of the RFI responses to the FTC, a government body, does not remove our interest in protecting disclosure of the information in question to Qualcomm, which the respective third parties have maintained is confidential vis-à-vis Qualcomm and where, as outlined above, the European Commission has determined that this is indeed the case.

Second, more generally, the disclosure of such information is likely to harm DG COMP's law enforcement capabilities. In this regard, information provided by third parties is often of significant value in DG COMP's antitrust investigations. If third parties, both inside

---

[1]   Only exceptionally, access to confidential information may be granted to a limited number of external advisors by means of so-called "non-disclosure agreements" or "data room procedures".

[2]   See Article 339 of the Treaty on Functioning of the European Union ("*The members of the institutions of the Union, the members of committees, and the officials and other servants of the Union shall be required, even after their duties have ceased, not to disclose information of the kind covered by the obligation of professional secrecy, in particular information about undertakings, their business relations or their cost components*") and Article 28 of Council Regulation (EC) No 1/2003 of 16 December 2002 on the implementation of the rules on competition laid down in Articles 81 and 82 of the Treaty ("*Without prejudice to the exchange and to the use of information foreseen in Articles 11, 12, 14, 15 and 27, the Commission and the competition authorities of the Member States, their officials, servants and other persons working under the supervision of these authorities as well as officials and civil servants of other authorities of the Member States shall not disclose information acquired or exchanged by them pursuant to this Regulation and of the kind covered by the obligation of professional secrecy. This obligation also applies to all representatives and experts of Member States attending meetings of the Advisory Committee pursuant to Article 14*").

and outside the European Union, know *ex ante* that there is a possibility that information that has been accepted to be confidential can be disclosed in another jurisdiction, in effect making their valid confidentiality claim moot, there is a very real prospect that the willingness of third parties to provide meaningful information in DG COMP's investigations would be reduced. This in turn would reduce DG COMP's ability to investigate possible breaches of European Union antitrust law.

As outlined in Mr. Loriot's letter to the FTC of 26 June 2017, our concerns are not alleviated by the fact that any disclosure to Qualcomm might be subject to a protective order. As Mr. Loriot mentioned, and as has already been recognised by US Courts,[3] a protective order would not sufficiently defend DG COMP's interests in the protection of confidentiality given that DG COMP would be unable to control: (1) the individuals that would receive access to the documents; (2) the conditions under which access would be granted; (3) the measures to sanction potential breaches of these conditions and (4) the grant of any derogations to the protective order, allowing the wider disclosure of the documents. In the same vein, any such disclosure would go beyond the nature and scope of disclosure to which the third parties in question had agreed.

In conclusion, on the basis of the above, DG COMP opposes the disclosure of the confidential versions of any relevant RFI responses to Qualcomm. As stated in Mr. Loriot's letter of 26 June 2017, this letter should not be construed as being in support of any particular party in relation to the complaint before the Court.

Please do not hesitate to contact me should you require any additional information.

Yours sincerely,

Johannes LAITENBERGER
Director-General

---

[3] See Memorandum and Order in the case *In re Payment Card interchange fee and merchant discount antitrust litigation,* 05-MD-1720 (JG) (JO) (2010).