UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-cv-00220 LHK (NC)<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 152 |

The Federal Trade Commission seeks to enjoin Qualcomm from engaging in allegedly anticompetitive and monopolistic conduct in supplying semiconductor devices used to manufacture, among other things, cell phones. Qualcomm denies engaging in such conduct. In this discovery dispute, Qualcomm seeks from the FTC (1) certain documents produced to it and to foreign governmental bodies by third parties, and (2) "advocacy documents" provided to the FTC by informants. The FTC refuses to provide either. For the reasons stated below, the Court GRANTS Qualcomm's request for the so-called "dual submissions," and for the advocacy documents. The FTC must produce to Qualcomm the dual submissions documents by August 31, 2017. The advocacy documents must be produced to Qualcomm's outside counsel by September 23, 2017.

**I.     The FTC Must Provide the Dual Submissions Documents to Qualcomm.**

As to the first category, the "dual submissions," the Court finds that the comity

Case No. 17-cv-00220 LHK (NC)

1    concerns raised by the FTC fall short.

2    Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "However, Rule 26 grants the court discretion to limit discovery on several grounds, including international comity." *In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007) (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 544 (1987)). As relevant here, courts "should exercise special vigilance to demonstrate due respect for any sovereign interest expressed by a foreign state." *Id*.

The Supreme Court set forth the following comity test in *Aerospatiale*: "(1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Aerospatiale*, 482 U.S. at 544 n.28 (internal quotations marks omitted).

The FTC wants the Court to consider the foreign agencies' objection to production under *Aerospatiale*, while Qualcomm questions whether comity is even a factor at play in this dispute. Dkt. No. 152 at 2, 5. First, and most importantly, this case is distinguishable from *Aerospatiale* because the documents in dispute were also provided to the FTC, an American governmental entity. *See Aerospatiale*, 482 U.S. at 525-26. The disputed documents are *in* the United States. As a result, the Court agrees with Qualcomm, and is skeptical that the test in *Aerospatiale* even applies here. However, even if the Court were to examine this request through that test, the Court would still find that Qualcomm is entitled to discovery of the dual submissions documents.

Neither the FTC nor the foreign entities have provided the Court with any foreign laws or privileges that would be violated by the production of those documents, which are

Case No. 17-cv-00220 LHK (NC)          2

located in the United States, to Qualcomm. The European Commission and the Korea Fair Trade Commission have simply expressed their concern with disclosure because of the effect the disclosure may have in their investigatory and enforcement efforts.[1] Dkt. No. 152 at 5. In response to the Court's request for further information, the European Commission's Director General of Competition filed a letter with the Court in support of not producing the dual submissions documents to Qualcomm. Dkt. No. 168-2 at 2-4. The Court carefully reviewed the letter, and while it finds the Director General's concerns valid, those concerns are not backed up by a persuasive legal argument. Though the disclosure may "undermine and circumvent [the third parties'] specific confidentiality interests that have been accepted by the European Commission," no legal provision or principle on point has been undermined or circumvented. *Id*. at 3. The Commission's other argument—made in its letter and in the FTC's brief—that its investigative efforts may be impaired by disclosure of the dual submissions documents, is also unavailing in the face of Qualcomm's need for the documents.

As to the FTC's other arguments regarding the unimportance of the documents and the alternative means of obtaining the information, those arguments are unsubstantiated because the Court does not know what is in the documents. Moreover, Qualcomm asserts that the FTC conceded the dual submissions documents are relevant to the case, and that upon reviewing them, it may find them "critical" to its defense. Dkt. No. 152 at 2, 3. Lastly, the Court finds that Qualcomm's need for production of the dual submissions documents is proportional to the needs of the case, given the magnitude of this case. Qualcomm is entitled to obtain relevant, proportionately needed information in discovery to aid in its defense. Thus, the FTC is ORDERED to produce relevant dual submissions documents, by August 31, 2017.

---

[1] The last element of the *Aerospatiale* test is the most important. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1476 (9th Cir. 1992). The FTC invokes *In re TFT-LCD (Flat Panel) Antitrust Litigaton*. No. 07-cv-01827 SI, 2011 WL 13147214, at *5 (N.D. Cal. Apr. 26, 2011). However, that case is distinguishable because the disputed information was not also located in the United States, and because the foreign entity made a much stronger showing of its interest in not producing the information.

## II. Although the FTC Has Properly Invoked the Informant's Privilege, the Court Orders Disclosure of the Relevant Documents.

As to the advocacy documents that the FTC seeks to assert the informant's privilege over, the issue is closer, but the context surrounding this case makes disclosure of the documents appropriate.

First, however, the Court acknowledges the existence of the informant's privilege invoked by the FTC, and notes the appropriateness of its invocation here. The informant's privilege is "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. U.S.*, 353 U.S. 53, 59 (1957). Yet the privilege is "limited" and will not apply if "the contents of a communication will not tend to reveal the identity of the informer." *Id*. at 60. If the identity of the informer is already known to the party against whom the communication was made, the privilege does not apply. *Id*. A purpose of the informant's privilege is to prevent retaliation against those who cooperate with the government. *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014).

Qualcomm takes for granted the proposition that the informant's privilege does not apply here, because for large corporations, the danger of harm caused by retaliation is minimal. Though it may be true that such corporations lack cause to fear retaliation, the parties did not provide the Court with case law supporting the idea that the informant's privilege, as a matter of law, does not apply to large corporations, or corporations in general.

Further, the informant's privilege is a qualified privilege. The Court must balance the public interest to protect information with the defendant's right to defend itself. *Roviaro*, 353 U.S. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. Here, the Court finds compelling Qualcomm's necessity to defend itself, not only in this case, but in the many other related cases that have been filed against it nationwide. In addition, this case has already demonstrated that it will require a

very high volume of discovery, and the close of fact discovery in this case is March 30, 2018, making this request time-sensitive. Dkt. No. 75. Not granting this discovery now, as opposed to waiting until right before trial would be a waste of the parties and the Court's time and resources, as the information obtained may very likely be used in follow-up discovery.

Thus, the Court ORDERS that the FTC produce to Qualcomm's outside counsel the informant documents by September 23, 2017, subject to the existing protective order. Dkt. No. 81. Further, the circumstances here warrant that the informant documents be reviewed only by Qualcomm's outside counsel. Qualcomm, and Qualcomm's in-house counsel may not review these documents absent further court order. If any of the informing non-parties desire a heightened protective order as to the documents pertaining to them, they may file one by September 15, 2017. The Court will consider the proposed protective orders for good cause shown.

**III. Conclusion**

Thus, by August 31, 2017, the FTC must produce to Qualcomm the dual submissions documents. By September 23, 2017, and subject to future proposed protective orders, the FTC must produce to Qualcomm's outside counsel the documents relating to the informants.

Any party may object to this order, but must do so within 14 days. Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: August 24, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge