| | |
|---|---|
| Jennifer Milici, D.C. Bar No. 987096<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br>(202) 326-2912; (202) 326-3496 (fax)<br>*jmilici@ftc.gov* | Lin W. Kahn, Cal. Bar No. 261387<br>FEDERAL TRADE COMMISSION<br>901 Market Street, Suite 570<br>San Francisco, CA 94103<br>(415) 848-5115; (415) 848-5184 (fax)<br>*lkahn@ftc.gov* |

Attorneys for Plaintiff Federal Trade Commission in Case No. 17-cv-00220-LHK-NMC

| | |
|---|---|
| SUSMAN GODFREY L.L.P.<br>Kalpana Srinivasan (237460)<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067<br>(310) 789-3100; (310) 789-3006 (fax)<br>*ksrinivasan@susmangodfrey.com* | COTCHETT, PITRE & MCCARTHY<br>Steven N. Williams (175481)<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>(650) 697-6000; (650) 697-0577 (fax)<br>*swilliams@cpmlegal.com* |

Plaintiffs' Interim Co-Lead Counsel in Case No. 17-md-02773-LHK-NMC

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>Yonatan Even (*pro hac vice*)<br>825 Eighth Avenue<br>New York, New York 10019-7475<br>(212) 474-1000; (212) 474-3700 (fax)<br>*gbornstein@cravath.com*<br>*yeven@cravath.com* | MORGAN, LEWIS & BOCKIUS LLP<br>Donn P. Pickett (SBN 72257)<br>Geoffrey T. Holtz (SBN 191370)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>(415) 442-1000; (415) 442-1001 (fax)<br>*donn.pickett@morganlewis.com*<br>*geoffrey.holtz@morganlewis.com* |

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400; (415) 397-7188 (fax)
*rvannest@keker.com*

Attorneys for Defendant Qualcomm Incorporated

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>  v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br><br>               Defendant. | Case No. 17-cv-00220-LHK-NMC |

IN RE: QUALCOMM ANTITRUST LITIGATION

Case No. 17-md-02773-LHK-NMC

**JOINT STIPULATION AND [PROPOSED] DISCOVERY COORDINATION ORDER**

WHEREAS the Parties desire to minimize the burden and expense of duplicative discovery across cases;

WHEREAS the Parties agree that discovery in the above-captioned actions should be coordinated as provided herein; and

WHEREAS the Parties are continuing to meet and confer with each other and with Apple Inc. regarding the possibility of further coordination of discovery in the above-captioned actions with discovery in *Apple Inc. v. Qualcomm Incorporated*, Case No. 17-cv-00108-GPC (S.D. Cal.) and related cases;

THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:

1. For the purpose of this Order:
    a. "Contact Attorneys" refers to counsel designated by each Party and identified on Schedule A.
    b. "FTC" refers to the Federal Trade Commission.
    c. "FTC Litigation" refers to *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-cv-00220-LHK-NMC.
    d. "MDL Litigation" refers to *In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773-LHK-NMC, including all consolidated member cases (both current and any that may be transferred and consolidated in the future).
    e. "MDL Plaintiffs" refers collectively to the plaintiffs named in any consolidated or member case in the MDL Litigation, including in any consolidated complaint that is filed in the MDL Litigation.
    f. "Parties" refers collectively to the FTC, MDL Plaintiffs, and Qualcomm.

g. "Party" refers to any of the FTC, MDL Plaintiffs, or Qualcomm.

h. "Pending Cases" refers collectively to the FTC Litigation and MDL Litigation.

i. "Protective Orders" refers to the Protective Order and Supplemental Protective Order in the FTC Litigation (ECF Nos. 81, 137) and the Protective Order in the MDL Litigation (ECF No. 46), in each case as may be supplemented and amended from time to time.

j. "Qualcomm" refers to Qualcomm Incorporated.

2. Counsel for the Parties in each Pending Case shall be bound by this Order.

## COORDINATION OF WRITTEN DISCOVERY

3. Any Party that serves or has served a written discovery request under Rule 31, 33, 34, or 36 on another Party in any of the Pending Cases shall provide a copy of the request to the Contact Attorneys in each Pending Case.

4. Any Party that responds or has responded to a written discovery request in any of the Pending Cases shall serve its response and produce any responsive materials to the Contact Attorneys in each Pending Case.

5. A Party (the "Issuing Party") that serves, after issuance of this Order, a subpoena or other request (including any request for international judicial assistance) for the production of documents or other materials on a person or entity not a Party ("Non-Party") to any Pending Case shall promptly (a) provide a copy of the subpoena or other request to all Contact Attorneys; (b) provide a copy of this Order and the Protective Orders in effect in each of the Pending Cases to the Non-Party; (c) notify the Non-Party that, pursuant to this Order, materials produced in response to such subpoena or other request will be produced in each Pending Case; and (d) request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the issuing Party shall, as permitted by law, provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after receipt of the materials from the Non-Party. If a Party has served a Non-Party subpoena or other document request prior to the issuance of this Order, the

Issuing Party will advise the Non-Party that the document production is to be shared across the Pending Cases and provide an opportunity of 10 (ten) days to object, and shall provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after the later of (1) expiration of such ten (10) day period, or (2) the Party's receipt of materials from the Non-Party.[1] If a Party modifies or extends the time to respond to a Rule 45 document subpoena or other request in writing, it shall promptly inform Contact Attorneys in each Pending Case of that written extension or modification.

6. All written responses to discovery requests and subpoenas and materials provided in response to discovery requests and subpoenas in any Pending Case shall be treated as having been obtained through discovery in each Pending Case.

**COORDINATION OF DEPOSITIONS**

7. Pursuant to Fed. R. Civ. P. 30(a)(2)(A), leave is granted to all Parties to conduct in excess of ten (10) depositions per side.

8. A Party issuing a deposition notice or subpoena or seeking a request for international judicial assistance in obtaining testimony (the "Subpoenaing Party") shall provide at least five (5) days advance notice to Contact Attorneys in each Pending Case. Other Parties shall be entitled to join the Subpoenaing Party's notice, subpoena, or request by notice to Contact Attorneys in each Pending Case within such five (5) day period. The other Parties also will be entitled to add topics to any 30(b)(6) or similar subpoena or notice by issuing their own Rule 30(b)(6) notice. The Parties shall make reasonable good-faith efforts to coordinate the scheduling of the deposition with each other and with any Non-Party witness, provided, however, that no Party may unreasonably delay a deposition.

9. For Party depositions, prior to issuing a notice for a date certain, the noticing Party shall notify the Contact Attorneys for all Parties of its intent to depose a particular witness, and request

---

[1] Pending the resolution of any such Non-Party objection to production across the Pending Cases, the Issuing Party shall nonetheless provide a copy of all materials to the other side within the Pending Case in which the subpoena or request was issued, in accordance with the applicable protective order, within five (5) calendar days after receipt of the materials from the Non-Party, to the extent the Non-Party has not already done so.

available dates for the witness from counsel for the Party whose witness's deposition is sought. Within seven (7) business days of receiving the request, the Party to whom such a request is made shall provide three (3) proposed deposition dates, provided, however, that this deadline shall be extended to twelve (12) business days if a noticing Party has more than five deposition date requests to another Party outstanding at the time such request is made. The noticing Party shall use its best efforts to schedule the deposition on a proposed deposition date mutually agreeable to all Parties. The Party whose witness's deposition is sought shall retain its right to formally object (by motion for protective order or otherwise) to the taking of a particular deposition or to the timing or scope of such deposition.

10. Counsel in any of the Pending Cases shall be entitled to attend depositions noticed in each Pending Case, so long as they are bound by the Protective Order entered in one of the Pending Cases. Non-noticing counsel may ask questions and raise objections at depositions to the extent allowed under the Federal Rules of Civil Procedure. Any Party may avail itself of any objection to the form of a question made by any other Party properly in attendance at a deposition without the need to be in attendance or express its joinder in the objection.

11. The time limits on depositions established by Fed. R. Civ. P. 30(d)(2) shall apply to all depositions, except that in the event that a deposition of a non-party is noticed by multiple Parties, the Parties agree that, absent good cause, they will not oppose an extension of the time limit for that deposition to up to fourteen (14) hours. In any deposition of Qualcomm or a current or former Qualcomm employee noticed in his or her individual capacity by the FTC and the MDL Plaintiffs, the FTC and the MDL Plaintiffs shall be entitled to no more than eleven (11) hours of questioning time, except that the parties may modify this limit by agreement or leave of Court.

12. A Party that was provided prior notice of a deposition in any Pending Case may not, absent leave of Court, notice a second deposition of the same witness in a Pending Case.

13. Depositions subpoenaed, noticed, and/or taken in any of the Pending Cases shall be treated as if they were obtained through discovery in each Pending Case.

| | |
|---|---|
| 1 | **PLEADINGS AND MOTIONS** |
| 2 | 14.    Any Party that serves or has served a pleading or motion on another Party in any Pending |
| 3 | case shall serve an unredacted copy of the pleading or motion on the Contact Attorneys in each |
| 4 | Pending Case, subject if necessary to the Protective Orders in that case. |
| 5 | **PROTECTION OF CONFIDENTIAL INFORMATION** |
| 6 | 15.    The Protective Order in effect in each Pending Case is hereby modified to permit the |
| 7 | disclosure and production of Protected Material (as defined therein) to each Party hereto, and the use |
| 8 | of such material by each Party hereto, as if they were a Party to the Protective Order in each Pending |
| 9 | Case. |
| 10 | 16.    The Protective Order in effect in each Pending Case shall govern the handling by the |
| 11 | Parties to such Pending Case of protected material produced hereunder, and, unless modified by the |
| 12 | designating party, confidentiality designations applied in one Pending Case shall apply in all Pending |
| 13 | Cases. |
| 14 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 15 | Dated: September 20, 2017 |

By:   /s/ Jennifer Milici
       Jennifer Milici
       J. Alexander Ansaldo
       Joseph R. Baker
       Daniel Matheson
       FEDERAL TRADE COMMISSION
       600 Pennsylvania Avenue, N.W.
       Washington, D.C. 20580
       (202) 326-2912; (202) 326-3496 (fax)
       jmilici@ftc.gov
       jansaldo@ftc.gov
       jbaker1@ftc.gov
       dmatheson@ftc.gov

|   |   |   |
|---|---|---|
| 1 | | Lin W. Kahn, Cal. Bar No. 261387 |
| 2 | | FEDERAL TRADE COMMISSION |
|   | | 901 Market Street, Suite 570 |
| 3 | | San Francisco, CA 94103 |
|   | | (415) 848-5115; (415) 848-5184 (fax) |
| 4 | | lkahn@ftc.gov |

Lin W. Kahn, Cal. Bar No. 261387
FEDERAL TRADE COMMISSION
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
lkahn@ftc.gov

***Attorneys for Plaintiff Federal Trade Commission in Case No. 17-cv-00220***

Dated: September 20, 2017

By:   /s/ Kalpana Srinivasan
Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3006
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street # 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: jgrinstein@susmangodfrey.com

Steven N. Williams
Mark F. Ram
Joyce M. Chang
Brian Danitz
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: swilliams@cpmlegal.com
Email: mram@cpmlegal.com
Email: jchang@cpmlegal.com
Email: bdanitz@cpmlegal.com

***Plaintiffs' Interim Co-Lead Counsel in Case No. 17-md-02773***

|   |   |   |
|---|---|---|
| 1 | | Steve W. Berman |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | | 1918 Eighth Avenue, Suite 3300 |
| 3 | | Seattle, WA 98101 |
| | | Telephone: (206) 268-9320 |
| 4 | | Facsimile: (206) 623-0594 |
| | | Email: steve@hbsslaw.com |

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Jeff D. Friedman (173886)
Rio S. Pierce (298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: jefff@hbsslaw.com
Email: riop@hbsslaw.com

***Plaintiffs' Steering Committee in Case No. 17-md-02773***

Dated: September 20, 2017

By:   /s/ Gary A. Bornstein

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
Justina Sessions
David W. Rizk
Alexander Dryer
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com
jsessions@keker.com
drizk@keker.com
adryer@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

***Attorneys for Defendant Qualcomm Incorporated***

# **FILER'S ATTESTATION**

I, Jennifer Milici, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

                                                  */s/ Jennifer Milici*

**[PROPOSED]** **DISCOVERY COORDINATION ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 22, 2017          *Lucy H. Koh*

# SCHEDULE A

*Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-cv-00220-LHK-NMC

<u>Plaintiff Federal Trade Commission</u>

    Jennifer Milici, jmilici@ftc.gov
    J. Alexander Ansaldo, jansaldo@ftc.gov
    Joseph R. Baker, jbaker1@ftc.gov
    Daniel Matheson, dmatheson@ftc.gov
    FEDERAL TRADE COMMISSION
    600 Pennsylvania Avenue, N.W.
    Washington, D.C. 20580

<u>Defendant Qualcomm Incorporated</u>

    Gary A. Bornstein, gbornstein@cravath.com
    Yonatan Even, yeven@cravath.com
    Nicole M. Peles, npeles@cravath.com
    CRAVATH, SWAINE & MOORE LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019

    Robert A. Van Nest, rvannest@keker.com
    Asim M. Bhansali, abhansali@keker.com
    Eugene M. Paige, epaige@keker.com
    Justina Sessions, jsessions@keker.com
    David W. Rizk, drizk@keker.com
    Alexander Dryer, adryer@keker.com
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809

    Richard S. Taffet, richard.taffet@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, NY 10178-0060

    Willard K. Tom, willard.tom@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
    1111 Pennsylvania Ave. NW
    Washington, DC 20004-2541

    Donn P. Pickett, donn.pickett@morganlewis.com
    Geoffrey T. Holtz, geoffrey.holtz@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
    San Francisco, CA 94105-1126

| | |
|---|---|
| 1 | ***In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773-LHK-NMC** |
| 2 | Plaintiffs' Interim Co-Lead Counsel |
| 3 | Kalpana Srinivasan, ksrinivasan@susmangodfrey.com |
| 4 | Marc M. Seltzer, mseltzer@susmangodfrey.com |
| | Steven G. Sklaver, ssklaver@susmangodfrey.com |
| 5 | Amanda Bonn, abonn@susmangodfrey.com |
| | Oleg Elkhunovich, oelkhunovich@susmangodfrey.com |
| 6 | SUSMAN GODFREY L.L.P. |
| | 1901 Avenue of the Stars, Suite 950 |
| 7 | Los Angeles, CA 90067 |
| 8 | Joseph Grinstein, jgrinstein@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 9 | 1000 Louisiana Street # 5100 |
| | Houston, TX 77002 |
| 10 | Steven N. Williams, swilliams@cpmlegal.com |
| 11 | Mark F. Ram, mram@cpmlegal.com |
| | Joyce M. Chang, jchang@cpmlegal.com |
| 12 | Brian Danitz, bdanitz@cpmlegal.com |
| | COTCHETT, PITRE & McCARTHY, LLP |
| 13 | 840 Malcolm Road, Suite 200 |
| | Burlingame, CA 94010 |
| 14 | |
| 15 | Plaintiffs' Steering Committee |
| 16 | Steve W. Berman, steve@hbsslaw.com |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 17 | 1918 Eighth Avenue, Suite 3300 |
| | Seattle, WA 98101 |
| 18 | Jeff D. Friedman (173886), jefff@hbsslaw.com |
| 19 | Rio S. Pierce (298297), riop@hbsslaw.com |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 20 | 715 Hearst Avenue, Suite 202 |
| | Berkeley, CA 94710 |
| 21 | Telephone: (510) 725-3000 |
| | Facsimile: (510) 725-3001 |
| 22 | |
| 23 | Defendant Qualcomm Incorporated |
| 24 | Gary A. Bornstein, gbornstein@cravath.com |
| | Yonatan Even, yeven@cravath.com |
| 25 | Nicole M. Peles, npeles@cravath.com |
| | CRAVATH, SWAINE & MOORE LLP |
| 26 | Worldwide Plaza |
| | 825 Eighth Avenue |
| 27 | New York, NY 10019 |
| 28 | Robert A. Van Nest, rvannest@keker.com |

1    Asim M. Bhansali, abhansali@keker.com
Eugene M. Paige, epaige@keker.com
2    Justina Sessions, jsessions@keker.com
David W. Rizk, drizk@keker.com
3    Alexander Dryer, adryer@keker.com
KEKER, VAN NEST & PETERS LLP
4    633 Battery Street
San Francisco, CA 94111-1809

5    Richard S. Taffet, richard.taffet@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
6    101 Park Avenue
New York, NY 10178-0060

7

8    Willard K. Tom, willard.tom@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
9    1111 Pennsylvania Ave. NW
Washington, DC 20004-2541

10    Donn P. Pickett, donn.pickett@morganlewis.com
Geoffrey T. Holtz, geoffrey.holtz@morganlewis.com
11    MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
12    San Francisco, CA 94105-1126