Jennifer Milici, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Cal. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
*jmilici@ftc.gov*

Lin W. Kahn, Cal. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
*lkahn@ftc.gov*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S AND PLAINTIFF FEDERAL TRADE COMMISSION'S JOINT DISCOVERY STATEMENT**<br><br>Courtroom: 7, 4th Floor<br>Judge:　　Hon. Nathanael M. Cousins |

Plaintiff Federal Trade Commission ("FTC") and Defendant Qualcomm Incorporated ("Qualcomm") hereby submit this joint statement. The parties have met and conferred by telephone four times, but have been unable to reach agreement on the issues addressed herein.

## I. The FTC's Position

During the FTC's pre-Complaint investigation, Qualcomm redacted 39,417 documents, and entirely withheld 91,093 documents, asserting attorney client privilege or work product protection. Qualcomm refuses to provide a privilege log for its redactions, and many of its log descriptions for entirely withheld documents fail to satisfy its burden of "establishing that the attorney-client privilege applies to the [communications] in question." *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *see also Nextdoor.com, Inc. v. Abhyanker*, 2014 U.S. Dist. LEXIS 115517 at *3 (N.D. Cal. Aug. 18, 2014).

As described below, the FTC has proposed a compromise whereby Qualcomm would provide a log for all redactions, but would only be required to revisit its existing log of withheld documents for communications involving certain Qualcomm attorney-executives who exercised significant business authority over licensing negotiations central to the FTC's allegations. Qualcomm has withheld nearly 25,000 of these executives' communications, but it is now apparent that Qualcomm failed to apply the controlling "primary purpose" standard to its claims.

The Court should order Qualcomm to produce all such executives' communications or to provide log entries adequately demonstrating that withheld communications were sent for the primary purpose of securing legal advice. *See Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 at n. 38 (N.D. Cal. 2015) ("primary purpose" test applies to claims of attorney-client privilege), *motion for relief from judgment denied*, 2015 WL 3863249 (N.D. Cal. June 19, 2015).

### A. Qualcomm Must Provide Log Entries Satisfying the "Primary Purpose" Standard

Qualcomm's failure to apply the appropriate standard became apparent after the FTC sought, and Qualcomm provided, privilege log entries for a limited number of documents that Qualcomm had produced in redacted form during the FTC's pre-Complaint investigation. On September 19, the FTC identified 82 redacted documents over which Qualcomm asserted privilege. After a delay of more than two weeks, Qualcomm withdrew its privilege claims entirely from 37 of these documents (~45%), and withdrew at least some privilege claims for an additional 31 documents (~37%). The newly revealed communications demonstrate that Qualcomm has inappropriately withheld from production numerous communications that deal exclusively or primarily with business matters of central relevance to the FTC's allegations.[1]

Qualcomm's 68 withdrawn claims conclusively establish that Qualcomm applied the wrong standard in its privilege review. Additionally, Qualcomm's log entries are inadequate on their face, do not clearly disclose the primary purpose of each withheld communication, and thus do not satisfy its burden. Most of Qualcomm's privilege claims involve in-house attorneys who perform business functions, either primarily or in addition to their legal functions. Courts in this Circuit require that, "[w]ith respect to internal communications involving in-house counsel, [the proponent of the privilege] must make a clear showing that the speaker made the communications for the purpose of obtaining or providing legal advice." *United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1076 (N.D. Cal. 2002) (internal citations omitted). *See also In re*

---

[1] At the Court's request, the FTC can promptly provide the 68 newly produced documents and highlight the material as to which Qualcomm has withdrawn its privilege claims. The FTC can also provide the court with inconsistently redacted versions of documents evidencing other untenable privilege claims made over attorney-executives' business discussions, addressed in a related joint letter brief to be submitted to the Court shortly.

1

*Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 797 (E.D. La. 2007);[2] *id.* at 809 (no presumption of privilege attaches to emails "addressed to both lawyers and non-lawyers for review, comment, and approval."); *Diagnostic Systems Corp. v. Symantec Corp.*, 2008 WL 9396387 (C.D. Cal. Aug. 12, 2008) at *8 (rejecting privilege claim over communications involving in-house counsel to the extent in-house counsel acted "in the capacity of corporate executives to further the [plaintiff's] business goals" with respect to patent licensing). In order to satisfy the primary purpose test, Qualcomm's privilege log entries must demonstrate that attorney-executives' input relates to their specialized training as attorneys, rather than economic and business considerations within the experience of any senior executive. For example, attorney-executives' input regarding the economic or strategic implications of a licensing negotiation constitutes business advice, while their advice regarding the legal ramifications of contractual language might constitute appropriately redacted "legal advice."

      A "clear showing" is especially important here. First, Qualcomm's documents reveal that top executives have a practice of copying in-house counsel on emails for the express purpose of concealing business discussions beneath a veneer of "privilege," and of instructing others to do the same.[3] Second, Qualcomm is in the business of licensing technology but has not provided sufficient information to distinguish business from legal activities.[4] These circumstances exacerbate the ever-present concern that "the privilege stands in derogation of the public's right to every man's evidence' and as 'an obstacle to the investigation of the truth,' [and] thus, … '[i]t ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (alterations in original); *see also Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 88411, at *13 (N.D. Cal. June 8, 2017) (quoting *United States v. Ruehle*); *In re Third Party Subpoenas Issued to Rambus, Inc.*, 2014 U.S. Dist. LEXIS 164398 at *2 (N.D. Cal. Nov. 21, 2014) (privilege strictly construed).

    B.  <u>The FTC's Proposal is a Reasonable Compromise</u>

      The FTC's proposed compromise provides two enormous concessions that address burden concerns. *First*, it does not require **any** privilege log for 51,670 responsive documents withheld during the investigation. During the investigation, the FTC accommodated Qualcomm's request to defer logging documents that fall into certain categories, including communications with outside counsel. The FTC later agreed to extend this accommodation in this litigation. *Second*, of the 39,243 withheld documents that Qualcomm has logged, the FTC is seeking satisfactory descriptions only with respect to email chains involving five specific in-house counsel who performed significant business roles.[5] In light of the FTC's accommodations, Qualcomm's burden complaints are meritless. Moreover, indulging claims of "burden" would be bad policy. If a Court were to hold that a pre-Complaint deferral of rights limits the FTC's ability to obtain appropriate discovery in subsequent litigation, the FTC would likely cease granting

---

[2] Courts in this Circuit have approvingly cited *Vioxx*'s "in-depth discussion of the attorney-client privilege." *Hulstedt v. City of Scottsdale, Ariz.*, No. CV-09-1258-PHX-GMS, 2011 WL 2836553, at *4 (D. Ariz. July 18, 2011).

[3] The FTC can provide examples of such documents to the Court promptly upon request.

[4] Qualcomm has "set up its business in such a way to allow [it] to argue that many documents, including those central to [its] primary business, are privileged documents," and therefore must demonstrate that such documents were created for a primarily legal, and not business, purposes. *Diagnostics Sys. Corp.*, 2008 WL 9396387, at *2, *3.

[5] Mr. Derek Aberle is President of Qualcomm Incorporated, and former President of Qualcomm Technology Licensing ("QTL"). Mr. Steve Altman is the former President and Vice Chairman of Qualcomm Incorporated. Mr. Alex Rogers is the current President of QTL. (Note that the FTC seeks documents only for the period during which Mr. Rogers has served as President—March 2016 to the present). Mr. Eric Reifschneider is the former General Manager of QTL. Mr. Michael Hartogs is the former QTL Senior Vice President and Lead Counsel.

similar accommodations to the targets of investigations.[6]

Qualcomm argues that it does not need to provide a privilege log for its redactions. But redacted documents do not contain any statement of the basis for redaction, let alone the required clear showing that the communication is privileged. Qualcomm's proposed process of responding to inquiries about specific documents flips the burden on its head and has proven unworkable. The FTC has now repeatedly identified to Qualcomm redactions that appear improper. Each time, Qualcomm has admitted error and withdrawn its claims. But whack-a-mole is no way to proceed – particularly when the FTC is wearing a blindfold. The FTC cannot readily identify improper claims except in rare cases of inconsistent redactions or clawbacks. And the FTC should not be forced to wait weeks for Qualcomm to withdraw claims it never should have asserted.

The FTC has already established that Qualcomm has erroneously redacted important content from hundreds of documents. In addition to the numerous claims that Qualcomm has withdrawn since September 19, 2017 in response to FTC inquiries, Qualcomm itself identified 800 (or at least 297) documents during its witness preparation in October 2016 that required corrected redactions. Additional untenable claims will surely come to light when Qualcomm revisits its redactions with the responsibility of substantiating its claims.

Because any non-privileged documents should have been produced long ago, the Court should order Qualcomm to begin immediately providing an adequate privilege log on a rolling basis, accompanied by rolling productions of any documents with respect to which privilege claims are removed or withdrawn, to be completed by the November 28, 2017 deadline for substantial completion of Qualcomm's ongoing document production.

**II. Qualcomm's Position**

Over a period of many months during the FTC's pre-Complaint investigation, dozens of Qualcomm attorneys carefully reviewed more than 1,700,000 documents, applying partial redactions to 39,417 documents and preparing a detailed log containing nearly 40,000 entries. Nine months after receiving Qualcomm's privilege log, the FTC sent a letter insisting that Qualcomm's entire privilege review must be redone, and now requests—as a purported "compromise" position—that Qualcomm be ordered, on a dramatically accelerated schedule, to re-review and log (or re-log) tens of thousands of documents, despite the fact that such logging will provide the FTC with no additional material information. Specifically, the FTC's "compromise" would require Qualcomm within one month to (1) re-review 24,163 withheld document families and "revisit" corresponding log entries on a privilege log the FTC received over a year ago; and (2) re-review and log 39,417 documents (comprising 312,451 pages) produced in redacted form during the investigation, even though these redacted documents reveal, on their face and in the accompanying metadata, more information than the FTC would be entitled to receive in any log, and even though Qualcomm agreed to provide (and has provided) additional information concerning any document specifically identified by the FTC. The Court should deny the FTC's motion because Qualcomm met the proper review standard, and Qualcomm's existing log, along with the redacted documents and their metadata, provide the FTC with all the information necessary to assess Qualcomm's claims of privilege.

    A. <u>Qualcomm Met the Correct Standard in Its Privilege Review.</u>

The FTC argues, without basis, that Qualcomm must re-do a great majority of its privi-

---

[6] When the FTC agreed to defer a privilege log for redacted documents during the pre-Complaint investigation, staff made it clear that they were likely to request full log entries for some or all redacted documents at a later date.

lege review because its log entries do not expressly *state* that Qualcomm has applied the "primary purpose" standard in making each privilege claim. But Qualcomm's privilege review met this standard. During the months-long review involving more than 70 document reviewers evaluating millions of pages of documents, reviewers were instructed on the fundamental distinction between legal advice or discussion (privileged) and business advice or discussion (not privileged), and were instructed to mark communications as privileged only if they were made for the purpose of seeking or providing legal advice. Communications made for both legal and business purposes were produced, redacting only requests for legal advice and the legal advice itself. Reviewers were specifically instructed *not* to assert privilege over communications that were made for the purpose of business advice, even when lawyers were involved in those communications. And, contrary to the FTC's suggestion, Qualcomm did not assert privilege over communications merely because in-house counsel were copied, nor did it fail to distinguish business advice from legal advice given by lawyers with dual business and legal roles. This is amply shown by the thousands of documents sent by or to lawyers that Qualcomm did produce.[7]

### B. Qualcomm's Privilege Log Is Proper.

Neither the Federal Rules nor any authority cited by the FTC requires that each entry on a log specifically state "the primary purpose of each withheld communication", as the FTC contends. The FTC's authorities, such as *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002), discuss the substantive standard by which privilege determinations are assessed when subject to challenge. They do not establish a required formulation that must appear on a log. In fact, the law is clear that a privilege log is only one procedure (among many) that may be used to provide the information necessary for the other party to assess an assertion of privilege. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). Where, as here, tens of thousands of documents are identified as privileged, courts have accepted a log that broadly describes documents by category. *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478-79 (S.D. Cal. 1997); *see also* FRCP 26(b) advisory committee note (1993 amendment). The information in Qualcomm's privilege log easily exceeds these standards because it identifies, among other things, the attorneys and other participants in the communications, the nature of the document and the subject-matter of the communication.[8] Qualcomm's log also far exceeds the "model log" in leading practice manuals such as Schwarzer et al., Fed. Civ. Pro. Before Trial, Form 11:A (including only Bates number, date, identities and positions of individuals, description such as "Letter" and type of privilege). The FTC does not cite a single case requiring more, let alone a case supporting its demand that each log entry "demonstrate that attorney-executives' input relates to their specialized training as attorneys"—nor does the FTC specify what additional information Qualcomm could reasonably and practicably provide in a log to "demonstrate" that fact (short of providing the privileged information itself).

### C. Logging Redacted Documents Would Be Burdensome and Serve No Purpose.

During the pre-Complaint investigation, the FTC agreed that Qualcomm need not log the 39,417 documents that it produced in redacted form. The FTC's request that Qualcomm now log

---

[7] The FTC suggests that Qualcomm's privilege calls are suspect because of a purported "practice" of copying in-house counsel "for the specific purpose of concealing business discussions". But Qualcomm has *produced* these documents rather than "concealing" them. Their production helps illustrate the integrity of Qualcomm's review.

[8] The log includes fields for (1) Date; (2) Custodian; (3) Author/Sender; (4) Addresses; (5) Copyees; (6) Blind Copyees; (7) Description (including document type, basis for the privilege claim and subject-matter of the document); (8) Attachment(s); (9) Privilege Claim; and (10) Litigation/Investigation (identifying which litigation or investigation is involved as to work product claims).

redacted documents to include a "statement" or "clear showing that the communication is privileged" suffers from the same infirmity as its argument that Qualcomm must re-do its privilege log, *i.e.*, the FTC's failure to specify what more information Qualcomm could reasonably provide for each of tens of thousands of documents, in addition to the meaningful unredacted content and accompanying metadata it already has.[9]  *See Crescom Bank v. Terry*, No. 2:12-cv-00063, 2013 WL 3946222, at *2 (D.S.C. July 31, 2013).

The FTC suggests that it has "established that Qualcomm has erroneously redacted important content from hundreds of documents"; that is not true.  To date, the FTC identified 68 out of 39,417 documents in which certain redactions were modified.[10]  The FTC further contends that Qualcomm revised its redactions on 800 documents during the pre-Complaint investigation, but most of those (503 documents) were re-produced due to a technical imaging issue, not due to any error in redactions, and the rest (many of which included duplicate documents) were modified *sua sponte* (to add or remove certain redactions) due to Qualcomm's own re-review of thousands of redacted documents as part of its general privilege review and in preparing for investigational hearings.  But in any production of this size—especially one involving multiple lawyer custodians and thousands of privilege calls—errors will inevitably occur and some close calls may be resolved inconsistently.  Qualcomm has always maintained that it would reevaluate any individual privilege call that the FTC reasonably questioned, and it has done so.  The FTC's ability to identify documents in which redactions were modified shows that the FTC already has the information it needs to assess Qualcomm's claims of privilege.  The FTC did not pick documents for re-review at random; it chose them for a reason, including that many appeared elsewhere in the production without redactions.  These cherry-picked documents are not representative of Qualcomm's overall privilege calls.  Requiring Qualcomm to re-review 39,417 documents, especially given the short time remaining in discovery and the immense burden of review Qualcomm already faces, is unnecessary.  Courts routinely deny requests to create privilege logs when the burden of a log greatly outweighs any benefit to the party receiving it.  *See In re Imperial Corp. of Am.*, 174 F.R.D. at 478-79; *S.E.C. v. Lines Overseas Mgmt., Ltd.,* No. 04-302, 2007 WL 581909, at *1 n.5 (D.D.C. Feb. 21, 2007).

D.  <u>The FTC's Proposed "Compromise" Is Unduly Burdensome.</u>

As a purported compromise, the FTC proposes that Qualcomm re-review and re-log email chains involving five Qualcomm in-house attorneys.  This "compromise" remains impractical and burdensome, requiring review of the documents underlying approximately 24,000 of the entries on Qualcomm's privilege log (more than 60% of the 39,423 entries on Qualcomm's log), in addition to the re-review and logging of all 39,417 redacted documents.  As explained above, Qualcomm applied the appropriate standard; the FTC has sufficient information to assess Qualcomm's privilege calls on both withheld and redacted documents alike (which it has demonstrated by raising questions about selected documents); and Qualcomm has agreed to provide (and has provided) additional information about specific documents upon request.  Accordingly, the FTC's requests should be denied.

---

[9] The FTC already has *more* information than in a log.  The metadata alone includes senders, recipients, custodians, date, subject line and parent and child information for attachments, as well as other information.  And the unredacted portions of the documents obviously provide a wealth of context that a log could never convey.

[10] The FTC requested that Qualcomm review 82 redacted documents hand-picked by the FTC as containing potentially improper redactions.  Of those 82 documents, Qualcomm maintained its original redactions on 14 documents.  Of the remaining 68 documents, another 14 had previously been produced with no redactions, and many others appeared elsewhere in the production with fewer redactions.

Respectfully submitted,


       */s/ Yonatan Even*
         Yonatan Even


Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
      New York, NY 10019
         Tel: (212) 474-1000
           Fax: (212) 474-3700
              gbornstein@cravath.com
              yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
   633 Battery Street
      San Francisco, CA 94111-1809
         Tel: (415) 676-2289
           Fax: (415) 397-7188
              rvannest@keker.com
              abhansali@keker.com
              epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
   101 Park Avenue
      New York, NY 10178-0060
         Tel: (212) 309-6000
           Fax: (212) 309-6001
              richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
   1111 Pennsylvania Ave. NW
      Washington, DC 20004-2541
         Tel: (202) 739-3000
           Fax: (202) 739 3001
              willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*


Jennifer Micili, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Cal. Bar No. 260667
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov
dmatheson@ftc.gov
jansaldo@ftc.gov
jbaker1@ftc.gov
egillen@ftc.gov

Lin W. Kahn, Cal. Bar No. 261387
FEDERAL TRADE COMMISSION
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
lkahn@ftc.gov

*Attorneys for the Federal Trade Commission*

## **FILER'S ATTESTATION**

      I, Yonatan Even, am the ECF user whose identification and password are being used to file this Joint Discovery Submission.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories of this document have concurred in this filing.



*/s/ Yonatan Even*
Yonatan Even