| | |
|---|---|
| Jennifer Milici, D.C. Bar No. 987096 | Lin W. Kahn, Cal. Bar No. 261387 |
| J. Alexander Ansaldo, Va. Bar No. 75870 | Federal Trade Commission |
| Joseph R. Baker, D.C. Bar No. 490802 | 901 Market Street, Suite 570 |
| Wesley G. Carson, D.C. Bar No. 1009899 | San Francisco, CA 94103 |
| Elizabeth A. Gillen, Cal. Bar No. 260667 | (415) 848-5115; (415) 848-5184 (fax) |
| Federal Trade Commission | *lkahn@ftc.gov* |
| 600 Pennsylvania Avenue, N.W. | |
| Washington, D.C. 20580 | |
| (202) 326-2912; (202) 326-3496 (fax) | |
| *jmilici@ftc.gov* | |

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Gary A. Bornstein (*pro hac vice*) | Richard S. Taffet (*pro hac vice*) |
| gbornstein@cravath.com | richard.taffet@morganlewis.com |
| Yonatan Even (*pro hac vice*) | Willard K. Tom (*pro hac vice*) |
| yeven@cravath.com | willard.tom@morganlewis.com |
| 825 Eighth Avenue | Donn P. Pickett (SBN 72257) |
| New York, New York 10019-7475 | donn.pickett@morganlewis.com |
| Telephone: (212) 474-1000 | Geoffrey T. Holtz (SBN 191370) |
| Facsimile: (212) 474-3700 | geoffrey.holtz@morganlewis.com |
| | One Market, Spear Street Tower |
| KEKER, VAN NEST & PETERS LLP | San Francisco, CA 94105-1596 |
| Robert A. Van Nest (SBN 84065) | Telephone: (415) 442-1000 |
| Asim M. Bhansali (SBN 194925) | Facsimile: (415) 442-1001 |
| Eugene M. Paige (SBN 202849) | |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | |
| Telephone: (415) 391-5400 | |
| Facsimile: (415) 397-7188 | |

Attorneys for Defendant
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:17-cv-00220-LHK-NMC |
| Plaintiff, | **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| QUALCOMM INCORPORATED, a Delaware corporation, | |
| Defendant. | |

Pursuant to the Court's November 15, 2017 Case Management Order (ECF No. 308), Plaintiff Federal Trade Commission ("FTC") and Defendant Qualcomm Incorporated ("Qualcomm") (collectively, the "Parties") have met and conferred and hereby submit this Joint Case Management Statement providing an update on Qualcomm's production.

## I. CASE SCHEDULE

The Court's April 19, 2017 Case Management Order (ECF No. 75) sets forth deadlines for this litigation, and the November 15, 2017 Case Management Order (ECF No. 308) amends the case schedule by adding various interim deadlines. In addition to these dates, and as set forth in the Case Management Statement the Parties filed on September 6, 2017, the Parties agreed that Qualcomm would substantially complete its production of documents by November 28, 2017, which Qualcomm has confirmed to the FTC it has done.

## II. PARTY DISCOVERY

### A. September 2017 Refresh Proposal

As set out in the parties' November 8, 2017 Case Management Statement (ECF No. 286), Qualcomm believes that recent competitive conditions will be relevant to the defenses it plans to assert. After several meet and confer calls about the scope of a "refresh" collection capturing recent documents, on November 10, 2017, at the FTC's request, Qualcomm sent the FTC a written proposal for refreshing through September 2017 certain non-custodial document collections, including but not limited to marketing plans, price management reports and presentations, product roadmaps and strategic plans. Qualcomm also stated that it would refresh the custodial productions from the e-mail files of two senior Qualcomm executives who would have documents concerning recent competitive conditions in the baseband processor markets alleged by the FTC: Cristiano Amon (President, QCT), who heads Qualcomm's chips and software for mobile devices business, and Keith Kressin (Senior Vice President, Product Management, QCT), who manages Qualcomm's roadmap for chips that integrate baseband processors and other components for mobile devices. In response, on November 15, 2017, the FTC requested that Qualcomm also refresh through September 2017 the collection and production of email files of Paul Jacobs (Qualcomm's

Chairman of the Board); Steve Mollenkopf (Qualcomm's Chief Executive Officer); Derek Aberle (President of Qualcomm Inc.); Alex Rogers (President of Qualcomm Technology Licensing); and any other individuals that Qualcomm will call at trial to testify about the time period in question. The FTC agreed to limit the custodial searches required for the additional custodians to emails only. On December 1, 2017, Qualcomm agreed to refresh the productions of the additional four custodians requested by the FTC.

The Parties have thus reached agreement on the scope of the refresh collection and production through September 2017. However, the Parties have been unable to reach agreement on a completion date for this production of refresh materials.

***FTC's Position.*** Qualcomm has represented that it is able to produce the additional documents for Messrs. Amon and Kressin by December 14, 2017,[1] and to produce additional documents from Messrs. Jacobs, Mollenkopf, Aberle, and Rogers by December 22, 2017. The FTC's position is that there is no valid reason it should take Qualcomm more than a month to produce emails for four custodians, covering a four- to five-month period. Moreover, Qualcomm should have anticipated the need to refresh its collection at least as early as October, when it demanded documents from the period ending September 30, 2017 from third party Intel Corporation, and taken steps to do so. In order to complete its review of Qualcomm's document production and schedule depositions in a timely manner prior to the March 30, 2018 fact discovery deadline, the FTC requests that Qualcomm produce any documents from the additional four custodians by December 14, 2017, and provide privilege logs for all refreshed custodial productions by December 21, 2017.[2]

The FTC disagrees with Qualcomm's position set out below that the FTC will not be prejudiced by delays in producing additional documents. The parties are already in the process of scheduling some depositions of current Qualcomm employees. The refresh productions

---

[1] *See* November 15, 2017 Case Management Conference Tr. at 23:19-20.
[2] The FTC has also received reports from third parties that, in the course of their negotiations regarding the scope of their subpoena responses, Qualcomm recently requested documents from extended time periods, some of which are beyond September 2017. While this issue is not part of the parties' instant dispute, the FTC reserves its right to seek additional discovery.

undoubtedly will contain documents authored by or sent to witnesses other than the document custodians, including witnesses whose depositions are scheduled to go forward in mid-January. Under Qualcomm's proposal, the FTC may be deprived of the ability to use potentially key documents with these witnesses. Moreover, Qualcomm's "solution" of moving witnesses whose documents are produced late to the end of the deposition schedule is no solution at all. Qualcomm has identified 17 current employees as potential trial witnesses, and any of those individuals may have authored key documents that will be produced as part of the refresh.[3] It is for this very reason that a substantial completion deadline was necessary: the FTC must have access to Qualcomm's entire production—not simply individual custodial productions—before proceeding with depositions generally. While, as noted by Qualcomm below, the FTC requested that the first five depositions scheduled occur no earlier than two weeks following Qualcomm's completion of production of those witnesses' custodial documents in the interest of expediting the scheduling process, this request was specific to those individuals and was not to be applied on a global basis where a large number of documents authored by or sent to a particular witness typically exist outside that witness's custodial files.

Moreover, the parties have identified well over 50 third party witnesses.[4] Because the Stipulated Order Re: Discovery of Electronically Stored Information (ECF No. 142) allows the parties to object to any third party deposition scheduled within 30 days of the third party's substantial completion of its document production, most of the third party depositions cannot begin until February.[5] The FTC will be prejudiced if it is forced to choose between taking virtually all of

---

[3] Qualcomm has also identified six former employees as potential trial witnesses. The FTC has asked for deposition dates for those individuals, but Qualcomm has not provided any dates yet and has not committed to producing those witnesses early in the deposition period.

[4] This estimate is based on the parties' agreement to make reasonable efforts to identify the specific individuals each believes in good faith it is reasonably likely to rely upon at trial, and their exchange of that information on December 4, 2017. As part of its list, the FTC identified 46 individuals that are current or former employees of third parties. For its part, Qualcomm identified 58 individuals that are current or former employees of third parties, and stated that it intended to notice a number of 30(b)(6) depositions and is likely to add additional witnesses. There is some overlap between the parties' lists.

[5] The refresh productions may also include documents regarding Qualcomm's negotiations with third parties.

the depositions of seventy-five witnesses in a sixty-day period or taking some depositions without having adequate time to review the witness's documents.

***Qualcomm's Position.*** Qualcomm is working as quickly as possible to collect, process and review the documents from the refresh custodians. For example, Qualcomm began this process for Messrs. Jacobs, Mollenkopf, Aberle and Rogers on November 16, one day after the FTC first requested that Qualcomm refresh the productions from those custodians' emails. Qualcomm conducted the refresh collections on a high-priority basis, even while Qualcomm attorneys and discovery professionals were hard at work to meet the November 28 substantial completion date for the production of documents from the previously agreed time periods (which ultimately constituted a production of over 1.2 million documents). As Qualcomm has explained to the FTC, however, the collection and processing of these individuals' emails require the involvement of several professionals in Qualcomm's IT Department and at its external e-discovery vendor. Though these refresh collections represent a smaller volume of data relative to the amount of data that Qualcomm has previously processed and produced in this case, the collection and processing protocol remains the same and takes as much as two to three weeks before documents are ready for review, depending on the volume of other collections being processed in parallel. Qualcomm expects that the processing of documents of Messrs. Jacobs, Mollenkopf, Aberle and Rogers will be completed tonight or tomorrow morning. Additional time will then be needed to review these documents and to prepare them for production. Qualcomm therefore believes it will be in a position to produce the documents from the custodial files of Messrs. Amon and Kressin (which had been identified by Qualcomm as refresh custodians five days prior to the FTC's November 15 letter) by mid-December, and to produce the documents from the files of the other four custodians no later than December 22, 2017. But due to the time that was necessary for electronic processing of the documents, Qualcomm cannot, based on the information currently available to it, responsibly commit to producing the documents any earlier than those dates, particularly given the simultaneous competing demands on its review team for this case and the related litigation in the Southern District of California.

Importantly, the FTC will not be prejudiced in any way by the timing of Qualcomm's

refresh production. The FTC recently requested that the depositions of the six refresh custodians—as well as 17 other current and former Qualcomm employees—be scheduled for between January 8 and March 9, 2018.[6] Thus, the depositions of the additional four refresh custodians requested by the FTC can be conducted during the window requested by the FTC, and the FTC would still have several weeks to review the update productions before proceeding with those depositions. If the FTC prefers, it can take the depositions at any point through the end of March 2018 and then have up to three months with the refresh documents.[7] And while the FTC appears to complain that Qualcomm has identified an excessive number of witnesses, the FTC itself has designated 46 third-party witnesses upon whom it asserts it is reasonably likely to rely at trial. The Parties thus have many other depositions to conduct while Qualcomm completes, and the FTC reviews, the refresh productions.

**B. Proposal for Subsequent Refresh Productions Closer to Trial**

In addition to the September 2017 refresh described above, Qualcomm believes that the Parties should have the mutual opportunity to conduct a limited update of document and deposition discovery closer to the time of trial to ensure that the record contains necessary contemporaneous evidence bearing on elements of the FTC's claims (*e.g.*, market power) and whether the FTC is entitled to forward-looking injunctive relief. The FTC disagrees that, based on the allegations in its Complaint, it will inevitably be necessary to reopen discovery. The FTC's position is that whether the Court should, in its discretion, reopen discovery at some later date based on events that have not

---

[6] The FTC's complaint in footnote 3 above, regarding the scheduling of Qualcomm witnesses for deposition, is unwarranted. The parties' Joint Stipulation and Discovery Coordination Order (ECF No. 207) establishes a process for the scheduling of depositions, which Qualcomm has followed and will continue to follow. Pursuant to that process, Qualcomm has already scheduled the depositions of the first five individuals requested by the FTC, the first of which will begin on December 19. On December 1 and 4, the FTC requested Qualcomm to provide it with deposition dates falling between January 8 and March 9, 2018, for 23 additional Qualcomm employees and former employees (including the six refresh custodians). Qualcomm is working to determine these individuals' schedules and will provide proposed deposition dates by no later than the date required by the Coordination Order.

[7] The FTC has requested that depositions of Qualcomm employees not be scheduled until at least 14 days after Qualcomm has substantially completed the production of documents from such employees' files.

yet occurred will depend on the relevance of the additional discovery, the time to trial, and whether a party will be prejudiced, among other factors.

The Parties have agreed to meet and confer regarding the need for a further refresh of discovery closer to trial and the scope of any such refresh.

Dated: December 8, 2017

Respectfully submitted,

FEDERAL TRADE COMMISSION,

　　　　　/s/ Jennifer Milici　　　　　
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Federal Trade Commission*

CRAVATH, SWAINE & MOORE LLP,

　　　　　/s/*Gary A. Bornstein*　　　　　
Gary A. Bornstein
Yonatan Even
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415) 676-2289
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

# FILER'S ATTESTATION

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

/s/*Gary A. Bornstein*
Gary A. Bornstein