CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>　　　　Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**QUALCOMM'S STATUS REPORT REGARDING THIRD-PARTY DISCOVERY** |

Pursuant to the Court's November 15, 2017 Case Management Order (ECF No. 308), which set (1) a deadline of December 15, 2017 to brief disputes regarding third-party production, and (2) a deadline of January 5, 2018 for third parties to complete their document productions, Defendant Qualcomm Incorporated ("Qualcomm") hereby submits this status report regarding its efforts to secure third parties' compliance with these deadlines.[1]

Qualcomm has concluded negotiations over the scope of third-party productions —including custodians, search terms and non-custodial document collections—with the vast majority of the 55 third parties it has subpoenaed in the related cases.  Prior to December 15, Qualcomm submitted to the Court disputes concerning the scope of third-party productions with Apple, Inc. ("Apple"), Apple's contract manufacturers (the "CMs"), Intel Corp. and LG Electronics MobileComm U.S.A. Inc.  (ECF Nos. 166, 212, 244, 287, 319, 320 and 343.)  Except for the disputes with the CMs (set for another hearing on December 20), and a remaining dispute with Apple that will be filed by Qualcomm today, the other disputes have been resolved by Magistrate Judge Cousins.

*Apple, Inc.*  Today, Qualcomm will file a Joint Discovery Statement with Apple regarding Apple's logging of communications it has withheld pursuant to common interest agreements and Apple's non-compliance with the December 15 deadline set by Judge Cousins for the substantial completion of document production.

*The Contract Manufacturers*.  On November 17, 2017, Qualcomm and third parties Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation (collectively, the "CMs") submitted a joint discovery statement concerning custodians and search terms for the CMs' document production.  (ECF No. 319.)  On November 30, 2017, the Court held a hearing and ordered the parties to continue to meet and confer and to file a status report regarding the parties' negotiations by December 4, 2017.

---

[1] On December 4, 2017, at the request of non-party ZTE (USA) Inc., this Court applied the third-party discovery deadlines to the related case *In re Qualcomm Antitrust Litig.*, No. 17-md-02773.  (ECF No. 210.)

(ECF No. 356.) Since the hearing, the parties have met and conferred by telephone six times. Qualcomm submitted status reports regarding the parties' dispute on December 4, 7 and 12. (ECF Nos. 370, 375, 387.) On December 14, the Court set a second hearing on the CM discovery dispute for December 20, 2017. (ECF No. 394.) Qualcomm and the CMs continue to meet and confer in advance of that hearing.

*Lenovo.* On June 7, 2017, Qualcomm served a subpoena on third party Lenovo (United States) Inc. ("Lenovo"). Qualcomm and Lenovo previously agreed on the scope of document production, and Lenovo expects to substantially complete document production by December 31, 2017. On December 4, 2017, the FTC disclosed that it is likely to rely at trial on the testimony of Ira Blumberg, a Lenovo employee. Qualcomm and the FTC have filed a stipulation and proposed order with the Court to extend the deadline for any motion to compel production of Mr. Blumberg's documents until 30 days after Lenovo completes document production from its other agreed custodians, which would allow Qualcomm to review Lenovo's document production to determine if it needs any additional documents related to Mr. Blumberg. (ECF No. 401.)

*MediaTek.* On June 16, 2017, Qualcomm served a subpoena on MediaTek USA Inc. ("MediaTek"), which has the District of Massachusetts as its place of compliance. Qualcomm and MediaTek have met and conferred and agreed on the scope of the production, including custodians and search terms. On December 15, 2017, counsel for MediaTek represented that it will "endeavor to comply with the court's deadlines for third-party production" but was not willing or able to commit to substantially completing its production by January 5, 2018 because counsel did not know whether MediaTek could collect and review certain non-email documents from one of the three agreed custodians in time to complete review by that deadline. Because the District of Massachusetts is the court of compliance under the subpoena, Qualcomm has not filed a joint discovery statement in this Court seeking an order that MediaTek substantially complete production by January 5. Counsel for MediaTek has also urged that any such request—to this Court or the court of compliance—would be "premature" at this point, given MediaTek's stated willingness to try to meet the deadline.

*Huawei.*  On June 23, 2017, Qualcomm served a subpoena duces tecum on Huawei Device USA, Inc. ("Huawei USA").  Huawei USA is a subsidiary of a Chinese company Huawei Technologies Co., Ltd. ("Huawei Technologies").  In the subpoena and in meet and confer discussions, Qualcomm requested that Huawei USA produce documents from the files of certain custodians located in China.  In response, Huawei USA asserted that it did not have possession, custody or control of those documents, which were held by Huawei Technologies or one of its Chinese affiliates.

On December 4, 2017, pursuant to an agreement between Qualcomm and the FTC to exchange revised Rule 26(a) disclosures, reflected in the Case Management Statement dated November 8, 2017 (ECF No. 286), the FTC disclosed for the first time that it believes in good faith it is reasonably likely to rely at trial on the testimony of four Huawei employees based in China.  On December 5, 2017, Qualcomm requested that Huawei produce documents from the files of the four witnesses identified by the FTC.  Given Huawei's apparent willingness to make evidence available to the FTC, Qualcomm also identified one Huawei employee in China from whom it sought documents and testimony.  Following meet and confer discussions, on December 14, 2017, Huawei agreed to some of Qualcomm's requests but rejected others.  Qualcomm provided Huawei's counsel with a further counterproposal earlier today, which counsel has promised to discuss with its client in China.

Because Huawei USA originally rejected all requests for the production of documents from Huawei Technologies in China, and because Qualcomm was not aware until December 4, 2017 that Huawei Technologies had nevertheless agreed to make Chinese employees available for depositions at the FTC's request, this issue could not have been raised with Huawei earlier, and the parties have not yet reached an impasse.

*PAE subpoenas*.  On November 6, 2017, Judge Cousins denied Qualcomm's motion for production of documents submitted to the FTC by certain third parties as part of the so-called Patent Assertion Entity ("PAE") Study.  (2017/11/06 Transcript at 42:8-43:14.)  During the hearing, the Court stated that Qualcomm could "go against those third parties directly . . . ." (*Id.* at

43:9-10.)  Accordingly, Qualcomm sought the documents submitted to the FTC directly from the third parties who participated in the PAE Study.[2]  The vast majority of those entities have agreed to produce the responsive documents.  Qualcomm has not yet received a response from two of the entities.

*Pillsbury.*  On October 25, 2017, the FTC informed Qualcomm that its Rule 26(a)(1) initial disclosures, served on April 12, 2017, listed all the entities on whom the FTC would rely at trial.  Although ZTE Corporation ("ZTE"), a Chinese entity, was included on those disclosures, its outside counsel, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") was not.  On December 4, 2017, however, the FTC disclosed for the first time that it is likely to rely at trial upon the testimony of Pillsbury partners Michael Hird and Richard Baylock.  Accordingly, on December 8, 2017, Qualcomm served subpoenas on Pillsbury seeking documents from the files of Messrs. Hird and Baylock that are relevant to these actions.  The return date for the subpoenas to Pillsbury is December 22, 2017.  The FTC has previously acknowledged that exceptions to the third party discovery deadline may appropriate in the event of "the identification of new individuals in a party's Rule 26 initial disclosures" (October 19, 2017 Ltr. from D. Matheson to G. Holtz) or "where certain third parties may be unable to comply" (November 8, 2017 Case Management Statement (ECF. No. 286)).

Dated:  December 15, 2017

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,


/s/ *Gary A. Bornstein*
Gary A. Bornstein
Yonatan Even
Worldwide Plaza

---

[2] Because the identity of the entities that submitted documents to the FTC as part of the PAE Study is Highly Confidential pursuant to the Protective Order entered in this action, Qualcomm does not list the relevant third parties in this status report.

825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel:  (415) 676-2289
Fax:  (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com


Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

QUALCOMM'S STATUS REPORT REGARDING
THIRD-PARTY DISCOVERY
Case No. 5:17-cv-00220-LHK-NMC

5

**FILER'S ATTESTATION**

I, _____, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.