Stuart Plunkett (Bar No. 187971)
Joseph A. Ostoyich
Hugh M. Hollman
Jana I. Seidl
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6203
Facsimile: (415) 291-6303
stuart.plunkett@bakerbotts.com
joseph.ostoyich@bakerbotts.com
hugh.hollman@bakerbotts.com

*Counsel for AT&T Mobility LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, a Delaware Corporation <br><br> Defendant | CASE NO. 5:17-cv-00220-LHK <br><br> **[PROPOSED] ORDER GRANTING NON-PARTY AT&T MOBILITY LLC'S ASSENTED-TO NOTICE OF MOTION AND MOTION TO SUPPLEMENT PROTECTIVE ORDER** |

WHEREAS, the Court entered a Protective Order Governing Confidential Material in *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 5:17-cv-00220-LHK-NMC ("FTC Litigation") (Dkt. No. 81, May 1, 2017) and *In re Qualcomm Antitrust Litigation*, 5:17-md-02773-LHK-NMC ("MDL Litigation") (Dkt. No. 46, May 29, 2017), each of which is referred to herein as the "Protective Order" with respect to the Action in which the instant Supplemental Protective Order regarding AT&T material is entered; and,

WHEREAS, Section 10.1 of the Protective Order states that its provisions should not be construed as prohibiting a Non-Party from seeking additional protections for its confidential materials;

WHEREAS, now before the court is Non-Party AT&T's Assented-To Motion to Supplement Protective Order ("Motion"). Having considered the Motion, the Court hereby GRANTS the Motion.

WHEREFORE, IT IS HEREBY ORDERED, that the terms of the Protective Order apply to "AT&T MATERIAL" (defined below), except as modified herein.

**A.     Definitions**

1.     "AT&T MATERIAL" includes any Disclosure and Discovery Materials produced by AT&T or obtained from AT&T or AT&T witnesses in this Action.

2.     "AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: refers to any AT&T MATERIAL that satisfy the requirements of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items in Section 2.9 of the FTC Litigation Protective Order and Section 2.8 of the MDL Litigation Protective Order.

3.     "AT&T PROTECTED MATERIAL" includes: AT&T MATERIAL designed as either CONFIDENTIAL or AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

**B.     Designation of Protected Material**

4.     Any AT&T MATERIAL may be designated CONFIDENTIAL in accordance with the terms of the Protective Order, including Section 5.4.

5.     Notwithstanding the provisions of Section 5 of the Protective Order, AT&T shall designate its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items as "AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY." Otherwise, all provisions governing the manner and timing of the designation of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items apply to the designation of AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

**C.      Access to And Use of AT&T Protected Material**

6. Except as modified herein, AT&T MATERIAL designated CONFIDENTIAL pursuant to the Protective Order shall be treated in accordance with the provisions of the Protective Order that govern the treatment of CONFIDENTIAL Information or Items, including, without limitation, Section 7.

7. Unless otherwise ordered by the Court or permitted in writing by AT&T, AT&T HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following:

(a)     persons who appear on the face of the Protected Material as an author, addressee, or recipient, or who are the custodians of the Protected Material;

(b)     Outside Counsel of Record for a Party in this Action, as well as employees of said Outside Counsel of Record, (1) who do not provide commercial advice (as opposed to legal advice) to said Party and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(c)     The Court and its personnel;

(d)     court reporters and their staff, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order;

(e)     Experts (as defined in the Protective Order), subject to the provisions and limitations set forth in Section D herein;

(f)     witnesses as permitted in Paragraph 14 of this Order;  and

(g)     FTC Commissioners and FTC counsel who have appeared in the FTC Litigation, as well as other Commission employees to whom it is reasonably necessary to disclose the information for the FTC Litigation.

8. Notwithstanding the provisions herein, the FTC may, subject to taking appropriate steps to preserve confidentiality, disclose and use AT&T PROTECTED MATERIAL in responding to either: (a) a formal request from either House of Congress or from any committee

or subcommittee of either House of Congress, consistent with applicable law, including Sections 6(f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 57b-2; or (b) a federal or state access request pursuant to Commission Rules 4.11(c) and (d), 16 C.F.R. § 4.11(c) and (d).  In such instances, the FTC shall provide AT&T with fourteen (14) days prior written notice of such disclosure unless the applicable statute or regulation prohibits such notice, in which case the Commission shall comply with the applicable statute or regulation.

9. Each person to whom AT&T PROTECTED MATERIAL may be disclosed, and who is required to sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order, shall do so prior to the time such AT&T PROTECTED MATERIAL is disclosed to him or her. Counsel for a Party who makes such a disclosure shall provide the recipient a copy of this Order as well as the Protective Order.  Counsel for a Party who makes any disclosure of Protected Material shall retain each original executed acknowledgement and, upon written request, shall provide copies to outside counsel for all other Parties at the termination of this Action.

### D.     Access by Experts

10. Unless otherwise ordered by the Court or agreed to in writing by AT&T, a Receiving Party that seeks to disclose to an Expert (as defined in the Protective Order) any information or item that has been designated AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY first must make a written request by email to outside counsel for AT&T that (1) identifies the general categories of "AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during

the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

11. A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within 5 business days of delivering the request, the Receiving Party receives a written objection from AT&T. Any such objection must set forth in detail the grounds on which it is based.

12. A Receiving Party that receives a timely written objection from AT&T must meet and confer with AT&T (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure and AT&T may file a joint discovery letter brief with the assigned magistrate judge requesting that the Court resolve the matter. Any such joint letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such joint letter must describe the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by AT&T for its refusal to approve the disclosure. If no agreement is reached, no AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Item or Information

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Expert shall be available to meet and confer with AT&T regarding any such engagement.

[2] AT&T will keep the Receiving Party's written request, and all information disclosed therein, confidential and will not disclose that information to anyone outside of AT&T, including any other Party.

shall be disclosed to the Expert unless or until the Court grants the Receiving Party permission to do so.

13. In any such proceeding, AT&T shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### E. Use of Protected Material

14. Use of Designated Material at Depositions and During Trial Testimony. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions, hearings, and trial and may testify concerning AT&T HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, agent, employee and/or designated Rule 30(6)(b) witness of AT&T[3] may be examined and may testify concerning AT&T HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items;

(b) A former director, officer, agent and/or employee of AT&T may be interviewed, examined and may testify concerning AT&T HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which he or she has prior knowledge, including any material that refers to matters of which the witness has personal knowledge, that has been produced by a Party or AT&T, and that pertains to the period or periods of his or her prior employment with AT&T;

(c) Any other witness may be examined at deposition or otherwise testify concerning any document containing AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items that appears on its face or from other documents or testimony to have been received from or communicated to that witness as a result of any contact or relationship with AT&T, or a representative of AT&T; and

---

[3] Nothing in this Order addresses whether or not any such persons are the proper subjects of any subpoena.

(d) At deposition, any person other than the witness, his or her attorney(s), and any person qualified to receive AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items under this Order shall be excluded from the portion of the examination concerning such information, unless AT&T consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide an "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Order and maintain the confidentiality of AT&T HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY Information or Items disclosed during the course of the examination. In the event that such attorney declines to sign the "Acknowledgment and Agreement to be Bound" prior to the examination, AT&T may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such attorney from disclosing AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

15. Use of Designated Material at Trial or Hearings. AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items may not be disclosed, directly or indirectly, in an open hearing without prior written consent from AT&T. If the disclosing party wishes to obtain that consent from AT&T, it must notify AT&T's outside counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and describe the materials to be disclosed with reasonable particularity. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review AT&T HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items remain during the presentation of such material.

16. Filing of Designated Material. The provisions of Civil L.R. 79-5 govern the filing of any AT&T PROTECTED MATERIAL, including, without limitation, the process by which

AT&T shall receive notice of said filing, and the process by which AT&T must establish that the filed material is sealable

17. This Supplemental Protective Order incorporates by reference all provisions of the Protective Order entered by this Court in this Action to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and such Protective Order, in which case this Supplemental Protective Order shall govern.

IT IS SO ORDERED.

DATED: December _____, 2017

_____
HONORABLE NATHANAEL M. COUSINS
UNITED STATES MAGISTRATE JUDGE