THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
RYAN K. IWAHASHI (SBN 284766)
riwahashi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

*Attorneys for Non-Parties Compal Electronics, Inc.,*
*FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd.,*
*Pegatron Corporation, and Wistron Corporation*

Edward H. Takashima
etakashima@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Phone: 310-752-2400 / Fax: 310-752-2490

Attorney for Non-Party Apple Inc.

[*Additional counsel identified on signature page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION | Case No. 5:17-cv-00220-LHK |
| Plaintiff, | **JOINT STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL** |
| v. | |
| QUALCOMM INCORPORATED, a Delaware corporation, | Magistrate Judge: Hon. Nathaniel M. Cousins |
| Defendant | |
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-02773-LHK-NMC |

Non-Parties Apple Inc. ("Apple"), Compal Electronics, Inc. ("Compal"), Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), FIH Mobile Ltd. ("FIH"), Pegatron Corporation ("Pegatron"), and Wistron Corporation ("Wistron") (collectively, "SD Cal Parties"), with Plaintiffs Federal Trade Commission ("FTC") and MDL Plaintiffs and Defendant Qualcomm Inc. ("Qualcomm"),[1] through their counsel of record, stipulate as follows:

WHEREAS, the Court entered Protective Orders Governing Confidential Material in the above-captioned cases ("ND Cal Actions") on May 1, 2017 (ECF No. 81 in Case No. 17-cv-00220) and May 29, 2017 (ECF No. 46 in Case No. 17-md-02773)

WHEREAS, The Parties to the ND Cal Actions have served subpoenas for documents and testimony on each of the SD Cal Parties in the ND Cal Actions;

WHEREAS, Section 10.1 of each Protective Order states that its provisions should not be construed as prohibiting a Non-Party from seeking additional protections for its confidential materials;

WHEREAS, the SD Cal Parties and Qualcomm are engaged in separate litigation, *In Re: Qualcomm Litigation*, No. 17-cv-0108-GPC-MDD (S.D. Cal) ("SD Cal Action"), which involves the production of confidential materials by the SD Cal Parties that may also be produced in the ND Cal Actions;

WHEREAS, the SD Cal Parties and Qualcomm have agreed to the terms of a protective order in the ND Cal Actions that establishes certain terms and limitations governing the protection of and access to confidential information thereby disclosed;

WHEREAS, to facilitate proper coordination between the ND Cal Actions and the SD Cal Action, and ensure the confidentiality of relevant materials, this stipulated supplemental protective order (the "Supplemental Protective Order") is

---

[1] Unless otherwise stated, capitalized terms in this Order refer to the defined terms in the Protective Orders.

*JOINT. SUPP. PROTECTIVE ORDER*                    CASE NO. 5:17-CV-00220-LHK

intended to provide that certain enhanced protections for SD Cal Parties' materials agreed upon between the SD Cal Parties and Qualcomm in the SD Cal Action shall also apply to the ND Cal Actions;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, that the terms of the Protective Orders apply to "SD Cal MATERIAL" (defined below), except as modified herein.

This Supplemental Protective Order incorporates by reference all provisions of the existing Protective Orders, to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and the existing Protective Orders, in which case this Supplemental Protective Order shall govern.

**A.     Supplemental Protective Order <u>Definitions</u>**

1.     <u>"SD CAL MATERIAL"</u> refers to Disclosure and Discovery Materials produced by the SD Cal Parties or obtained from the SD Cal Parties or their witnesses in the ND Cal Actions.

2.     <u>"SD CAL CONFIDENTIAL" information or items</u>: refers to information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  For the avoidance of doubt, "SD CAL CONFIDENTIAL" information shall include all documents and things that are designated as "APPLE CONFIDENTIAL," "CONFIDENTIAL – CO," "COMPAL CONFIDENTIAL," "FOXCONN CONFIDENTIAL," "PEGATRON CONFIDENTIAL," or "WISTRON CONFIDENTIAL."  Such information may be so designated if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

3.     <u>"SD CAL HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>: refers to any SD CAL MATERIAL that satisfy the requirements of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

1  Information or Items in Section 2.9 of the Protective Order.  Furthermore, the

2  following information, if non-public, shall be presumed to merit the "SD CAL

3  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade

4  secrets, pricing information, financial data, sales or marketing forecasts or plans,

5  business plans, sales or marketing strategy, product development information,

6  engineering documents, testing documents, employee information, and other non-

7  public information of similar competitive and business sensitivity.  For the

8  avoidance of doubt, "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY" information shall include all documents and things that are designated as

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – OCO," "APPLE

11  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "COMPAL

12  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "FOXCONN

13  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PEGATRON

14  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "WISTRON

15  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16      4.    "SD CAL HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS'

17  EYES ONLY – SOURCE CODE" Information or Items: extremely sensitive

18  "Confidential Information or Items" that include Source Code (as defined below) or

19  Chip-Level Schematics (as defined below), disclosure of which to another Party or

20  Non-Party would create a substantial risk of serious competitive harm that could not

21  be avoided by less restrictive means.  Nothing in this Supplemental Protective Order

22  shall be construed as a representation or admission that Source Code or Chip-Level

23  Schematics are properly discoverable in these Actions, or to obligate any Party or

24  Non-Party to produce any Source Code or Chip-Level Schematics.  For the

25  avoidance of doubt, "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY – SOURCE CODE" information shall include all documents and things that

27  are designated as "APPLE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

28

*JOINT. SUPP. PROTECTIVE ORDER*        Case No. 5:17-CV-00220-LHK

EYES ONLY – SOURCE CODE," "COMPAL HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," "FOXCONN
HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE
CODE," "PEGATRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'
EYES ONLY – SOURCE CODE," or "WISTRON HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

5. <u>"SD CAL PROTECTED MATERIAL"</u> includes: Any Disclosure or
Discovery Material that is designated as "APPLE CONFIDENTIAL,"
"CONFIDENTIAL – CO," "COMPAL CONFIDENTIAL," "FOXCONN
CONFIDENTIAL," "PEGATRON CONFIDENTIAL," or "WISTRON
CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
OCO," "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
"COMPAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
"FOXCONN HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
"PEGATRON HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or
"WISTRON HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as
"APPLE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –
SOURCE CODE," "COMPAL HIGHLY CONFIDENTIAL – OUTSIDE
ATTORNEYS' EYES ONLY – SOURCE CODE," "FOXCONN HIGHLY
CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE,"
"PEGATRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES
ONLY – SOURCE CODE," or "WISTRON HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

6. "Chip-Level Schematics" include electronic drawings and symbolic
representations that describe or depict digital or analog electrical or electronic
circuits within integrated circuit chips.

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

7. "Source Code" includes: human-readable programming language text that defines software, firmware, (collectively, "software Source Code") and integrated circuits ("hardware Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code files." Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages. Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

**B.** **Designation of Protected Material**

8. Notwithstanding the provisions of Section 5 of the Protective Order, the SD Cal Parties shall designate their CONFIDENTIAL Information or Items as follows: Apple shall designate its CONFIDENTIAL Information as "APPLE CONFIDENTIAL," its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items as "APPLE HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY –SOURCE CODE as "APPLE HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE"; Compal shall designate its CONFIDENTIAL Information as "CONFIDENTIAL – CO" or "COMPAL CONFIDENTIAL," its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – OCO" or "COMPAL HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE as

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

"COMPAL HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY –

SOURCE CODE"; Hon Hai and FIH shall designate their CONFIDENTIAL

Information as "CONFIDENTIAL – CO" or "FOXCONN CONFIDENTIAL," its

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items

as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – OCO" or

"FOXCONN HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and its

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE as

"FOXCONN HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY –

SOURCE CODE"; Pegatron shall designate its CONFIDENTIAL Information as

"CONFIDENTIAL – CO" or "PEGATRON CONFIDENTIAL," its HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – OCO" or

"PEGATRON HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and

its HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE

as "PEGATRON HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY –

SOURCE CODE"; Wistron shall designate its CONFIDENTIAL Information as

"CONFIDENTIAL – CO" or "WISTRON CONFIDENTIAL," its HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – OCO" or

"WISTRON HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and its

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE as

"WISTRON HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY –

SOURCE CODE".  Otherwise, all provisions governing the manner and timing of

the designation of PROTECTED MATERIAL apply to such designations otherwise

referenced in this paragraph.

     For testimony given in a deposition or in other pretrial or trial proceedings by

the SD Cal Parties, the SD Cal Parties must identify, either verbally on the record or

in a writing served on all Parties and the court reporter within 14 days after the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Supplemental Protective Order.   If no indication on the record is made, all information disclosed during a deposition shall be deemed "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed, until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript that has been deemed "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, the SD Cal Parties or any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Pages of transcribed deposition testimony or exhibits to depositions that reveal SD CAL PROTECTED MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Supplemental Protective Order.

**C.**   **Access to and Use of SD Cal Protected Material**

9.   Basic Principles.  All SD CAL MATERIAL shall be used solely for the ND Cal Actions, the SD Cal Action, or any related appellate proceeding for the preceding matters, and not for any other purpose whatsoever, including without limitation any other litigation, administrative proceeding, investigation (including by the International Trade Commission), patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  SD CAL PROTECTED MATERIAL shall not be distributed, disclosed or

1   made available to anyone except as expressly provided in this Supplemental

2   Protective Order or another Order of this Court.  When the litigation has been

3   terminated, a Receiving Party must comply with the relevant provisions of the

4   Protective Order.  Nothing herein shall prevent the Parties and the SD Cal Parties

5   from entering into an agreement for the cross-use and/or coordination of discovery

6   materials in these Actions and any other action.

7       10.     Patent Prosecution Bar.  Absent the written consent of the SD Cal

8   Parties, any person who receives access to "SD CAL HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY – SOURCE CODE" information shall not be

10  involved, directly or indirectly, in any of the following activities:  (i) advising on,

11  consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent

12  applications, specifications, claims, and/or responses to office actions, or otherwise

13  affecting the scope of claims in patents or patent applications relating to the

14  functionality, operation, and design of cellular baseband chipsets, cellular

15  technology, cellular products or cellular subscriber services  (generally or as

16  described in any patent in suit), before any foreign or domestic agency, including the

17  United States Patent and Trademark Office; and (ii) the acquisition of patents

18  (including patent applications), or the rights to any such patents or patent

19  applications with the right to sublicense, relating to the functionality, operation, and

20  design of cellular baseband chipsets, cellular technology, cellular products or

21  cellular subscriber services.  These prohibitions are not intended to and shall not

22  (i) preclude Counsel from participating in proceedings on behalf of a Party

23  challenging the validity of any patent or on behalf of a Party responding to a

24  challenge to the validity of a patent, or (ii) preclude Counsel from participating

25  directly or indirectly in reexamination, *inter partes* review, covered business method

26  review, or reissue proceedings on behalf of a patentee.  These prohibitions shall

27  begin when the affected individual first receives access to "SD CAL HIGHLY

28

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials until two (2) years after the date the affected individual ceases to have access to the materials.

11.     Development Bar.  Absent the SD Cal Parties' written consent, any Outside Counsel of Record or Expert who receives access to "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information shall not be involved in performing hardware or software development work or product development work directly or indirectly intended for commercial purposes relating to the functionality, operation, and design of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services, which is not publicly known.  These prohibitions shall begin when the affected individual first has access to "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials until two (2) years after the date the affected individual ceases to have access to the materials.

12.     Notwithstanding this Protective Order, the FTC may, subject to taking appropriate steps to preserve confidentiality, disclose and use SD CAL PROTECTED MATERIAL in responding to either: (a) a formal request from either House of Congress or from any committee or subcommittee of Congress, consistent with applicable law, including Sections 6(f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 57b-2; or (b) a federal or state access request pursuant to Commission Rules 4.11(c) and (d), 16 C.F.R. § 4.11(c) and (d). In such instances, the FTC shall provide the Designating Party with fourteen (14) days prior written notice unless the applicable statute or regulation prohibits providing such notice, in which case the FTC shall comply with the applicable statute or regulation.

13.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "APPLE CONFIDENTIAL," "CONFIDENTIAL – CO," "COMPAL

CONFIDENTIAL," "FOXCONN CONFIDENTIAL," "PEGATRON CONFIDENTIAL," or "WISTRON CONFIDENTIAL" by the SD Cal Parties only to:

(a)     the Receiving Party's Outside Counsel of Record in an ND Cal Action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who do not provide commercial advice (as opposed to legal advice) to the Receiving Party and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(b)     five (5) or fewer House Counsel identified and agreed upon between the SD Cal Parties and the Receiving Party prior to any disclosure, (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not involved in competitive decision-making (as opposed to legal advice), as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff to whom disclosure is reasonably necessary, provided that such support staff are not involved in competitive decision-making and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in the Protective Order) retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert has no involvement in competitive decision-making (as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving Party; and (3) no

10

*JOINT. SUPP. PROTECTIVE ORDER*                    CASE NO. 5:17-CV-00220-LHK

unresolved objections to such disclosure exist after proper notice has been given as set forth in Section D of this document;

(d)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their testimony or in preparation for their testimony, witnesses in an ND Cal Action and their counsel to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Such disclosure may only occur for the purpose of assisting the preparation or examination of the witness;

(h)     the Designating Party or its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(i)     any mediator who is assigned to hear this Action, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Supplemental Protective Order;

(j)     any other person with the prior written consent of the Designating Party; and

(k)     FTC Commissioners and FTC counsel who have appeared in an ND Cal Action, as well as other Commission employees to whom it is reasonably necessary to disclose the information for this litigation.

11

14.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – OCO," "COMPAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "FOXCONN HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PEGATRON HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "WISTRON HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in an ND Cal Action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), (as opposed to legal advice) on behalf of a Party or a competitor of a Party, and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in the Protective Order) of the Receiving Party, retained to assist in these Actions, provided that disclosure is only to the extent necessary to perform such work; and provided that: (1) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of "Acknowledgement and Agreement to Be Bound" (Exhibit A); (2) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (3) no unresolved objections to such disclosure exist after proper notice has been given as set forth in Section D of this document;

(c) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the Designating Party or its employees, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator who is assigned to hear an ND Cal Action, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Supplemental Protective Order;

(h) any other person with the prior written consent of the Designating Party; and

(i) FTC Commissioners and FTC counsel who have appeared in an ND Cal Action, as well as other Commission employees to whom it is reasonably necessary to disclose the information for this litigation.

15. To the extent production of Source Code or Chip-Level Schematics becomes necessary to the prosecution or defense of the case, the SD Cal Parties may designate Source Code or Chip-Level Schematics as "APPLE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "COMPAL HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "FOXCONN HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "PEGATRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE,"

13

or "WISTRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code or Chip-Level Schematics.    Nothing in this Supplemental Protective Order shall be construed as a representation or admission that Source Code or Chip-Level Schematics are properly discoverable in these Actions, or to obligate any Party to produce any Source Code or Chip-Level Schematics. Unless otherwise ordered by the Court or permitted in writing by the SD Cal Parties, Discovery Material designated as "APPLE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "COMPAL HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "FOXCONN HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "PEGATRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or "WISTRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Section E below, and may be disclosed, subject to Section E below, solely to:

(a)    the Receiving Party's Outside Counsel of Record in an ND Cal Action, as well as such Outside Counsel of Record's immediate paralegals and staff and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff (1) who is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), (as opposed to legal advice) on behalf of a Party or a competitor of a Party and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in the Protective Order) of the Receiving Party, retained to assist in these Actions, provided that disclosure is only to the extent necessary to perform such work and provided that: (1) such Expert

has agreed to be bound by the provisions of the Protective Order by signing a copy of "Acknowledgement and Agreement to Be Bound" (Exhibit A); (2) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United* States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (3) no unresolved objections to such disclosure exist after proper notice has been given to the SD Cal Parties and all Parties as set forth in Section D of this document;

(c)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), with the exception that printouts of Source Code or Chip-Level Schematics used as exhibits in a deposition shall not be provided to the court reporter or their staff pursuant to Section E below;

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by the Protective Order;

(g)     any other person with the prior written consent of the Designating Party; and

(h)     FTC Commissioners and FTC counsel who have appeared in an ND Cal action, as well as other Commission employees to whom it is reasonably necessary to disclose the information for this litigation

**D.     <u>Access by Experts</u>**

16.     Unless otherwise ordered by the court or agreed to in writing by the SD Cal Parties, prior to disclosing any SD CAL PROTECTED MATERIAL to any

15

expert, the party seeking to disclose such SD CAL PROTECTED MATERIAL first must make a written request to the SD Cal Parties that:

(a)     for any Expert, includes (i) an up-to-date curriculum vitae of the Person (including the Person's name and business/professional title and business address); (ii) any previous or current relationship (personal or professional) with any of the Parties to these Actions, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the Person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services, or relating to the acquisition of intellectual property assets relating to cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services; (iii) a list of other cases in which the Person has testified (at trial or deposition) within the last five (5) years; (iv) a list of all companies by which the Person has been employed within the last four (4) years, the dates of the employment, and a brief description of the subject matter of the employment; and (v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims;

(b)     for any Expert retained to testify about, consult regarding, or otherwise analyze issues relating to patent invalidity or validity, infringement or non-infringement, or patent exhaustion or non-exhaustion, includes a list of all companies with which the Person has consulted within the last four (4)

16

years, the dates of the consultancy, and a brief description of the subject matter of the consultancy;[2]

17.     A Party that makes a request and provides the information specified in this Section D may disclose the subject SD CAL PROTECTED MATERIAL to the identified Person unless, within seven (7) days of delivering the request and providing all the information required to be disclosed by this section, the Party receives a written objection from the SD Cal Parties.  Any such objection must be in writing and set forth good cause for the objection.  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose SD CAL PROTECTED MATERIALS in a way or ways that are inconsistent with the provisions contained in this Supplemental Protective Order.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Supplemental Protective Order.  There shall be no disclosure of SD CAL PROTECTED MATERIAL to the Person prior to expiration of this seven (7) day period.

18.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Person may submit a joint discovery dispute pursuant to Magistrate Judge Nathanael M. Cousins's Civil Standing Order seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to

---

[2] The SD Cal Parties and Qualcomm each agree to keep the Receiving Party's written request, and all Information disclosed therein, Confidential and will not disclose that Information to any other individual or entity, including any Party.

17

the Person is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  If no agreement is reached, no SD CAL PROTECTED MATERIAL shall be disclosed to the Person unless or until the Court grants the Receiving Party permission to do so.

19.      In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Person.

**E.**     **<u>Source Code</u>**

20.     Any Source Code files or Chip-Level Schematics that are produced by the SD Cal Parties will be made available for inspection at the Silicon Valley office of Apple's outside counsel, Fish & Richardson, P.C., at the Palo Alto office of Gibson, Dunn & Crutcher LLP, the outside counsel of Compal, Hon Hai, FIH, Pegatron, and Wistron, or any other location mutually agreed by the Parties.  Source Code or Chip-Level Schematics will be made available for inspection between the hours of 9 a.m. and 4:30 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties and the SD Cal Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

21.     Prior to the first inspection of any requested Source Code or Chip-Level Schematics, the Receiving Party shall provide thirty (30) days' notice of the Source Code or Chip-Level Schematics that it wishes to inspect.  The Receiving Party shall provide fourteen (14) days' notice prior to any additional inspections.

*JOINT. SUPP. PROTECTIVE ORDER*                         CASE NO. 5:17-CV-00220-LHK

22.     Source Code or Chip-Level Schematics that are designated "APPLE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "COMPAL HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "FOXCONN HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," "PEGATRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or "WISTRON HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the SD Cal Parties:

(a)     All Source Code and Chip-Level Schematics shall be made available by the SD Cal Parties to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer in a configuration deemed secure by the SD Cal Parties, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code or Chip-Level Schematics outside or away from the computer on which the Source Code or Chip-Level Schematics are provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The SD Cal Parties shall install tools that are sufficient for viewing and searching the Source Code and Chip-Level Schematics produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the SD Cal Parties' business.  The Receiving Party's Outside Counsel and/or experts or consultants may request that commercially available software tools for viewing and searching Source Code or Chip-Level Schematics be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the SD Cal Parties approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools are reasonably

19

necessary for the Receiving Party to perform its review of the Source Code or Chip-Level Schematics consistent with all of the protections herein.  The Receiving Party must provide the SD Cal Parties with a CD or DVD containing such licensed software tool(s) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(b)     No recordable media or recordable devices, including without limitation sound recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(c)     The Receiving Party's Outside Counsel and/or experts or consultants shall be entitled to take notes relating to the Source Code or Chip-Level Schematics but may not copy the Source Code or Chip-Level Schematics into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.  Each page of any such notes containing Source Code information or Chip-Level Schematics (and any additional notes, analyses, or descriptions relating thereto) must be marked as "SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(d)     The SD Cal Parties may visually monitor the activities of the Receiving Party's representatives during any Source Code or Chip-Level Schematics review, but only to ensure that no unauthorized electronic records of the Source Code or Chip-Level Schematics and no information concerning the Source Code or Chip-Level Schematics are being created or transmitted in any way.

(e)     Access to and review of the Source Code or Chip-Level Schematics shall be strictly for the purposes of investigating the claims and

20

defenses at issue in these Actions.  Unless otherwise agreed by the Parties in writing, no person shall review or analyze any Source Code or Chip-Level Schematics for purposes unrelated to these Actions, and no person may use any knowledge gained as a result of reviewing the Source Code or Chip-Level Schematics in these Actions in any other pending or future dispute, proceeding or litigation.

(f)      No copies of all or any portion of the Source Code or Chip-Level Schematics may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code or Chip-Level Schematics is permitted except as otherwise provided herein.  The Source Code Computer shall be equipped to allow printing of the Source Code or Chip-Level Schematics made available for inspection by the SD Cal Parties.  Copies of Source Code or Chip-Level Schematics shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the SD Cal Parties.  Under no circumstances are original printouts of the Source Code or Chip-Level Schematics to be made except for directly onto the watermarked and numbered sides of the paper provided by the SD Cal Parties.  Printouts may be made only when necessary to prepare court filings or pleadings, to prepare a testifying expert's expert report, or for use in a deposition, and for no other purpose (such as to review at a later time elsewhere).  Counsel for the SD Cal Parties will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within four (4) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated.  Counsel of Record may request up to 5 copies of each original printout.  All printed Source Code or Chip-Level Schematics shall be logged by Receiving Party's Counsel of Record and/or other

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

personnel of a Receiving Party in these Actions.  No additional electronic copies of the Source Code or Chip-Level Schematics shall be provided by the SD Cal Parties.  Any printed portion that consists of more than twenty-five (25) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no more than 5% or two hundred (200) pages of the total Source Code or Chip-Level Schematics, whichever is greater.  If the Receiving Party deems it necessary to print more than 5% or two hundred (200) pages of the total Source Code or Chip-Level Schematics, whichever is greater, or more than twenty-five (25) pages of a continuous block of Source Code, the Receiving Party and the SD Cal Parties shall meet and confer to determine the appropriate amount of additional pages to be printed.  If, after meeting and conferring, the SD Cal Parties and the Receiving Party cannot come to an agreement, the Receiving Party shall be entitled to seek a Court resolution of whether the requested additional pages of printed Source Code or Chip-Level Schematics are narrowly tailored for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that the requested additional pages are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The Receiving Party shall not print Source Code or Chip-Level Schematics in order to review blocks of Source Code or Chip-Level Schematics elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code or Chip-Level Schematics electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

pleadings (pursuant to 8.3(m)), to prepare a testifying expert's expert report, or for use in a deposition (pursuant to 8.3(l)).  The printed pages shall constitute part of the Source Code and Chip-Level Schematics produced by the SD Cal Parties in these Actions.

(g)     All persons who will review the SD Cal Parties' Source Code or Chip-Level Schematics on behalf of a Receiving Party, including a Receiving Party's outside Counsel, shall be identified in writing to the SD Cal Parties at least five (5) days in advance of the first time that such person reviews such Source Code or Chip-Level Schematics.  Such identification shall be in addition to any other disclosure required under this Supplemental Protective Order.  All persons viewing the Source Code or Chip-Level Schematics shall sign on each day they view Source Code or Chip-Level Schematics a log that will include the names of persons who enter the locked room to view the Source Code or Chip-Level Schematics and when they enter and depart.  The SD Cal Parties shall be entitled to a copy of the log upon one (1) days' advance notice to the Receiving Party.

(h)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Supplemental Protective Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The SD Cal Parties shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card

sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(i)      Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code or Chip-Level Schematics from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code or Chip-Level Schematics onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code or Chip-Level Schematics in any way from the SD Cal Parties' facilities hosting the Source Code Computer.

(j)      The Receiving Party's Outside Counsel may not make paper copies of any portions of the Source Code or Chip-Level Schematics received from the SD Cal Parties pursuant to Section 8.3(f), except for copies attached to court filings pursuant to 8.3(m) (up to five (5) copies), expert reports (up to five (5) copies), or used at depositions (up to five (5) copies), pursuant to Section 8.3(l), and shall maintain a log of all paper copies of the Source Code or Chip-Level Schematics.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the SD Cal Parties, the Receiving Party shall provide a copy of this log to the SD Cal Parties.

(k)      The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code or Chip-Level Schematics shall maintain and store any paper copies of the Source Code or Chip-Level Schematics or any notes, analyses, or descriptions of Source Code or Chip-Level Schematics at their

offices in a manner that prevents duplication of or unauthorized access to the Source Code or Chip-Level Schematics, including, without limitation, storing the Source Code or Chip-Level Schematics or any notes, analyses, or descriptions of Source Code or Chip-Level Schematics in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of the SD Cal Parties' Source Code or Chip-Level Schematics (except insofar as such code appears in any court filing or expert report).

(l)     For depositions, the Receiving Party may bring printed copies of specific portions of the Source Code or Chip-Level Schematics it wishes to use at the deposition for the witness and Outside Counsel for the parties. Copies of Source Code or Chip-Level Schematics that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code or Chip-Level Schematics brought to the deposition shall remain with the SD Cal Parties' Outside Counsel following the deposition for secure destruction in a timely manner.

(m)     Except as provided in this sub-paragraph, absent express written permission from the SD Cal Parties, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code or Chip-Level Schematics from any paper copy of Source Code or Chip-Level Schematics for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code or Chip-Level Schematics to a PDF, photograph the Source Code or Chip-Level Schematics, or scan the Source Code or Chip-Level Schematics using optical character recognition ("OCR")). Subject to the foregoing exceptions, images

*JOINT. SUPP. PROTECTIVE ORDER*                CASE NO. 5:17-CV-00220-LHK

or copies of Source Code or Chip-Level Schematics shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code or Chip-Level Schematics as part of a filing with the Court, then the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code or Chip-Level Schematics and such Source Code or Chip-Level Schematics will not be filed absent agreement from the SD Cal Parties that the confidentiality protections will be adequate.  If the SD Cal Parties agree to produce an electronic copy of all or any portion of its Source Code or Chip-Level Schematics or to provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code or Chip-Level Schematics (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code or Chip-Level Schematics under the provisions of this Supplemental Protective Order.  Where the SD Cal Parties have provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code or Chip-Level Schematics, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code or Chip-Level Schematics in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "APPLE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

1   CODE," "COMPAL HIGHLY CONFIDENTIAL – OUTSIDE

2   ATTORNEYS' EYES ONLY - SOURCE CODE," "FOXCONN HIGHLY

3   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

4   CODE," "PEGATRON HIGHLY CONFIDENTIAL – OUTSIDE

5   ATTORNEYS' EYES ONLY - SOURCE CODE," or "WISTRON HIGHLY

6   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

7   CODE" as provided for in this Supplemental Protective Order.

8

9   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

10   Dated: January 4, 2018

11

12                              By:      */s/ Edward H. Takashima*

13                                       BOIES SCHILLER FLEXNER LLP
                                         William A. Isaacson (*Pro Hac Vice*)
14                                       (DC Bar No. 414788)
                                         wisaacson@bsfllp.com
15                                       Karen L. Dunn (*Pro Hac Vice*) (DC
                                         Bar No. 1002520)
16                                       kdunn@bsfllp.com
                                         1401 New York Avenue, N.W.
17                                       Washington, DC 20005
                                         Telephone: (202) 237-2727
18                                       Facsimile: (202) 237-6131

19                                       Edward H. Takashima
                                         etakashima@bsfllp.com
20                                       BOIES SCHILLER FLEXNER LLP
                                         401 Wilshire Boulevard, Suite 850
21                                       Santa Monica, CA 90401
                                         Telephone: (310) 752-2400
22                                       Facsimile: (310) 752-2490

23                                       FISH & RICHARDSON P.C.
                                         Juanita R. Brooks (SBN 75934)
24                                       brooks@fr.com
                                         Seth M. Sproul (SBN 217711)
25                                       sproul@fr.com
                                         12390 El Camino Real San Diego, CA
26                                       92130
                                         Telephone: (619) 678-5070
27                                       Facsimile: (619) 678-5099
                                         Ruffin B. Cordell (Pro Hac Vice) (DC
28

27

*JOINT. SUPP. PROTECTIVE ORDER*                    CASE NO. 5:17-CV-00220-LHK

Bar No. 445801)
cordell@fr.com
Lauren A. Degnan (Pro Hac Vice) (DC
Bar No. 452421)
degnan@fr.com
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

***Attorneys for Non-Party Apple Inc.***

By: */s/ Jennifer J. Rho*
THEODORE J. BOUTROUS, JR. (SBN
132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
NICOLA T. HANNA (SBN 130694)
nhanna@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
RYAN K. IWAHASHI (SBN 284766)
riwahashi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520
CYNTHIA RICHMAN (DC Bar No.
492089, Pro Hac Vice)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

***Attorneys Non-Parties Compal
Electronics, Inc., FIH Mobile Ltd.,
Hon Hai Precision Industry Co., Ltd.,
Pegatron Corporation, and Wistron
Corporation***

HUGH F. BANGASSER (Pro Hac
Vice)
hugh.bangasser@klgates.com
CHRISTOPHER M. WYANT (Pro Hac
Vice)

28

1   chris.wyant@klgates.com
    J. TIMOTHY HOBBS (Pro Hac Vice)
2   tim.hobbs@klgates.com
    K&L GATES LLP
3   925 Fourth Avenue, Suite 2900
    Seattle, Washington 98104
4   Telephone: +1 206 623 7580
    Facsimile: +1 206 370 6371
5
    CAITLIN C. BLANCHE (SBN 254109)
6   caitlin.blanche@klgates.com
    K&L GATES LLP
7   1 Park Plaza Twelfth Floor
    Irvine, CA 92614
8   Telephone: +1 949 253 0900
    Facsimile: +1 949 253 0902
9
    *Attorneys for Non-Party Wistron*
10  *Corporation*

11  By: */s/ Joseph R. Baker*
12  Jennifer Milici
    J. Alexander Ansaldo
13  Joseph R. Baker
    Daniel Matheson
14  FEDERAL TRADE COMMISSION
    600 Pennsylvania Avenue, N.W.
15  Washington, D.C. 20580
    (202) 326-2912; (202) 326-3496 (fax)
16  jmilici@ftc.gov
    jansaldo@ftc.gov
17  jbaker1@ftc.gov
    dmatheson@ftc.gov
18
19  Lin W. Kahn, Cal. Bar No. 261387
    FEDERAL TRADE COMMISSION
20  901 Market Street, Suite 570
    San Francisco, CA 94103
21  (415) 848-5115; (415) 848-5184 (fax)
    lkahn@ftc.gov
22
23  *Attorneys for Plaintiff Federal Trade Commission*
24
25
26
27
28
                                      29

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   */s/ Kalpana Srinivasan*

Steven N. Williams
Joseph W. Cotchett
Joyce M. Chang
Mark F. Ram
Brian Danitz
COTCHETT PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.:  (650) 697-6000
Fax:  (650) 697-0577
swilliams@cpmlegal.com
jcotchett@cpmlegal.com
jchang@cpmlega.com
mram@cpmlegal.com
danitz@cpmlegal.com

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel.:  (310) 789-3100
Fax:  (310) 789-3006
ksrinivasan@susmangodfrey.com
mmseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
abonn@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY LLP
1000 Louisiana Street # 5100
Houston, TX 77002
Tel.:  (713) 651-9366
Fax:  (713) 654-6666
grinstein@susmangodfrey.com

**Attorneys for MDL Plaintiffs**

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

By:     */s/ Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
Justina Sessions
David W. Rizk
Alexander Dryer
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com
jsessions@keker.com
drizk@keker.com
adryer@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001

31

donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

***Attorneys for Defendant Qualcomm
Incorporated***

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated:   January 4, 2018



GRANTED

Judge Nathanael M. Cousins

*JOINT. SUPP. PROTECTIVE ORDER*          CASE NO. 5:17-CV-00220-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FILER'S ATTESTATION**

I, Edward H. Takashima, am the ECF user whose identification and password are being used to file this Joint Stipulated Supplemental Protective Order Governing Confidential Material. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories of this document have concurred in this filing.


*/s/ Edward H. Takashima*
Edward H. Takashima

1