Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Wesley G. Carson, D.C. Bar No. 1009899
Elizabeth A. Gillen, Cal. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

Lin W. Kahn, Cal. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
lkahn@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:  January 24, 2018<br>TIME:  2:00 PM PST<br>CTRM:  Courtroom 8<br>JUDGE: Hon. Lucy H. Koh |

Pursuant to the Court's November 15, 2017 Case Management Order (ECF No. 308), Plaintiff Federal Trade Commission (the "FTC") and Defendant Qualcomm Incorporated ("Qualcomm") (collectively, the "Parties") have met and conferred and hereby submit this Joint Case Management Statement.

## I. CASE SCHEDULE

The Court's April 19, 2017 Case Management Order (ECF No. 75) sets forth deadlines for this litigation. The November 15, 2017 Case Management Order (ECF No. 308) and December 23, 2017 Case Management Order (ECF No. 389) supplemented the case schedule, including by adding certain interim deadlines.

## II. MOTIONS

Since filing the November 8, 2017 Joint Case Management Statement (ECF No. 196), the Parties have engaged in the following motion practice:

**A. Qualcomm's Discovery Disputes with the FTC Regarding Privilege Issues**

The Parties submitted several discovery disputes to Magistrate Judge Cousins regarding Qualcomm's privilege review.

*FTC's Position.* On December 14, 2017, the Parties submitted two joint discovery statements, ECF 395 and ECF 396. ECF No. 395 addressed the results of Qualcomm's Court-ordered re-review of approximately 3,300 documents previously withheld or redacted based on claims of attorney-client privilege.[1] Because Qualcomm withdrew more than 1,100 privilege claims following this re-review,[2] the FTC asked Magistrate Judge Cousins to order Qualcomm to re-review additional withheld and redacted documents involving the same custodians. (Qualcomm and the MDL plaintiffs filed a discovery statement addressing the substantive importance of the non-privileged documents Qualcomm produced as a result of its re-review; *In re Qualcomm Antitrust Litigation*, No. 17-md-02773-LHK-NMC (N.D. Cal.) (the "MDL Action"), ECF

---

[1] On November 6, 2017, Magistrate Judge Cousins ordered Qualcomm to re-review approximately 3,300 withheld or redacted documents, and to produce non-privileged documents. (*See* ECF No. 274.)

[2] After completing its re-review of these documents, Qualcomm acknowledged that more than 1,100 of its privilege claims were erroneous, and on November 30, 2017 produced 1,770 documents either without redactions or in less-redacted form.

No. 223.) Following a December 20, 2017 hearing, Magistrate Judge Cousins ordered Qualcomm to re-review 1,000 additional documents identified by the FTC and the MDL plaintiffs, and "produce amended logs and any non-privileged documents identified" by January 8, 2018. (ECF No. 421.) On January 8, 2018, Qualcomm admitted that 382 of the 1,000 challenged log entries erroneously asserted privilege over non-privileged material. Qualcomm withdrew those privilege assertions and produced 624 additional non-privileged documents. The FTC intends to seek further relief from Magistrate Judge Cousins to address this issue, and is coordinating with the MDL plaintiffs to identify an appropriate form of relief.

ECF No. 396 addressed a document with respect to which Qualcomm did not withdraw its privilege claim as a result of its re-review process. The FTC asserted that the privilege claim was demonstrably false, based on a different version of the document produced without redactions, and requested that Qualcomm provide a privilege log for any documents that were part of Qualcomm's privilege re-review that Qualcomm had redacted for privilege.[3] On December 14, 2017, Qualcomm withdrew its privilege claim over the disputed document. On December 21, 2017, Magistrate Judge Cousins denied the FTC's request. (ECF No. 421.)

The FTC filed a Motion for Relief from Magistrate Judge's Nondispositive Pretrial Order Regarding Qualcomm's Privilege Assertion with respect to Magistrate Judge Cousins's decision not to examine content redacted from a slide presented to a Special Committee of Qualcomm's Board of Directors. (ECF No. 334.) On January 8, 2018, the FTC's motion was deemed denied pursuant to Civil Local Rule 72-2.

*Qualcomm's Position.* The Parties submitted two successive rounds of joint discovery statements to Magistrate Judge Cousins concerning (i) the FTC's request that Qualcomm provide a log for nearly 40,000 partially redacted documents that Qualcomm produced to the FTC in 2016 (during the pre-Complaint investigation) (ECF No. 249, filed by the FTC on October 30, 2017; ECF No. 396, filed by the FTC on December 14, 2017), and (ii) the FTC's request that Qualcomm re-review over 25,000 documents for privilege (ECF No. 248, filed by the FTC on October 30,

---

[3] On November 6, 2017, Magistrate Judge Cousins had denied the FTC's request that Qualcomm log all of its redacted documents. (ECF No. 274.)

1  2017; ECF No. 395, filed by the FTC on December 14, 2017).  As reported by the Parties in the
2  November 8, 2017 Joint Case Management Statement, on November 6, 2017, Magistrate Judge
3  Cousins (i) denied the FTC's first request for a log of redacted documents, and (ii) denied the
4  FTC's first request to order Qualcomm to re-review over 25,000 documents, ordering instead that
5  by November 30, 2017, Qualcomm re-review 3,571 document families selected by the FTC that
6  were likely to pose the most challenging privilege determinations in Qualcomm's production.
7  (ECF No. 274.)  These document families were selected by the FTC through a process that the FTC
8  described as having been intended to identify documents sent by five of Qualcomm's licensing
9  executives—four of whom are lawyers—to certain other Qualcomm executives, while excluding
10 certain clearly privileged documents such as documents sent to outside litigation counsel.  (*See*
11 ECF No. 395, Ex. A (Decl. of J. Alexander Ansaldo).)

12        On December 14, 2017, citing a single partially redacted document, an unredacted duplicate
13 of which Qualcomm had previously produced to the FTC elsewhere in its production, the FTC
14 moved again to compel Qualcomm to provide a log for the nearly 40,000 documents Qualcomm
15 produced in partially redacted form during the pre-Complaint investigation.  (ECF No. 396.)
16 Magistrate Judge Cousins again denied the FTC's request "for lack of good cause, consistent with
17 the Court's earlier order".  (ECF No. 421.)

18        Also on December 14, citing the results of Qualcomm's re-review of the 3,571 document
19 families that the FTC originally selected, the FTC again moved to compel Qualcomm to re-review
20 over 25,000 more documents from the files of Qualcomm's licensing personnel.  Qualcomm
21 objected to the need for such re-review but, as a compromise, proposed to re-review 1,000
22 additional documents of the FTC's choice.  On December 21, 2017, Magistrate Judge Cousins
23 denied the FTC's request and accepted Qualcomm's compromise proposal, ordering it to re-review
24 1,000 documents of the FTC's (and the MDL plaintiffs') choosing by January 8, 2017.  (ECF
25 No. 421.)  Qualcomm has timely completed this re-review.  Qualcomm disagrees with the FTC's
26 portrayal above of the results of this re-review, but the parties will meet and confer on the issue and
27 present any dispute to Magistrate Judge Cousins.
28

**B. Qualcomm's Discovery Dispute with the FTC Regarding Interrogatories**

On December 30, 2017, the Parties submitted a joint discovery statement concerning the FTC's responses to interrogatories served by Qualcomm. The FTC contended that Qualcomm's 13 interrogatories contain discrete subparts involving separate and distinct inquiries; that Qualcomm thus exceeded the number of permissible interrogatories under the April 12, 2017 Case Management Statement; and that the FTC was therefore under no obligation to answer 6 of the 13 interrogatories propounded by Qualcomm. Qualcomm contended that its interrogatories did not exceed the permitted limit of 20 interrogatories and sought answers to the interrogatories to which the FTC had objected as beyond the limit. (ECF No. 434.) On December 31, 2017, Magistrate Judge Cousins ordered the FTC to respond to all of Qualcomm's interrogatories and their subparts by January 8, 2018, which the FTC did. (ECF No. 435.) Qualcomm believes the FTC's amended responses are deficient in certain ways. The parties continue to meet and confer regarding the FTC's responses and will submit a dispute to the Court if they cannot reach agreement.

**C. Qualcomm's Discovery Disputes with Apple**

Qualcomm and Non-Party Apple Inc. ("Apple") submitted three discovery disputes to Magistrate Judge Cousins regarding Apple's document production.

*Qualcomm's Position. First*, on November 9, 2017, Qualcomm and Apple submitted a joint discovery statement regarding Apple's proposed use of technology-assisted review ("TAR"), which Apple raised for the first time on November 3, 2017. Qualcomm argued that Apple's proposal (i) was untimely because it followed three months of negotiations and two rounds of motion practice regarding Apple's use of search terms, (ii) was inconsistent with Magistrate Judge Cousins's October 18, 2017 Order (ECF No. 239) (the "October 18 Order"), which required Apple to conduct a review of all documents that had hit on search terms proposed by Qualcomm and to produce by December 15, 2017 all responsive documents identified through that review, and (iii) was methodologically improper for various reasons. (ECF No. 287.) After a hearing on November 15, 2017, Magistrate Judge Cousins (a) denied Apple's request to reconsider the October 18 Order, (b) authorized Apple to use TAR if it could "satisfy Qualcomm and the Court that the results of this process are as accurate and timely as what the Court already ordered", and

(c) directed Apple to "be transparent with the Court and Qualcomm as to its use of a TAR process". (ECF No. 315.)

*Second*, on November 20, 2017, following Apple's failure to comply with a production milestone in the October 18 Order (ECF No. 239), Qualcomm filed a discovery statement seeking the Court's assistance, including the imposition of certain interim production deadlines. (ECF No. 320.) After receiving a response from Apple (ECF No. 327) and holding a hearing on November 27, 2017, Magistrate Judge Cousins reaffirmed the discovery deadlines in the October 18 Order but denied Qualcomm's request for additional interim production deadlines. (ECF No. 336). Magistrate Judge Cousins also entered a stipulated Order pursuant to Federal Rule of Evidence 502(d) allowing Apple to produce documents without manual review and without waiving attorney-client or other privileges (and Apple accordingly has made the majority of its document production without manual review). (ECF No. 353.)

*Third*, on December 16, 2017, Qualcomm and Apple submitted a joint discovery statement regarding (i) Apple's failure to comply with the December 15, 2017 deadline, set forth in the October 18 Order, to substantially complete its document production, and (ii) Apple's refusal to include on its privilege log post-Complaint communications with other entities, including the FTC and the named plaintiffs in the MDL Action, which Apple claimed to be protected by the common interest doctrine. (ECF No. 404.) Following a hearing on December 20, 2017, Magistrate Judge Cousins (a) ordered that Apple complete its production of a set of 1.3 million documents identified by Apple by a revised date of December 29, 2017, (b) found that Apple was in breach of the October 18 Order, which had set a deadline of December 15, 2017 for substantial completion of Apple's production, and imposed a sanction of $25,000 per day beginning on December 16, 2017, until document production was complete, and (c) ordered that Apple complete its review of potentially privileged documents by December 29, 2017, which was the date set for service of its privilege log, and produce documents that were initially deemed privileged but later deemed to be non-privileged by January 2, 2018. (ECF No. 421 (the "December 21 Order").)[4] Magistrate Judge

---

[4] At the Court's direction, Apple and Qualcomm filed a joint status report on December 29, 2017 concerning Apple's document review and production efforts. During a follow-up hearing on

Cousins further ordered that Apple was not required to log post-Complaint documents withheld pursuant to an assertion of the common interest doctrine. (ECF No. 421.)

On January 3, 2018, Apple filed a motion with the Court for relief from Magistrate Judge Cousins's sanctions order. (ECF No. 445.) On January 12, 2018, the Court entered a briefing schedule on Apple's motion and set a hearing for February 15, 2018. (ECF No. 480.)

*FTC's Position*. The FTC takes no position on whether Qualcomm's summary of this dispute is complete or accurate.

**D. Qualcomm's Discovery Disputes with the CMs**

*Qualcomm's Position*. On November 18, 2017, Qualcomm and Non-Parties Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation and Wistron Corporation (collectively, the "CMs") submitted a joint discovery statement concerning custodians and search terms governing the CMs' document production. Qualcomm argued that the CMs' delay in identifying custodians and their unreasonably restrictive proposed search terms were denying Qualcomm access to evidence critical to its defense. The CMs responded that Qualcomm was not entitled to additional custodians and that its search terms were overbroad. (ECF No. 319.) After a hearing on November 30, 2017, Magistrate Judge Cousins (i) denied Qualcomm's requests to compel production of documents from the files of additional custodians and to compel the use of broader search terms, (ii) ordered Qualcomm and the CMs to further meet and confer, and (iii) ordered Qualcomm and the CMs to file an updated status report by December 4, 2017. (ECF No. 356.) Qualcomm and the CMs filed status reports on December 4, 2017 (ECF No. 370), and again on December 7 (ECF No. 375), December 12 (ECF No. 387), December 27 (ECF No. 425) and December 29 (ECF No. 433). At a hearing on January 2, 2018, Magistrate Judge

---

January 5, 2018, Magistrate Judge Cousins ordered Qualcomm and Apple to file a further joint status report by January 12, 2018 regarding Apple's document production, the status of discussions regarding Apple's privilege log and the scheduling of depositions of Apple witnesses. (ECF No. 450.) Magistrate Judge Cousins also ordered Qualcomm to provide by January 12, 2018 its opinion on whether and, if so, when Apple complied with the production obligations in the December 21 Order so as to stop the running of the sanctions, and ordered Apple to file a response by January 19, 2018. (ECF No. 450.) Qualcomm and Apple timely made the required January 12 filings. (ECF Nos. 482, 483.)

1   Cousins ordered a compromise under which the CMs would withdraw one custodian and run eight
2   of eleven disputed search strings. (ECF No. 439) Magistrate Judge Cousins also ruled on certain
3   searches for non-custodial documents. (*Id.*)[5]

4   On January 13, 2018, the CMs moved to extend the time for them to complete document
5   production from January 5, 2018 to February 9, 2018 for their original 27 custodians and to
6   February 16, 2018 for their remaining six custodians. (ECF No. 484.) Qualcomm opposes the
7   CMs' motion, and its response is due on January 17, 2018; the FTC and the MDL plaintiffs do not
8   oppose the CMs' motion. (*Id.*) Also on January 13, Qualcomm and the CMs submitted a joint
9   discovery statement to Magistrate Judge Cousins regarding the CMs' document productions. (ECF
10  No. 485.) Qualcomm seeks an order directing the CMs to complete document production by
11  January 19, 2018 and seeking sanctions for the CMs' failure to comply with the Court's order that
12  third parties to this action complete document production by January 5, 2018. (*Id.*)

13  *FTC's Position.* The FTC takes no position on whether Qualcomm's summary of this
14  dispute is complete or accurate.

15  **E.   Qualcomm's Discovery Disputes with LGEMU**

16  *Qualcomm's Position.* On November 28, 2017, Qualcomm and Non-Party LG Electronics
17  MobileComm U.S.A., Inc. ("LGEMU") submitted a joint discovery statement in which Qualcomm
18  sought discovery of an unredacted complaint for infringement of cellular standard essential patents
19  (and resulting settlement thereof) that LGEMU and its parent, LG Electronics, Inc. ("LGE"), had
20  filed with the U.S. International Trade Commission against BLU Products, Inc. and CT Miami LLC
21  (collectively, "BLU") in the case captioned *In re Certain LTE Wireless Communications Devices*
22  *and Components Thereof*, Inv. No. 337-TA-1051. LGEMU refused to produce the documents,
23  asserting that they were neither relevant nor in LGEMU's possession, custody and/or control.
24  (ECF No. 343.) After a hearing, on November 30, 2017, Magistrate Judge Cousins found that the
25  documents are relevant and ordered Qualcomm, LGEMU and BLU to further meet and confer.
26  (ECF No. 356.) On December 11, 2017, Qualcomm informed the Court that BLU had agreed to

---

[5] On January 16, 2018, the CMs filed a motion with the Court for relief from the portion of Magistrate Judge Cousins's order requiring the use of one of the disputed search terms.

produce the documents at issue.  (ECF No. 381.)

*FTC's Position*.  The FTC takes no position on whether Qualcomm's summary of this dispute is complete or accurate.

### III.  COORDINATION WITH RELATED CASES

Negotiations are ongoing between the Parties, counsel in the MDL Action, and plaintiffs in *In re Qualcomm Litigation*, No. 17-cv-0108 (S.D. Cal.) (the "Southern District Action"), with respect to coordination of discovery in this case, the MDL Action, and the Southern District Action. The proposed coordination order will provide procedures for coordinated written and deposition discovery, the service of unredacted pleadings and motions, and protection of confidential information.  The parties have reached an agreement in principle on the terms, and anticipate executing the proposed order this week and submitting it to this Court and to Judge Curiel in the Southern District Action for approval.

### IV.  PARTY DISCOVERY

#### A. Document Discovery

Both the FTC and Qualcomm have substantially completed their respective document productions, and on December 19, 2017 exchanged privilege logs.

In response to the Parties' Supplemental Case Management Statement of December 8, 2017, describing a dispute between the Parties regarding when Qualcomm should be required to make its supplemental document production from certain custodians relevant to current competitive conditions, the Court ordered Qualcomm to produce (i) the additional documents from the e-mail files of Messrs. Cristiano Amon and Keith Kressin by December 14, 2017, (ii) the additional documents from the e-mail files of Messrs. Derek Aberle, Paul Jacobs, Steve Mollenkopf and Alex Rogers by December 18, 2017, and (iii) the privilege log for these refreshed productions by December 21, 2017.  (ECF No. 389.)  Qualcomm complied with the Court's deadlines.  As of January 17, 2018, Qualcomm has made 22 productions, totaling 1,387,169 documents, in response to the FTC's post-Complaint requests for production.

#### B. Written Discovery

On November 14, 2017, Qualcomm served its first set of interrogatories on the FTC; the

FTC provided its responses and objections on December 14, 2017, and its amended responses and objections on January 8, 2018. (*See supra* Section II.B.)

### C. Depositions

As of January 17, 2018, the FTC has requested the depositions of 30 current or former Qualcomm employees, and the parties have agreed on dates for all but one of those depositions. Four such depositions have taken place.

## V. THIRD-PARTY DISCOVERY

### A. Document Production

In its November 15, 2017 Case Management Order, the Court set a deadline of December 15, 2017 to brief disputes regarding third-party production, and a deadline of January 5, 2018 for third parties to complete their document productions. (ECF No. 308). On December 15, 2017, Qualcomm filed a status report confirming that it had concluded negotiations with the vast majority of the 55 third parties that had been subpoenaed, and identified the third parties for whom negotiations had not concluded and the circumstances that prevented such conclusion. (ECF No. 402.)

As of January 17, 2018, the vast majority of third parties subpoenaed have substantially completed their document productions in this case. Certain third parties have not yet substantially completed document discovery, including as discussed in Section II above and Section V.D below, and the Parties are conferring with each other and with those third parties. The Parties do not expect that other third parties' failures thus far to complete their productions will have an effect on the Court's schedule or otherwise require intervention by the Court.[6]

### B. Depositions

As of January 17, 2018, notice pursuant to Section 8 of the Coordination Order (ECF

---

[6] In the January 12, 2018 status report to Magistrate Judge Cousins regarding Apple's document production, Qualcomm identified serious concerns with Apple's privilege log and the extent to which, in Qualcomm's view, Apple has withheld from production documents that should have been produced. To the extent that Apple belatedly produces documents that should not have been withheld, it is possible that Qualcomm may need to seek permission to depose Apple witnesses on the belatedly produced documents after the scheduled close of fact discovery.

No. 207) has been provided for the depositions of 58 individuals, as well as three corporations pursuant to Federal Rule of Civil Procedure 30(b)(6).

### C. Hague Requests

On January 5, 2018, the FTC submitted a Hague Request for a deposition from LGE (ECF No. 448), which request Magistrate Judge Cousins granted on January 9, 2018 (ECF No. 460). Qualcomm intends promptly to submit a Hague Request for document production from LGE. LGE has produced no documents during this litigation. On January 10, 2018, Qualcomm submitted a Hague Request for a deposition from Nokia Corporation and Nokia Technologies OY (together, "Nokia").

### D. Other Issues Regarding Foreign Discovery

Qualcomm contends that Huawei Device Co. Ltd. ("Huawei"), a Chinese company that is a competitor, customer and licensee of Qualcomm, has refused to provide meaningful document discovery. As a result, Qualcomm has requested that the parties remove all Huawei witnesses from their respective Rule 26 disclosures and preliminary witness lists. The FTC's position is that it is premature to assess the admissibility of testimony of Huawei witnesses. The parties are preparing a joint discovery statement on this issue for submission to Magistrate Judge Cousins.

## VI. STATUS OF MEET AND CONFER DISCUSSIONS

To date, the Parties have met and conferred at least 25 times concerning the scope of discovery, trial preparation, and scheduling issues, including the following issues:

### A. Deposition Limits

As reported in the November 8, 2017 Joint Case Management Statement (ECF No. 196), the parties agreed to make reasonable efforts to narrow and amend their respective Rule 26(a) disclosures to include only the specific individuals each party believes in good faith it is reasonably likely to rely upon at trial.

Since that time, Qualcomm provided the FTC with an amended Rule 26 Disclosure listing specific individuals Qualcomm believed in good faith it is reasonably likely to rely upon at trial, identifying 17 current Qualcomm employees, 6 former Qualcomm employees, 58 individual third-party witnesses and 15 Rule 30(b)(6) third-party witnesses. Because at the time Qualcomm

had not yet received sufficient document productions from dozens of third parties, Qualcomm also identified 23 additional individuals from whom it expected to receive custodial files, and reserved its right to supplement its disclosures from among these individuals upon review of their documents.

The FTC provided Qualcomm with a list of the specific individuals it believes in good faith it is reasonably likely to rely upon at trial, identifying 7 current or former Qualcomm employees and 46 individual third-party witnesses. On December 6, 2017, the Parties met and conferred and agreed to continue narrowing their respective lists in January 2018. On January 12, 2018, the FTC provided Qualcomm with an amended list, stating that it believes in good faith it is reasonably likely to rely upon the same 7 current or former Qualcomm employees, an updated list of 34 individual third-party witnesses, and any other witness whose deposition is taken in this action. Qualcomm is working on narrowing its own list and expects to provide the FTC with a narrower list of individuals shortly.

The Parties have agreed in principle to set certain limits on the number of depositions in this action, as follows:

- The Parties agree that, going forward, only depositions noticed in this action will be deemed to have been taken in this action.

- Each Party will not notice more than an agreed-to number of additional depositions of fact witnesses, beyond the depositions already discussed between the Parties in the FTC case. For the avoidance of doubt, the depositions "discussed between the Parties" in the FTC case include, among others, the Qualcomm witnesses for whom the Parties have discussed scheduling depositions, the Hague convention deposition notices for LGE and Nokia, the third-party witnesses identified in emails from Qualcomm counsel to the FTC and MDL plaintiffs' counsel on December 6, 2017, December 29, 2017 and January 17, 2018, and notices of Rule 30(b)(6) depositions shared between the Parties. Cross notices do not count against this limit. Neither Party will oppose reasonable substitutions of a small number of deponents, upon providing reasonable notice to the other Party, and such substitutions will not count as "additional depositions". The FTC takes the position that substituting one witness for another is unlikely to constitute a "reasonable substitution" unless the substituted witness is a current or former employee of the same entity as the witness for whom he or she is substituted. Qualcomm believes that the reasonableness of any substitution should be reviewed in context rather than in the abstract, and expects that the parties will meet and confer about substitutions should the need arise.

- To the extent neither Party takes the deposition in this action of any individual identified by name as of January 31, 2018 on either Party's witness list, and such individual is subsequently identified by name on a Party's final trial witness list or provides a Party with

a sworn declaration, such Party will not oppose a request for permission by the other Party to conduct an out of time deposition of such individual. This provision does not apply to current or former Qualcomm employees identified on either Party's witness list as of January 31, 2018.

- Each Party reserves the right to oppose the supplementation of the other Party's witness list or the provision by the other Party of a sworn declaration from a witness not identified on that Party's witness list as of January 31, 2018. This provision does not apply to any individual deposed in this action.

The Parties continue to meet and confer regarding the number of additional depositions to be permitted for each party as described in the second bullet point above (the FTC proposes 10, Qualcomm proposes 20), and will submit a dispute to the Court if they cannot reach agreement.

### B. Division of Deposition Time

The Parties have met and conferred with each other, and intend to meet and confer also with Apple, the CMs and the MDL plaintiffs, regarding the appropriate division of deposition time for depositions of Apple, the CMs, and other third-party witnesses. The FTC proposed that for depositions noticed by Qualcomm and one or more plaintiff party (the FTC, MDL Plaintiffs, Apple, or the CMs), participating plaintiffs should collectively be allotted no more than half the deposition time, and Qualcomm should be allotted no more than half the deposition time. Qualcomm and the FTC are discussing this proposal with the MDL Plaintiffs, Apple, and the CMs and will submit a dispute to the Court if they cannot reach agreement.

### C. Financial Data Maintained by Qualcomm

The Parties continue to discuss and exchange correspondence regarding the financial data maintained by Qualcomm and the proper scope of financial data production in this case. The parties will continue to meet and confer and will submit a dispute to the Court if they cannot reach agreement.

### D. Trial Time

Qualcomm has suggested that the Parties continue to discuss the appropriate time they believe it will take to try this case. The FTC's position is that further discussions regarding trial time are premature.

**VII. ADR**

On September 12, 2017, the parties engaged in an ADR Phone Conference. The next ADR conference is scheduled for February 20, 2018.

Dated: January 17, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,


  /s/ Jennifer Milici
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Federal Trade Commission*


CRAVATH, SWAINE & MOORE LLP,


  /s/ Gary A. Bornstein
Gary A. Bornstein
Yonatan Even
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000

|   |   |
|---|---|
| 1 | Fax: (202) 739 3001<br>willard.tom@morganlewis.com |
| 2 | |
| 3 | Donn P. Pickett<br>Geoffrey T. Holtz |
| 4 | MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower |
| 5 | San Francisco, CA 94105-1126<br>Tel: (415) 442-1000 |
| 6 | Fax: (415) 442-1001<br>donn.pickett@morganlewis.com |
| 7 | geoffrey.holtz@morganlewis.com |
| 8 | *Attorneys for Qualcomm Incorporated* |

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

*/s/ Gary A. Bornstein*
Gary A. Bornstein
