CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)
825 Eighth Avenue
New York, New York  10019-7475
Telephone:   (212) 474-1000
Facsimile:   (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, Ca 94111-1809
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

Attorneys for Defendant,
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
101 Park Avenue
New York, New York  10178-0060
Telephone:   (212) 309-6000
Facsimile:   (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC  20004-2541
Telephone:   (202) 739-3000
Facsimile:   (202) 739 3001

MORGAN, LEWIS & BOCKIUS LLP
Donn P. Pickett (SBN 72257)
Geoffrey T. Holtz (SBN 191370)
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Telephone:   (415) 442-1000
Facsimile:   (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant.<br><br><br>IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>ALL ACTIONS | Case No. 5:17-cv-00220-LHK-NMC<br><br>Case No. 5:17-md-02773-LHK-NMC<br><br>**DEFENDANT'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM LG ELECTRONICS, INC.** |

1   <u>**NOTICE OF MOTION**</u>

2   **TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

3   Defendant Qualcomm Incorporated ("Qualcomm") respectfully requests that the Court

4   approve its request for international judicial assistance in procuring evidence from foreign third-

5   party LG Electronics, Inc. ("LG").  This motion is based upon this Notice of Motion, the

6   Statement of Relief, the accompanying Memorandum of Points and Authorities, and the

7   Declaration of Yonatan Even ("Even Decl.") submitted in support of this Motion.

8   Qualcomm conferred with counsel for the Federal Trade Commission ("FTC") and

9   counsel for the asserted Class, and they do not oppose this request.  (Even Decl. at ¶ 8.)

10   <u>**STATEMENT OF RELIEF**</u>

11   Qualcomm respectfully requests that the Court sign and affix its seal to the accompanying

12   Letters of Request, and return the same with original signatures and seals to Qualcomm's counsel

13   for forwarding to the appropriate Judicial Authority of Korea.

14   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

15   **I.      <u>INTRODUCTION</u>**

16   Qualcomm previously filed a motion to approve request for international judicial

17   assistance with respect to LG.  That motion was ultimately granted by this court, but the requests

18   were returned by the National Court Administration (NCA) of the Republic of Korea.  The NCA

19   returned the requests because the requests sought documents that were not shown to exist or be in

20   the possession of LGEMU.  However, the NCA stated that Qualcomm could have leave to

21   resubmit and that it would "fully cooperate ... in case of receiving the Letter of Request pursuant

22   to the convention."  (Even Decl., Ex. C)  Qualcomm has revised the requests and seeks the court's

23   approval of the revised requests.

24   **II.     <u>FACTUAL BACKGROUND</u>**

25   Qualcomm incorporates by reference the factual background laid out in its August 11

26   Motion.

27   Qualcomm originally filed a motion to approve request for international judicial assistance

28

1    with respect to LG on August 11, 2017.  (Dkt. No. 160)  After minor revisions to the requests

2    (Dkt. No. 182), Qualcomm's motion was granted on August 30, 2017.  (Dkt. No. 191)

3    On September 27, 2017, the NCA returned the Hague requests pursuant to Article 5 of the

4    Hague Convention.  Qualcomm received the NCA's correspondence on November 9, 2017.

5    (Even Decl., Ex. C).  The NCA explained that they were returning the requests because they

6    required a person "to produce any documents other than particular document specified in the

7    Letter of Request as being documents appearing to the requested court to be, or to be likely to be,

8    in his or her possession, custody or power."  (*Id*)  In returning the requests, the NCA noted that it

9    would consider revised requests that identified specific documents known to be in the possession

10    of LG, stating that it would "fully cooperate with your court in case of receiving the Letter of

11    Request pursuant to the convention"  (*Id*)

12    Qualcomm has prepared a revised set of requests which are substantially narrower and

13    which identify other documents attesting to the existence of the requested documents.

14    **III.    ARGUMENT**

15    United States District Courts have inherent authority to issue letters of request and letters

16    rogatory.  *See* 28 U.S.C. § 1781; Fed R. Civ. P. 28(b); *United States v. Staples*, 256 F.2d 290, 292

17    (9th Cir. 1958); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at *1-*2

18    (N.D. Cal. May 17, 2012) (granting motion for issuance of letters rogatory seeking discovery

19    from a foreign entity).

20    Both the United States and the Republic of Korea are parties to and are bound by the

21    Hague Convention, which authorizes the issuance of letters of request from a judicial tribunal in

22    the United States to the designated authority in Korea.  *See* Hague Evidence Convention, Ch. I,

23    Art. 1 ("In civil or commercial matters a judicial authority of a Contracting State may, in

24    accordance with the provisions of the law of that State, request the competent authority of another

25    Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other

26    judicial act."); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist.*

27    *of Iowa*, 482 U.S. 522, 533 (1987).

28

2

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. OF UNOPPOSED MO. & UNOPPOSED MO. TO APPROVE REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM LG ELECTRONICS, INC.

1   As LG is not a party to this action, Letters of Request through the Hague Convention are

2   the appropriate manner of receiving evidence from it.  *See Viasat, Inc. v. Space Sys./loral, Inc.*,

3   No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *2, *7 (S.D. Cal. Jan. 14, 2013) (granting

4   motion to issue letters of request under Hague Convention for documents that cannot be obtained

5   from a party); *S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *4 (N.D. Cal.

6   Mar. 16, 2009) (granting a motion to issue letters of request to a foreign non-party to the

7   litigation); *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2013 WL 812331, at *2

8   (N.D. Cal. Mar. 5, 2013) (holding that letters rogatory are necessary and proper where the subject

9   of the letters were non-parties residing in a foreign country); *Evanston Ins. Co. v. OEA, Inc.*, No.

10   CIV-21505, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006) (issuing letters rogatory under the

11   Hague Convention).

12   Letters of Request should be issued unless good cause is otherwise shown.  *Evanston*,

13   2006 WL 1652315, at *2.  "When determining whether to exercise its discretion, a court will

14   generally not weigh the evidence sought from the discovery nor will it attempt to predict whether

15   that evidence will actually be obtained." *Barnes & Noble*, 2013 WL 812331, at *2.  Letters of

16   request and letters rogatory need only be consistent with the liberal standards of Federal Rule of

17   Civil Procedure 26.  *See Barnes & Noble v. LSI Corp.*, No. C 11–02709 EMC LB, 2012 WL

18   1808849, at *2 (N.D. Cal. May 17, 2012) ("A court's decision whether to issue a letter rogatory . .

19   . require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the

20   Federal Rules of Civil Procedure.").  As such, courts regularly rule in favor of the litigants'

21   interests in obtaining foreign discovery to develop fully the factual record for U.S. litigation if the

22   documents sought are sufficiently relevant to the nature of the litigation.  *See, e.g.*, *Multimedia*

23   *Patent Trust v. Apple Inc.*, No. 10-cv-2618-H, 2012 WL 12868304, at *2 (S.D. Cal. Jul. 30,

24   2012).

25   Plaintiffs' complaints make clear that third-party discovery is required for Qualcomm to

26   develop its legal and factual arguments.  (Dkt. No. 1.)  Plaintiffs' allegations against Qualcomm

27   make obtaining discovery from multiple participants in the cellular communications industry

28

3

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. OF UNOPPOSED MO. & UNOPPOSED MO. TO APPROVE REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM LG ELECTRONICS, INC.

1    critical to assess the antitrust issues raised in these actions.  This need is highlighted by the FTC's

2    Initial Disclosures, which lists 44 non-parties to this action, of which 25 are headquartered

3    outside the United States, including LG.  (Dkt. No. 161-1.)  The purported class's initial

4    disclosures likewise list or implicate many foreign parties, including LG.  (Dkt. No. 161-2.)

5    Moreover, the FTC has issued and the court has granted a Hague Request for a deposition from

6    LGE (Dkt. No. 460.), making the need for discovery from LGE even more pressing.

7            All parties agree that the LG is likely to have evidence relevant to this action, so there is

8    no reason (let alone good cause) militating against foreign discovery.  *Evanston*, 2006 WL

9    1652315, at *2; (Dkt. Nos. 161-1 and 161-2).  Furthermore, the discovery requests attached to the

10   Letters of Request ask that a Korean court compel LG to produce documents described in the

11   Letters, which have been particularized to refer to identified custodians and specific agreements

12   at issue, where applicable.  The requests set forth in the Letters seek relevant evidence relating to

13   license agreements and licensing negotiations with Qualcomm and other patent holders, modem

14   chip negotiations and sales to LG, and competition in the supply of modem chips that is the

15   subject of the FTC's complaint and the purported class plaintiffs' complaints.  Accordingly, this

16   information is important to these actions as it sheds light on the negotiation of licensing

17   agreements that are at issue in the complaints and plainly falls within the ambit of the Federal

18   Rules.

19           Because the information is believed to be stored by LG in the Republic of Korea,

20   Qualcomm is unable to secure the requested discovery from LG through a subpoena pursuant to

21   Federal Rule of Civil Procedure 45.  While Qualcomm continues to pursue other avenues of

22   securing the requested evidence, LG has stated that the only way it will provide evidence is

23   through Letters of Request to the appropriate Judicial Authority of Korea.  While the original

24   Letters were returned, the NCA has indicated that it would accept revised requests.  Qualcomm

25   respectfully urges this Court to exercise its discretion to seek international judicial assistance to

26   obtain documents necessary for Qualcomm to develop fully the factual records in these actions.

27   *Barnes & Noble*, 2012 WL 1808849, at *1-2.

28

4

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. OF UNOPPOSED MO. & UNOPPOSED MO. TO APPROVE REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM LG ELECTRONICS, INC.

IV.   **CONCLUSION**

For the foregoing reasons, Qualcomm respectfully requests that the Court grant Qualcomm's motion, sign and affix its seal to the Letters of Request attached hereto, and return the same with original signatures and seals to Qualcomm's counsel for forwarding to the Appropriate Judicial Authority of Korea.

Dated:  January 18, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE, LLP


*/s/ Yonatan Even*
Gary A. Bornstein
Yonatan Even

Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
Tel:    (212) 474-1000
Fax:    (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, Ca 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188
rvannest@kvn.com
abhansali@kvn.com
epaige@kvn.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178-0060
Tel:    (212) 309-6000
Fax:    (212) 309-6001
richard.taffet@morganlewis.com

5

Case No. 5:17-cv-00220-LHK-NMC
Case No. 5:17-md-02773-LHK-NMC
DEFENDANT'S NO. OF UNOPPOSED MO. & UNOPPOSED MO. TO APPROVE REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM LG ELECTRONICS, INC.

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC  20004-2541
Tel:    (202) 739-3000
Fax:    (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*