**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUALCOMM INCORPORATED, a<br>Delaware Corporation,<br><br>　　　　Defendant. | Case No. 17-cv-00220-LHK-NMC |
| IN RE: QUALCOMM ANTITRUST<br>LITIGATION | Case No. 17-md-02773-LHK-NMC |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No. 3:17-cv-00108-GPC-MDD |

## JOINT STIPULATION AND ~~[PROPOSED]~~ DISCOVERY COORDINATION ORDER

WHEREAS the Parties desire to minimize the burden and expense of duplicative fact

discovery across cases (without limiting or otherwise modifying the appropriate topics of discovery

in each case); and

WHEREAS the Parties agree that fact discovery in the above-captioned actions should be

coordinated as provided herein;

THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS**:**

1.  For the purpose of this Order:

a.  "Apple" refers to Apple Inc.

b.  "CMs" refers to Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation.

c.  "Contact Attorneys" refers to counsel designated by each Party and identified on Schedule A.

d.  "FTC" refers to the Federal Trade Commission.

e.  "FTC Litigation" refers to *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-cv-00220-LHK (N.D. Cal.).

f.  "MDL Litigation" refers to *In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773-LHK (N.D. Cal.), including all consolidated member cases (both current and any that may be transferred and consolidated in the future).

g.  "MDL Plaintiffs" refers collectively to the plaintiffs named in any consolidated or member case in the MDL Litigation, including in any consolidated complaint that is filed in the MDL Litigation.

h.  "ND Cal Litigation" refers collectively to the FTC Litigation and MDL Litigation.

i.  "Patents-In-Suit" means "Original Patents-in-Suit" as defined in the First Amended Complaint in the SD Cal Litigation (ECF No. 83).

j.  "Parties" or "Party" refers to the FTC, MDL Plaintiffs, Apple, the CMs, and Qualcomm.

k.  "Pending Cases" refers collectively to the FTC Litigation, the MDL Litigation, and the SD Cal Litigation.

l.  "Protective Orders" refers to the Protective Order and Supplemental Protective Orders in the FTC Litigation (ECF Nos. 81, 137, 205, 220, 230, 306, 324, 371, 374, 384, 388, 392, 393, 410, 420, 430 and 447), the Protective Order and Supplemental Protective Orders in the MDL Litigation (ECF Nos. 46, 86, 148, 149, 182, 197, 211, 213, 216, 218, 221, 244, 249 and 259), and the Protective Order in the SD Cal Litigation (ECF No. 163), in each case as may be supplemented and amended from time to time.

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D. Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)

2

m. "Qualcomm" refers to Qualcomm Incorporated.

n. "SD Cal Litigation" refers to the consolidated cases *Apple Inc. v. Qualcomm Incorporated*, Case No. 17-cv-00108-GPC (S.D. Cal.) and *Qualcomm Incorporated v. Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*, Case No. 17-cv-01010-GPC (S.D. Cal.).

2. Counsel for the Parties in each Pending Case shall be bound by this Order.

### COORDINATION OF WRITTEN DISCOVERY

3. Any Party that serves or has served a written discovery request under Rule 31, 33, 34, or 36 on another Party in any of the Pending Cases shall provide a copy of the request to the Contact Attorneys in each Pending Case, except insofar as such requests are served in the SD Cal Litgation and relate solely to claims concerning the Patents-In-Suit in the SD Cal Litigation.

4. Any Party that responds or has responded to a written discovery request in any of the Pending Cases shall serve its response and produce any responsive materials to the Contact Attorneys in each Pending Case, except insofar as such requests are served in the SD Cal Litigation and relate solely to claims concerning the Patents-In-Suit in the SD Cal Litigation.

5. A Party (the "Issuing Party") that serves, after issuance of this Order, a subpoena or other request (including any request for international judicial assistance) for the production of documents or other materials on a person or entity not a Party ("Non-Party") to any Pending Case shall promptly (a) provide a copy of the subpoena or other request to all Contact Attorneys; (b) provide a copy of this Order and the Protective Orders in effect in each of the Pending Cases to the Non-Party; (c) notify the Non-Party that, pursuant to this Order, materials produced in response to such subpoena or other request will be produced in each Pending Case, and (d) request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case.  If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the issuing

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          3

Party shall, as permitted by law, provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after receipt of the materials from the Non-Party.  If a Party has served a Non-Party subpoena or other document request prior to the issuance of this Order, the Issuing Party will provide a copy of the subpoena or other request to all Contact Attorneys, advise the Non-Party that the document production is to be shared across the Pending Cases and provide an opportunity of ten (10) days to object, and shall provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after the later of (1) expiration of such ten (10) day period, or (2) the Party's receipt of materials from the Non-Party.  If a Party modifies or extends the time to respond to a Rule 45 document subpoena in writing, it shall promptly inform Contact Attorneys in each Pending Case of that written extension or modification. This paragraph shall not apply to a subpoena or other request served in the SD Cal Litigation that relates solely to claims concerning the Patents-In-Suit in the SD Cal Litigation.

6. All written responses to discovery requests and subpoenas and materials provided in response to discovery requests and subpoenas in any Pending Case shall be treated as having been obtained through discovery in each Pending Case, except insofar as such responses and materials relate solely to claims concerning the Patents-In-Suit in the SD Cal Litigation.  Any such materials shall be clearly designated "SD Cal Litigation Only."

## COORDINATION OF DEPOSITIONS

7. Pursuant to Fed. R. Civ. P. 30(a)(2)(A), leave is granted to all Parties to conduct in excess of ten (10) depositions per side, provided that nothing in this Order shall prevent the FTC and Qualcomm from entry into an agreement limiting the number of depositions to be noticed or deemed taken in the FTC Litigation, or from seeking a court order imposing such a limitation.  For avoidance of doubt, this order supplants the deposition hours limitations set forth in the September 11, 2017 Order Granting Joint Motion for Approval of Stipulation Regarding Scheduling and Discovery Matters in the SD Cal Litigation ("September 11, 2017

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D. Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)

4

Order"), except insofar as a deposition relates solely to claims concerning the Patents-In-Suit in the SD Cal Litigation, in which case the party noticing the deposition shall so indicate in such notice and the September 11, 2017 Order will apply.

8. Depositions subpoenaed, noticed, and/or taken in any of the Pending Cases shall be treated as if they were noticed and taken in each Pending Case (to the extent, absent agreement of the parties or leave of court, the deposition is taken during the court-ordered discovery period for the particular Pending Case), except insofar as a deposition relates solely to claims concerning the Patents-in-Suit in the SD Cal Litigation, in which case the party noticing the deposition shall indicate in such notice and/or during such deposition; provided that, absent a Court order or agreement of the FTC and Qualcomm to the contrary, only depositions noticed in the FTC Litigation shall be treated as having been noticed and taken in the FTC Litigation.

9. A Party issuing a deposition notice or subpoena or seeking a request for international judicial assistance in obtaining testimony of any non-Party witness (the "Subpoenaing Party") shall provide at least five (5) days advance notice to Contact Attorneys in each Pending Case. Other Parties shall be entitled to join the Subpoenaing Party's notice, subpoena, or request by notice to Contact Attorneys in each Pending Case within such five (5) day period. The Parties also will preserve the right to add topics to any 30(b)(6) or similar subpoena or notice. The Parties shall make reasonable good-faith efforts to coordinate the scheduling of the deposition with each other and with any Non-Party witness, provided, however, that no Party may unreasonably delay a deposition.

10. For Party depositions, prior to issuing a notice for a date certain, the noticing Party shall notify the Contact Attorneys for all Parties of its intent to depose a particular witness, and request available dates for the witness from counsel for the Party whose witness's deposition is sought. Within seven (7) days of receiving the request, the Party to whom such a request is made shall provide at least one (1) proposed deposition date (*i.e.*, one (1) set of two (2) days for a fourteen (14) hour deposition) and use good faith efforts to provide two (2) proposed deposition dates. For depositions of witnesses requested after entry of this Order, if any Party

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D. Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)

5

proposes only one (1) deposition date for a particular witness, it shall not propose any date that would require more than one (1) of its other witnesses to be deposed on the same date, absent agreement of all Parties.  If other Parties intend to depose the same witness, they must provide notice to the Contact Attorneys for all Parties of such intent within seven (7) days of being notified that such witness's deposition is being sought.[1]  If the Party whose witness is being sought for deposition is informed that multiple Parties intend to depose that witness, that Party shall provide deposition dates with sufficient time for questioning by multiple Parties.  The noticing Party or Parties shall use their best efforts to schedule the deposition on a proposed deposition date mutually agreeable to all Parties.  The Party whose witness's deposition is sought shall retain its right to formally object (by motion for protective order or otherwise) to the taking of a particular deposition or to the timing or scope of such deposition.

11. Counsel in any of the Pending Cases shall be entitled to attend depositions noticed in each Pending Case, so long as they agree to be bound by the Protective Order entered in one of the Pending Cases, except insofar as such depositions relate solely to claims concerning the Patents-In-Suit in the SD Cal Litigation, in which case only counsel for Parties to the SD Cal Litigation may attend.  A Party's in-house counsel bound by a protective order may attend depositions of its current or former employees, and if the examining party intends to ask questions about information produced in discovery that has been designated for outside counsel only, the examining party shall indicate that it intends to ask about information so designated, allowing the in-house counsel to excuse himself or herself for that portion of the examination.  Non-noticing counsel may ask questions and raise objections at depositions to the extent allowed under the Federal Rules of Civil Procedure.  The Parties shall meet and confer in advance of each deposition to allocate deposition time, if necessary, and attempt to coordinate a single Party to make objections.  Any Party may avail itself of any objection to

---

[1] Note, for any deposition notice issued prior to the filing of this Proposed Order, the seven day notice period starts from the filing of this Proposed Order.

the form of a question made by any other Party properly in attendance at a deposition without the need to be in attendance or express its joinder in the objection.

12. The time limits on depositions established by Fed. R. Civ. P. 30(d)(1) shall apply to all depositions, except that in the event that a deposition of a Non-Party is noticed in both the ND Cal Litigation and the SD Cal Litigation, the Parties agree that, absent good cause, they will not oppose an extension of the time limit for that deposition to up to fourteen (14) hours of on-the-record questioning time.  In any deposition of Qualcomm or a current or former Qualcomm employee in his or her individual capacity noticed in both the ND Cal Litigation and the SD Cal Litigation, the deposition time limit shall be extended to up to fourteen (14) hours of on-the-record questioning time in total.  In any deposition of Apple or a current or former Apple employee in his or her individual capacity, or in any deposition of a CM or a current or a former CM employee in his or her individual capacity noticed in both the ND Cal Litigation and the SD Cal Litigation, the deposition time limit shall be extended to up to fourteen (14) hours of on-the-record time in total.

13. A Party that was provided prior notice of a deposition (other than a deposition pursuant to Fed. R. Civ. P. 30(b)(6)) in any Pending Case and did not make a contemporaneous request to depose the witness may not, absent leave of Court, notice a second deposition of the same witness in a Pending Case.

14. Notwithstanding the foregoing, to the extent documents relating to a Party's witness are produced by that Party either within the two week period prior to the commencement of a witness's deposition or after the commencement or completion of such witness's deposition, and such documents are material and non-cumulative of documents previously produced, the parties shall as soon as practicable meet and confer to discuss whether to reschedule the deposition, or re-open the deposition (to the extent it has already occurred).  If the parties are unable to agree, they shall jointly present the issue to the Court for resolution.  With respect to depositions of Apple or CM witnesses, this Paragraph supersedes the fourth sentence of

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          7

1    Paragraph 8(b) of the Stipulated Order Re: Discovery of Electronically Stored Information

2    and Related Discovery Matters in the FTC Litigation (ECF No. 142).

3                          **PLEADINGS AND MOTIONS**

4    15. Any Party that serves or has served a pleading or motion on another Party in any Pending

5        case shall serve an unredacted copy of the pleading or motion on the Contact Attorneys in

6        each Pending Case, subject if necessary to the Protective Orders in those cases.  This

7        paragraph shall not apply to pleadings or motions served in the SD Cal Litigation that relate

8        solely to claims concerning the Patents-In-Suit in the SD Cal Litigation.

9              **PROTECTION OF CONFIDENTIAL INFORMATION**

10   16. The Protective Order in effect in each Pending Case is hereby modified to permit the

11       disclosure and production of Protected Material (as defined therein) to the Contact Attorneys

12       in each Pending Case, and the further use and disclosure of such material by each Party

13       hereto in accordance with the Protective Order(s), including any Supplemental Protective

14       Order(s), in each Pending Case to which it is a Party.

15   17. The Protective Order or Supplemental Protective Order(s) in effect in each Pending Case

16       shall govern the handling by the Parties to such Pending Case of protected material produced

17       hereunder, and, unless modified by the designating party, confidentiality designations applied

18       in one Pending Case shall apply in all Pending Cases.  To the extent there are conflicts among

19       the Protective Orders or Supplemental Protective Order(s) regarding the individual

20       employees of a Party who may access Protected Material, the Protective Order or

21       Supplemental Protective Order that applied to the original production of a particular

22       document designated as Protected Material shall control.

23   18. Effective upon its entry in all of the Pending Cases, this Order shall supersede in its entirety

24       the Joint Stipulation and Discovery Coordination Order currently in effect in the FTC

25       Litigation (ECF No. 207) and the MDL Litigation (ECF No. 131).

26

27

28

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          8

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4   Dated:  January 22, 2018

5
                                        By:   /s/ Jennifer Milici
6                                             Jennifer Milici, D.C. Bar No. 987096
                                              Federal Trade Commission
7                                             600 Pennsylvania Avenue, N.W.
                                              Washington, D.C. 20580
8                                             (202) 326-2912; (202) 326-3496 (fax)
                                              jmilici@ftc.gov
9

10

11                                            *Attorney for Plaintiff FEDERAL TRADE
                                              COMMISSION*
12

13  Dated:  January 22, 2018

14
                                        By:   /s/ Kalpana Srinivasan
15
                                              Kalpana Srinivasan
16                                            Marc M. Seltzer
                                              Steven G. Sklaver
17                                            Amanda Bonn
                                              Oleg Elkhunovich
18                                            Krysta Kauble Pachman
                                              SUSMAN GODFREY L.L.P.
19                                            1900 Avenue of the Stars, Suite 1400
                                              Los Angeles, CA 90067
20                                            Telephone: (310) 789-3100
                                              Facsimile: (310) 789-3006
21                                            Email: ksrinivasan@susmangodfrey.com
                                              Email: mmseltzer@susmangodfrey.com
22                                            Email: ssklaver@susmangodfrey.com
                                              Email: abonn@susmangodfrey.com
23                                            Email: oelkhunovich@susmangodfrey.com
                                              Email: kpachman@susmangodfrey.com
24
                                              Joseph Grinstein
25                                            SUSMAN GODFREY L.L.P.
                                              1000 Louisiana Street # 5100
26                                            Houston, TX 77002
                                              Telephone:  (713) 651-9366
27                                            Facsimile:  (713) 654-6666
                                              Email: jgrinstein@susmangodfrey.com
28
    [PROPOSED] JOINT DISCOVERY COORDINATION ORDER
    Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
    Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          9

1
2
3
4
5
6
7
8
9

Joseph W. Cotchett
Adam J. Zapala
Brian Danitz
Mark F. Ram
Michael A. Montano
Toriana S. Holmes
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
Email: azapala@cpmlegal.com
Email: bdanitz@cpmlegal.com
Email: mram@cpmlegal.com
Email: mmontano@cpmlegal.com
Email: tholmes@cpmlegal.com

10
11

*Plaintiffs' Co-Lead Counsel*

12
13
14
15
16
17

Steve W. Berman
Jeff Friedman
Rio Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: jefff@hbsslaw.com
Email: riop@hbsslaw.com

18
19

*Plaintiffs' Steering Committee*

20

Dated:  January 22, 2018

21
22

By:    /s/ Seth M. Sproul

23
24
25
26
27

Juanita R. Brooks (SBN 75934)
Seth M. Sproul (SBN 217711)
FISH & RICHARDSON P.C.
12390 El Caamino Real
San Diego, CA  92130
Telephone:  858-678-5070
Facsimile:  858-678-5099
Email:  brooks@fr.com
Email:  sproul@fr.com

28

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)

10

1

2

3

4

5

Ruffin B. Cordell (admitted *pro hac vice*)
Lauren A. Degnam (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
The McPherson Building
901 15th Street, N.W., 7th Floor
Washington, D.C.  20005
Telephone: 202-783-5070
Facsimile:  202-783-2331
Email:  cordell@fr.com
Email:  degnan@fr.com

6

7

8

9

10

11

William A. Isaacson (admitted *pro hac vice*)
Karen L. Dunn (admitted *pro hac vice*)
Amy J. Mauser (admitted *pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:  202-237-2727
Facsimile:  202-237-6131
Email:  wisaascson@bsfllp.com
Email:  kdunn@bsfllp.com
Email:  amauser@bsfllp.com

12

*Attorneys for APPLE INC.*

13

14

Dated:  January 22, 2018

15

16

By:     /s/ Jason C. Lo

17

18

19

20

21

22

23

24

Theodore J. Boutrous, Jr. (SBN 132099)
Daniel G. Swanson (SBN 116556)
Jason C. Lo (SBN 219030)
Jennifer J. Rho (SBN 254312)
Melissa Phan (SBN 266880)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
Email:  tboutrous@gibsondunn.com
Email:  dswanson@gibsondunn.com
Email:  jlo@gibsondunn.com
Email:  jrho@gibsondunn.com
Email:  mphan@gibsondunn.com

25

26

27

Cynthia E. Richman (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

28

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          11

Email:  crichman@gibsondunn.com

***Attorneys for COMPAL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD., PEGATRON CORPORATION, and WISTRON CORPORATION***

Hugh F. Bangasser (admitted *pro hac vice*)
Christopher M. Wyatt (admitted *pro hac vice*)
J. Timothy Hobbs (admitted *pro hac vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  206-623-7580
Facsimile: 206-370-6371
Email: hugh.bangasser@klgates.com
Email: tim.hobbs@klgates.com

***Attorneys for WISTRON CORPORATION***

Dated:  January 22, 2018

By:   /s/ Evan R. Chesler

Evan R. Chesler
Richard J. Stark
Antony L. Ryan
Gary A. Bornstein
J. Wesley Earnhardt
Yonatan Even
Vanessa A. Lavely
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
rstark@cravath.com
aryan@cravath.com
gbornstein@cravath.com
wearnhardt@cravath.com
yeven@cravath.com
vlavely@cravath.com

Karen P. Hewitt
Randall E. Kay
Kelly V. O'Donnell

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D. Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)

12

JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Tel: (858) 314-1200
Fax: (844) 345-3178
kphewitt@jonesday.com
rekay@jonesday.com
kodonnell@jonesday.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
Matan Shacham
Justina Sessions
David W. Rizk
Alexander Dryer
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com
mshacham@keker.com
jsessions@keker.com
drizk@keker.com
adryer@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)

13

Richard S. Zembek
Daniel S. Leventhal
Talbot Hansum
Eric B. Hall
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Tel: (713) 651-5151
richard.zembek@nortonrosefulbright.com
daniel.leventhal@nortonrosefulbright.com
talbot.hansum@nortonrosefulbright.com
eric.hall@nortonrosefulbright.com

David A. Nelson
Stephen Swedlow
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Tel: (312) 705-7400
Fax: (312) 705-7401
davenelson@quinnemanuel.com
stephenswedlow@quinnemanuel.com

Alexander Rudis
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
alexanderrudis@quinnemanuel.com

Sean S. Pak
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600
Fax: (415) 875-6700
seanpak@quinnemanuel.com

**Attorneys for QUALCOMM
INCORPORATED**

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **FILER'S ATTESTATION**

I, James W. Carlson, am the ECF user whose identification and password are being used to file this Joint Stipulation and Discovery Coordination Order.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

By:   /s/ James W. Carlson

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____1/24/18_____     _Lucy H. Koh_____

Honorable Lucy H. Koh
United States District Judge


DATED: _____01/24/18_____     _____

Honorable Gonzalo P. Curiel
United States District Judge

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)      15

1

## SCHEDULE A

2

3

***Federal Trade Commission v. Qualcomm Incorporated***, Case No. 17-cv-00220-LHK (N.D. Cal.)

4

Plaintiff Federal Trade Commission

5

    Jennifer Milici, jmilici@ftc.gov
J. Alexander Ansaldo, jansaldo@ftc.gov

6

    Joseph R. Baker, jbaker1@ftc.gov
Wesley G. Carson, wcarson@ftc.gov

7

    Elizabeth A. Gillen, egillen@ftc.gov
Daniel Matheson, dmatheson@ftc.gov

8

    FEDERAL TRADE COMMISSION

9

    600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

10

11

Defendant Qualcomm Incorporated

12

    Gary A. Bornstein, gbornstein@cravath.com

13

    J. Wesley Earnhardt, wearnhardt@cravath.com

14

    Yonatan Even, yeven@cravath.com
Vanessa A. Lavely, vlavely@cravath.com

15

    Stefan H. Atkinson, satkinson@cravath.com
James W. Carlson, jcarlson@cravath.com

16

    CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza

17

    825 Eighth Avenue
New York, NY 10019

18

19

    Robert A. Van Nest, rvannest@keker.com
Asim M. Bhansali, abhansali@keker.com

20

    Eugene M. Paige, epaige@keker.com
Matan Shacham, mshacham@keker.com

21

    Justina Sessions, jsessions@keker.com
David W. Rizk, drizk@keker.com

22

    Alexander Dryer, adryer@keker.com

23

    KEKER, VAN NEST, & PETERS LLP
633 Battery Street

24

    San Francisco, CA 94111-1809

25

    Richard S. Taffet, richard.taffet@morganlewis.com

26

    MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue

27

    New York, NY 10178-0060

28

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)       -1-

1
2
3

Willard K. Tom, willard.tom@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541

4
5
6

Donn P. Pickett, donn.pickett@morganlewis.com
Geoffrey T. Holtz, geoffrey.holtz@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126

7
8
9
10

Richard S. Zembek, richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal, daniel.leventhal@nortonrosefulbright.com
Talbot Hansum, talbot.hansum@nortonrosefulbright.com
Eric B. Hall, eric.hall@nortonrosefulbright.com
NORTON ROSE FULBRIGHT
1301 McKinney, Suite 5100
Houston, Texas 77010

11

***In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773-LHK (N.D. Cal.)**

12

Plaintiffs' Interim Co-Lead Counsel

13
14
15
16
17
18
19
20
21
22

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta Kauble Pachman
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email: kpachman@susmangodfrey.com

23
24
25
26

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666
Email: jgrinstein@susmangodfrey.com

27
28

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)                -2-

1
2
3
4
5
6
7
8
9

Joseph W. Cotchett
Adam J. Zapala
Brian Danitz
Mark F. Ram
Michael A. Montano
Toriana S. Holmes
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
Email: azapala@cpmlegal.com
Email: bdanitz@cpmlegal.com
Email: mram@cpmlegal.com
Email: mmontano@cpmlegal.com
Email: tholmes@cpmlegal.com

Plaintiffs' Steering Committee

10
11
12
13
14
15
16

Steve W. Berman
Jeff Friedman
Rio Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: jefff@hbsslaw.com
Email: riop@hbsslaw.com

17

Defendant Qualcomm Incorporated

18
19
20
21
22
23

Gary A. Bornstein, gbornstein@cravath.com
J. Wesley Earnhardt, wearnhardt@cravath.com
Yonatan Even, yeven@cravath.com
Vanessa A. Lavely, vlavely@cravath.com
Stefan H. Atkinson, satkinson@cravath.com
James W. Carlson, jcarlson@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

24
25
26
27

Robert A. Van Nest, rvannest@keker.com
Asim M. Bhansali, abhansali@keker.com
Eugene M. Paige, epaige@keker.com
Justina Sessions, jsessions@keker.com
David W. Rizk, drizk@keker.com
Alexander Dryer, adryer@keker.com

28

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          -3-

1   KEKER, VAN NEST, & PETERS LLP
    633 Battery Street
2   San Francisco, CA 94111-1809

3   Richard S. Taffet, richard.taffet@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
4   101 Park Avenue
    New York, NY 10178-0060
5

6   Willard K. Tom, willard.tom@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
7   1111 Pennsylvania Ave. NW
    Washington, DC 20004-2541
8

9   ***Apple Inc. v. Qualcomm Incorporated*, Case No. 17-cv-00108-GPC (S.D. Cal.) and *Qualcomm Incorporated v. Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*, Case No. 17-cv-01010-GPC (S.D. Cal.)**
10

11

12   Plaintiff and Counterclaim Defendant Apple Inc.

13   Amy J. Mauser
     BOIES SCHILLER FLEXNER LLP
14   1401 New York Avenue, N.W.
     Washington, D.C.  20005
15   Phone:  202-237-2727
     Email:  amauser@bsfllp.com
16

17   Benjamin C. Elacqua
     FISH & RICHARDSON LLP
18   1221 McKinney Street, Suite 2800
     Houston, TX  77010
19   Phone:  713-654-5300
     Email:  Elacqua@fr.com
20

21   Apple_Qualcomm_Service@bsfllp.com
22   Apple/QualcommFRService@fr.com

23

24   Defendants and Counterclaim Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation

25   Jason Lo, jlo@gibsondunn.com
     Jennifer Rho, jrho@gibsondunn.com
26   Ryan Iwahashi, riwahashi@gibsondunn.com
     CHPW-1010@gibsondunn.com
27

28
[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          -4-

Defendant and Counterclaim Plaintiff Qualcomm Incorporated

Gary A. Bornstein, gbornstein@cravath.com
J. Wesley Earnhardt, wearnhardt@cravath.com
Yonatan Even, yeven@cravath.com
Vanessa A. Lavely, vlavely@cravath.com
Stefan H. Atkinson, satkinson@cravath.com
James W. Carlson, jcarlson@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

David A. Nelson, davenelson@quinnemanuel.com
Stephen Swedlow, stephenswedlow@quinnemanuel.com
Marc L. Kaplan, marckaplan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661

Michael L. Fazio, michaelfazio@quinnemanuel.com
Joseph C. Sarles, josephsarles@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Alexander Rudis, alexanderrudis@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Sean S. Pak, seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, California 94111

Karen P. Hewitt, kphewitt@jonesday.com
Randall E. Kay, rekay@jonesday.com
Kelly V. O'Donnell, kodonnell@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121

Richard S. Zembek, richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal, daniel.leventhal@nortonrosefulbright.com
Talbot Hansum, talbot.hansum@nortonrosefulbright.com
Eric B. Hall, eric.hall@nortonrosefulbright.com
NORTON ROSE FULBRIGHT
1301 McKinney, Suite 5100
Houston, Texas 77010

[PROPOSED] JOINT DISCOVERY COORDINATION ORDER
Case Nos.: 17-cv-00220-LHK (N.D. Cal.), 17-md-02773-LHK (N.D.
Cal.), 17-cv-00108-GPC (S.D. Cal.), 17-cv-01010-GPC (S.D. Cal.)          -5-