CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest, SBN 84065
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 676-2289
Facsimile:  (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
Facsimile:  (212) 309-6001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional counsel in the signature block.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S RESPONSE TO NON-PARTY APPLE INC.'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NONDISPOSITIVE PRETRIAL ORDER IMPOSING SANCTIONS**<br><br>Courtroom:  8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br>Date:  February 15, 2018 |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

Magistrate Judge Cousins's December 21, 2017 Order (ECF No. 421) ("Sanctions Order") follows a long history of delay by Apple and repeated failures to meet Court-ordered deadlines necessary for Qualcomm to obtain discovery in a timely way.  After two rounds of briefing regarding Apple's dilatory conduct, Judge Cousins set production deadlines "to avoid the need for a request for [a] continuance or for either party to be prejudiced in any way by being jammed up".  (10/11/2017 Hrg. Tr. 9:6-7.)  Contrary to Apple's claim that the December 15 deadline at issue in the Sanctions Order was unreasonable, *Apple itself suggested that date* for substantial completion of its document production.  (*Id.* at 7:11-12.)  Nevertheless, Apple concedes that as of the deadline, it still had yet to finish review of millions of documents.  Accordingly, Judge Cousins found after two more rounds of briefing that, "Apple[ was] on fair notice of the deadline and of the expectations, and it hasn't met them", and that further delay would "impact[] the FTC, all these third parties, a number of experts and attorneys, and Judge Koh as well." (12/20/2017 Hrg. Tr. 58:4-5, 20-21.)  Qualcomm respectfully submits that the Sanctions Order was not "clearly erroneous" or "contrary to law" under Fed. R. Civ. P. 72.

## I.     Background

Apple's motion ignores or obscures key facts leading to the Sanctions Order.  Apple repeatedly dragged its feet in the discovery process, both before and after Judge Cousins set the December 15 substantial completion deadline.  As Judge Cousins noted, "we're in a problem of Apple's making, not mine." (12/20/2017 Hrg. Tr. 58:25-59:1.)

### A.     Apple's Delay in Collecting Documents and Negotiating the Scope of Review.

Apple delayed in collecting documents for review.  The parties began negotiations over the subpoenas on June 19, and Apple first proposed a set of document custodians on July 18. (ECF No. 208.)  After lengthy delays by Apple in providing information Qualcomm needed to assess Apple's proposal (*see* ECF No. 208), Qualcomm and Apple ultimately agreed on a set of document custodians on September 15. (ECF No. 209-1.)  But for reasons Apple has never explained, it was still collecting documents from some of these custodians through December 1 and did not report completing its collection until December 15. (ECF Nos. 366, 403.)

Apple also delayed in negotiating the scope of its review.  Despite multiple requests from Qualcomm, it took Apple over six weeks to propose the search terms that it would use.  (ECF No. 208.)  Apple's proposal was grossly deficient, lacking even common terms used for the products at issue (*e.g.* "chipset") as well as codenames commonly used by the parties.  (*Id.*)  Qualcomm was forced to rewrite Apple's proposal, and Apple took another three weeks to respond to Qualcomm's terms.  During these negotiations, Apple repeatedly stated that it was "running metrics" on the various proposals—but it refused to provide those metrics to Qualcomm.  (10/11/2017 Hrg. Tr. 14:5-22.)  Rather than object to the search terms as burdensome because of the number of documents they captured, Apple asserted that the proposed search terms did not "fit" the document requests closely enough.  (ECF No. 212.)

B.   Judge Cousins Established Production Deadlines.

After reaching impasse on search terms, and without yet having received *any* documents, Qualcomm sought intervention from the Court to:  (1) set a date certain by which Apple would be required to complete production; and (2) adjudicate the search terms in dispute.

At a hearing on October 11, Judge Cousins asked Apple to propose a substantial completion date for its production and privilege log, to which it responded:  "We would suggest December 15th and the end of the year respectively".  (10/11/2017 Hrg. Tr. at 7:11-12.)  Judge Cousins accepted Apple's proposal and set December 15 for the substantial completion of Apple's document production.  (ECF No. 239.)  Judge Cousins also ordered Apple to submit periodic status reports and ordered an interim production deadline "[s]o it's not we wait until midnight on December 14th and then have a landslide of document production".  (10/11/2017 Hrg. Tr. 8:14-15.)  He required Apple by November 17 to complete its review of, and production of documents from, 50% of the documents that hit the search terms.  (ECF No. 239.)  As to the search terms, Judge Cousins found that "Apple has had months to run its search metrics and to propose a workable solution" and therefore rejected Apple's "belated assertions of burden".  (*Id.*)

C.   Apple's Belated Attempt To Introduce a TAR Model.

On November 3, hours before submitting its first required status report, Apple

sent Qualcomm a one-page letter stating that it intended to use a technology-assisted review ("TAR") model for its production.  (ECF No. 287.)  After four months of tedious negotiations and two rounds of briefing over the search terms Apple would use, this was the first time Apple had mentioned using TAR—a point that Apple concedes.  (*Id.* at 4.)  Apple defends this sudden change of course by contending that TAR processes are superior to manual attorney review, but that is a red herring.  Apple did *not* propose to substitute TAR for manual review; it intended to use TAR as an *additional* means to exclude documents from production.  Under Apple's proposal, it would first exclude documents using search terms, then exclude more documents using TAR, and then exclude yet more documents through manual review.  (*Id.*)  Qualcomm objected to this improper triple-screen and to Apple's last-minute introduction of a TAR model that Qualcomm would have no time to assess.  (*Id.*)  At a November 15 hearing, Judge Cousins noted his "concern [about] the timing of this kind of new approach" and said "it's particularly unfair because I ordered a certain timeline and methodology of production, and so Qualcomm is really being disadvantaged by this change".  (11/15/2017 Hrg. Tr. 3:18-19, 22-23; 12:5-7.)

Apple now contends that the volume of documents generated by the search terms was so large that Apple could not meet the December 15 deadline without using TAR.  That is not correct.  *First*, the volume of documents should not have been a surprise when Apple suggested the December 15 deadline.  Apple claimed to have been "running metrics" on the search terms for months, so it should have known how many documents they would capture.  *Second*, Apple was slow to "expand[] its document review team" and did not do so in earnest until weeks after the December 15 deadline was set.  (ECF No. 445 at 2.)  *Third*, Apple and Qualcomm stipulated to (and Judge Cousins entered) a Rule 502(d) Order allowing production of documents without review and without waiver of privilege.  Indeed, Apple did not produce *any* documents that had been subjected to manual review until December 12.  (*See* Declaration of Gary A. Bornstein ("Bornstein Decl."), dated Jan. 26, 2018, at ¶ 4.)

D.    Apple Violated Both Production Deadlines.

Apple failed to meet *both* production deadlines Judge Cousins had set.  By

November 17, Apple was required to review 50% of the documents hit by the search terms and produce the responsive documents therefrom, but Apple had reviewed and produced from only approximately 10% of those documents.  (ECF No. 320.)  At a November 27 hearing, Judge Cousins gave Apple the benefit of the doubt, opting to "wait and see" how Apple's production would develop.  (11/27/2017 Hrg. Tr. 20:20.)  Apple then failed to meet the December 15 substantial completion deadline, conceding that it had not produced responsive documents from a "bucket" of 1.3 million documents that had undergone only initial review, in addition to 215,000 documents that it had yet to review at all and another 1 million documents that required further privilege review.  (12/20/2017 Hrg. Tr. 21:25-22:8.)[1]  Following Apple's proffer, Judge Cousins found "that Apple [had] not satisfied the substantial completion deadline of December 15th" and issued the Sanctions Order.  (12/20/2017 Hrg. Tr. 23:10-12.)

## II.    Argument

Civil contempt sanctions may be imposed if Apple violated a specific court order, and Apple fails to demonstrate that it took "every possible step to comply with the subpoena and to articulate reasons why compliance was not possible."  *Poly-Med, Inc. v. Novus Scientific PTE Ltd.*, No. 17-cv-649-DMS-WVG, 2017 WL 2291942, at *3 (S.D. Cal. May 25, 2017).  A court may also consider a non-party's "history of noncompliance" with prior orders.  *Id.*

Here, Apple conceded in its December 16 submission (ECF No. 404) and at the December 20 hearing that after the expiration of the substantial completion deadline, Apple still had millions of documents to review.  (12/20/2017 Hrg. Tr. 21:25-22:8.)  There is no dispute that Apple failed to meet the December 15 deadline that Apple itself had suggested.

Apple argues that sanctions were nevertheless improper because the Court and Qualcomm failed to identify other steps that Apple could have taken to comply.  (ECF No. 445

---

[1] Apple's initial privilege calls were plainly overbroad, further undermining the completeness of its production.  On January 24, 2018—more than one month after the substantial completion deadline—Apple produced over 145,000 documents on which it downgraded its initial privilege calls, and Apple has stated that there are more such documents to come.  Thus, Apple's assertion that Qualcomm suffered no prejudice is incorrect; Qualcomm's ability to prepare for depositions has been impaired—and is *still* being impaired—by Apple's delay.  (Bornstein Decl. at ¶¶ 8-9.)

at 4.)  But Qualcomm proposed the Rule 502(d) stipulation—which Apple agreed to and the Court so-ordered—to facilitate Apple's compliance.  Regardless, the burden lies with *Apple* to establish it had taken all such steps, and its record of delays, plus its breach of the November 17 deadline, demonstrates it did *not* take all reasonable steps to timely produce documents.  *Poly-Med*, 2017 WL 2291942, at *3.  Judge Cousins had ample basis to evaluate Apple's efforts to meet the December 15 deadline, including four status reports from Apple (ECF Nos. 269, 318, 366, 403), three rounds of briefing from Apple and Qualcomm (ECF Nos. 287, 320, 327, 404), and three in-person hearings.  That record shows Apple's repeated delays in negotiating the scope of the subpoena, delays in collecting documents for review, delays in staffing its document review team, last-minute efforts to narrow the scope of its production, and failure to meet the first milestone that Judge Cousins had set—despite the entry of the Rule 502(d) Order.  Given that record, the Sanctions Order was not "clearly erroneous" or "contrary to law" under Rule 72.

Apple invokes its "non-party" status in the actions to receive credit for "shoulder[ing] the discovery burdens of a party."  (ECF No. 445.)  But as Judge Cousins noted, given the ongoing litigation between Apple and Qualcomm, "Apple is not an uninvolved, uninterested third party" but has "a strong commercial interest in the proceeding" in which the "FTC is standing in the shoes or is fighting Apple's fight on its behalf".  (8/31/2017 Hrg. Tr. 13:17-18.)  Notably, Apple has a purported common interest agreement with the FTC, asserting "a common interest in, among other things, coordinating their litigation against Qualcomm."  (ECF No. 404.)  Apple cannot credibly claim the status of a disinterested third party.[2]

### III.   Conclusion

Qualcomm respectfully requests that the Sanctions Order be affirmed.

---

[2] Apple's claim that the sanctions are "unduly harsh" (ECF No. 445 at 5) is without merit. Sanctions may be used to induce obedience with a court order, *see LifeScan Scotland, Ltd. v. Shasta Technologies LLC*, No. 11-cv-04494-WHO, 2013 WL 4604746, at *3-*4 (N.D. Cal. Aug. 28, 2013), and Judge Cousins expressly considered "proportionality principles" to "further encourag[e]" Apple to comply.  (12/20/2017 Hrg. Tr. 58:23-59:8.).  The sum of $25,000 per day is a reasonable amount for a litigant with Apple's vast resources. *Cf. Gucci America, Inc. v. Li*, No. 10-cv-4974 (RJS), 2015 WL 7758872, at *6 (S.D.N.Y. Nov. 30, 2015) ($50,000/day sanction against Bank of China to incentivize compliance with subpoena).

1    Dated: January 26, 2018                Respectfully submitted,

2

3                                                      */s/Gary A. Bornstein*

4                                           Gary A. Bornstein
                                            Yonatan Even
5                                           CRAVATH, SWAINE & MOORE LLP
                                                 Worldwide Plaza
6                                                825 Eighth Avenue
                                                 New York, NY 10019-7475
7                                                Tel:  (212) 474-1000
                                                     Fax:  (212) 474-3700
8                                                        gbornstein@cravath.com
                                                         yeven@cravath.com
9

10                                          Robert A. Van Nest
                                            Asim M. Bhansali
11                                          Eugene M. Paige
                                                 KEKER, VAN NEST & PETERS LLP
12                                               633 Battery Street
                                                 San Francisco, CA 94111-1809
13                                               Tel: (415) 676-2289
                                                     Fax: (415) 397-7188
14                                                       rvannest@keker.com
                                                         abhansali@keker.com
15                                                       epaige@keker.com
16

17                                          Richard S. Taffet
                                                 MORGAN, LEWIS & BOCKIUS LLP
18                                               101 Park Avenue
                                                 New York, NY 10178-0060
19                                               Tel: (212) 309-6000
                                                     Fax: (212) 309-6001
20                                                       richard.taffet@morganlewis.com
21

22                                          Willard K. Tom
                                                 MORGAN, LEWIS & BOCKIUS LLP
23                                               1111 Pennsylvania Ave. NW
                                                 Washington, DC 20004-2541
24                                               Tel: (202) 739-3000
                                                     Fax: (202) 739 3001
25                                                       willard.tom@morganlewis.com

26

27

28

QUALCOMM'S RESPONSE TO APPLE'S MOTION FOR RELIEF
Case Nos. 17-cv-0220-LHK-NMC & 17-md-2773-LHK-NMC

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

QUALCOMM'S RESPONSE TO APPLE'S MOTION FOR RELIEF
Case Nos. 17-cv-0220-LHK-NMC & 17-md-2773-LHK-NMC