CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (*pro hac vice*)
aryan@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
Facsimile:  (212) 309-6001

Attorneys for Defendant
QUALCOMM INCORPORATED

WILMER CUTLER PICKERING
HALE AND DORR LLP
Mark D. Selwyn (CA SBN 244180)
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)
Joseph J. Mueller (*pro hac vice*)
Mark A. Ford (*pro hac vice*)
Timothy Syrett (*pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Non-Party
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>             Plaintiff,<br><br>       v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>             Defendant.<br>IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S AND NON-PARTY INTEL CORP.'S JOINT DISCOVERY STATEMENT**<br><br>Courtroom:  7, 4th Floor<br><br>Judge:  Hon. Nathanael M. Cousins<br><br>Case No. 5:17-MD-02773-LHK-NMC |

Defendant Qualcomm Incorporated ("Qualcomm") and Non-Party Intel Corporation ("Intel") submit this joint statement concerning the length of depositions of current and former Intel employees noticed by Qualcomm in the above-captioned cases (the "FTC Action" and the "MDL Action", respectively) and in the related cases consolidated under the single caption *In re: Qualcomm Litigation*, No. 3:17-cv-00108-GPC-MDD (S.D. Cal.) (the "Apple and CM Actions").

## I. Qualcomm's Position

Qualcomm seeks to depose seven current and former Intel employees (the "Intel Deponents") for one day (seven hours on the record) each,[1] and use their testimony in four actions: the FTC Action, MDL Action and the Apple and CM Actions. Intel refuses to make its witnesses available for questioning by all parties for more than a single day, allowing Qualcomm only 3½ hours, which is insufficient for Qualcomm to develop the record as needed for each of these cases.

The Joint Stipulation and Discovery Coordination Order (the "Coordination Order") already addresses this issue. Following extensive negotiation, the parties in the FTC Action, the MDL Action and the consolidated Apple and CM Actions agreed to an Order, which the Court has now entered, providing that "in the event that a deposition of a Non-Party is noticed in both the ND Cal Litigation and the SD Cal Litigation, the Parties agree that, absent good cause, they will not oppose an extension of the time limit for that deposition to up to fourteen (14) hours of on-the-record questioning time."[2] Qualcomm and the other parties have agreed generally to divide deposition time evenly (50% to Qualcomm and 50% to the opposing parties). Ordinarily, Qualcomm would have been entitled to separate depositions for each action, each lasting seven hours on the record.[3] The Coordination Order efficiently provides that witnesses are deposed one time for all four cases. Despite this accommodation, Intel now seeks unilaterally to restrict depositions to one day on the record for questioning by *all* parties in *all* actions. Because Intel's proposal would prevent Qualcomm from developing the record necessary to defend itself in all four actions, Qualcomm respectfully requests the Court to order that Qualcomm is entitled to seven hours of deposition time on the record for each Intel Deponent.

The FTC has disclosed that it will likely call three Intel witnesses at trial while "reserv[ing] the right to rely at trial on the testimony of any witness deposed in the case, including by calling such a witness live at trial".[4] This underscores the necessary nature of this testimony and the unreasonableness of Intel's position that 3½ hours of examination time is sufficient for Qualcomm to prepare its defense. Intel's attempt to limit depositions to one day would prejudice Qualcomm because Intel's interests are aligned with the other parties, who can obtain information from Intel without asking questions at depositions. Qualcomm has repeatedly asked the FTC, the MDL plaintiffs, Apple and the CMs whether they intend to question any Intel Deponent. Rather than propose a compromise, as Qualcomm has done with respect to two Intel witnesses, the other parties have stated only that they will not agree to something less than equal time unless and until Qualcomm agrees to further limit its time to less than seven hours.

Qualcomm should be entitled to a deposition of at least seven hours for the seven Intel Deponents. Each is listed below in alphabetical order (other than Mr. Bell, *see* note 9):

---

[1] The Intel Deponents are Kevin Constantine, Mark Davis, Aicha Evans, Hermann Eul, Asha Keddy, Stefan Wolff and Michael Bell. Qualcomm submits its portion of this joint discovery statement without prejudice to deposing additional current or former Intel employees.
[2] *Id.* ¶ 12.
[3] *See* Fed. R. Civ. P. 30(d)(1).
[4] Letter from D. Matheson to Y. Even (Jan. 12, 2018).

1

- **Kevin Constantine** is the former Mobile Wireless Sales Director and current Director, Apple Global Accounts for Intel, and was Intel's main contact with Apple for the sale of baseband processors. He is in a position to testify regarding Intel's sales of baseband processors to Apple, including the reasons why Apple did not select Intel baseband processors for iPhones produced between 2011 to 2015.
- **Mark Davis** is the former Chief Technology Officer (CTO) at VIA Telecom and is currently VP, Platform Engineering Group and CTO, CDMA Products and Development at Intel. The FTC has identified Mr. Davis as a likely trial witnesses.[5] Mr. Davis is well situated to explain competition with Qualcomm in the sale of CDMA baseband processors and the effects on competition of Intel's acquisition of VIA Telecom.[6]
- **Hermann Eul** is both the former CTO at Infineon Technologies AG ("Infineon") and the former President of Intel Mobile Communications. As a leader of the wireless group both at Infineon and then at Intel following the January 2011 acquisition, Mr. Eul can testify as to the reasons for the acquisition and for the success or failure of the business.
- **Aicha Evans** is Intel's Senior VP and Chief Strategy Officer and has held a variety of positions at Intel, including serving as the General Manager of Intel's Communications & Devices Group (the wireless group). The FTC has identified Ms. Evans as a likely trial witnesses.[7] Ms. Evans is in a unique position to testify regarding Intel's acquisitions of the wireless divisions of Infineon and VIA Telecom and Intel's development of baseband processors that compete with Qualcomm's baseband processors.
- **Asha Keddy** is Intel's VP of Client and Internet of Things and System Architecture Group (CISA) and General Manager of Next Generation and Standards. Ms. Keddy's position in charge of Intel's cellular standards makes her qualified to testify regarding Intel's promotion of WiMax and Intel's ongoing efforts to standardize 5G technology.[8]
- **Stefan Wolff** is the former General Manager of Intel's Multi-Communications business unit, the engineering group responsible for designing Intel's baseband processors. Mr. Wolff is knowledgeable regarding the technical specifications of Intel's baseband processors from at least 2011 to 2016 and how they compare with Qualcomm's.
- **Michael Bell** was Intel's Director of Smartphone Development for the Ultra Mobility Group and then General Manager of Intel's Mobile Communications Group. In addition to overseeing Intel's wireless business, Mr. Bell is knowledgeable about Intel's failed efforts to develop application processors for smartphones using Intel architecture.[9]

Each of the above witnesses independently is important for Qualcomm's ability to develop evidence regarding Intel's competition with Qualcomm—a central issue in all four actions.

*First*, Qualcomm should not have to fit depositions for four cases into half a day, especially given that the parties agreed not to object to fourteen-hour depositions for non-party witnesses.[10] Absent the Coordination Order, the Intel Deponents could have been subpoenaed separately in each action and been required to sit for questioning for substantially longer. Intel should not be permitted to have it both ways: to benefit from the Coordination Order's requirement that

---

[5] Letter from D. Matheson to Y. Even at 3 (Jan. 12, 2018).
[6] *See* Compl. ¶ 34, FTC Action (Feb. 1, 2017), ECF No. 38 (alleging VIA Telecom was a major CDMA competitor).
[7] Letter from D. Matheson to Y. Even at 3 (Jan. 12, 2018).
[8] *See* Compl. ¶ 120, FTC Action (Feb 1, 2017), ECF No. 38 (alleging that WiMax could have been a 4G standard).
[9] Qualcomm recently served Mr. Bell, who has served objections. Qualcomm and Intel are contemplating motion practice about this deposition, but that separate issue does not affect the overarching dispute over deposition length.
[10] Joint Stipulation and Discovery Coordination Order ¶ 10, FTC Action (Jan. 24, 2018), ECF No. 513.

witnesses need sit for deposition only once, but also to restrict the time to half that agreed upon in the Coordination Order.  Qualcomm should not be restricted to 3½ hours of deposition time because it reached a reasonable and good faith compromise to minimize the burden on Intel.

*Second*, Intel is anything but a disinterested third party.  Intel actively challenged Qualcomm's conduct in these actions, submitting advocacy materials to the FTC and an *amicus curiae* brief to the Court.  Intel has a common interest agreement with Apple, and Apple has a common interest agreement with the FTC.  Intel has argued to this Court that it is "Qualcomm's only remaining competitor in the premium LTE chipset market" and that "any harm to Intel's premium chipset business will have profound anticompetitive effects on the market as a whole".[11]  Qualcomm should be able to explore these allegations with each of the Intel Deponents.  Intel is cooperating with the other parties, and limiting deposition length will prejudice Qualcomm.[12]

Because of the importance of this testimony, Qualcomm respectfully requests the Court to order that Qualcomm may question the Intel Deponents for seven hours of on-the-record time.  As Intel has proposed scheduling its first deposition in dispute (that of Mr. Wolff) on February 7, Qualcomm respectfully requests that the Court promptly rule so that the depositions may proceed.

Compromise Position:  In addition to compromising on using one deposition per witness for all four actions, Qualcomm also identified two witnesses whose questioning Qualcomm could complete in five hours on the record.  Qualcomm agreed to proceed on January 31 with the deposition of Mr. Hayter, the first Intel Deponent, on those terms, and as a compromise has offered to do the same with Ms. Keddy.  For all other Intel Deponents, Qualcomm respectfully requests the Court to order that Qualcomm is entitled to seven hours of on-the-record deposition time.

## II.  Intel's Position

Intel is already making seven current and former employees available for nearly fifty (50) hours of deposition, and those numbers may grow—Qualcomm is currently seeking two additional Intel witnesses and has indicated it might subpoena at least one more.  Adding to that already significant burden by requiring these witnesses to sit for more than one day each is completely unnecessary for discovery of a non-party, especially considering that Qualcomm begins with 465 pages of Intel testimony that the FTC took during its pre-suit investigation.  The suggestion that Intel is depriving anyone in this litigation of a reasonable amount of discovery (after it timely produced over 1.4 million documents) is baseless.  Intel merely seeks what this Court regularly demands: proportionality, and that parties be efficient when conducting discovery of a non-party.

Background.  During its pre-suit investigation, the FTC examined four Intel witnesses under oath: (1) Aicha Evans; (2) Alexander Straub; (3) Asha Keddy; and (4) Dana Hayter.[13]  Those transcripts provide a substantial amount of relevant discovery, and allow Qualcomm to be even more efficient in the upcoming depositions.  In these coordinated actions, Qualcomm—joined by the FTC and class plaintiffs—subpoenaed nine current and former Intel employees (including Ms.

---

[11] Intel's Mot. for Supplemental Protective Order at 7, FTC Action (May 23, 2017), ECF No. 110.

[12] Intel suggests that the FTC's limited pre-suit examination of three of the seven Intel Deponents means Qualcomm should get less time for depositions now.  But Qualcomm was not permitted to ask any questions—or even to attend the FTC's examination—of those individuals.  Friendly questioning of cooperating witnesses in a closed-door, pre-suit proceeding is not a substitute for in-suit examination of those (and other) witnesses by Qualcomm.

[13] None of these depositions (investigational hearings) lasted a full day.  Each lasted about two to five hours on the record.

Evans, Ms. Keddy, and Mr. Hayter). Intel has offered dates for seven of those witnesses so far.[14] For the first Intel witness (Mr. Hayter), Qualcomm agreed to use five of the seven hours with the other plaintiffs dividing the last two hours. While the plaintiffs expressed willingness to negotiate similar agreements to split single days with the remaining Intel witnesses, Qualcomm demanded that it be allowed a full seven hours for each of the remaining witnesses.[15]

<u>Argument</u>. Contrary to Qualcomm's suggestion, the Coordination Order does not address this issue. The Order merely provides that any party may *seek* to extend non-party depositions beyond one day, and that the remaining *parties* would not oppose. *See*, 5:17-cv-00220-LHK, Doc. No. 513, ¶ 12. Thus, if anything, the Order implies a presumptive one-day limitation on non-party depositions, even when noticed for all applicable cases. And nothing in the order purports to compel non-parties, like Intel, to acquiesce to demands for greater time. The issue for the Court, therefore, is whether Qualcomm has shown good cause under Fed. R. Civ. P. 26 and 30 to support a finding that additional time with *each witness* is "needed for a fair examination." It has not.

In assessing whether Qualcomm has shown good cause, the Court may consider for each witness whether (1) the deposition is unnecessarily cumulative or duplicative; (2) the discovery is available from other sources; (3) Qualcomm has sufficient opportunity without the extension to obtain the information sought; and (4) the burdens on Intel and the deponent outweigh the benefit of the discovery. *Somerset Studios, LLC v. Sch. Specialty, Inc.*, 2011 U.S. Dist. LEXIS 103927, *12 (N.D. Cal. Sept. 14, 2011). Each of these factors cuts against extending the Intel depositions.

*First*, Qualcomm ignores that these seven Intel deponents are largely cumulative of each other. For example:

- Qualcomm identifies Aicha Evans as a key witness to testify about the overall development and sales of Intel's cellular baseband processors, but she reported to Hermann Eul during that period. As to high-level business strategy and implementation, therefore, their testimony would be largely cumulative.
- Qualcomm identifies Kevin Constantine as being "in a position to testify regarding Intel's sales of baseband processors to Apple," but Mr. Eul, Ms. Evans, and Stefan Wolff were also directly involved in those discussions with Apple. Accordingly, questioning of those *four* witnesses will be largely cumulative on that issue.
- Qualcomm identifies Mr. Eul as the leader of Infineon's cellular business prior to Intel's acquisition in 2011 and thus well-positioned to testify "as to the reasons for the acquisition and for the success or failure of the business," but Mr. Constantine and Mr. Wolff were also central to that business and therefore very familiar with it (and Qualcomm acknowledges that Ms. Evans can also testify regarding the reasons for the Infineon acquisition).

---

[14] Intel and the parties continue to discuss the possibility of additional deposition testimony. One requested witness (Thomas Lueftner) is a former Intel employee outside the subpoena power, and Qualcomm has requested a replacement witness (Thomas Lindner), a current employee but who is also outside the subpoena power. One other requested witness (Mr. Bell) is a former Intel employee who maintains he was only minimally relevant to the issues in the case, and that his deposition would be unduly burdensome and cumulative. The parties are discussing Mr. Bell's request that Qualcomm withdraw that subpoena. Qualcomm has also recently indicated it may serve subpoenas to one or more additional Intel witnesses.

[15] Qualcomm offered to limit its questioning of Ms. Keddy to five hours, but only if Intel agreed to make all other witnesses available to Qualcomm alone for a full seven hours. That compromise position—essentially conceding just 2 of the demanded 49+ hours—was insufficient.

- Qualcomm identified Mark Davis (a former VIA employee before Intel acquired VIA Telecom) as being able "to explain competition with Qualcomm in the sale of CDMA baseband processors and the effects on competition of Intel's acquisition of VIA Telecom," but (as Qualcomm acknowledges), Ms. Evans is also knowledgeable about Intel's acquisition of VIA Telecom (and Qualcomm has previewed its intention to subpoena an additional legacy-VIA witness).[16]

The fact that these depositions will be taken for purposes of four separate actions changes nothing. These are related cases, and the discovery of Intel will be substantially the same across actions.

*Second*, much of the deposition discovery Qualcomm seeks from Intel is equally (if not more readily) available from other parties Qualcomm plans to depose. For example, Qualcomm states that it plans to examine Mr. Constantine on "the reasons why *Apple* did not select Intel baseband processors for iPhones produced between 2011 and 2015." (emphasis added). Qualcomm will also be deposing several Apple witnesses on that same topic. Similarly, Qualcomm identified Mr. Wolff and Mr. Eul as individuals who could offer testimony as to how Intel's baseband processors compared to Qualcomm's, testimony that would also be available from actual or potential customers, like Apple and other OEMs that will be deposed.

*Third*, Qualcomm has adequate time to obtain necessary discovery from Intel during full-day depositions without extending them. And, contrary to Qualcomm's suggestion, Intel is not seeking to limit Qualcomm to 3 ½ hours per deponent. If Qualcomm believes it is entitled to more than 50% of the time with respect to any Intel witness, it can negotiate that with plaintiffs (as they have offered), or take it up with the Court if the parties cannot reach agreement. As with Mr. Hayter's deposition, Qualcomm may be able to secure well more than half the seven hours. Intel takes no position on how that time is allocated, but Qualcomm's unrelenting demand for nearly 50 hours for itself, from these seven witnesses alone, is simply unwarranted.

*Finally*, the burden to Intel and the deponents of sitting for multiple days each outweighs any benefit Qualcomm has identified. Four of the seven witnesses are high-level Intel executives for whom a second day of deposition would be a significant additional distraction from their responsibilities at Intel. The remaining three witnesses are former employees for whom it would be even more difficult to take additional time away from their current responsibilities, including to new employers. As this court knows, "[c]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight." *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). Qualcomm's argument that Intel is not a "disinterested third party" is irrelevant. Intel did not initiate this litigation and is therefore a non-party, entitled to the protections afforded non-parties.

<u>Compromise Position</u>. Qualcomm has repeatedly identified Ms. Evans and Mr. Constantine as two of the most important witnesses. As a compromise, Intel is willing to make both available for one-and-a-half days (allowing the parties to divide the time as they see fit, but in no case giving Qualcomm more than 7 hours). For the remaining current employees (Ms. Keddy and Mr. Davis), Intel is willing to make them available for one day of eight hours to facilitate agreement among the parties to split time (wherein Qualcomm negotiates for up to five hours).[17]

---

[16] See Declaration of Aichatou Evans, Case Nos. No. 5:17-CV-00220-LHK-NMC; 5:17-md-027773-LHK (Dkt. No. 244-3) (Oct. 20, 2017) at ¶¶ 2–4, 6, 8 ("Evans Decl.").

[17] Intel's compromise proposal is made without prejudice to Plaintiffs' positions on how such time should be allocated among the parties. Plaintiffs asked Intel to inform the Court that they reserve their rights on allocation of deposition time.

Dated:  January 30, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP

/s/ Antony L. Ryan
Antony L. Ryan
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
aryan@cravath.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 369-6000
Facsimile:  (212) 309-6001
richard.taffet@morganlewis.com

*Attorneys for Qualcomm Incorporated*

/s/ Mark A. Ford

WILMER, CUTLER, PICKERING, HALE & DORR LLP
MARK D. SELWYN (CA SBN 244180)
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE
JOSEPH J. MUELLER
MARK A. FORD
TIMOTHY SYRETT
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Non-Party Intel Corporation*

.

**FILER'S ATTESTATION**

I, Antony L. Ryan, am the ECF user whose identification and password are being used to file this Joint Discovery Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

/s/ Antony L. Ryan
Antony L. Ryan