Jennifer Milici, D.C. Bar No. 987096
Wesley G. Carson, D.C. Bar No. 1009899
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Cal. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
*jmilici@ftc.gov*

Lin W. Kahn, Cal. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
*lkahn@ftc.gov*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:   (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S AND PLAINTIFF FEDERAL TRADE COMMISSION'S JOINT DISCOVERY STATEMENT**<br><br>Courtroom:  7, 4th Floor<br>Judge:       Hon. Nathanael M. Cousins |

Qualcomm and the FTC submit this joint statement. The parties have met and conferred on the issue discussed herein and have not been able to reach agreement.

## Qualcomm's Position

Qualcomm seeks to have nonparty Huawei Device Co., Ltd. ("Huawei") and its employees stricken from the FTC's Rule 26(a) disclosures. Huawei is a competitor, licensee and customer of Qualcomm. Accordingly, Huawei has a strong commercial interest in the outcome of this case, and is seeking affirmatively to assist the FTC. But Huawei is doing so without abiding by ordinary discovery rules by exploiting its status as a Chinese company that is beyond this Court's jurisdiction. Huawei is using its foreign status to cherry-pick the documents and testimony it provides, in order to advance its commercial interests, while denying Qualcomm the discovery it needs to defend itself. In particular, Huawei voluntarily agreed to make witnesses from China available to the FTC, but refuses to provide Qualcomm with documents necessary to examine those witnesses. Allowing Huawei's selective participation in discovery would lead to the creation of a prejudicial and unreliable record, by denying Qualcomm the ability to challenge the veracity of deposition testimony provided by a fierce adversary. To avoid unfair prejudice to Qualcomm, Huawei and its employees should be stricken from the FTC's Rule 26(a) disclosures.

**A. Relevant Facts**

On June 23, 2017, Qualcomm served subpoenas for the production of documents on Huawei Device U.S.A. Inc., a U.S. subsidiary of Huawei. Qualcomm also filed Letters of Request pursuant to the Hague Convention seeking document discovery from Huawei itself. [REDACTED]

On December 4, 2017, Qualcomm and the FTC exchanged preliminary witness lists. [REDACTED] The FTC's focus below on the *number* of documents Huawei is producing is off point; the problem here is that Huawei is picking and choosing *which* documents it will produce, thereby gerrymandering the record.[1]

---

[1] The FTC faults Qualcomm for not providing a "sworn declaration" regarding the discussions with Huawei's counsel and has attached a letter Huawei's counsel wrote, presumably at the FTC's request, *after* Qualcomm provided the FTC its portion of this filing. The fact that Huawei and the FTC are coordinating their efforts to defeat this motion further highlights the extent to which Huawei's actions are deliberately prejudicing Qualcomm. Consistent with this Court's stated preference, Qualcomm did not attach discovery correspondence to its portion of this statement, but because the FTC has insisted on doing so, Qualcomm has included its reply to Huawei's counsel, [REDACTED] Ex. B. In any

1

**B. The Court Should Strike Huawei from the FTC's Rule 26(a) Disclosures.**

  The FTC's inclusion of Huawei on its Rule 26(a) disclosures—and its inclusion of Huawei employees on its preliminary witness list—threatens the integrity of these proceedings. In light of its strong commercial interest in the outcome of this litigation, Huawei is seeking to use its position as a foreign non-party to cherry pick the evidence that it makes available to the Court. Federal courts have the inherent power to safeguard the integrity of the discovery process. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). Courts in this district have found that parties that fail to produce documents may be excluded from testifying. *Evenflow Plumbing Co. v. Pac. Bell Directory*, No. C-3:04-CV-00795 EDL, 2005 WL 954469, at *2 (N.D. Cal. Apr. 26, 2005). A nonparty with an interest in the litigation may not unreasonably refuse to provide documents or other discovery to the disadvantage of a party; courts, including those in this district, have refused to admit the testimony of foreign nonparties when they refuse to provide appropriate discovery. *In re CRT Antitrust Litig.*, No. 1917, 2015 WL 12966202 at *3 (N.D. Cal. Jan. 2, 2015) (foreign nonparty who failed to appear for a deposition was "deemed unavailable" to testify at trial); *United States v. Cohen*, No. 08-3282, 2012 WL 289769 at *8 (C.D. Ill. Jan. 31, 2012) (refusing to admit foreign nonparty's testimony from a foreign hearing under the residual exception to the hearsay rule in part because of a lack of document discovery). The FTC attempts to distinguish *CRT* on the basis that the witness could testify at trial if he agreed to be deposed. Importantly, however, there was a custodial production of documents from the witness in that case. *In re CRT*, 2015 WL 12966202 at *2. Indeed, the FTC itself has stated in this litigation that it "intends to object to the introduction at trial of documentary or testimonial evidence from entities or individuals who are not subject to compulsory process in the United States, if such entities or individuals decline to produce documents or give deposition testimony at the FTC's request".[2]

  Proceeding with testimony from Huawei witnesses would implicate the same fundamental fairness concerns at issue in the above cases. Huawei is purposefully omitting documents that are key for Qualcomm to be able to conduct an effective, level-field examination. For example, Huawei's testimony will undoubtedly relate to licensing negotiations with Qualcomm. These negotiations, especially where Huawei is the licensor, will be important to challenging the consistency and credibility of Huawei's assertions. Moreover, Huawei is a large purchaser of modem chips and a competing supplier of modem chips, And contrary to the FTC's suggestion, The question is not, as the FTC asserts, whether the quantity of Huawei's production is "grossly insufficient"; the problem is that Huawei's production is intentionally gerrymandered to further one side's position.

  The appropriate remedy is to strike Huawei from the FTC's Rule 26(a) disclosures. The FTC contends that there is no precedent for this approach, but there is also no precedent for a foreign entity to voluntarily insert itself into judicial proceedings by making witnesses available

---

event, the Court need not take evidence and make a factual finding about the content of the discussions between counsel.
[2] Email from J. Milici to Y. Even, dated December 7, 2017.

2

while continuing to use its foreign status to resist basic document discovery.  Ordinarily, if a non-party were engaging in this gamesmanship, Qualcomm could move to compel appropriate discovery to prevent the prejudice arising from a manipulated record, but that option is not available because Huawei is outside the Court's jurisdiction.  Accordingly, the best remedy is to strike Huawei from the FTC's Rule 26(a) disclosures, such that Huawei witnesses need not be deposed, and the manipulated record will not be created in the first place.  This preemptive remedy is superior to a motion *in limine* many months down the line—after Huawei witnesses are deposed—so that the parties do not waste time and resources on pointless and prejudicial discovery on a compressed schedule, and so that the record is not infected with unreliable testimony from a commercially motivated party not subject to the normal rules of discovery.

**C. Qualcomm's Motion is Timely**

The FTC also argues that the motion is untimely, contending that Qualcomm should have brought this dispute to the Court before the December 15, 2017 deadline to resolve discovery disputes with third parties.  *First*, this dispute is not subject to the December 15 deadline because it is not a discovery dispute with Huawei; it is a dispute with the FTC about the scope of its Rule 26(a) disclosures.[3]  *Second*, Qualcomm was not aware of Huawei's intent to voluntarily make witnesses available to the FTC until receiving the FTC's preliminary witness list on December 4, 2017.  Qualcomm then immediately asked Huawei, once again, for a custodial production.  *Third*, Qualcomm did advise the Court of this issue in its December 15, 2017 status update.  Huawei and Qualcomm were at that time continuing to negotiate the scope of Huawei's discovery.  Thus, the dispute between Qualcomm and the FTC regarding Huawei was not ripe until after December 15, 2017, through no fault of Qualcomm's.

## FTC's Position

Qualcomm's unprecedented request to "strike witnesses" from the FTC's initial disclosures before even taking their depositions should be denied because (1) the factual underpinnings of its request are disputed, (2) there is no legal authority supporting its request, and (3) the request for relief is premature.  If, after deposing the Huawei witnesses, Qualcomm maintains at trial that it would be prejudiced by the testimony of a Huawei employee on a specific topic, it should seek relief from Judge Koh at that time

**A.  Qualcomm Has Not Established a Factual Basis For The Relief It Seeks**

Qualcomm's claim that it lacks sufficient information to depose Huawei employees is unfounded.  Huawei is a customer and licensee of Qualcomm's and its employees will testify regarding Huawei's dealings *with Qualcomm*—a topic on which Qualcomm is equally knowledgeable.  [REDACTED]

The FTC did not participate in discussions between Huawei and Qualcomm regarding Qualcomm's subpoena or Letters of Request.  In recent correspondence, however, Huawei has disputed Qualcomm's version of events.  [REDACTED]

---

[3] Huawei asserts that it is not subject to the jurisdiction of this—or any other U.S.—court, such that Qualcomm could not have brought a motion to compel production by Huawei, whether by December 15 or otherwise.

3



There is no evidentiary record upon which the FTC or the Court can evaluate the differing accounts of the negotiations between Qualcomm and Huawei. As set out above, Qualcomm apparently disagrees that it ever accepted Huawei's proposal.[4] But Qualcomm's unilateral assertions that Huawei acted in bad faith, absent a sworn declaration detailing the specific document requests it made or the searches that it proposed, or any other supporting evidence, cannot be sufficient grounds to limit the FTC's proof at trial.[5]

Setting aside these conflicting accounts, if Qualcomm believed that Huawei was improperly limiting its document production in a way that would prejudice it, it should have raised this issue with the Court in a timely manner. Judge Koh set a December 15, 2017 deadline for the parties to raise third-party document discovery disputes, the very purpose of which was to address any issues so that document discovery could be completed before depositions began, and depositions could conclude by the fact discovery deadline. *See* Nov.15, 2017 Case Mgmt. Conf. Tr. at 14-15. The FTC listed Huawei on the initial disclosures it served in April 2017 and promptly thereafter produced transcripts of relevant investigational hearings. Thus, Qualcomm knew long before December 4 that the FTC may call Huawei witnesses at trial and yet chose not to diligently pursue the discovery that it now claims is essential.[6]

### B.  There is No Legal Basis For Striking a Witness From a Rule 26 Disclosure

Even if one could accept, without evidence, Qualcomm's characterization of its dispute with Huawei, there is no legal basis or precedent for Qualcomm's request that the Court "strike Huawei from the FTC's Rule 26(a) disclosures." Rule 26 disclosures do not represent a final trial witness list; the very purpose of exchanging disclosures "is to identify those witnesses that a party intends to use at trial . . . enable[ing] the opposing party to plan its discovery, including depositions." *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011). There is no authority for the position that exhaustive document discovery from a non-party is a prerequisite to holding a deposition. Qualcomm cannot point to a single case in which a court has stricken a witness from a party's initial disclosures due to the allegedly inadequate scope of a non-party's document search. The cases

---

[4] The suggestion that Huawei and the FTC are improperly "coordinating their efforts" or that Huawei's counsel only wrote the letter summarizing the negotiations "at the FTC's request" is a red herring. Because the FTC did not participate in the negotiations, it was necessary to ask Huawei's counsel for its response to Qualcomm's allegations before assessing the situation and responding to Qualcomm's motion.

[5] Should the Court determine that Qualcomm's request has merit, the FTC requests that the Court hold an evidentiary hearing on these issues.

[6] Despite Qualcomm's lack of diligence, the FTC has informed Qualcomm that it will not object to any motion *in limine* on this topic on the grounds that Qualcomm should have brought such a motion during the discovery period.

cited by Qualcomm involve the exclusion of evidence due to *party* misconduct, which is not alleged here. *See, e.g.*, *Unigard*, 982 F.2d 363 (excluding expert testimony where key evidence was intentionally destroyed); *Evenflow Plumbing,* 2005 WL 954469, at *2 (striking trial testimony concerning the calculation of lost profits because plaintiff conceded it had failed to disclose or produce the documents that the witness relied upon, denying the defendant the chance to cross-examine the witness regarding the withheld documents). Qualcomm also fails to establish that Huawei should be held to a different discovery standard because it is an "interested nonparty." All of the firms injured by Qualcomm's conduct would benefit if that conduct were enjoined, but that does not transform them into parties for the purpose of discovery.

Because Huawei witnesses are willing to appear for depositions, Qualcomm's remaining authority actually undermines its arguments. *See Cohen*, 2012 WL 289769 at *4 (granting a motion to exclude from trial testimony obtained in a foreign proceeding, where the witness offered unresponsive answers to the questions propounded, and "no party had the opportunity to "develop the testimony by direct, cross, or redirect examination"); *see also In re CRT*, 2015 WL 12966202, at *2 (former employee failed to appear for his deposition, leaving "no other recourse to discovering highly relevant information"). Indeed, the court in *In re CRT* acknowledged that a deposition would cure its concerns about the inadequacy of discovery from a foreign witness, and ordered that, should the witness become available for trial, the defendant must be given thirty days' notice and the witness must be made available for an out-of-time deposition. *Id*. at *3. This relief was not tied to the provision of custodial documents, nor did the court there hold that was a perquisite for a deposition. *See id*. No case cited by Qualcomm supports its argument that a non-party witness should be stricken from a disclosure, and no deposition taken, if the witness's foreign employer declines to conduct a broad custodial search for documents.

Qualcomm cannot credibly maintain that this production is so grossly insufficient as to render any conceivable testimony from a Huawei witness on any topic inadmissible at trial. Any argument that Huawei is "cherry picking" is illogical: Qualcomm does not contend that Huawei selected only documents that would advance its interests or damage Qualcomm; only that Huawei did not conduct a search that was broad enough. Further, Qualcomm has not articulated why the specific categories of documents it contends it needs in order to move forward with the depositions are essential for Qualcomm to be able to question witnesses on these topics.

### C. Qualcomm's Request is Premature

Notwithstanding the lack of a legal basis for its request, Qualcomm's motion is premature. Should a Huawei witness appear on the FTC's final trial witness list, Qualcomm may file a motion *in limine* before Judge Koh asserting that the testimony of the witness on a given subject is unreliable or that the admission of the testimony would be prejudicial. The trial court can then assess Qualcomm's arguments in light of the totality of discovery taken, including the depositions of the witnesses whose testimony is at issue.[7] Huawei's witnesses are willing to submit themselves to Qualcomm's cross-examination, and their depositions should go forward before any argument about the ultimate admissibility of their testimony—or the weight to be afforded these witnesses— is considered by the court.

---

[7] The FTC's December 7 email, cited in footnote 2, is consistent with the position that the admissibility of a foreign entity's testimony is an issue to be decided at trial. Moreover, the statement is not applicable to the situation at hand, where Huawei witnesses are in fact providing both documents and deposition testimony.

Dated:  January 31, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,


  /s/ Jennifer Milici
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Federal Trade Commission*


CRAVATH, SWAINE & MOORE LLP,



      /s/ Gary A. Bornstein
Gary A. Bornstein
Yonatan Even
Worldwide Plaza
   825 Eighth Avenue
      New York, NY 10019
         Tel: (212) 474-1000
            Fax: (212) 474-3700
               gbornstein@cravath.com
               yeven@cravath.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
   101 Park Avenue
      New York, NY 10178-0060
         Tel: (212) 309-6000
            Fax: (212) 309-6001
               richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP

6

1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP

One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

## **FILER'S ATTESTATION**

I, Jennifer Milici, am the ECF user whose identification and password are being used to file this Joint Discovery Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

*/s/ Jennifer Milici*
Jennifer Milici