BOIES SCHILLER FLEXNER LLP
William A. Isaacson (*Pro Hac Vice App.* to be filed)
DC Bar No. 414788, wisaacson@bsfllp.com
Karen L. Dunn (*Pro Hac Vice App.* to be filed)
DC Bar No. 1002520, kdunn@bsfllp.com
Amy J. Mauser (*Pro Hac Vice App.* to be filed)
DC Bar No. 424065, amauser@bsfllp.com
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

BOIES SCHILLER FLEXNER LLP
Edward H. Takashima, SBN 270945
etakashima@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Telephone:  (310) 752-2400
Facsimile:  (310) 752-2490

Attorneys for Non-Party APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>　　　　Plaintiff,<br><br>　　v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>　　　　Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NON-PARTY APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NONDISPOSITIVE PRETRIAL ORDER IMPOSING SANCTIONS**<br><br>Courtroom: 8, 4th Floor<br><br>Judge:  Hon. Lucy H. Koh |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-md-02773-LHK-NMC |

On October 16, 2017, Magistrate Judge Cousins set December 15, 2017 as the date by which Non-Party Apple Inc. ("Apple") was required to complete its document production. (ECF 223.) Apple has already detailed its extensive efforts to comply with this deadline. (ECF 445.) Apple ramped up its document review team from 115 attorneys to 250 attorneys to 500 attorneys within two months; it produced certain categories of documents without any manual review, subject to clawback; and it attempted to expedite its review by employing a Technology-Assisted Review process, an attempt that was blocked by Qualcomm. As a result of these efforts, Apple was able to produce 2.6 million documents, totaling 16.5 million pages, within a two-month timeframe. (ECF 403 at 1.)

Although it has not identified any prejudice based on Apple's inability to complete its document production by December 15, Qualcomm argues that civil contempt sanctions are justified because Apple was unable—despite devoting substantial resources to the endeavor—to manually review over six million documents that hit on the Court-ordered search terms in a brief two-month window. (*Id.*)

Qualcomm notably does not address any of the procedural errors underlying the sanctions order. Apple was not given notice that the Court was considering contempt sanctions prior to the December 20 hearing, and had no opportunity to present evidence of the steps it took to meet the Court's deadline. *See Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994); *SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) ("Due process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings."). Because Apple was not afforded these basic due process protections, reversal is required.

Moreover, contempt sanctions are not warranted here because Apple took "all reasonable steps within [its] power to comply" with the Court-imposed deadline. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001). The Court's failure to make any findings regarding—or even to consider—whether Apple took all reasonable steps towards compliance is an independent error that requires reversal.

## I. Apple Was Not Given Adequate Notice or an Opportunity to Present Evidence

Apple is indisputably a non-party in these actions. Although Qualcomm argues that "Apple cannot credibly claim the status of a disinterested third party," (ECF 516 at 5), and Magistrate Judge Cousins has expressed his view that "Apple is not an uninvolved, uninterested third party," (ECF 198 at 13:17-18), the relevant distinction is not between "disinterested" or "uninvolved" third parties, on the one hand, and other third parties and parties, on the other hand—it is between parties, who may be sanctioned under Rule 37, and non-parties, who may be sanctioned only based on *contempt*. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) ("The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[g]."); *Poly-Med, Inc. v. Novus Sci. PTE Ltd.*, No. 17-CV-649-DMS-WVG, 2017 WL 2291942, at *1 (S.D. Cal. May 25, 2017) ("The Court construes this as a motion for contempt sanctions as this is the only sanctions remedy allowed under Rule 45."). *Compare* Fed. R. Civ. P. 37(b) *with* Fed. R. Civ. P. 45(g).

A non-party facing contempt sanctions is entitled to notice and "a real and full opportunity to explain his questionable conduct before sanctions are imposed." *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV1202943MMMFFMX, 2013 WL 12114761, at *3 n.9 (C.D. Cal. Sept. 23, 2013) (quoting *Kraszewski v. State Farm Gen. Ins. Co.*, 130 F.R.D. 111, 114 (N.D. Cal. 1984) (addressing sanctions against a *party*); *accord Bagwell*, 512 U.S. at 827 (providing that civil contempt may be imposed "upon notice and an opportunity to be heard"). In addition, a "civil contempt proceeding . . . is a trial within the meaning of Fed. R. Civ. P. 43(a)." *Hoffman ex rel. NLRB v. Beer Drivers & Salesman's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976). Although the Court may "treat as true the facts set forth in uncontroverted affidavits," *id.*, to the extent there are any factual disputes, "witness testimony must be taken in open court," and "civil contempt may not be tried on the basis of the affidavits alone," *Salamon v. Creditors Specialty Serv., Inc.*, No. C 11-172 CW, 2012 WL 4857810, at *3 (N.D. Cal. Oct. 11, 2012) (citing *Pennwalt*, 708 F.2d at 495).

Here, Magistrate Judge Cousins raised the prospect of monetary contempt sanctions *sua sponte* for the first time during the December 20 hearing. (ECF 424 at 23 ("It occurs to me that another remedy could be a financial sanction per day for violation of the court order. That request was not made by Qualcomm.").) Qualcomm had not requested any such sanction in its joint discovery statement (ECF No. 404); in fact, Qualcomm's counsel admitted that he had not previously considered a monetary sanction: "I've not given the . . . option any thought just yet." (*Id*. at 24.) Apple was forced to respond to the Court's sanctions motion without *any* advance warning or opportunity to prepare its case other than a brief recess between portions of the December 20 hearing. That is not adequate notice.

Because it did not have meaningful notice, Apple did not have "a real and full opportunity" to explain its conduct. *Mireskandari*, 2013 WL 12114761, at *3 n.9. Although Apple had submitted a handful of status reports concerning its document productions and addressed its compliance with the Court's December 15 deadline in its December 16 discovery statement (ECF 404 at 5), Apple did not have an opportunity to offer affidavits or testimony concerning its efforts to satisfy the Court's substantial completion deadline. While a full bench trial is not required in contempt proceedings, the law makes it clear that Apple should have been allowed to present evidence to defend its conduct and then offer testimony on any disputed factual issues. *See Salamon*, 2012 WL 4857810, at *3. Instead the Court imposed sanctions without hearing *any* evidence. The Court erred by treating Apple like a party, rather than a non-party, and as a result did not afford Apple the due process protections to which it was entitled. As a result, the Court's sanctions order should be overturned.

**II.     Apple Took All Reasonable Steps to Meet the December 15, 2017 Deadline**

Contempt sanctions against a third party such as Apple require a finding not only that Apple failed "to obey the subpoena or an order related to it" but also that such failure was "without adequate excuse." Fed. R. Civ. P. 45(g). Non-parties cannot be held in contempt if they "have performed all reasonable steps within their power to insure compliance with the court's orders." *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (internal quotation marks omitted). In imposing a $25,000 per day sanction, Judge Cousins concluded that Apple

3

had not substantially completed its document production by December 15, but he made *no findings* concerning either the adequacy of Apple's efforts to meet the deadline, or the feasibility of expecting any litigant—whatever its resources—to review millions of documents, including documents from fourteen attorney custodians, and produce relevant and non-privileged documents in just two months.  (ECF 421.)

### A.     *Apple Did Not Concede that December 15 Was a Feasible Deadline*

Qualcomm contends that Apple cannot complain about the December 15 deadline because it suggested that date.  In truth, however, in its portion of the October 6, 2017 joint statement, Apple proposed December 31 as the deadline, but indicated its willingness to *try* for December 15, with the explicit understanding that such a deadline might not be feasible:

> Apple initially indicated that it thought December 31, 2017 would be a reasonable, if aggressive, target for the substantial completion of document production.  Based on Qualcomm's demands, Apple is making a best effort to substantially complete document production by December 15, 2017 . . . .  If in the course of document production Apple believes it needs to revise its December 15, 2017 target date, it is willing to inform Qualcomm and discuss timing further.

(ECF 208 at 5.)  Although at the October 11 hearing Apple ultimately had to agree to December 15, Apple cannot be found to have *volunteered* December 15 as the deadline, or to have *conceded* that reviewing and producing all documents by that date was achievable.

Moreover, after the Court ordered Apple to use Qualcomm's search terms, and Apple proceeded with its document review, Apple advised the Court and Qualcomm that it would be "[i]mpossible to [a]chieve" substantial completion by the December 15 deadline without employing a technology-assisted review system.  (ECF 237 at 5.)  Qualcomm vetoed Apple's proposal to use such a system.  (ECF 327 at 1.)  After impeding Apple's efforts to meet the production deadline, Qualcomm cannot reasonably claim that Apple's conduct was dilatory and warrants sanctions.

### B. Qualcomm Has Not Identified Additional, Reasonable Steps Apple Could Have Taken

Apple described in its opening brief the substantial efforts it made to complete the review and production of documents as quickly as possible. (ECF 445.) Apple has satisfied its burden of establishing that it took all reasonable steps to comply with the Court's order. Even Judge Cousins acknowledged that Apple had expended "great effort" to comply with the deadline. (ECF 424 at 58.) In light of this "great effort," Apple should not be sanctioned merely because the Court-imposed deadline proved to be impossible.

Qualcomm has identified *no* reasonable steps Apple could have taken to meet the production deadline. Its suggestion that Apple should have simply produced on December 15 *all* documents that hit on search terms, even if Apple had not been able to review them, ignores the issue that Apple could not reasonably produce documents from its fourteen attorney custodians without reviewing them for privilege and work product issues, even though the Court entered a clawback order pursuant to Federal Rule of Evidence 502(d). Nor could Apple reasonably produce other documents it had identified as potentially privileged or subject to work product protection. Qualcomm also fails to note that Judge Cousins expressly *rejected* Qualcomm's demand for the production of such documents without review. (ECF 424 at 23-24.)

The only other step Qualcomm identifies is that Apple could have started its review sooner. But the relevant inquiry here should focus on whether there were any additional steps Apple could have taken *between October 16*, when the substantial completion deadline was set, *and December 15* to meet the Court's deadline.

In light of the tremendous effort Apple expended to review and produce millions of documents in a tight window, Apple submits that it "performed all reasonable steps within [its] power to insure compliance with the court's orders," *Stone*, 968 F.2d at 856, and that a contempt sanction is not warranted.

For the reasons above, Apple respectfully requests that this Court reverse the sanctions order.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2018 | Respectfully submitted, |
| 2 | | By: */s/ Edward H. Takashima* |
| 3 | | William A. Isaacson |
| | | wisaacson@bsfllp.com |
| 4 | | Karen L. Dunn |
| | | kdunn@bsfllp.com |
| 5 | | Amy J. Mauser |
| | | amauser@bsfllp.com |
| 6 | | BOIES SCHILLER FLEXNER LLP |
| | | 1401 New York Avenue, N.W. |
| 7 | | Washington, DC 20005 |
| | | Telephone: (202) 237-2727 |
| 8 | | Facsimile: (202) 237-6131 |
| 9 | | Edward H. Takashima |
| | | etakashima@bsfllp.com |
| 10 | | BOIES SCHILLER FLEXNER LLP |
| | | 401 Wilshire Blvd., Suite 850 |
| 11 | | Santa Monica, CA 90401 |
| | | Telephone: (310) 752-2400 |
| 12 | | Facsimile: (310) 752-2490 |
| 13 | | Attorneys for Non-Party APPLE INC. |