CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest, SBN 84065
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional counsel in the signature block.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S RESPONSE TO THE BRIEF OF AMICUS CURIAE LAWYERS FOR CIVIL JUSTICE**<br><br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br>Date: February 15, 2018 |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

The lengthy submission of *amicus curiae* Lawyers for Civil Justice ("LCJ") ignores or misstates critical facts supporting Magistrate Judge Cousins's decision to sanction Apple. When those facts are considered, even under the stringent legal standard LCJ advocates, the moderate sanction imposed here was not clearly erroneous or contrary to law.

LCJ's policy-based argument focuses on the purported consequences of the sanctions order for future non-parties who miss deadlines or otherwise fail to comply with discovery obligations under Rule 45. Those policy concerns are misplaced. Because of the specific record before the Magistrate Judge of Apple's dilatory conduct and Apple's unique role in this litigation, the sanctions order here will not spawn a wave of sanctions against other non-parties in other cases. As shown below, based on the particular circumstances presented here (rather than the more generalized concerns that LCJ articulates), sanctions were amply justified and properly imposed.

**I.    The Magistrate Judge Rightly Considered the Entirety of the Record.**

This is not a case of a "missed deadline", an "innocent mistake", or "a good faith effort that comes up short". (LCJ Br. at 2-3, 5.) In assessing the appropriateness of sanctions, Judge Cousins was entitled to consider the *full* record of Apple's conduct during discovery, and not just the few data points highlighted by LCJ. As detailed in Qualcomm's January 26, 2018 submission (ECF No. 516), that record includes arbitrary delay in negotiating a custodian list, when Apple simply refused to discuss the matter for weeks. (ECF No. 208.) The record includes extraordinary delay in even collecting documents for review, totaling over nineteen weeks after Apple first proposed a custodian list and eleven weeks after that list was finalized. (ECF Nos. 208, 366.) The record also includes Apple's failure to engage in forthright negotiations over search terms. For approximately three months, Apple claimed to be "running metrics" on potential terms, but Apple refused to share any such metrics with Qualcomm until the Court requested proposed orders on search terms. (ECF No. 234.) Thus, Judge Cousins rightly found Apple's claim of burden from the search terms to be both "belated" and unpersuasive. (ECF No. 239.)

Judge Cousins was also entitled to consider Apple's strong commercial interest in delaying its document production. As he noted, Apple is "not an uninvolved, uninterested third party, but has a strong commercial interest in the proceeding" where "in some ways FTC is standing in the shoes or is fighting Apple's fight on its behalf". (8/31/2017 Hrg. Tr. 13:11-18.). Apple is locked in litigation with Qualcomm around the world and is actively cooperating with the FTC under a purported common interest agreement. (ECF No. 404.) Apple is nothing like the paradigmatic non-party LCJ says is owed "special care" to protect against burden and expense. (LCJ Br. at 8.) Rather than being reluctantly pressed to "provide 'involuntary assistance to the court'" (*id.*), Apple is a full-fledged and very willing participant in the broader litigation. Thus, contrary to LCJ's suggestion, Apple was not made to shoulder an extraordinary burden here. Qualcomm's subpoenas in these cases did not call for Apple to produce *any* additional documents beyond those it would be producing anyway as a party in the Southern District of California.

**II.    The Magistrate Judge Did Not Set Unreasonable Deadlines.**

LCJ faults Judge Cousins for "resol[ving] discovery disputes" in Qualcomm's favor, which it says "resulted in substantial changes to the landscape" that precluded Apple from meeting the Court's deadlines. (LCJ Br. at 15.) That is not correct.

A.    <u>Apple Selected a December 15 Production Deadline with Manual Review.</u>

In October, Qualcomm and Apple filed two joint discovery statements: one on the need for a production deadline and another on the search terms in dispute. (ECF Nos. 208, 212.) As to the first submission, at an October 11 hearing, Judge Cousins *asked* Apple for its proposal on a deadline, and *Apple* offered December 15 for substantial completion:

> THE COURT:  In reading the briefs, I understand Qualcomm had suggested hard dates of December 1 and 15 of 2017 [to substantially complete production and a privilege log, respectively], and that Apple's given various responses and statements of intent to be compliant, but I hope we will leave the hearing with a firm date for each of those deadlines, noting that the fact discovery cutoff is March 30th, 2018 . . . . ***So I'm going to start with Apple's counsel as to what deadlines you would suggest for the substantial completion of document production and for the production of***

> *privilege logs*, recognizing that I may play the role of the Christmas Grinch here. We're talking about December deadlines, and I may impose one that is going to inflict holiday pain and suffering on associates across the country. **What dates do you suggest for those deadlines?**
>
> MR. TAKASHIMA [Apple's counsel]: *We would suggest December 15th and the end of the year respectively.*

(10/11/2017 Hrg. Tr. 6:17-7:12 (emphasis added).)  Apple made this suggestion of December 15 at a time when it planned a manual document review and recognized that it would be "reviewing millions of documents and I expect producing millions of documents". (*Id.* at 15:25-16:2.)

LCJ's suggestion that the subsequent resolution of the search terms in Qualcomm's favor made compliance with the deadlines impossible is without merit. In supplemental briefs filed after the October 11 hearing, only eleven search terms remained in dispute, to which Apple's primary objection was "fit" rather than burden.[1]  And Judge Cousins expressly rejected Apple's burden objection.

      B.      <u>Apple's Proposed TAR Model Was Not a Reasonable Means to Proceed.</u>

LCJ also faults Qualcomm and the Court for not approving Apple's last-minute effort to introduce a technology-assisted review ("TAR") process, arguing that Apple "is entitled to choose, at least in the first instance, the methods by which it will meet its production obligations". (LCJ Br. at 13).  But Apple *had* chosen its review method:  manual review after applying search terms that were negotiated for *months*, and based on which Judge Cousins set the production deadlines.  (ECF Nos. 239, 287 at 4; 10/11/2017 Hrg. Tr. 15:25-16:2.)  Apple raised TAR for the very first time on November 3, 2017—more than three weeks after the hearing at which the production deadline was set.  (10/11/2017 Hrg. Tr. 9:10-12; ECF Nos. 287, 516.) None of the authorities cited by LCJ allow a litigant to go through extensive negotiations and two rounds of briefing based on one production method, and then unilaterally switch methods six weeks before the production deadline.  This is particularly true for a TAR process, which

---

[1] Based on Apple's "representative custodians to generate test metrics", applying Qualcomm's version of the terms in dispute added on average only 1.5% to 5.8% of documents per custodian, and these figures do not account for duplicates across those custodians, which means the real differences are even lower. (ECF Nos. 232, 234.)

3

QUALCOMM'S RESPONSE TO BRIEF OF AMICUS CURIAE LAWYERS FOR CIVIL JUSTICE
Case Nos. 17-cv-0220-LHK-NMC & 17-md-2773-LHK-NMC

requires parties to cooperate in assessing and validating the model; Apple's delay in proposing TAR left no time for that to happen.  The contention that Apple did not raise TAR earlier because it did not realize the scale of the review task is at odds with its stated expectation at the October 11 hearing that it would review "millions of documents".  (ECF 287 at 4.)[2]  Further, Apple's TAR proposal was substantively flawed because it was not intended as a substitute for manual review but as an *additional* means for excluding documents from production, so that Apple would exclude documents through search terms, through TAR *and* through manual review.  This triple-screen contravenes accepted practice, and the Sedona Principles to which LCJ cites, under which TAR should be run upon material *not* culled by search terms.  *See, e.g.*, *FCA USA v. Cummins*, No. 16-12883, 2017 WL 2806896, at *1 (E.D. Mich. Mar. 28, 2017) ("Applying TAR to the universe of electronic material before any keyword search reduces the universe of electronic material is the preferred method.") (applying Sedona Principles).

### III.   The Magistrate Judge Gave Apple Sufficient Notice.

LCJ wrongly suggests that Apple had no reason to expect that sanctions might be imposed and insufficient opportunity to oppose them.  In fact, Judge Cousins repeatedly advised Apple that there could be consequences to non-compliance with the production deadlines.

At the November 15 hearing, in discussing Apple's proposed use of TAR—over one month before the sanctions order—Judge Cousins warned that "the risk and burden is going to be on Apple to explain why you didn't meet the deadlines and why you haven't met the Court's order, and to potentially pay for the additional expense that is imposed upon Qualcomm from that process" and that "if we have to do more come December, it's going to be Apple's burden to pay the costs, not its own costs only, but also Qualcomm's costs".  (11/15/2017 Hrg. Tr. 12:12-20.)  He also stated that "Apple's on notice that we'll keep monitoring this and come

---

[2] LCJ notes the increases in the size of Apple's review team heading into December, but Apple's failure to hire an adequate review team by mid-October, when it already understood the volume of documents at issue (10/17/2017 Hrg. Tr. 15:25-16:1), undermines LCJ's assertion that Apple had taken every step to meet its deadlines.  *See Poly-Med, Inc. v. Novus Scientific PTE Ltd.*, No. 17-cv-649-DMS-WVG, 2017 WL 2291942, at *3 (S.D. Cal. May 25, 2017).

back in December to see how it all turned out". (*Id.* at 13:14-15.)  Then at a November 27 hearing, after Apple missed the first production deadline, Judge Cousins "remind[ed] Apple that they're not just made-up deadlines; they're necessary in order to get the depositions done in an orderly fashion in this case", but decided to "wait and see" if Apple met the next deadline on December 15 before taking any action.  (11/27/2017 Hrg. Tr. 20:20-21:21.)

By the time of the December 20 hearing, Judge Cousins had the benefit of four status reports from Apple, five other submissions regarding the progress of Apple's production, and four in-person hearings.  But after finding Apple was in violation of the Court's substantial completion deadline, Judge Cousins still did not immediately issue the sanctions order.  Instead, he recessed the proceedings for over an hour, stating:

> THE COURT:  So two things I want you to discuss while I'm doing criminal proceedings.  One, think about and consult with your colleagues and your client about what an appropriate sanction would be.  Or you might conclude that's valueless because no amount of money is going to change their behavior, or, two, you just want the ordered production.  And, Mr. Takashima [Apple's counsel], for you to think about as well what the appropriate and fair sanction would be, or if you're willing to agree to the other things requested.

(12/20/2017 Hrg. Tr. 25:4-12.)  After the break, Apple had the opportunity to and *did* present argument as to the steps it had taken so far and the appropriateness of a sanctions order.  (*Id.* at 53:18-55:20.)  Apple did not object to the procedures that Judge Cousins employed, did not seek an opportunity to present further argument or evidence, did not explain what further information it might present, and did not contend that a further hearing was required before sanctions were imposed.  After Apple had the opportunity to be heard, Judge Cousins rightly found that "Apple[ was] on fair notice of the deadline and of the expectations, and it hasn't met them." (*Id.* at 58:4-5.)  Under all the circumstances present here, that conclusion—and the decision to impose a moderate sanction—was not clearly erroneous or contrary to law.

**IV.   Conclusion.**

Qualcomm respectfully submits that LCJ's criticisms of the Magistrate Judge's sanctions order are not well taken and that the order should be upheld.

Dated: February 7, 2018

Respectfully submitted,

*/s/ Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
  Worldwide Plaza
    825 Eighth Avenue
      New York, NY 10019-7475
        Tel:  (212) 474-1000
          Fax:  (212) 474-3700
            gbornstein@cravath.com
            yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
  KEKER, VAN NEST & PETERS LLP
    633 Battery Street
      San Francisco, CA 94111-1809
        Tel: (415) 676-2289
          Fax: (415) 397-7188
            rvannest@keker.com
            abhansali@keker.com
            epaige@keker.com

Richard S. Taffet
Willard K. Tom
Donn P. Pickett
Geoffrey T. Holtz
  MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
      San Francisco, CA 94105-1126
        Tel: (415) 442-1000
          Fax: (415) 442-1001
            richard.taffet@morganlewis.com
            willard.tom@morganlewis.com
            donn.pickett@morganlewis.com
            geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*