UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-00220 LHK (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE FTC'S MOTION TO SEAL**<br><br>Re: Dkt. Nos. 525, 529, 546 |

On February 2, 2018, the FTC filed a corrected administrative motion to seal portions of a discovery letter brief and attachments on the basis that non-party Huawei designated certain information confidential. Dkt. Nos. 524, 529. Huawei filed a declaration regarding why that information should be sealed, as required under Civil Local Rule 79-5(e). Dkt. Nos. 535, 546. Huawei does not seek to maintain sealed the portions of the discovery letter brief that the FTC designated as confidential on Huawei's behalf, or Exhibit B to the letter brief. *See* Dkt. No. 546. But Huawei does seek to maintain under seal Exhibit A to the discovery letter brief. *Id.*

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The policy of public access "do[es] not apply with equal force to nondispositive materials." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause"

Case No. 17-cv-00220 LHK (NC)

under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L. R. 79-5(b). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. But, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). In addition, a party must "narrowly tailor" its request to sealable material only. Civil L. R. 79-5(b).

According to Huawei, Exhibit A to the discovery letter brief "contains references to highly confidential information" that would harm its "competitive standing" if disclosed. *Id.* at 2. Exhibit A refers "to decisions by Huawei and its affiliates regarding selecting suppliers for baseband chipsets; efforts to enter into patent-licensing agreements with various entities; and potential product designs." *Id.* at 3. Huawei states that access to the information contained in Exhibit A is restricted within the company, and that its competitors would unfairly benefit from such a disclosure to Huawei's detriment. The Court finds that the request to seal is narrowly tailored and that Huawei satisfies the good cause standard for sealing the specific lines of text.

Thus, the FTC must unseal the discovery letter brief and Exhibit B entirely, and Exhibit A must be filed publicly with the approved redactions, as required under Civil Local Rule 79-5(f)(3).

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: February 7, 2018                   _____
                                          NATHANAEL M. COUSINS
                                          United States Magistrate Judge

Case No. 17-cv-00220 LHK (NC)          2