UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-00220 LHK (NC)<br><br>**ORDER DENYING APPLE'S MOTION TO SEAL**<br><br>Re: Dkt. No. 536 |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-2773 LHK (NC)<br><br>Re. Dkt. No. 317 |

On February 5, 2018, Apple filed an administrative motion to seal portions of a discovery letter brief. Dkt. No. 536.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The policy of public access "do[es] not apply with equal force to nondispositive materials." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause"

Case Nos. 17-cv-00220 LHK (NC),
17-md-02773 LHK (NC)

under Federal Rule of Civil Procedure 26(c).  *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).  Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L. R. 79-5(b).  "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal.  *Nixon*, 435 U.S. at 598.  But, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  In addition, a party must "narrowly tailor" its request to sealable material only.  Civil L. R. 79-5(b).

While the Court agrees with Apple that its request to seal is narrowly tailored, covering only about a line of text, the Court does not agree that the information sought to be sealed merits sealing.  Apple seeks to seal the fact that it cannot produce the common interest agreement without Samsung's consent.  Dkt. No. 536-4 at 4 (currently filed under seal).  Apple requests this information be sealed because disclosure of this information would give insight to Apple's competitors and potential litigants regarding "Apple's confidential legal operations, potentially compromising Apple's competitive standing."  Dkt. No. 536-1 at 2.  The Court finds this alleged harm speculative at best.  The motion to seal is DENIED.  Apple must refile the unredacted discovery letter brief consistent with Civil Local Rule 79-5(f)(2).  This order constitutes no judgment on whether the Common Interest Agreement itself ought to be sealed.

Any party may object to this order within fourteen days.  Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: February 9, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case Nos. 17-cv-00220 LHK (NC),
17-md-02773 LHK (NC)                   2