BOIES SCHILLER FLEXNER LLP
William A. Isaacson (*Pro Hac Vice App.* to be filed)
DC Bar No. 414788, wisaacson@bsfllp.com
Karen L. Dunn (*Pro Hac Vice App.* to be filed)
DC Bar No. 1002520, kdunn@bsfllp.com
Amy J. Mauser (*Pro Hac Vice App.* to be filed)
DC Bar No. 424065, amauser@bsfllp.com
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

BOIES SCHILLER FLEXNER LLP
Edward H. Takashima, SBN 270945
etakashima@bsfllp.com
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone: (310) 752-2400
Facsimile: (310) 752-2490

Attorneys for Non-Party APPLE INC.

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest, SBN 84065
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Attorneys for Defendant
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NON-PARTY APPLE INC. AND DEFENDANT QUALCOMM INCORPORATED'S JOINT STATUS REPORT**<br><br>Courtroom: 7, 4th Floor<br>Judge: Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-md-02773-LHK-NMC |

Pursuant to the Court's February 5, 2018 docket entry, Non-Party Apple Inc. ("Apple") and Defendant Qualcomm Incorporated ("Qualcomm") submit this Joint Status Report to update their January 12, 2018 Joint Status Report (ECF 482).

**I.     Apple's Document Production**

　　A.     *Apple's Position*

To date, Apple has produced more than 3.9 million documents totaling over 34 million pages.

Apple's anticipated document production is complete, with the following exceptions:

(1) Approximately 3,500 documents have not been produced due to potential third party notice/consent issues. Notice and consent issues are being resolved for those documents. Apple anticipates it will be able to resolve those issues and produce these documents by February 28, 2018. All responsive non-privileged documents that were being withheld due to third party notice/consent issues as of January 12, 2018 have cleared the notice/consent process and have been produced. The remaining documents consist of documents that were previously on Apple's privilege logs but have been downgraded for production.

(2) One written common interest agreement has not been produced pursuant to an objection from the other party to the agreement. That agreement is the subject of a joint discovery statement and has been submitted for *in camera* review. (ECF 536).

(3) Apple has obtained access to an email repository belonging to Aaron Schafer that was previously inaccessible. Apple is in the process of searching and reviewing files from that repository and will produce responsive non-privileged documents as soon as possible. Apple anticipates that it will be able to produce these documents by February 14, 2018.

  (4)  Apple will be downgrading some documents from its privilege logs, and will produce any such downgrades that are responsive and non-privileged on a rolling basis.

  B. *Qualcomm's Position*

When Qualcomm sought a substantial completion deadline for Apple's document production, one of its concerns was that there would continue to be documents that were not produced as of the deadline, which would need to be the subject of continued meeting and conferring, and potentially disputes before the Court, into January and February 2018 – and "with the completion date that Judge Koh has set for fact discovery, that puts us very tight up against the wall". (10/11/2017 Hrg. Tr. 7:22-8:10.) Because of Apple's failures to comply with the Court's orders on the timing of document production and the service of a privilege log, those concerns have come to pass. With just seven weeks left in the fact discovery period—in which eight depositions of Apple witnesses will be taken—Qualcomm still does not have a complete production, and there appear to be a meaningful set of documents that Apple has yet to produce. Tracking the categories of documents identified by Apple:

  i. <u>Apple's Documents Withheld for "Third Party Consent".</u>

At the January 5 hearing, Apple represented that it had "about five or six documents literally" that it had withheld due to pending third party notice/consent issues. (1/5/2018 Hrg. Tr. 6:23-24.) In the January 12 Status Report, the number increased to approximately 1,000 documents. Apple now reports that the number of withheld documents has grown to "[a]pproximately 3,500". During meet and confer discussions, Apple represented that the notice period to third parties would expire on January 31, after which Apple would produce the documents or advise Qualcomm that it could not produce them because of third-party objections. That date came and went. Since then, Qualcomm has raised the issue through numerous meet and confers and written communications but did not receive an answer as to when or whether this growing number of documents would be produced. Not until receiving a revised draft of this status report less than an hour before filing did Apple inform Qualcomm that any of these

1   documents "have cleared the notice/consent process and have been produced". Even now, Apple
2   does not explain why it should take over two more weeks to produce the remaining documents,
3   given that Apple could and should have given notice to the relevant third parties weeks or even
4   months ago. Depositions of Apple witnesses begin on February 28, 2018, so Qualcomm will be
5   prejudiced if it does not get the documents sufficiently in advance of the depositions to be able to
6   consider and use them.

7           ii.       <u>Apple's Purported Common Interest Agreement with Samsung.</u>

8   Qualcomm and Apple filed a joint discovery statement regarding production of Apple's
9   purported common interest agreement with Samsung. (ECF No. 536-03.) Pursuant to the Court's
10  February 5 Order (MDL ECF No. 321), the agreement has been submitted for *in camera* review.

11          iii.      <u>Apple's Late Notice of Additional Documents for Aaron Schafer.</u>

12  Not until 5 p.m. yesterday (Sunday, February 11)—when Apple sent its first draft of this
13  joint status report—did Qualcomm learn about the "email repository belonging to Aaron Schafer
14  that was previously inaccessible". Apple subsequently informed Qualcomm that Apple was able
15  to access these documents nearly two weeks ago, on January 30, and has been processing them.
16  Apple also stated that this repository contains "approximately 900 non-cumulative documents that
17  hit on search terms, or are in families with search term hits". Depending on the circumstances of
18  production, including the timing and the accuracy of Apple's current estimate of volume,
19  Qualcomm reserves the right to re-open the deposition of Mr. Schafer, which is scheduled to
20  begin on February 28.

21          iv.      <u>Apple's "Downgrades".</u>

22  The so-called "downgrades" from the privilege log are the most important category of as-
23  yet-unproduced documents. As Qualcomm raised in the January 12 Status Report, both the size
24  and content of Apple's privilege logs suggested that it over-withheld documents, including from
25  key witnesses. It is now clear that Apple did so. On January 24, six weeks after Apple's
26  December 15 substantial completion deadline and four weeks after the December 29 privilege log
27  deadline, Apple produced over 145,000 documents that it had "downgraded" from its logs. Apple
28

now says there are more "downgrades" to come, but it does not indicate how many additional documents there will be or when they will be produced. Qualcomm is meaningfully concerned that these "downgrades" are a means of reserving the production of key documents until the last minute.

## II. Apple's Privilege Log

### A. *Apple's Position*

Apple served Part I of its Amended Privilege Log on February 9, 2018. Apple is completing its log re-review and will serve the remainder of its Amended Privilege Log on a rolling basis. Apple anticipates that it will complete that service by February 19, 2018.

To the extent Qualcomm has concerns concerning entries on Apple's Amended Privilege Log (including entries that may be in error), Apple is available to meet and confer concerning those log entries and issues.

### B. *Qualcomm's Position*

In the January 12 Status Report, Qualcomm reported a number of structural and substantive issues with Apple's privilege log, such as its overwhelming use of a generic privilege description that did not indicate whether documents were withheld on the basis of attorney-client privilege, work product protection, or both; and its inclusion of a large number of documents that were obviously not privileged. In its portion of the January 12 Status Report, Apple agreed to address a number of these issues.

But in the month that has passed—and now six weeks after Apple's deadline to serve its privilege log—Apple has yet to provide a completed revised log. On a January 25 meet and confer, Apple stated that it anticipated serving its entire revised log to Qualcomm by the week of January 29. Apple failed to do so. On a February 8 meet and confer, Apple indicated that it planned to serve only approximately 30% of the revised log in the next one or two days and would then also provide an update as to the timing of the remainder.[1] Apple now says it will

---

[1] While Qualcomm had agreed on January 9 to accept Apple's log revisions on a rolling basis, it did so in the interest of receiving Apple's changes *sooner* so that it could assess Apple's privilege

1  complete its revisions by February 19, 2018, which is over seven weeks after the privilege log
2  was initially due, and just nine days before the depositions of the first two Apple witnesses.  This
3  delay is effectively a self-granted extension of the December 29 privilege log deadline and is
4  plainly prejudicial.

5      Making matters worse, the first portion of the revised log, which Apple served on
6  February 9 and which contains approximately 58,000 entries, continues to manifest substantial
7  problems.  For example, the log still contains a number of entries for communications with third
8  parties, where it is unclear what the basis for attorney-client privilege or work product protection
9  could be, including 25 communications with the U.S. Department of Justice, 70 communications
10 with the European Commission's Directorate-General of Competition, 27 communications with
11 Samsung, and well over 100 communications with each of Intel and Infineon.  Apple even logged
12 several withheld communications *with Qualcomm*.  Qualcomm is continuing to review the
13 recently served first portion of the revised log but remains concerned that Apple is continuing to
14 over-withhold documents.

15 **III.    Deposition Scheduling**

16     Apple and the parties have scheduled depositions for five of the six current Apple
17 employees[2] subpoenaed by Qualcomm.  Apple has offered deposition dates for Isabel Mahe, the
18 remaining Apple witness, which Qualcomm has accepted, but neither the FTC nor the Class
19 Plaintiffs have accepted.

20     Apple and the parties have also scheduled the deposition of one of the two former Apple
21 employees subpoenaed by Qualcomm.  Apple is working to provide a deposition date for former
22 employee Bruce Sewell, but has not yet provided dates to Qualcomm.

---

25 claims with sufficient time for possible new productions.  Apple's timing serves only to jam
    Qualcomm's ability to evaluate Apple's revised log while preparing to depose Apple's witnesses.
26 [2] Qualcomm has withdrawn its request to depose one current Apple employee in connection with
    these actions.

Dated: January 12, 2017                     Respectfully submitted,

By:  */s/ William A. Isaacson*

William A. Isaacson
wisaacson@bsfllp.com
Karen L. Dunn
kdunn@bsfllp.com
Amy J. Mauser
amauser@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:     (202) 237-6131

Edward H. Takashima
etakashima@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone:  (310) 752-2400
Facsimile:  (310) 752-2490

Attorneys for Non-Party APPLE INC.

By:  */s/ Gary B. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel:  (212) 474-1000
Fax:  (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

6
APPLE AND QUALCOMM'S JOINT STATUS REPORT
No. 17-cv-0220-LHK-NMC

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 676-2289
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

**FILER'S ATTESTATION**

I, Edward H. Takashima, am the ECF user whose identification and password are being used to file this Joint Discovery Statement.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

*/s/ Edward H. Takashima*
Edward H. Takashima