CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest, SBN 84065
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 676-2289
Facsimile:  (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
Facsimile:  (212) 309-6001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional counsel in the signature block.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S STATEMENT AND [PROPOSED] ORDER DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF A SPECIAL MASTER** |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

**QUALCOMM'S STATEMENT**

In accordance with the Court's Order of February 15, 2018, Defendant Qualcomm Incorporated ("Qualcomm") met and conferred with Plaintiff Federal Trade Commission, with counsel for Plaintiffs in Case No. 5:17-md-02773-LHK-NMC (collectively, "Plaintiffs") and with counsel for Apple Inc. ("Apple") regarding the appointment of a special master in these cases. The parties did not reach agreement, and therefore agreed to provide their proposed Orders to the Court. Today, after 4:00 p.m. PST, Plaintiffs informed Qualcomm for the first time that by 5:00 p.m., in addition to a proposed Order, they would be filing what amounts to a unilateral discovery statement, in which Plaintiffs raise new arguments and cite new documents, and in which the FTC states—also for the first time—that it is not *authorized* to bear any costs associated with the special master it is asking the Court to appoint. As a result, Qualcomm was not given an opportunity to respond to these arguments and address these documents, and does not endeavor to do so below. Instead, Qualcomm provides below a short statement as per the Court's Order, and addresses at a high level several issues in Plaintiffs' proposed Order.[1]

As Qualcomm stated at the February 15, 2018 hearing, Qualcomm is of the view that the appointment of a special master in these cases is not warranted. Discovery has been ongoing for nearly ten months (and for another two years prior to this litigation in the context of the FTC's pre-complaint investigation), and the fact discovery period is scheduled to close in just over five weeks—on March 30, 2018. Even under the most efficient process, a special master would be unlikely to contribute meaningfully to the resolution of any discovery disputes between now and then—or, indeed, for many months thereafter. As previously noted by Qualcomm, in *In re Vioxx Liability Litigation*, 501 F. Supp. 2d 789 (E.D. La. 2007), a case relied on by Plaintiffs, it took nearly four months from the date of the special master's appointment until the Court adopted the

---

[1] Plaintiffs did provide Qualcomm with their proposed Order earlier in the day today (at around 10:00 a.m. PST), and therefore Qualcomm is able to provide its initial reaction to that proposed Order. Should the Court find it helpful, Qualcomm is prepared to provide a response to Plaintiffs' statement on a schedule ordered by the Court.

special master's recommendations regarding a single dispute concerning approximately 2,600 documents—even though the special master there had the support of a law firm and a "staff of paralegals", *id.* at 791, 792, 794.

By contrast, this Court has expeditiously and effectively adjudicated the parties' discovery disputes. Moreover, Qualcomm has been and continues to be willing quickly to address reasonable requests for re-review of documents identified by Plaintiffs as potentially incorrectly withheld or redacted. In just the last few weeks, Qualcomm has re-reviewed 1,489 documents at Plaintiffs' request in advance of scheduled depositions, in addition to the 1,000 entries Plaintiffs previously selected from Qualcomm's privilege log and the 3,571 entries and redacted documents re-reviewed by Qualcomm before depositions began. Qualcomm has met every deadline ordered by the Court throughout this process. And Qualcomm already has agreed to Plaintiffs' request that it re-review almost 2,000 additional documents over the next ten days, ahead of two additional depositions. The current process is working more efficiently and expeditiously than any process that would be conducted by a special master, and Plaintiffs have not identified any problems with Qualcomm's re-review.

Nonetheless, should the Court decide to appoint a special master, Qualcomm respectfully disagrees with Plaintiffs' proposed Order on a number of fronts. Qualcomm highlights four particular areas of disagreement below.

*First*, Qualcomm disagrees with Plaintiffs' statement that the parties' discovery disputes "cannot be effectively and timely addressed by an available district judge or magistrate judge of this district". (ECF No. 343-04 ¶ 3.) As noted, the Court has shown itself more than able over the course of many months to resolve the parties' disputes in an effective and timely fashion, removing any need for a special master. Moreover, the Court has now gained familiarity with the issues, which a special master would need at least weeks—if not months—to attain. There is simply no basis to assume that the appointment of a special master would accelerate the resolution of any discovery disputes between the parties; to the contrary, it would slow them down.

*Second*, Qualcomm disagrees with Plaintiffs' claim that appointment of a special master would "achiev[e] considerable cost-savings to all parties". (*Id.* ¶ 5.) To the contrary, introducing a special master at this point would likely add another layer of complexity to this Court's dispute-resolution process, with attendant costs and delays. Plaintiffs do not explain how presenting to a special master thousands and thousands of documents that Qualcomm already has reviewed, and re-reviewed, could possibly save any time or money.

*Third*, Qualcomm disagrees to the extent Plaintiffs are proposing that a special master would be able only to adjudicate Plaintiffs' challenges to Qualcomm's privilege assertions. (*Id.* ¶¶ 3, 8.) In Qualcomm's view, any special master's mandate should include resolution of all disputes concerning privilege and related assertions, whether between the parties or between any party and any third party. For example, with respect to Apple, Qualcomm has raised and continues to have serious concerns regarding privilege, and while Qualcomm believes that the Court has been handling these issues expeditiously and effectively, should the Court disagree with Qualcomm and appoint a special master to examine Qualcomm's privilege assertions, there is no good reason why the special master would not adjudicate these disputes so as to ensure consistency and predictability in the discovery process.

*Fourth*, Qualcomm disagrees that it should bear the costs of any special master, even if only "initially". (*See id.* ¶¶ 5, 13.) Plaintiffs have filed multiple discovery motions with the Court that have been denied, outright or in part (*see, e.g.*, ECF Nos. 274, 316, 421); Qualcomm has filed several motions on which it has prevailed (*see, e.g.*, ECF Nos. 239, 421); and Qualcomm remains open to addressing (and has continued to address) Plaintiffs' questions regarding privilege calls through reasonable requests for re-review, which would eliminate the need for costly special master proceedings. Under these circumstances, and so as to avoid the proliferation of unjustified, burdensome requests that might occur where the moving party does not bear the costs associated with its requests, Qualcomm respectfully submits that as a default rule, costs should be borne equally by all parties, subject to an Order for cost-shifting in appropriate cases. In particular, Qualcomm finds troubling the FTC's newly stated position that

1  it "is not authorized to bear any portion of the expenses of the special master". (ECF No. 343-02
2  at 3.) Qualcomm does not understand how a party can ask the Court to appoint a special master,
3  disclaim any authorization to bear the attendant costs, and propose that the adverse party bear all
4  the costs.

## **CONCLUSION**

6       For the foregoing reasons, Qualcomm respectfully requests that the Court deny the
7  Plaintiffs' motion for appointment of a special master; or, should the Court decide to appoint a
8  special master, that the scope of the appointment encompass all privilege issues related to these
9  cases.

Dated:  February 21, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,


*Gary A. Bornstein*
Gary A. Bornstein
Yonatan Even
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

**[PROPOSED] ORDER**

The Court hereby DENIES the request of Plaintiff Federal Trade Commission and counsel for Plaintiffs in Case No. 5:17-md-02773-LHK-NMC for appointment of a special master.

It is SO ORDERED.

Dated: _____

                                                  United States Magistrate Judge
                                                  Nathanael M. Cousins


## FILER'S ATTESTATION

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Statement and [Proposed] Order Denying Plaintiffs' Request for Appointment of a Special Master. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

<div style="text-align:right">*Gary A. Bornstein*</div>

---

8

DEFENDANT QUALCOMM INCORPORATED'S STATEMENT AND [PROPOSED] ORDER
DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF A SPECIAL MASTER
Case Nos. 17-cv-00220-LHK-NMC & 17-md-02773-LHK-NMC