UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-00220 LHK (NC)<br><br>**ORDER COMPELLING PRODUCTION OF THE APPLE-SAMSUNG COMMON INTEREST AGREEMENT**<br><br>Re: Dkt. No. 536 |

Before the Court is Qualcomm and third parties Apple and Samsung's dispute regarding production of a "Common Interest Agreement" between Apple and Samsung to Qualcomm. Dkt. No. 536. The Court ordered Apple to produce the Agreement for in camera review so the Court could decide if the Agreement should be produced. After having reviewed the Agreement, the Court ordered further briefing from Qualcomm, Apple and Samsung. Dkt. Nos. 604-06.

The Court first considers if the Agreement is relevant, then if it is protected by the attorney-client privilege or the work-product doctrine. Only if the Court were to find that the Agreement was protected by the attorney-client privilege or the work-product doctrine would the Court reach the issue of whether the Agreement is protected under the common interest doctrine.

Because the Court finds that the Agreement is relevant, and that it is neither protected by the attorney-client privilege nor by the work-product doctrine, the Court does not reach the issue of whether the Agreement is protected under the common interest

Case No. 17-cv-00220 LHK (NC)

doctrine. Thus, the Court ORDERS that the Agreement be produced to Qualcomm by tomorrow, March 9, 2018.

## I. DISCUSSION

The Court first considers whether the Agreement is relevant and then whether it is protected by the attorney-client privilege or by the work-product doctrine. Only if the Agreement merits protection under either of those two theories does the Court consider whether it is protected by the common interest doctrine.

### A. The Agreement Is Relevant.

At the hearing on this dispute on March 7, 2018, the Court orally held that the Agreement is relevant under Federal Rule of 26(b)(1), because the Agreement might go to the bias or credibility of an Apple or Samsung witness at trial.

### B. The Agreement Is Not Protected By the Attorney-Client Privilege.

Next, the Court considers whether the Agreement is protected from disclosure by the attorney-client privilege.

"An eight-part test determines whether information is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (citation and internal quotation marks omitted). "The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Under federal common law, the burden falls upon the person asserting the attorney-client privilege to prove that the disputed communications are indeed privileged. *United States v. Ruehle*, 583 F.3d 600, 609 (9th Cir. 2009).

Samsung, but not Apple, argues that the Agreement is protected by the attorney-client privilege. Yet at the hearing on this dispute on March 7, it appears that Samsung

conceded that the Agreement is not privileged.  Samsung provided no argument as to the attorney-client privilege despite the Court pointedly asking for such an argument. Samsung's papers likewise provide no discussion on the attorney-client privilege, instead baldly asserting that it applies.  Dkt. No. 604 at 4.  As the burden of proof falls on the proponent of the privilege, *see Ruehle*, 583 F.3d at 609, the Court does not find that Samsung satisfied its burden in establishing that the Agreement is protected from disclosure by the attorney-client privilege.

### C.  The Agreement Is Not Protected By the Work-Product Doctrine.

Having found that the Agreement is not protected by the attorney-client privilege, the Court considers whether it may be protectable work product.

The work-product doctrine protects from discovery material obtained and prepared by a *party's* attorney or the attorney's agent in anticipation of litigation.  Fed. R. Civ. P. 26(b)(3).  To qualify for protection against discovery under Rule 26(b)(3), the documents must have been "prepared in anticipation of litigation" or in preparation for trial.  *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (9th Cir. 2004) (citations omitted).  The party asserting work product protection bears the initial burden of establishing that the doctrine applies.  *U.S. Inspection Svcs. Inc. v. NL Engineered Solutions, LLC*, No. 10-mc-80083 CRB (DMR), 268 F.R.D. 614, 626 (N.D. Cal. 2010) (citation omitted).

What defeats Samsung's work-product doctrine argument is that neither it nor Apple are parties in this case.  The Ninth Circuit has specifically found that the work-product doctrine does not apply to third parties seeking to shield documents from production.  *In re California Pub. Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("Although some courts have extended the work product privilege outside the literal bounds of the rule, we conclude that the rule, on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought."); *United States v. Graham*, 555 F. Supp. 2d 1046, 1050 (N.D. Cal. 2008) (applying *In re California Pub. Utilities Comm'n* and disagreeing that the work-product doctrine applies to third

parties); *see also San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-cv-04632 SI, 2006 WL 2734284, at *2 (N.D. Cal. Sept. 25, 2006) ("'documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit.'" (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354 (2d ed.1994)).

The Court does not reach Qualcomm's burden arguments, or the question of whether the purported Common Interest Agreement is protected by the common interest doctrine, because the common interest doctrine is an exception to the waiver rules of the attorney-client privilege and the work-product doctrine. *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-cv-01531 RS (PSG), 2011 WL 3443923, at *2 (N.D. Cal. Aug. 8, 2011) (citing *U.S. v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003)) (common interest privilege "is a narrow exception that provides that disclosure to a third party does not waive privilege or work product protection where the third party shares a common interest with the disclosing party that is adverse to that of the party seeking the discovery.").

Thus, the Agreement is not shielded from production by the work-product doctrine. But this is likely not the end of this saga, because the reason Qualcomm wants the Agreement is so that it can challenge hundreds of Apple's privilege designations in its privilege log. But that issue is not before the Court now.

## II. CONCLUSION

For the reasons stated above, the Court ORDERS that Apple produce to Qualcomm the Common Interest Agreement between itself and Qualcomm by tomorrow, March 9, 2018, subject to the operative protective order. Any party may object to this order within 14 days of being served. Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: March 8, 2018                    _____
                                         NATHANAEL M. COUSINS
                                         United States Magistrate Judge

Case No. 17-cv-00220 LHK (NC)            4