Jennifer Milici, D.C. Bar No. 987096
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
*jmilici@ftc.gov*

Lin W. Kahn, Cal. Bar No. 261387
FEDERAL TRADE COMMISSION
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
*lkahn@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission in Case No. 17-cv-00220-LHK-NMC

SUSMAN GODFREY L.L.P.
Kalpana Srinivasan (237460)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100; (310) 789-3006 (fax)
*ksrinivasan@susmangodfrey.com*

COTCHETT, PITRE & MCCARTHY
Adam J. Zapala (175481)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000; (650) 697-0577 (fax)
*azapala@cpmlegal.com*

Plaintiffs' Interim Co-Lead Counsel in Case No. 17-md-02773-LHK-NMC

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)
825 Eighth Avenue
New York, New York 10019-7475
(212) 474-1000; (212) 474-3700 (fax)
*gbornstein@cravath.com*
*yeven@cravath.com*

MORGAN, LEWIS & BOCKIUS LLP
Donn P. Pickett (SBN 72257)
Geoffrey T. Holtz (SBN 191370)
One Market, Spear Street Tower San
Francisco, CA 94105-1596
(415) 442-1000; (415) 442-1001 (fax)
*donn.pickett@morganlewis.com*
*geoffrey.holtz@morganlewis.com*

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400; (415) 397-7188 (fax)
*rvannest@keker.com*
Attorneys for Defendant Qualcomm Incorporated
*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a<br>Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**SUPPLEMENTAL JOINT CASE<br>MANAGEMENT STATEMENT** |
| IN RE QUALCOMM ANTITRUST<br>LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**

On March 15, 2018, Qualcomm Incorporated ("Qualcomm") and the Federal Trade Commission ("FTC") jointly filed with this Court in Case No. 5:17-cv-00220-LHK-NMC a case management statement that discussed, among other issues, the status of various issues related to third party discovery.  (ECF No. 621.)  On March 15, 2018, Qualcomm and MDL Plaintiffs also jointly filed a case management statement in Case No. 5:17-md-02773-LHK-NMC, which discussed issues related to third party discovery.  (ECF No. 382.)  On March 16, 2018, the Court noted that the FTC, Qualcomm, and the MDL Plaintiffs (collectively, the "N.D. Cal. Parties") "all seek third party discovery beyond the deadlines set by the Court".  (ECF No. 384.)  The Court ordered the N.D. Cal. Parties "to meet and confer on these issues and submit updated Joint Case Management Statements by March 20, 2018." (*Id.*)  Counsel for the N.D. Cal. Parties and third party Apple Inc. ("Apple") met and conferred on March 19, 2018.  Counsel for the N.D. Cal. Parties met and conferred again on March 20, 2018.

**A.  Proposed Modifications to the Deposition Schedule**

Following the meet and confers, the N.D. Cal. Parties agreed to jointly request permission for the following out-of-time third-party depositions:

| Company | Witness | Date |
| --- | --- | --- |
| Essential Products | Andy Rubin | April 2, 2018 |
| InterDigital | 30(b)(6) | April 3, 2018 or April 4, 2018 |
| Essential Products | Matt Hershenson | April 5, 2018 |
| Lenovo | Ira Blumberg | April 10, 2018 |
| Nokia | 30(b)(6) | April 17, 2018 |
| Apple | Bruce Sewell[1] | [TBD] |

---

[1] Mr. Sewell's deposition was originally scheduled for March 21-22, 2018 but needed to be postponed because of a personal matter.  Apple is determining his availability in April.

**B.  Further Modifications to the Case Schedule**

**1.  FTC Action (Case No. 5:17-cv-00220-LHK-NMC)**

In light of the additional depositions described in Section A above, Qualcomm and the FTC further propose for the Court's approval the below revisions to the Court's current schedule in Case No. 5:17-cv-00220-LHK-NMC.

| | |
|---|---|
| Plaintiff's Opening Expert Reports | April 30, 2018 (currently April 20, 2018) |
| Defendant's Expert Reports | June 4, 2018 (currently May 25, 2018) |
| Plaintiff's Rebuttal Expert Reports | July 2, 2018 (currently June 22, 2018) |
| Close of Expert Discovery | July 27, 2018 (currently July 20, 2018) |

All subsequent dates in the Court's schedule would remain unchanged.

**2.  MDL Action (Case No. 5:17-MD-02773-LHK-NMC)**

The MDL Plaintiffs and Qualcomm disagree as to whether outstanding third-party discovery warrants a change in the case schedule.

**i.  Plaintiff's Position:**

MDL Plaintiffs also propose for the Court's approval the below revisions to the Court's current schedule in Case No. 5:17-cv-02773-LHK-NMC.

| | |
|---|---|
| MDL Plaintiffs' Motion for Class Certification and supporting expert declarations | May 17, 2018 (currently May 3, 2018) |
| Defendant's Opposition | June 22, 2018 (currently June 8, 2018) |
| MDL Plaintiffs' Reply | July 20, 2018 (currently July 6, 2018) |
| Class Certification Hearing | July 26, 2018 (unchanged) |

All subsequent dates in the Court's schedule would remain unchanged.

While Qualcomm does not join in MDL Plaintiffs' proposal, MDL Plaintiffs note that revisions to the Court's schedule are appropriate given the ongoing document productions by Qualcomm, the additional depositions, and given that the MDL Plaintiffs' schedule was set to

1   correspond to the FTC schedule.  Qualcomm's recognition of the need for an extension as to

2   expert reports in the FTC case highlights the corresponding need for MDL Plaintiffs to have

3   additional time to prepare their Class Certification Motion.  A failure to account for late

4   discovery in the MDL case would benefit Qualcomm, to MDL Plaintiffs' detriment.  Indeed,

5   Qualcomm itself initially proposed that MDL Plaintiffs' Motion for Class Certification would

6   not be due until June 22 (with a May 6, 2019 trial date – just one week later than the trial date the

7   Court has set). Dkt. 32.  Additionally, the short extension is warranted given that Qualcomm is

8   continuing to make large document productions.  On March 17, 2018 alone, Qualcomm

9   produced 3.8 *million* pages in the S.D. Cal. action, which appear relevant to this action as well.

10  MDL Plaintiffs are also ingesting thousands of documents recently produced by Qualcomm in

11  conjunction with their privilege re-review.  Finally, just last week, Judge Cousins issued an order

12  requiring Qualcomm to significantly revise its privilege log, which will almost certainly result in

13  additional document productions.  Although MDL Plaintiffs are evaluating the impact of these

14  productions on the brink of the close of fact discovery, shifting the deadlines by two weeks is

15  needed, particularly because such a modification to the schedule will not impact the hearing date

16  for MDL Plaintiffs' Motion to Certify the Class.

17          Contrary to Qualcomm's claim, Plaintiffs have diligently pursued discovery. Since the

18  start of fact discovery, Plaintiffs have negotiated third party productions from over 50 different

19  third parties – including obtaining the production of significant amounts of class-specific

20  transactional data from cell phone manufacturers, retailers, and wireless carriers. Plaintiffs have

21  also participated in approximately 60 depositions since January, with approximately 20 more

22  depositions already scheduled. Plaintiffs' request for a two week extension is due to the late

23  discovery occurring in this case – the same discovery that Qualcomm thinks warrant an

24  extension for the deadlines in the FTC action.  Qualcomm has also not explained any burden that

25  it would bear as a result of a change in the class certification deadlines. In addition, Plaintiffs

26  intentionally proposed a change to the schedule that would allow the court to keep the current

27  date for the class certification hearing but the Court could set a date for the class certification

28

hearing two weeks later without altering any other deadlines in the case.

### ii.   Qualcomm's Position:

Qualcomm does not believe that the limited out-of-time third-party depositions described above warrant a change to the class certification briefing schedule.  Qualcomm expects that the above-listed third-party depositions will be minimally, if at all, relevant to class certification issues.  The non-Apple depositions are of other intellectual property licensors whose practices are similar to Qualcomm's.  This testimony will likely relate primarily to liability, not class certification.  And, in any event, the last scheduled third-party deposition will occur on April 17, 2018—weeks before the deadline to file a class-certification motion.  Thus, Plaintiffs will have ample time to incorporate any relevant information into their motion.  Moreover, Plaintiffs' proposal would make their reply brief on class certification due a mere six days prior to the hearing on the motion.  Plaintiffs' complaints about the documents Qualcomm produced in the Southern District action and its complaints about the privilege log lack merit for the reasons detailed in Qualcomm's prior case management statements, submissions to Magistrate Judge Cousins, and which are repeated briefly in Part D below.  Moreover, Plaintiffs have made no showing, much less a compelling one, that the materials in question are non-cumulative as to class certification issues (or otherwise).

The Court heard the parties' proposals regarding the overall case schedule and then determined what deadlines were appropriate in light of the overall demands of the MDL case. Plaintiffs' insistence that the MDL schedule should "correspond" to the FTC case schedule does not make sense because the MDL case requires a class-certification motion while the FTC case does not.

The real issue here is that Plaintiffs waited far too long to serve their own discovery and now seek a schedule extension to complete that discovery.  As further detailed in the Parties' JCMS of last week, Plaintiffs waited until March 6 to request the depositions of six additional Qualcomm employees, all of whom Plaintiffs knew about for months, and waited until March 7 to serve the document subpoenas mentioned below in Part C on four third parties.  The

depositions mentioned below in Part C fare no better.  Plaintiffs did not serve notice of their intent to notice a deposition of Avanci until March 10, and did not serve the Apple deposition notice until March 15.  The fact that some third-party depositions have not yet occurred should not excuse Plaintiffs' lack of diligence in pursuing discovery.

**C. Additional Third-Party Issues**

Qualcomm and the MDL Plaintiffs note the following outstanding disagreements that one or more parties have with each other or with third parties concerning third party discovery in the above-captioned cases:  (1) MDL Plaintiffs' March 7, 2018 subpoenas served on BrightPoint North America LLC, Brightstar US, Inc., JEG & Sons, Inc. and Synnex Corp; (2) MDL Plaintiffs' request for a 30(b)(6) deposition of Avanci, LLC; and (3) MDL Plaintiffs' request for a 30(b)(6) deposition of Apple.

This Supplemental Joint Case Management Statement is made without prejudice to any of the N.D. Cal. Parties' positions regarding the appropriateness of any of this additional discovery.

**D.  Qualcomm Discovery Issues**

The N.D. Cal. Parties note the following outstanding disagreements concerning Qualcomm-related discovery in the above-captioned cases, which have not yet been resolved: (1) MDL Plaintiffs' request for depositions for three Qualcomm employees, Messrs. Edward Tiedemann, Alexander Katouzian, and David Cianflone; (2) certain topics contained in the FTC's request for a Rule 30(b)(6) deposition of Qualcomm; and (3) MDL Plaintiffs' request for a Rule 30(b)(6) deposition of Qualcomm.  In addition to noting the above issues, which remain under discussion, the parties note the following open issues:

**1.   FTC and MDL Plaintiffs' Position:**

The FTC and MDL Plaintiffs note that, despite their best efforts, there are additional outstanding issues, unrelated to third party discovery, which may render the schedule set forth above in Section B insufficient.  While the Plaintiffs will make every effort to comply with any modified schedule that is approved by the Court, there are a number of uncertainties that they

seek to bring to the Court's attention now in the event that further modifications to the schedule are requested.

Today, March 20, 2018, without explanation, Qualcomm notified the FTC and MDL Plaintiffs that Paul Jacobs is no longer available for his previously-scheduled deposition on March 29-30, 2018.  As former CEO and Chairman of the Board, Mr. Jacobs is a key witness in this case.  The parties are meeting and conferring regarding Qualcomm's request to reschedule the deposition, including the reason for the schedule change, and alternative dates on which Mr. Jacobs is available.  Qualcomm informed the FTC today that Dr. Jacobs can appear for deposition April 16-17, and later revised that proposal to as early as April 4-5, 2018.  The FTC has an immovable conflict during the April 4-5 dates, and believes that April 17 is too late for such a significant deposition, but can be flexible in finding a mutually agreeable date during the week of April 9.  The FTC and MDL Plaintiffs reserve the right to seek additional modifications to the schedule, particularly given the timing of the expert discovery deadlines and the importance of Mr. Jacobs' testimony.

Further, the FTC and MDL Plaintiffs continue to receive large volumes of additional documents produced by Qualcomm, including those produced in the Southern District of California action, and as a result of the privilege re-review process ordered by Magistrate Judge Cousins.  *See* March 15, 2018 Joint Case Management Statement (ECF No. 621) at pp. 9-10. Since submitting the last Joint Case Management Statement less than a week ago on March 15, 2018, Qualcomm has produced over 3.8 million pages of additional documents in the coordinated actions.  The FTC and MDL Plaintiffs continue to reserve all rights to re-open depositions based on the production of new documents that are responsive to their respective discovery requests but were not produced in time in order to allow for effective use at the depositions of relevant witnesses.  As a result, it is possible that the continuation of additional large productions by Qualcomm may impact the case schedule.

## 2.  Qualcomm's Position:

The issues discussed above regarding discovery of Qualcomm are not properly presented

1  in a Supplemental Joint Case Management Statement that the Court ordered regarding third party

2  discovery.  Nevertheless, because the FTC and MDL Plaintiffs have chosen to include these

3  issues, Qualcomm responds as follows.

4      *First*, the postponement of Paul Jacobs's deposition was not a matter within Qualcomm's

5  control.  As has been widely reported, Dr. Jacobs ceased to be the Executive Chairman of the

6  company as of March 9, 2018.  Dr. Jacobs informed Qualcomm today (March 20, 2018) that he

7  now has a scheduling conflict that will prevent him from appearing for deposition on the

8  scheduled dates of March 29-30, 2018, but that he can appear for deposition in April, as early as

9  April 4-5, 2018.  Qualcomm immediately informed the FTC and MDL Plaintiffs of Dr. Jacobs's

10  unexpected unavailability.  The brief postponement of his deposition should not cause any

11  prejudice to the FTC and MDL Plaintiffs or require any adjustments to the schedule beyond

12  those set forth in Part B above regarding expert reports in the FTC action.

13      *Second*, the FTC and MDL Plaintiffs' assertion that they are prejudiced by Qualcomm's

14  "continuation of additional large productions" is not justified, for the reasons set forth in

15  Part IV.A of the case management statement filed on March 15, 2018.  (ECF No. 621.)  As

16  Qualcomm has explained, these productions are being made in response to document requests

17  served on Qualcomm by Apple and its contract manufacturers in the Southern District of

18  California action, not in response to requests made in the above-captioned actions by the FTC or

19  MDL Plaintiffs.  Qualcomm has produced these documents to the FTC and MDL Plaintiffs

20  pursuant to requirements of the Coordination Order signed by this Court and Judge Curiel in the

21  Southern District.  The Southern District action is proceeding along a different schedule, with

22  fact discovery ending on May 11, 2018, and the productions about which the FTC and MDL

23  Plaintiffs complain are timely in the action in which they are being made.  Qualcomm's

24  document productions in the Southern District of California action should not affect the

25  schedules in the above-captioned actions.

26

27

28

Dated:  March 20, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,


*/s/ Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

1

2          Willard K. Tom
           MORGAN, LEWIS & BOCKIUS LLP
3              1111 Pennsylvania Ave. NW
                  Washington, DC 20004-2541
4                   Tel: (202) 739-3000
                     Fax: (202) 739 3001
5                      willard.tom@morganlewis.com

6          Donn P. Pickett
           Geoffrey T. Holtz
7          MORGAN, LEWIS & BOCKIUS LLP
               One Market, Spear Street Tower
8                  San Francisco, CA 94105-1126
                     Tel: (415) 442-1000
9                    Fax: (415) 442-1001
                       donn.pickett@morganlewis.com
10                      geoffrey.holtz@morganlewis.com
11

12         *Attorneys for Qualcomm Incorporated*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: March 20, 2018

2                                          FEDERAL TRADE COMMISSION

3

4

                                                    */s/ Elizabeth A. Gillen*
5

6                                          Jennifer Milici
                                           Wesley G. Carson
7                                          J. Alexander Ansaldo
                                           Joseph R. Baker
8                                          Elizabeth A. Gillen
                                           Federal Trade Commission
9                                          600 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20580
10                                         (202) 326-2912; (202) 326-3496 (fax)
                                           jmilici@ftc.gov
11
                                           *Attorneys for Federal Trade Commission*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case Nos. 17-cv-0220-LHK-NMC & 17-md-2773-LHK-NMC

1 | Dated: March 20, 2018

2

3

4

5

SUSMAN GODFREY, L.L.P.


_/s/ Kalpana Srinivasan_

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Facsimile: (310) 789-3006
mksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
abonn@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street # 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jgrinstein@susmangodfrey.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph W. Cotchett
Adam J. Zapala
Brian Danitz
Mark F. Ram
Michael A. Montaño
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
bdanitz@cpmlegal.com
mram@cpmlegal.com
mmontano@cpmlegal.com

*Plaintiff's Interim Co-Lead Counsel*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

I, _____Gary A. Bornstein_____, am the ECF user whose identification and password are being used to file this Joint Stipulation and [Proposed] Order to Continue Case Management Conference.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

_____ /s/ *Gary A. Bornstein* _____