BOIES SCHILLER FLEXNER LLP
William A. Isaacson (*Pro Hac Vice App.* to be filed)
DC Bar No. 414788, wisaacson@bsfllp.com
Karen L. Dunn (*Pro Hac Vice App.* to be filed)
DC Bar No. 1002520, kdunn@bsfllp.com
Amy J. Mauser (*Pro Hac Vice App.* to be filed)
DC Bar No. 424065, amauser@bsfllp.com
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

BOIES SCHILLER FLEXNER LLP
Edward H. Takashima, SBN 270945
etakashima@bsfllp.com
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone:  (310) 752-2400
Facsimile:  (310) 752-2490

Attorneys for Non-Party APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NON-PARTY APPLE INC.'S BRIEF REGARDING APPLE/SAMSUNG COMMON INTEREST AGREEMENT**<br><br>Courtroom: 7, 4th Floor<br><br>Judge: Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-md-02773-LHK-NMC |

Non-Party Apple Inc. ("Apple") submits the following statement regarding its common interest agreement with Samsung Electronics Co., Ltd. ("Samsung"). Pursuant to the Court's March 2, 2018 Order (ECF No. 600), this brief addresses Apple's position on: (1) whether the common interest agreement is relevant; (2) whether the common interest agreement is privileged or constitutes attorney work product protection; and (3) whether the document qualifies as a common interest agreement.

Apple does not object to producing its June 23, 2016 Common Interest Agreement with Samsung. As explained in the February 5, 2018 Joint Discovery Statement, Apple has refrained from producing the Apple-Samsung Common Interest Agreement *only* based on *Samsung's* objections. (ECF No. 575). *Apple* is not asserting that the Agreement is privileged or protected by work product. Apple is, however, obligated under the Agreement to withhold the agreement in light of Samsung's objection to its production. Apple does contend, however, that the Agreement qualifies as a common interest agreement, memorializing a protectable common interest between Apple and Samsung concerning worldwide agency investigations into Qualcomm's anticompetitive business practices and agencies' subsequent enforcement actions.

## I. APPLE IS NOT ASSERTING A RELEVANCE OBJECTION TO THE PRODUCTION OF THE COMMON INTEREST AGREEMENT

Qualcomm served subpoenas on non-party Apple demanding the production of, among other items, "All Documents Concerning any Common Interest Agreement you have entered into with any Person Concerning Qualcomm, and any Communications relating thereto." Without conceding that such documents were relevant to any party's claims or defenses (*see* ECF No. 575 at 4), Apple agreed to produce written common interest agreements it had entered that might be pertinent to this case, and did produce such agreements with several other companies. Apple has not produced its agreement with Samsung, however: it cannot do without Samsung's permission, and Samsung has objected to production, asserting that the Common Interest Agreement is irrelevant, privileged, and subject to work product protection.

*Apple* is not asserting a relevance objection to the production of its Common Interest Agreement with Samsung. In an effort to limit unnecessary discovery disputes, Apple agreed to

produce any written common interest agreements upon which it relied, "consistent with the confidentiality obligations Apple may owe to third parties." The only reason Apple is withholding the Agreement is because of Samsung's objection to its production.

## II.  APPLE IS NOT ASSERTING A PRIVILEGE OBJECTION TO THE PRODUCTION OF THE COMMON INTEREST AGREEMENT

Apple's view is that the Common Interest Agreement does not itself reflect any legal advice or attorney work product. As a result, Apple has not asserted privilege or work product protection over the Common Interest Agreement.

## III.  APPLE AND SAMSUNG HAVE A PROTECTABLE COMMON INTEREST[1]

Parties with common interests may share privileged information and work product with each other without destroying the privilege or losing work product protection. "If two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged . . . that relates to the matter is privileged as against third persons." Restatement (Third) of Law Governing Lawyers, § 76 (2000). "Rather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) (citing *Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir. 1965)).

The existence of a protectable common interest does not hinge on the existence of a written common interest agreement; a common interest agreement can be oral, or implied from

---

[1] Apple respectfully submits that the issue of whether the document in question reflects a common interest agreement between Apple and Samsung is not a live issue before the Court. The February 5, 2018 Joint Discovery Statement concerned only whether the Common Interest Agreement was discoverable—*i.e.*, whether Apple must produce, notwithstanding Samsung's objection, the 3-page agreement dated June 23, 2016 between Apple and Samsung. The Joint Discovery Statement did not concern the validity of Apple's assertion of the common interest protection or the discoverability of any of Apple's *other* communications with Samsung. Although Qualcomm has expressed doubts that Apple and Samsung have a common interest (*see* ECF No. 575), it has not raised that dispute in meet-and-confers with Apple or Samsung. If Qualcomm chooses to raise that dispute, Apple submits it should be briefed through the standard joint discovery briefing process so that the parties can squarely address each other's arguments.

conduct or from the situation. *See United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012); *In re Pacific Pictures*, 679 F.3d at 1129; *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F.Supp.2d 1199, 1203 (W.D. Wash. 2007). The common interest doctrine applies whether or not any legal proceedings have actually commenced. *See Gonzalez*, 669 F.3d at 978.

The circumstances facing Apple and Samsung establish that the companies had a shared *legal* interest that supports the application of the common interest doctrine, and the Common Interest Agreement clearly memorializes that interest. As early as 2014, government agencies around the world began investigating Qualcomm's anticompetitive business practices—practices that forced competitors out of the market, artificially inflated the prices of Qualcomm's baseband chipsets, and facilitated Qualcomm's campaign to charge improper and excessive royalties for its patents. Apple and Samsung are two of Qualcomm's largest customers. Both were victims of Qualcomm's anticompetitive practices, both were beneficiaries of FRAND agreements that should have held Qualcomm's practices in check, and both received requests for information from competition agencies investigating Qualcomm's conduct. Apple and Samsung thus shared a common legal interest in cooperating with agency investigations and in the outcome of those agency investigations relating to Qualcomm's market dominance and compliance with its FRAND obligations. On June 23, 2016, Apple and Samsung memorialized this common interest by executing the Common Interest Agreement. (Agreement ¶¶ 1-4). In 2017, the Federal Trade Commission filed suit against Qualcomm, alleging violations of United States antitrust law.

Thus, at the time Apple and Samsung entered the written Common Interest Agreement, legal actions by regulators against Qualcomm were underway, both in the United States and around the world. Both Apple and Samsung were (and remain) key witnesses in those agency investigations into Qualcomm's anticompetitive behavior; both Apple and Samsung were (and remain) key witnesses in the legal proceedings resulting from those investigations; and both Apple and Samsung were victims of Qualcomm's anticompetitive behavior. Thus, Apple and Samsung shared protectable *legal* interests in their responses to agency inquiries, and in the outcome of those legal proceedings.

Courts routinely recognize that where separately represented parties share privileged information or work product because of a common interest in existing or anticipated legal proceedings, those interests are legal in nature and therefore entitled to protection under the common interest doctrine. *See, e.g.*, *Gonzalez*, 669 F.3d at 979 (holding that the attorney-client privilege is not waived where privileged material was shared between co-defendants with aligned interests); *Narog v. City of Redwood City*, No. C-13-03237 DMR, 2014 WL 1088297, at *6 (N.D. Cal. Mar. 17, 2014) (holding that the common-interest doctrine protected privileged communications between litigants who were all defendants in various, related actions with a similar adversary); *Youngevity Int'l, Inc. v. Smith*, Case No. 16-cv-704 BTM (JLB), 2017 WL 4227025, at *5-6 (S.D. Cal. Sept. 22, 2017) (finding common interest protection applied where plaintiff shared privileged information with another entity because both plaintiff and the other entity anticipated litigation against the same adversary); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308, 310, 312 (N. D. Cal. 1987) (holding that attorney-client privilege was not waived where the attorney's opinion letter was shared with the client's prospective purchaser, because the client anticipated litigation in which the client and the purchaser would be joint defendants). This case is no different than one involving a common interest agreement among co-plaintiffs or co-defendants. *See Narog*, 2014 WL 1088297, at *4 (noting that the common interest doctrine "extend[s] to interested third parties who have a community of interests with respect to the subject matter of the communications." (internal quotation marks and citation omitted)).

The mere fact that the agency investigations into Qualcomm's activities, and resulting legal proceedings, may result in an outcome that affects Apple and Samsung's business interests does not mean that their shared interests are not legal in nature. Courts consistently recognize that business interests and legal interests frequently coincide. *See Youngevity*, 2017 WL 4227025, at *4 (upholding the common interest doctrine, while recognizing that "[p]arties may have both common commercial and legal interests"). Indeed, virtually all commercial litigation, though legal in nature, also impacts the business and commercial interests of the entities involved. *See Morvil Technology, LLC v. Ablation Frontiers, Inc.*, 2012 WL 760603, at *2-3 (S.D. Cal.

Mar. 8, 2012) ("There may have been an overlap of commercial and legal interests . . . [b]ut this does not negate the effect of the legal interest . . . ."). Where business concerns and legal concerns coexist, courts still apply the common interest doctrine to shield communications between separately represented parties with common interests. For example, in *Hewlett-Packard*, the court held there was no waiver of attorney-client privilege where the client shared its attorney's opinion letter with a potential purchaser. 115 F.R.D. at 310, 312  Even though the parties shared privileged information in the context of the potential sale of the company—a decidedly commercial endeavor—the non-waiver principle still applied because the parties *also* shared a common interest in defending against anticipated litigation. *See id.*; *see also Youngevity*, 2017 WL 4227025, at *4-6; *Morvil Technology*, 2012 WL 760603, at *2-3.

The Common Interest Agreement at issue here was explicitly directed at, and limited to, *legal* proceedings. The Common Interest Agreement does not purport to claim a common interest over Apple's and Samsung's purely *business* dealings with Qualcomm. Rather, the Common Interest Agreement—as evidenced by the plain language of the agreement itself—was designed to permit Apple and Samsung to share information related to *regulators' investigations and legal proceedings*, with the common legal interest that those agency-initiated investigations and proceedings would ensure that SEP holders (such as Qualcomm) do not abuse their patent rights, do not engage in anticompetitive behavior, and abide by their commitments to license their standard-essential patents on fair, reasonable, and nondiscriminatory terms. It is these shared *legal* interests that Apple and Samsung sought to further by entering into the Common Interest Agreement at issue.[2]

---

[2] It is well-settled that a *written* common interest agreement is not necessary to the application of the common interest privilege. *See Gonzalez*, 669 F.3d at 979 ("[I]t is clear that no written agreement is required, and that [the common interest agreement] may be implied from conduct and situation, such as attorneys exchanging confidential communications from clients who are or potentially may be codefendants or have common interests in litigation."); *Pacific Pictures*, 679 F.3d at 1129 (holding that the common interest doctrine applies where "the parties . . . make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten"). Thus, even if the Court determines that the written Common Interest Agreement between Apple and Samsung does not qualify as a common interest agreement, this will not end the inquiry as to whether Apple's communications with Samsung are protectable under the common interest doctrine. That determination will need to be made on a

5
NON-PARTY APPLE, INC.'S BRIEF REGARDING APPLE/SAMSUNG
COMMON INTEREST AGREEMENT
CASE NOS. 5:17-CV-00220-LHK-NMC & 5:17-MD-02773-LHK-NMC

\* \* \*

Apple does not object to the production of the June 23, 2016 Common Interest Agreement between Apple and Samsung, and is willing to produce that document. Apple respectfully submits, however, that a protectable common interest does exist between Apple and Samsung, as memorialized in the Agreement, and the document thus qualifies as a common interest agreement.

Dated: March 6, 2018                    Respectfully submitted,

                                        By:  /s/ Edward H. Takashima

                                            William A. Isaacson
                                            wisaacson@bsfllp.com
                                            Karen L. Dunn
                                            kdunn@bsfllp.com
                                            Amy J. Mauser
                                            amauser@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            1401 New York Avenue, N.W.
                                            Washington, DC 20005
                                            Telephone:   (202) 237-2727
                                            Facsimile:   (202) 237-6131

                                            Edward H. Takashima
                                            etakashima@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            401 Wilshire Blvd, Suite 850
                                            Santa Monica, CA 90401
                                            Telephone: (310) 752-2400
                                            Facsimile: (310) 752-2490

                                            Attorneys for Non-Party APPLE INC.

---

document-by-document basis based on the nature of the communications, the circumstances surrounding those communications, and the nature of the common interest shared by Apple and Samsung at the time the communications were made.