UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUALCOMM INCORPORATED, et al., <br><br> Defendants. | Case No. 17-cv-00220 LHK (NC) <br><br> **ORDER DENYING MOTION TO SEAL STATUS REPORT** <br><br> Re: Dkt. No. 629 |
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-02773 LHK (NC) <br><br><br> Re: Dkt. No. 386 |

Apple moves to seal portions of Apple and Qualcomm's March 16, 2018, joint status report. Dkt. No. 629.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Conversely, filings that are only

Case Nos. 17-cv-00220 LHK (NC),
17-md-02773 LHK (NC)

1    tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.*
2    at 1097.  Here, the Court deals with a discovery dispute only tangentially related to the
3    merits of the case, so the "good cause" standard applies.  The "good cause" standard
4    requires a "particularized showing" that "specific prejudice or harm will result" if the
5    information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d
6    1206, 1210-11 (9th Cir. 2002); see also Fed. R. Civ. P. 26(c).  "[S]ources of business
7    information that might harm a litigant's competitive standing" often warrant protection
8    under seal. *Nixon*, 435 U.S. at 598.  "Broad allegations of harm, unsubstantiated by
9    specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l
10   Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation and quotation marks omitted).

11   Sealing motions must be "narrowly tailored to seek sealing only of sealable
12   material."  Civil L.R. 79-5(b).  A party moving to seal a document in whole or in part must
13   file a declaration establishing that the identified material is "sealable."  Civil L.R. 79-
14   5(d)(1)(A).  Merely stating that a party designated material as confidential under a
15   protective order is insufficient by itself to seal a document. *Id.*

16   Apple's attorney declared that the designated portions should be retained under seal
17   because the mediation is private, and because

> the identification of Apple's counsel in the mediation could allow the public to identify the party who engaged in mediation. If this information were to be released to the public, Apple's ability to engage in future mediation proceedings would be compromised, as other parties might be concerned that the existence of those proceedings would be publicly disclosed.

22   Dkt. No. 629-1 at 2.  The request to seal is narrowly tailored, but the Court is unpersuaded
23   by Apple's arguments of some hypothetical possible future harm.  Civil L.R. 79-5(b);
24   *Beckman Indus., Inc.*, 966 F.2d at 476.  The Court has no reason to believe that if it
25   became known that Apple was in mediation with a third party, and if Apple's counsel's
26   identity was known, that some harm might befall Apple in future mediations.  As the Court
27   has said before, the "good cause" standard is generous, but it is not meaningless.

28   Case Nos. 17-cv-00220 LHK (NC),
     17-md-02773 LHK (NC)                 2

1  Apple is ORDERED to refile the status report consistent with Civil Local Rule 79-
2  5(f)(2). Any party may object to this order within fourteen days of being served. Fed. R.
3  Civ. P. 72(a).

5  **IT IS SO ORDERED.**

7  Dated: March 26, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge