UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-00220 LHK (NC)<br><br>**ORDER DENYING MOTION TO SEAL AND STRIKING PORTIONS OF EXHIBIT A AND B TO DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 624 |

Qualcomm moves to seal attached exhibits to a discovery dispute regarding the FTC's interrogatory responses. Dkt. No. 624. Qualcomm seeks to seal portions of both parties' interrogatory responses. Before discussing the merits of this motion, the Court reminds the parties that it has previously ordered them not to file voluminous attachments to their discovery letters absent the Court requesting to review attachments. Dkt. No. 223.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Conversely, filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Here, the Court deals with a discovery dispute only tangentially related to the merits of the case, so the "good cause" standard applies. The "good cause" standard

Case No. 17-cv-00220 LHK (NC)

1   requires a "particularized showing" that "specific prejudice or harm will result" if the
2   information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d
3   1206, 1210-11 (9th Cir. 2002); see also Fed. R. Civ. P. 26(c).  "[S]ources of business
4   information that might harm a litigant's competitive standing" often warrant protection
5   under seal. *Nixon*, 435 U.S. at 598.  "Broad allegations of harm, unsubstantiated by
6   specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l
7   Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation and quotation marks omitted).

8   Sealing motions must be "narrowly tailored to seek sealing only of sealable
9   material." Civil L.R. 79-5(b).  A party moving to seal a document in whole or in part must
10  file a declaration establishing that the identified material is "sealable."  Civil L.R. 79-
11  5(d)(1)(A).  Merely stating that a party designated material as confidential under a
12  protective order is insufficient by itself to seal a document. *Id.*

13  Before turning to Exhibit A: the FTC's interrogatory responses, the Court STRIKES
14  Exhibit B, Qualcomm's "Objections and Responses" to the FTC's interrogatories.  Dkt.
15  No. 624-4.  This discovery dispute centers around *the FTC's* interrogatory responses, not
16  Qualcomm's responses.  The Court understands that the FTC attached the responses to
17  make a point, but given the Court's admonition to litigants in these cases not to file
18  unnecessary attachments to discovery letter briefs—especially where the litigant seek the
19  Court to seal numerous portions of the attachment—the Court finds striking the attachment
20  particularly appropriate.  Moreover, the Court's ruling on this discovery dispute did not
21  reference Exhibit B.  Dkt. No. 628.

22  As to Exhibit A, the Court first notes that there is a large volume of requested
23  redactions.  Interrogatory No. 5 requests information regarding the LTE market.  The
24  Court find that the FTC's responses to Interrogatory 5(a) and (b) are not sealable.
25  Qualcomm's motion to seal revolves around it seeking to seal "confidential agreement
26  terms" described in the complaint, which were previously ordered sealed.  Dkt. No. 624 at
27  4; Dkt. No. 17.  Subparts (a) and (b) of Interrogatory 5, on the other hand, identify all
28  Qualcomm and non-Qualcomm products "that are or were included in the alleged product

Case No. 17-cv-00220 LHK (NC)              2

1  market, and the time period(s) during which such products are or were included." Dkt. No.
2  624-3 at 14.  Qualcomm has not established that this material is sealable.  Civil L.R. 79-
3  5(d)(1)(A).  As to Qualcomm's motion to seal subparts (c), (d), and (f) of Interrogatory 5
4  and Interrogatory 6, the Court STRIKES this request for the same reason it strike Exhibit
5  B: it is superfluous to this discovery dispute.

6       Lastly, as to Interrogatory 13, the Court DENIES the motion to seal, for lack of
7  good cause shown.  Qualcomm has failed to show how the fact that its component supply
8  agreements with the OEMs embody its "no license-no chips" policy merits sealing.  The
9  fact that Qualcomm allegedly had this policy appears throughout the record.  Indeed,
10 Qualcomm did not object to this information being left unsealed in the complaint.  *See*
11 Dkt. No. 17 (Appendix A).

12      Qualcomm is ordered to refile subparts (a), (b), and (e) of Interrogatory 5, and
13 Interrogatory 13 contained in Exhibit A.  Any party may object to this order within
14 fourteen days of being served.  Fed. R. Civ. P. 72(a).

16 **IT IS SO ORDERED.**

18 Dated:  March 27, 2018                              _____
19                                                    NATHANAEL M. COUSINS
                                                     United States Magistrate Judge

Case No. 17-cv-00220 LHK (NC)              3