BOIES SCHILLER FLEXNER LLP
William A. Isaacson (*Pro Hac Vice App.* to be filed)
DC Bar No. 414788, wisaacson@bsfllp.com
Karen L. Dunn (*Pro Hac Vice App.* to be filed)
DC Bar No. 1002520, kdunn@bsfllp.com
Amy J. Mauser (*Pro Hac Vice App.* to be filed)
DC Bar No. 424065, amauser@bsfllp.com
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

BOIES SCHILLER FLEXNER LLP
Edward H. Takashima, SBN 270945
etakashima@bsfllp.com
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone:  (310) 752-2400
Facsimile:  (310) 752-2490

Attorneys for Non-Party APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NON-PARTY APPLE INC.'S SUPPLEMENTAL REPORT IN SUPPORT OF CLAWBACKS**<br><br>Courtroom:  7, 4th Floor<br>Judge:   Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-md-02773-LHK-NMC |

1    Pursuant to the Court's March 26, 2018 order, Non-Party Apple Inc. ("Apple") submits

2  this supplemental report in support of its clawback of two substantively similar documents with

3  the Bates numbers APL-QC-FTC_22482289-96 and AAPL-FTC-00004898-4906.  As detailed in

4  the declaration of Apple Vice President and Chief IP Counsel BJ Watrous, the clawed-back

5  documents were prepared by Apple's counsel as part of litigation and mediation efforts.  (Watrous

6  Decl. ¶ 6.)  These documents, or substantially similar ones, were shared with a mediator, but not

7  the party adverse to Apple.  (Watrous Decl. ¶ 7; Selwyn Decl. ¶ 5.)  Both documents were

8  properly clawed back because they are subject to (1) work product protection and (2) the

9  mediation privilege.

10  **I.      Work Product Protection**

11   Qualcomm does not and cannot dispute that the documents at issue are attorney work

12  product:  they contain legal analysis, and were prepared by counsel for the purpose of litigation

13  and potential settlement.  (Watrous Decl. ¶¶ 5-6.)  *See United States v. Nobles*, 422 U.S. 225,

14  237–38 (1975) ("[T]he Court therefore recognized a qualified privilege for certain materials

15  prepared by an attorney 'acting for his client in anticipation of litigation.'" (quoting *Hickman v.*

16  *Taylor*, 329 U.S. 495, 508 (1947)).  Instead, Qualcomm offers two arguments.  First, Qualcomm

17  contends that Apple cannot invoke work product protection because Apple is a non-party in these

18  actions.  Second, Qualcomm claims Apple has waived work product protection.  Neither

19  argument has merit.

20   A.      *Apple Is Entitled to Work Product Protection Under Rule 45, Rule 26(c), and*

21   *Hickman v. Taylor.*

22   Because Apple is a non-party in these actions, the principal rule governing its discovery

23  rights and obligations is Rule 45.  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006)

24  ("Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by

25  subpoena.").  Rule 45(d)(3)(A)(iii) provides that the court "*must quash* or modify a subpoena that

26  . . . requires disclosure of privileged *or other protected matter*, if no exception or waiver applies."

27  Rule 45(e)(2)(A) provides that a "person withholding subpoenaed information under a claim that

28

1  it is privileged *or subject to protection as trial-preparation material*" must "expressly make the

2  claim" and "describe the nature of the withheld documents . . . [to] enable the parties to assess the

3  claim."[1]  And Rule 45(e)(2)(B) provides for the clawback of "information produced in response to

4  a subpoena [that] is subject to a claim of privilege *or of protection as trial-preparation material.*"

5        Applying the plain meaning of Rule 45, numerous courts have held that a subpoenaed

6  nonparty is entitled to assert work product protection, and have protected such documents from

7  disclosure.  *See Meyer v. Colavita, USA, Inc.*, No. SACV 11-00696-AG, 2011 WL 2457681, at *2

8  (C.D. Cal. June 17, 2011) ("Although the plain language of Rule 26(b)(3) solely protects parties

9  to litigation, work product protection may be extended to subpoenaed non-parties through Rule

10  45(c)(3)(A)(iii) . . . .")[2]; *ASARCO, LLC v. Ams. Mining Corp.*, No. MS07-6289-EJL-MHW, 2007

11  WL 3504774, at *5–6 (D. Idaho Nov. 15, 2007) (quashing subpoena in part because the

12  "language [of Rule 45] protects against discovery of third-party work product in appropriate

13  cases"); *In re Student Fin. Corp*, No. 02-11620 JBR, 2006 WL 3484387, at *12 (E.D. Pa. Nov.

14  29, 2006) (explaining that Rule 45's "language is broad enough to include protection against

15  discovery of third-party work product in appropriate cases," and that "[n]othing in Rule 45's

16  history or texts indicates that it was intended to incorporate Rule 26(b)(3)'s restriction of work

17  product to parties"); *see also Hobley v. Burge*, 433 F.3d 946, 951 (7th Cir. 2006) (noting that a

18  non-party's claims of work-product privilege are properly addressed under Rule 45, not Rule 26).

19        *In re California Public Utilities Commission*, 892 F.2d 778 (9th Cir. 1989) is not to the

20  contrary.  That case addresses **only** the scope of Rule 26(b)(3).  *See id.* at 780-81 ("As the

21  italicized language indicates [quoting Rule 26(b)(3)] to qualify for protection against discovery

22

23      [1] Both Rule 26(b)(3), which applies to parties, and Rule 45(e)(2)(A), which applies to non-parties, describe work product as "trial preparation materials."

24

25      [2] As part of the 2013 amendments to the Federal Rules of Civil Procedure, Rule 45(c)(3)(A)(iii) became Rule 45(d)(3)(A)(iii).  *See* Fed. R. Civ. P. 45, advisory committee's note to 2013 amendment ("Subdivision (d) contains the provisions formerly in subdivision (c).").

26

27

28

APPLE'S SUPPLEMENTAL REPORT IN SUPPORT OF CLAWBACKS
No. 17-cv-0220-LHK-NMC, No. 17-md-2773-LHK-NMC

1   *under this rule*, documents must . . . be prepared 'by or for another party or by or for that other

2   party's representative.'" (quoting Fed. R. Civ. P. 26(b)(3)); *id.* at 781 ("Westinghouse argues that

3   Rule 26(b)(3) does not protect materials prepared by CPUC attorneys . . . [W]e conclude that the

4   rule, on its face, limits its protection to one who is a party (or a party's representative) to the

5   litigation in which discovery is sought."). The *CPUC* court did not consider the provisions of

6   Rule 45 clarifying the application of work product protection to non-parties—nor could it have.

7   The sections of Rule 45 addressing attorney work product were amended into the Federal Rules of

8   Civil Procedure in 1991, two years after *CPUC* was decided. The advisory committee's note

9   explains that "Paragraph (d)(2) is new and . . . [i]ts purpose is to provide a party whose discovery

10  is constrained by a claim of privilege or *work product protection* with information sufficient to

11  evaluate such a claim and to resist if it seems unjustified."[3] It further explained that "[a] person

12  served a subpoena that is too broad may be faced with a burdensome task to provide full

13  information regarding all that person's claims to privilege or work product protection," and

14  "[s]uch a person is entitled to protection that may be secured through an objection" to the

15  subpoena. *See* Fed. R. Civ. P. 45, advisory committee's note to 1991 amendment.

16          Even before those amendments, *CPUC* recognized that non-parties had recourse to protect

17  work product material pursuant to Rule 26(c). *CPUC*, 892 F.2d at 781 ("To the extent that

18  disclosure causes hardship to the CPUC, it is free to seek a protective order under Rule 26(c).").

19  Rule 26(c) authorizes the Court to issue a protective order forbidding disclosure to protect "any

20  person from whom discovery is sought" from "annoyance, embarrassment, oppression, or undue

21  burden or expense." Fed. R. Civ. P. 26(c)(1). Courts have found this language "sufficiently

22  sweeping to authorize a protective order preventing the undue burden of disclosing third-party

23  work product in appropriate cases." *Student Finance*, 2006 WL 3484387, at *11 (citing cases);

24

25          [3] With the 2013 amendment discussed *supra* note 2, subdivision (d)(2) of Rule 45 became
    subdivision (e)(2).

26

27

28

3

1    *see also* Wright, Miller & Kane, 8 Fed. Prac. & Proc. Civ. § 2024 at 356 (3d ed. 1994) ("To the

2    extent that Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared

3    in connection with some other litigation, the court can vindicate the purposes of the work-product

4    rule by the issuance of a protective order under Rule 26(c)."). Here, a protective order should

5    issue to prevent Qualcomm, Apple's adversary in related litigation in the Southern District of

6    California, from obtaining Apple's attorney work product.

7          Finally, the Supreme Court's decision in *Hickman* "itself provides authority to protect

8    work product outside the terms of Rule 26(b)[(3)]." *Student Finance*, 2006 WL 3484387, at *11;

9    *see* 8 Fed. Prac. & Proc. Civ. § 2024 ("[I]t must be remembered that protection may exist under

10   *Hickman v. Taylor* itself, even if it is not provided also under [Rule 26(b)(3)], so long as the

11   materials in question were prepared in anticipation of litigation by an attorney.").[4] *Hickman*

12   recognized that "it is essential that a lawyer work with a certain degree of privacy, free from

13   unnecessary intrusion by opposing parties and their counsel," and thus protected the "[w]ork

14   product of the lawyer" from discovery. 329 U.S. at 510-11. The clawed-back documents reflect

15   attorney mental processes, thoughts and strategies, and were created for the purposes of litigation.

16   (Watrous Decl. ¶¶ 5-6.) Allowing Qualcomm, Apple's adversary in litigation, to obtain those

17   documents is a prime example of the type of disclosure that would have a chilling effect on

18   lawyers' ability to prepare their legal theories and strategies in connection with litigation. *See*

19   *Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271, 278 (W.D. Pa. 2014) ("Preventing

20   discovery will have a salutary effect on attorneys maintaining confidence that their ability to

21   formulate and record legal theories and prepare their cases will not be used to the detriment of

22   their clients.").

23        [4] The Ninth Circuit and other Circuit courts have concluded that the work-product doctrine
     established in *Hickman* was only partially codified in Rule 26(b)(3). *See Republic of Ecuador v.*
24   *Mackay*, 742 F.3d 860, 868 & n.2 (9th Cir. 2014) ("The 1970 amendment added provisions
     allowing for discovery of information held by experts and partially codifying the work product
25   doctrine."); *United States v. Deloitte LLP*, 610 F.3d 129, 136 (D.C.Cir.2010) ("Rule 26(b)(3) only
     partially codifies the work-product doctrine announced in *Hickman*").
26

27

28

APPLE'S SUPPLEMENTAL REPORT IN SUPPORT OF CLAWBACKS
No. 17-cv-0220-LHK-NMC, No. 17-md-2773-LHK-NMC

1    Apple is entitled to assert work product protection over the clawed back documents under

2    Rule 45, Rule 26(c), or *Hickman*.  Accordingly, Apple's clawbacks should be upheld.

3        B.    *Apple Did Not Waive Work Product Protection*

4    Qualcomm argues that Apple waived work product protection over the clawed-back

5    documents by providing them to a mediator, and speculates that the documents or their contents

6    were shared with Apple's litigation adversary and mediation counterparty.  Neither argument

7    passes muster.  As explained in the March 16 joint status report, "waiver of attorney work-product

8    protection requires more than the disclosure of confidential information, it requires an act

9    inconsistent with the adversary system," such as "'disclosure [of] protected information to a third

10   party who is not bound to maintain its confidence." *Great Am. Assur. Co. v. Liberty Surplus Ins.*

11   *Corp.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (internal quotation omitted).  Apple did not

12   take any action inconsistent with the adversary system.  As a result, there has been no waiver.

13       Apple's decision to share the documents with a mediator did not waive work product

14   protection because "[b]y agreement, the document was to be maintained in confidence and not

15   provided to [the other party in mediation]."  (Watrous Decl. ¶ 7.)  *See In re Lake Lotawana Cmty.*

16   *Improvement Dist.*, 563 B.R. 909, 922 (Bankr. W.D. Mo. 2016) ("[T]he District did not waive its

17   work product privilege when it provided the Statement to the mediator" because "the District did

18   not disclose the Statement with actual intent that the Movants see the Statement.").

19       Qualcomm has no basis to support its conjecture that "the content of the Document almost

20   certainly was shared." ECF No. 629-3 at 3.  Watrous' and Selwyn's declarations make it clear

21   that the clawed back documents were *not* shared with the party adverse to Apple.  (Selwyn Decl. ¶

22   5 ("To the best of my knowledge, there was no disclosure of these documents (or substantially

23   similar versions of them) outside of Apple other than to its counsel and to [the mediator].");

24   Watrous Decl. ¶ 7 ("the document was to be maintained in confidence".)  In any event, "there is

25   no requirement, when determining whether the [work product] protection applies, that the

26   attorney and client intend to maintain the material in confidence," so long as the documents were

27

28

5

1    not disclosed to an adversary.  *United States v. Bergonzi*, 216 F.R.D. 487, 494, 498 (N.D. Cal.

2    2003).  Because disclosure of the documents to the mediator did not "enable[] an adversary to

3    gain access to the information," Apple did not waive work product protection.  *Id.* at 497.

4    **II.       Mediation Privilege**

5           The clawed-back documents are separately protected under the federal mediation

6    privilege.

7           Although the Ninth Circuit has not yet addressed the existence of a federal mediation

8    privilege, several district courts in this circuit have upheld a privilege for mediation

9    communications.  *See Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d

10   1164, 1180 (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082 (9th Cir. 2000) (finding "communications to

11   the mediator and communications between parties during the mediation" and "communications in

12   preparation for and during the course of a mediation with a neutral" to be protected under F.R.E.

13   501); *Microsoft Corp. v. Suncrest Enterprise*, No. C03-05424 JF, 2006 WL 929257, *2 (N.D. Cal.

14   Jan.6, 2006) ("this court concludes that most of the deposition questions at issue seek information

15   pertaining to the parties' conversations with the mediator and are, therefore, protected"); *City of*

16   *Colton v. Am. Promotional Events, Inc.*, No. EDCV0901864PSGSSX, 2014 WL 12740639, at *3

17   (C.D. Cal. June 24, 2014) (refusing to permit discovery of mediation-related information because

18   "an agreement of secrecy and confidentiality forms the bedrock of the mediation process").  Like

19   in *Folb*, where the court refused to compel a third party to produce a mediation brief used in a

20   mediation with a another party in a different litigation, these clawed-back documents fall squarely

21   within the mediation privilege and are thus shielded from discovery.

22

23

24

25

26

27

28

1   Dated: March 28, 2018               Respectfully submitted,

2                                      By:  */s/ Edward H. Takashima*

3

4                                  William A. Isaacson
                                  wisaacson@bsfllp.com

5                                  Karen L. Dunn
                                  kdunn@bsfllp.com

6                                  Amy J. Mauser
                                  amauser@bsfllp.com

7                                  BOIES SCHILLER FLEXNER LLP
                                  1401 New York Avenue, N.W.

8                                  Washington, DC 20005
                                  Telephone:    (202) 237-2727

9                                  Facsimile:     (202) 237-6131

10                                  Edward H. Takashima
                                  etakashima@bsfllp.com

11                                BOIES SCHILLER FLEXNER LLP

12                                401 Wilshire Blvd, Suite 850
                                Santa Monica, CA 90401

13                                Telephone:  (310) 752-2400
                                Facsimile:  (310) 752-2490

14

15                                Attorneys for Non-Party APPLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S SUPPLEMENTAL REPORT IN SUPPORT OF CLAWBACKS
No. 17-cv-0220-LHK-NMC, No. 17-md-2773-LHK-NMC