Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Wesley G. Carson, D.C. Bar No. 1009899
Elizabeth A. Gillen, Cal. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
*jmilici@ftc.gov*

Lin W. Kahn, Cal. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5115; (415) 848-5184 (fax)
*lkahn@ftc.gov*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ksrinivasan@susmangodfrey.com

Joseph Cotchett
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: swilliams@cpmlegal.com

*MDL Plaintiffs' Interim Co-Lead Counsel*

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
Asim M. Bhansali (SBN 194925)
Eugene M. Paige (SBN 202849)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

FEDERAL TRADE COMMISSION,

               Plaintiff,

         vs.

QUALCOMM INCORPORATED, a
Delaware corporation,

               Defendant.

IN RE QUALCOMM ANTITRUST
LITIGATION

Case No. 5:17-cv-00220-LHK-NMC

**JOINT CASE MANAGEMENT
STATEMENT**

DATE:     April 6, 2018
TIME:     11:00 AM PST
CTRM:    Courtroom 8
JUDGE:   Hon. Lucy H. Koh

Case No. 5:17-MD-02773-LHK-NMC

2

Pursuant to the Court's March 23, 2018 Case Management Order (ECF No. 645), Plaintiff Federal Trade Commission (the "FTC") and the MDL Plaintiffs (collectively, "Plaintiffs") and Defendant Qualcomm Incorporated ("Qualcomm") (collectively, the "Parties") have met and conferred and hereby submit this Joint Case Management Statement.

## I.   MOTIONS

Since filing the March 15, 2018 Case Management Statement (ECF No. 621), the Parties have engaged in the following motion practice:

### A.   Plaintiffs' Disputes with Qualcomm Regarding Qualcomm's Assertions of Privilege

Pursuant to an order issued by Magistrate Judge Cousins on March 16, 2018, Qualcomm, the FTC, MDL Plaintiffs and Apple met and conferred regarding the extent to which Qualcomm should re-review documents it had withheld as privileged, the extent to which Qualcomm should revise its privilege log, and whether the FTC, MDL plaintiffs and Apple should conduct any re-review and revise their respective privilege logs.  As ordered by Magistrate Judge Cousins, following those discussions, Qualcomm, the FTC, MDL Plaintiffs and Apple submitted a joint status report, setting forth their respective positions regarding such re-reviews and revisions. (ECF No. 653.)    On March 28, 2018, Magistrate Judge Cousins held a hearing to address the parties' submissions.  On March 30, 2018, Magistrate Judge Cousins ordered Qualcomm to re-review by July 1, 2018, all redacted and withheld documents involving ten employees selected by Plaintiffs, excluding only "(1) documents involving outside counsel as an author, sender, or recipient; (2) privilege log entries that identify a specific litigation or investigation; (3) documents Qualcomm has already re-reviewed; (4) documents that consist only of communications between Qualcomm in-house counsel without any involvement of Qualcomm business executives."  (ECF Nos. 653 at 1-2, 664 at 2).    Magistrate Judge Cousins ordered the parties to submit status reports on April 16, May 16, June 18 and July 16, 2018, as to the progress of the privilege re-review. (ECF No. 664 at 2.)  In each of these reports, MDL Plaintiffs and the FTC "may request in

1    camera review of up to 50 document families", provided that they have first met and conferred

2    with Qualcomm about those document families.  (*Id.*)

3        **B.**    **Qualcomm's Dispute with the FTC Regarding the FTC's Interrogatory**

4                  **Responses**

5        On March 16, 2018, the Parties submitted a joint discovery statement in which Qualcomm

6    requested that the FTC amend its January 8, 2018 responses to two of Qualcomm's

7    interrogatories, Nos. 5(e) and 13.  (ECF No. 623.)  That same day, Magistrate Judge Cousins

8    granted in part and denied in part Qualcomm's request.  (ECF No. 628.)  Magistrate Judge

9    Cousins ruled that the FTC answered Interrogatory No. 5(e) "sufficiently", but stated that if the

10   FTC "later learns additional or corrective information that has not otherwise been disclosed, it

11   must supplement its response in accordance with Rule 26(e)."  (*Id.* at 2.)  Magistrate Judge

12   Cousins ordered the FTC to amend its response to Interrogatory No. 13 by March 23, 2018,

13   "providing specific facts and identifying specific rivals and specific costs."  (*Id.*)  On March 23,

14   2018, the FTC served a further amended response to Interrogatory No. 13.

15       **C.**    **Qualcomm's Dispute with Apple Regarding Apple's Assertions of Privilege**

16       Since the March 15, 2018 Case Management Statement, and pursuant to Magistrate Judge

17   Cousins's February 26, 2018 Order, Apple and Qualcomm have filed joint status reports on

18   March 16 (ECF No. 629), March 23 (ECF No. 647) and March 30, 2018 (ECF No. 663).  Those

19   reports included discussion of Apple's clawback of documents over which it claimed privilege

20   and Apple's privilege log more generally.

21           1.    Dispute Regarding Apple's Clawed Back Mediation Submission

22       *Qualcomm's Position*

23       In the March 16 and March 23 status reports, Qualcomm and Apple disputed whether

24   Apple properly clawed back, the night before the deposition of B.J. Watrous (Apple's Chief IP

25   Counsel and Vice President), a submission it had made to a mediator.  On March 28, 2018,

26   following *in camera* examination of the document and a hearing, Magistrate Judge Cousins

27   allowed Apple's clawback.  (3/28/2018 Hrg. Tr. 15:18-23.)

28
                                    2              JOINT CASE MANAGEMENT STATEMENT
                                                   Case No. 5:17-cv-00220-LHK-NMC

*Plaintiffs' Position*

Plaintiffs take no position on the issues relating to Apple and cannot confirm the accuracy of any of the statements in Qualcomm's Position above.

2.    Dispute Regarding Apple's Withheld Documents

*Qualcomm's Position*

Apple's original privilege log, the majority of which was produced to Qualcomm on December 29, 2017, included over 424,000 entries, which based on the number of entries and associated attachments, reflected over 520,000 withheld documents.  The log had material structural and substantive deficiencies.  Structurally, the log lacked subject-matter descriptions for all non-email entries and listed only generic privilege descriptions for over 82% of the entries (*e.g.*, "Email reflecting legal advice, request for legal advice, and/or attorney work product created in anticipation of litigation.")  Substantively, the log included numerous communications with third parties that, based on the face of the log, were not even arguably privileged; it even included "spam" email communications (*e.g.*, "Flirt With Singles Near You").

In response to Qualcomm's complaints, Apple produced privilege logs in three tranches, on February 9, 15 and 19, 2018 (6 to 8 weeks after the December 29, 2017 deadline for its privilege log, and well after depositions began).  These revised logs contain approximately 165,000 entries, nearly 260,000 entries less than in Apple's original log.  In the months since Apple served its original privilege log, Apple has produced over 289,000 documents that it represented were "downgrades" from privilege.  In addition, Apple removed tens of thousands of entries from the log without producing the corresponding documents, taking the position that upon re-review, those documents were "downgraded" from privileged to non-responsive.  Even setting aside these newly "non-responsive" documents, Apple's initial re-review resulted in reversal of at least 55% of its original privilege calls.  In addition, since Apple produced its revised logs, Qualcomm has questioned 2,530 of those privilege designations, and Apple subsequently reversed its privilege calls on approximately 2,370 of those entries—a reversal rate of 93%.

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:17-cv-00220-LHK-NMC

1       In light of the above, Qualcomm and Apple have been meeting and conferring regarding

2 Apple's privilege log.  In response to Magistrate Judge Cousins's March 16, 2018 order,

3 Qualcomm and Apple jointly submitted to the Court a proposed plan under which Qualcomm

4 would select 1,000 log entries from Apple's privilege log for Apple to re-review and to revise

5 according to the standards set forth in that order.  (ECF No. 653.)  Should Apple continue to

6 assert privilege over any of the 1,000 log entries selected by Qualcomm, Qualcomm and Apple

7 agreed that, subject to the Court's consent, Qualcomm may submit for *in camera* review up to

8 100 document families from the list over which Apple continues to assert a privilege.  (ECF No.

9 653.)  Magistrate Judge Cousins approved this proposal on March 30.  (ECF No. 664 at 2.)[1]

10       On March 30, 2018, per Judge Cousins's Orders of March 7 and March 26, 2018, Apple

11 provided Qualcomm with a log for the documents it has removed from its initial privilege log but

12 has continued to withhold as "non-responsive".  (ECF Nos. 607, 650.)  The log contains nearly

13 190,000 entries.  Qualcomm has just begun reviewing the log, but its preliminary view is that the

14 log is wholly inadequate in its description of many entries (for example, over 6,500 entries have

15 no description of the "subject" of the withheld documents at all), while numerous other entries

16 appear to be facially responsive to matters in this Action and in the Southern District Actions,

17 including numerous entries that specifically refer to Qualcomm, products sold by Qualcomm,

18 agreements between Apple and Qualcomm, and codenames used to refer to Apple and

19 Qualcomm.  Qualcomm will continue to meet and confer with Apple concerning the deficiencies

20 in this additional log.[2]

21      *Plaintiffs' Position*

22      Plaintiffs do not believe that this Joint Case Management Statement is the appropriate

23

24 [1] In the March 30, 2018 Order, Magistrate Judge Cousins also vacated the December 21, 2017 sanctions order against Apple.  (ECF No. 665 at 2.)

25 [2] Qualcomm objects to Plaintiffs' characterization (below) of Qualcomm's summary of its dispute

26 with Apple regarding withheld documents as "potentially misleading".  Where counsel is obliged to inform the court of pending motions before the magistrate judge in the case, it is inappropriate

27 for Plaintiffs to characterize opposing counsel's description as "one-sided" and "potentially misleading" on behalf of a different entity simply because that entity is aligned with Plaintiffs.

28

place for Qualcomm to raise disputes between it and Apple.  Apple is not a signatory to this Statement and has not had a chance to respond to Qualcomm's characterization of the relevant events.  Plaintiffs refer the Court to Non-Party Apple Inc. and Defendant Qualcomm Inc.'s Joint Status Report submitted on January 12, 2018 for a description of the relevant discovery disputes to date between Qualcomm and Apple.  (ECF No. 482.)   While Plaintiffs have no position on the disputes between Apple and Qualcomm, Plaintiffs believe that the recitation of events is one-sided and potentially misleading.

### D.     Qualcomm's Dispute with Intel Regarding Intel's Assertion of Privilege

Intel has asserted privilege over, and produced in wholly redacted form, at least two summaries of meetings between Qualcomm and Intel from 2005 to 2009 attended by Mr. Dana Hayter, a former in-house counsel at Intel who is on the FTC's witness list.  Qualcomm believes these documents are not privileged because factual summaries of business meetings with another party do not fall within the attorney-client privilege.  Qualcomm therefore requested that Intel produce these documents in unredacted form.  At Mr. Hayter's January 31, 2018 deposition and during subsequent meet-and-confer communications, Intel refused to produce the summaries, maintaining that they are properly within the scope of the attorney-client privilege and the work-product protection.  Qualcomm and Intel submitted a joint discovery statement to Magistrate Judge Cousins on this issue on April 2, 2018, and Magistrate Judge Cousins scheduled a hearing on the motion for April 18, 2018.

The FTC and MDL Plaintiffs take no position on these issues relating to Intel.

## II.     PARTY DISCOVERY

### A.     Written Discovery

The Parties have not served any new requests for written discovery since the March 15, 2018 Case Management Statement (ECF No. 621).

On March 23, 2018, following motion practice and pursuant to Magistrate Judge Cousins's March 16, 2018 Order (ECF No. 628), the FTC served a further amended response to Qualcomm's Interrogatory No. 13, which Qualcomm had served on November 14, 2017.

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:17-cv-00220-LHK-NMC

On March 28, 2018, Qualcomm requested an extension to submit its responses and objections to the FTC and MDL Plaintiffs' First Joint Set of Requests for Admission, originally due March 30, 2018.  On March 29, 2018, the FTC granted Qualcomm's request for an extension until April 9, 2018.

On March 30, 2018, Qualcomm served Supplemental Responses and Objections to the FTC's First Set of Interrogatories, which had been served on January 26, 2018.

*Qualcomm's Position*

On February 6, 2018, Qualcomm served Request No. 1 in its Fourth Set of Requests for Productions on the FTC, which sought certain communications between the FTC and actual or prospective third-party witnesses and their counsel, such as outlines, talking points and Q&A materials provided by the FTC.  On March 8, 2018, the FTC served its responses and objections, in which it objected to the request on the grounds that it was overbroad, unduly burdensome, and not proportional to the needs of the case.  Following meet and confer communications, on April 3, 2018, Qualcomm provided the FTC with Qualcomm's portion of a draft joint discovery statement seeking a narrowed subset of these documents.  The FTC is considering Qualcomm's draft, and the parties are exchanging drafts of a joint discovery statement to Magistrate Judge Cousins on this issue.

On February 6, 2018, Qualcomm served Interrogatory Nos. 14 and 15 on the FTC.  These interrogatories seek basic facts relating to claims asserted by the FTC in its Complaint.  Interrogatory No. 14 seeks information regarding the FTC's central claim in this case that Qualcomm "coerced" device makers—including some of the most powerful companies in the world—into paying "elevated" royalties.  Interrogatory No. 15 seeks information regarding the FTC's claim that a supplier other than Qualcomm could have satisfied Apple's technical specifications, supply scheduling requirements, and other performance requirements for iPads or iPhones first sold between 2011 and 2016.  In its responses, served on March 12, the FTC refused to respond, providing only objections that the interrogatory sub-parts exceed the limit of 20 interrogatories and that they seek expert analysis.  Under controlling authorities, each of these

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:17-cv-00220-LHK-NMC

1    interrogatories is a single interrogatory, and each requests only facts and not expert analysis or

2    opinion.  The parties are in the process of preparing a Joint Discovery Statement on these issues.

3         Qualcomm also served five additional Interrogatories—Interrogatory Nos. 16, 17 and 18,

4    to which responses were due on March 19, and Interrogatory Nos. 19 and 20, to which responses

5    were due on March 26—but the FTC did not respond by those deadlines.  After Qualcomm

6    requested that the FTC provide responses, the FTC confirmed on March 29, well after the

7    deadlines had passed, that it did not serve responses or objections to these Interrogatories and did

8    not intend to do so.  The FTC's refusal to respond to Qualcomm's Interrogatories waived any

9    objections to them.  Fed. R. Civ. Pro. 33(b)(4) ("Any ground not stated in a timely objection is

10   waived unless the court, for good cause, excuses the failure.").  The FTC's assertion that it "stood

11   on that objection" based on the interrogatory limit is inaccurate; the prior objection and meet and

12   confer concerned Interrogatory Nos. 14 and 15.  The FTC never raised Nos. 16-20.[3]  Like

13   Interrogatories Nos. 14 and 15, Interrogatories Nos. 16-20 seek basic information critical to the

14   FTC's claims, including facts supporting the FTC's allegations of harm to Qualcomm's

15   competitor chipmakers, facts concerning a "premium handset market" the FTC has alleged, and

16   facts supporting below-cost pricing alleged in the FTC's Complaint.  These interrogatories will

17   also be part of the Joint Discovery Statement currently being prepared.

18        *FTC's Position*

19        On February 6, 2018, Qualcomm served Request No. 1 in its Fourth Set of Requests for

20   Productions on the FTC, which sought all communications between the FTC and actual or

21   prospective third-party witnesses and their counsel that mention a topic of potential discovery

22   from that third party or witness.  On March 8, 2018, the FTC served its responses and objections,

23   in which it objected to the request on the grounds that it was overbroad, unduly burdensome, and

24   not proportional to the needs of the case. On April 3, 2018, Qualcomm provided the FTC with

25   Qualcomm's portion of a draft joint discovery statement purporting to narrow its request to a

26

27   [3] On March 30, purportedly in "the spirit of compromise", the FTC purported to serve untimely,
     boilerplate objections to No. 16-20.

28

7

1    subset of these documents.  The FTC has asked Qualcomm to meet and confer about its new

2    proposal, and the parties may submit a joint discovery statement to Magistrate Judge Cousins on

3    this issue.

4         Qualcomm's Second Interrogatories, Nos. 14 and 15, seek, *inter alia*, a number of

5    separate explanations from the FTC related to different potential damages theories and

6    calculations, including a request for the FTC to specify the amount of supra-FRAND royalties

7    paid by each manufacturer, as well as an explanation of what facts support any analysis of entry

8    in the but-for world.  On March 12, 2018, the FTC objected to this second set of interrogatories as

9    exceeding the limit set by the April 19, 2017 Case Management Order (ECF No. 75), as well as

10   because the interrogatories call for a premature disclosure of expert materials before the deadline

11   set for expert reports and are otherwise objectionable.  The FTC stood on that objection during

12   the parties' meet and confer discussion on March 19, 2018, at which time Qualcomm indicated

13   that it would submit the matter to Judge Cousins.  The parties have since exchanged drafts of a

14   Joint Discovery Statement.

15        Because Interrogatories Nos. 14 and 15 already exceed the limit set by the Court, and the

16   counting dispute was in the process of being submitted to the Court, the FTC plainly reserved its

17   objections as to further interrogatories.  Should the Court issue an order in Qualcomm's favor

18   allowing more than 20 interrogatories concerning the FTC's contentions and matters subject to

19   expert analysis, the FTC will object and respond to Qualcomm's outstanding interrogatories.

20        **B.    Extension of the Deadline to File Motions to Compel Fact Discovery**

21        Northern District of California Local Rule 37-3 states that "no motions to compel

22   discovery may be filed more than 7 days after the fact discovery cut-off…except by order of the

23   Court for good cause shown."  All parties think good cause exists to extend this motion to compel

24   deadline until May 18, 2018 for the following reasons. First, Qualcomm has continued throughout

25   March to produce documents in the Southern District of California. Plaintiffs are concerned that

26   they will not have the opportunity to assess what relevant materials Qualcomm has produced until

27   after the date of substantial completion of fact discovery in the Southern District action on May

28

11, 2018. Second, following extensions, both Qualcomm and the MDL Plaintiffs have not yet completed responding to written discovery sent by the other side. Third, the FTC and MDL Plaintiffs' 30(b)(6) depositions of Qualcomm as well as several outstanding depositions of fact witnesses have not yet been completed. Fourth, Plaintiffs have raised concerns about Qualcomm's collection of relevant materials from shared databases and storage sites and the parties are actively meeting and conferring on this issue. Fifth, Qualcomm and Apple are still meeting and conferring about certain issues, including issues pertaining to Apple's privilege logs and log of documents downgraded to "non-responsive" after initially being identified as responsive but privileged.  For these reasons, the Parties agree that maintaining the current motion to compel cut-off provided by the Local Rules may result in rushed, unnecessary motion practice that could potentially be avoided by an extension in the cut-off that allows for productive meet-and-confers between the parties to address outstanding issues related to fact discovery. The Parties therefore request the Court grant an extension of the motion to compel deadline until May 18, 2018.

### C.   <u>Other Document Discovery Issues</u>

#### 1.   <u>"Alternative" Class Representative Documents</u>

Qualcomm took the depositions of the two "alternative" class representatives on March 28, 2018.  Nevertheless, MDL Plaintiffs still have not produced easily-collected core documents that are responsive to Qualcomm's RFPs and were discussed during the March 28 depositions, including: (1) any information concerning the "alternative" class representatives' devices, such as photos of the devices, or any other identification of the exact make and model, etc., (2) any proof of purchase, receipts, contracts, or other documentation related to the devices, (3) documents related to the purchase of insurance on the devices, or (4) information concerning tax deductions that may have been taken on cellular expenses.  Additionally, Plaintiffs provided authorizations to release the witnesses' carrier records only on the eve their depositions, guaranteeing that Qualcomm would not receive the witnesses' wireless bills before they testified.  Plaintiffs' lack of diligence has prejudiced Qualcomm's ability to meaningfully depose the witnesses on issues

central to class certification.

### 2.   Internal Ratings

The FTC has challenged Qualcomm's assertion of privilege over internal ratings Qualcomm attorneys assigned to Qualcomm patents.  The FTC's position is that data relied on by Qualcomm to make business decisions related to the technical merits of its intellectual property or the value of its contributions cannot be shielded from disclosure simply because that data may also be used by lawyers for a legal purpose.  Qualcomm's position is that the patent ratings were determined by Qualcomm in-house and outside lawyers, reflect those lawyers' legal analyses and are used primarily for legal purposes, including to develop litigation and patent prosecution strategies—and that they are therefore privileged.  The parties are preparing a joint discovery statement to Magistrate Judge Cousins on this issue.

### D.   Depositions

#### 1.   Individual Depositions

Almost all depositions of current or former Qualcomm employees concluded on March 30, 2018.  The four exceptions are the three individuals discussed at the March 22, 2018 case management conference (Edward Tiedemann, Alex Katouzian and Paul Jacobs) and one former employee (Jeffrey Altman) with respect to whom the Court approved an out-of-time deposition on February 20, 2018.  (ECF No. 580.)  Pursuant to Magistrate Judge Cousins's March 30, 2018 order, the Parties will meet and confer regarding re-opening of depositions following the completion of the privilege re-review Qualcomm is undertaking pursuant to that order.

#### 2.   Rule 30(b)(6) Depositions

Qualcomm has designated four witnesses to testify concerning the topics in the FTC and MDL Plaintiffs' Rule 30(b)(6) notices that were discussed at the March 22, 2018 case management conference.  These are in addition to the witnesses Qualcomm had previously made available in response to certain topics in the FTC's Rule 30(b)(6) notice.  The Parties have agreed that three of these additional witnesses will testify in a 30(b)(6) capacity for full seven-hour days,

1  and the fourth will testify in a 30(b)(6) capacity for two hours on the same days he is being

2  deposed in his individual capacity.

3      Qualcomm and the FTC continue to discuss Topic 11 of the FTC's Rule 30(b)(6) notice,

4  which relates to certain data that Qualcomm maintains. In an effort to reduce the burden on all

5  parties, the FTC agreed to allow Qualcomm to provide written answers to certain questions

6  regarding Qualcomm's data in lieu of a deposition.  Qualcomm has not yet provided its written

7  responses but has agreed to do so by Thursday, April 5, 2018.  The FTC reserves the right to seek

8  a deposition if, after reviewing Qualcomm's written responses, it determines that testimony from

9  a corporate designee is necessary. The FTC has agreed that any questioning would be limited to

10  the issues outlined in its written inquiries, including reasonable follow-up on related issues and

11  any necessary clarifications on the answers provided, and has requested a placeholder deposition

12  date prior to April 16 so as to allow for adequate time prior to submitting its expert reports on

13  April 30.

14      *FTC's Position*

15      Qualcomm has identified two corporate designees—Derek Aberle and Liren Chen—to

16  testify regarding the outstanding topics in the FTC's Rule 30(b)(6) notice.  Qualcomm has offered

17  April 20, 2018 for the 30(b)(6) deposition of Mr. Aberle and has represented he is not available

18  prior to that date.  On April 3, 2018, Qualcomm offered April 16, 2018 for the deposition of Liren

19  Chen.  The FTC is prepared to take the 30(b)(6) depositions of Messrs. Aberle and Chen on these

20  dates, but remains concerned that depositions in late April will prejudice its ability to incorporate

21  any testimony into its expert reports, which are to be submitted on April 30, 2018, particularly

22  where 30(b)(6) testimony from these witnesses on topics relating to Qualcomm's patent portfolio,

23  valuation issues, and the allocation of royalty revenues will be critical information for expert

24  discovery.

25      *MDL Plaintiffs' Position*

26      The MDL Plaintiffs will meet and confer with Qualcomm on Wednesday regarding the

27  narrowed list of subtopics for topics 6 and 7. (MDL Plaintiffs were also available to meet and

28

1   confer with Qualcomm on this issue today but Qualcomm chose Wednesday). The MDL

2   Plaintiffs note that the three licensees (Foxconn, TCL, and Lenovo) identified by Qualcomm are

3   each successors or agents of licensees identified on the MDL Plaintiffs' list of eleven licensees

4   and the MDL Plaintiffs 30(b)(6) notice expressly includes successors or agents. In particular,

5   Lenovo is the successor to Motorola and TCL acts as Alcatel's agent through use of the Alcatel

6   brand name under license. Foxconn acts as Apple's agent as a contract manufacturer as Apple is

7   not a direct licensee of Qualcomm but Foxconn is. The MDL Plaintiffs will also restrict their

8   questions regarding rights that Qualcomm's chipset customers receive to third-party intellectual

9   property to the licensees identified in the MDL Plaintiffs' narrowed list of subtopics. Qualcomm

10  also acknowledges that the MDL Plaintiffs are fully entitled to ask questions about Qualcomm's

11  methods of assessing FRAND royalty rates as a 30(b)(6) topic and Qualcomm has designated the

12  same witness, Derek Aberle, for MDL's 30(b)(6) topic 5 on FRAND rates as it has for Topics

13  6&7.  Qualcomm has also not identified specific prejudice that it has sustained from MDL

14  Plaintiffs identifying documents that it intends to ask Qualcomm questions on regarding the

15  narrowed list for Topics 6 & 7. Qualcomm can, of course, object if MDL Plaintiffs ask questions

16  outside the scope of Topics 6&7 about the documents that have been identified.

17          *Qualcomm's Position*

18          Qualcomm has identified two corporate designees—Derek Aberle and Liren Chen—to

19  testify regarding the outstanding topics in the FTC's Rule 30(b)(6) notice.

20          Mr. Aberle is the former President of Qualcomm, who is now retired from the company

21  and does not have a contract obligating him to testify on Qualcomm's behalf or otherwise to

22  cooperate in this litigation.  Nevertheless, Mr. Aberle indicated that he could be available on

23  April 4 or April 5, 2018, but the FTC stated that it had conflicts on both of those days.  On

24  March 31, 2018, the FTC stated that it had cleared its conflict and could proceed on April 5,

25  2018, but by that point (less than a week before April 5) Mr. Aberle was no longer available.

26  Qualcomm advised the FTC that Mr. Aberle has a longstanding family vacation planned for the

27  week of April 9, 2018, so the FTC asked for his availability during the week of April 16, 2018.

28

1    Qualcomm has offered April 20, 2018 for the 30(b)(6) deposition of Mr. Aberle.

2           Qualcomm has offered April 16, 2018 for the deposition of Liren Chen.

3           On March 23, 2018, the Court ordered MDL Plaintiffs to "provide a list of narrower topics

4    for topics 6 and 7" before the 30(b)(6) deposition takes place.  (ECF No. 403.)  During the

5    hearing, the Court expressly limited those topics to the list of eleven licensees identified at the

6    hearing.  (3/22/2018 Hrg. Tr. 62:10–13.)  Consistent with that ruling, Plaintiffs' counsel stated: "I

7    don't think we need a 30(b)(6) broader than those specific identified licensees and their

8    agreements."  (*Id*. at 61:19–21.)  Plaintiffs further represented that they would provide Qualcomm

9    with "the questions we intend to cover" at the deposition, "and identify the exhibits as well."  (*Id*.

10   at 63:9–10, 14.)

11          But on Wednesday, March 28—after Qualcomm had already designated a witness to

12   testify on topics 6 and 7—Plaintiffs provided a list of alleged "subtopics" for topics 6 and 7 that

13   expanded those topics beyond what was agreed to at the hearing.  For example, Plaintiffs list

14   three licensees (Foxconn, TCL, and Lenovo) that are not on the list of eleven licensees identified

15   at the hearing.  The revised subtopics also extend beyond license terms and negotiations.  They

16   now include areas such as: (a) "methods of assessing FRAND royalty rates" (which is itself a

17   separate topic in both Plaintiffs' and the FTC's 30(b)(6) notice); (b) "any and all rights that

18   Qualcomm's chipset customers"—not the enumerated licensees—"receive to third-party

19   intellectual property"; and (c) transaction-level data detailing individual payments by all of

20   Qualcomm's licensees.  This new set of alleged subtopics is neither "narrower" nor "limited," as

21   the Court ordered; it would expand the topics far beyond their original boundaries.

22          In addition, Plaintiffs have failed to "identify the exhibits" they intend to use at the

23   deposition so that Qualcomm may prepare a witness for testimony, as promised to the Court.

24   Rather, Plaintiffs now state that "relevant documents may include" 75 different items, including

25   documents, data spreadsheets, and Qualcomm's public financial statements.  The latter

26   category—public financial statements—is particularly inappropriate because it, too, represents a

27   separate topic in Plaintiffs' 30(b)(6) notice, and one on which the Court permitted Qualcomm to

28

13

1    designate prior testimony.

2          Qualcomm has alerted Plaintiffs to its concerns regarding the expanded subtopics, and are

3    scheduling a meet-and-confer discussion in hopes of resolving the issue.

4    **III.    THIRD-PARTY DISCOVERY**

5          **A.    Document Production**

6          The vast majority of third parties subpoenaed have completed their document productions

7    in this case.  Certain third parties are still producing small volumes of documents.  Issues relating

8    to Apple's production of documents are discussed above.

9          **B.    Depositions**

10          Following the March 22, 2018 case management conference, the Court approved the

11   parties' joint request to permit depositions of two Essential Products employees (Andy Rubin and

12   Matt Hershenson), one Lenovo employee (Ira Blumberg), one Apple employee (Bruce Sewell), as

13   well as Rule 30(b)(6) depositions of InterDigital and Nokia to occur after the March 30 close of

14   fact discovery, on dates set forth in the parties' March 22 Supplemental Case Management

15   Statement.  (ECF Nos. 633, 645.)  Due to issues beyond the control of the parties, the 30(b)(6)

16   deposition of Ericsson and a deposition of an Ericsson employee (Martin Zander and Christina

17   Petersson, respectively) have been rescheduled for April 19 and 20, 2018.

18   **IV.    ADR**

19          The parties have not engaged in any ADR conferences since the March 15, 2018 Case

20   Management Statement.  (ECF No. 621.)  The next ADR conference is scheduled for August 7,

21   2018.

22

23

24

25

26

27

28

Dated:  April 3, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,


/s/ *Elizabeth Gillen*
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Federal Trade Commission*

MDL PLAINTIFFS,


/s/ *Rio Pierce*

Rio Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone:  510-725-3000
Facsimile:  510-725-3001
riop@hbsslaw.com

Kalpana Srinivasan (237460)
Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Amanda Bonn (270891)
Oleg Elkhunovich (269238)
Carel Alé
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
*Attorneys for MDL Plaintiffs*

1

2        CRAVATH, SWAINE & MOORE LLP,

3

_/s/ Gary Bronstein_

4        Gary A. Bornstein
         Yonatan Even

5        Worldwide Plaza
         825 Eighth Avenue

6        New York, NY 10019
         Tel: (212) 474-1000

7        Fax: (212) 474-3700

8        gbornstein@cravath.com
         yeven@cravath.com

9

10       Richard S. Taffet
         MORGAN, LEWIS & BOCKIUS LLP

11       101 Park Avenue
         New York, NY 10178-0060

12       Tel: (212) 309-6000
         Fax: (212) 309-6001

13       richard.taffet@morganlewis.co
         m

14

15       Willard K. Tom
         MORGAN, LEWIS & BOCKIUS LLP

16       1111 Pennsylvania Ave. NW
         Washington, DC 20004-2541

17       Tel: (202) 739-3000
         Fax: (202) 739 3001

18       willard.tom@morganlewis.com

19

20       Donn P. Pickett
         Geoffrey T. Holtz
         MORGAN, LEWIS & BOCKIUS LLP

21       One Market, Spear Street Tower
         San Francisco, CA 94105-1126

22       Tel: (415) 442-1000
         Fax: (415) 442-1001

23       donn.pickett@morganlewis.com
         geoffrey.holtz@morganlewis.co

24       m

25       _Attorneys for Qualcomm Incorporated_

26

27

28

16       JOINT CASE MANAGEMENT STATEMENT
         Case No. 5:17-cv-00220-LHK-NMC

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.


*/s/ Gary Bornstein*
Gary A. Bornstein

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:17-cv-00220-LHK-NMC