| | |
|---|---|
| Jennifer Milici, D.C. Bar No. 987096 | CRAVATH, SWAINE & MOORE LLP |
| Daniel Matheson, D.C. Bar No. 502490 | Gary A. Bornstein (*pro hac vice*) |
| J. Alexander Ansaldo, Va. Bar No. 75870 | Yonatan Even (*pro hac vice*) |
| Joseph R. Baker, D.C. Bar No. 490802 | 825 Eighth Avenue |
| Elizabeth A. Gillen, Ca. Bar No. 260667 | New York, NY 10019-7475 |
| Federal Trade Commission | Telephone: (212) 474-1000 |
| 600 Pennsylvania Avenue, N.W. | Facsimile: (212) 474-3700 |
| Washington, D.C. 20580 | *gbornstein@cravath.com* |
| Tel: (202) 326-2912; Fax (202) 326-3496 | *yeven@cravath.com* |
| *jmilici@ftc.gov* | |
| | KEKER, VAN NEST & PETERS LLP |
| Lin W. Kahn, Ca. Bar No. 261387 | Robert A. Van Nest |
| Federal Trade Commission | 633 Battery Street |
| 901 Market Street, Suite 570 | San Francisco, CA 94111-1809 |
| San Francisco, CA 94103 | Telephone: (415) 676-2289 |
| Tel: (415) 848-5115; Fax: (415) 848-5184 | Facsimile: (415) 397-7188 |
| *lkahn@ftc.gov* | *rvannest@keker.com* |
| Attorneys for Plaintiff | MORGAN, LEWIS & BOCKIUS LLP |
| FEDERAL TRADE COMMISSION | Donn P. Pickett (SBN 72257) |
| | Geoffrey T. Holtz (SBN 191370) |
| SUSMAN GODFREY L.L.P. | One Market, Spear Street Tower |
| Kalpana Srinivasan (237460) | San Francisco, CA 94105-1596 |
| 1901 Avenue of the Stars, Suite 950 | Telephone: (415) 442-1000 |
| Los Angeles, CA 90067 | Facsimile: (415) 442-1001 |
| (310) 789-3100; (310) 789-3006 (fax) | *Donn.pickett@morganlewis.com* |
| *ksrinivasan@susmangodfrey.com* | *Geoffrey.holtz@morganlewis.com* |
| Plaintiffs' Interim Co-Lead Counsel | Attorneys for Defendant |
| | QUALCOMM INCORPORATED |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION | Case No. 5:17-CV-00220-LHK-NMC |
| Plaintiff, | **DEFENDANT QUALCOMM INCORPORATED, PLAINTIFF FEDERAL TRADE COMMISSION AND MDL PLAINTIFFS' JOINT STATUS REPORT** |
| v. | |
| QUALCOMM INCORPORATED, a Delaware corporation, | |
| Defendant. | Judge: Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

Defendant Qualcomm Incorporated ("Qualcomm"), and Plaintiffs Federal Trade Commission ("FTC") and the MDL Plaintiffs (collectively, "Plaintiffs") hereby submit this joint status report pursuant to Magistrate Judge Cousins' March 30, 2018 Order.  (ECF No. 664.)

**A.     Qualcomm's Position.**

**1.     Status of Re-Review**

The Court's April 4, 2018 Order (the "Re-Review Order") required that Qualcomm "complete the re-review and any related production of documents for which the log entry (for a withheld document) or document metadata (for a redacted document) indicate that the document was authored, sent, or received by Dr. [Paul] Jacobs no later than April 11, 2018."  (MDL ECF No. 427.)  Qualcomm has complied with that portion of the Re-Review Order by timely re-reviewing Dr. Jacobs' documents, revising its production of those documents to the extent necessary, and preparing or revising log entries for documents withheld in whole or in part.  On April 11, 2018, Qualcomm produced revised privilege log entries for 885 documents on its privilege logs and produced new log entries for 1,197 previously redacted documents whose redactions did not change.  Qualcomm produced 1,438 documents (either in redacted form or without redactions) that had previously been withheld as privileged and reduced or eliminated redactions on 749 previously redacted documents.  The newly redacted documents were logged as well.[1]

The Re-Review Order provides that in each status report, Plaintiffs "may collectively request *in camera* review for up to 50 document families.  The status report must certify that counsel for the parties have met and conferred in person or by phone in an effort to resolve the

---

[1] Plaintiffs contend that their "initial review indicates that some of Qualcomm's revised privilege log entries still do not clearly indicate which specific Qualcomm employees either requested or provided the legal advice."  Because Plaintiffs do not identify any specific log entries that they maintain are deficient, Qualcomm cannot meaningfully respond to this contention.

1  privilege disputes for any document submitted *in camera*." (MDL ECF No. 427.) In order to
2  prepare for such a meet-and-confer, Qualcomm requested that Plaintiffs identify any documents
3  they intended to submit for *in camera* review by Friday, April 13 at 5:00 pm Pacific. As
4  Qualcomm advised Plaintiffs, "[i]f we are to have a meaningful meet and confer, in which each
5  side actually listens to the other in an effort to resolve any remaining dispute, we need to know
6  reasonably in advance of the call what documents you want to meet and confer about, so we can
7  be prepared to discuss them." (Apr. 12, 2018 email from T. Homesley to D. Matheson.)
8  Plaintiffs rejected that request, stating that "[t]here is no further conversation to be had. We will
9  identify 50 of these documents and there will be a dispute about those documents." (Apr. 12,
10 2018 email from D. Matheson to T. Homesley.)
11      Ultimately, Plaintiffs provided Qualcomm with a list of the documents on which they
12 intend to seek *in camera* review at 1:26 p.m. Eastern today, in advance of a meet and confer
13 scheduled for 1:30 p.m. By refusing to identify the documents meaningfully in advance,
14 Plaintiffs all but guaranteed that the meet and confer would be futile. Indeed, by insisting that
15 "there will be a dispute about those documents", Plaintiffs expressly stated their intention to
16 submit the selected document families to the Court for *in camera* review regardless of
17 Qualcomm's explanation for its privilege determinations. As a result, although the parties spoke
18 earlier today, Qualcomm cannot certify to the Court that the parties have meaningfully met and
19 conferred regarding the document families Plaintiffs ask the Court to review *in camera*.
20      **2.   Schedule of Future Productions**
21      Following the production of the documents associated with Dr. Paul Jacobs, Qualcomm
22 estimates that 105,633 withheld and redacted documents remain to be re-reviewed by the July 1
23 deadline.
24      The Court initially endorsed a re-review process proposed by Plaintiffs that would have
25 required weekly document productions. (MDL ECF No. 411, ECF No. 664.) After Qualcomm
26 explained to Plaintiffs that each production requires Qualcomm to interrupt re-review for a
27
28

1  period of time in order to attend to the production process, Plaintiffs agreed to revise the
2  proposed re-review protocol so that productions would be made on a bi-weekly basis, and this
3  protocol was endorsed in the Re-Review Order. (ECF No. 427.) Under that Order, Qualcomm
4  was required to produce documents on April 11, and then every other Wednesday thereafter, *i.e.*,
5  on April 25, May 9, etc.

6  On April 6, 2018, Judge Koh modified the schedule contained in the Re-Review Order by
7  ordering Qualcomm to complete its privilege re-review of documents involving former
8  Qualcomm employee Derek Aberle by May 2. (ECF No. 678.) Qualcomm is working to meet
9  this modified schedule, as well as the other deadlines contained in the Re-Review Order.
10 Because there are approximately 51,000 Aberle documents at issue (nearly 50% of the remaining
11 documents), the interim May 2 deadline requires Qualcomm to front-load its re-review process
12 making it more challenging to conduct the re-review and logging with the care and consistency
13 that Qualcomm wishes to achieve. In order to facilitate the orderly and uninterrupted re-review
14 of Mr. Aberle's documents by May 2, Qualcomm requested that Plaintiffs waive the interim
15 production deadline of April 25 contained in the Re-Review Order. Qualcomm made this
16 proposal to avoid back-to-back productions in consecutive weeks, which the parties had agreed
17 to avoid when proposing the Re-Review Order. Given the unusually large number of documents
18 involving Mr. Aberle, the most efficient means of ensuring the orderly, uninterrupted review of
19 his documents is to forgo the April 25 interim deadline.

20 Accordingly, Qualcomm requests that the Court allow Qualcomm to forgo the interim re-
21 review production deadline of April 25 to allow for the orderly, uninterrupted completion of the
22 re-review of the approximately 51,000 documents involving Mr. Aberle by May 2, as ordered by
23 Judge Koh. (ECF No. 678.) Plaintiffs do not oppose this request, based on the following
24 agreement between the parties: in the event that Plaintiffs request *in camera* review of fewer

25
26
27
28

than 50 documents on May 16, Qualcomm will not object to Plaintiffs' June 16 request for *in camera* review on the grounds that the request exceeds the number permitted by the Court,[2] so long as the total number of documents Plaintiffs identify on May 16 and June 16 does not exceed 100 documents. (*E.g.*, Plaintiffs identify 32 documents on May 16, and then 68 documents on June 16.) If the Court grants this request, Qualcomm's bi-weekly re-review production timeline will restart on May 2, so that the next re-review production would occur on May 15, which is the deadline for the production of Jeff Altman's re-reviewed documents pursuant to the Re-Review Order. (MDL ECF No. 427.) Qualcomm would then continue bi-weekly productions every other Wednesday thereafter, beginning on Wednesday, May 30.

**B.     Plaintiffs' Position.**

Qualcomm's statistics confirm the value of this exercise, as they indicate that Qualcomm has withdrawn more than 60% of its privilege claims upon re-reviewing previously withheld documents that relate to Mr. Jacobs.[3] With respect to redacted documents, Qualcomm withdrew redactions (in whole or in part) from approximately 38% of the redacted documents that relate to Mr. Jacobs.[4]

**1.     Status of Re-Review**

Qualcomm's statistics indicate that it completed re-review of approximately 4,269 withheld or redacted documents by April 11, and that roughly 105,000 remain.

---

[2] Qualcomm is free to oppose the request on any other appropriate grounds.

[3] According to Qualcomm's statistics, it produced 1,438 documents that had previously been withheld as privileged, and maintained its claims for 885 documents. 1438 / (1438 + 885) = 61.9%.

[4] According to Qualcomm's statistics, it reduced or eliminated redactions on 749 previously redacted documents, and maintained redactions for 1,197 previously redacted documents whose redactions did not change. 749 / (749 + 1197) = 38.4%.

**2.      Schedule of Future Productions**

Plaintiffs do not oppose Qualcomm's request to waive the April 25 interim deadline, based on the parties' agreement identified in Qualcomm's section above.

**3.      Request for *In Camera* Review of up to Fifty Documents**

On April 16, 2018, Plaintiffs identified to Qualcomm eight documents for which plaintiffs planned to request *in camera* review. Qualcomm should provide the Court with (1) an unredacted version of each document, with redactions indicated in colored highlighting, and (2) each relevant privilege log entry provided to the plaintiffs on April 11. Plaintiffs believe that each of Qualcomm's log entries should provide sufficient information to establish that each privilege assertion is meritorious.[5] The below-listed entries for redacted documents, when considered along with the non-redacted content of the document, fail to support a privilege assertion and good cause exists for the Court to review *in camera* each document. The vast majority of relevant documents have not yet been re-reviewed and logged, thus the parties will benefit tremendously from the Court's guidance regarding the substance of each of these assertions and the sufficiency of each privilege description.

1. QNDCAL04961414 – "Email chain disclosing a request for legal advice and legal advice regarding licensing of QC patents." [Fails to identify who requested the legal advice. And if the redacted advice relates to the advisability of terminating a license rather than the interpretation of a contract, it is business advice about how to negotiate with a competitor]

---

[5] On March 16, the Court instructed Qualcomm that each log entry involving in-house counsel but not outside counsel must "elaborate on: (1) the subject matter of each individual communication, and (2) the attorneys involved in the communication, and how their involvement renders the communication privileged. Simply stating that a communication 'discloses legal advice' regarding 'QC business plans' is insufficient. The description should say who requested or provided the legal advice, and for what purpose." *See* ECF No. 627. *See also United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1076 (N.D. Cal. 2002) (A privilege log "must make a clear showing that the speaker made the communications for the purpose of obtaining or providing legal advice.").

2. QNDCAL04960938 – "Email disclosing a request for legal advice and legal advice regarding licensing of QC patents. (Attorney: Altman, Steve)." [Fails to identify who requested the legal advice, and no request for advice is apparent because the only redacted comment is from Mr. Altman. And all of Mr. Altman's non-redacted commentary relates to business negotiations, not to legal advice regarding the licensing of QC patents.]

3. QNDCAL04960947 – "Email disclosing legal advice regarding licensing of QC patents (Attorney: Altman, Steve)." [All of the non-redacted Steve Altman commentary relates to business negotiations, not to legal advice regarding the licensing of patents]

4. QNDCAL04963783 – "Email chain disclosing legal advice regarding royalties." [All non-redacted portions of the email relate to business negotiation, not to legal advice]

5. QNDCAL04961555 – "Email chain disclosing a request for legal advice and legal advice regarding SULA licensing (Attorney: Lupin, Lou)." [Fails to identify who requested the legal advice or who provided it. In email chain, Mr. Blecker sent an email to Mr. Lupin <u>after</u> receiving an email from Mr. Lupin from which "advice" was redacted. Fails to identify from whom Mr. Blecker requested legal advice.]

6. QNDCAL04961537 – "Email chain disclosing legal advice regarding royalties" [the non-redacted portion of the message from Mr. Lupin, if he is the attorney who provided legal advice, does not relate to royalties]

7. QNDCAL04960985 – "Email chain disclosing a request for legal advice, legal advice and attorney work product regarding arbitration issues (Samsung chip business)." [Bill Keitel's email, to which Sanjay Jha responds, appears to represent a business communication sent from one non-lawyer to another for a business purpose]

8. QNDCAL04966104 - "Presentation/Report disclosing legal advice regarding licensing of QC patents (disclosing legal implications of corporate reorganization for licensing and litigation)." [Fails to identify attorney who provided legal advice, and QNDCAL04966103, which is the cover email to this document, indicates this presentation was sent from one business executive to another for a business purpose]

To the extent Qualcomm objects to the timing of the list plaintiffs provided, plaintiffs note that Qualcomm requested a list of documents for in camera review by the previous Friday (April 13). As the documents were not produced until the evening of April 11, Qualcomm provided plaintiffs with less than 48 hours to reach conclusions about which documents merit review by the Court. There is no reason that Plaintiffs should be required to identify all entries meriting discussion on a short turnaround, more than two days in advance of a meet and confer.

1  Qualcomm should not need an extended period to assess its privilege claims before discussing
2  them. If Qualcomm cannot be prepared to discuss and defend its privilege assertions based on the
3  log entries (or information appearing on the face of redacted communications), then the
4  information provided is facially deficient. Indeed, this Court has previously instructed
5  Qualcomm that acceptable log entries must "say who requested or provided the legal advice, and
6  for what purpose." ECF No. 627 (Mar. 16, 2018 Order).

Dated:  April 16, 2018

                          Respectfully submitted,

                          FEDERAL TRADE COMMISSION,


                          _____*/s/ Daniel Matheson*_____
                          Jennifer Milici
                          Daniel Matheson
                          J. Alexander Ansaldo
                          Joseph R. Baker
                          Kenneth H. Merber
                          Federal Trade Commission
                          600 Pennsylvania Avenue, N.W.
                          Washington, D.C. 20580
                          (202) 326-2912; (202) 326-3496 (fax)
                          jmilici@ftc.gov

                          *Attorneys for Federal Trade Commission*

                          _____*/s/ Rio S. Pierce*_____
                          HAGENS BERMAN SOBOL SHAPIRO LLP
                          Rio S. Pierce
                          715 Hearst Ave., Suite 202
                          Berkeley, CA 94710
                          (510) 725-3042
                          *riop@hbsslaw.com*

                          *Attorneys for MDL plaintiffs*



                          CRAVATH, SWAINE & MOORE LLP

                          _____*/s/ Gary A. Bornstein*_____
                          Gary A. Bornstein
                          Yonatan Even
                             Worldwide Plaza
                               825 Eighth Avenue
                                 New York, NY 10019
                                    Telephone:  (212) 474-1000
                                      Facsimile:  (212) 474-3700
                                          gbornstein@cravath.com
                                          yeven@cravath.com

8
JOINT STATUS REPORT
CASE NOS. 17-CV-0220-LHK-NMC, 17-MD-2773-LHK-NMC

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone:  (415) 676-2289
Facsimile:  (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 369-6000
Facsimile:  (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Status Report. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

*/s/ Gary A. Bornstein*
Gary A. Bornstein