1    *Counsel Listed on Signature Page*

2

3

4

5

6

7

8

9

10

11

12                           **UNITED STATES DISTRICT COURT**
                        **NORTHERN DISTRICT OF CALIFORNIA**
13                              **SAN JOSE DIVISION**

14   FEDERAL TRADE COMMISSION,              Case No. 5:17-cv-00220-LHK-NMC

15                   Plaintiff,             **JOINT CASE MANAGEMENT**
                                            **STATEMENT**
16            vs.

     QUALCOMM INCORPORATED, a               DATE:     May 4, 2018
17   Delaware corporation,                  TIME:     11:00 a.m.
                                            CTRM:     Courtroom 8
18                   Defendant.             JUDGE:    Hon. Lucy H. Koh

19   IN RE QUALCOMM ANTITRUST
     LITIGATION                             Case No. 5:17-MD-02773-LHK-NMC
20

21

22

23

24

25

26

27

28

1   Pursuant to the Court's April 23, 2018 Order Continuing Further Case Management

2   Conference (ECF No. 706), Plaintiff Federal Trade Commission (the "FTC") and the MDL

3   Plaintiffs (collectively, "Plaintiffs") and Defendant Qualcomm Incorporated ("Qualcomm")

4   (collectively, the "Parties") have met and conferred and hereby submit this Joint Case

5   Management Statement.

6   **I.      MOTIONS**

7   Since filing the April 23, 2018 Joint Case Management Statement (ECF No. 705), the

8   Parties have not engaged in any new motion practice.

9   Magistrate Judge Cousins has scheduled a discovery status hearing on May 4, 2018 at

10  10:00 a.m. (ECF No. 709) concerning, among other things, the joint status reports filed on April

11  16, 2018, by Qualcomm and Apple, Inc. (ECF No. 687) and by Qualcomm, the FTC and the

12  MDL Plaintiffs (ECF No. 688).

13  **II.     PARTY DISCOVERY**

14          **A.      Written Discovery**

15  The Parties have not served any new requests for written discovery since the April 23

16  Joint Case Management Statement (ECF No. 705).

17  On April 25, 2018, pursuant to Judge Cousins's April 18 Order (ECF No. 691), the FTC

18  served Responses to Qualcomm's Interrogatory Nos. 18 and 19.  Qualcomm is evaluating the

19  FTC's Responses.

20  The FTC continues to evaluate Qualcomm's written discovery responses,  including

21  interrogatory responses served on March 30, 2018.

22  Qualcomm and the MDL Plaintiffs are meeting and conferring regarding Qualcomm's

23  Responses to MDL Plaintiffs' Third Set of Interrogatories, which Qualcomm served on April 4,

24  2018.

25  Qualcomm served its Third Set of Interrogatories to MDL Plaintiffs on February 28, 2018.

26  The MDL Plaintiffs contend that the Interrogatories were not served in accordance with

27  Qualcomm and the MDL Plaintiffs' agreement concerning the method of service of discovery

28  requests.  The MDL Plaintiffs requested until May 7, 2018 to respond to these Interrogatories,

[[NYLIT:2763894v1:04/30/2018--04:33 PM]]

1  and Qualcomm agreed.

2  On April 26, 2018, the MDL Plaintiffs requested to meet and confer with Qualcomm

3  regarding Qualcomm's Responses to the Plaintiffs' Requests for Admission, which Qualcomm

4  served on April 9, 2018.  The Parties will meet and confer.

5  **B.    Document Discovery Issues**

6  **1.    Qualcomm's Privilege Re-Review**

7  Qualcomm continues the process of re-reviewing documents pursuant to Judge Cousins's

8  April 4, 2018 Order Regarding Privilege Re-Review for Qualcomm and Apple.  (MDL ECF

9  No. 427.)  The results of the re-review of documents authored, sent or received by Derek Aberle

10  will be provided to Plaintiffs on May 2 pursuant to this Court's April 6, 2018 Order.  (ECF

11  No. 678.)

12  **2.    The FTC's Request for Custodial and Other Documents Relating to**

13  **Broadcom's Proposed Takeover of Qualcomm**

14  As set out in the April 23, 2018 Case Management Statement, Qualcomm agreed to

15  produce documents submitted under the Hart-Scott-Rodino ("HSR") Act on December 26, 2017

16  in response to the FTC's Request for Production concerning Broadcom's proposed takeover of

17  Qualcomm.  Qualcomm produced such documents on April 20, 2018.  Qualcomm has also agreed

18  to produce certain additional materials provided to its Board in connection with the substance of

19  an investor presentation filed with the SEC on February 9, 2018, and made such production on

20  April 30, 2018.  The FTC will review these productions and evaluate whether it will continue to

21  seek additional documents on this topic, including documents created, sent, and received by

22  Board members and senior executives relating to valuation issues and any analyses relating to the

23  financial impact of various business strategies, including licensing practices.

24  **3.    The MDL Plaintiffs' Requests for Qualcomm to Collect and Produce**

25  **Additional Documents and Data**

26  As set out in the April 23, 2018 Case Management Statement, the MDL Plaintiffs and

27  Qualcomm have been meeting and conferring regarding Qualcomm's production of materials

28  from databases and other shared sources of information since March 23, 2018.  On April 19,

2018, the MDL Plaintiffs sent Qualcomm a letter requesting that Qualcomm provide additional information concerning its production from certain sources and that it produce certain additional documents and data.  Although Qualcomm believes that its prior productions were sufficient, Qualcomm produced additional documents in response to the MDL Plaintiffs' letter on April 23 and 24, 2018.  The MDL Plaintiffs and Qualcomm met and conferred on April 23 and April 26, and on April 26 Qualcomm sent the MDL Plaintiffs a letter that provided additional information concerning its databases and other shared sources, and agreed to conduct reasonable and proportional further investigation on materials of interest to the MDL Plaintiffs appearing in those sources.  The MDL Plaintiffs are reviewing the information and documents provided by Qualcomm.  Qualcomm and the MDL Plaintiffs will continue to meet and confer on these issues.

### 4.   Qualcomm's Request for Documents Concerning Proposed Alternate Class Representatives

At the depositions of "alternate" class representatives Leonidas Miras and James Clark, Qualcomm requested that the MDL Plaintiffs produce additional documents that Qualcomm believes were responsive to Qualcomm's Requests for Production.  Qualcomm and the MDL Plaintiffs are meeting and conferring regarding the additional documents.

### C.   Party Depositions

#### 1.  Individual Depositions

Almost all depositions of current or former Qualcomm employees have concluded.  The sole exception is Jeffrey Altman, with respect to whom the Court approved an out-of-time deposition on February 20, 2018.  (ECF No. 580.)

The Parties will meet and confer regarding re-opening of depositions following the completion of Qualcomm's privilege re-review.

#### 2.  Rule 30(b)(6) Depositions

On April 20, 2018, MDL Plaintiffs provided Qualcomm with written questions related to Topics 1, 2 and 8 of MDL Plaintiffs' Rule 30(b)(6) notice in lieu of a deposition on those topics.  Following discussions between the parties, the MDL Plaintiffs offered a compromise proposal to Qualcomm on April 22 whereby Qualcomm would designate certain portions of Alex

Katouzian's transcript as to Topics 1 and 2 of MDL Plaintiffs' Rule 30(b)(6) deposition notice, and Qualcomm would answer a subset of the written questions as to Topics 1, 2, and 8.  On April 26, 2018, the parties met and conferred, and Qualcomm agreed to make a proposal to the MDL Plaintiffs for responding to the MDL Plaintiffs' remaining questions through the designation of prior deposition testimony, plus the provision of written answers and/or additional Rule 30(b)(6) witness testimony.

Qualcomm and the MDL Plaintiffs also have met and conferred regarding the Rule 30(b)(6) deposition of Qualcomm regarding its efforts to locate documents potentially relevant to this litigation, including the process and methodology for any technology assisted review, identification of the computer servers and directories searched, the process used to identify any custodians and the identity of those custodians, and identification of any search terms or other parameters used.  The MDL Plaintiffs have stated that they will send written questions that they believe Qualcomm's corporate designee was unable to answer adequately at the deposition.  Although Qualcomm believes that its corporate designee was appropriately prepared and that many of the MDL Plaintiffs' questions at the deposition exceeded a reasonable scope, Qualcomm has agreed to evaluate the MDL Plaintiffs' written questions after it has received them.

## III.    THIRD-PARTY DISCOVERY

### A.    Document Production

The vast majority of third parties subpoenaed have completed their document productions in this case.  Certain third parties are still producing small volumes of documents.

### B.    Depositions

The Parties concluded depositions of third-party witnesses on April 20.

The MDL Plaintiffs intend to seek to participate in the deposition of Tim Cook, CEO of Apple, Inc., which was noticed by Qualcomm in the Southern District of California litigation for June, 27, 2018.  Qualcomm will not object to the MDL Plaintiffs' participation in the deposition, provided that Qualcomm will have its full seven hours to ask questions of Mr. Cook.

1

**IV.      <u>ADR</u>**

2
        The Parties have not engaged in any ADR conferences since the April 23, 2018 Joint Case

3
Management Statement.  (ECF No. 672.)  The next ADR conference is scheduled for August 7,

4
2018.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Dated:  April 30, 2018

2 |                                           Respectfully submitted,

3 |                                           FEDERAL TRADE COMMISSION,

*/s/ Jennifer Milici*
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

***Attorneys for Federal Trade Commission***

SUSMAN GODFREY LLP

By:    */s/ Kalpana Srinivasan*
Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta Kauble Pachman
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3006
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email:  kpachman@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street # 5100
Houston, TX 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: jgrinstein@susmangodfrey.com

Joseph W. Cotchett

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Adam J. Zapala
Brian Danitz
Mark F. Ram
Michael Montaño
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
Email: azapala@cpmlegal.com
Email: bdanitz@cpmlegal.com
Email: mram@cpmlegal.com
Email: mmontano@cpmlegal.com

***Plaintiffs' Interim Co-Lead Counsel***

HAGENS BERMAN SOBOL SHAPIRO
LLP

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Jeff D. Friedman (173886)
Rio S. Pierce (298297)
HAGENS BERMAN SOBOL SHAPIRO
LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: jefff@hbsslaw.com
Email: riop@hbsslaw.com

***Plaintiffs' Steering Committee***

Dated:  April 30, 2018

CRAVATH, SWAINE & MOORE LLP

By:    */s/ Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue

New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
Justina Sessions
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com
jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Defendant Qualcomm Incorporated*

1

## **FILER'S ATTESTATION**

2          I, Gary A. Bornstein, am the ECF user whose identification and password are being used

3    to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I

4    hereby attest that the signatories on this document have concurred in this filing.

5

6

7                                                   */s/ Gary A. Bornstein*
                                              _____
8                                                   Gary A. Bornstein

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:17-cv-00220-LHK-NMC
and 5:17-md-02773-LHK-NMC