Jennifer Milici, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Ca. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496
*jmilici@ftc.gov*

Lin W. Kahn, Ca. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184
*lkahn@ftc.gov*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

SUSMAN GODFREY L.L.P.
Kalpana Srinivasan (237460)
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
(310) 789-3100; (310) 789-3006 (fax)
*ksrinivasan@susmangodfrey.com*

Plaintiffs' Interim Co-Lead Counsel

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
*gbornstein@cravath.com*
*yeven@cravath.com*

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188
*rvannest@keker.com*

MORGAN, LEWIS & BOCKIUS LLP
Donn P. Pickett (SBN 72257)
Geoffrey T. Holtz (SBN 191370)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
*Donn.pickett@morganlewis.com*
*Geoffrey.holtz@morganlewis.com*

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>    v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED, PLAINTIFF FEDERAL TRADE COMMISSION AND MDL PLAINTIFFS' JOINT STATUS REPORT**<br><br>Judge: Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

Plaintiffs Federal Trade Commission ("FTC") and the MDL Plaintiffs (together, "Plaintiffs") and Defendant Qualcomm Incorporated ("Qualcomm") hereby submit this Joint Status Report pursuant to Magistrate Judge Cousins's March 30, 2018 Order (ECF No. 664) and the April 4, 2018 Order Regarding Privilege Re-Review for Qualcomm and Apple (MDL ECF No. 427; the "Re-Review Order").

**A.     Status of Re-Review**

The Court's April 6, 2018 Case Management Order required that Qualcomm "complete its privilege re-review of documents for Mr. Aberle by May 2, 2018". (ECF No. 678.) As Qualcomm stated at the May 4, 2018 Discovery Status Hearing, Qualcomm has complied with that portion of the Case Management Order by timely re-reviewing the required Aberle documents, revising its production of those documents to the extent necessary, and preparing or revising log entries for documents withheld in whole or in part. Qualcomm maintained without change its privilege assertions for 38,732 documents. Specifically, on May 2, 2018, Qualcomm produced revised privilege log entries for 23,218 documents that remained on its privilege logs after re-review, as well as new log entries for 15,514 previously redacted documents in which redactions were not changed. Qualcomm made some change to its privilege assertions for 13,901 documents. Specifically, Qualcomm produced 8,572 documents (either in redacted form or without redactions) that had previously been withheld as privileged, as well as 5,329 previously redacted documents on which it reduced or eliminated redactions. The newly redacted documents were logged as well.

The Re-Review Order required Qualcomm to "complete the re-review and any related production of documents for which the log entry (for a withheld document) or document metadata (for a redacted document) indicate that the document was authored, sent or received by Mr. [Jeffrey] Altman no later than May 15, 2018". (MDL ECF No. 427.) Qualcomm has complied with that portion of the Re-Review Order by timely re-reviewing the required Altman documents, revising its production of those documents to the extent necessary, and preparing or

revising log entries for documents withheld in whole or in part. Qualcomm maintained without change its privilege assertions for 12,330 documents. Specifically, on May 15, 2018, Qualcomm produced revised privilege log entries for 6,464 documents that remained on its privilege logs after re-review, as well as new log entries for 5,872 previously redacted documents in which redactions were not changed. Qualcomm made some change to its privilege assertions for 8,511 documents. Qualcomm produced 5,657 documents (either in redacted form or without redactions) that had previously been withheld as privileged, and Qualcomm produced 2,854 previously redacted documents on which it reduced or eliminated redactions. The newly redacted documents were logged as well.

Qualcomm estimates that it completed re-review of a total of 77,000 redacted or withheld documents by May 15, and that approximately 33,000 documents remain to be re-reviewed by July 1, 2018. As a result of this re-review process, to this point, Qualcomm has produced 15,667 documents (either in redacted form or without redactions) that had previously been withheld as privileged, and 8,932 previously redacted documents on which it reduced or eliminated redactions.[1] Some but not all of the previously withheld or redacted content had already been produced in other documents before the re-review productions.

**C.     The Parties Met and Conferred Concerning Plaintiffs' Prior Request for *In Camera* Review**

In the April 18, 2018 Joint Status Report (ECF No. 688 at 5), Plaintiffs requested the *in camera* review of eight documents. At the May 4, 2018 Discovery Status Hearing, the Court directed the Parties to meet and confer with respect to these eight documents. (ECF No. 724.) On May 11, 2018, Qualcomm and the Plaintiffs met and conferred with respect to the eight documents. Qualcomm agreed to unredact one document in its entirety and to partially unredact

---

[1] Qualcomm produced for Mr. Jacobs 1,438 withheld and 749 redacted documents (See ECF No. 688); for Mr. Aberle 8,572 withheld and 5,329 redacted documents; and for Mr. Altman 5,657 withheld and 2,854 redacted documents.

1  another document, and provided further information about and answered Plaintiffs' questions

2  concerning the eight documents.

3  **Plaintiffs' Position**

4  Plaintiffs respectfully request that the Court review in camera four of the eight documents

5  identified in the April 18, 2018 Joint Status Report (ECF No. 688 at 5), with respect to which

6  Qualcomm has failed to provide information sufficient to demonstrate that a privilege applies.

1. QNDCAL04966104 ("Presentation/Report disclosing legal advice regarding licensing of QC patents (disclosing legal implications of corporate reorganization for licensing and litigation)."). The privilege log fails to identify any attorney involved in providing legal advice, and during a meet and confer Qualcomm's counsel was unable to identify any attorneys involved in the creation of the document. The cover email indicates this presentation was sent from one business executive to another for a business purpose, and nothing in the cover email or the body of the document suggests that any attorneys were involved in creating any portion of the document, or that any statements in the document originated with attorneys.[2] Qualcomm's counsel has represented that the each redacted statement relates to litigation, potential litigation, or government action, but that is irrelevant: statements related to such matters are not privileged if written by business personnel for inclusion in a business presentation. Qualcomm's business personnel naturally make statements on such matters, as Qualcomm's business consists largely of negotiating patent licenses (*e.g.*, general predictions about how litigation threats or regulatory changes might impact future commercial negotiations). Such business discussions do not constitute a confidential communication related to the purpose of resolving a legal dilemma. Instead, such discussions have the purpose of resolving a business dilemma: predicting how Qualcomm's ability to resolve commercial negotiations will impact its profitability in future years.

   As Qualcomm has not demonstrated that the statements in the presentation were authored by an attorney or made for the purpose of obtaining legal advice, the Court need not reach the question of whether the statements would be privileged if they had been authored by an in-house attorney.

2. QNDCAL04960985 ("Email chain disclosing a request for legal advice, legal advice and attorney work product regarding arbitration issues (Samsung chip business)."). During the parties' meet and confer, Qualcomm's counsel represented that the redacted portions consisted of: (1) a request for legal advice directed by Mr. Keitel to Mr. Lupin (copying

---

[2] *See* QNDCAL04966103 (email from Mr. Jacobs to Mr. Jha, July 28, 2007). The presentation bears a header "Attorney Client Privileged Prepared at the Direction of Counsel," but this boilerplate appears on virtually every draft presentation produced by Qualcomm, including numerous presentations that Qualcomm concedes were created for business purposes and are not privileged.

Mr. Jha and another non-attorney), and (2) Mr. Altman offering unprompted legal advice in response to an email from Mr. Jha.

Qualcomm's explanation fails to establish that Mr. Keitel's email to Mr. Lupin was made primarily for a legal purpose. An email sent simultaneously to both non-lawyers and in-house counsel is not presumptively privileged, as in this Circuit "[n]o privilege can attach to any communication as to which a business purpose would have served as a *sufficient cause*, *i.e.*, any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice."[3] And the context fails to support a privilege assertion, as Mr. Jha responded to Mr. Keitel's redacted email at length with an exclusively business discussion, beginning "I think [Mr. Keitel's redacted suggestion] is exactly the wrong approach, and would appreciate a consultation before kicking off a lot of busy work." *See* QNDCAL04960985.

3. QNDCAL04961414 ("Email chain disclosing a request for legal advice and legal advice regarding licensing of QC patents."). This description is deficient on its face as it fails to identify the individuals who requested and provided the advice. Qualcomm's counsel represented that the redacted portion of the document constituted a request for legal advice directed by Mr. Blecker (non-attorney) to Mr. Hartogs (attorney). But this fails to demonstrate that a privilege applies to either of the two redacted portions of the document, one of which appears to be an email written by Mr. Altman, rather than Mr. Hartogs.

The Court should review this entry because Mr. Altman served in a business role and the redacted communications were sent to business people for business purposes, rather than for a purpose related to providing legal advice, as demonstrated by the fact that the chain was subsequently forwarded to numerous business executives discussing a business matter. While the email spans several pages, the Court need only review the first two pages (QNDCAL04961414 and -1415), which can be summarized as follows:

- Non-redacted email chain regarding licensing negotiations sent from a third party (BenQ) to Mr. Hartogs, et. al. *See* -1415

- 9:54 a.m. (10/5/04): Mr. Hartogs forwards the BenQ email chain to an unknown group of people. *See* -1415, first line at top of page. (Unknown if Mr. Hartogs included a message)

- 11:07 a.m. (10/5/04): Mr. Skiver (non-attorney) contributes to the chain, addressing an unknown group. *See* -1414 (last line of page). (Unknown if Mr. Skiver included a message)

---

[3] *Fourth Age Ltd. v. Warner Bros. Digital Dist.*, 2015 WL 12720324 (C.D. Cal. Aug. 6, 2015) at *6 (emphasis in original) (quoting *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990)); *see also In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 809 (E.D. La. 2007) (no privilege attaches to emails "addressed to both lawyers and non-lawyers for review, comment, and approval.").

- 12:36 p.m. (10/5/04): Mr. Blecker forwards the email to mixed group of business people and attorneys, content of message redacted. *See* -1415. (Unclear if redaction includes only material written by Mr. Blecker, or also includes material written by Mr. Skiver or/and Mr. Hartogs)

- 6:10 p.m. (10/5/04): Mr. Altman forwards the chain to an unknown, but clearly different, group of people, his comment redacted. *See* -1414.

- 3:49 p.m. (10/6/04) and 8:04 p.m. (10/6/04): Non-lawyer business persons forward the chain, to an unknown group, discussing business issues. *Id.*

- 9:59 p.m. (10/6/04): Mr. Altman forwards to a group of business persons, including no lawyers other than himself, providing business advice regarding his strategy and timing for terminating a license. (His comments are not redacted as they are business advice.)

- 4:58 p.m. (10/7/04): Ms. Johnson replies to the same group of business persons, addressing purely business issues related to the timing of license termination.

4. QNDCAL04963783: ("Email chain disclosing legal advice regarding royalties."). The Court should review this document because all non-redacted portions of the redacted email relate to business negotiations rather than legal advice, and the description is too vague to sustain Qualcomm's burden to demonstrate that a communication "regarding royalties" relates to legal advice rather than business advice.

The redacted communication at issue is from Mr. Steve Altman, an attorney who also performed a business role. The only request for advice to which Mr. Altman responds is a request directed to both Mr. Altman and another business person (Mr. Don Schrock) for "any thoughts that would justify the trip." Mr. Altman provides his views on strategy and business options for a licensing negotiation, the last portion of which is redacted.

**Qualcomm's Position**

Qualcomm met and conferred with Plaintiffs regarding its privilege claims with respect to the eight redacted documents that Plaintiffs had requested in the April 18, 2018 Joint Status Report that the Court review *in camera* (ECF No. 688 at 5). As a result of those discussions, Qualcomm agreed to withdraw the redactions on one of the documents and agreed to withdraw part of the redactions on another document. Plaintiffs agreed to withdraw their objections to Qualcomm's redactions on two of the documents. Plaintiffs now seek *in camera* review for four documents. Notably, in each of these documents, the redacted material constitutes a small fraction of the total content. Nevertheless, Plaintiffs seek removal of even these narrowly-

tailored redactions.  Qualcomm has explained its position with respect to these documents during the meet and confer process, and now responds to Plaintiffs' contentions regarding these four documents as follows:

1. QNDCAL04966104:  This PowerPoint presentation is nearly 11 years old, which has made it difficult for Qualcomm to identify the specific lawyer or lawyers who provided the legal advice contained therein.  Nevertheless, there can be little doubt from the content of the redacted portions that they convey legal issues and guidance provided by counsel.  The redacted information conveys counsel's views on issues related to then-pending litigations and the legal principles at issue in those litigations—including even a reference to a specific court decision that counsel viewed as relevant precedent—as well as counsel's views on potential government regulatory actions.  The mere fact that the lawyer or lawyers who provided this advice were not copied on the email forwarding this PowerPoint presentation does not strip the lawyers' advice of its privileged character.

2. QNDCAL04960985:  The redacted communication from Bill Keitel on the second page of the document was a request to Lou Lupin, then Qualcomm's General Counsel, that he conduct a legal analysis and investigation of an issue that Mr. Keitel identified.  Mr. Lupin was the only individual included in the "To" line of Mr. Keitel's email.  Plaintiffs assert that the "context" of the email undercuts Qualcomm's privilege assertion because the response to Mr. Keitel's email was addressed to business issues.  That argument fails.  Qualcomm has not redacted the response because it addresses the business consequences of pursuing the legal inquiry raised by Mr. Keitel, but that does not make Mr. Keitel's request, sent directly to the General Counsel of the company, any less of a legal inquiry.  Qualcomm did exactly what it should have done here in distinguishing between Mr. Keitel's request for a legal analysis (which it redacted) and Mr. Jha's business-focused response (which it produced).  Plaintiffs do not appear to challenge the redaction of Steve Altman's email on the first page of the document.

3. QNDCAL04961414:  In the redacted portion of the second page of this communication, Mike Hartogs, then Division Counsel for Qualcomm's licensing business, provides legal advice to others in the licensing business regarding a potential breach of contract and the relevant contractual provisions concerning the consequences of such a breach.  Other employees in the licensing business, Gerald Skiver and Marv Blecker, respond with their thoughts on how to proceed in light of Mr. Hartogs's advice, seeking his advice on their suggestions.  In the redaction on the first page of the document, Mr. Altman forwards and describes the legal advice provided by Mr. Hartogs.  Again, Qualcomm took care to redact only the portions of the communication relating to legal advice and requests for legal advice, while producing the great majority of the document's content.

4. QNDCAL04963783:  In the redacted portion of this communication, Mr. Steve Altman (who was an attorney at the time) provides legal advice to a group of non-lawyers at Qualcomm regarding the proper interpretation of a license agreement.  Plaintiffs focus on other emails in the chain discussing business issues, but the inference they draw from

those unredacted emails is not warranted. Although the unredacted portions of this email deal with business issues, lawyers can and sometimes do respond to business discussions with unprompted legal advice relevant to the business issues being discussed. That is what Mr. Altman did here, in order to inform his colleagues about a legal issue he apparently found to be pertinent to the discussion.

### D. No Current Request for *In Camera* Review of Documents Produced on May 2

The Re-Review Order provides that, in each status report, Plaintiffs "may collectively request *in camera* review for up to 50 document families". (MDL ECF No. 427.) As reflected in the April 16, 2018 Joint Status Report (ECF No. 688), Qualcomm agreed that if Plaintiffs were to request *in camera* review of fewer than 50 document families on May 16, Qualcomm would not object to a request by Plaintiffs for *in camera* review in the next joint status report (currently due on June 18, 2018) on the grounds that the number exceeds the number permitted by the Court, as long as the total number of document families for which *in camera* review is requested on May 16 and June 18 does not exceed 100. (ECF No. 688 at 5.) Plaintiffs do not request *in camera* review of any documents in this Joint Status Report and reserve the right to request *in camera* review of up to 100 documents families in the joint status report due on June 18, 2018.

Case 5:17-cv-00220-LHK   Document 739   Filed 05/16/18   Page 9 of 11

Dated: May 16, 2018

        Respectfully submitted,

        FEDERAL TRADE COMMISSION,

        _____*/s/ Daniel Matheson*_____
        Jennifer Milici
        Daniel Matheson
        J. Alexander Ansaldo
        Joseph R. Baker
        Kenneth H. Merber
        Federal Trade Commission
        600 Pennsylvania Avenue, N.W.
        Washington, D.C. 20580
        (202) 326-2912; (202) 326-3496 (fax)
        jmilici@ftc.gov

        *Attorneys for Federal Trade Commission*

        _____*/s/ Rio S. Pierce*_____
        HAGENS BERMAN SOBOL SHAPIRO LLP
        Rio S. Pierce
        715 Hearst Ave., Suite 202
        Berkeley, CA 94710
        (510) 725-3042
        *riop@hbsslaw.com*

        *Attorneys for MDL plaintiffs*

        CRAVATH, SWAINE & MOORE LLP

        _____*/s/ Gary A. Bornstein*_____
        Gary A. Bornstein
        Yonatan Even
          Worldwide Plaza
            825 Eighth Avenue
              New York, NY 10019
                Telephone: (212) 474-1000
                  Facsimile: (212) 474-3700
                    gbornstein@cravath.com
                    yeven@cravath.com

8

JOINT STATUS REPORT
CASE NOS. 17-CV-0220-LHK-NMC, 17-MD-2773-LHK-NMC

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 676-2289
Facsimile: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 369-6000
Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Status Report.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

<div align="right">

*/s/ Gary A. Bornstein*
Gary A. Bornstein

</div>