Jennifer Milici, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Ca. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496
jmilici@ftc.gov

Lin W. Kahn, Ca. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184
lkahn@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>    Defendant | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED AND PLAINTIFF FEDERAL TRADE COMMISSION'S JOINT DISCOVERY STATEMENT REGARDING QUALCOMM'S RESPONSE TO FTC'S INTERROGATORY NO. 4**<br><br>Magistrate Judge:<br>Hon. Nathaniel M. Cousins |

Defendant Qualcomm Incorporated ("Qualcomm") and Plaintiff Federal Trade Commission ("FTC") hereby submit this joint statement. The parties have met and conferred, but have been unable to reach agreement on the issues addressed herein.

I.      **The FTC's Position**

FTC Interrogatory No. 4 asks Qualcomm to "State whether You contend that 'no company can match the breadth, quality, or value of Qualcomm's cellular patent portfolio' and provide all measures, including quantitative, that support such a contention".[1] Qualcomm has acknowledged that it does so contend, but has refused to either (1) identify and produce any such measures or (2) confirm that it is not aware of any measures that support its contention.

Qualcomm's February 28 Responses and Objections to Interrogatory No. 4 were largely non-responsive. For example, the February 28 Response failed to specify whether Qualcomm actually contends that "no company can match the breadth, quality, or value of Qualcomm's cellular patent portfolio." After the FTC requested more specificity through a meet and confer process, Qualcomm served supplemental responses on March 30, 2018, stating that "Qualcomm does contend that "no company can match the breadth, quality, or value of Qualcomm's cellular patent portfolio."" In addition, the March 30 response stated that measures supporting its contention "may include … any or some combination of" eight types of measures. However, the March 30 supplement failed to identify any specific measure that support Qualcomm's contention. Given ongoing discovery, the FTC accepted that Qualcomm was, at that time, not aware of any specific measures that supported its contention.

Again, in response to a request from the FTC pursuant to a meet and confer process, Qualcomm further supplemented its response to FTC's Interrogatory No. 4 on May 15, 2018. But its May 15 supplement simply parrots the contention and identifies types of measures that "may" support its position. Again, Qualcomm has failed to identify any specific measures that actually support its contention. Moreover, Qualcomm has refused to confirm that it is unaware of any such measures. (The FTC disputes Qualcomm's various characterizations of the meet-and-confer process, and Qualcomm's interrogatory response speaks for itself.)

A core dispute in this litigation is whether Qualcomm's no license – no chips policy leads to higher royalties that act as an exclusionary tax on would-be chipset rivals. Qualcomm has made clear that it will dispute whether there is a royalty overcharge by, among other things, referencing the value of its portfolio as compared to that of other significant contributors to cellular standards. The FTC is entitled to know upon which facts Qualcomm actually intends to rely to support its contention that its portfolio is more valuable than the portfolios of other standards contributors, and Qualcomm's response that support for its contention "may include … any or some combination of" eight types of measures is insufficient.

The FTC recognizes that this may be a topic of expert discovery and does not seek premature disclosure of expert materials. Rather, the FTC respectfully requests that the Court order Qualcomm to promptly identify any and all measures it is aware of that support its contention, including all quantitative measures, or else confirm that it is not aware of any such facts. Qualcomm had a basis to make its claim when it filed its Complaint in the Southern District action, and Qualcomm had a basis to support its claim when it confirmed its contention

---

[1] The FTC excerpted this quotation from the Complaint Qualcomm filed in the Southern District action, Paragraph 32.

on March 30. Qualcomm should be prepared to identify the factual basis for its contention now that fact discovery is closed, but refused to do so on in its May 15 supplemental response. If Qualcomm needs to supplement its response at some point in the future by referencing expert opinions, the FTC respectfully suggests that the Court order Qualcomm to provide any such supplement on the same date that Qualcomm provides its expert reports to the FTC.

## II. Qualcomm's Position

### A. The FTC Failed to Meet and Confer

On February 28, 2018, Qualcomm responded to the FTC's broad contention Interrogatory No. 4, providing detailed bases for the fact that no company can match the breadth, quality, or value of Qualcomm's cellular patent portfolio. Qualcomm's response also included references to responsive documents as permitted under FRCP 33(d). Notwithstanding this detailed response, the FTC demanded that Qualcomm supplement its response to identify the "measures" that support Qualcomm's contention. Qualcomm agreed to do so and on March 30 provided a supplemental response identifying various indicators of the breadth and value of Qualcomm's patent portfolio.

Qualcomm heard nothing further for five weeks. Then, on May 3, after Qualcomm had asked to meet and confer regarding the FTC's response to certain interrogatories, the FTC first mentioned that it would like to meet and confer "regarding the identity and characteristics of the license agreements referenced" in Qualcomm's response to Interrogatory No. 4. The parties met and conferred, and the only issue the FTC raised was a request for the specific licensee names for licenses referenced in Qualcomm's February 28 response; the FTC made no mention of the issues raised in this Joint Statement or in the March 30 supplemental response. Following that meet and confer, Qualcomm further supplemented its response to include the requested licensee information on May 15.

The FTC asserts that Qualcomm "refused" to "identify the factual basis for its contention" in its May 15 supplemental response. But the FTC never even mentioned the issues it raises here until two days ago, even though it now targets the supplemental response Qualcomm served on March 30. On May 16, the FTC raised for the first time the issue raised in this Joint Discovery Statement, demanding that Qualcomm further supplement its response to identify all specific "analyses of the metrics you lay out on pages 5 and 6 of your supplemental response." Qualcomm responded the same day that it had provided a complete response, and that the FTC now sought expert analysis. The following day, with no further attempt to meet and confer, the FTC followed with this Joint Statement.

Notwithstanding this failure of the meet and confer process, to avoid unnecessary motion practice, upon receipt of the FTC's draft of this Joint Statement on May 17, Qualcomm promptly notified the FTC that it would agree to provide a supplemental response to Interrogatory No. 4 at the time it serves its expert reports. Qualcomm assumed this would moot this issue. However, late that evening, the FTC rejected that proposal and demanded that Qualcomm commit that any supplemental response would fully comply with what it has asked the Court to order here, *i.e.*, to "identify any and all measures it is aware of in the factual record that support its contention, including all quantitative measures."

The FTC's silence on this issue for seven weeks, its failure to raise it when the parties met and conferred on this precise interrogatory response, its raising of this new issue in an email on May 16, followed immediately by this Joint Statement, constitute another breakdown in the

FTC's approach to the meet and confer process and do not comply with this Court's Standing Order. On that ground alone, the FTC's request should be denied. It should also be denied for the additional reasons discussed below.

### B. Qualcomm Provided a Complete Response

Qualcomm's response, as supplemented, to the FTC's Interrogatory No. 4 is complete and fully responsive. In its February 28, 2018 response, Qualcomm provided the FTC with three pages of the reasons why no company can match the breadth, quality, or value of Qualcomm's cellular patent portfolio. Qualcomm also identified hundreds of documents, by Bates number, in support of its response. Qualcomm's supplemental March 30 response provided additional responsive information as requested by the FTC. This supplemental response enumerated a number of measures, stating that "any or some combination of the" listed measures could be used as appropriate. Qualcomm further provided in its May 15 supplemental response the precise additional information the FTC requested about the identity of licensees.

The FTC now seeks yet more information, which it refers to as "specific measures" regarding the factors that Qualcomm identified — at the FTC's request — in its March 30 supplemental response, such as "the classification of and composition of patent families in Qualcomm's portfolio compared to others' portfolios." This level of detail is far beyond the scope of a generalized contention interrogatory. In addition, as the FTC recognizes, this calls for expert analysis. The Court has set a schedule for the exchange of expert reports, with Qualcomm's reports not due until June 28. Qualcomm has not yet disclosed any experts, and the Federal Rules do not permit a party to sidestep the timing and procedures for expert disclosures through interrogatories seeking expert opinions or analysis. *See* FRCP 26(a)(2)(B) and 26(b)(4)(D).

Qualcomm's original response and supplemental responses provide a full and complete answer to this broad contention interrogatory. The FTC now seeks details that go well beyond the reasonable scope of the interrogatory and, in addition, calls for premature expert analyses. The FTC's request should therefore be denied.

### C. As A Compromise, Qualcomm's Offer To Further Supplement Its Response When It Makes Its Expert Disclosures Should Be Accepted

The FTC's instant motion seeks unreasonable relief for the additional reason that, in response to the FTC's current request, Qualcomm offered to compromise and provide a supplemental response to Interrogatory No. 4 at the time it serves its expert reports — which is the time frame the FTC proposed when it first raised these issues in its draft May 16 Joint Statement — thus mooting the issues now raised by the FTC. However, the FTC took this as an opportunity to make even more demands, including that Qualcomm provide further information "promptly" rather than at the time of its expert reports, and that it commit to make specific disclosures, which Qualcomm cannot now make because Qualcomm's proposed further response will necessarily rely upon its experts' analyses, which in turn will be addressing the yet to be disclosed opinions of the FTC's experts. The FTC cites no authority, and we are aware of none, that would require Qualcomm to disclose positions based on expert analyses in these circumstances.

For the reasons stated above, the FTC's request should be denied in its entirety. In the alternative, Qualcomm has agreed to further supplement its response as appropriate at the time its serves its expert reports. But the Court should reject the FTC's demand for specific

information to be provided in the future that is contrary to the timing for expert disclosures under the Court's scheduling order and the Federal Rules, and when it cannot yet be discerned what information will be relevant, available or necessary to respond to the FTC's as-yet-unserved expert reports.

Dated:  May 18, 2018

                          Respectfully submitted,

                          FEDERAL TRADE COMMISSION,


                            /s/  Jennifer Milici
                          Jennifer Milici
                          Daniel Matheson
                          J. Alexander Ansaldo
                          Joseph R. Baker
                          Kenneth H. Merber
                          Federal Trade Commission
                          600 Pennsylvania Avenue, N.W.
                          Washington, D.C. 20580
                          (202) 326-2912; (202) 326-3496 (fax)
                          jmilici@ftc.gov

                          *Attorneys for Federal Trade Commission*



                            /s/ Gary A. Bornstein

                          Gary A. Bornstein
                          Yonatan Even
                          CRAVATH, SWAINE & MOORE LLP
                              Worldwide Plaza
                                  825 Eighth Avenue
                                     New York, NY 10019
                                        Tel: (212) 474-1000
                                            Fax: (212) 474-3700
                                                  gbornstein@cravath.com
                                                  yeven@cravath.com

                          Robert A. Van Nest
                          Asim M. Bhansali
                          Eugene M. Paige
                          KEKER VAN NEST & PETERS LLP
                              633 Battery Street
                                  San Francisco, CA 94111-1809
                                    Tel: (415) 676-2289
                                      Fax: (415) 397-7188
                                           rvannest@keker.com
                                           abhansali@keker.com
                                           epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*