Jennifer Milici, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Ca. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496
jmilici@ftc.gov

Lin W. Kahn, Ca. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184
lkahn@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>      Defendant | Case No. 5:17-cv-00220-LHK-NMC<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION AND DEFENDANT QUALCOMM INCORPORATED'S JOINT DISCOVERY STATEMENT REGARDING INTERROGATORY NO. 19**<br><br>Magistrate Judge:<br>Hon. Nathaniel M. Cousins |

      Defendant Qualcomm Incorporated ("Qualcomm") and Plaintiff Federal Trade Commission ("FTC") hereby submit this joint statement. The parties have met and conferred in person, but have been unable to reach agreement on the issues addressed herein.

**I. Qualcomm's Position**

Qualcomm's Interrogatory No. 19, served on February 23, asks the FTC to provide the facts underlying any claim that Qualcomm sold baseband processor chips at prices below cost. The FTC initially refused to respond to this Interrogatory 19 at all. After motion practice, on April 18, the Court ordered the FTC to provide a response by April 25 (ECF 691). The FTC's response provided some information, but is incomplete. Specifically, the FTC contends that all sums payable by Qualcomm to Apple under certain agreements between them should be allocated to five Apple iPad devices, to the exclusion of all other Apple devices containing Qualcomm chips being sold during the relevant period. The FTC contends that as a result, Qualcomm suffered enormous losses on the sale of chips incorporated in those five Apple devices – indeed, that Qualcomm effectively paid Apple for the Qualcomm chips incorporated in those five devices. The FTC's response, however, does not provide the facts it relies on to select these five Apple devices as the only relevant devices to which Qualcomm's payments should be allocated. Qualcomm therefore asks that the FTC be ordered to provide this additional information about its contention, and to do so promptly.

    A. **Background**

The FTC alleged in its Complaint that if certain sums conditionally payable by Qualcomm to Apple under certain agreements between them were attributed as discounts only to chips "reasonably contestable by a Qualcomm competitor", then "the resulting price of Qualcomm processors would be below Qualcomm's cost." (ECF 1 at ¶125(c)). To better understand the scope and basis of the FTC's allegation in this regard, Qualcomm served Interrogatory 19, seeking to ascertain (a) whether the FTC was, in fact, making any claim of below cost pricing, and if so, (b) the supporting facts and reasons for any contention that "penalties, discounts or rebates" payable by Qualcomm should be attributed to some subset of Qualcomm's chips, rather than to all the chips Qualcomm sold for use in any OEM's devices.[1]

The FTC's response references a single manufacturer, Apple, and further references sums payable by Qualcomm to Apple under two agreements between them. The FTC tallies *all* such sums, payable in full only if Apple decided not to incorporate Qualcomm chips into essentially *all* its cellular devices, but attributes them to just five "lower-volume products," to the exclusion

---

[1] Interrogatory No. 19 reads:
If you contend that Qualcomm ever charged any Cellular Device manufacturer a price for a Baseband Processor that was lower than Qualcomm's cost of such Baseband Processor, then identify:
a) Each such Cellular Device manufacturer;
b) Each Baseband Processor Qualcomm sold below Qualcomm's cost;
c) Qualcomm's costs you contend were higher than the prices of such Baseband Processors, including whether such costs represent Qualcomm's marginal costs, average variable costs or some other measure of costs;
d) the price at which such Baseband Processors were sold; and
e) any "penalties", "discounts" or rebates You contend should be applied to lower the effective price of such Baseband Processors, including those alleged in Paragraph 125(c) of Your Complaint, and all reasons You contend such penalties, discounts or rebates should be applied to Baseband Processors you contend were sold below cost rather than to other Baseband Processors.

1

of all iPhones and other Apple devices containing Qualcomm chips. On the basis of such attribution, the FTC contends that Qualcomm chips in those five devices were sold at substantial losses – in fact, that Qualcomm was effectively paying Apple considerable sums to incorporate Qualcomm's chips in these devices. The FTC's response, however, does not provide any basis or explanation for its selection of those five much lower-selling iPad devices, to the exclusion of all other cellular Apple devices. In meet and confer discussions, the FTC maintained its refusal to supplement its response with this information.

### B. Qualcomm Is Entitled To A Complete Response To Interrogatory No. 19

Qualcomm seeks information that the FTC undeniably possesses, and appears to have possessed since before filing its Complaint. Yet the FTC refuses to provide Qualcomm with this information. The Federal Rules obligate the FTC to provide relevant information in its possession. Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered . . . *fully*"); *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (granting motion to compel party to answer "interrogatories with information they now possess"). The FTC's refusal to provide a complete response unfairly limits Qualcomm's ability to challenge the factual bases for this claim. *Former Shareholders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *1 (N.D. Cal. Oct. 4, 2013) (noting that interrogatories facilitate "narrow[ing] the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position."); Fed. R. Civ. P. 33 Adv. Comm. Notes (1970) (interrogatories "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery").

Significantly, despite having a common interest arrangement with Apple, receiving Apple documents, and having participated fully in many Apple depositions, the FTC has not cited any contemporaneous evidence showing that Apple's decision-making regarding the so-called penalties was different for these five devices as compared to any other. To the extent the FTC intends to rely on any such evidence, it should be required to identify the evidence with particularity. Qualcomm is entitled to the bases for the FTC's selection of the five devices it has identified in its response, and the bases for its exclusion of all other Apple devices.

The FTC cites portions of its Response to assert that it has provided the reasons for its selection of just these five iPad devices to which it allocates all costs for all iPhones and other Apple devices. But one need only read the referenced passages to see that, at most, the FTC has provided cryptic references that offer hints at possible reasons but do not in fact provide those reasons, which the interrogatory expressly requests. Did the FTC select the five devices solely because they were "low volume" devices? Or because they were "data only" products? Or because these were the only devices for which there was a "reasonably contestable" and acceptable alternative chip from Intel or another supplier? The Court ordered that the FTC respond to this interrogatory in order to focus the issues in the case, which is a key purpose of interrogatories. But one cannot discern the actual reasons for the FTC's selection of these five devices from its response.

The FTC does not, and could not plausibly, contend that it does not know the bases for its contention. The FTC should therefore be ordered to supplement its response promptly to provide all bases for its selection of the five iPad devices it identified in its April 25 response.

## II. FTC's Position

The FTC met and conferred with Qualcomm regarding its responses to Qualcomm's interrogatories, and Qualcomm's responses to the FTC's interrogatories, on May 7 and May 14. These discussions included the FTC's response to Interrogatory 19, which sought information about allegations in paragraph 125(c) of the FTC's complaint concerning application of a price-cost test to Qualcomm's agreements with Apple. In paragraph 125(c) of the complaint, the FTC states that a price-cost test is *not* required to assess the competitive effects of Qualcomm's agreements with Apple, but alleges that *if* the penalties under those agreements "were attributed as discounts to the price of Qualcomm baseband processors reasonably contestable by a Qualcomm competitor, the resulting price of Qualcomm processors would be below Qualcomm's cost." Complaint at 26 ¶125(c) (ECF No. 1).

During the parties' meet and confer discussions, The FTC explained that its response to Interrogatory 19 already identifies the Baseband Processors at issue, and the penalties and rebates at issue. Further, the response identifies the reasons the FTC contends that the penalties or rebates should be applied to the listed Baseband Processors. As Qualcomm acknowledges, the FTC's Response identifies facts and record citations showing that " ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "[2] In support of that proposition, the FTC cites a statement made by Qualcomm's head of sales for Apple to Qualcomm's CEO and other executives that, just prior to offering Apple

Qualcomm believed the " ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "[3] The FTC also cited a statement by a Qualcomm employee that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."

The FTC's response thus contains the facts about which Baseband Processors the FTC contends were sold to Apple below cost, the calculations supporting the allegation, and the reasons the FTC has for attributing prices and costs to those Baseband Processors. In particular, the response contains all of the information that Qualcomm asks the Court to compel: the FTC contends that Qualcomm perceived that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and Qualcomm offered conditional payments that, at times, would have penalized Apple ▓▓▓▓▓▓▓▓ if it did, in fact, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Qualcomm remains unsatisfied with the FTC's response to Interrogatory 19, but not because the FTC provided insufficient facts. Instead, Qualcomm appears dissatisfied with the reasons the FTC has provided for applying the penalties and rebates to the Baseband Processors at issue. But arguments about the proper application of the price/cost test are better suited for expert discovery, and Qualcomm will receive the FTC's expert disclosure in less than a week. Likewise, disputes about the law applicable to exclusive dealing claims and, in particular, the price-cost test, are better addressed in briefing to the court. While Qualcomm may want the FTC to prematurely disclose its expert's opinions, or its draft arguments, it does not appear to

---

[2] Supplemental Objections and Responses to Defendant Qualcomm Interrogatory Nos. Eighteen And Nineteen ("FTC Sup. Resp."), p12:25. Qualcomm narrowed its interrogatory to facts relevant to paragraph 125(c) of the FTC's complaint concerning Qualcomm's exclusive dealing with Apple. Thus, it is not surprising that the FTC's response referred to the single manufacturer, Apple, that was the subject of the allegation and the interrogatory.

[3] FTC Sup. Resp. p13:1 (citing CX5288).

actually seek more facts or "reasons" which would be responsive to its interrogatory.

The FTC objected to the Interrogatory as seeking the premature disclosure of expert materials, and has already committed to Qualcomm that it will supplement and amend its responses as appropriate under the Federal Rules. And the FTC which provide its expert disclosures to Qualcomm in less than a week. Qualcomm will receive information about methods of analysis and legal positions in due course. It now has the facts responsive to its interrogatory, which is all that it is entitled to this week.[4]

---

[4] Qualcomm has also expressed – for the first time when it provided the FTC with its portion of a draft Joint Discovery Statement on May 17 – concern about the lack of citation from Apple sources to support the FTC's contention that Qualcomm made sales to Apple at negative prices. The interrogatory did not seek citations from a specific source, but rather sought the FTC's "reasons" for calculating costs one way rather than another. The FTC has provided its reasons and identified evidence supporting those reasons. At the same time, the FTC's experts are finalizing their reports which will provide significantly more information about application of the price-cost test.

Respectfully submitted,

 */s/ Jennifer Milici*
Jennifer Milici, D.C. Bar No. 987096
jmilici@ftc.gov
Daniel Matheson, D.C. Bar No. 502490
dmatheson@ftc.gov
J. Alexander Ansaldo, Va. Bar No. 75870
jansaldo@ftc.gov
Joseph R. Baker, D.C. Bar No. 490802
jbaker@ftc.gov
Elizabeth A. Gillen, Ca. Bar No. 260667
egillen@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496

Lin W. Kahn, Ca. Bar No. 261387
lkahn@ftc.gov
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


 */s/ Gary A. Bornstein*
CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
Eugene M. Paige
epaige@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom
willard.tom@morganlewis.com
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Attorneys for Defendant
QUALCOMM INCORPORATED