| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>William A. Isaacson (*Pro Hac Vice App.* to be filed)<br>DC Bar No. 414788, wisaacson@bsfllp.com<br>Karen L. Dunn (*Pro Hac Vice App.* to be filed)<br>DC Bar No. 1002520, kdunn@bsfllp.com<br>Amy J. Mauser (*Pro Hac Vice App.* to be filed)<br>DC Bar No. 424065, amauser@bsfllp.com<br>1401 New York Avenue, N.W.<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br><br>BOIES SCHILLER FLEXNER LLP<br>Edward H. Takashima, SBN 270945<br>etakashima@bsfllp.com<br>401 Wilshire Blvd, Suite 850<br>Santa Monica, CA 90401<br>Telephone: (310) 752-2400<br>Facsimile: (310) 752-2490<br><br>Attorneys for Non-Party APPLE INC. | CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone:  (212) 474-1000<br>Facsimile:  (212) 474-3700<br><br>KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest, SBN 84065<br>rvannest@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  (415) 676-2289<br>Facsimile:  (415) 397-7188<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone:  (212) 309-6000<br>Facsimile:  (212) 309-6001<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>    Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>    Defendant.<br><br>IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NON-PARTY APPLE INC. AND DEFENDANT QUALCOMM INCORPORATED'S JOINT STATUS REPORT**<br><br>Courtroom:  7, 4th Floor<br><br>Judge:  Hon. Nathanael M. Cousins<br><br>Case No. 5:17-md-02773-LHK-NMC |

Pursuant to the Court's May 24, 2018 Order (ECF 755) Non-Party Apple Inc. ("Apple") and Defendant Qualcomm Incorporated ("Qualcomm") submit this Joint Status Report.

## I.  Apple's Non-Responsive Log

### A.  *Qualcomm's Position*

Out of the more than 188,000 entries on Apple's log of documents that had originally been withheld as privileged but then recoded as not responsive, Qualcomm sent to Apple on April 15, 2018 a list of 20,720 entries that appeared, based on their subject lines, so likely to be responsive as to warrant re-review.  After much back and forth, and based on the results of partial re-reviews (which showed that over 80% of Apple's non-responsive calls selected by Qualcomm and over 30% selected by Apple were erroneous), Apple finally agreed on May 18 to re-review all of those entries.

It is now June.  Apple's re-review continues, even though Apple was supposed to conclude its production in December, fact discovery concluded in March, and expert discovery is underway.  Apple now proposes that it should take over a month to re-review these documents, such that it will complete the re-review by June 19, 2018, and that this significant delay does not prejudice Qualcomm.  But Qualcomm has been prejudiced, and continues to be prejudiced, by Apple's delay; under Apple's schedule, Apple would not produce the responsive documents until 10 days before Qualcomm's expert reports are due.  Further time would pass until Apple produces privilege logs and Qualcomm is able to assess, and potentially challenge, Apple's decision to continue to withhold some of the now-deemed-responsive documents (Apple continues to withhold as privileged 195 out of the 555 documents it found to be responsive as a result of its prior responsiveness re-review of 1,000 documents).  In addition, once the re-review of these 20,720 entries is complete, the results may warrant further re-reviews, making it all the more important for this current round to be delayed no further.  Qualcomm respectfully requests the Court order this re-review to be completed by June 11, 2018.

### B.  *Apple's Position*

Apple is re-reviewing the 20,720 remaining entries Qualcomm identified from Apple's Non-Responsive Log.  Apple anticipates that its review should be complete on Tuesday, June

19—just over one week after the deadline proposed by Qualcomm. After that review, Apple will meet and confer with Qualcomm to discuss whether further re-review is necessary. As to Qualcomm's prejudice point, it has identified none requiring an artificial shortening of the review process. Apple produced downgraded items from the first 1,000 of the 20,720 entries on May 11. This included the five hundred entries chosen by Qualcomm from the 20,720—presumably because they were the highest-priority items. Of the 500 high-priority document families identified by Qualcomm, Apple produced around 70. It is unclear how, if at all, anything in that production materially added to what Qualcomm had already received from Apple (approximately 4.1 million documents in this case).[1]

## II.  Apple's Re-Review of 1,000 Privilege Log Entries

On April 24, Apple served a revised privilege log pursuant to the Court's March 30 Order. (ECF 664.) On April 26 and April 30, Apple produced all or portions of around 274 document families that it had de-designated (in whole or in part) as a result of its re-review. On May 18, Qualcomm identified 36 document families that remained on the log that it indicated it may wish to submit for *in camera* review and requested to meet and confer. Apple de-designated six of the identified documents and produced them on May 31 (as well as certain other attachments to documents Qualcomm identified). Apple also produced other documents in redacted form and provided a revised log correlating these productions to the contested log entries. Qualcomm is reviewing the documents Apple produced on May 31. Once the parties conclude meeting and conferring about these document families, Qualcomm will advise the Court if there are any families for which it requests an *in camera* review.

## III.  Qualcomm's Request for Apple to Re-Review Approximately 3,800 Log Entries Withheld on Common Interest Grounds

A.  *Qualcomm's Position*

Qualcomm contests Apple's assertion of a common interest to withhold at least 3,921 documents exchanged between Apple and third parties. To test Apple's common interest claim in

---

[1] Qualcomm states above that Apple chose 500 entries for the review. The selections were random selections.

a targeted way, Qualcomm identified 44 of those 3,921 documents for re-review.  As Qualcomm stated in the May 18 Status Report, Qualcomm selected those documents not as a compromise intended to waive its challenge of Apple's assertion with respect to the other 3,877 documents Apple is withholding, but rather as a workable approach taken "with the expectation that Apple would apply the Court's guidance on the issues relevant to these documents to reassess the remaining claims" of common interest.  (May 18 Status Report at 2.)  On the day the status report was filed, Apple withdrew its assertion of common interest over *37 of the 44* documents Qualcomm had identified.  Thus, in the May 18 Status Report, given Apple's sudden major revision to its application of the common interest doctrine, Qualcomm requested that Apple "apply these principles to its remaining claims of common interest, relating to other documents that were not among the 44 that Qualcomm targeted."  (May 18 Status Report at 1-2.)  Qualcomm repeated this request at the May 24, 2018 hearing (5/24 Hrg. Tr. 67:21-68:5), and again in writing on May 27 and May 29, 2018 (Apple did not respond to this correspondence).

Despite its reversal rate of over 85%, Apple now continues to resist any further re-review of the documents it has withheld pursuant to a claim of common interest.  To the extent Apple is waiting to begin its re-review until after the Court rules on the seven documents that are the subject of the June 1, 2018 joint discovery statement, that delay is unwarranted; Apple could easily withdraw its common interest assertion over all documents that are similar to the 37 documents on which it reversed its position on May 18 without the need for further guidance from the Court.

More important, to the extent Apple intends to oppose a complete re-review of the remaining common interest documents, that refusal is unjustified.  Contrary to Apple's assertion below that all remaining documents are "less important" than the seven documents briefed on June 1, the remaining documents include over 600 documents that appear to relate to Qualcomm and over 50 more documents that appear to have been withheld based on the purported common interest agreements with Intel and Samsung about which the Court has already expressed skepticism. (5/24/2018 Hrg. Tr. 73:19-23.)  As the Court noted, the 44 documents Qualcomm selected "may be the tip of the iceberg".  (*Id.* at 73:24-74:3.)  No matter how the Court resolves

the outstanding dispute over the seven documents at issue, Apple should still re-review all of the remaining common interest documents—many of which are similar to those on which it has already reversed its calls.

B.  *Apple's Position*

At the May 24 status conference Apple suggested that Qualcomm's request is unreasonable at this time, and that as a first step to resolving this dispute there should be fuller briefing on the issue of the privileged status of the seven specific privileged documents discussed in Apple and Qualcomm's last Joint Status Report.  (5/24/18 Tr. at 71:23-72:11.)  The Court then permitted the parties to submit further briefing last Friday, which they did.  (*Id.* at 74:4-7.)  Nothing has changed since that hearing.[2]

Apple continues to maintain that the parties should await the Court's privilege rulings in order to ascertain any issues that need to be addressed with these other 3,800 documents referenced by Qualcomm—and also in order to prevent potential *multiple* re-reviews of the same documents.  After the Court rules on the pending dispute, the parties can meet and confer to discuss the proportionality and reasonableness of Qualcomm's request in light of the Court's decision.[3]

As a background, the privilege dispute briefed last Friday involves seven of the documents that, according to Qualcomm, it selected (among other documents) "in an effort to be targeted," (*id.* at 72:18-24)—an effort that Apple believes the Court rightly assumed was done to "prioritize[] the things which are most important to [Qualcomm]." (*Id.* at 75:7-8.)  Those apparently-prioritized documents consist of:  (1) communications about potential internal rules and articles of association for "Friends of FRAND" (a potential non-profit association); (2) WGA

---

[2] Three days later—on the Sunday after the hearing—Qualcomm sent a letter repeating the request it made in Court, to which Apple had already responded.  Qualcomm's proposed "compromise" in the letter was simply that Apple "begin its re-review immediately" in order to supposedly "narrow" any disputes.  This is, of course, no compromise at all—it is the same demand Apple responded to at the hearing.

[3] Qualcomm does not dispute that if Apple reviews the documents now, Qualcomm will seek another re-review based upon any ruling by the Court in its favor on the common interest question.

communications about a potential letter to Qualcomm responding to Qualcomm's request for a mediation with the WGA; and (3) a discussion among counsel about the selection of an expert for a response in the KFTC's investigation of Qualcomm. It is difficult to see how any of these documents are particularly relevant to the claims or defenses in this case. And more importantly, it is difficult to imagine the *less-important* entries that Qualcomm passed over when selecting these documents being relevant. That said, Apple is willing to meet and confer on this issue after the Court's ruling on the seven disputed documents.

**IV.    Qualcomm's Complaint about Alleged Discrepancies Between Apple's December 2017 Privilege Log and Subsequent Logs and Productions**

   A.    *Qualcomm's Position*

In comparing the entries from Apple's original privilege log against Apple's subsequent Amended Privilege Log, Cross-Reference Log and Non-Responsive Log, Qualcomm discovered that there are roughly 6,000 entries that are not accounted for in these subsequent logs. Qualcomm raised the issue in the May 18 Joint Status Report. On June 2, 2018, Apple's counsel advised that technical difficulties prevented Apple from comparing the entries across its various logs and requested a list of the unaccounted for documents. Qualcomm will send such a list, and the parties will continue to meet and confer as required.

   B.    *Apple's Position*

In the May 18 Joint Status Report, Qualcomm raised for the first time a "concern[] that there are discrepancies based on the information Apple has provided thus far" in its logs. (ECF 745-4 at 16.) On May 23, the parties scheduled a meet and confer to discuss another issue. At the end of the call, Qualcomm counsel suggested that when they compared Apple's December 2017 privilege log to the subsequent privilege logs, non-responsiveness logs, and cross-reference logs (cross-referencing productions of de-designated documents to the December log), there appeared to be 2,000 or so that are unaccounted for. Apple attempted to look into the issue, but encountered technical difficulties attempting to run Excel functions comparing the hundreds of thousands of entries in the logs. Apple has asked Qualcomm to provide it with the list of the log entries it has referenced so that it can follow up on this issue.

| | | |
|---|---|---|
| Dated: June 4, 2018 | Respectfully submitted, | |
| | By: | */s/ Edward H. Takashima* |

        William A. Isaacson
        wisaacson@bsfllp.com
        Karen L. Dunn
        kdunn@bsfllp.com
        Amy J. Mauser
        amauser@bsfllp.com
        BOIES SCHILLER FLEXNER LLP
        1401 New York Avenue, N.W.
        Washington, DC 20005
        Telephone:   (202) 237-2727
        Facsimile:    (202) 237-6131

        Edward H. Takashima
        etakashima@bsfllp.com
        BOIES SCHILLER FLEXNER LLP
        401 Wilshire Blvd, Suite 850
        Santa Monica, CA 90401
        Telephone: (310) 752-2400
        Facsimile: (310) 752-2490

        Attorneys for Non-Party APPLE INC.

By:   */s/ Gary A. Bornstein*

        Gary A. Bornstein
        Yonatan Even
        CRAVATH, SWAINE & MOORE LLP
        Worldwide Plaza
        825 Eighth Avenue
        New York, NY 10019-7475
        Tel:  (212) 474-1000
        Fax:  (212) 474-3700
        gbornstein@cravath.com
        yeven@cravath.com

        Robert A. Van Nest
        Eugene M. Paige
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809
        Tel: (415) 676-2289
        Fax: (415) 397-7188
        rvannest@keker.com
        abhansali@keker.com
        epaige@keker.com

        Richard S. Taffet
        Willard K. Tom
        Donn P. Pickett

|   |   |
|---|---|
| 1 | Geoffrey T. Holtz |
|   | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | One Market, Spear Street Tower |
|   | San Francisco, CA 94105-1126 |
| 3 | Tel: (415) 442-1000 |
|   | Fax: (415) 442-1001 |
| 4 | richard.taffet@morganlewis.com |
|   | willard.tom@morganlewis.com |
| 5 | donn.pickett@morganlewis.com |
|   | geoffrey.holtz@morganlewis.com |

*Attorneys for Qualcomm Incorporated*

**FILER'S ATTESTATION**

I, Edward H. Takashima, am the ECF user whose identification and password are being used to file this Joint Status Report. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

>                              */s/ Edward H. Takashima*
>                              Edward H. Takashima