*Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: June 13, 2018<br>TIME: 2:00 p.m.<br>CTRM: Courtroom 8<br>JUDGE: Hon. Lucy H. Koh |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

Pursuant to the Court's May 1, 2018 Order Continuing Further Case Management Conference (MDL ECF No. 445), Plaintiff Federal Trade Commission (the "FTC") and the MDL Plaintiffs (collectively, "Plaintiffs") and Defendant Qualcomm Incorporated ("Qualcomm") (collectively, the "Parties") have met and conferred and hereby submit this Joint Case Management Statement.

**I.　MOTIONS**

Since the Parties filed the May 22, 2018 Joint Case Management Statement (FTC ECF No. 752), Judge Cousins conducted a Discovery Hearing on May 24, 2018, and entered Orders addressing the pending motions. (FTC ECF No. 755.)

Judge Cousins deferred decision on Qualcomm's request to compel Apple, Inc. to produce certain withheld documents that Apple had exchanged with third parties with which Apple asserts to have a common legal interest. Pursuant to Judge Cousins's Order, Qualcomm and Apple filed a joint discovery letter brief on June 1. (FTC ECF No. 759.) The FTC takes no position on the accuracy of statements made in this joint discovery letter brief.

Qualcomm and Apple filed a joint status report regarding Apple's document production on June 4. (FTC ECF No. 760.) The FTC takes no position on the accuracy of statements made in this joint status report.

On Thursday, May 31, MDL Plaintiffs sent Qualcomm a copy of their proposed amended complaint, requesting that Qualcomm respond by Monday, June 4 indicating whether it would agree to MDL Plaintiffs filing an amended complaint or whether MDL Plaintiffs would need to seek leave to amend. In an effort to understand the potential prejudice to Qualcomm of plaintiffs' proposed changes to their theory of the case and their expansion of the class after the close of fact discovery, Qualcomm responded with written questions on Tuesday, June 5. MDL Plaintiffs responded to Qualcomm's written questions on Wednesday, June 6, providing additional information in response to some of them.

Qualcomm and the FTC are meeting and conferring over the extent to which the Protective Order permits or prohibits the sharing of certain information in the FTC's expert reports, as described in more detail below, and intend to file a joint discovery statement on this

1  issue if they cannot reach agreement.

2  The Parties have not filed any other motions since the May 22 Joint Case Management
3  Statement.

4  **II.   PARTY DISCOVERY**

5  **A.   Written Discovery**

6  The Parties do not have any open issues concerning written discovery other than those
7  referenced in Part I above.

8  **B.   Document Discovery Issues**

9  Qualcomm continues the process of re-reviewing documents pursuant to Judge Cousins's
10 April 4, 2018 Order Regarding Privilege Re-Review for Qualcomm and Apple (MDL ECF
11 No. 427). Qualcomm produced additional revised log entries and documents on May 29, 2018.
12 Qualcomm estimates that, as of May 29, 2018, it had completed re-review of a total of 87,000
13 redacted or withheld documents, and that approximately 23,000 documents remain to be re-
14 reviewed by July 1, 2018. As a result of this re-review process, Qualcomm has produced 17,662
15 documents (either in redacted form or without redactions) that had previously been withheld as
16 privileged, and has reduced or eliminated redactions on 9,870 previously redacted documents.
17 Some of the previously withheld or redacted content had already been produced in other
18 documents before the re-review productions.

19 **C.   Party Depositions**

20 **1. Individual Depositions**

21 All depositions of current or former Qualcomm employees have concluded.

22 The Parties will meet and confer regarding re-opening of depositions following the
23 completion of Qualcomm's privilege re-review.

24 **2. Rule 30(b)(6) Depositions**

25 Qualcomm and the MDL Plaintiffs met and conferred regarding MDL Plaintiffs'
26 Rule 30(b)(6) Topics 1, 2, 8 and 11. In response to the MDL Plaintiffs' written questions,
27 Qualcomm provided written responses to questions on all topics and deposition time as to certain
28 portions of Topic 2. The deposition was completed on May 31, 2018. MDL Plaintiffs are

1  reviewing Qualcomm's responses.

### D. Expert Discovery

On May 24, 2018, the FTC served its expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2).

### E. Protective Order Interpretation

The parties disagree regarding the interpretation of the Protective Order with respect to the treatment of certain third-party information in the FTC's expert reports.

*FTC's Position*. The Protective Order governs treatment of Protected Material, which includes any Discovery Material that third parties designate as Confidential or Highly Confidential, as well as "(1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material . . .". ECF No. 81 ¶ 3. Section 3 of the Protective Order also provides for exceptions of certain categories of information that are not covered by the Order, including "(a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise" and "(b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party." *Id*.

The parties disagree as to the scope of information that falls within the exceptions in Section 3(a) and (b). The FTC's position is that where it is *not* clear from the face of the document that information is either part of the public domain or known to Qualcomm, then Qualcomm must go through the process for challenging the designation, as outlined in Section 6, thus affording third parties an opportunity to protect information that they have designated as confidential or highly confidential. ECF No. 81 ¶ 6.

The FTC offered months ago to discuss a schedule for providing redactions to documents and pleadings containing Protected Material, but Qualcomm declined. Then, prior to receiving the FTC's expert disclosures, Qualcomm counsel suggested that it would propose initial redactions

1  prior to sharing the disclosures with its client. The FTC has responded promptly to Qualcomm's
2  proposals. In the course of meeting and conferring about appropriate redactions to the FTC's
3  expert disclosures prior to distribution to Qualcomm's in-house attorneys, Qualcomm's outside
4  counsel has taken the position that it is free to disclose information designated as Protected
5  Material by third parties if the underlying facts are public or are already known to someone
6  within Qualcomm.  The FTC understands Qualcomm's position to be that its outside counsel may
7  use its judgment and discretion in all cases to determine whether such information is covered by
8  the Protective Order to begin with. Further, the FTC understands Qualcomm's position to be that,
9  so long as the designated information is either public or known to Qualcomm, it may reveal not
10 only the information in question to individuals not covered by the Protective Order, but also the
11 source of the information (such as the identity of a deposition witness testifying to that
12 information).  The FTC disagrees with this interpretation of the Order.
13        The FTC does not dispute the appropriateness of disclosure of Protected Material to
14 Qualcomm employees where it is clear from the face of the source that the information is public
15 or already known to Qualcomm, such as (i) countersigned agreements between Qualcomm and an
16 OEM, or (ii) emails from Qualcomm to an OEM that were produced by the OEM. During the
17 meet and confer process, Qualcomm pointed out some examples where we had, in fact, applied
18 such redactions and the FTC agreed to lift the redactions. The FTC also said it would consider
19 lifting other redactions for facts that Qualcomm asserts it already knows, or that are "industry
20 knowledge."[1]
21        The FTC disagrees, however, that Qualcomm's outside counsel may unilaterally
22 determine that a fact is public or already known to Qualcomm where it is not clear from the face
23 of the document.  To agree to such a procedure would circumvent the process of challenging
24 required by Section 6 of the Court's Order. In the event that Qualcomm (or the FTC) concludes
25 that a third party's designation of Protected Material is unwarranted, the Challenging Party must

---

[1] During a June 5, 2018 meet and confer, the FTC agreed with Qualcomm in principle that such information clearly communicated to Qualcomm could be disclosed to Qualcomm employees. Qualcomm's outside counsel agreed to propose such revisions and provide substantiation for its claims that any such facts fall within 3(a) or (b), but has not yet done so.

contact the Designating Party and "initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." ECF No. 81 ¶ 6. Neither Qualcomm nor the FTC can simply ignore a designation based on its own assessment of the sensitivity of the information or the purported independent knowledge of the information by Qualcomm. Indeed, the FTC has proposed redactions based on designations applied by third parties, and has not over-designated "plainly non-confidential information" as Qualcomm suggests below. And contrary to Qualcomm's suggestion, much of the information does not clearly fall beyond the scope of the Protective Order, but rather describes market conditions and other competitively sensitive information.

Moreover, the FTC disagrees that where Qualcomm contends designated information is either public or known to Qualcomm, it may also reveal the source of the information without challenging the designation of the testimony under Section 6. The FTC's position is that the fact that a particular witness testified to certain information—where that testimony has been designed as Protected Material by a Designated Party—is in and of itself Protected Material under the Order.[2]

The parties continue to meet and confer about specific redactions to the FTC's expert disclosures and will submit a dispute to Judge Cousins if they are unable to reach agreement.

*Qualcomm's Position*. The parties' disagreement here arose when the FTC applied a blanket designation of "Highly Confidential" to the entirety of three of its four expert reports, and a blanket designation of "Confidential" to the entirety of its fourth report (although it later withdrew this designation, again as to the entire report)—even though Qualcomm had proactively initiated discussions with the FTC about the confidentiality designations on the FTC's expert reports, even before those reports were served.[3] To address the FTC's over-designations,

---

[2] The FTC strongly disagrees with Qualcomm's suggestion below that it is "obstructing [Qualcomm's] access to even public information in the FTC's expert reports" by, for example, "cit[ing] third-party witness testimony rather than the press release as the source of that information." The FTC has made a good faith effort to identify appropriate redactions based on third-party designations of Protective Information, in compliance with the Protective Order. Moreover, the FTC did not redact statements of fact attributed to multiple sources, where certain of the sources were not designated as Protected Material.

[3] Qualcomm disagrees with the FTC's claim that Qualcomm "declined" to "discuss a schedule for

Qualcomm offered to, and did, propose to the FTC redacted versions of the four reports (despite the fact that it was the FTC's obligation under Paragraph 5.1 of the Protective Order to avoid such blanket designations in the first place).  When the FTC responded to Qualcomm's proposed redactions—on June 4, ten days after it served the reports—the FTC continued to over-designate as Protected Material information that plainly does not warrant such designations.

During meet and confers on June 5 and 6, the FTC finally acknowledged that under Paragraph 3 of the Protective Order, public information and information that is already in Qualcomm's possession are not Protected Material subject to the Order's restrictions.  It has now stated that it will withdraw the redactions it had applied to such information in its expert reports (including, for example, redactions of the terms of Qualcomm's own agreements), as long as the public nature of the information or its prior disclosure to Qualcomm is "clear from the face of the document" at issue.  But the FTC continues to assert that Qualcomm personnel may not access portions of the FTC's expert reports that contain public information or information previously disclosed to Qualcomm, unless Qualcomm can "substantiat[e]" to the FTC's satisfaction that the information is "industry knowledge" or had been "clearly communicated to Qualcomm".  The FTC's delay in providing redacted versions of its expert reports, its systemic over-designation of plainly non-confidential information and its apparent position that the Parties should engage in protracted discussions and satellite litigation concerning whether Qualcomm possesses obviously non-confidential information are prejudicing Qualcomm and hindering its ability to prepare rebuttal reports in the short time available.  However, while these discussions have proceeded, Qualcomm has not disclosed any of the information the FTC has redacted from its expert reports to any individual not entitled to receive such information.

The Parties are meeting and conferring regarding these disagreements, and to the extent they are unable to resolve any differences they will bring any remaining dispute before Magistrate

---

providing redactions to documents and pleadings containing Protected Material".  The parties discussed such a schedule but were unable to reach agreement.  The FTC has asked Qualcomm to state that it was unable to review this footnote because, when the FTC sent a revised draft of this Statement making this claim at approximately 8:00 p.m. on the date of filing, the FTC stated it was unable to review any later responsive changes by Qualcomm.

1  Judge Cousins.  At this juncture, however, Qualcomm notes that the FTC above misstates
2  Qualcomm's position.  Qualcomm does not argue that it "can simply ignore a designation based
3  on its own assessment of the sensitivity of the information or the purported independent
4  knowledge of the information by Qualcomm".  Instead, the plain language of the Protective Order
5  carves out certain types of information from its scope.  In explicit terms, the Protective Order
6  provides that "the protections conferred by this Stipulation and Order *do not cover* . . . any
7  information that is in the public domain [or] any information known to the Receiving Party prior
8  to the disclosure".  (ECF No. 81 ¶ 3 (emphasis added).)  Because public information or
9  information already in Qualcomm's possession is expressly excluded from the "cover[age]" of
10 the Protective Order, it does not constitute "Protected Material" subject to the Order's various
11 restrictions on disclosure.
12     A third party's decision to designate public information as "Confidential" does not bring
13 that public information within the coverage of the Protective Order; the information is still public
14 and therefore excluded from the definition of "Protected Material".  Accordingly, contrary to the
15 FTC's argument, the Protective Order does not require Qualcomm to follow the dispute
16 resolution procedure in Paragraph 6 before sharing information that is public or already within
17 Qualcomm's possession.  That is true regardless of whether the public nature of the information is
18 or is not "clear from the face of the document" the FTC's expert chose to cite (rather than from
19 another public or Qualcomm document containing the same information).  For example, the
20 parties discussed on a meet and confer whether Qualcomm personnel may be told that an FTC
21 expert relied on a fact appearing in a public press release, such as the release date of a
22 competitor's product, if the expert cited third-party witness testimony rather than the press release
23 as the source of that information.  The FTC's view is that, if the expert cited witness testimony
24 that a third party designated under the Protective Order, the expert's use of this indisputably
25 public information must not be revealed unless and until Qualcomm takes the issue up with the
26 relevant third party and, if necessary, goes through the full dispute resolution process in
27 Paragraph 6.  Qualcomm disagrees.  If the FTC were correct, it would enable the FTC (or third
28 parties), to impede Qualcomm's preparation of its defense by obstructing its access to even public

information in the FTC's expert reports. Instead, Paragraph 3 provides that "the protections conferred by this Stipulation and Order", which include the dispute resolution procedures in Paragraph 6, "do not cover" such public information or information in Qualcomm's possession.[4]

Further, the FTC also asserts that the Protective Order allows it to conceal from Qualcomm the identity of a witness ("or other source of information") relied upon by its experts, simply because the witness's employer designated his or her deposition as Confidential or Highly Confidential. This is improper. To illustrate, on a meet and confer, the FTC postulated that if one of its experts cited testimony from a third-party deponent that "it was raining last Tuesday", and the deponent's employer designated that deposition (in its entirety or in relevant portion) as Confidential, then the *identity* of the cited deponent should be concealed from Qualcomm in the expert's report. Putting aside the facts that witnesses' identities have not been designated Confidential and cannot be Confidential here, the FTC makes this claim even though the weather in its hypothetical was publicly available information that is by definition not Protected Material. The FTC cites no provision of the Protective Order that requires such an illogical result.

Qualcomm is not seeking at this time to require re-designation of portions of the FTC's expert reports that quote or disclose Confidential or Highly Confidential material from third-party discovery sources. Thus, this is not an issue that could or should have been addressed earlier, or even now, through challenging specific third-party designations (even if it were practical to do so before knowing what the FTC would cite in its expert reports). The information at issue now is only information that, pursuant to Paragraph 3, is not covered by the Protective Order at all when Qualcomm is the Receiving Party.

### III. THIRD-PARTY DISCOVERY

#### A. Document Production

The vast majority of third parties subpoenaed have completed their document productions

---

[4] By contrast, if designated information is *not* either public or already known to a Receiving Party, but the Receiving Party disputes that the information qualifies as Confidential or Highly Confidential Information under the definitions set forth in the Protective Order and by law—for example, if there is a dispute as to whether designated non-public information actually qualifies for protection under Fed. R. Civ. P. 26(c)—then the Paragraph 6 dispute resolution procedure is the appropriate mechanism to pursue a re-designation of the information.

1  in this case. Certain third parties are still producing small volumes of documents, including as a
2  result of the Orders and disputes summarized in Part I above.
3      As stated above, Qualcomm and Apple filed a joint status report concerning Apple's
4  production on June 4, 2018. (FTC ECF No. 760.)   The FTC takes no position on the accuracy of
5  statements made in the joint status report.

### B. <u>Depositions</u>

7  The Parties concluded depositions of third-party witnesses on April 20 as reported in the
8  May 22 Joint Case Management Statement. (FTC ECF No. 752.)
9      The MDL Plaintiffs intend to take the deposition of Tim Cook of Apple, who will be
10 deposed on June 27 in the coordinated Southern District of California litigation.

1  Dated:  June 6, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,


*/s/ Jennifer Milici*
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

***Attorneys for Federal Trade Commission***


SUSMAN GODFREY LLP


By: */s/ Kalpana Srinivasan*
Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta Kauble Pachman
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3006
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email:  kpachman@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street # 5100
Houston, TX 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: jgrinstein@susmangodfrey.com

Joseph W. Cotchett
Adam J. Zapala
Brian Danitz
Mark F. Ram
Michael Montaño
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
Email: azapala@cpmlegal.com
Email: bdanitz@cpmlegal.com
Email: mram@cpmlegal.com
Email: mmontano@cpmlegal.com

*Plaintiffs' Interim Co-Lead Counsel*


HAGENS BERMAN SOBOL SHAPIRO LLP


Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Jeff D. Friedman (173886)
Rio S. Pierce (298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: jefff@hbsslaw.com
Email: riop@hbsslaw.com

*Plaintiffs' Steering Committee*

Dated: June 6, 2018    CRAVATH, SWAINE & MOORE LLP

By:   */s/ Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza

825 Eighth Avenue  
New York, NY 10019  
Tel: (212) 474-1000  
Fax: (212) 474-3700  
gbornstein@cravath.com  
yeven@cravath.com  

Robert A. Van Nest  
Eugene M. Paige  
Justina Sessions  
KEKER, VAN NEST & PETERS LLP  
633 Battery Street  
San Francisco, CA 94111-1809  
Telephone: (415) 391-5400  
Facsimile: (415) 397-7188  
rvannest@keker.com  
epaige@keker.com  
jsessions@keker.com  

Richard S. Taffet  
MORGAN, LEWIS & BOCKIUS LLP  
101 Park Avenue  
New York, NY 10178-0060  
Tel: (212) 309-6000  
Fax: (212) 309-6001  
richard.taffet@morganlewis.com  

Willard K. Tom  
MORGAN, LEWIS & BOCKIUS LLP  
1111 Pennsylvania Ave. NW  
Washington, DC 20004-2541  
Tel: (202) 739-3000  
Fax: (202) 739 3001  
willard.tom@morganlewis.com  

Donn P. Pickett  
Geoffrey T. Holtz  
MORGAN, LEWIS & BOCKIUS LLP  
One Market, Spear Street Tower  
San Francisco, CA 94105-1126  
Tel: (415) 442-1000  
Fax: (415) 442-1001  
donn.pickett@morganlewis.com  
geoffrey.holtz@morganlewis.com  

***Attorneys for Defendant Qualcomm Incorporated***

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

                                        */s/ Gary A. Bornstein*
                                          Gary A. Bornstein