Jennifer Milici, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Ca. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496
jmilici@ftc.gov

Lin W. Kahn, Ca. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184
lkahn@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　　　　Plaintiff,<br><br>　v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>　　　　Defendant | Case No. 5:17-cv-00220-LHK-NMC<br><br>**JOINT DISCOVERY STATEMENT REGARDING CONFIDENTIALITY DESIGNATIONS OF FTC's EXPERT REPORTS**<br>**(EXPEDITED DECISION REQUESTED BY QUALCOMM)**<br><br>Magistrate Judge:<br>Hon. Nathaniel M. Cousins |

　　　Defendant Qualcomm Incorporated ("Qualcomm") and Plaintiff Federal Trade Commission ("FTC") submit this joint statement concerning interpretation of the Protective Order. The parties have met and conferred, but have been unable to reach agreement on the issues addressed herein.

**I. Qualcomm's Position**

On May 24, 2018, the FTC served four expert reports; three designated in their entirety "Highly Confidential-Outside Attorneys' Eyes Only," ("HC-AEO") and one designated "Confidential." Qualcomm's counsel needs to be able to discuss these reports with Qualcomm. After meeting and conferring, the parties disagree on the scope of redactions involving two categories of information — (a) information already known to Qualcomm or the public, and (b) the identities of witnesses. Resolving this matter is time-sensitive because Qualcomm's own expert reports are due on June 28, and the FTC's position is prejudicing Qualcomm's ability to consult with knowledgeable people at the company.

The FTC's attempts to conceal non-confidential information are contrary to the letter of the Protective Order ("P.O."), governing legal authority, and Qualcomm's due process right to be informed of the evidence and witnesses. The Court should confirm that Qualcomm personnel may review information in the expert reports that is public or already known to Qualcomm, as well as names of witnesses on whose testimony the FTC relies for such information, so that the preparation of rebuttal expert reports and the defense of this case is not impeded.

**Background**

The P.O. prohibits "mass, indiscriminate, or routinized designations" and *imposes on the designating party* the obligation to "take care to limit any such designation to specific material that qualifies under the appropriate standard." (ECF 81, § 5.1). Faced with an expedited schedule to prepare its own expert reports, upon receipt of the FTC's reports with blanket HC-AEO designations, Qualcomm's counsel immediately proposed redactions of information that could even arguably be "Confidential" or HC-AEO (*i.e.* "Protected Material") according to the definitions in the P.O. Qualcomm's counsel provided proposed redactions to the FTC's reports on May 29, the Tuesday after Memorial Day. The parties met and conferred, with the FTC providing additional redactions on June 4, ten days after serving its expert reports.

The parties further conferred but disagree as to the propriety of additional redactions involving information already known to Qualcomm or the public, and of nearly every witness name on whose testimony its experts have relied. The FTC's claim that Qualcomm "refused" to discuss the matter is incorrect; the parties discussed but do not agree. The FTC cites no authority for concealing public information in its reports, or for concealing the identity of witnesses in a district court case. Qualcomm needs to know that information so the relevant personnel can help prepare a rebuttal. Qualcomm continues to be prejudiced in its ability to rebut the FTC's experts, including the ability to receive input from knowledgeable people within Qualcomm.

**FTC's Redactions of Information Known to Qualcomm or the Public Are Improper**

Qualcomm does not dispute that certain information in the expert reports may properly be redacted at this stage of the proceedings, as reflected in Qualcomm's own proposed redactions of the FTC's reports. For example, Qualcomm's proposed redactions include third party information such as: (a) specific business plans of chip competitors or chip customers, (b) specific provisions of license agreements to which Qualcomm is not a party, and (c) language quoted from third party documents or depositions, which the third party designated as "Confidential" or HC-AEO. None of that is at issue here. Instead, the issue is the FTC's insistence on redacting information that is expressly excluded from the coverage of the P.O.

The P.O., following this District's model orders, is expressly limited in scope and "extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles." (ECF 81, §1). It also provides that certain categories of information are not covered by the Order, including "(a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain" and "(b) any information known to the Receiving Party prior to the disclosure or obtained by the

1

Receiving Party after the disclosure . . ." (ECF 81, §3).

The FTC agrees.  See n.5.  Nevertheless, the FTC has redacted certain publicly available information and information already known to Qualcomm.  The FTC agrees that such information should not be redacted, but *only* if it is clear from the face of the document that the information is either part of the public domain or known to Qualcomm.  Otherwise, the FTC asserts, Qualcomm must seek to have the designating party de-designate the information.

The FTC is wrong.  If information the FTC included in its reports is public or known to Qualcomm, the P.O. expressly states that such information is *not* Protected Material.  (ECF 81, §§1, 3).  There is nothing in the P.O. that requires Qualcomm to "prove" to the FTC's satisfaction that such material is, in fact, already public or known to Qualcomm.  The FTC asserts that "neither the FTC nor Qualcomm is entitled to disclose information that a third party, in reliance on the P.O., has designated as Protected Material."  But a third party cannot turn public information into "Protected Material" merely by designating it Confidential.  Public information (and information already known to Qualcomm) expressly falls *outside* the P.O.  The FTC itself has left unredacted numerous statements sourced from depositions designated as HC-AEO, like the passages quoted below.  The FTC's insistence that Qualcomm engage in satellite litigation with the FTC over whether or not certain information is public would override the plain language of the P.O. and impose additional burdens not contained in the P.O. on a redaction-by-redaction basis.  And as the FTC is well aware, adopting the FTC's position is unworkable, because it would practically deny Qualcomm the opportunity to review the information at issue in time for use in its rebuttal reports.  Nor would it have been practical, as the FTC suggests, for Qualcomm to have challenged every blanket designation of confidential information prior to knowing what small fraction of the enormous discovery record would be cited in the FTC's reports.  The January 2018 discussions the FTC notes simply involved timing; the FTC proposed that redactions be made within 48 hours, but here the FTC took ten days to propose any redactions.  Finally, Qualcomm does not seek to "resort to self-help."  Given the parties' disagreement, Qualcomm seeks the Court's assistance, as the case on which the FTC relies states is the proper course.  *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *8 (E.D. Tex. Dec. 19, 2006).

**FTC's Redactions of Witness Names Are Improper**

There is no basis for the FTC's refusal to reveal the names of witnesses who provided non-confidential information.  A civil litigant has a due process right to see the evidence against it and to confront and cross-examine adverse witnesses.  *See Goldberg v. Kelly*, 397 U.S. 254, 269 (1970).  Absent national security concerns, not at issue here, a party always has the right to know the identities of the witnesses providing evidence at trial.  *See Abourezk v. Reagan*, 785 F.2d 1043, 1060-61 (D.C. Cir. 1986); 26A Wright & Graham, *Federal Practice & Procedure*, § 5710 (2001) ("the government cannot assert the privilege to refuse to disclose the witnesses it will call at trial").  At trial and in motions, even *the public* has a presumptive right to view all evidence.  *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016).

By redacting the name of nearly every witness on whose testimony its experts rely, the FTC seeks to withhold information that is not Protected Material.  For example, the FTC seeks to redact the names of the witnesses cited as sources for the following:

- "Qualcomm continues to execute contracts with chip makers that it believes will not exhaust its patents."
- "OEM executives have testified that Qualcomm's policy is unique."
- "OEMs are also better able to fairly negotiate license terms when litigation is a possibility."

The FTC has sought to justify its blanket withholding of nearly every mention of the name of a third party by reference to § 3 of the P.O., which extends the protections and obligations of the P.O. to "all copies, excerpts, summaries, or compilations of Protected Material." The FTC constructs a strawman in asserting if "Customer X testified that a particular chipset feature is highly valued" Qualcomm should not be told that witness' name. But such information would not be public or already known and so falls outside of the instant request. Qualcomm does not seek here to disclose any information that it "concedes is not public," and Qualcomm has been unable to identify the "actual example" the FTC claims it is using. But the problem is the FTC's position has a far broader reach. It argues that if a third party designated a deposition transcript as confidential under the P.O., then any portion of an expert report providing "Witness X testified that...." is a "summary" that must not be shared with Qualcomm personnel—*even* when the substance of the testimony cited by the expert is public or already known to Qualcomm, but important to explore and rebut, such as the statements quoted above. Such information is not Protected Material, even if it is "controversial," so a summary of it is likewise not Protected Material. Nor has the identity of any witness *per se* been designated as confidential, and there would be no proper basis to do so.

The due process considerations and the express limitations of the P.O. are strongly applicable here because the FTC's expert reports focus directly on the merits of the case it will present at trial. The information now sought by Qualcomm to be unshielded in the reports the FTC has heavily redacted will no doubt be offered not only for the purported opinions, but also to bring to the attention of the Court purported evidence and the names of those who provided it, that the FTC now seeks to keep secret. As such, the Court should affirm that Qualcomm may unredact in the FTC's expert reports information that is public or already known to Qualcomm, and the names of the witnesses who provided it, so that relevant Qualcomm personnel can see the relevant information and assist in the preparation of the company's defense.

**II. FTC's Position**

The parties disagree about the interpretation of the Protective Order ("P.O."), but the following facts cannot be disputed:

- On January 9, 2018, the FTC proposed to Qualcomm a process for redacting from the expert reports third parties' Highly Confidential ("HCI") and Confidential information.[1] The FTC offered to provide a redacted version of its expert reports within 48 hours of service.[2] Qualcomm refused the FTC's offer, and refused to discuss any alternative. As such, complaints about the urgency of an entirely predictable situation are not well taken. Moreover, Qualcomm's experts and outside counsel are authorized to view HCI and have access to wholly unredacted reports.
- Prior to receiving the FTC's expert reports, Qualcomm volunteered to prepare versions redacting HCI and Confidential information for sharing with business personnel.[3]

---

[1] The P.O. does not require line-by-line designations in the first instance. Qualcomm has itself designated HCI on a per-document basis: that is, designated as HCI any document that contains HCI, even if the document also contains non-confidential public information.

[2] D. Matheson email to B. Byars, et. al. (Jan. 9, 2018) (proposing "the parties could agree that 48 hours after service of discovery responses and expert reports, the party serving the material will provide a redacted version of the response/report. If desired, the FTC will redact only HCI of third parties.").

[3] Qualcomm's suggestion it "immediately" prepared redactions "upon receipt" of the reports should not create the mistaken impression that the parties failed to agree on a process in advance. Prior to service of the reports the parties agreed on the process and timing.

- Qualcomm's proposed redactions were inadequate, and would have allowed Qualcomm's business personnel to view information designated Highly Confidential by third parties, including sales figures, margins, and testimony revealing business strategies.
- In response to Qualcomm's inadequate redactions, on June 4 the FTC provided properly redacted versions of each of the FTC's expert reports. The parties met and conferred regarding these redactions. While the FTC has offered to reconsider specific redactions with which Qualcomm disagrees, Qualcomm has not identified any and has refused to discuss the issue further. *See* G. Holtz email to A. Ansaldo, et. al. (June 7, 2018).

The parties' basic dispute is whether the P.O. permits Qualcomm to disclose to its employees Protected Material that third parties have designated as Confidential or HCI without first conferring with the Designating Party as required by the Order. *See* ECF 81 ¶ 6. The disagreement manifests in three ways.

**(1) <u>Qualcomm seeks to conduct its own analysis of the sensitivity of Protected Material</u>**

The FTC has redacted from its expert reports only Protected Material.[4] Qualcomm claims the right to disclose this third-party Protected Material if, in the judgment of Qualcomm's outside counsel, the material is not commercially important enough to justify Highly Confidential treatment. But neither the FTC nor Qualcomm are entitled to disclose information that a third party, in reliance on the P.O., has designated as Protected Material. Nor may Qualcomm (or the FTC) ignore a third party's HCI designation, and treat the information as merely Confidential. Based on its proposed redactions to the FTC's expert reports, Qualcomm claims the right to ignore an HCI designation and downgrade the protection to Confidential, without informing the Designating Party, but has provided no basis for its position.

Qualcomm's approach must be rejected. Even under its own reading of the P.O., information must be treated in accordance with its original designation.[5] Qualcomm's claim that it can unilaterally downgrade third party's designations confirms that Qualcomm's outside counsel views itself as the final arbiter of what information deserves protection and what can be shared freely with business executives. Qualcomm's reading of the Order would eviscerate protections upon which third parties have relied and deny those third parties the fair opportunity to defend their designations, or to even know that information that they have designated HCI is being shared with the Qualcomm executives with whom they do business.

**(2) <u>Qualcomm claims the FTC has redacted information already known to the company</u>**

Paragraph 3 of the P.O. excepts already-known information, including "(a) any information that is in the public domain . . . " and "(b) any information known to the Receiving Party prior to the disclosure . . ." ECF No. 81 ¶ 3. The FTC acknowledges Qualcomm is allowed to disclose such "already-known" information. For every such redaction that Qualcomm has identified, the FTC has agreed to lift the redaction if the already-known status of the information is apparent. And the FTC is willing to consider removing any further redactions that fall within the already-known exception to the Protective Order, but Qualcomm refuses to discuss the issue. Instead, Qualcomm seeks blanket authorization from the Court that its outside counsel may exercise their personal judgment in assessing what facts are already-known without (a) conferring with the third party who designated the material HCI or Confidential or (b) providing corroboration that Qualcomm business personnel already know the information. The FTC does not agree that Qualcomm is so-authorized. In any event, the FTC is not in a position to waive the

---

[4] Protected Material includes any Discovery Material third parties designate as Confidential or Highly Confidential, as well as "(1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material . . .". ECF No. 81 ¶ 3.
[5] Unless it falls within the "already-known" exception in Paragraphs 3 (a) and (b). *See supra*.

4

designations made by third parties without notice to those parties. At the very least, if Qualcomm sets aside a third party's designation, Qualcomm should provide notice to the third party.

**(3) <u>Qualcomm seeks to reveal the content of third-party witnesses' testimony</u>**

The FTC agrees that the mere identity of witnesses that testified at deposition is, generally, not protected material. For this reason the FTC agrees not to redact from its experts' reports the names of witnesses upon whose testimony the experts relied in forming their opinions. But the FTC disagrees that the *content* of those depositions can be disclosed if the third party has designated it under the P.O. Qualcomm's claim that it is entitled to inform its business executives which of their commercial counterparts provided specific testimony would deny the designating party a fair opportunity to protect such information. Qualcomm cites general case law discussing disclosure of information to litigating parties, but it already knows the identities of parties that have provided information in the litigation and that the FTC believes it is likely to call at trial. Those cases are inapposite.

Qualcomm also makes the perplexing assertion that it suffers prejudice because it cannot inform its business executives of the identity of witnesses who testified to facts that are publicly known. But even if a particular fact may be publicly known, it is not publicly known that a particular witness testified to that fact. Moreover, why does Qualcomm need to tell its business personnel which witnesses testified to non-controversial public facts?

Aside from the examples that Qualcomm has chosen to highlight, Qualcomm's approach would also permit it to disclose the identity of witnesses that testified to *controversial* facts if, in the discretion of Qualcomm counsel, the controversial fact is already-known to Qualcomm – thus allowing it to reveal to business executives even further information extracted from Protected Material. For example, Qualcomm's interpretation allows it to disclose to its business executives that a specific employee of Customer X testified that a particular chipset feature is highly valued (or not valued) if Qualcomm's executives generally know what customers value. But the specific knowledge of which customers testified to the proposition provides Qualcomm's business personnel with information they should not have, as it could be used in future negotiations.

Qualcomm calls this a "strawman." Not so. It is an actual example drawn from Qualcomm's inadequately redacted versions of the FTC's expert reports, which Qualcomm proposed to provide to its business executives. This would have revealed to competitive decision-makers information designated HCI that Qualcomm concedes is not public. Any such over-disclosure (even if inadvertent) risks harming Qualcomm's rivals and counterparties. Access to HCI in this litigation is extremely sensitive, as recognized by Paragraph 8 of the Order, which states that "any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall not be involved in competitive decision-making."

<u>Conclusion</u>

This dispute is about who gets to make the determination of what information may be disclosed, whether third parties are entitled to receive notice and an opportunity to object prior to Protected Material being disclosed, and what procedures are required by the P.O. prior to making such disclosures. Qualcomm's position is that it should be empowered to make such determinations on its own rather than confer with third parties about the designations. But "a lawyer operating under the terms of a Protective Order … has no right to resort to self-help when he or she views the provisions of that order to be burdensome or onerous." *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *8 (E.D. Tex. Dec. 19, 2006). Qualcomm's request for blanket authorization to act as its own monitor and provide business executives with whatever information it sees fit should be denied. Instead, Qualcomm should be required to raise its disagreements with the Designating Parties so that they have a fair opportunity to protect information that they view as Confidential or Highly Confidential.

Respectfully submitted,

*/s/ Jennifer Milici*
Jennifer Milici, D.C. Bar No. 987096
jmilici@ftc.gov
Daniel Matheson, D.C. Bar No. 502490
dmatheson@ftc.gov
J. Alexander Ansaldo, Va. Bar No. 75870
jansaldo@ftc.gov
Joseph R. Baker, D.C. Bar No. 490802
jbaker@ftc.gov
Elizabeth A. Gillen, Ca. Bar No. 260667
egillen@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496

Lin W. Kahn, Ca. Bar No. 261387
lkahn@ftc.gov
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


*/s/ Gary A. Bornstein*
CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
Eugene M. Paige
epaige@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

>MORGAN, LEWIS & BOCKIUS LLP
>Richard S. Taffet (*pro hac vice*)
>richard.taffet@morganlewis.com
>101 Park Avenue
>New York, NY 10178-0060
>Telephone: (212) 309-0060
>Facsimile: (212) 309-6001
>
>MORGAN, LEWIS & BOCKIUS LLP
>Geoffrey T. Holtz (SBN 191370)
>geoffrey.holtz@morganlewis.com
>One Market, Spear Street Tower
>San Francisco, CA 94105-1596
>Telephone: (415) 442-1000
>Facsimile: (415) 442-1001
>
>MORGAN, LEWIS & BOCKIUS LLP
>Willard K. Tom
>willard.tom@morganlewis.com
>1111 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004-2541
>Telephone: (202) 739-3000
>Facsimile: (202) 739-3001
>
>Attorneys for Defendant
>QUALCOMM INCORPORATED

Pursuant to Civil Local Rule 5-1(i), I hereby attest that I have obtained concurrence in the filing of this document from all other signatories.