UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-00220-LHK (NC)<br><br>**ORDER RE: APPLE'S WITHHOLDING OF DOCUMENTS UNDER COMMON INTEREST PRIVILEGE ASSERTION**<br><br>Re: ECF 759 |

On June 1, Apple and Qualcomm submitted a joint discovery statement regarding privilege disputes for certain documents discussed in the May 19, 2018, joint status report. ECF 759. Apple asserts attorney-client and/or work product privilege under the common interest doctrine with respect to seven documents that Apple has exchanged with third parties. Qualcomm challenges the designations and seeks production of the documents.

Two of the challenged documents are June 2, 2016, emails between Apple, Intel, and Samsung pertaining to their selection of an expert witness in the Korean Fair Trade Commission (KFTC)'s investigation of Qualcomm. Two of the documents are emails sent between board members of the Wild Gigabit Alliance (WGA) and WGA's outside counsel about their response to Qualcomm's request for mediation with WGA. And the remaining three documents were exchanged between Apple and others during the formation of the nonprofit organization Friends of FRAND.

The common interest privilege, frequently referred to as the joint defense privilege,

Case No. 17-cv-00220-LHK

is an exception to the rule that communicating privileged material to a third party waives privilege. The common interest doctrine applies where "(1) the communication is made by separate parties in the course of a matter of common legal interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (internal brackets omitted) (quoting *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003)). What matters is the existence of "a common legal, as opposed to commercial, interest." *Id.* at 579 (quoting *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995)). That said, the simultaneous existence of a common commercial interest "does not negate the effect of the legal interest." *Harris v. Lang Pharma Nutrition, Inc.*, No. MC 14-mc-1154-UA-AGRx, 2015 WL 12832093, at *2 (C.D. Cal. May 22, 2015). However, the common interest privilege "does not extend to communications about a joint business strategy that [merely] happens to include a concern about litigation." *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-cv-01531 RS PSG, 2011 WL 3443923, at *2 (N.D. Cal. Aug. 8, 2011) (quoting *Walsh v. Northrup Grumman*, 165 F.R.D. 16, 18 (E.D.N.Y.1996)).

Applied here, the Court finds that the common interest doctrine shields the KFTC and WGA documents, but not the Friends of FRAND documents.

First, the KFTC documents arose from a shared legal strategy, even if that strategy was motivated by commercial interests. The Court is persuaded by Apple and Intel's argument that the parties held a common legal interest in vindicating their rights to fair licensing practices. *See In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 417 (N.D. Ill.), *supplemented*, 432 F. Supp. 2d 794 (N.D. Ill. 2006) (finding "a common legal interest regarding compliance with antitrust and other laws affecting the sale of sulfuric acid"). Apple, Intel, and Samsung joined forces to cooperate with the KFTC to ensure that Qualcomm's alleged anticompetitive conduct was appropriately addressed, including by providing expert testimony for the KFTC to consider—an agreement they later memorialized. Qualcomm may well be correct that this unified action was motivated by a

shared commercial goal of reducing royalties, but profit is often entwined with legal rights and does not destroy a valid common legal interest. *See*, *e.g.*, *Youngevity Int'l, Inc. v. Smith*, No. 16-cv-704 BTM (JLB), 2017 WL 4227025, at *4 (S.D. Cal. Sept. 22, 2017) ("Parties may have both common commercial and legal interests, such as when the parties are discussing a merger or negotiating for a patent license.").

Second, the communications between the WGA board members (which included Apple) and WGA outside counsel relate to a legal dispute between WGA and Qualcomm—namely, strategizing about mediation where Qualcomm was the adverse party. The Court is persuaded by Apple and Intel's argument that these communications reflect the common interest of WGA and its board members in safeguarding WGA from a potential dispute with Qualcomm. Discussions between WGA board members does not destroy the privilege. And the fact that Qualcomm had recently acquired one of WGA's members does not render these communications waived: corporate formalities separate Qualcomm from its subsidiaries, and only the corporate client, not individual directors, may waive attorney-client privilege. *See*, *e.g.*, *Bushnell v. VIS Corp.*, No. 95-cv-04256-MHP, 1996 WL 506914, at *9 (N.D. Cal. Aug. 29, 1996).

Conversely, the Friends of FRAND documents are not privileged because they were made in the course of forming a nonprofit association, not in pursuing a shared legal interest. It is undisputed that the emails were exchanged before the organization had been formed, and the fact that the nonprofit-to-be was legal in its focus does not shield what was exchanged in its formation.

Apple is ordered to conduct a re-review of any documents that is has withheld based on an asserted common interest privilege related to the formation of Friends of FRAND. No other re-review is ordered at this time. No costs or fees are awarded.

**IT IS SO ORDERED.**

Dated: June 22, 2018            _____
                                NATHANAEL M. COUSINS
                                United States Magistrate Judge

Case No. 17-cv-00220-LHK            3