Jennifer Milici, D.C. Bar No. 987096
Daniel Matheson, D.C. Bar No. 502490
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Wesley G. Carson, D.C. Bar No. 1009899
Elizabeth A. Gillen, Ca. Bar No. 260667
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2912; Fax (202) 326-3496
*jmilici@ftc.gov*

Lin W. Kahn, Ca. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Tel: (415) 848-5115; Fax: (415) 848-5184
*lkahn@ftc.gov*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL REPORT IN CONNECTION WITH THE PARTIES' JOINT DISCOVERY STATEMENT REGARDING EXPERT REPORT DESIGNATIONS**<br><br>Magistrate Judge:<br>Hon. Nathaniel M. Cousins |

1   Pursuant to the Court's June 20, 2018 order, ECF No. 773, Plaintiff Federal Trade Commission ("FTC") submits this status report. The FTC reports that the FTC and Qualcomm Incorporated ("Qualcomm") do not have any remaining disagreements regarding designations of the FTC's expert reports.

The FTC served its expert reports on Qualcomm on May 24, 2018. In accordance with the parties' agreed-to process, on May 29, Qualcomm proposed redactions to the expert reports before sharing the reports internally within Qualcomm. On June 4, the FTC provided additional proposed redactions to mask material that it believed could constitute, reference, or be sourced from third-party Protected Material. Qualcomm disagreed with some of the FTC's proposed redactions, and on June 9, 2018, the parties filed a joint discovery statement regarding the disagreement (ECF No. 765). On June 20, 2018, the Court provided guidance at a hearing and ordered the FTC, Qualcomm, and affected third parties to meet and confer by June 25, 2018 to attempt to resolve any disputes (ECF No. 773).

Following the June 20, 2018 hearing, the FTC reiterated to Qualcomm that it had not and was not attempting to independently designate information as Protected Material in its expert reports, but was instead identifying materials subject to third-party designations. On June 21, the FTC again identified for Qualcomm the specific information in the report that the FTC believed could constitute third-party Protected Material, taking into account the Court's June 20, 2018 guidance. On June 22, the FTC notified the twenty-three affected third parties of the potential for a disclosure, and met and conferred with Qualcomm. Later on June 22, Qualcomm confirmed its intent to redact most of the materials identified by the FTC on June 21, with minor changes, prior to disclosing redacted expert reports internally within Qualcomm.

After receiving Qualcomm's proposed disclosures, the FTC on June 23 and 24 provided excerpts of its expert reports showing the specific Protected Material at issue for each third party to the affected third parties and Qualcomm. The FTC, Qualcomm, and third parties have met and conferred as necessary. All third parties have responded to the notice and no third parties report unresolved objections regarding redactions in the FTC's expert reports.

As the parties do not have any outstanding disputes, no further order is needed from the Court at this time.

Dated: June 25, 2018

        */s/ Jennifer Milici*

Jennifer Milici
Daniel Matheson
J. Alexander Ansaldo
Joseph R. Baker
Wesley G. Carson
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Federal Trade Commission*