Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Geoffrey M. Green, D.C. Bar No. 428392
Nathaniel Hopkin, New York Bar No. 5191598
Daniel Matheson, D.C. Bar No. 502490
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3695; (202) 326-3496 (fax)
*jmilici@ftc.gov*
*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br>　　　　　Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**FEDERAL TRADE COMMISSION'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PROFESSOR AVIV NEVO**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:　　　　October 18, 2018<br>Time:　　　　1:30 p.m.<br>Courtroom:　8, 4th Floor<br>Judge:　　　Hon. Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

To the Honorable Court, all parties, and their attorneys of record:

Please take notice that on October 18, 2018, at 1:30 p.m., in Courtroom 8, United States Courthouse, 280 South 1st Street, San Jose, California 95113, Plaintiff Federal Trade Commission will and hereby does move the Court for an order excluding the testimony of Professor Aviv Nevo, designated by Defendant Qualcomm Incorporated ("Qualcomm") as an expert witness in this matter, concerning Qualcomm licenses that were not produced during discovery. The FTC's motion is based on the authorities and evidence set forth here, the accompanying declaration and exhibits, oral argument to be presented to the Court, and such other matters as the Court may consider.

The FTC seeks to exclude, under Federal Rule of Evidence 403, portions of Prof. Nevo's testimony that are based on documents produced months after the close of fact discovery.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether certain opinions offered by Professor Aviv Nevo, in reliance on documents produced by Qualcomm after the close of fact discovery, should be excluded under Federal Rule of Evidence 403.

## I. INTRODUCTION

Qualcomm's expert witness, Professor Aviv Nevo, submitted a report disclosing his opinions regarding the economic effects of Qualcomm's conduct at issue in this case. Rebuttal Report of Professor Aviv Nevo, June 28, 2018 ["Nevo Report"]. Prof. Nevo based some of his opinions on selected patent licenses that Qualcomm produced for the first time months after the close of fact discovery. Those opinions must be excluded under Federal Rule of Evidence 403 to avoid unfair prejudice to the FTC. The FTC had no opportunity to conduct discovery into these agreements or the negotiation thereof, and no opportunity to develop evidence to test or rebut Prof. Nevo's conclusions. The FTC will suffer prejudice if Prof. Nevo's opinions formed in reliance on materials produced after the close of discovery are admitted at trial.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Discovery Deadlines in the Case

Nearly a year ago, the Parties agreed "that Qualcomm would substantially complete its production of documents by November 28, 2017." ECF No. 286 at 1. After proposing a limited refresh collection, Qualcomm was required to complete production of additional documents by December 18, 2017. ECF No. 389 at 1. Fact discovery closed on March 30, 2018, and this Court has granted only limited requests for specific forms of out of time discovery. *See* ECF No. 783 at 2 (reviewing history of discovery deadlines and denying Qualcomm's request for three more out-of-time depositions).

### B. Prof. Nevo's Opinions Based on Late-Produced Materials

Qualcomm offers Prof. Nevo's testimony to address the FTC's allegations that Qualcomm's alleged conduct, including its no license-no chips policy and its refusal to license rival chip makers, allowed Qualcomm to obtain elevated royalties for its cellular SEPs that tax rivals' sales, with exclusionary effects. *See* Exhibit 1 (Nevo Report) at ¶¶ 5-7.[1] Prof. Nevo

---

[1] All exhibits are attached to the Declaration of Jennifer Milici in Support of the Federal Trade Commission's Motion to Exclude Expert Testimony of Professor Aviv Nevo.

1   opines that Qualcomm's royalties cannot be above FRAND levels because "industry participants
2   were aware of Qualcomm's licensing terms" prior to the adoption of the relevant standards. *Id.*
3   (Nevo Report) at ¶ 94.[2] Prof. Nevo states that "Qualcomm recently announced licensing terms
4   for its 5G SEPs" and "[n]otably, two ███████████████████████████
5   ████████████████████████████████████████████████████
6   ███

7         Prof. Nevo critiques FTC expert Prof. Shapiro for failing to consider "current evidence,"
8   including Qualcomm's ████████ and FTC expert Mr. Lasinski for "ignoring" Qualcomm's
9   ████████ *Id.* (Nevo Report) at ¶¶ 291 -297.[3] As a result, he argues, the FTC's evidence
10  "cannot justify or support the request for prospective relief" made in the FTC's complaint. *Id.*
11  (Nevo Report) ¶ 297.

---

[2] Prof. Nevo cites unilateral announcements made by Qualcomm shortly before the adoption of WCDMA and LTE to establish that industry participants were "aware" of Qualcomm's licensing terms prior to adoption of those standards. Exhibit 1 (Nevo Report) ¶ 94. Prof. Nevo does not know how long after the announcements the standards were adopted or whether it was technically possible to alter the standards to exclude Qualcomm's technology at the time of the announcements. Exhibit 2 (Nevo Deposition, Aug. 10, 2018, ["Nevo Depo."] at 89:5-14; 247:12-248:20.

[3] Although Prof. Nevo refers to ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

1    Prof. Nevo's opinions are based on two agreements that Qualcomm produced after fact
2 discovery had closed and the deadline for the submission of the FTC's expert reports had passed.
3 *Id.* (Nevo Report) ¶ 94 & n.179. According to the Nevo Report, ▮
4 ▮. *Id*. But Qualcomm did not produce the agreements until June 22, 2018
5 and June 28, 2018, respectively.[4]

## III.   LEGAL STANDARD FOR UNFAIR PREJUDICE

Federal Rule of Evidence 403 provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The Court also has "broad discretion to manage the conduct of a trial and the evidence presented by the parties" to avoid unfair prejudice, pursuant to its inherent authority. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2018 WL 1586276, at *18 (N.D. Cal. Apr. 2, 2018).

## IV.   ARGUMENT

Core to the FTC's theory is Qualcomm's ability to leverage its modem chip monopoly power in licensing negotiations to obtain elevated royalties. Federal Trade Commission's Complaint for Equitable Relief, ECF No. 1 ¶¶ 2-5; Order Denying Motion to Dismiss 8, ECF No. 134 at 8 ("FTC alleges that Qualcomm used its dominance in the supply of CDMA and premium LTE modem chips to skew SEP licensing negotiations toward outcomes that benefit Qualcomm and harm Qualcomm's modem chip competitors."). Prof. Nevo seeks to rebut that allegation and points to ▮ as evidence that ▮ ▮ ▮

---

[4] These agreements were produced initially to plaintiffs in *In re Qualcomm Litigation*, No. 3:17-cv-00108-GPC-MDD, (S.D. Cal.) and copied to the FTC pursuant to the Joint Stipulation and Discovery Coordination Order, Jan. 24, 2018, ECF No. 513.  Qualcomm did not produce any documents relating to the negotiation of the two licenses.

1  The FTC had no opportunity to conduct discovery regarding the two licenses cited by
2  Prof. Nevo because Qualcomm did not produce these licenses until three months after discovery
3  ended. On April 20, 2018, the FTC even asked Qualcomm, through its corporate representative
4  Fabian Gonell, ███████████████████████████████████████████████████
5  ███████████████████████████████████. Mr. Gonell made no mention of the licenses ██
6  ███████████████████████████████████. Exhibit 8 (Qualcomm 30(b)(6)
7  Deposition (Gonell), Apr. 20, 2018 "Gonell Depo.")) at 267:11-268:5.[5]
8  Thus, the FTC's ability to rebut Prof. Nevo's opinions regarding the two ██████████
9  licenses has been substantially hampered, resulting in unfair prejudice should he testify
10 concerning those licenses or any opinion informed by those licenses. *See Apple v. Samsung*, No.
11 11-cv-01846-LHK, 2018 WL 1586276, at *23 (N.D. Cal. Apr. 2, 2018) (excluding expert
12 testimony based on data that was produced "hours before fact discovery closed" to avoid undue
13 prejudice under Rule 403 and pursuant to the court's inherent authority). Similar to the plaintiffs
14 in *Apple v. Samsung*, the FTC received these licenses after completing fact depositions, after
15 serving opening expert reports, and with no opportunity to explore their origin. *Id.*
16 Qualcomm's expert witnesses, including Prof. Nevo, have had the opportunity to
17 interview Qualcomm's licensing executives after the close of fact discovery. *See* Exhibit 1 (Nevo
18 Report) at App'x C (disclosing "Phone Interview with ███████████████████████████
19 ███████████████████████████████████, June 26, 2018" as among the materials
20 considered in his report). But the FTC has not had the opportunity to question fact witness about
21 the two licenses and was unable to obtain any answers from Prof. Nevo about his post-discovery

---

[5] Mr. Gonell's testimony as Qualcomm's corporate representative also refutes any notion that ██
████████████████████████████████████████████████████████████████. *See* Exhibit 8 (Gonell
Depo.) at 266:14-267:1. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████

witness interview. *See* Exhibit 2 (Nevo Depo.) at 27:9-29:23 (testifying that he had no general or specific recollection of the interview ▓▓▓▓ and had no records of the interview). And Prof. Nevo could not remember whether he had reviewed documents concerning the negotiation of the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[6]

Because Qualcomm did not produce the two licenses until after the end of fact discovery, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, the FTC has been deprived of the opportunity to take discovery regarding the licenses and their negotiation, including but not limited to discovery concerning: whether Qualcomm leveraged its 3G or 4G market power to coerce the licensees to accept its terms; whether Qualcomm offered financial incentives to induce the acceptance of its terms; whether Qualcomm conditioned a reduction in its 3G and 4G royalty rates on the licensees' acceptance of Qualcomm's ▓▓▓▓▓▓▓▓▓▓▓; whether these proceedings affected the negotiations or their outcomes; and, whether the terms are representative of other in-progress or concluded ▓▓▓▓▓▓▓▓▓▓▓. Qualcomm should not be permitted to circumvent the

---

[6] Exhibit 2 (Nevo Depo.) at 256:13-257:23. (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓)

discovery deadlines by offering expert opinions formed in reliance on cherry-picked and late-produced documents.

While "[v]igorous cross-examination [and] presentation of contrary evidence … are the traditional and appropriate means of attacking shaky but admissible" expert testimony, in this case the FTC is prejudiced because it has been denied the opportunity to discover "contrary evidence" with which to conduct such "[v]igorous cross-examination." *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 596 (1993). The Court should exclude any opinion testimony of Prof. Nevo that relies on Qualcomm's ▮▮▮▮▮▮▮ under Rule 403 and the Court's inherent authority, in order to avoid unfair prejudice to the FTC. If the Court were to permit introduction of these opinions and documents, the FTC would seek leave for out-of-time discovery, which would create significant and unnecessary delay.

**V.    CONCLUSION**

For the reasons explained above, the Court should prohibit Qualcomm from offering expert testimony or opinion of Professor Aviv Nevo based upon or concerning licenses that were not produced during the discovery period.

Respectfully submitted,

Dated: August 30, 2018

 */s/ Jennifer Milici*
JENNIFER MILICI
J. ALEXANDER ANSALDO
JOSEPH R. BAKER
NATHANIEL HOPKIN
GEOFFREY M. GREEN
DANIEL MATHESON

Bureau of Competition

*Attorneys for Plaintiff Federal Trade Commission*