| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest (SBN 84065)<br>rvannest@keker.com<br>Eugene M. Paige (SBN 202849)<br>epaige@keker.com<br>Justina Sessions (SBN 270914)<br>jsessions@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Facsimile:  (415) 397-7188<br><br>CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein *(pro hac vice)*<br>gbornstein@cravath.com<br>Yonatan Even *(pro hac vice)*<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, New York 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile:  (212) 474-3700<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED | MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet *(pro hac vice)*<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br>Facsimile:  (212) 309-6001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Willard K. Tom *(pro hac vice)*<br>willard.tom@morganlewis.com<br>1111 Pennsylvania Avenue NW<br>Washington, DC 20004-2541<br>Telephone: (202) 739-3000<br>Facsimile:  (202) 739-3001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Geoffrey T. Holtz (SBN 191370)<br>gholtz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S MOTION TO STRIKE PORTIONS OF REBUTTAL EXPERT REPORT OF DR. ROBERT AKL**<br><br>Date:     October 18, 2018<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br><br>Trial Date: January 4, 2019 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Qualcomm moves the Court for an order striking Paragraphs 72-86 of the rebuttal report of the FTC's expert Dr. Robert Akl.[1]  These paragraphs improperly include new opinions in new subject areas and therefore violate the limitations on rebuttal reports in Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

In its Complaint, and in interrogatory responses, the FTC asserts that Qualcomm's patent licensing royalty rates are higher than those of other holders of standard essential patents ("SEPs") who — the FTC asserts — have "comparable portfolios."[2]  In his opening expert report,[3] Dr. Akl sought to support these contentions through only ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[4] The FTC relied solely on quantitative metrics, offering no qualitative assessment of the relative values of Qualcomm's and others' patents, nor did it address any specific patents held by Qualcomm or any other party.  In his Rebuttal Report, however, Dr. Akl discusses ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  This is subject matter that was not addressed by Dr. Akl in his initial expert report (or in any other FTC expert report), and concerns matters that were not raised in the Qualcomm expert report, by Dr. Jeffrey Andrews,[5] that Dr. Akl professes to rebut.

The Andrews Report from Qualcomm discloses opinions on certain *exemplar* fundamental and important SEPs in Qualcomm's extensive patent portfolio covering four *exemplar* areas of cellular technology.  Dr. Andrews's opinions did not suggest that these exemplar technology

---

[1] Rebuttal Expert Report of Dr. Robert Akl, D.Sc., dated July 26, 2018 (the "Akl Rebuttal Report"), attached as Exhibit 1 to the Declaration of Geoffrey T. Holtz In Support of Defendant Qualcomm Incorporated's Motion to Strike Portions of Rebuttal Expert Report of Dr. Robert Akl (the "Holtz Decl.").
[2] Compl. ¶ 60; Plaintiff Federal Trade Commission's First Supplemental Objections and Responses to Defendant Qualcomm's Interrogatory No. Fourteen (the "FTC Resp. to Interrog. No. 14"), attached as Exhibit 2 to the Holtz Decl.
[3] Expert Report of Dr. Robert Akl, D.Sc., dated May 24, 2018 (amended on Aug. 6, 2018) (the "Initial Akl Report"), attached as Exhibit 3 to the Holtz Decl.
[4] *See id.* ¶¶ 46-74.
[5] Expert Report of Dr. Jeffrey Andrews Regarding Qualcomm's Patent Portfolio, dated June 28, 2018 (the "Andrews Report"), attached as Exhibit 4 to the Holtz. Decl.

areas were the only ones in which Qualcomm holds SEPs, or that Qualcomm is the only owner of SEPs in these or other technology areas. Nor did Dr. Andrews or other Qualcomm experts undertake a qualitative comparison of the strength and importance of Qualcomm's SEPs relative to the strength and importance of third-party SEPs, which was not an exercise undertaken by any of the FTC's purported experts, including Dr. Akl, and was not identified in the FTC's Complaint or discovery responses as a basis upon which the FTC would rely to prove its contention. Nonetheless, Dr. Akl, for the first time in his Rebuttal Report, ████████████████ Holtz Decl., Ex. 1 (Akl Rebuttal Report) ¶¶ 72-86.

This runs afoul of Rule 26(a)(2)(D)(ii), which permits rebuttal reports "*solely* to contradict or rebut evidence on the same subject matter" from an opposing party's expert. New arguments and new evidence are not permitted in a rebuttal expert report. Rule 26 requires all such opinions to be presented in opening expert reports. The prejudice to Qualcomm from the FTC's violation of these principles is readily apparent as Qualcomm's experts have been deprived of any opportunity to address or rebut the FTC's new positons expressed for the first time in the Akl Rebuttal Report.

Qualcomm, accordingly, respectfully submits that the Court should strike from Dr. Akl's Rebuttal Report Paragraphs 72-86 as reflecting improper new opinions rather than rebuttal.

## II.   BACKGROUND

Pursuant to the Case Management Order, entered on April 6, 2018 (Dkt. 678), the FTC served the Initial Akl Report on May 24, 2018 (amended on August 6, 2018). In its opening expert reports, the FTC did not provide any expert opinions on the strength of any specific Qualcomm SEPs, or any third-party SEP, despite obtaining extensive discovery regarding Qualcomm's patents.[6] Among the expert reports Qualcomm served on June 28, 2018 was the Andrews Report. Dr. Andrews is a well-recognized and highly qualified expert in cellular technology. He addresses certain fundamental and important SEPs in Qualcomm's extensive

---

[6] *See* Deposition of Liren Chen (the "Chen Tr."), taken on April 16, 2018, attached as Exhibit 5 to the Holtz Decl.

patent portfolio covering four areas of cellular technology to illustrate the continuing importance of Qualcomm's cellular SEPs to recent generations of cellular standards. Dr. Andrews does not purport to suggest that these are the only areas of fundamental or important cellular technology claimed by Qualcomm patents. Dr. Andrews does not compare Qualcomm's fundamental patents to those that may be owned by others.

The FTC then served the Akl Rebuttal Report dated July 26, 2018, which is the subject of this Motion, purportedly to "respond to the [Andrews Report]." Holtz Decl., Ex. 1 (Akl Rebuttal Report) ¶ 1. Below is additional detail on the relevant expert reports.

### A. Dr. Akl's Initial Report

The Initial Akl Report states that it is intended to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Holtz Decl., Ex. 3 (Initial Akl Report) ¶ 1. While Dr. Akl provides ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id*. ¶¶ 46-74), nowhere in the Initial Akl Report does he qualitatively examine any individual patent. Rather, the Initial Akl Report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id*.).[7]

### B. The Andrews Report

The Andrews Report addresses certain specific *exemplar* SEPs in *Qualcomm's* patent portfolio covering four areas of cellular technology: Cellular Waveform, Carrier Aggregation, HetNets, and Unlicensed Access. Dr. Andrews discussed Qualcomm patents in these technical areas relating to 3G, 4G and 5G technologies to address the FTC's contention that Qualcomm's royalty terms should have decreased over time in light of the FTC's allegation that Qualcomm has a less valuable portfolio of SEPs for these later cellular standards. *See* Compl. ¶¶ 55-56, 77(c). The Andrews Report states clearly that it examined these four technology areas to show examples

---

[7] Qualcomm will be prepared to establish at trial that this opinion from Dr. Akl should be accorded minimal, if any, weight.

of foundational and important cellular SEPs owned by Qualcomm.  Dr. Andrews did not attempt or purport to go beyond the technology areas he used illustratively.  Holtz Decl., Ex. 4 (Andrews Report) ¶ 3 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Dr. Andrews also made clear that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*Id*. ¶8).  In his deposition, Dr. Andrews confirmed that he was not comparing patents owned by Qualcomm to those owned by any third party.[8]

C. **Dr. Akl's Rebuttal Report**

Dr. Akl defines his task in his Rebuttal Report as solely ████████████████████████████████████████████████████████████████████ (Holtz Decl., Ex. 1 (Akl Rebuttal Report) ¶ 1.  Dr. Akl's Rebuttal Report, however, goes far beyond the subject matter of the Andrews Report to offer new opinions in paragraphs 72-86 about ██████████████████████████████████████ *not* addressed in Dr. Andrews's Report.

Specifically, in paragraphs 72-86 of his Rebuttal Report, Dr. Akl discusses ████████████████████████████████████████████████████████████████████████████████████████████████████████████.  In his Rebuttal Report, Dr. Akl admits that he is addressing ███████████████████████████████████████████████████████████.[9]  Dr. Akl confirms this in his deposition testimony:

███████████████████████████████████████

---

[8] Deposition of Dr. Jeffrey Andrews (the "Andrews Tr.") at 34:8-35:8, taken on Aug. 10, 2018, attached as Exhibit 6 to the Holtz Decl.

[9] Holtz Decl., Ex. 1 (Akl Rebuttal Report) ¶35 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

1  ████████████████████████████████████

2

3  Deposition of Dr. Robert Akl (the "Akl Tr.") at 112:2-18, taken on Aug. 7, 2018, attached as Exhibit 7 to the Holtz Decl.

### III. ARGUMENT: THE COURT SHOULD STRIKE ¶¶ 72-86 OF THE AKL REBUTTAL REPORT BECAUSE THEY DO NOT "SOLELY CONTRADICT OR REBUT" DR. ANDREWS'S EXPERT OPINIONS

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) permits rebuttal reports that are "intended *solely to contradict or rebut evidence on the same subject matter*" from an opposing party's expert. Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added); *see, e.g.*, *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2016 WL 4272430, at *1 (N.D. Cal. Aug. 15, 2016); *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *1 (W.D. Wash. July 18, 2014). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Matthew Enter.*, 2016 WL 4272430 at *1. "Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address and does not introduce new arguments." *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2011 WL 8601203, at *8 (N.D. Cal. Dec. 7, 2011). Thus, "rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case. Rebuttal testimony *cannot be used to advance new arguments or new evidence,* nor are they the place to set forth an alternate theory." *Matthew Enter.*, 2016 WL 4272430 at *2 (citations omitted) (emphasis added). Nor does the inclusion of some proper rebuttal insulate an expert's report where it "offer[s] evidence that does not contradict or rebut another expert's disclosure merely because she also has also offered some proper rebuttal." *Theoharis*, 2014 WL 3563386 at *3. Thus, "[p]roper expert rebuttal *cannot explore new areas not raised in initial reports*." *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016) (emphasis added).

Were the rule otherwise, a party could do what the FTC has done here – "sandbag" Qualcomm by waiting until the final round of expert reports to raise new arguments based on new opinions, and deprive the other party of a meaningful opportunity to address them. In such circumstances, an order striking the improper rebuttal report and testimony is the appropriate

remedy.  *See Phila. Indemnity Ins. Co. v. Broan-Nutone, L.L.C.*, No. 12-CV-01811-SC, 2015 WL 1737697, at *2 (N.D. Cal. Apr. 13, 2015); *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-LRH-LRL, 2011 WL 2923703, at *3-8 (D. Nev. July 18, 2011) (striking entire expert rebuttal reports and portions of others because the disputed statements do not speak to new unforeseen facts brought out in the initial report, but relate to alternate theories of causation); *Matthew Enter.*, 2016 WL 4272430 at *3-7 (granting motions to strike various portions of expert rebuttal report).  A motion to strike is also appropriate "[w]hen a party designates an expert as a rebuttal expert, some of whose testimony is not proper rebuttal evidence[.]"  *Phila. Indem. Ins. Co.*, 2015 WL 1737697 at *2.  In such circumstances, "the Court may limit that expert's testimony, rather than strike it entirely."  *Id.*

   As demonstrated above, the FTC seeks to insert new arguments into this case by identifying certain cellular technologies that Dr. Andrews did not address, and opining, for the first time in rebuttal, that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆—even though no expert for either party previously discussed these other cellular technologies or the substance of any patents covering them.

   The FTC apparently seeks to use these new opinions to support an allegation appearing in its complaint, *i.e.*, that Qualcomm and other SEP holders have "comparable portfolios."  *See* Compl. ¶ 60 ("OEMs pay Qualcomm far more in royalties than they pay other SEP licensors, even those with comparable portfolios of cellular SEPs"); Holtz Decl., Ex. 2 (FTC Resp. to Interrog. No. 14) (▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆).  If the FTC intended to present expert opinion on purported relative patent portfolio values, it was obligated to present *all* such opinions in its opening expert reports.  *See* Fed. R. Civ. Proc. 26(a)(2)(B)(i).  Indeed, in its May 24, 2018 Response to Interrogatory No. 14, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.  Yet he said nothing in his Initial Report—served the same day—about the patents and technologies at issue, instead limiting his opinion to a ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, without

any assessment of the patents' underlying quality or value.

Qualcomm's expert, Dr. Andrews, likewise, did not address the strength of any other company's portfolio. He had no reason to do so because the FTC had offered no opinions of such a nature in its initial reports that would need to be rebutted. Rather, Dr. Andrews addressed exemplar fundamental and important SEPs in Qualcomm's patent portfolio covering four specific areas of 3G, 4G and 5G cellular technology to address the FTC's allegation that the value of Qualcomm's SEP portfolio had declined over time because certain early patents expired. *See* Compl. ¶¶ 55-56, 77(c). Dr. Andrews made no comparison of the quality or value of patents owned by Qualcomm to those owned by any third party.

With Dr. Akl's improper "rebuttal," the FTC has injected new opinions on third parties' patents in technology areas that Qualcomm never mentioned. To the extent Dr. Akl's new opinions are intended to suggest (incorrectly) that Qualcomm's portfolio ████████████ ██████████████, or that somehow the importance and fundamental nature of Qualcomm's cellular SEPs is diminished because others also own cellular SEPs in other areas, Qualcomm's experts are left with no opportunity to respond to Dr. Akl's new opinions and any misleading arguments that the FTC might attempt to make based upon them.

The prejudice to Qualcomm in these circumstances is heightened because the FTC never disclosed a theory of liability based on any technologies discussed in ¶¶ 72-86 of the Akl Rebuttal Report.[10] The FTC did not give Qualcomm notice—either in response to Qualcomm's discovery requests or in the FTC's opening expert reports—that the FTC would have an expert identify ████████████████████████████████████████████████████████████████ ████████████████. Thus, Qualcomm had no reason to address in its own expert reports the previously unmentioned ████████████████████████ raised by Dr. Akl for the first time in rebuttal. Permitting the FTC to inject these new issues into the case for the first time in a rebuttal report of an expert witness prejudices Qualcomm's ability to defend against these new

---

[10] The Akl Rebuttal Report also addresses additional third-party patents that properly should have been addressed in Dr. Akl's Initial Report. Holtz Decl., Ex. 1 (Akl Rebuttal Report) ¶¶ 38-71. However, these patents are at least in the same areas of technology addressed by Dr. Andrews, unlike those patents discussed in Paragraphs 72-86.

arguments. By way of example, if Dr. Akl had included these opinions in his opening report, Qualcomm could and would have provided responsive opinions showing that Qualcomm has very high-quality and valuable patents in each of these other areas—and indeed has a much more valuable portfolio in these other areas than the third parties identified by Dr. Akl.

In these circumstances, Qualcomm respectfully submits that under Rule 26(a)(2)(D)(ii) the Court should strike Paragraphs 72-86 of Dr. Akl's Rebuttal Report because they offer new opinions to support new arguments in new technology areas that are not the subject of the Andrews Report, and therefore are improper rebuttal opinions that are not offered "solely to contradict or rebut evidence on the same subject matter."

## IV.  CONCLUSION

For the reasons stated, the portions of the Akl Rebuttal Report (¶¶ 72-86) and the opinions expressed therein, which include opinions and matter outside the scope of the Andrews Report, should be stricken as improper rebuttal.

Dated: August 30, 2018                                    MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Geoffrey T. Holtz*
     Geoffrey T. Holtz

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Motion to Strike Portions of Rebuttal Report
Case No. 5:17-cv-00220-LHK-NMC