*Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>        Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:    September 12, 2018<br>TIME:    2:00 p.m.<br>CTRM:  Courtroom 8<br>JUDGE:  Hon. Lucy H. Koh |

Pursuant to the Court's July 20, 2018 Order Continuing Further Case Management Conference (ECF No. 783), Plaintiff Federal Trade Commission (the "FTC") and Defendant Qualcomm Incorporated ("Qualcomm") (collectively, the "Parties") have met and conferred and hereby submit this Joint Case Management Statement, which reports on developments since the Parties filed the July 18, 2018 Joint Case Management Statement (ECF No. 780).

## I.  EXPERT DISCOVERY

On July 26, 2018, Plaintiff FTC served four rebuttal expert reports. Between August 2, 2018, and August 16, 2018, the Parties completed expert depositions.

## II.  PLEADINGS AND MOTIONS

On August 30, 2018, Plaintiff FTC filed the following motions: (i) to exclude portions of Qualcomm proposed expert Dr. Edward A. Snyder's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); (ii) to exclude, under Federal Rule of Evidence 403, certain portions of Qualcomm proposed expert Professor Aviv Nevo's testimony; and, (iii) for partial summary judgment that Defendant Qualcomm Incorporated's licensing commitments to the Alliance for Telecommunications Industry Solutions ("ATIS") and the Telecommunications Industry Association ("TIA") require Qualcomm to make licenses to its covered standard-essential patents ("SEPs") available to rival sellers of modem chips.

On August 30, 2018, Defendant Qualcomm filed the following motions: (i) to exclude certain opinions of FTC proposed expert Dr. Robert Akl pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii); and (ii) to exclude the opinions and testimony of FTC proposed expert Richard Donaldson pursuant to Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Oppositions to these motions are due September 24, 2018, and replies are due October 4, 2018. A hearing on the motions is set for October 18, 2018, at 1:30 p.m. (Case Management Order, ECF No. 678.)

## III.  PRE-TRIAL SCHEDULE

On August 28, 2018, the FTC requested that Qualcomm identify any individuals

(including both employees and former employees) represented at deposition by Qualcomm's counsel who Qualcomm is unable to make available for trial.  On August 29, 2018, Qualcomm indicated that as a general matter it expects to be able to make current employees available for trial, and requested that the FTC narrow its inquiry as to former employees.  The FTC identified eight former Qualcomm executives on whom to focus in the first instance.

On August 29, 2018, the Parties met and conferred regarding possible acceleration or amendment of some of the deadlines for the Parties to exchange information and materials called for in the Court's Guidelines for Final Pretrial Conferences in Bench Trials (hereinafter, "Standing Order").  The Parties agree in principle that modification of deadlines for the exchange of certain information may further the Parties' efforts to engage in an efficient pre-trial and trial process. The Parties have exchanged proposals and agreed to continue discussing such proposed modifications.

In order to facilitate the Party's discussions, and without prejudice to any Party's right to attempt to persuade the Court that good cause exists to adopt a particular approach in this case, the Parties agreed to seek guidance from the Court relating to the following issues:

- <u>Witness Testimony</u>. The Parties have discussed exchanging witness lists and deposition designations earlier than required by the Standing Order.  In connection with these discussions, the Parties respectfully request the Court's guidance as to whether, or under what circumstances, the Court would accept into evidence designated deposition testimony that is submitted solely in writing, as opposed to requiring the presentation of designated deposition testimony during the parties' trial time (*e.g.*, by playing recorded testimony).  The parties are in the early stages of trial planning and do not have specific requests to make at this time, but would appreciate any preliminary guidance that the Court may offer.
- <u>Exhibit Lists</u>. The Parties have discussed exchanging exhibit lists earlier than required by the Court's Standing Order.  The Parties request the Court's guidance

as to whether Paragraph D.1(a) of the Standing Order[1] applies to purely demonstrative exhibits that are not offered as substantive evidence, such as illustrative exhibits to be used during the examination of experts. Subject to the Court's approval, the Parties would prefer to exchange and submit demonstrative exhibits at times nearer to their anticipated use at trial and would meet and confer regarding such deadlines.

---

[1] Paragraph D.1(a) reads: "At least 14 days before the final Pretrial Conference, the parties shall exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely impeachment or rebuttal."

1  Dated: September 5, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,

*/s/ Jennifer Milici*
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Daniel Matheson
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

**Attorneys for Federal Trade Commission**

CRAVATH, SWAINE & MOORE LLP

By:   */s/ Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina Sessions
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@keker.com
epaige@keker.com

jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

***Attorneys for Defendant Qualcomm Incorporated***

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

*/s/ Gary A. Bornstein*
Gary A. Bornstein
