UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STIPULATIONS TO EXTEND DEADLINE PURSUANT TO LOCAL RULE 79-5; ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812, 813, 814, 815, 816, 817, 818 |

The Court GRANTS in part and DENIES in part the stipulations to extend deadline pursuant to Civil Local Rule 79-5. ECF Nos. 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812, 813, 814, 815, 816, 817, 818. Specifically, the deadline for filing the declaration required by Civil Local Rule 79-5 is September 12, 2018. No further extensions will be granted.

Moving forward, to facilitate compliance with the sealing rules and the standards established within the Ninth Circuit, the Court hereby establishes the following procedures for filing administrative motions to file under seal in this case:

1

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART STIPULATIONS TO EXTEND DEADLINE PURSUANT TO LOCAL RULE 79-5; ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO SEAL

1   The parties shall file all administrative motions to file under seal as joint motions. Prior to
2   filing any such joint motions, lead counsel for both parties must meet and confer to decide what
3   information the parties will request to file under seal. The parties must file declarations from lead
4   counsel that confirm compliance with this order with each motion to file under seal. The parties
5   shall file concurrent with the administrative motion to file under seal all necessary declarations
6   establishing that the information sought to be sealed is sealable. For motions that are "more than
7   tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
8   809 F.3d 1092, 1099 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S.
9   Ct. 38, 196 L. Ed. 2d 26 (2016), the declarations shall set forth the "compelling reasons supported
10  by specific factual findings" that the parties believe "outweigh the general history of access and
11  the public policies favoring disclosure," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172,
12  1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). For motions that are "not
13  related, or only tangentially related, to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1099,
14  the declarations shall set forth the "particularized" reasons that the parties believe that "specific
15  prejudice or harm will result" if the information is disclosed, *Phillips ex rel. Estates of Byrd v.*
16  *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted). Except for the
17  four day deadline for filing declarations, the parties shall also comply with all other requirements
18  set forth in Civil Local Rule 79-5(d).

19  To the extent practicable, the parties shall also follow this procedure with non-parties.
20  Where it is impracticable for the parties to follow this procedure with respect to a particular non-
21  party, the parties' declarations must provide the reasons why it was not practicable to follow this
22  procedure with respect to that non-party. The parties' declarations must also identify which
23  material that particular non-party seeks to seal, and that particular non-party will have seven days,
24  rather than the four days prescribed in Civil Local Rule 79-5, to file the requisite declaration
25  establishing that the information sought to be sealed is sealable.

26  **IT IS SO ORDERED.**

Dated: September 5, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge