James G. Kress
Andrew L. Lucarelli
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
james.kress@bakerbotts.com
drew.lucarelli@bakerbotts.com

Stuart C. Plunkett (SBN 187971)
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6203
Facsimile: (415) 291-6303
stuart.plunkett@bakerbotts.com

*Attorneys for non-party Ericsson Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br><br>　　　　Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>The Honorable Lucy H. Koh<br><br>**DECLARATION OF ANDREW L. LUCARELLI IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (DKT. NOS. 789 AND 800)** |

I, Andrew L. Lucarelli, do hereby state and declare as follows:

1. I am an active member in good standing with the bars of the District of Columbia and the State of Maryland. I maintain my office at 1299 Pennsylvania Avenue, NW, Washington, District of Columbia 20004. I am an Associate with Baker Botts L.L.P. and represent non-party Ericsson Inc. ("Ericsson") in connection with subpoenas issued in the course of this and other related Qualcomm antitrust litigations. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently.

2. I respectfully submit this declaration in support of: a) the Federal Trade Commission's Admission to File Under Seal Portions of its Motion to Exclude Expert Testimony of Dr. Edward A. Snyder and Accompanying Exhibits (Dkt. No. 789) ("FTC Motion"); and, b) Defendant Qualcomm Incorporated's Administrative Motion to File Under Seal Portions of its Motion to Exclude Expert Reports of Richard L. Donaldson and Exhibits Thereto (Dkt. No. 800) ("Qualcomm Motion") (collectively, "The Motions").

3. Exhibit 1 to the Declaration of Jennifer Milici in Support of Plaintiff Federal Trade Commission's Admission to File Under Seal Portions of its Motion to Exclude Expert Testimony of Dr. Edward A. Snyder and Accompanying Exhibits (Dkt. No. 789-1) ("Milici Declaration") contain information Ericsson designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the governing Protective Orders in this action, which include the Protective Order and Supplemental Protective Orders in the FTC Litigation (Doc. Nos. 81, 137, 205, 220, 230, 306, 324, 371, 374, 384, 388, 392, 393, 410, 420, 430 and 447), the Protective Order and Supplemental Protective Orders in the MDL Litigation (Doc. Nos. 46, 86, 148, 149, 182, 197, 211, 213, 216, 218, 221, 244, 249 and 259), and the Protective Order in the SD Cal Litigation (Doc. No. 163) (together, "Protective Orders"), or other Ericsson confidential business information that qualifies for protection.

4. Consistent with paragraphs 10, 12, 14, and 16 below, Ericsson has reviewed and "narrowly tailored" its sealing request to only such specific information which qualifies for sealing under Civil Local Rule 79-5 and has not broadly sought to seal all Ericsson references listed in the Milici Declaration.

5. Exhibits 1 and 2 to the Declaration of Geoffrey T. Holtz in Support of Defendant Qualcomm Incorporated's Administrative Motion to File Under Seal Portions of its Motion to Exclude Expert Reports of Richard L. Donaldson and Exhibits Thereto (Dkt. No. 800-1) ("Holtz Declaration") contain information Ericsson designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the governing Protective Orders in this action, which include the Protective Order and Supplemental Protective Orders in the FTC Litigation (Doc. Nos. 81, 137, 205, 220, 230, 306, 324, 371, 374, 384, 388, 392, 393, 410, 420, 430 and 447), the Protective Order and Supplemental Protective Orders in the MDL Litigation (Doc. Nos. 46, 86, 148, 149, 182, 197, 211, 213, 216, 218, 221, 244, 249 and 259), and the Protective Order in the SD Cal Litigation (Doc. No. 163) (together, "Protective Orders"), or other Ericsson confidential business information that qualifies for protection.

6. Consistent with paragraphs 10, 12, 14, and 16 below, Ericsson has reviewed and "narrowly tailored" its sealing request to only such specific information which qualifies for sealing under Civil Local Rule 79-5 and has not broadly sought to seal all Ericsson references listed in the Holtz Declaration.

7. It is well-established that "access to judicial records is not absolute," and that certain types of non-public, commercially sensitive documents may be protected from public disclosure. *See Kamakana v. City and Co. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Rule 26 of the Federal Rules of Civil Procedure provides district courts with broad discretion to seal filed materials in order to protect, among other things, "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(g).

8. The Ninth Circuit has articulated two standards for evaluating a sealing request: (i) a "compelling reasons" standard, for materials used at trial or filed as part of dispositive motions, and (ii) a more lenient, "good cause" standard applied to non-dispositive motions filed during the pendency of an action. *See Kamakana*, 447 F.3d at 1179-1180. Where documents attached to non-dispositive motions "are [] unrelated, or only tangentially related, to the underlying cause of action," parties are required only to meet the "good cause" standard. *Id.* Courts in this circuit have routinely treated motions to exclude as non-dispositive and applied the "good cause" standard. *See TVIIM, LLC*

*v. McAfee, Inc.*, Case No. 13-cv-04545-HSG, Slip Op. at 3 (N.D. Cal. Jun. 19, 2015) (applying "good cause" standard in sealing exhibits to plaintiffs' motion to exclude expert testimony); *see also France Telecom S.A. v. Marvell Semiconductor Inc.,* No. 12-CV-04967-WHO, 2014 WL 4965995, at *1 (N.D. Cal. Oct. 3, 2014) ("Motions regarding the admissibility of evidence at trial, such as motions *in limine* and *Daubert* motions, are generally analyzed under the 'good cause' standard, notwithstanding that they relate to the admissibility of evidence at trial."); *CreAgri, Inc. v. Pinnaclife Inc.*, Case No.: 5:11-cv-06635-LHK, 2014 WL 27028, at *2 (N.D. Cal. Jan. 2, 2014) (applying "good cause" standard to motions to disqualify and exclude).

9.   **Non-Party Ericsson's License Agreements.** The financial details and other negotiated terms of non-party Ericsson's contractual agreements constitute paradigmatic trade secrets. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Digital Reg of Texas, L.L.C. v. Adobe Systems, Inc.*, 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015) (finding good cause to seal portions of a declaration that reference "Digital Reg's patent license terms and royalty rates"); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 WL 12308205, at *2 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangements"); *Tessera, Inc. v. Toshiba Corporation*, Case No. 15-cv-02543-BLF, 2016 WL 6778687, at *2 (N.D. Cal. Nov. 16, 2016) (finding compelling reasons to seal information "which pertain[s] to the terms, technologies, patents, products, and royalty obligations under [the parties' license agreements].").

10.  The following portions of the exhibits to the Holtz Declaration (Dkt. No. 800-1), contain references to specific, confidential terms in Ericsson's patent license agreements and other types of non-public, commercially sensitive contract terms. These agreements not only contain terms with Ericsson's counterparties that require the maintenance of confidentiality, but these types of commercially sensitive information are properly sealable because disclosure would provide parties with unfair bargaining leverage against Ericsson in future negotiations. *See*, *e.g.*, *Rainbow Bus.*

*Solutions*, 2013 WL 12308205, at *2 ("the public disclosure of [contract terms] would impede [the party's] ability to negotiate with business partners and to stay competitive in the marketplace."). Ericsson moves the court for the following "narrowly tailored" redactions consistent with Civil Local Rule 79-5(b):

**Exhibit 1 to the Holtz Declaration (Dkt. No. 800-1), the Expert Report of Richard Donaldson:**

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| 24 | | "Under . . . 2004." |
| 24 | | Specific rate figures in Q2014FTC03043131. |
| 42-43 | | "'Ericsson Mobile Platforms' . . . chipsets." |
| 70 | | Specific rate figure for Sony Ericsson. |
| 71 | | Specific rate figures in Q2014FTC03043131. |

**Exhibit 2 to the Holtz Declaration (Dkt. No. 800-1), the Rebuttal Expert Report of Richard Donaldson:**

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| 23 | | " 'Q. Has . . . Qualcomm.' " |

11. **Non-Party Ericsson's Licensing Strategies.** The Ninth Circuit has long observed that "business information that might harm a litigant's competitive strategy" is sealable information. *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008). Furthermore, "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," constitutes a trade secret that may be sealed. *Id.* Internal business documents and communications reflecting strategic initiatives and pricing methodologies also meet the compelling reasons standards. *See Rainbow Bus. Solutions*, 2013 WL 12308205, at *2 (finding that disclosure of "pricing arrangements, business model and strategies" of the designating party "would allow its competitors to copy or adopt these practices … reducing or eliminating the competitive advantage that this information provides"); *see also Tessera*, 2014 WL 6778687 at *2 (finding compelling reasons to seal "information pertaining to [the] licensing program [which] is a 'critical trade secret'" for the company).

12. The following portions of the Holtz Declaration (Dkt. No. 800-1) contain discussions of Ericsson's confidential and proprietary licensing strategies and royalty setting methodology, the

disclosure of which would cause competitive harm to Ericsson and give parties negotiating with Ericsson an unfair advantage. Thus, Ericsson moves the court for the following "narrowly tailored" redactions consistent with Civil Local Rule 79-5(b):

**Exhibit 1 to the Holtz Declaration (Dkt. No. 800-1), the Expert Report of Richard Donaldson:**

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| 42-43 | | "'Ericsson Mobile Platforms' . . . chipsets." |
| 53 | | " 'Q. So in situations . . . time.' " |

**Exhibit 2 to the Holtz Declaration (Dkt. No. 800-1), the Rebuttal Expert Report of Richard Donaldson:**

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| 23 | | "'Q: Has Ericsson . . . Qualcomm." |

13. **Non-Party Ericsson's Confidential Product Development and Research and Development Strategies.** The "public disclosure of [] confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the designating party's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013). This includes documents and communications reflecting product development strategies, launch plans, production timelines, roadmaps, market risks and opportunities, market trend analyses, engineering overviews, manufacturing details, and other commercially sensitive material. In addition, much of this information that Ericsson seeks to seal is covered by non-disclosure agreements with OEM handset manufacturers and public disclosure of such information could likewise reveal those OEM's own product development strategies, road maps, and timelines.

14. The following portions of Exhibit 1 to the Milici Declaration (Dkt. No. 800-1), the Expert Report of Edward A. Snyder, contain discussions of Ericsson's confidential business strategy and confidential, internal evaluations of its business units, the disclosure of which could cause competitive harm to Ericsson and to the OEM handset manufacturers with which Ericsson was

working under non-disclosure agreements. Thus, Ericsson moves the court for the following "narrowly tailored" redactions consistent with Civil Local Rule 79-5(b)

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| | FN 337 | "ST-Ericsson . . . date." |
| | FN 337 | "'Q. You . . . terminated.'" |
| | ¶382 | "ST-Ericsson made . . . RF chips." |
| | FN 1051 | "ST-Ericsson's . . . customer." |
| | FN 1051 | "'Q. And you . . . venture […].'" |
| | ¶382 | "ST-Ericsson had been . . . reduced.'" |
| | FN 1053 | "'Lost . . . uncertain.'" |
| | ¶388 | "However . . . development" |
| | FN 1082 | "'Q. Okay. At some . . . in time.'" |
| | FN 1082 | "'Q. And so if . . . development.'" |
| | ¶388 | "Similarly . . . schedules." |
| | FN 1084 | "'High . . . schedule.'" |
| | FN 1476 | "showing . . . 2015." |
| | ¶541 | Body text |
| | FN 1535 | "'Q. The first . . . do that.'" |
| | FN 1536 | "'Q. And so . . . development.'" |

15. **Non-Party Ericsson's Confidential Business Strategy and Performance.** Courts in this circuit have likewise found "good cause" to seal confidential business strategy and performance information, particularly where they "bear only tangentially on the [] matters at the heart of this litigation." *See Barnes v. Hershey Co.*, No. 3:12–cv–01334–CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (sealing exhibits "because they contain confidential and private information about [] business strategy . . . including internal operations information."); *see also Finisar Corp. v. Nistica, Inc.*, Case No. 13-cv-03345-BLF, Slip Op. at 3-4 (N.D. Cal. Apr. 3, 2017) (sealing "confidential information regarding [] business strategies and plans.").

16. The following portions of Exhibit 1 to the Milici Declaration (Dkt. No. 800-1), the Expert Report of Edward A. Snyder, contain discussions of Ericsson's confidential business strategy and confidential, internal evaluations of certain business units, the disclosure of which Ericsson believes could result in competitive harm. Moreover, many of the cited materials reveal detailed

strategic and operational information of Ericsson's former joint venture, ST-Ericsson, and thus, may also reveal information that would be considered commercially sensitive and confidential by former joint venture partner and non-party ST-Micro. Thus, Ericsson moves the court for the following "narrowly tailored" redactions consistent with Civil Local Rule 79-5(b):

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| | ¶35b | "ST-Ericsson . . . suppliers" |
| | FN 578 | "at least . . . team" |
| | ¶379 | "Due to . . . issues." |
| | FN 1036 | " 'Q. Do you . . . views.' " |
| | FN 1036 | " 'Q. Yes. And . . . well.' " |
| | FN 1036 | " 'Q. And could . . . complexity.' " |
| | ¶379 | "Due to . . . issues." |
| | ¶379 | "ST-Ericsson . . . 2011." |
| | FN 1040 | "presentation titled . . . cancelled[.]'" |
| | ¶379 | "Though . . . delays." |
| | FN 1041 | "presentation titled . . . TD-SCDMA." |
| | ¶380 | "Facing . . . inefficiencies." |
| | FN 1044 | "'Q. Any . . . cost.'" |
| | ¶383 | "Given . . . 2014." |
| | FN 1062 | "'Q. And at . . . uncertainties.'" |
| | ¶384 | "Although . . . efficiently." |
| | FN 1063 | "'Q. Would you . . . there […].'" |
| | ¶384 | "A presentation . . . quality." |
| | FN 1064 | "presentation titled . . . criteria[.]'" |
| | ¶384 | "The key . . . divisions." |
| | FN 1065 | "presentation titled . . . 2011." |
| | ¶385 | "Operating . . . development." |
| | FN 1067 | "'Q. Any other . . . cost.") |
| | FN 1067 | "'Q. And could . . . complexity.'" |
| | ¶386 | "In addition . . . slowdowns." |
| | FN 1068 | "'Q. Do you . . . view.'" |
| | FN 1068 | "'Q. Yes. . . . well.'" |
| | ¶388 | "In late . . . peers." |
| | FN 1079 | "'Q. Mr. Zander . . . execute.'" |
| | ¶388 | "and . . . timeline." |

| PAGE | SECTION | PROPOSED REDACTION |
|---|---|---|
| | FN 1081 | "'Q. [… T]he . . . do that.'" |
| | ¶468b | "ST-Ericsson . . . suppliers." |
| | ¶517 | "that ST-Ericsson . . . base." |
| | ¶518 | "ST-Ericsson's . . . suppliers." |
| | FN 1480 | "presentation titled . . . management […][.]'" |
| | FN 1480 | "'Q. […] And then . . . well.'" |
| | FN 1480 | "'Q. And could . . . complexity.'" |
| | ¶518 | "Moreover . . . result." |
| | FN 1481 | "'Q. Mr. Zander . . . execute.'" |
| | FN 1481 | "'High . . . project schedule.'" |

17. Non-party Ericsson has demonstrated that the passages in the Motions described above contain sensitive Ericsson confidential business information that satisfy the sealing requirements, and Ericsson has proposed only "narrowly tailored" redactions consistent with the requirements of Civil Local Rule 79-5. Ericsson respectfully asks the court to grant the Motions as to the excerpts cited in paragraphs 10, 12, 14, and 16.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of September, 2018, in Washington, District of Columbia.

*/s/ Andrew L. Lucarelli*

Andrew L. Lucarelli
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:     (202) 639-7700
Facsimile:     (310) 552 5001
drew.lucarelli@bakerbotts.com

*Attorney for non-party Ericsson Inc.*

## ATTESTATION

I, Stuart C. Plunkett, hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

> BAKER BOTTS L.L.P.
>
> */s/ Stuart C. Plunkett*
> Stuart C. Plunkett (SBN 187971)
> 101 California Street, Suite 3600
> San Francisco, CA 94111
> Telephone: (415) 291-6203
> Facsimile: (415) 291-6303
> stuart.plunkett@bakerbotts.com