CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

MORGAN LEWIS & BOCKIUS LLP
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com.com
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

MORGAN LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | NO. 5:17-CV-00220-LHK-NMC<br><br>**DECLARATION OF WILLIAM B. WYATT IN SUPPORT OF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION TO EXCLUDE EXPERT TESTIMONY OF PROFESSOR AVIV NEVO AND ACCOMPANYING EXHIBITS**<br><br>CTRM: COURTROOM 8<br><br>JUDGE: HON. LUCY H. KOH |

Case No. 17-CV-0220-LHK-NMC
Declaration of William B. Wyatt

I, William B. Wyatt, declare as follows:

1. I am currently Vice President, Finance, Qualcomm CDMA Technologies ("QCT"), the division of Qualcomm responsible for Qualcomm's product business. I received my Bachelor of Business Administration from the University of Texas at Austin in 1997. I have been employed by Qualcomm and have worked in QCT since November 2005. My current position is in QCT's finance group and I am involved in pricing, commercial strategy and financial planning and analysis. I have held my current position since October 2012. Prior to my current position, I was Senior Director, Finance from August 2009 to October 2012, and before that I was Director, Finance from November 2005 to August 2009. Over the course of my employment in QCT, I have acquired personal knowledge of QCT's practices and procedures concerning the maintenance of the confidentiality of information related to pricing, commercial strategy and financial planning and analysis.

2. The contents of this declaration are true and correct to the best of my knowledge, information and belief, and are based on my personal knowledge of the facts set forth herein and such material that was provided to me and reviewed by me. If called upon as a witness in this action, I could and would testify competently thereto.

3. QCT follows a strict practice that requires confidential treatment of information relating to pricing, commercial strategy and financial planning and analysis. Such information contains highly sensitive and proprietary financial data and analysis that QCT may rely upon to pursue its commercial interests.

4. These practices are important to QCT and its customers for several reasons. Both QCT and prospective customers seek to maintain sales and pricing negotiations in confidence to afford each the ability to engage in arm's-length commercial bargaining, each bringing to bear their own unique circumstances and business goals, without such circumstances and goals being disclosed to those

prospective customers' competitors and customers, and QCT's other actual and potential customers.

5. QCT's confidentiality practices concerning information related to pricing, commercial strategy and financial planning and analysis are also consistent with QCT's longstanding confidentiality policy concerning the treatment of information received from third parties. This policy, among other things, obligates QCT employees to maintain in confidence a variety of information received from its customers.

6. QCT also goes to great lengths to protect the confidential information relating to pricing, commercial strategy and financial planning and analysis. Personnel with access to data storage locations where confidential information is stored and maintained are advised of QCT's practices and required to acknowledge in writing a QCT confidentiality policy. The same is true for any QCT personnel who request access to such information and all new QCT employees.

7. In addition, every QCT database and system that contains confidential information is access restricted and requires login by QCT employees.

8. In my experience and to the best of my knowledge, the confidentiality obligations specified above have been strictly followed at QCT. I was informed of QCT's practices and policies described herein when I first joined QCT, and I have informed others at QCT of our confidentiality obligations and practices.

9. I have reviewed the Federal Trade Commission's Motion To Exclude Expert Testimony of Professor Aviv Nevo, the August 30, 2018 Declaration of Jennifer Milici in Support of Federal Trade Commission's Motion To Exclude Expert Testimony of Professor Aviv Nevo ("Milici Decl.") and Exhibit 1 thereto (collectively, the "FTC's Nevo Submissions"), from the perspective of whether they include information that QCT would consider confidential under the practices and policies described above. Based on this review, I have determined that the FTC's Nevo Submissions do include confidential QCT information, specifically in

all or portions of the following:

- Milici Decl.: Exhibit 1.

10. Certain information in Exhibit 1 reflects the type information related to pricing, commercial strategy and financial planning and analysis that QCT maintains as confidential.

11. Specifically, in Exhibit 1, the final two sentences of paragraph 292 contains highly sensitive and proprietary information, including information relating to QCT's competitive positioning for sales of certain products and for certain customers, and information relating to QCT's financial performance. All of this information of the kind QCT uses to pursue its commercial interests.

12. Specifically, in Exhibit 1, the portion of the second sentence of paragraph 299 from "margins" to "benchmark" and the third sentence of paragraph 299 from "margins" to the end of that sentence, contains highly sensitive and proprietary information relating to QCT's financial performance and certain QCT pricing and sales strategies. All of this information of the kind QCT uses to pursue its commercial interests.

13. Specifically, the second sentence of note 515 from "volumes" to the end of the sentence, contains highly sensitive and proprietary information relating to QCT's sales strategies and QCT's competitive positioning for sales of certain products and for certain customers. All of this information of the kind QCT uses to pursue its commercial interests.

14. Specifically, the quotation in note 517 contains highly sensitive and proprietary information, including information relating to certain QCT pricing and sales strategies and QCT's competitive positioning for sales of certain products. All of this information of the kind QCT uses to pursue its commercial interests.

15. Public disclosure of this information would harm QCT by potentially advantaging its competitors, which would be given valuable insights into QCT's business practices and financials. Disclosure could also unfairly benefit actual and

potential third parties with respect to QCT's pricing and sales strategies by disclosing confidential information that will disadvantage QCT in ongoing and future pricing and sales negotiations. This is because counterparties in such negotiations could use confidential information included in the FTC's Nevo Submissions to gain an advantage that would not otherwise be possible absent disclosure of the confidential information and thereby compromise QCT's commercial interests.

16. This confidential information is not publicly known, and QCT recognizes and protects the enormous value of this information through its various policies and procedures designed to protect confidential information from disclosure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this declaration on September 12, 2018, in San Diego, California.

_____
William B. Wyatt