Amanda Tessar (*pro hac vice* pending)
ATessar@perkinscoie.com
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2357
Facsimile: 303.291.2457

Sarah E. Stahnke, California Bar #264838
SStahnke@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4489
Facsimile: 650.838.4350

**ATTORNEYS FOR AMICI CURIAE
ACT | THE APP ASSOCIATION AND COMPUTER &
COMMUNICATIONS INDUSTRY ASSOCIATION**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA,
SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**NOTICE OF MOTION AND MOTION OF ACT \| THE APP ASSOCIATION AND COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF IN SUPPORT OF THE FEDERAL TRADE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: February 21, 2019<br>Time: 1:30 PM<br>Place: San Jose Courthouse, Courtroom 8<br>Judge: Hon. Lucy Koh |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ACT | The App Association ("ACT") and Computer & Communications Industry Association ("CCIA") (collectively, "Amici") hereby move the court for leave to submit an *amici curiae* brief in support of the Federal Trade Commission's ("FTC's") Motion for Partial Summary Judgment (filed August 30, 2018) (ECF Docket Entry 792). This motion will be heard on February 21, 2019 at 1:30 pm, or as otherwise set by the Court. Amici would appreciate the opportunity to explain how the Court's resolution of the issues raised by the FTC's Motion may impact technological innovators. Notably, this Court has previously granted Amici leave to participate in the context of related issues (*see* D.I. 96 (Order Granting ACT leave to file *amicus curiae* brief regarding Defendant's Motion to Dismiss); D.I. 112 (ACT's *amicus* brief).

By this motion, Amici request leave to submit an *amici curiae* brief. The proposed brief is attached. This brief and the accompanying *amici* brief are submitted on behalf of ACT and CCIA themselves; none of ACT's or CCIA's member or sponsors authored these briefs in whole or in part, nor did any member or sponsor make a monetary contribution to ACT or CCIA intended to fund the preparation of these briefs.

While Amici have noticed this Motion for Leave, Amici submit that this motion may be suitable for resolution without a hearing. Furthermore, the FTC's Motion for Partial Summary Judgement will likely be resolved before the Court's first available hearing date for this motion (in February of 2019), further suggesting that this motion should be resolved on the papers.

I.  **STANDARD FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE***

"[A] district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (*overruled on other grounds*). "'There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court.'" *Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, No. C 02-5772 JF(RS), 2006 WL 3050849, at *3 (N.D. Cal. Oct. 23, 2006) (citations and internal quotation marks omitted). "An amicus brief should normally be allowed" when, among other considerations, "the amicus has unique

information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citation omitted). "District courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved[.]" *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

As explained below and in Amici's brief, the obligation to license technology on fair, reasonable, and non-discriminatory ("FRAND") terms implicates important industry and public interests that will affect Amici's members and customers. If companies were allowed to discriminate against their competitors, industry and consumer interest in adapting existing technologies and developing new technologies would be harmed, and the businesses that rely on an efficient, fair, and balanced approach to licensing of communication standards will be stunted.

**II.    STATEMENT OF IDENTITY AND INTEREST OF *AMICI CURIAE***

ACT (formerly known as the Association for Competitive Technology) is an international grassroots advocacy and education organization representing more than 5,000 small and mid-size app (*i.e.*, application) developers and information technology firms. It is the only organization focused on the needs of small business innovators from around the world. ACT advocates for an environment that inspires and rewards innovation while providing resources to help its members leverage their intellectual assets to raise capital, create jobs, and continue innovating.

Computer & Communications Industry Association ("CCIA") is an international nonprofit association representing a broad cross-section of computer, communications, and Internet industry firms that collectively employ nearly one million workers and generate annual revenues in excess of $540 billion. CCIA believes that open and competitive markets foster innovation. CCIA's members contribute to technical standards and create innovative products that utilize those standards. CCIA believes that technical standards best foster innovation when standard-essential patent licensing is conducted in a fair and well-understood manner compliant with the terms of the patent policy selected by the standard-setting organization. Further information about CCIA, including a list of its members, is available at http://www.ccianet.org.

ACT and CCIA have been monitoring recent developments in this case because of the significant implications of the issues in this case for the interests of their members.  In light of the critical role that technological innovation plays in enhancing competition and improving the welfare of consumers, Amici have a special interest in ensuring that federal law is properly applied to dynamic industries and innovative technologies.

Both ACT and CCIA have participated as *amicus curiae* in a number of cases involving technological innovation.  See, e.g., *Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018) (CCIA); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) (ACT and CCIA); *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016) (ACT and CCIA); *Apple, Inc. v. United States*, 136 S. Ct. 1376 (2016) (ACT); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014) (ACT and CCIA); *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) (ACT).  In addition, as mentioned above, ACT previously filed an *amicus* brief in this case.  See *Amicus Curiae* Brief in Support of the FTC's Opposition to Qualcomm's Motion to Dismiss (filed May 25, 2017) (D.I. 112).

### III.  *AMICI CURIAE* CAN PROVIDE A UNIQUE PERSPECTIVE

Based on their strong interests in fostering innovation and protecting the interests of developers and technology firms, Amici believe that their perspective will aid this Court in evaluating the motion filed by the FTC.  The FTC's motion asks this Court to hold that Qualcomm's promise to make licenses to standard-essential patents to applicants on FRAND terms require it to make licenses available to direct competitors on those terms.  If an obligation to license standard-essential patents on FRAND terms did not apply to direct competitors, the detrimental effects of these actions will be felt by technology companies who rely on communications standards—and especially by small businesses lacking appropriate resources with which to defend themselves.  ACT and CCIA have substantial knowledge and a unique perspective on these implications and submit that their participation as *amici* is likely to assist the Court in assessing the "potential ramifications beyond the parties directly involved." *Sonoma Falls Developers*, 272 F. Supp. 2d at 925.  In particular, ACT and CCIA are well positioned to highlight the potentially dramatic impact

the FRAND obligation may have for software developers and technology companies across a number of critical industries.

## IV. CONCLUSION

Accordingly, ACT and CIAA respectfully request that the Court grant this motion for leave to file the accompanying brief in support of the FTC's Motion for Partial Summary Judgment.

Amici bring this motion after conferring with the parties' counsel.  Counsel for the FTC indicated that they have no opposition to ACT's motion for leave to file.  Counsel for Qualcomm indicated that they oppose this motion.

DATED:  September 17, 2018              **PERKINS COIE LLP**

By:   */s/ Sarah E. Stahnke*
             Sarah E. Stahnke

**ATTORNEYS FOR AMICI CURIAE ACT | THE APP ASSOCIATION AND COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION**