| | | |
|---|---|---|
| 1 | CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, New York 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile:  (212) 474-3700 | MORGAN LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, New York 10178-0060<br>Tel: (212) 309-6000<br>Fax: (212) 309-6001 |
| 6 | KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest (SBN 84065)<br>rvannest@keker.com<br>Eugene M. Paige (SBN 202849)<br>epaige@keker.com<br>Justina Sessions (SBN 270914)<br>jsessions@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Facsimile:  (415) 397-7188<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED | MORGAN LEWIS & BOCKIUS LLP<br>Willard K. Tom (*pro hac vice*)<br>willard.tom@morganlewis.com<br>1111 Pennsylvania Ave. NW<br>Washington, DC 20004-2541<br>Telephone: (202) 739-3000<br>Facsimile:  (202) 739-3001<br><br>MORGAN LEWIS & BOCKIUS LLP<br>Geoffrey T. Holtz (SBN 191370)<br>geoffrey.holz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>            Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**DEFENDANT QUALCOMM INCORPORATED'S MOTION FOR LEAVE TO TAKE THE TRIAL DEPOSITION OF AN IMMINENTLY UNAVAILABLE EXPERT WITNESS**<br><br>Courtroom:  8, 4th Floor<br>Judge:       Hon. Lucy H. Koh |

# INTRODUCTION

Defendant Qualcomm Incorporated ("Qualcomm") respectfully moves pursuant to Federal Rule of Civil Procedure 16(b)(4) to amend the Court's April 6, 2018 Case Management Order (ECF No. 678) solely to permit a trial deposition of Qualcomm's designated expert on French law, Prof. Bénédicte Fauvarque-Cosson, to preserve her testimony prior to her becoming unavailable to testify due to her appointment as a judge on the Conseil d'État of France. Qualcomm's request will not require any change to the remainder of the schedule in the April 6 Case Management Order.

Prof. Fauvarque-Cosson's appointment is likely to be publicly announced on September 19, 2018, and to take effect ███ October 1, 2018. Upon taking judicial office, Prof. Fauvarque-Cosson would not be able to provide expert testimony in this matter ███. (Fauvarque-Cosson Decl. ¶ 11.) Good cause therefore exists to modify the scheduling order pursuant to Rule 16(b)(4) to allow Qualcomm to examine Prof. Fauvarque-Cosson at deposition to preserve her testimony for presentation at trial. Qualcomm could not reasonably have anticipated the need to preserve the testimony of Prof. Fauvarque-Cosson through a trial deposition prior to the August 16 expert discovery deadline, and would suffer significant prejudice if it did not have an opportunity to preserve and present Prof. Fauvarque-Cosson's testimony. There is no prejudice to the FTC because it previously deposed Prof. Fauvarque-Cosson during the expert discovery period, and it will have another opportunity to examine Prof. Fauvarque-Cosson after Qualcomm conducts its direct examination at the requested trial deposition. Depending on whether the appointment becomes effective ███ on October 1, which will not become clear until the appointment is confirmed on September 19, the deposition could occur on ███ September 28, just before Prof. Fauvarque-Cosson assumes office and thereby becomes unavailable to provide testimony in this litigation.

**STATEMENT OF FACTS**

Qualcomm timely served an expert report by Prof. Fauvarque-Cosson on June 28, 2018. Prof. Fauvarque-Cosson is currently a Professor of Law at the University Panthéon-Assas (Paris II) in Paris, France. (Fauvarque-Cosson Decl. ¶ 2.) In her report, Prof. Fauvarque-Cosson addressed allegations in the FTC's Complaint regarding the IPR Policy of the leading cellular standard-development organization, the European Telecommunications Standards Institute ("ETSI")—a contract that by its express terms is governed by French law.[1] Prof. Fauvarque-Cosson's testimony is the only expert testimony addressing the subject of her report. Prof. Fauvarque-Cosson was deposed by the FTC on August 16, 2018 for approximately five hours. At that time, Qualcomm expected Prof. Fauvarque-Cosson to testify at trial and therefore asked no questions at her deposition. Expert discovery closed on August 16, 2018. (ECF No. 678.)

On ▮▮▮▮▮▮▮▮▮▮, Prof. Fauvarque-Cosson learned ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Fauvarque-Cosson Decl. ¶ 10.) The Conseil d'État is the "supreme court for administrative law" in the French judicial system. (Fauvarque-Cosson Decl. ¶ 5.) On ▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Fauvarque-Cosson Decl. ¶ 11.) She was also informed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Fauvarque-Cosson Decl. ¶ 11.) Prof. Fauvarque-Cosson ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] In its Complaint, the FTC alleged that the ETSI IPR Policy requires Qualcomm to provide licenses to its standard-essential patents for the manufacture and sale of modem chips ("chip level licensing"). The FTC has since filed a Motion for Partial Summary Judgment, seeking a determination that contractual commitments by Qualcomm to other standard-development organizations—ATIS and TIA—require chip-level licensing. (ECF No. 793.) The FTC asserts that its Motion, if granted, will "obviat[e] the need for evidence regarding the meaning of Qualcomm's commitments [to ETSI]". (ECF No. 793 at 3.) Qualcomm will oppose the Motion for Partial Summary Judgment and further disagrees that the FTC's Motion, even if granted, would obviate the need for evidence concerning the ETSI IPR Policy, including Prof. Fauvarque-Cosson's opinions. The FTC's Motion for Partial Summary Judgment is due to be fully briefed and heard after Prof. Fauvarque-Cosson's appointment becomes effective.

██████████. (Fauvarque-Cosson Decl. ¶ 11.) In light of this information, Prof. Fauvarque-Cosson ████████████████████████████████████████████████████████████████████████████████████████████. (Fauvarque-Cosson Decl. ¶ 11.) Prof. Fauvarque-Cosson was informed ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Fauvarque-Cosson Decl. ¶ 11.) Prof. Fauvarque-Cosson was further informed ██████████████████████████████████████████████████████. (Fauvarque-Cosson Decl. ¶ 11.) Prof. Fauvarque-Cosson provided this information to counsel for Qualcomm on September 10 and asked that it be kept in the strictest confidence. (Fauvarque-Cosson Decl. ¶ 11.)[2]

Promptly after learning of these facts, on September 12, Qualcomm notified the FTC that it was likely that Prof. Fauvarque-Cosson would imminently become unavailable to provide expert testimony on behalf of Qualcomm, and asked that the FTC stipulate to a request for leave to take a trial deposition of Prof. Fauvarque-Cosson prior to the effective date of her appointment, subject to the Court's approval. The parties met and conferred on September 14, and the FTC stated that it opposed Qualcomm's request.

## ARGUMENT

The Court may grant leave to take a deposition after the close of the relevant discovery period for "good cause". *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Under the good cause standard, the primary consideration is the diligence of the party seeking the amendment, while a secondary consideration is any prejudice to the opposing party. *See Johnson v. Mammoth Recreations, Inc.*,

---

[2] Although Prof. Fauvarque-Cosson ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. (Fauvarque-Cosson Decl. ¶¶ 5-11.)

975 F.2d 604, 609 (9th Cir. 1992); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Courts routinely grant motions to take out-of-time *de bene esse* depositions (*i.e.*, depositions to preserve trial testimony) of witnesses who unexpectedly become unavailable to testify at trial. *See GCIU-Employer Ret. Fund v. Quad/Graphics, Inc.*, No. 216CV00100ODWAFMX, 2017 WL 2469129, at *2 (C.D. Cal. June 5, 2017) (permitting an out-of-time trial deposition of a party's witness who became unavailable to attend trial due to a serious medical condition); *Maguire v. Coltrell*, No. CV-14-01255-PHX-DGC, 2015 U.S. Dist. LEXIS 132719, at *4-5 (D. Ariz. Sept. 29, 2015) (permitting out-of-time trial deposition of fact witness, the party's brother, who became unavailable to attend trial due to an unanticipated business trip abroad); *Faulkner Press LLC v. Class Notes L.L.C.*, No. 1:08-CV-49-SPM-GRJ, 2010 WL 11561395, at *1-2 (N.D. Fla. Oct. 7, 2010) (granting leave to depose witness after discovery deadline because witness's job reassignment placed him outside the trial subpoena power of the Court).

Qualcomm's request to take the trial deposition of Prof. Fauvarque-Cosson should be granted for good cause. Qualcomm diligently complied with the Court's expert discovery schedule in the April 6 Case Management Order. Before ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Fauvarque-Cosson Decl. ¶¶ 5-11.) Accordingly, ▮▮▮▮▮▮▮▮▮▮▮▮ Qualcomm could not have anticipated the need to take a deposition to preserve Prof. Fauvarque-Cosson's testimony for trial, and it acted diligently to request such a deposition promptly after becoming aware of that need. During the parties' meet and confer, the FTC took the position that Prof. Fauvarque-Cosson should not be considered unavailable to testify at trial based on her judicial appointment because she is not being "conscripted" to serve on the Conseil d'État, but would accept the appointment voluntarily. However, courts considering whether to allow trial depositions have not required a showing that the witness has been "conscripted". *See, e.g., Weist v. EI DuPont Nemours and Company*, No. 05-CV-0534S(SR), 2009 WL 10681127, at *2 (W.D.N.Y. Aug. 27, 2009) (concluding that

when a party's expert would become unavailable "because of his nomination to a government position in which he would be precluded from testifying as an expert at trial . . . the better course is to preserve [the witness's] testimony now").

The FTC has contended that a trial deposition of Prof. Fauvarque-Cosson is not warranted because she has been deposed already. However, Qualcomm reasonably did not elicit testimony from Prof. Fauvarque-Cosson during her August 16 deposition because at that time Qualcomm expected her to appear live at trial. "[C]ourts recognize that attorneys do not normally depose their own witness for discovery purposes, because they already know what these witnesses will say when they testify". *Weist*, 2009 WL 10681127, at *2. Accordingly, "[a]ny effort to eliminate or ignore these practical differences between depositions which parties need to take for purposes of discovery, and depositions which parties need to take for purposes of presenting the testimony at trial will likely lead to the exclusion from trial of testimony and evidence which, under the rules, a party is entitled to preserve and present. The result is a trial which is incomplete and unfair." *Id*. (authorizing the trial deposition of an expert witness who had previously been deposed) (citation and alterations omitted); *see also United States v. 474 Martin Lane*, No. CV 04-2788 ABC (MCX), 2006 WL 8421723, at *2 (C.D. Cal. 2006) ("Courts cannot ignore a party's need to <u>preserve</u> testimony for trial, as opposed to the need to <u>discover</u> evidence, simply because the period for discovery has expired."). Unless Qualcomm has the opportunity to preserve and present testimony by Prof. Fauvarque-Cosson concerning the proper interpretation of the ETSI IPR Policy under French law, Qualcomm's defense to the FTC's action will be unfairly prejudiced. Qualcomm should be granted leave to preserve the videotaped trial testimony of Prof. Fauvarque-Cosson.

Under the good cause standard, prejudice to the opposing party is a secondary consideration. *Johnson*, 975 F.2d at 609. Qualcomm's proposed trial deposition would not impose any substantial prejudice on the FTC. To the extent that the FTC believes that it needs further testimony from Prof. Fauvarque-Cosson beyond the five-hour deposition it took on August 16, it may conduct its own examination after Qualcomm's direct examination at the trial deposition. Because the FTC conducted its own deposition of Prof. Fauvarque-Cosson on

August 16 (and received her report on June 28), it should be prepared to conduct any further cross-examination ▓▓▓▓▓▓▓▓. Further, other alternatives—such as the substitution of another French law expert, which could require the submission of additional expert reports in addition to an out-of-time deposition—could impose far more burden on the FTC and Qualcomm and potential disruption of the case schedule. *See, e.g.*, *Krueger v. Wyeth, Inc.*, No. 03cv2496-JAH-MDD, 2016 U.S. Dist. LEXIS 113860, at *6-8 (S.D. Cal. Apr. 4, 2016) (granting a motion to extend a scheduling order to permit the substitution of an expert witness who unexpectedly became unavailable to attend trial due to her retirement).

The FTC has asserted that, in the event Prof. Fauvarque-Cosson's appointment ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, it would be inconvenient for the FTC to attend a deposition on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Any inconvenience, however, is unavoidable because Prof. Fauvarque-Cosson is not available to travel to the United States and testify ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Fauvarque-Cosson Decl. ¶ 15.)[3] In the event that Prof. Fauvarque-Cosson's appointment becomes effective on October 1, she may be deposed on Friday, September 28.

Because Prof. Fauvarque-Cosson also was disclosed as an expert in the coordinated Southern District of California case and as a result of Prof. Fauvarque-Cosson's extremely limited availability between now and her judicial appointment, Qualcomm has proposed that her ▓▓▓▓▓▓▓▓▓▓ or 28 trial deposition be taken jointly in both coordinated cases, as were many other depositions in the coordinated litigations. Qualcomm is willing to meet and confer further with the FTC regarding methods of conducting the deposition, such as the order in which the parties to the coordinated litigations ask questions, the allocation of time among the parties and whether

---

[3] The FTC has not moved to quash the deposition on the basis that it received insufficient advance notice of the deposition, pursuant to Federal Rule of Civil Procedure 32(a)(5). If it does so move, the Court has discretion to permit a deposition on less than 14 days' notice where there is good cause to do so, as there is here. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).

portions of the deposition would be deemed in advance to be taken in only one of the cases.  *See Weist*, 2009 WL 10681127, at *3 (where an expert had been designated in multiple coordinated litigations, the court concluded that the parties were "free to organize their questioning of [the expert] as they deem appropriate for the potential presentation of such testimony to a jury in any one of these cases").  Qualcomm is also willing to meet and confer with the FTC regarding the location of the deposition, such as Washington, D.C., to minimize burden to the FTC.

## CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant Qualcomm's motion for leave to take the trial deposition of Professor Bénédicte Fauvarque-Cosson to preserve her testimony for trial before her appointment to the Conseil d'État becomes effective.

Dated:  September 15, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

/s/ *Gary A. Bornstein*
Gary A. Bornstein
Yonatan Even

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina Sessions
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*