CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina K. Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

MORGAN LEWIS & BOCKIUS LLP
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

MORGAN LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | No. 5:17-CV-00220-LHK-NMC<br><br>**DECLARATION OF DAVID WISE IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS 12 AND 13 ASSOCIATED WITH FTC'S OPPOSITION TO QUALCOMM'S MOTION TO EXCLUDE EXPERT REPORTS OF RICHARD L. DONALDSON**<br><br>CTRM: Courtroom 8<br>JUDGE: Hon. Lucy H. Koh |

I, David Wise, declare as follows:

1. I am currently Senior Vice President and Treasurer of Qualcomm Incorporated ("Qualcomm"), a position I have held since December 2015. Prior to that, I served as Senior Vice President of Finance and Strategy for the preceding two years. I have been employed at Qualcomm since 1997 and have worked in strategic financial planning roles throughout.

2. The contents of this declaration are true and correct to the best of my knowledge, information and belief, and are based on my personal knowledge of the facts set forth herein and such material that was provided to me and reviewed by me. If called upon as a witness in this action, I could and would testify competently thereto.

3. Qualcomm follows a practice of requiring confidential treatment of information related to Qualcomm's internal business analysis, strategy and decision-making, recognizing that disclosure of such information, except as required by law, could harm Qualcomm's ability to achieve its commercial goals, compete effectively in the market, and create value for its shareholders.

4. Qualcomm applies this general confidentiality policy to all non-public information related to a 2008 proposal concerning a potential corporate restructuring that was under consideration by a special committee of Qualcomm's Board of Directors.

5. Qualcomm also follows a practice of requiring confidential treatment of non-public information related to Qualcomm's internal business analysis, strategy and decision-making related to a 2015 proposal concerning corporate restructuring that was under consideration by a special committee of Qualcomm's Board of Directors.

6. This information has been kept strictly confidential by Qualcomm, and even within Qualcomm information related to these topics is tightly controlled. Likewise, Qualcomm's internal business analyses, strategy and decision-making

1 | related to this information has been kept strictly confidential within Qualcomm.

2 | 7. Qualcomm goes to great lengths to protect the confidential information
3 | relating to this information. Personnel with access to data storage locations where
4 | confidential information is stored and maintained are advised of Qualcomm's
5 | practices.

6 | 8. In addition, Qualcomm databases and systems that contain confidential
7 | information regarding Qualcomm's patent portfolio is access-restricted and requires
8 | login by Qualcomm employees.

9 | 9. In my experience and to the best of my knowledge, the confidentiality
10 | obligations specified above have been strictly followed at Qualcomm.

11 | 10. I have reviewed Exhibits 12 and 13 to the FTC's Declaration
12 | associated with FTC's Opposition to Qualcomm's Motion to Exclude Expert
13 | Reports of Richard L. Donaldson (collectively, the "Donaldson Exhibits") from the
14 | perspective of whether they include information that Qualcomm would consider
15 | confidential under the practices and policies described above. Based on this
16 | review, I have determined that the Donaldson Exhibits do include confidential
17 | Qualcomm information.

18 | 11. The information in the Donaldson Exhibits reflect the type of internal
19 | business analyses, strategy and decision-making that Qualcomm maintains as
20 | confidential, recognizing the above-mentioned harms that could flow from their
21 | public disclosure.

22 | 12. Specifically, Exhibit 12 contains internal business analysis, strategy
23 | and decision-making relating to the 2008 proposal concerning various business
24 | structures under consideration by a special committee of Qualcomm's Board of
25 | Directors.

26 | 13. Specifically, in Donaldson Exhibit 13, the first four words of both the
27 | "Subject" and "Attachments" fields of the cover email contain information that
28 | identifies the 2015 proposal concerning various business structures under

consideration by a special committee of Qualcomm's Board of Directors. The excerpted attachment also contains internal business analysis, strategy and decision-making relating to the 2015 proposal concerning various business structures under consideration by a special committee of Qualcomm's Board of Directors.

14. Public disclosure of the above-referenced information in the Donaldson Exhibits would harm Qualcomm by providing its competitors with insights into Qualcomm's strategic planning and business practices. Disclosure could also unfairly benefit actual and potential third parties with respect to Qualcomm's contracting and product sales activities by disclosing confidential information that will disadvantage Qualcomm in ongoing and future business negotiations. This is because counterparties in such negotiations could use confidential information included in the Donaldson Exhibits to gain an advantage that would not otherwise be possible absent disclosure of the confidential information and thereby compromise Qualcomm's commercial interests.

15. This confidential information is not publicly known, and Qualcomm recognizes and protects the enormous value of this information through its various policies and procedures designed to protect confidential information from disclosure.

1     I declare under penalty of perjury under the laws of the United States of
2 America that the foregoing is true and correct and that I executed this declaration
3 on September 24, 2018, in San Diego, California.

_____
David Wise