*Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | NO. 5:17-CV-00220-LHK-NMC<br><br>**JOINT ADMINISTRATIVE MOTION FOR AN ORDER TO FILE UNDER SEAL PORTIONS OF QUALCOMM'S OPPOSITION TO THE FEDERAL TRADE COMMISSION'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. EDWARD A. SNDYER**<br><br>CTRM: COURTROOM 8<br><br>JUDGE: HON. LUCY H. KOH |

1  Pursuant to Civil Local Rules 7-11 and 79-5(d), and this Court's September 5, 2018 Order
2  (ECF No. 821), Defendant Qualcomm Incorporated ("Qualcomm") and Plaintiff Federal Trade
3  Commission ("FTC") hereby jointly move the Court to issue an administrative order authorizing
4  the filing under seal of certain portions of Qualcomm's Opposition to the FTC's Motion to
5  Exclude Expert Testimony of Dr. Edward A. Snyder (the "Opposition").

## LEGAL STANDARDS

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, for motions that are "not related, or only tangentially related, to the merits of a case", *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d. 1092, 1099 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S.Ct. 38, 196 L. Ed. 2d 26 (2016), a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to such non-dispositive motions." *Kamakana*, 447 F.3d at 1180; *see also* Fed.R.Civ.P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").  Rule 26(c) gives the district court "much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180 (citation omitted).

Sealing requests must be "narrowly tailor[ed]."  Civ. L.R. 79-5(b).  Declarations establishing that the information sought to be sealed is sealable must set forth "particularized" reasons why "specific prejudice or harm will result" if the information is disclosed, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation omitted).

## ARGUMENT

The Opposition contains information designated as confidential by third parties under the

Protective Orders and Supplemental Protective Orders in *In re: Qualcomm Antitrust Litigation*, No. 17-md-02773-LHK-NMC (N.D. Cal.) ("MDL Action"); *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-md-02773-LHK-NMC (N.D. Cal.) ("FTC Action"); and *Apple, Inc. v. Qualcomm Incorporated*, No. 17-cv-0108-GPC-MDD ("S.D. Cal. Action") (together, the "Protective Orders").  Qualcomm moves to file this information under seal for the reasons detailed below.

Portions of the Opposition contain excerpts of and/or statements derived from documents and testimony designated as "Highly Confidential—Attorneys' Eyes Only" by the following third parties under the Protective Orders:  Apple Inc. ("Apple"), Broadcom Inc. ("Broadcom") and Intel Corp. ("Intel").  (*See* Bornstein Declaration ¶ 5.)  Qualcomm contacted these non-parties on September 20, 2018, requesting that they provide declarations supporting the sealing of the above-referenced information.  Broadcom did not respond to Qualcomm's September 20 request prior to the September 24, 2018 filing of this Motion to Seal.  Apple and Intel provided supporting declarations.  On September 24, 2018, Qualcomm informed Apple, Broadcom and Intel that because of revisions to its filings Qualcomm intended to use different information from those third parties than Qualcomm had identified to them on September 20, 2018.  Apple provided a new declaration supporting the sealing of the above-referenced information.  (Declaration of Edward H. Takashima on Behalf of Non-Party Apple Inc. in Support of Defendant Qualcomm Incorporated's Administrative Motions to File Under Seal, dated September 24, 2018, ¶¶ 5-6.)  Intel informed Qualcomm that it would be unable to provide an updated declaration before the filing of this Motion to Seal.  Broadcom did not respond to Qualcomm's September 24, 2018 update by the time of this filing.

Qualcomm has conferred with the FTC and informed the FTC that third parties have represented to Qualcomm that the information described above is confidential.  In light of that representation, the FTC joins this motion.  The FTC takes no position as to the merits of the request to seal the information.

## CONCLUSION

Accordingly, with the FTC taking no position on the matter, Qualcomm respectfully

1   moves this Court to keep sealed portions of the Opposition.  Filed concurrently herewith are
2   declarations from counsel for both parties attesting to compliance with the requirements of the
3   Court's September 5, 2018 order regarding administrative motions to seal (Dkt. 821).

Dated: September 24, 2018

CRAVATH, SWAINE & MOORE LLP,


        */s/ Gary A. Bornstein*
          Gary A. Bornstein
          Yonatan Even
Worldwide Plaza
  825 Eighth Avenue
    New York, NY 10019
      Tel: (212) 474-1000
        Fax: (212) 474-3700
          gbornstein@cravath.com
          yeven@cravath.com

Robert A. Van Nest
Justina K. Sessions
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
  633 Battery Street
    San Francisco, CA 94111-1809
      Tel: (415) 391-5400
        Fax: (415) 397-7188
          rvannest@keker.com
          abhansali@keker.com
          epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
  101 Park Avenue
    New York, NY 10178-0060
      Tel: (212) 309-6000
        Fax: (212) 309-6001
          richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
  1111 Pennsylvania Ave. NW
    Washington, DC 20004-2541
      Tel: (202) 739-3000
        Fax: (202) 739 3001
          willard.tom@morganlewis.com

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP

.                                        5                Case No. 17-CV-0220-LHK-NMC
                                                   Joint Administrative Motion for an Order To
                                                                         File under Seal

One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

FEDERAL TRADE COMMISSION

/s/ *Jennifer Milici*
Jennifer Milici

Jennifer Milici (D.C. Bar No. 987096)
Joseph R. Baker (D.C. Bar No. 490802)
Wesley G. Carson (D.C. Bar No. 1009899)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Telephone: 202-326-3695
Facsimile: 202-326-3496
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*