KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest - # 84065
rvannest@keker.com
Eugene M. Paige - # 202849
epaige@keker.com
Justina Sessions - # 270914
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom *(pro hac vice)*
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DEFENDANT QUALCOMM'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING REQUEST, DECLARATIONS AND EXHIBITS** |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendant Qualcomm Incorporated ("Qualcomm") and the Federal Trade Commission (the "FTC") hereby jointly move the Court to issue an administrative order authorizing the filing under seal of certain portions of Defendant Qualcomm's Opposition To Motion For Partial Summary Judgment (the "Opposition") and Supporting Request for Judicial Notice, Declarations and Exhibits (collectively, the "Supporting Documents"). In accordance with the Court's Local Rules, public, redacted versions of Qualcomm's Opposition and Supporting Documents have been filed. Neither Qualcomm nor the FTC have requested that any information filed herewith be sealed. This motion applies only to information identified by third parties as confidential or otherwise appropriate for sealing, and neither the FTC nor Qualcomm takes a position on sealing the information at issue. Qualcomm will file, or it has been informed that the third parties who have requested that certain information be sealed will file, supporting declarations in accord with this Court's Order (ECF 821).

## LEGAL STANDARD

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). Where a party seeks to file under seal documents designated as confidential by an opposing party or non-party pursuant to a protective order, the submitting party "must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential." Civ. L. R. 79-5(e). The burden then falls to the party that has previously designated the material as confidential to establish that the designated material is sealable. *Id*.

Courts apply a "strong presumption in favor of access" to court records. *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, sealing may be justified to prevent judicial documents from exposing trade secrets or being used as business information that might harm a litigant's competitive standing. *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *1; *United States v. Zhang*, 590 Fed. App'x 663, 665 (9th

1

Admin. Motion To File Under Seal
Case No. 5:17-cv-00220-LHK-NMC

Cir. 2014) (notifying users of trade secrecy and restricting access protected trade secret interest). Courts frequently grant requests to seal such confidential business documents where the company has a strong interest in maintaining confidentiality regarding its technology and internal business operations. *See, e.g., In re iPhone Antitrust Litig.*, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013); *see also Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *2 (N.D. Cal. Dec. 2, 2015) (granting motion to seal exhibit that contains company's sensitive, proprietary business strategy and financial information).

When evaluating the application, a court must "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records sealed. *Id.* at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (a court should weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture"). Relevant factors to be considered by the court include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6. Even where a case generates a great deal of public interest, "it does not necessarily follow that the public has a legally cognizable interest in every document filed," especially where the release of information will cause competitive harm to a business. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221-22, 1226 (Fed. Cir. 2013).

## ARGUMENT

**A.     Qualcomm's Opposition, Request For Judicial Notice, And Exhibits To The Declaration Of Geoffrey T. Holtz Contain Third-Party Trade Secrets And Confidential Information**

Qualcomm does not ask the Court to seal any Qualcomm information submitted with its Opposition. Rather, Qualcomm's Opposition, Request for Judicial Notice, and exhibits to the Declaration of Geoffrey T. Holtz ("Holtz Declaration") contain information designated as confidential by third parties under the governing Protective Orders and Supplemental Protective Orders in *In re: Qualcomm Antitrust Litigation*, No. 17-md-02773-LHK-NMC (N.D. Cal.) ("MDL Action"); *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-00220-

2                                    Admin. Motion To File Under Seal
                                        Case No. 5:17-cv-00220-LHK-NMC

1  LHK-NMC (N.D. Cal.) ("FTC Action"); and *Apple, Inc. v. Qualcomm Incorporated*, No. 17-cv-
2  0108-GPC-MDD ("S.D. Cal. Action") (together, "Protective Orders").  *See* Declaration of
3  Geoffrey Holtz in Support of Qualcomm's Administrative Motion to File under Seal, ¶¶ 2-5.
4  Qualcomm has met and conferred with the interested third parties and they have requested that
5  Qualcomm file the materials listed below under seal.  Qualcomm understands that the interested
6  third-parties will provide declarations in support of this Motion to seal either with this Motion or
7  within seven days, per the Court's Order (ECF 821).

Specifically, Qualcomm's Opposition contains and references the following information designated by third parties Nokia Technologies OY and Nokia USA Inc. (collectively, "Nokia"); Ericsson Inc. ("Ericsson"); InterDigital, Inc. ("InterDigital"); Via Licensing Corporation ("Via Licensing"); Samsung Electronics Co. Ltd. and Samsung Semiconductor, Inc. (collectively, "Samsung"), and MediaTek USA Inc. and MediaTek Inc. (collectively, "MediaTek") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Orders:

**Table 1: Proposed Redactions In Qualcomm's Opposition**

| Page and Line Number | Party Requesting |
| --- | --- |
| 8:18-26 | Nokia |
| 9:6-11 | Ericsson |
| 9:10-11 | Huawei |
| 9:16-23 | InterDigital |
| 9:25-10:2 | MediaTek |
| 10:2-4 | Intel |
| 10:4-8 | MediaTek, Marvell, Ericsson |
| 10:8-9 | Samsung |
| 21:16-19 | Via Licensing |

Additionally, Exhibits 22-27, 31 and 36 to the Holtz Declaration are or contain the following materials that have been designated confidential by third parties under the Protective Orders:

**Table 2: Requested Exhibits Under Seal**

| Document | Portion Under Seal | Party Requesting |
|---|---|---|
| Exhs. 22 and 27 | Partial | Nokia |
| Exh. 23 | Partial | Ericsson |
| Exh. 24 | Entire exhibit | InterDigital |
| Exh. 25 | Entire exhibit | MediaTek |
| Exh. 26 | Entire exhibit | Samsung |
| Exh. 31 | Entire exhibit | Via Licensing |
| Exh. 36 | Entire exhibit | Huawei, Ericsson |

Exhibit 17-20 to Qualcomm's Request for Judicial Notice contains licensing information designated as confidential by third parties Ericsson, MediaTek, Intel Corporation ("Intel"), and Marvell Semiconductor, Inc. ("Marvell").

The information above describes internal trade secret discussions about business partners, potential competitors, and licensing practices, as well as confidential contractual terms between themselves and other third parties or nonparties. *See*, *e.g.*, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing confidential business information, which if disclosed could cause harm to the parties). Qualcomm has been informed that this information retains independent economic value from not being generally known to, and not being readily ascertainable through proper means to the general public. *See* Declaration of Geoffrey Holtz in Support of Qualcomm's Administrative Motion to File under Seal, ¶ 2; 18 U.S.C. § 1839(3)(B). If disclosed, this information would cause respective third-parties competitive and commercial harm because it would provide competitors and counterparties insights into the third parties'

business that they would not otherwise have, and could disadvantage third-parties in future negotiations with potential licensees and customers. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569–70.

### B. The Declarations Of Edward G. Tiedemann, Jr. And Lorenzo Casaccia Contain Copyrighted Information Accessible Only After Payment

Exhibits 1-15 to the Declaration Of Dr. Edward G. Tiedemann, Jr. in support of Qualcomm's Opposition ("Tiedemann Declaration") and Exhibits 1-10 of the Declaration Of Lorenzo Casaccia in support of Qualcomm's Opposition ("Casaccia Declaration") contain the complete published versions of standards sold by third parties the Telecommunications Industry Association ("TIA") and the Alliance for Telecommunications Industry Solutions ("ATIS"). These standards are copyrighted and accessible only through purchase. Declaration of Geoffrey Holtz in Support of Qualcomm's Administrative Motion to File under Seal, ¶ 6. If made publically accessible, these standards could lose commercial value, thus depriving TIA and ATIS of their ability to profit from their intellectual property. The presence of a complete copy of copyrighted work on the public docket, available for public download, poses risks of material commercial harm. *See Bartech Int'l, Inc. v. Mobile Simple Solutions, Inc.*, 2016 U.S. Dist. LEXIS 59852 (D. Nev. May 5, 2016) (granting motion to seal copyrighted source code in copyright infringement/trade secrets misappropriation action); *Viable Solutions, LLC v. Solace Consulting, LLC*, 2009 WL 2590284 (W.D.N.C. Aug. 17, 2009) (granting motion to seal plaintiff's and defendant's works in copyright infringement action); *Corbello v. DeVito,* 2011 U.S. Dist. LEXIS 124774, *4-7 (D. Nev. Oct. 27, 2011) (same), *rev'd on other grounds*, 777 F.3d 1058 (9th Cir. 2015). As the *Corbello* court held, "[m]aking the entire Jersey Boys Script publically and digitally available through the Court's PACER and ECF system greatly compromises the opportunity to exploit the various subsidiary rights and/or their value because the digital copy can be easily, literally and quickly reproduced in its entirety and pirated." *Id*. at *6; *accord id.* at *4 ("disclosure of the Jersey Boys DVD could reasonably become a vehicle for improper purposes,

1  such as unauthorized reproduction, distribution and viewing").

2  Qualcomm has conferred with the FTC and represented that it has been informed that
3  third parties have requested that the information described above is confidential or otherwise
4  appropriate for filing under seal.  In light of that representation, the FTC joins this motion.  The
5  FTC takes no position as to the merits of Qualcomm's request to seal the information.

## **CONCLUSION**

Accordingly, at the request of third-parties, and with the FTC taking no position on the matter, Qualcomm respectfully moves this Court to keep sealed the portions of Qualcomm's Opposition To Motion For Partial Summary Judgment and accompanying exhibits as described above and in accordance with the proposed redactions filed as attachments to Qualcomm's Administrative Motion to File under Seal. Filed concurrently herewith are declarations from counsel for both parties attesting to compliance with the requirements of the Court's September 5, 2018 order regarding administrative motions to seal (Dkt. 821).

Dated:  September 24, 2018                     MORGAN, LEWIS & BOCKIUS LLP

*/s/ Geoffrey T. Holtz*
Geoffrey T. Holtz

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

FEDERAL TRADE COMMISSION


*/s/ Jennifer Milici*
Jennifer Milici

Jennifer Milici (D.C. Bar No. 987096)
Joseph R. Baker (D.C. Bar No. 490802)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wesley G. Carson (D.C. Bar No. 1009899)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Telephone: 202-326-3695
Facsimile: 202-326-3496
jmilici@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

8

Admin. Motion To File Under Seal
Case No. 5:17-cv-00220-LHK-NMC