SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
ghalling@sheppardmullin.com
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
mscarborough@sheppardmullin.com
MONA SOLOUKI, Cal. Bar No. 215145
msolouki@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:    415.434.3947

Attorneys for Non-Parties
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG SEMICONDUCTOR, INC. and
SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant | Case No. 5:17-cv-00220-LHK<br><br>The Hon. Lucy H. Koh<br><br>**DECLARATION OF DAVID CHONG IN SUPPORT OF PARTY'S JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

SMRH:487889782.1

CHONG DECL. I/S/O JOINT
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS

I, David Chong, do declare and state as follows:

1. I am a Principal Legal Counsel with responsibility for Global Legal Affairs. I have been employed at Samsung Electronics Co. Ltd. since 2011, and in the course of my responsibilities have become familiar with Samsung's treatment of its trade secrets and other proprietary business information, such as those outlined below. I make this declaration on behalf of non-party Samsung Electronics Company Ltd., Samsung Semiconductor Inc., and Samsung Electronics America Inc. (collectively "Samsung") in this action in support of the Federal Trade Commission's and Qualcomm's Joint Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5. The administrative motion seeks to file under seal filings related to: (1) FTC's Opposition to Qualcomm's Motion to Strike Portions of the Rebuttal Report of Dr. Robert Akl; and (2) Qualcomm's Opposition to the FTC's Motion For Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. It is my understanding that, in response to compulsory process, non-party Samsung has produced to the parties in this litigation certain documents and information designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order entered in the FTC litigation (Dkt. No. 81), the Stipulated Protective Order entered in the MDL litigation on May 29, 2017 (Dkt. No. 46), the Protective Order entered in the S.D. Cal. litigation (Dkt. No. 163), and the Samsung Supplemental Protective Order (Dkt. Nos. 415 and 420).

3. I have reviewed selected portions of the FTC's Opposition to Qualcomm's Motion to Strike Portions of the Rebuttal Report of Dr. Robert Akl, and the Lasinski's Opening Expert Report lodged as an exhibit thereto – all filed and lodged on September 24, 2018. I have also reviewed selected portions of Qualcomm's Opposition to the FTC's Motion For Partial Summary Judgment On Qualcomm's Standard Essential Patent Licensing Commitments, and an exhibit containing excerpts from the Kim Deposition – filed and lodged on September 24, 2018.

-1-

CHONG DECL. I/S/O JOINT
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS

4.      I understand that the parties will file Joint Administrative Motions to File Under Seal on September 24, 2018 pursuant to this Court's September 5, 2018 Order On Procedures For Administrative Motions To Seal (Dkt. 821). The FTC gave non-party Samsung notice of its filing and provided the Samsung-specific unredacted documents on Thursday, September 20, 2018. Qualcomm initially gave notice to non-party Samsung on September 17, 2018, but provided supplemental notice of additional Samsung documents at issue on Friday, September 21, 2018.

5.      Pursuant to Civil Local Rules 7-11 and 79-5, the Stipulated Protective Order, and the Order on Procedures for Administrative Motions to Seal, I make this declaration in support of maintaining under seal the following portions of documents: (1) Figure 43 of the Lasinski Opening Expert Report, lodged as an exhibit to the FTC's Opposition to Qualcomm's Motion to Strike Portions of the Rebuttal Report of Dr. Robert Akl; and (2) excerpts from the Kim Deposition, lodged as an exhibit to Qualcomm's Opposition to the FTC's Motion For Partial Summary Judgment On Qualcomm's Standard Essential Patent Licensing Commitments.

6.      As explained more fully below, Figure 43 of the Lasinski Opening Expert Report contains highly confidential information regarding Samsung's ongoing licensing terms with a number of major patent holders, while the Kim Deposition details Samsung's licenses and reveals internal licensing strategies and considerations. Samsung is seeking to seal contemporaneous information regarding Samsung's ongoing licenses and licensing practices, not stale information that no longer reflects the realities of Samsung's current business. Disclosure of Samsung's trade secrets and competitively sensitive information would significantly harm Samsung's business, including, *inter alia*, by allowing Samsung's licensors and competitors to formulate business counter-strategies based on the confidential submissions to the detriment of Samsung.

<u>Lasinski Opening Expert Report, ¶ 135, Figure 43</u>

<u>( Exhibit to the FTC's Opposition to Qualcomm's Motion to Strike Portions of the Rebuttal Report of Dr. Robert Akl)</u>

7.	Samsung respectfully requests that the Court seal Figure 43 of the Lasinski Opening Expert Report. Figure 43 is a chart containing information regarding the duration of the relevant releases and licenses agreed to by Samsung/Nokia, Samsung/Ericsson, and Samsung/InterDigital. The applicable term of the releases obtained by Samsung with various licensors is highly confidential, closely guarded, and competitively sensitive information within Samsung. Samsung limits disclosure of this information to only those individuals with the need to know.

8.	Public disclosure of this sensitive information would irreparably harm Samsung's future negotiating position vis-à-vis its licensors, like Qualcomm, Nokia, InterDigital, Ericsson, and others. For example, this information can be used by licensors to formulate counterstrategies against Samsung in future licensing negotiations, as well as by competitors to obtain similar or better licensing terms. Accordingly, Samsung respectfully requests that the Court grant Samsung's request to seal this chart revealing terms of Samsung's licenses.

**Excerpt from the Deposition of Dr. Yooseok Kim (Exhibit to Qualcomm's Opposition To the FTC's Motion For Partial Summary Judgment On Qualcomm's Standard Essential Patent Licensing Commitments)**

9.	Samsung respectfully requests that the Court seal pages 29 through 33 of the Kim Deposition because it reflects Samsung's internal ongoing licensing considerations for cellular patents, including describing existing licenses, licensing negotiations that did not work out, and licenses that Samsung decided not to pursue. Such information is competitively sensitive, the secrecy and confidentiality of which Samsung closely guards. Public disclosure of this sensitive information would irreparably harm Samsung's competitive position with respect to its licensees, who can use this information to formulate licensing counterstrategies in future negotiations to Samsung's detriment.

10.	While I understand that the proceedings in this Court are generally open to the public, this right of access should not be freely extended to Samsung's licensors, competitors and business counterparties to Samsung's detriment.

11. Samsung has narrowly tailored this sealing request to one chart and one deposition excerpt. Sealing is necessary to protect Samsung's current and future licensing and negotiating positions in its chipset business. Accordingly, Samsung respectfully requests that the Court grant Samsung's request to seal.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on September 24, 2018 at Suwon Korea.

_____
DAVID CHONG

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I , Gary L. Halling, attest that the signatory of this document, and on whose behalf the filing is submitted, concurs with the filing's content and has authorized the filing.

Dated: September 27, 2018

SHEPPARD MULLIN RICHTER & HAMPTON LLP

*/s/ Gary L. Halling*

GARY L. HALLING

-5-

SMRH:487889782.1

CHONG DECL. I/S/O JOINT ADMINISTRATIVE MOTION TO SEAL DOCUMENTS