Steven C. Holtzman (SBN 144177)
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
Email: sholtzman@bsfllp.com

*Attorneys for Non-Parties*
*MediaTek USA Inc. and MediaTek Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> Plaintiff, <br> v. <br> QUALCOMM INCORPORATED, a Delaware corporation, <br> Defendant. | Case No. 5:17-cv-00220-LHK-NMC <br><br> The Honorable Lucy H. Koh <br><br> **DECLARATION OF SMITH S. HUANG IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 872)** |

### DECLARATION OF SMITH S. HUANG

1. I am in-house counsel for Non-Party MediaTek Inc., and I have personal knowledge of the matters set forth in this declaration. If called upon as a witness, I could and would testify competently.

2. I respectfully submit this declaration in support of the joint Administrative Motion to File Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (Dkt. No. 872) of the plaintiff Federal Trade Commission and defendant Qualcomm Incorporated ("Motion").

3. Between September 17, 2018 and September 24, 2018, Qualcomm notified MediaTek's outside counsel of an intent to file under seal (i) excerpts of a request for information propounded to MediaTek by the Korean Fair Trade Commission (the "KFTC RFI Response"), and (ii) excerpts

from the deposition of John Finbarr Moynihan, a MediaTek employee (the "Moynihan Deposition Excerpts").

4. I understand that Qualcomm has filed the KFTC RFI Response as Exhibit 20 to its Request for Judicial Notice in Opposition to Motion For Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments (Dkt. 871). The KFTC RFI Response on its face provides that "Pursuant to Article 62 of the Monopoly Regulation and Fair Trade Act, your answers will be kept as confidential information and will not be used for any purpose other than enforcement of the said act. Thus, we would appreciate if you could provide answers in maximum details based on facts."

5. I was involved in the preparation of the KFTC RFI Response. MediaTek relied on the assurance of confidentiality recited in the KFTC RFI Response in preparing the KFTC RFI Response. Absent such assurance, MediaTek's willingness to provide the RFI Response with reference to "maximum details based on facts" of MediaTek's position with regard to the licensing of cellular standard essential patents ("SEPs") would have been chilled, possibly affecting the integrity of the KFTC's investigation of Qualcomm. MediaTek's position with regard to the licensing of cellular SEPs is highly confidential information not to be disclosed to third-parties absent confidentiality and non-disclosure obligations.

6. Qualcomm has not provided a citation to the location in the record of the sealed Moynihan Deposition Excerpts. The Moynihan Deposition Excerpts contain information MediaTek designated as MEDIATEK HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Orders in this action, including the Protective Order and MediaTek Supplemental Protective Orders in the FTC Litigation (Doc. Nos. 81, 205), the Protective Order in the MDL Litigation (Doc. Nos. 46), and the Protective Order in the SD Cal Litigation (Doc. No. 163) (together, "Protective Orders").

7. Pages 222:18-22 and 223:6-25 of the Moynihan Deposition Excerpts contain information about MediaTek's understanding of the practices and policies of certain third-party licensors of cellular SEPs. I have discussed this portion of the Moynihan Deposition Excerpt with Mr. Moynihan, and learned that this information was learned by Mr. Moynihan in the course of non-public, confidential licensing and/or chipset sales negotiations which were covered by confidentiality and non-disclosure obligations.

8. MediaTek keeps the details of its commercial negotiations strictly confidential to avoid undue prejudice to MediaTek and those parties through the disclosure of commercially sensitive information. Public disclosure of such information would impede MediaTek's ability to maintain and develop business relationships and harm third parties by revealing sensitive information regarding their policies and practices, and potentially information about their confidential product design and/or product costs. MediaTek enters into non-disclosure agreements with its commercial counterparties to avoid precisely this harm.

9. Pages 97:10–98:10 and 350:20–353:9 of the Moynihan Deposition Excerpts relate to MediaTek's competitive strategy and positioning with respect to the market for the development, manufacture and sale of 5G baseband chipsets. I have discussed this portion of the Moynihan Deposition Excerpts with Mr. Moynihan, and confirmed that MediaTek keeps the details of its competitive strategy, and its research and development activities, strictly confidential to avoid undue prejudice to MediaTek through the disclosure of competitively sensitive information. The materials disclosed in pages 97:10–98:10 and 350:20–353:9 of the Moynihan Deposition Excerpts include statements about MediaTek's decision making and capabilities regarding research and development of new products, and MediaTek's competitive strategies and capabilities. Public disclosure of such information would place MediaTek at a competitive disadvantage by offering competitors insight into MediaTek's strategies, capabilities, policies, and product innovations.

10. Because this confidential information cannot be disclosed to the public without causing harm, this information should be protected by redacting any reference to this information in public filings.

11. For these reasons, MediaTek respectfully requests that the KFTC RFI Response and the Moynihan Deposition Excerpts be sealed.

**I declare under penalty of perjury that the foregoing is true and correct. This declaration is executed on this 27th day of September, 2018.**

By: /s/ Smith S. Huang

Smith S. Huang