Ryan W. Koppelman
CA Bar No. 290704
ryan.koppelman@alston.com
**ALSTON & BIRD LLP**
1950 University Avenue
5th Floor
East Palo Alto, CA 94303-2282
Phone: 650.838.2000
Fax:     650.838.2001

**ATTORNEY FOR *AMICUS CURIAE*
NOKIA TECHNOLOGIES OY**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NOTICE OF MOTION AND MOTION OF NOKIA TECHNOLOGIES OY FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT QUALCOMM INCORPORATED'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:          October 18, 2018<br>Time:         1:30 pm<br>Location:   San Jose Courthouse, Courtroom 8<br>Judge:       Hon. Lucy H. Koh |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Nokia Technologies Oy ("Nokia") hereby moves the Court for leave to submit an *amicus curiae* brief in support of Qualcomm Incorporated's ("Qualcomm") Opposition to Motion for Partial Summary Judgment (Dkt. No. 872-3). The proposed *amicus curiae* brief is attached as Exhibit 1, and a Proposed Order is attached as Exhibit 2. This motion will be heard on October 18, 2018 at 1:30 pm, or as otherwise set by the Court. Though Nokia submits this Motion for Leave, this motion may be suitable for resolution without a hearing.

## I.  STANDARD FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

The Ninth Circuit has held that a district court has broad discretion in the appointment of *amicus curiae*. *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995)). There are no strict prerequisites to qualify as an *amicus curiae*; rather, the party must "merely make a showing that [its] participation is useful to or otherwise desirable to the court." *Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, No. C 02-5772 JF(RS), 2006 WL 3050849, at *3 (N.D. Cal. Oct. 23, 2006) (citation omitted). Accordingly, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

## II.  STATEMENT OF IDENTIFY AND INTEREST OF *AMICUS CURIAE*

*Amicus curiae* is Nokia Technologies Oy.[1] Nokia[2] is a leading innovator in the telecommunications industry. Nokia has cumulatively invested approximately $140 billion in

---

[1] No counsel for any of the parties authored any portion of this brief. No entity other than *amicus curiae* Nokia Technologies Oy monetarily contributed to the preparation or submission of this brief.

[2] References to Nokia in this section include Nokia Technologies Oy and its parent, Nokia Oy, and its affiliates.

research and development relating to mobile communications over the past two decades, and as a result of this commitment, currently owns over 20,000 patent families.  Nokia has also played a prominent role in developing technologies that are incorporated in the 2G, 3G, and 4G mobile cellular standards that have been vital to the success of the global mobile telecoms market.  Nokia is a significant owner of cellular standards essential patents ("SEPs"), and has a significant number of licensees to those cellular SEPs.  Nokia remains at the forefront of developing cellular technologies, including in emerging 5G standards, and continues to contribute technologies covered by its patented inventions as well as to renew its industry-leading patent portfolio.

Nokia also has been for many years and continues to be one of the largest manufacturers of wireless, fixed, and optical telecommunications network equipment, and continues to invest heavily in related research and development, including over $5.5 billion in 2017.  As part of its ongoing businesses, which employ over 100,000 and operate in around 130 countries, Nokia has also negotiated and secured licenses to cellular SEPs owned by other industry players.

Nokia has been involved in numerous patent cases in U.S. district courts, both as a plaintiff and a defendant, including cases involving SEPs.

### III.    PERSPECTIVE PROVIDED BY *AMICUS CURIAE*

As a leading innovator in the telecommunications industry and active participant in standards development, Nokia's perspective will assist the Court in evaluating issues raised in FTC's Motion for Partial Summary Judgment.  Nokia's understanding is that the various 3GPP and 3GPP2 Organizational Partner IPR Policies have not required SEP owners to license cellular SEPs at the component level.  For international standards, like the 3GPP and 3GPP2 standards that govern cellular telecommunications, consistency in (F)RAND license obligations across Organizational Partners is necessary to ensure that SEP owners and implementers do not potentially face a patchwork of differing practices across different jurisdictions.  The FTC's Motion for Partial Summary Judgment, however, contravenes industry norms and would lead to the ATIS and TIA IPR Policies being inconsistent with the ETSI IPR Policy.  The FTC's

arguments regarding the interpretations of the ATIS and TIA IPR Policies are novel and surprising, and could have unintended consequences for other SEP holders and the industry at large.  Thus, Nokia's participation concerns "potential ramifications beyond the parties directly involved." *Sonoma Falls Developers*, 272 F. Supp. 2d at 925.

### IV.   CONCLUSION

For the reasons set forth herein, Nokia respectfully requests that the Court grant this Motion for Leave to File an *Amicus Curiae* Brief in Support of Defendant Qualcomm Incorporated's Opposition to Motion for Partial Summary Judgment.

Nokia has conferred with counsel for the parties.  Counsel for Qualcomm does not oppose this Motion.  Counsel for the FTC has not responded to provide its position on the Motion.

Respectfully submitted,

Date: October 3, 2018

/s/ Ryan W. Koppelman
Ryan W. Koppelman
CA Bar No. 290704
ryan.koppelman@alston.com
**ALSTON & BIRD LLP**
1950 University Avenue
5th Floor
East Palo Alto, CA 94303-2282
Phone: 650.838.2000
Fax:     650.838.2001

**ATTORNEY FOR *AMICUS CURIAE* NOKIA TECHNOLOGIES OY**