Jennifer Milici, D.C. Bar No. 987096
Joseph R. Baker, D.C. Bar No. 490802
Geoffrey M. Green, D.C. Bar No. 428392
Rajesh James, N.Y. Bar No. 4209367
Daniel Matheson, D.C. Bar No. 502490
Kenneth H. Merber, D.C. Bar No. 985703
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3695; (202) 326-3496 (fax)
*jmilici@ftc.gov*

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　　　Plaintiff<br><br>　　　　v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br>　　　　Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**FEDERAL TRADE COMMISSION'S RESPONSE TO BRIEF OF *AMICUS CURIAE* NOKIA TECHNOLOGIES REGARDING FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　　　October 18, 2018<br>Time:　　　　1:30 p.m.<br>Courtroom:　8, 4th Floor<br>Judge:　　　Hon. Lucy H. Koh |

*Amicus* Nokia Technologies ("Nokia") does not present any argument regarding the plain language of the two IPR policies that are the subject of the FTC's motion for partial summary judgment. Nor does Nokia—which previously informed the European Commission that Qualcomm's FRAND obligations required Qualcomm to license rival modem-chip suppliers[1]—present evidence that the industry has always believed the opposite to be true. Nokia does, however, make sweeping and unsubstantiated policy claims regarding the potential consequences of construing the ATIS and TIA IPR policies according to their plain language. Nokia misconstrues the FTC's motion. The motion asks the Court to interpret the plain language of Qualcomm's commitments under the IPR policies as written, pursuant to California contract law, not to determine what FRAND means in the abstract or to declare how SSOs ought to draft their IPR policies.

Nokia's arguments miss the mark in other ways. Contrary to Nokia's suggestion, the FTC does not contend that Qualcomm's commitments to ATIS and TIA compel Qualcomm to license modem-chip rivals and to refrain from licensing handset manufacturers. Instead, these commitments require Qualcomm to "make licenses available" to modem-chip suppliers that request such licenses. (FTC Mot., ECF No. 792, at 1.) If Qualcomm's anticompetitive conduct is addressed and remedied, market forces will decide whether modem-chip or handset-level licensing (or some combination of the two) is most efficient.[2]

Nokia suggests that construing the ATIS and TIA IPR policies according to their plain meaning is unnecessary because "component manufacturers . . . have access to any SEPs they

---

[1] Reply Ex. 25, at 46 (Nokia Complaint Against Qualcomm Inc., Feb. 13, 2006) (representing to the European Commission that Qualcomm's termination of Texas Instruments' license "would breach Qualcomm's duty to license on FRAND terms, after having induced SSOs to base the CDMA and UMTS/WCDMA standards on Qualcomm's technology"); *id.* (describing Qualcomm's commitments as "unequivocal" in this regard).

[2] That said, Qualcomm has claimed that modem-chip-level licensing is efficient—at least when the licensee is Qualcomm itself. (Opp. at 10 n.3.) If Qualcomm's efficiency claims are valid, similar efficiencies may arise from other modem-chip suppliers licensing Qualcomm's cellular SEPs on FRAND terms.

1

FTC'S RESPONSE TO BRIEF OF *AMICUS CURIAE* NOKIA TECHNOLOGIES
REGARDING FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 17-cv-00220-LHK-NMC

might require through the 'have made' rights granted to the sellers of . . . end user products." (Nokia Br. at 8.) Nokia's argument does not find support in the ATIS and TIA policies themselves.[3] Moreover, the "long-standing practice" (*id.*) of a non-party that "primarily declares its patents through ETSI" (*id.* at 2) is not a reason for the Court to depart from the plain language of the ATIS and TIA policies.

Finally, according the ATIS and IPR policies their plain meaning would not create a "patchwork of confusing requirements" (*id.* at 9), even if one assumed that those policies differ from IPR policies adopted by other 3GPP or 3GPP2 organizational partners.[4] SEP holders choose the organizational partners to whom they make FRAND commitments,[5] and those voluntary commitments are international, not regional, in scope.[6] In any event, Nokia's argument has no bearing on the proper interpretation of FRAND commitments that Qualcomm has already made through ATIS and TIA.

For the reasons stated above, Nokia's arguments should be rejected and the FTC's motion granted.

---

[3] Even the ETSI IPR policy, on which Nokia generally relies, provides a licensed handset manufacturer the right to "have made customized components . . . *to the licensee's own* design," Nokia Br. at 3–4 (emphasis added), but does not protect unlicensed suppliers that develop modem chips of their own design. *Cf. Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 233 (D. Del. 2001).

[4] The FTC does not concede that construing the ATIS and TIA policies according to their plain language would create any inconsistency among relevant IPR policies. While not the subject of the FTC's motion, the ETSI IPR policy also requires Qualcomm to make licenses available to modem-chip competitors—as Nokia itself has asserted in the past. (FTC Mot. at 2 n.5; FTC Reply at 13 n.35 & 15 n.42.)

[5] *See, e.g.*, Nokia Br. at 2 ("Nokia primarily declares its patents through ETSI").

[6] Mot. Ex. 29 (Letter from Thomas Rouse, Qualcomm, to Thomas Goode, ATIS General Counsel, July 23, 2012 (committing to license patents granted not only in the United States, but also in a host of other countries)).

|   |   |
|---|---|
| Dated: October 11, 2018 | Respectfully submitted,<br><br>*/s/ Jennifer Milici*<br>JENNIFER MILICI<br>JOSEPH R. BAKER<br>GEOFFREY M. GREEN<br>RAJESH JAMES<br>DANIEL MATHESON<br>KENNETH H. MERBER<br>MARK J. WOODWARD<br><br>*Attorneys for Plaintiff Federal Trade Commission* |