KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom *(pro hac vice)*
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S OBJECTIONS TO REPLY EVIDENCE FILED BY THE FTC IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:     October 18, 2018<br>Time:     1:30 p.m.<br>Dept.:    Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh<br><br>Trial Date: January 4, 2019 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Objections to Reply Evidence Filed in Support
of Motion for Partial Summary Judgment
Case No. 5:17-cv-00220-LHK-NMC

Pursuant to Civ. L.R. 7-3(d)(1), Qualcomm Incorporated objects to reply evidence filed by the FTC in support of its motion for partial summary judgment, and to new arguments raised for the first time therein. (ECF Nos. 893-0, 893-1, 893-2.) Qualcomm objects on the basis of both inadmissibility and unfair prejudice.

**Reply Exhibits 6 & 7**: Qualcomm objects to the web pages titled "Certifiable Technologies" and "Certified Platforms" from the Global Certification Forum ("GCF") website as irrelevant and confusing, as hearsay, improperly authenticated and incomplete. Fed. R. Evid. 402, 403, 901, 602, 802, 106. First, the exhibits are irrelevant to the FTC's assertion that a modem chip "can be certified for compliance with cellular standards." (Reply at 4 n.6.) Exhibit 7 states that a chipset can be a "certified platform" that is integrated with other platforms into a single "certified product" (Reply Ex. 7). Other information on GCF's website shows that GCF tests products for compliance with its own "Certification Criteria," not for compliance with ATIS or TIA standards.[1] Second, the exhibits are inadmissible because the web pages are not properly authenticated and the declarant, counsel for the FTC, has no foundation to testify that the exhibits mean what the FTC alleges them to mean. *Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) (proper foundation must be laid for documents submitted in connection with summary judgment). Third, the FTC seeks to rely on the statements for the truth of what they purportedly (according to the FTC) assert, which is hearsay. Finally, the actual exhibits attached to the Milici Declaration are incomplete as words are cut-off or missing. On all these grounds, these exhibits should be excluded.

**Reply Exhibits 9-11, 15 and 22**: Qualcomm objects to (1) certain Qualcomm ASIC patent agreements (Reply Exs. 9-11), (2) a presentation to a cellular carrier in September 2005 (Reply Ex. 15), and (3) a purported Qualcomm webpage the FTC obtained from web.archive.org (Reply Ex. 22). The documents are irrelevant, confusing and unfairly prejudicial. Fed. R. Evid. 402; Fed. R. Evid. 403. The FTC relies on them to argue in its Reply that "undisputed evidence

---

[1] GCF, "Certification Process", https://www.globalcertificationforum.org/certification/certification-process.html (accessed Oct. 9, 2018).

shows that chip-level licensing is common in the industry." (Reply at 4 & nn.8-10; Reply at 11-12 & nn.28 and 29.) But, in its opening brief, the FTC specifically asserted that Qualcomm's "patent-related agreements with certain modem-chip sellers" addressed in the Exhibits "*were not licenses*", and that Qualcomm's "long-standing practice" has been to *not* license modem chips. (Mot. at 6.) It would be unfairly prejudicial to Qualcomm for the Court to allow the FTC to cite in its reply new evidence in support of a new argument that is contrary to the FTC's position in its Motion papers. The cited material should be excluded.

**Reply Exhibit 14**: Qualcomm objects to the excerpt from Qualcomm's 1998 motion for partial summary judgment in *Ericsson v. Qualcomm*, a patent infringement action. The FTC mischaracterizes the exhibit, and its inclusion in the reply without appropriate context is prejudicial to Qualcomm. Fed. R. Evid. 106 (requiring introduction of other writing that "in fairness ought to be considered at the same time"), Fed. R. Evid. 403 (unfair prejudice). Specifically, the FTC argues that the exhibit shows Qualcomm advocating for a chip-level license but omits critical information about the posture of the case, including (i) the products that had been accused of infringement, which included Qualcomm cellular phones and infrastructure equipment, and (ii) the fact that Qualcomm did not claim any entitlement to a license until Ericsson asserted its patents against Qualcomm and sought an injunction. (Reply Ex. 24 ¶ 11 (defining "infringing products" to include "CDMA portable phones" and "Base Station" equipment); *Id.* ¶¶ A, B (seeking injunction).)

**Reply Exhibit 21**: Qualcomm objects to the admissibility of the submission to a foreign government agency as hearsay and contrary to the best evidence rule. Fed. R. Evid. 802; Fed. R. Evid. 1002 ("an original writing . . . is required to prove its content"). The FTC cites to Exhibit 21 for the truth of the matters asserted therein, *i.e.* that the entity that made the submission has "very broad" cross-licenses that "may cover patents covering a wireless telecommunications standard". (Reply at 11 & n.26.) The FTC should have submitted those agreements so its contentions concerning the agreements could be assessed in light of their contents. By contrast, Qualcomm has referred to submissions to foreign agencies when entities reported having no or *de minimis* licenses to cellular SEPs, and such statements were against the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Objections to Reply Evidence Filed in Support
of Motion for Partial Summary Judgment
Case No. 5:17-cv-00220-LHK-NMC

entities' interests.  (Opp. at 10.)

**Reply Exhibits 24, 25, and 26**:  Qualcomm objects to the admissibility of the Second Amended Complaint for Patent Infringement in *Ericsson, Inc. v. Qualcomm, Inc.* (Reply Ex. 24) and Nokia's and Ericsson's complaints against Qualcomm to the European Commission (Reply Exs. 25 and 26).  These were mere allegations asserted by Nokia and Ericsson, but the FTC offers these documents as proof of the matters asserted in them (Reply at 12 & n.30; Reply at 13 & nn.35 and 36), and they are therefore inadmissible hearsay.

**Reply Exhibit 27**:  Qualcomm objects to the article "Why the ETSI IPR Policy Requires Licensing to All" by Karl Heinz Rosenbrock on a number of grounds.  This document, which the FTC presents as evidence of the truth of the matter asserted therein, is inadmissible hearsay and lacks proper authentication.  Fed. R. Evid. 802, 901; *Orr*, 285 F.3d at 777.  The FTC did not authenticate the printout with a declaration from the author and, instead, merely attached it to an attorney declaration.  Fed. R. Evid. 802, 901; *Orr*, 285 F.3d at 773-74.  Exhibit 27 is also improper because it purports to provide the Court with undisclosed expert testimony contrary to Fed. R. Civ. Proc. 26(a)(2).

*       *       *

In addition to the above objections and related thereto, the FTC improperly raised for the first time in its Reply papers two new arguments: (1) that Qualcomm's interpretation of the licensing commitments at issue must be rejected because it would produce "absurd results" contrary to California Civil Code § 1643 (Reply Part II.A.4), and (2) that certain non-exhaustive patent agreements entered into by Qualcomm are "licenses" demonstrating an industry practice of chip-level licensing (Reply at 11-12).  The FTC did not include either argument in its opening papers, or the cases and evidence it now cites in support thereof.  Courts routinely disregard or deem such arguments waived.  *See In re Capacitors Antitr. Litig.*, 2017 WL 897340 at *1 (N.D. Cal. 2017) (raising a new argument in reply is improper and "a classic form of sandbagging"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1035 (N.D. Cal. 2014) ("[T]he Court does not consider Yahoo's consent argument in its Reply because arguments raised for the first time in Reply briefs are waived") (citing *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.*, 2014 WL 1008183, at *14

(N.D. Cal. Mar. 7, 2014)); *Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers").  In the alternative, Qualcomm should be given the opportunity to respond to these newly raised arguments and evidence.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond"); *In re Yahoo, Inc. Customer Data Security Breach Litig.*, 2017 WL 3727318, at *50 n.16 (N.D. Cal. Aug. 30, 2017); *Landmark Screens, LLC v. Morgan, Lewis & Bockius*, 2010 WL 3629816, at *2 (N.D. Cal. Sept. 14, 2010), *vacated on other grounds*, 676 F.3d 1354 (Fed. Cir. 2012).

Dated:  October 11, 2018

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Geoffrey T. Holtz*
Geoffrey T. Holtz

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Objections to Reply Evidence Filed in Support
of Motion for Partial Summary Judgment
Case No. 5:17-cv-00220-LHK-NMC

| | |
|---|---|
| 1 | Richard S. Taffet *(pro hac vice)* |
| 2 | MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178-0060 |
| 3 | Tel.: (212) 309-6000<br>Fax: (212) 309-6001 |
| 4 | richard.taffet@morganlewis.com |

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Objections to Reply Evidence Filed in Support
of Motion for Partial Summary Judgment
Case No. 5:17-cv-00220-LHK-NMC