KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom *(pro hac vice)*
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 17-cv-0220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON QUALCOMM'S STANDARD ESSENTIAL PATENT LICENSING COMMITMENTS**<br><br>Date:     October 18, 2018<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br><br>Trial Date: January 4, 2019 |

Defendant Qualcomm Incorporated's Request for Judicial Notice in Support of Opposition to Motion for
Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments
Case No. 17-cv-220-LHK-NMC

## I.  INTRODUCTION

Pursuant to Federal Rule of Evidence 201, defendant Qualcomm Inc. ("Qualcomm") respectfully requests that the Court take judicial notice of the contents of the following documents that are attached to this request or to declarations accompanying Qualcomm's Opposition to the FTC's Motion for Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments ("Opposition"):

### Publicly Available Standards Related Documents

1. February 23, 2018 Decision of the American National Standards Institute ("ANSI") Executive Standards Council Appeals Panel, *available at*: https://share.ansi.org/Shared%20Documents/Standards%20Activities/American%20National%20Standards/Procedures,%20Guides,%20and%20Forms/ANSI%20Executive%20Standards%20Council%20(ExSC)%20Interpretations/ExSC_087_2017_091417_patent%20policy_022318%20amended.pdf.  **Exhibit 1**.

2. ANSI Essential Requirements, *available at* https://share.ansi.org/shared%20documents/Standards%20Activities/American%20National%20Standards/Procedures,%20Guides,%20and%20Forms/2017_ANSI_Essential_Requirements.pdf. **Exhibit 2**.

3. OneM2M List of Partners, *available at*: http://www.onem2m.org/about-onem2m/partners.  **Exhibit 3**.

4. 3GPP Partners, *available at*: http://www.3gpp.org/about-3gpp/partners.  **Exhibit 4**.

5. 3GPP2 Partners, *available at*: https://www.3gpp2.org/Public_html/Misc/PartnersHome.cfm.  **Exhibit 5**.

6. OneM2M Partnership Agreement, *available at*: http://www.onem2m.org/images/files/oneM2M_Partnership_Agreement.pdf.  **Exhibit 6**.

7. 3GPP Working Procedures, *available at*: http://www.3gpp.org/ftp/Information/Working_Procedures/3GPP_WP.pdf.  **Exhibit 7**.

8. 3GPP2 Working Procedures, *available at*: https://www.3gpp2.org/Public_html/DefiningDocs/Working_Procedures_v17.0_Approved_Augu

1

Defendant Qualcomm Incorporated's Request for Judicial Notice in Support of Opposition to Motion for
Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments
Case No. 17-cv-220-LHK-NMC

st2014.pdf. **Exhibit 8**.

    9.    ATIS Membership Listing, *available at*: http://www.atis.org/01_membership/members/. Exhibit 9.

    10.    List of TIA Members, *available at*: https://www.tiaonline.org/about/our-members/. **Exhibit 10**.

    11.    ETSI Intellectual Property Rights Policy, *available at*: https://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf. **Exhibit 11**.

    12.    Letters of assurance submitted by Nokia to ATIS and TIA, available at :http://www.atis.org/01_legal/patent-assurances/ and https://share.ansi.org/patent%20letters/forms/allitems.aspx. **Exhibit 12**.

    13.    Letters of assurance submitted by Ericsson to ATIS and TIA, available at http://www.atis.org/01_legal/patent-assurances/ and https://share.ansi.org/patent%20letters/forms/allitems.aspx. **Exhibit 13**.

    14.    Letters of assurance submitted by InterDigital to ATIS and TIA, available at http://www.atis.org/01_legal/patent-assurances/ and https://share.ansi.org/patent%20letters/forms/allitems.aspx. **Exhibit 14**.

**ATIS and TIA Standards**

    15.    The following ATIS standards attached as exhibits to the Declaration of Lorenzo Casaccia ("Cassacia Decl."):

- ATIS, "3rd Generation Partnership Project; Technical Specification Group Services and System Aspects; General Universal Mobile Telecommunications System (UMTS) architecture (Release 14)", ATIS.3GPP.23.101V1400 (March 2017). Casaccia Decl., Ex. 1.
- ATIS, "3rd Generation Partnership Project; Technical Specification Group Services and System Aspects; General Packet Radio Service (GPRS) enhancements for Evolved Universal Terrestrial Radio Access Network (E-UTRAN) access (Release 14)," ATIS.3GPP.23.401V1460 (December 2017). Casaccia Decl. Ex. 2.

- ATIS, "3rd Generation Partnership Project; Technical Specification Group Services and System Aspects; System Architecture for the 5G System; Stage 2 (Release 15)," ATIS.3GPP.23.501V1520 (June 2018).  Casaccia Decl., Ex. 3.
- ATIS, "3rd Generation Partnership Project; Technical Specification Group Services and System Aspects; Circuit Switched (CS) fallback in Evolved Packet System (EPS); Stage 2 (Release 14)," ATIS.3GPP.23.272V1420 (December 2017).  Casaccia Decl., Ex. 4.
- ATIS, "3rd Generation Partnership Project; Technical Specification Group Radio Access Network; Radio Resource Control (RRC); Protocol specification (Release 14)," ATIS.3GPP.25.331V1450 (December 2017).  Casaccia Decl., Ex. 5.
- ATIS, "3rd Generation Partnership Project; Technical Specification Group Radio Access Network; Evolved Universal Terrestrial Radio Access (E-UTRA); Radio Resource Control (RRC); Protocol specification (Release 14)," ATIS.3GPP.36.331V1451 (January 2018).  Casaccia Decl., Ex. 6.
- ATIS, "3rd Generation Partnership Project; Technical Specification Group Core Network and Terminals; Non-Access Stratum (NAS) protocol for Evolved Packet System (EPS); Stage 3 (Release 14)," ATIS.3PP.24.301V1460 (December 2017).  Casaccia Decl., Ex. 7.
- "3rd Generation Partnership Project; Technical Specification Group Radio Access Network; Evolved Universal Terrestrial Radio Access (E-UTRA) and Evolved Packet Core (EPC); Common test environments for User Equipment (UE) conformance testing (Release 14)," ATIS.3GPP.36.508V1440 (December 2017).  Casaccia Decl., Ex. 8.

16. The following TIA standards attached as exhibits to the Declaration of Edward G. Tiedemann ("Tiedemann Decl."):

- IS-2000.1-C, "Introduction to cdma2000 Standards for Spread Spectrum Systems."  Tiedemann Decl., Ex. 1.

- "Mobile Station-Base Station Compatibility Standard for Dual-Mode Wideband Spread Spectrum Cellular System," TIA/EIA/IS-95-A, Preface, at i (May 1995).  Tiedemann Decl., Ex. 2.
- TIA/EIA/IS-856, "cdma2000 High Rate Packet Data Air Interface Specification." Tiedemann Decl., Ex. 3.
- TIA/EIA/IS-2000.2-C, "Physical Layer Standard for cdma2000 Spread Spectrum Systems." Tiedemann Decl., Ex. 4.
- TIA/EIA-637-B, "Short Message Services for Wideband Spread Spectrum Systems." Tiedemann Decl., Ex. 5.
- TIA/EIA-683-B, "Over the Air Service Provisioning Of Mobile Stations in Spread Spectrum Systems." Tiedemann Decl., Ex. 6.
- TIA/EIA/IS-707-A, TIA/EIA/IS-707-A-1, TIA/EIA/IS-707-A-2 titled "Data Service Options for Wideband Spread Spectrum Systems," Tiedemann Decl., Ex. 7.
- TIA/EIA-41-D titled, "Cellular Radiotelecommunications Intersystem Operations," (December 1997).  Tiedemann Decl., Ex. 8.
- TIA/EIA-98-D, "Recommended Minimum Performance Standards for cdma2000 Spread Spectrum Mobile Stations."  Tiedemann Decl., Ex. 9.
- TIA-866-D titled, "Recommended Minimum Performance Standards for cdma2000 High Rate Packet Data Access Terminal," (May 2012).  Tiedemann Decl., Ex. 10.
- TIA-1035-B titled, "Signaling Conformance Test Specification for cdma2000 Spread Spectrum Systems," (August 2014).  Tiedemann Decl., Ex. 11.
- TIA/EIA-919-B titled, "Signaling Conformance Specification for High Rate Packet Data Air Interface," (September 2011).  Tiedemann Decl., Ex. 12.
- TIA-126-E titled, "Loopback Service Options (LSO) for cdma2000 Spread Spectrum Systems," (December 2011).  Tiedemann Decl., Ex. 13.
- TIA-916-A titled, "Recommended Minimum Performance Standard for Mobile

Stations with Position Service," (February 2012).  Tiedemann Decl., Ex. 14.

- TIA/EIA/IS-820-D-2[E] titled, "Removable User Identity Module (R-UIM) for TIA/EIA Spread Spectrum Standards," (January 2014).  Tiedemann Decl., Ex. 15.

**Decisions of Foreign Courts and Submissions to Foreign Regulatory Bodies**

17. *Koninklijke Philips NV v. Asustek Computer Inc.*, [2016] EWHC 2220 (Pat) (UK High Court of Justice).  **Exhibit 15**.

18. Excerpts of responses to the Korean Fair Trade Commission's ("KFTC") "Questionnaire for chipset manufacturers" from the following companies:

- Broadcom Corporation.  **Exhibit 16**.
- Telefonaktiebolaget LM Ericsson.  (ERC-CID-00000220).  **Exhibit 17**.
- Intel Corporation. (86600DOC000931).  **Exhibit 18**.
- Marvell Semiconductor, Inc. (MRVL-00000059-082 at -068).  **Exhibit 19**.
- MediaTek, Inc. (FTC-PROD-0029671).  **Exhibit 20**.

These documents are referenced and relied upon by Qualcomm in its Opposition.  As discussed in further detail below, judicial notice of these documents is proper because they are "not subject to reasonable dispute" under Federal Rule of Evidence 201(b) and will aid the Court in resolving the FTC's motion.

**II.    LEGAL STANDARD**

Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it … is generally known within the trial court's territorial jurisdiction; or … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court "must take judicial notice if the party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).

**III.   ARGUMENT**

**A.    The Court Should Take Judicial Notice of the ATIS and TIA Standards**

Qualcomm requests that the Court take judicial notice of the ATIS and TIA standards.  *See Smart Modular Techs., Inc. v. Netlist, Inc.*, 212CV02319TLNEFB, 2017 WL 3009217, at *1

5

Defendant Qualcomm Incorporated's Request for Judicial Notice in Support of Opposition to Motion for
Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments
Case No. 17-cv-220-LHK-NMC

1  (E.D. Cal. July 14, 2017) (taking judicial notice of the JEDEC Manual of Organization and
2  Procedure and proposed JEDEC Standard JESD82-xx in case alleging breach of duty to disclose
3  patent to standards setting organization).  The FTC's motion for partial summary judgment
4  alleges that the ATIS and TIA IPR Policies require Qualcomm to license the manufacture and
5  sale of modem chips.  The ATIS and TIA IPR Policies, however, require that Qualcomm provide
6  licenses only for the purpose of implementing or practicing a standard, which modem chips
7  cannot do.  The FTC failed to submit the standards in question, and the Court cannot interpret the
8  scope of the licensing commitment in the ATIS and TIA IPR policies without understanding what
9  it means to "implement" or "practice" an ATIS or TIA standard, the understanding of which
10 cannot be complete without an understanding of the ATIS and TIA standards themselves.

Judicial notice of those standards is appropriate under these circumstances.  *See, e.g.*, *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017), *cert. denied sub nom. Mahoney v. City of Seattle, Wash.*, 138 S. Ct. 1441 (2018) (taking judicial notice of a policy that was subject to litigation); *No Cost Conf., Inc. v. Windstream Commun., Inc.*, 940 F. Supp. 2d 1285, 1295-96 (S.D. Cal. 2013) (taking judicial notice of contract subject to breach of contract claim); *Smart Modular Techs.*, 2017 WL 3009217, at *1; *see also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 655 (7th Cir. 1998) (taking judicial notice of ANSI standard).

**B.   The Court Should Take Judicial Notice of Publicly Available Standards Development Organization Documents, Including Published Decisions of Standards Bodies**

The Court should take judicial notice of the publicly available documents, including membership lists and decisions published by standards bodies, posted on the official websites of standards development organizations ("SDOs"), including ATIS, TIA, ETSI and other SDOs that are in partnership with them, because they are necessary to evaluate the FTC's claim that Qualcomm's commitments to ATIS and TIA require it to license for the purpose of manufacturing and selling modem chips.

Materials like the ATIS and TIA standards and membership lists that are posted on the Internet are subject to judicial notice.  *See Matthews v. Natl. Football League Mgt. Council*, 688 F.3d 1107 & n.5, 1113 (9th Cir. 2012) (granting request for judicial notice of statistics posted on

6
Defendant Qualcomm Incorporated's Request for Judicial Notice in Support of Opposition to Motion for
Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments
Case No. 17-cv-220-LHK-NMC

the NFL's website); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citing cases); *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n. 1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.); *Matera v. Google Inc.*, 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (granting request for judicial notice of a page from Google's website); *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965 (C.D.Cal.2005) (granting judicial notice of Amazon webpages).

The Court should take judicial notice of the content posted on the official websites of ANSI, TIA, ATIS, oneM2M, 3GPP and 3GPP2 as they existed on September 21, 2018 (the last date they were accessed prior to this filing). Qualcomm has attached the specific webpages it is relying upon and the FTC and the Court can readily confirm the accuracy of the materials submitted by Qualcomm by entering the website URLs provided above into a web browser. *See Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("[D]efendants must provide the specific webpages upon which they will base their arguments and/or the specific pages which they claim provide the necessary context for their arguments."). The legitimacy of these respective sources also cannot be questioned as these materials appear on the official websites of the respective organizations and cannot be edited by the general public. Judicial notice of the content of these materials is, therefore, proper.

### C.   The Court Should Take Judicial Notice of the UK High Court of Justice Decision and Submissions to the KFTC

Qualcomm also seeks judicial notice of the opinion in *Koninklijke Philips NV v. Asustek Computer Inc.*, [2016] EWHC 2220 (Pat) (UK High Court of Justice) and submissions made by Broadcom, Ericsson, Intel, Marvel, and MediaTek in response to the Korea Fair Trade Commission's "Questionnaire for chipset manufacturers." Judicial notice of filings made in foreign jurisdictions is routine. *See, e.g.*, *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 (C.D. Cal. 1997) (taking judicial notice of filings in UK High Court of Justice). The accuracy of these submissions cannot reasonably questioned as they were produced to Qualcomm by the FTC

7

Defendant Qualcomm Incorporated's Request for Judicial Notice in Support of Opposition to Motion for
Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments
Case No. 17-cv-220-LHK-NMC

or relevant third parties in this litigation, or by the KFTC to Qualcomm as part of the proceeding in that matter.

IV.     **CONCLUSION**

For the foregoing reasons, the Court should grant Qualcomm's Request for Judicial Notice.

Dated:  September 24, 2018                                MORGAN, LEWIS & BOCKIUS LLP

                                                By:   */s/ Geoffrey T. Holtz*
                                                      Geoffrey T. Holtz

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188


Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

9
Defendant Qualcomm Incorporated's Request for Judicial Notice in Support of Opposition to Motion for
Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments
Case No. 17-cv-220-LHK-NMC