Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Cal. Bar No. 260667
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> QUALCOMM INCORPORATED, a Delaware corporation, <br><br> Defendant. | Case No. 5:17-cv-00220-LHK-NMC <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE BRIEF REGARDING POST-DISCOVERY EVIDENCE** |

1    Contrary to the suggestions in Qualcomm's brief (ECF No. 929), the only issues now
2  before the Court are (1) whether the parties should introduce at the January 2019 trial evidence
3  relating to both liability and remedy; and (2) whether Qualcomm may introduce post-discovery
4  documents that were cherry-picked from its own confidential files. The Court's prior guidance
5  answers these questions and, until recently, the parties had proceeded accordingly. Qualcomm
6  now seeks to muddy the waters, but without doing what it should have done months ago if it
7  wanted to update the discovery record: Make a specific proposal to modify the Court's scheduling
8  order. Given its own lack of diligence, Qualcomm cannot show good cause to do so, and does not
9  even try. It instead tries to distract with questions not before the Court and arguments without
10 legal support. The FTC respectfully requests that the Court uphold its March 30, 2018 fact
11 discovery deadline.

12    *Qualcomm's Request to Introduce Post-Discovery Documents is Deficient*

13    As set out in the FTC's opening brief, this Court has previously decided that it will not
14 hold a bifurcated trial. ECF No. 928 at 2. The Court also clarified long ago that refresh discovery
15 must be "full discovery," as opposed to "cherry picked" data, documents, or custodial
16 information. *Id*. Nevertheless, rather than seek modification of the Court's schedule when there
17 was time to conduct further discovery, Qualcomm simply announced, just weeks ago, that it plans
18 to rely at trial on documents from its files that it unilaterally selected and produced after the
19 discovery cutoff. *See id*. This is no way to modify a Court scheduling order.

20    Qualcomm argues at length about what evidence would be sufficient for the Court to enter
21 an injunction—a question not currently before the Court. Even if Qualcomm's arguments are
22 construed as an attempt to show good cause to waive the Court's discovery cutoff, they fall far
23 short. For example, Qualcomm asserts that evidence regarding recent chip procurement decisions
24 by Apple will be important in assessing Qualcomm's market power. *See* ECF No. 929 at 3. But as
25 set out in the FTC's brief, Apple's 2018 procurement decisions were the subject of pre-cutoff
26 discovery. *See* ECF No. 928 at 3. Qualcomm also references nebulous "updated evidence" of
27 other unnamed OEM chip procurement decisions—but still has not specified which OEMs it has
28 in mind or identified any particular evidence that it seeks to introduce. ECF No. 929 at 3. For the

first time in its brief, Qualcomm raises the possibility of post-discovery evidence regarding "whether OEMs plan to use Qualcomm modem chips in future devices now under development," but it is no more clear about this evidence. *Id*. Qualcomm's claim that the FTC "would have the Court reach the question of an injunction based on speculation" is thus misleading; in reality, much of the evidence on "current market conditions" that Qualcomm seeks to introduce is already in the pre-discovery cutoff record, and the scope of other such proposed evidence remains impossibly vague.[1]

Qualcomm's request to introduce licenses produced after the discovery cutoff suffers from similar problems. *See* ECF No. 928 at 3. As set out in the FTC's brief, to test whether and to what extent Qualcomm exerted coercive leverage in entering into post-discovery licenses would require extensive discovery from both Qualcomm and third parties, many of whom are located abroad. *See id*. Nevertheless, fully aware of the Court's November 2017 instruction that refresh discovery must not be cherry-picked, Qualcomm waited until October 8 to announce its intent to rely at trial on licenses that it had negotiated, and in many cases executed, months before.[2] Qualcomm claims the post-cutoff documents must be admitted at trial to avoid "error" (ECF No. 929 at 4), but it would be more problematic to assess the licenses in a vacuum, without careful consideration of the surrounding context.

### *Legal Precedent Regarding Injunctive Relief Does Not Support Qualcomm's Position*

Qualcomm seeks to justify its vague and untimely request by relying on inapplicable case law regarding the FTC's ability to seek relief under Section 13(b) of the FTC Act. As set out in the FTC's opening brief, it is established law that injunctive relief under the FTC Act is warranted

---

[1] The issue before the Court is whether Qualcomm can rely on its own confidential information without an opportunity for the FTC to conduct discovery about that evidence. Whether the parties may question third party witnesses about current or future market conditions, or question Qualcomm witnesses about information in the public domain, is not part of the present dispute.

[2] Qualcomm has still not provided any explanation for its failure to notify the FTC or the Court about its intent to rely upon this evidence prior to October 8. The last meet and confer the parties had about the possibility of a refresh of discovery, which the FTC had agreed to consider if Qualcomm had a specific proposal and if circumstances warranted it, was in February. Qualcomm never made such a proposal and chose not to raise the issue with the Court in any of the half dozen case management statements filed between the close of fact discovery and October.

when "the wrongs are ongoing or likely to recur." *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985); *see also* ECF No. 928 at 1. Qualcomm concedes that this is the standard. *See* ECF No. 929 at 1. Given that Qualcomm continues to maintain the licensing policies and practices that are at the core of this case, the FTC is prepared to show at trial that Qualcomm is engaged in ongoing misconduct, and the Court need not consider at this time whether the FTC has carried its burden or whether an injunction is appropriate.[3]

Qualcomm tries to validate its attempt to inject cherry-picked documents into the record by relying on *United States v. Dish Network, LLC*, No. 09-3073, 2016 WL 29244 (C.D. Ill. Jan. 4, 2016). *Dish Network* actually shows why Qualcomm's request is inappropriate. In that case, Dish had violated the telemarketing laws over a multi-year period. On the eve of trial—and more than three years after the fact discovery deadline—it sought to introduce call records and audit reports prepared after the close of discovery for the narrow purpose of showing its current compliance with applicable laws. *See Dish Network*, 2016 WL 29244 at *8. The court held that the late disclosure of this material violated Dish's discovery obligations and was neither substantially justified nor harmless. *See id*. at *9. It noted that Dish "only produced a highly selective portion of the documents" and that the plaintiffs would be "prejudiced by the admission of this evidence because they have never had the opportunity to depose anyone about the documents or ensure that the new procedures have been implemented." *Id*. The same is true here (to the extent Qualcomm's post-discovery evidence is relevant at all).

To be sure, the court in *Dish Network* ultimately did not exclude the compliance documents. Instead, it made a discretionary decision to bifurcate the trial and allow further discovery, requiring Dish to pay the plaintiffs' attorneys' fees and expenses as a sanction. *See id*. at *12. But there is no reason why the Court should follow that approach here. *Dish Network* involved a more than 3.5-year gap between the close of discovery and trial. *See id*. at *1. The same concerns do not apply to this case, which the Court has advanced swiftly and efficiently,

---

[3] Even if a showing of likelihood of recurrence were required, the "existence of past violations may give rise to an inference that there will be future violations." *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980) (also stating that "the fact that the defendant is currently complying with the securities laws does not preclude an injunction").

with only a 9-month window between the close of fact discovery and trial, and where Qualcomm seeks to introduce evidence on far more expansive topics. Moreover, the *Dish Network* court recognized that as a practical matter, "the case need[ed] to be resolved" and that "[c]ontinually producing newly-created evidence only serves to further delay this case and imposes an undue burden on the parties and the Court." *Id.* at *10. Accordingly, the court ordered that "if any additional supplementation is necessary, the party seeking to supplement must obtain leave of Court to do so." *Id.* Qualcomm did not seek, let alone obtain, leave of Court to supplement the record, despite being on notice that full and fair discovery would be necessary for it to do so.

The other cases cited by Qualcomm are similarly inapplicable because they involved conduct that, unlike here, had already ceased when the lawsuit was filed. For example, Qualcomm cites *FTC v. AbbVie Inc.*, No. 14-5151, 2018 WL 3830533 (E.D. Pa. June 29, 2018), but that case involved anticompetitive actions that were no longer ongoing. The court there did not hold that the FTC's evidence was "stale," but rather that the FTC had not shown sufficient likelihood of recurrence to warrant an injunction. *See id.* at *35–36. That determination is on appeal to the Third Circuit. And in *FTC v. Merch. Servs. Direct, LLC*, No. 13-cv-0279, 2013 WL 4094394, at *3 (E.D. Wash. Aug. 13, 2013), the court likewise held that the FTC had not shown adequate likelihood of recurrence. By contrast, there is no serious dispute that this case involves ongoing conduct.

The FTC respectfully requests that the Court confirm that it will enforce the March 30, 2018 fact discovery deadline, and that cherry-picked post-discovery documents from Qualcomm's own files may not be introduced at trial. The FTC further requests that the Court confirm that the January 2019 trial will address both liability and remedy.[4]

---

[4] As stated in its opening brief, the FTC does not oppose briefing remedy after trial or after a liability decision, as has happened in recent government antitrust cases—without updating the discovery record. *See, e.g., United States v. Apple, Inc.,* 952 F. Supp. 638 (S.D.N.Y. 2013) (No. 12 Civ. 2826) (bench trial concluded June 20, 2013, ECF No. 297; liability decision July 10, 2013, ECF No. 326; remedy briefs submitted Aug. 2, 2013, ECF Nos. 329, 331; injunction issued Sept. 5, 2013, ECF No. 374).

Dated: November 7, 2018

          Respectfully submitted,

          FEDERAL TRADE COMMISSION,

          */s/ Jennifer Milici*
          Jennifer Milici
          J. Alexander Ansaldo
          Joseph R. Baker
          Elizabeth A. Gillen
          Daniel Matheson
          Mark Woodward
          Federal Trade Commission
          600 Pennsylvania Avenue, N.W.
          Washington, D.C. 20580
          (202) 326-2912; (202) 326-3496 (fax)
          jmilici@ftc.gov

          **Attorneys for Federal Trade Commission**