UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 793, 872, 895 |

Before the Court are three Administrative Motions to File Under Seal filed in connection with the parties' briefing on Plaintiff's motion for partial summary judgment. ECF Nos. 793, 872, 895. Specifically, the parties seek to seal portions of their briefs and accompanying exhibits. For the following reasons, the Court GRANTS in part and DENIES in part the parties' motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research,

2

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

Here, the information sought to be sealed consists of portions of the parties' briefing on the FTC's motion for summary judgment and accompanying exhibits. The Court concludes that the

3

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

"compelling reasons" standard applies because the FTC's partial summary judgment motion resolved a significant merits issue in the case. *See Ctr. for Auto Safety*, 809 F.3d at 1098 (explaining that a motion for summary judgment is "obviously" related to the merits of a case); *Kamakana*, 447 F.3d at 1179 (applying "compelling reasons" standard to materials attached to a motion for summary judgment).

The Court now turns to the substance of the sealing motions. Both the FTC and Qualcomm have designated certain material as confidential at the request of Qualcomm and non-parties. ECF No. 793 at 2; ECF No. 872 at 2; ECF No. 895 at 2. Qualcomm and those non-parties, in turn, have submitted declarations providing that portions of the summary judgment briefing and the accompanying exhibits are sealable. ECF Nos. 848-1, 848-2, 848-3, 872-7. 880-3, 881, 882, 883, 885, 886, 895-2, 895-3. The rationale is essentially the same—namely, that the information sought to be sealed reveals competitively sensitive business information. For example, many of the documents contain company "internal business analysis, strategy and decision-making," ECF No. 848-1 ¶¶ 3–6, including information subject to non-disclosure agreements. ECF No. 883 ¶¶ 7–8. Other documents contain information about patent licensing agreements or negotiations. ECF No. 886 ¶¶ 6–7; 895-3 ¶¶ 14–24. Still others contain "confidential submissions to federal and international regulatory bodies." ECF No. 880-3 ¶¶ 4–6. One set of documents contains "complete copies of certain standards copyrighted by TIA," a cellular standard-setting organization. ECF No. 881 ¶ 2.

Applying the compelling reasons standard, the Court grants in part and denies in part the parties' motions to seal. As explained, in *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has held, and

1 this Court has previously ruled, that "pricing terms, royalty rates, and guaranteed minimum
2 payment terms" of patent licensing agreements plainly constitute trade secrets, and are thus
3 sealable. *Id.*; *accord* ECF No. 135 at 4.

4 To the extent that the instant motions seek to seal information that, if published, may harm
5 a party's or a third party's competitive standing, the Court agrees with the parties that compelling
6 reasons exist to seal this information. However, not all information that the motions seek to seal is
7 accompanied by a supporting declaration providing that the information is sealable. The parties
8 have not articulated "compelling reasons" to keep such information from the public. Accordingly,
9 with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motions as
10 follows:

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 793 | FTC's Motion for Partial Summary Judgment (ECF No. 792) | p.3 n.6 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | p.4 nn.7–9 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 5:7–9 | GRANTED. |
| 793 | FTC's Motion for Partial Summary Judgment | p.5 nn.11–13 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 6:2–8 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | p.6 nn.14–17 | GRANTED as to the final parenthetical in n.14, first and final parentheticals in n.15, and lines 6–8 of n.17, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF No. 848. |

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 793 | FTC's Motion for Partial Summary Judgment | p.7 n.20 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 8:11–15 & nn.27–28 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 9:1–13 & nn.29–30 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 10:1–11 & nn.31–34 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 11:2–15 & nn.37–40 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 12:1–14 & nn.41–42 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 13:1–18 & nn.43–45 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 14:10–17 & n.48 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 19:6–7 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | FTC's Motion for Partial Summary Judgment | 21:3–4 | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | Exhibit 4 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | Exhibits 6–7 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Documents | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | Exhibit 8 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED. |

| **Motion to Seal** | **Document** | **Page/Line** | **Ruling** |
|---|---|---|---|
| 793 | Exhibit 9 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED. |
| 793 | Exhibit 10 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED as to 45:2–46:20, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. |
| 793 | Exhibit 11 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED as to 397:10–18 and 398:8–399:18, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF No. 848. |
| 793 | Exhibit 12 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 793 | Exhibit 13 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED as to pp. 171–72, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF No. 848. |
| 793 | Exhibit 14 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED as to 60:26–62:28, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF No. 848. |
| 793 | Exhibit 15 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED. |
| 793 | Exhibit 16 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED as to 112:6 and 112:18–25, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF No. 848. |
| 793 | Exhibit 17 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED. |
| 793 | Exhibit 18 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED as to 14:23–25, but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF No. 848. |

| **Motion to Seal** | **Document** | **Page/Line** | **Ruling** |
|---|---|---|---|
| 793 | Exhibit 19 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Document | GRANTED. |
| 793 | Exhibits 22–29 and 32–50 ISO FTC's Motion for Partial Summary Judgment (ECF No. 792-2) | Entire Documents | DENIED. Qualcomm does not seek to seal this information. ECF No. 848. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment (ECF No. 870) | 8:18–26 | GRANTED. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 9:6–11 | GRANTED. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 9:16–23 | GRANTED. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 9:25–10:2 | GRANTED. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 10:2–4 | GRANTED. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 10:4–8 | GRANTED. |
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 10:8–9 | GRANTED. |

| **Motion to Seal** | **Document** | **Page/Line** | **Ruling** |
|---|---|---|---|
| 872 | Qualcomm's Opposition to FTC's Motion for Partial Summary Judgment | 21:16–19 | DENIED. No declaration seeking to seal this third-party information has been filed. |
| 872 | Exhibit 22 to Holtz Declaration (ECF No. 870-3) | pp. 17–21 | GRANTED. |
| 872 | Exhibit 23 to Holtz Declaration (ECF No. 870-4) | pp. 21–27, 72–74 | GRANTED as to 25:24–27:9, but otherwise DENIED. Only the information listed above is supported by a declaration confirming that the information reveals trade secrets. ECF No. 886 ¶ 6. |
| 872 | Exhibit 24 to Holtz Declaration (ECF No. 870-5) | Entire Document | GRANTED as to 30:12-18 and 30:21-32:13, but otherwise DENIED. Only the information listed above is supported by a declaration confirming that the information reveals trade secrets. ECF No. 885 ¶¶ 6–8. |
| 872 | Exhibit 25 to Holtz Declaration (ECF No. 870-6) | Entire Document | GRANTED as to 222:18–22 and 223:6–25, but otherwise DENIED. Only the information listed above is supported by a declaration confirming that the information reveals trade secrets. ECF No. 883 ¶¶ 7–8. |
| 872 | Exhibit 26 to Holtz Declaration (ECF No. 870-7) | Entire Document | GRANTED. |
| 872 | Exhibit 27 to Holtz Declaration (ECF No. 870-8) | pp. 43–45, 87–88, 93–94, 103–105 | GRANTED as to pp. 43–45, but otherwise DENIED. Only the information listed above is supported by a declaration confirming that the information reveals trade secrets. ECF No. 872-7 ¶¶ 3–4. |
| 872 | Exhibit 31 to Holtz Declaration (ECF No. 870-12) | Entire Document | DENIED. No declaration seeking to seal this third-party information has been filed. |
| 872 | Exhibit 36 to Holtz Declaration (ECF No. 870-17) | Entire Document | GRANTED. |

| **Motion to Seal** | **Document** | **Page/Line** | **Ruling** |
|---|---|---|---|
| 872 | Exhibit 17 to Qualcomm's Request for Judicial Notice (ECF No. 871-17) | Entire Document | GRANTED. |
| 872 | Exhibit 18 to Qualcomm's Request for Judicial Notice (ECF No. 871-18) | Entire Document | GRANTED. |
| 872 | Exhibit 19 to Qualcomm's Request for Judicial Notice (ECF No. 871-19) | Entire Document | DENIED. No declaration seeking to seal this third-party information has been filed. |
| 872 | Exhibit 20 to Qualcomm's Request for Judicial Notice (ECF No. 871-20) | Entire Document | GRANTED. |
| 872 | Exhibits 1–15 to Tiedemann Declaration (ECF No. 870-21) | Entire Documents | GRANTED. |
| 872 | Exhibits 1–10 to Casaccia Declaration (ECF No. 870-19) | Entire Documents | DENIED. Qualcomm has withdrawn its request to seal this information. ECF No. 887 ¶ 2. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment (ECF No. 893) | 4:16–18 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | 5:1–4 & nn.8–9 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | 5:4–7 & n.10 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | 5:8–12 & n.11 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | p.6 n.16 | GRANTED. |

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | n.25 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | 11:7 & nn.26–27 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | 11:18–12:1 | GRANTED. |
| 895 | FTC Reply in Support of Motion for Partial Summary Judgment | n.34 | GRANTED. |
| 895 | Exhibit 9-12 to Milici Declaration (ECF No. 893-2) | Entire Documents | GRANTED. |
| 895 | Exhibit 15 to Milici Declaration (ECF No. 893-2) | Slide 13 | GRANTED. |
| 895 | Exhibits 16-20 to Milici Declaration (ECF No. 893-2) | Entire Documents | GRANTED. |
| 895 | Exhibit 21 to Milici Declaration (ECF No. 893-2) | Entire Document | GRANTED. |
| 895 | Exhibit 26 to Milici Declaration (ECF No. 893-2) | Portion of second sentence of ¶ 5.3.6 after "Qualcomm" | GRANTED. |

**IT IS SO ORDERED.**

Dated: November 21, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL