# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUALCOMM INCORPORATED, et al., <br><br> Defendants. | Case No. 17-CV-00220-LHK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 854, 862 |

Before the Court are Plaintiff Federal Trade Commission's ("FTC") and Defendant Qualcomm Incorporated's ("Qualcomm") joint administrative motions to seal the parties' briefing on Qualcomm's motion for leave to take the trial deposition of an expert witness and related exhibits. ECF Nos. 854 & 862.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

Here, the information sought to be sealed consists of portions of the parties' briefing on

3

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

1  Qualcomm's motion for leave to take the trial deposition of Qualcomm's expert witness, Professor

2  Bénedicté Fauvarque-Cosson. ECF Nos. 854 & 862. Qualcomm appears to contend that the

3  Court should apply the good cause standard. ECF No. 854 at 3 (citing the "good cause" standard

4  from *Phillips*).

However, Qualcomm's motion concerned whether Qualcomm could preserve the trial testimony of Professor Fauvarque-Cosson, who would provide "the only expert testimony addressing the subject of her report." *See* ECF No. 863-1 at 2. The Ninth Circuit has held that "routine motions in limine [] are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099. Similarly, this Court has previously explained that the inclusion or exclusion of material at issue in a motion in limine may "critically affect[] the outcome of a case," such that the material is subject to the compelling reasons standard. *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2012 WL 6019754, at *5 (N.D. Cal. Dec. 3, 2012) (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012)). While Qualcomm's motion was not a motion in limine, the motion concerned Qualcomm's presentation of evidence in its merits case. The Court thus applies the "compelling reasons" standard to the information the parties seek to seal.

Generally, the information the parties seek to seal relates to Professor Fauvarque-Cosson's appointment to a judgeship in France. The parties originally sought to seal the entirety of the parties' briefing on Qualcomm's motion for leave to take the trial deposition of an expert witness and attached exhibits. *See* ECF Nos. 854 & 862. Then, on September 19, 2018, Qualcomm filed a notice stating that Professor Fauvarque-Cosson's judicial appointment had become public. ECF No. 863. As a result, Qualcomm revised the sealing request to seek to seal only the possible effective dates of Professor Fauvarque-Cosson's appointment and information related to Professor Fauvarque-Cosson's conversations with French government officials regarding her appointment. *See id.* at 1–3. Now that Professor Fauvarque-Cosson's appointment has become effective, the possible effective dates of her appointment are no longer confidential, and the Court DENIES the

4

parties' sealing requests to the extent that the requests seek to seal such information.

However, the Court concludes that compelling reasons exist to seal information related to Professor Fauvarque-Cosson's conversations with French government officials regarding her appointment. Professor Fauvarque-Cosson attested in a declaration that such information about the internal government processes leading to her appointment is "not public" and that the French government had asked her "to keep it in strict confidence." ECF No. 854-4. The Court concludes that the French government's interest in the strict confidentiality of its judicial appointment processes provides a compelling reason to seal information related to Professor Fauvarque-Cosson's conversations with French government officials regarding her appointment. *See Heath v. Google LLC*, No. 15-CV-01824-BLF, 2018 WL 4561773, at *3 (N.D. Cal. Sept. 20, 2018) (concluding that compelling reasons existed to seal "confidential information about [a company's] hiring process").

Thus, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 1:10 | DENIED. The effective date of the appointment is no longer confidential. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 1:12–13, between "matter" and "." | GRANTED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 1:23–24 | DENIED. The effective date of the appointment is no longer confidential. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 2:13–14, between "on" and "," and after "learned" | GRANTED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| **Motion to Seal** | **Document** | **Page/Line** | **Ruling** |
|---|---|---|---|
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 2:16–18, between "on" and "." | GRANTED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 2:19–20, between "informed" and "." | GRANTED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 2:21–3:1 | GRANTED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 3:2–7 | GRANTED |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 3:8–9 | DENIED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | n.2, after "Fauvarque-Cosson" | GRANTED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 4:17–20 | GRANTED. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 6:2 | DENIED. The effective date of the appointment is no longer confidential. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 6:9–15 | DENIED. The effective date of the appointment is no longer confidential. |
| 854 | Qualcomm's Motion for Leave to Take the Trial Deposition of an Imminently Unavailable Witness | 6:21 | DENIED. The effective date of the appointment is no longer confidential. |
| 854 | Declaration of Professor Bénedicté Fauvarque-Cosson | ¶¶ 5–8, 10, 13 | GRANTED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 854 | Declaration of Professor Bénedicté Fauvarque-Cosson | First six sentences of ¶ 11 | GRANTED. |
| 854 | Declaration of Professor Bénedicté Fauvarque-Cosson | Portion of seventh sentence of ¶ 11 | DENIED. The effective date of the appointment is no longer confidential. |
| 862 | FTC's Opposition to Qualcomm's Motion for Leave | 1:5–6, up to "." | GRANTED. |
| 862 | FTC's Opposition to Qualcomm's Motion for Leave | 1:23–25, between "." And "Decl." | GRANTED. |
| 862 | FTC's Opposition to Qualcomm's Motion for Leave | 4:2–4, between "contrary" and "Decl" | GRANTED. |
| 862 | FTC's Opposition to Qualcomm's Motion for Leave | 5:22–26, between "trial" and "Qualcomm" | GRANTED. |
| 862 | FTC's Opposition to Qualcomm's Motion for Leave | 5:27–6:7, beginning with "other than" | GRANTED. |
| 862 | Excerpts from the Deposition of Professor Bénedicté Fauvarque-Cosson | Entire Document | DENIED. Qualcomm no longer seeks to seal this information. ECF No. 863. |

**IT IS SO ORDERED.**

Dated: November 21, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge