Shamita Etienne-Cummings (Bar No. 202090)
WHITE & CASE LLP
701 Thirteenth Street, NW, Suite 600
Washington, DC 20005-3807

Telephone: (202) 626-3695
Email: setienne@whitecase.com

Attorneys for Non-Party
Marvell Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**ADMINISTRATIVE MOTION OF NON-PARTY MARVELL SEMICONDUCTOR,INC. TO FILE UNDER SEAL CONFIDENTIAL DOCUMENTS; SUPPORTING DECLARATION OF SHAMITA ETIENNE-CUMMINGS**<br><br>Judge:   Hon. Lucy H. Koh |

Pursuant to the Court's November 21, 2018, Order Granting in Part and Denying in Part Administrative Motions to File Under Seal, non-party Marvell Semiconductor, Inc. ("Marvell") respectfully submits this Administrative Motion of Non-Party Marvell Semiconductor, Inc. to File Under Seal Confidential Documents along with a Declaration by Marvell counsel supporting the same, immediately upon learning about certain non-redaction of Marvell confidential information discussed herein.

Unopposed by Qualcomm and the Federal Trade Commission, Marvell seeks to redact two instances of Defendant Qualcomm Incorporated's Opposition to Motion for Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments ("Opposition") and

seal an exhibit to the Opposition. *See* ECF No. 937.

This Court's November 21, 2018, Order Granting in Part and Denying in Part Administrative Motions to File Under Seal concluded that a party asking the Court to seal information filed as part of a motion for summary judgment must offer "compelling reasons." In that same Order, the Court concluded that confidential information like the confidential information at issue here would qualify for redaction or sealing if it "reveals competitively sensitive business information," which, "if published may harm [the non-party's] competitive standing." *See* ECF No. 935, at 4:11-12, 5:4-6.

Marvell requests that the information requested to be redacted or sealed because it contains "competitively sensitive business information," which, if left in public view will harm Marvell's competitive standing. *See* ECF No. 935, at 4:11-12, 5:4-6. In particular, the information Marvell seeks to have redacted and placed under seal contains "confidential submissions to federal and international regulatory bodies." *See* ECF No. 935, at 5:4-6.

The attached declaration by Marvell counsel establishes that the information seeking to be redacted and sealed meets the requirements established by the Court. *See* Declaration of Shamita Etienne-Cummings, Counsel for Marvell Semiconductor, Inc.

Dated: November 30, 2018

Respectfully submitted,

WHITE & CASE LLP

　　*/s/ Shamita Etienne-Cummings*
　　Shamita Etienne-Cummings

Attorneys for Non-Party
Marvell Semiconductor, Inc.

DECLARATION OF SHAMITA ETIENNE-CUMMINGS

I, Shamita Etienne-Cummings, declare as follows:

1. I am a partner with the law firm White & Case LLP, counsel of record for non-party Marvell Semiconductor, Inc. ("Marvell") in the above captioned case. I am licensed to practice law in the State of California and am admitted to practice before the U.S. District Court for the Norther District of California. I am familiar with the facts set forth herein and, if called as a witness, could and would testify competently to those facts under oath.

2. I submit this declaration in reference to this Court's November 21, 2018, Order denying the sealing of a confidential document pertaining to non-party Marvell, *see* ECF No. 935 at 10:7-8, and Defendant Qualcomm Incorporated's Opposition to Motion for Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments. *See* ECF No. 937 (filed Nov. 28, 2018).

3. On or about September 24, 2018, Defendant Qualcomm informed Marvell that it anticipated including as part of Qualcomm's Opposition to the Federal Trade Commission's Motion for Summary Judgment certain information that Marvell previously designated "Outside Attorney's Eyes Only" pursuant to the Court's Protective Order. *See* ECF No. 81. The document in question was originally produced by Marvell to the Federal Trade Commission as part of the Commission's investigation of Qualcomm, and later to Qualcomm in response to its subpoena on Marvell. At all times, Marvell designated the information as "Outside Attorney's Eyes Only" and required that Qualcomm maintain the information as such.

4. On September 24, 2018, counsel for Marvell requested that Qualcomm confirm that any filings will be under seal. Counsel for Qualcomm confirmed that Marvell's responses would be filed under seal and that Qualcomm would prepare any necessary requests.

5. On September 24, 2018, Qualcomm filed a Request for Judicial Notice in Support of Opposition for Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing Commitments. ECF No. 871. In that filing, Qualcomm requested the Court take judicial notice of certain confidential documents submitted by Marvell ("Marvell Exhibit"). *Id.* at 7:21-8:2.

1       6.      On November 21, 2018, this Court issued an order denying that the Marvell
Exhibit be sealed.

2       7.      On November 28, 2018, Qualcomm filed a redacted version of its Opposition to
Motion for Partial Summary Judgment on Qualcomm's Standard Essential Patent Licensing
Commitments, and included two references to Marvell and an unsealed version of the Marvell
Exhibit. *See* ECF No. 937.

8.      Marvell is a non-party to this action. Disclosure of Marvell's confidential business information would cause undue injury to Marvell and put Marvell at a competitive disadvantage by informing competitors about Marvell policies, practices, and strategies. Further, disclosure would harm Marvell's relationships with third parties by revealing sensitive information about Marvell's relationship with those third parties.

9.      Marvell requests the Court maintain under seal two separate references to Marvell made by Qualcomm in its filing.

   a. First, Marvell requests the Court maintain under seal (through redaction or otherwise) two references to Marvell by Defendant in their filing. *See* ECF No. 937.

   b. Second, Marvell requests the Court maintain under seal the Marvell Exhibit to Qualcomm's opposition discussing Marvell's relationship with certain foreign governmental entities. *See* ECF No. 937.

10.     Both references to Marvell contain information that "reveals competitively sensitive business information," which, "if published may harm [Marvell's] competitive standing." *See* ECF No. 935, at 4:11-12, 5:4-6. In particular, such references contain "confidential submissions to federal and international regulatory bodies." *see* ECF No. 935, at 5:4-6.

11.     This is so for at least four reasons:

   a. First, Marvell originally shared the information with the foreign governmental entity on the representation by the governmental entity that information submitted "will be kept as confidential information and will not be used for any purpose other than enforcement of [the law of the foreign government]."

1   *See* ECF No. 937.

  b. The document in question was produced to Qualcomm as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Counsel for Qualcomm confirmed that that confidentiality designation would apply to any production of the document at issue here.

  c. Third, Marvell requested of Qualcomm as early as September 24, 2018, that Qualcomm file the document in question under seal.

  d. Fourth, Qualcomm agreed that they if they filed the document in question, they would do so under seal.

12. Marvell is the Designating Party for the Marvell Exhibit as defined in Local Rule 79-5(e).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Dated this 30th day of November, 2018.

           */s/ Shamita Etienne-Cummings*
           Shamita Etienne-Cummings