Jennifer Milici, D.C. Bar No. 987096
Kent Cox, Illinois Bar No. 6188944
Nathaniel M. Hopkin, New York Bar No. 5191598
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> QUALCOMM INCORPORATED, a Delaware corporation, <br><br> Defendant. | Case No. 5:17-cv-00220-LHK <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 3 TO EXCLUDE BCG DECLARATION AND DOCUMENTS** <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** <br><br> Date:       December 13, 2018 <br> Time:       1:30 p.m. <br> Courtroom: 8, 4th Floor <br> Judge:      Hon. Lucy H. Koh |

1    Qualcomm has moved to exclude as inadmissible hearsay three documents produced by
2    the Boston Consulting Group (the "BCG Documents"). (Attached to Milici Decl. as Ex. 1, Ex. 2,
3    and Ex. 3.) Qualcomm's motion should be denied because the BCG Documents were created by
4    BCG while acting as Qualcomm's agent during "Project Phoenix," a 2015 assessment of whether
5    to separate Qualcomm's chip and licensing businesses. Thus, the BCG Documents are admissions
6    of a party opponent and are not hearsay. Moreover, the documents are independently admissible
7    business records, as shown by the declaration of Mr. Raj Varadarajan (ECF No. 945-2), a Senior
8    Partner at BCG, which satisfies the requirements of Fed. R. Evid. 902(11).

9    The circumstances surrounding the production of the BCG Documents establish BCG's
10   agency relationship with Qualcomm. Before they were produced to the FTC, Qualcomm redacted
11   two of the three BCG Documents on the basis of attorney-client privilege. First, Qualcomm
12   redacted a November 23, 2015 BCG presentation titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13   ▮▮▮▮▮▮ (Ex. 1.) The document bears a disclaimer stating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) Material is redacted from slides -947, -951, and -952.
16   Second, Qualcomm redacted a November 9, 2015 presentation titled ▮▮▮▮▮▮▮ (Ex. 2.)
17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*See* Ex. 4.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* Redactions appear at slide -914. (Ex. 2.)
22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1] This resolves the

---

[1] *See* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (citing *Segerstrom v. US*, No. C 00-0833, 2001 WL 283805. at *3 (N.D. Cal. Feb. 6, 2001) ("The attorney-client privilege covers communications between the attorney, the client, or their agents, so long as the communication were intended to be confidential and made in rendering legal advice.").

hearsay inquiry: because BCG was acting as Qualcomm's agent, the BCG Documents are admissions of a party opponent and are not hearsay. *See* Rule 801(d)(2)(D).[2] Qualcomm cites no authority for the proposition that an entity may be embraced as an agent for the purposes of maintaining privilege and yet disclaimed as an agent under the Federal Rules of Evidence.[3]

      BCG's status as Qualcomm's agent is confirmed by Mr. Varadarjan, who attested that the BCG Documents were created while BCG was providing services to Qualcomm and relate to matters within the scope of the services that Qualcomm retained BCG to provide. *See* ECF No. 945-2. Qualcomm does not contest Mr. Varadarajan's declaration, which is more than sufficient to establish that the documents are not hearsay. *See* Rule 801(d)(2)(D) (a statement is not hearsay if it is "made by the party's agent … on a matter within the scope of that relationship and while it existed"); *see also Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1306-07 (9th Cir. 1983) (report prepared at the request of defendant's board, based upon information obtained from defendant, and presented to a meeting attended by many of defendant's executives, is not hearsay); *Beck v. Haik*, 377 F.3d 624, 638-40 (6th Cir. 2004) (statements of risk consultant admissible under Rule 801(d)(2)(D)), *overruled on other grounds by Adkins v. Wolever*, 554 F.3d 650, 651-53 (6th Cir. 2009).[4] Indeed, the statements would not be hearsay even absent Mr. Varadarajan's declaration, because the documents on their face concern Project Phoenix, and the agency relationship relating to Project Phoenix is established by other evidence.[5]

---

[2] The November 9 presentation (Ex. 2) is also not hearsay because ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* Fed. R. Evid. 801(d)(2)(B); *Walden v. Seaworld Parks & Entm't, Inc.*, No. 4:11CV113, 2012 WL 4050176, at *2 (E.D. Va. May 31, 2012).

[3] The third BCG Document was also created pursuant to BCG's agency relationship, as evidenced by its contents. *See* Ex. 3 (October 2, 2015 email attaching ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

[4] Qualcomm cites *Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 950 (E.D. Cal. 2013), but in that case the proponent sought to introduce emails from individuals providing comments to a white paper without any evidence that the declarants had been hired by defendant for that purpose. Here, evidence establishes that Qualcomm hired BCG to conduct analyses, provided information for those analyses, and BCG's analyses were presented to Qualcomm's Board.

[5] *See* Dep. of David Wise (Qualcomm), Tr. 9:11-25, 26:14-29:25, Feb. 8, 2018. (Ex. 6.)

Moreover, assuming counterfactually that BCG was not Qualcomm's agent,[6] the BCG documents would be admissible hearsay under the business records exception. Fed. R. Evid. 803(6). Qualcomm admits that Mr. Varadarajan's declaration "repeats the language of Rule 803(6)" and thus addresses each element of the Rule.[7] And Qualcomm does not even attempt to contradict Mr. Varadarajan's sworn testimony that the documents meet each requirement of Rule 803(6).[8] Instead, Qualcomm argues that the FTC failed to give Qualcomm "a fair opportunity to challenge" Mr. Varadarajan's declaration. This argument misses the mark, as a Rule 902(11) certification need not be provided during discovery, and it does not contemplate a deposition of the declarant.[9] Instead, Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, *other than* through the testimony of a foundation witness." Fed. R. Evid. 902, Advisory Cmte. Notes (2000) (emphasis added). Moreover, the FTC has no objection to Qualcomm calling Mr. Varadarajan at trial to question him *about the statements in his declaration*. What Qualcomm cannot do is use the declaration as an excuse to belatedly identify Mr. Varadarajan as a witness on topics outside of his declaration. *See* FTC MIL #3, ECF No. 943.[10]

---

[6] If the Court concludes that BCG was not acting as an agent of Qualcomm during the Project Phoenix engagement, then the FTC requests that the Court order BCG and Qualcomm to produce all documents and information withheld as privileged on the basis of such agency.

[7] Qualcomm argues that the declaration is insufficiently specific but cites no authority for its position. The only case cited by Qualcomm holds the opposite. *See Curley v. Wells Fargo & Co.,* 120 F. Supp. 3d 992, 998 (N.D. Cal. 2015) (accepting non-custodial certification that similarly recited ordinary-course preparation near the occurrence, and regular conduct in keeping).

[8] Qualcomm misapprehends the meaning of a regularly conducted activity. The activity need not be frequent. Regular "can also mean 'usual' or 'ordinary'." *Sana v. Hawaiian Cruises, Ltd.,* 181 F.3d 1041, 1047 (9th Cir. 1999) (admitting insurer's report of investigation against defendant).

[9] FRE 902(11) states that "*Before the trial or hearing*, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."

[10] In any event, the BCG Documents have sufficient indicia of reliability to fall within the residual exception to the rule against hearsay, Fed. R. Evid. 807, and remain admissible for matters other than the truth of such statements.

Dated: December 3, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,

*/s/ Jennifer Milici*
Jennifer Milici
Kent Cox
Joseph R. Baker
Nathaniel M. Hopkin
Daniel Matheson
Mark J. Woodward
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

***Attorneys for Federal Trade Commission***