Jennifer Milici, D.C. Bar No. 987096
Joseph R. Baker, D.C. Bar No. 490802
Nathaniel M. Hopkin, New York Bar No. 5191598
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY FROM HUAWEI WITNESSES**<br><br>Date: December 13, 2018<br>Time: 1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Qualcomm moves to exclude probative testimony from three witnesses employed by Huawei, each of whom Qualcomm deposed for several hours. None of the authorities Qualcomm cites support exclusion here. The law does not entitle litigants to demand costly custodial document searches as a condition to admitting nonparty testimony. The Court should deny Qualcomm's motion.

Qualcomm's complaint is that Huawei, which produced data and more than 200,000 pages of documents, including communications and agreements with Qualcomm and internal business analyses, did not conduct an even broader document search—discovery Qualcomm would never have been entitled to had its Hague Convention request been granted. J. Disc. Stmt. 3–4 & Ex. A, Jan. 31, 2018, ECF No. 524; *see Richmark Corp. v. Timber Falling Consult.*, 959 F.2d 1468, 1475 (9th Cir. 1992) (when enforcing discovery requests made on foreign entities, courts must consider burden of responding and "[g]eneralized searches for information . . . are discouraged").

Qualcomm does not cite a single case in which a court has excluded testimony voluntarily provided by a foreign witness, under oath and subject to cross-examination, because the witness or her employer did not *also* voluntarily conduct a custodial email search, which is what Qualcomm demanded from Huawei. Unable to find any precedent for the relief it seeks, Qualcomm instead relies on decisions concerning Federal Rule of Evidence 804, which excludes former testimony from the rule against hearsay. But hearsay is admissible at trial if allowed by the Federal Rules of Evidence *or* "by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. The Ninth Circuit has held that Rule 32 "is one of these other rules," and therefore, "an independent exception to the hearsay rule." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008). Rule 32(a) allows a party to use a deposition at trial if the witness is "outside the United States" as long as the opposing party had the opportunity to attend the deposition or received reasonable notice. Fed. R. Civ. P. 32(a)(1) & (a)(4)(B). Huawei witnesses are outside the United States and Qualcomm not only had the opportunity to attend the depositions, its counsel actually attended and cross-examined the witnesses for hours. Thus, the depositions are admissible under Rule 32.

Rule 804 does not apply and, in any event, provides no support for Qualcomm's

arguments. Pursuant to Rule 804(b)(1), former testimony from an unavailable declarant is admissible if it is offered against a party who had an opportunity for cross-examination. Rule 804(b)(1) ensures a party the opportunity to ask probing questions, no more.

The cases cited by Qualcomm do not support its novel interpretation of the rule (or its assumption that Rule 804 even applies here). For example, in *In re Paducah Towing Co.*, 692 F.2d 412, 418–419 (6th Cir. 1982), the court held that the relevant party (the Coast Guard) did not have an opportunity to meaningfully cross-examine the declarant because it was not represented by counsel at the hearing in which the testimony was given and "because the scope of the Coast Guard's . . . examination was improperly limited" by an administrative law judge. Here, Qualcomm was represented by counsel at the depositions and its extensive examination was not subject to any improper limitations.

The other cases Qualcomm cites are similarly irrelevant. In *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 166 (3rd Cir. 1995), the court held that testimony from a prior proceeding was inadmissible where the court lacked sufficient information about the prior proceeding to determine whether the defendant had a similar motive to cross-examine the declarant's statements as it would have at trial in the pending action. And in *United States v. Cohen*, the court excluded as hearsay non-responsive answers to questions the plaintiff had submitted through Hague Convention process to a witness in Liechtenstein. *Cohen*, No. 08-3282, 2012 WL 289769, at *4 (C.D. Ill. Jan. 31, 2012). Because the witness had refused to answer the propounded questions, the court held that neither "party was able to develop his testimony" under Rule 804(b)(1). *Id.* The court said nothing about a purportedly insufficient document production as a factor for excluding the testimony. *Id.*

Unable to find any authority supporting its position, Qualcomm instead asks this Court to rewrite the Federal Rules based upon the thinnest of reeds. First, Qualcomm cites an email from the FTC reserving its right to object if a nonparty called by Qualcomm to testify at trial refused to produce any documents or to provide deposition testimony. Def.'s MIL No. 1, at 2–3. Huawei did both. In any event, the FTC did not seek to depart from settled evidence law in reserving its right to object to testimony from a witness who, unlike the Huawei witnesses, refused to be deposed.

Second, Qualcomm asserts that the testimony of Huawei witnesses must be excluded because there is no point to a lawsuit based on "lies." Def.'s MIL No. 1, at 2. Qualcomm's insinuation that, because Huawei did not voluntarily conduct a document search to Qualcomm's liking, its employees are likely to lie under oath is unwarranted.[1]

Third, Qualcomm argues that the testimony of Huawei witnesses, provided under oath and subjected to cross-examination, should be disregarded because Huawei would benefit from a ruling against Qualcomm. Def.'s MIL No. 1, at 2–3. But the entire premise of a lawsuit charging unlawful maintenance of monopoly power is that a successful prosecution would benefit the monopolist's customers and affect competitors. There is no authority for the proposition that testimony from market participants affected by antitrust violations is presumptively unreliable.

Finally, the law does not entitle Qualcomm to demand broad and expensive custodial document searches on every nonparty as a condition to admitting the nonparty's deposition testimony. Indeed, Qualcomm has designated for trial the deposition testimony of two witnesses from Nokia Technologies Oy, even though Nokia produced only about 260 documents (far fewer than Huawei), and refused to comply with FTC requests for production of various materials.[2] Yet neither the FTC nor Qualcomm claims that Nokia's testimony is prejudicial under Rule 403. Qualcomm's real grievance is that the Huawei witnesses' testimony supports the FTC's theories more than Qualcomm's. Def's MIL No. 1, at 3; *e.g.*, Milici Decl. Ex. 1, at 60:22-63:5, 64:2-66:19. That is not a cognizable "unfair prejudice." *United States v. Fox*, 627 F. App'x 608, 609 (9th Cir. 2015) ("Evidence is not unfairly prejudicial in violation of Rule 403 merely because it tends to prove a defendant's guilt.") (quotation marks omitted). At bottom, Qualcomm is trying to turn its discovery dispute with Huawei into a basis for excluding plainly admissible evidence favorable to the FTC. For the reasons explained above, Qualcomm's request has no basis in law.

---

[1] Qualcomm cites *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998), in which a party was sanctioned for deliberately withholding a critical document that disproved its own position. That decision provides no support for the inflammatory proposition that every single person employed by a foreign third party that declines to produce the full scope of documents demanded by Qualcomm is incapable of providing any honest or credible testimony.

[2] Multiple nonparties whose deposition testimony the parties have designated did not make full custodial productions.

Dated: December 3, 2018

        Respectfully submitted,

        FEDERAL TRADE COMMISSION,

        */s/ Jennifer Milici*
        Jennifer Milici
        J. Alexander Ansaldo
        Joseph R. Baker
        Nathaniel M. Hopkin
        Daniel Matheson
        Mark J. Woodward
        Federal Trade Commission
        600 Pennsylvania Avenue, N.W.
        Washington, D.C. 20580
        (202) 326-2912; (202) 326-3496 (fax)
        jmilici@ftc.gov

        **Attorneys for Federal Trade Commission**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　　　Plaintiff<br><br>　　　v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br>　　　　Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**DECLARATION OF JENNIFER MILICI IN SUPPORT OF PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY FROM HUAWEI WITNESSES**<br><br>Date:　　　　December 13, 2018<br>Time:　　　　1:30 p.m.<br>Courtroom:　8, 4th Floor<br>Judge:　　　Hon. Lucy H. Koh |

1  I, Jennifer Milici, do hereby declare and state as follows:

2      1.    I am an active member in good standing with the District of Columbia Bar. I am employed by the Federal Trade Commission ("FTC"), an agency of the United States government. I am one of the attorneys of record in this matter for the FTC. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently.

    2.    I respectfully submit this declaration in support of the FTC's Opposition to Qualcomm's Motion in Limine No. 1 to Exclude Testimony from Huawei Witnesses.

    3.    Attached as Exhibit 1 is a true and correct copy of excerpts from the Deposition of Jian Xin (Jason) Ding, March 12, 2018

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of December, 2018.

*/s/ Jennifer Milici*

Jennifer Milici

DECLARATION OF JENNIFER MILICI
Case No. 17-cv-00220-LHK

# EXHIBIT 1

Case 5:17-cv-00220-LHK   Document 963-2   Filed 12/03/18   Page 8 of 9

**FILED UNDER SEAL**