UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FEDERAL TRADE COMMISSION, et al., | Case No. 17-CV-00220-LHK |
|---|---|
| Plaintiffs, | **ORDER DENYING FTC'S MOTION IN LIMINE # 2** |
| v. | Re: Dkt. No. 941 |
| QUALCOMM INCORPORATED, et al., | |
| Defendants. | |

On November 30, 2018, Plaintiff Federal Trade Commission ("FTC") filed a motion in limine to exclude evidence relating to topics on which Defendant Qualcomm Inc. ("Qualcomm") claimed privilege. ECF No. 941 ("Mot."). Qualcomm Inc. ("Qualcomm") opposes the motion. ECF No. 957 ("Opp."). Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court DENIES the FTC's motion in limine.

**I.  LEGAL STANDARD**

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the

1

Case No. 17-CV-00220-LHK
ORDER DENYING FTC'S MOTION IN LIMINE # 2

grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The ruling below balances the factors set forth in Rule 403.

## II. DISCUSSION

The FTC seeks to exclude any evidence relating to Qualcomm's "internal valuation of its patents and the technical areas to which its highly-rated patents relate." Mot. at 1. Qualcomm uses a 1 to 5 scale "to rate patents' characteristics such as 'Invention Value' and 'Innovation.'" *Id.* at 2. Qualcomm has withheld as privileged documents concerning its patent valuations. *Id.* at 1. In the instant motion in limine, the FTC defines what relates to the internal valuation of Qualcomm's patents rather broadly: "evidence on the importance of Qualcomm's patents." *Id.* at 3.

Qualcomm has previously sought privilege over documents concerning its internal patent valuations. For instance, Qualcomm successfully clawed back a PowerPoint presentation containing "the number of high-value patents for which each business unit is responsible, and the technologies implicated by each business unit's patents." ECF No. 249; *see also* ECF Nos. 272, 456 (orders granting motion to claw back privileged presentation). Furthermore, Qualcomm sought to assert privilege over a "database of certain metrics Qualcomm uses to classify the perceived technical merit and relative values of intellectual property." ECF No. 673. United States Magistrate Judge Cousins held a hearing on the issue, and granted Qualcomm's privilege request regarding the database of Qualcomm's patent ratings. ECF No. 691. The Court affirmed Magistrate Judge Cousins' ruling. ECF No. 750.

Because the FTC's motion to exclude evidence relating to the importance of Qualcomm's patents is too broad, the Court denies the FTC's motion. The FTC's motion touches upon the

2

Case No. 17-CV-00220-LHK
ORDER DENYING FTC'S MOTION IN LIMINE # 2

doctrine of implied waiver, which "directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims [or defenses] implicating them." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). "[A]n implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995). Waiver occurs only when a party "tenders an issue touching directly upon the substance or content of an attorney-client communication." *In re Geothermal Res. Int'l Inc.*, 93 F.3d 648, 653 (9th Cir. 1996).

Here, Qualcomm has represented that it will "not offer testimony or other evidence that its patents are fundamental or important *because the patent ratings so indicate*," nor will it "offer any testimony that relies on privileged documents or the legal advice they embody, including its patent ratings." Opp. at 1-2. Therefore, Qualcomm intends to offer evidence that does not *directly* touch upon the substance of the attorney-client communication—i.e., the patent ratings. Thus, implied waiver does not act here to force Qualcomm to either divulge its privileged documents or forfeit its opportunity to present evidence relating to the worth of its patents. The Court agrees with Qualcomm's argument that the FTC's request would enlarge the scope of the doctrine of implied waiver to a degree that would vitiate the purpose behind attorney-client privilege. Under the FTC's argument, merely testifying about information that is potentially *relevant* to the privileged communication would thereby force waiver. The courts which have considered this question do not condone such a drastic consequence. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *4 (N.D. Cal. Aug. 9, 2016) ("[A] simple showing of relevance [of the privileged information] to a case will not suffice. The information . . . must be *directly* relevant and *necessary* to allow a party to fully challenge the claims or defenses of the party asserting the privilege . . . ."); *Cervantes v. CEMEX, Inc.*, 2014 WL 4104200, at *9 n.1 (E.D. Cal. Aug. 18, 2014) ("If this mere showing [that privileged information would be helpful to a party] was deemed

3

sufficient, the privilege would be completely eviscerated and clients would no longer be permitted to seek advice of counsel in confidence.").

### III. CONCLUSION

For the foregoing reasons, the FTC's motion in limine #2 is DENIED.

**IT IS SO ORDERED.**

Dated: December 10, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 17-CV-00220-LHK
ORDER DENYING FTC'S MOTION IN LIMINE # 2