UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br> Plaintiffs, <br> v. <br> QUALCOMM INCORPORATED, et al., <br> Defendants. | Case No. 17-CV-00220-LHK <br> **ORDER DENYING WITHOUT PREJUDICE FTC'S MOTION IN LIMINE # 1** <br> Re: Dkt. No. 940 |

On November 29, 2018, Plaintiff Federal Trade Commission ("FTC") filed a motion in limine to exclude lay opinion evidence. ECF No. 940 ("Mot."). Qualcomm Inc. ("Qualcomm") opposes the motion. ECF No. 954. Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court DENIES without prejudice the FTC's motion in limine.

## I. LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see also United*

1
Case No. 17-CV-00220-LHK
ORDER DENYING WITHOUT PREJUDICE FTC'S MOTION IN LIMINE # 1

*States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The ruling below balances the factors set forth in Rule 403.

Furthermore, lay opinion testimony may be permitted under Fed. R. Evid. 701 if the testimony is "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determine a fact in issue," and "not based on scientific, technical, or other specialized knowledge."

## II. DISCUSSION

The FTC seeks to exclude lay testimony regarding the "value or importance of Qualcomm's patents, innovations, or other technical contributions, including any opinion comparing Qualcomm's contributions to cellular standards and technologies to those made by other cellular industry participants." Mot. at 1. The FTC believes that this evidence requires technical and specialized knowledge regarding Qualcomm's patent portfolio, and cannot be appropriately presented by Qualcomm witnesses who have not been disclosed and qualified as expert witnesses.

As an initial matter, this Court agrees with Qualcomm that the FTC's request is too broad to warrant a preemptive ruling. Furthermore, as to testimony regarding Qualcomm's contributions to standards and technologies, this does not constitute impermissible lay opinion testimony. Fed. R. Evid. 701 permits lay witness testimony that is founded in knowledge gained from the witness's employment in the business at issue. "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." *In re ComUnity Lending, Inc.*, 2011 WL 7479165, at *5 (N.D. Cal. June 6, 2011) (quoting Fed. R. Evid. 701, 2000 Advisory Committee Notes); *see also Pet Food Express Ltd. v. Royal Canin USA,*

2

1  *Inc.*, 2011 WL 6140874, at *11 (stating the same); *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 504098, at *4 (N.D. Cal. Feb. 19, 2008) (same). Therefore, so long as Qualcomm's witnesses base their testimony on their personal experiences as percipient witnesses, they are permitted to testify as lay witnesses regarding Qualcomm's contributions to standards and technologies.

However, "any testimony that qualifies as expert opinion under Rule 702 may not be offered as lay testimony under Rule 701." *Everest Stables, Inc. v. Canani*, 2011 WL 13213657, at *4 (C.D. Cal. Oct. 6, 2011) (citing Fed. R. Evid. 701(c)). Qualcomm appears prepared to offer expert testimony on the valuation of its patent portfolio from Dr. Jeffrey Andrews, who was retained to opine on "the importance of . . . certain of Qualcomm's Standard Essential Patents ("SEP") related to the UMTS, LTE, and 5G NR (New Radio) standards." ECF No. 904-4 at ¶ 2. Pursuant to *Canani*, to the extent testimony on patent valuation is expert testimony, then it may not be offered as lay testimony under Rule 701. If any such lay testimony impermissibly strays into expert testimony, the FTC should object at trial.

### III. CONCLUSION

For the foregoing reasons, the FTC's Motion in Limine # 1 is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: December 10, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge
3
Case No. 17-CV-00220-LHK
ORDER DENYING WITHOUT PREJUDICE FTC'S MOTION IN LIMINE # 1