UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL MOTION TO EXLUDE EXPERT REPORTS OF RICHARD DONALDSON**<br><br>Re: Dkt. No. 800 |

On August 30, 2018, Defendant Qualcomm Inc. ("Qualcomm") filed an administrative motion to seal the motion to exclude expert reports of Richard Donaldson. ECF No. 800. Qualcomm also moved to seal, in their entirety, 3 exhibits to the motion to exclude expert reports of Richard Donaldson. *Id.* The 3 exhibits are: (1) the expert report of Richard Donaldson; (2) the rebuttal report of Richard Donaldson; and (3) excerpts from the deposition transcript of Richard Donaldson. However, Qualcomm's request to seal the entirety of the 3 exhibits is clearly overbroad and therefore inappropriate. For example, the expert report of Richard Donaldson includes such items as Donaldson's name, employment history, and generalized opinions regarding Qualcomm's "no license no chips" policy. The rebuttal report similarly contains

1

Case No. 17-CV-00220-LHK
ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL MOTION TO EXLUDE EXPERT REPORTS OF RICHARD DONALDSON

generalized opinions relating to Qualcomm's policies. The excerpts from the deposition transcript contain overviews of Donaldson's expert methodology, objections from counsel, and so on. None of the aforementioned examples are sealable under the law. *See, e.g.*, *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (requiring "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure" to seal records relating to motions that are more than tangentially related to the underlying cause of action); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (requiring a "particularized showing" that "specific prejudice or harm will result" if information is disclosed in records associated with motions only tangentially related to the merits of a case).

Therefore, Qualcomm's administrative motion to seal the motion to exclude expert reports of Richard Donaldson is DENIED without prejudice. If Qualcomm chooses to refile its administrative motion, such a motion must comply with Civil Local Rule 79-5, this Court's Order at ECF No. 821, and applicable case law, and must be filed by December 18, 2018.

**IT IS SO ORDERED.**

Dated: December 11, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge