UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC'S MOTION IN LIMINE # 2**<br><br>Re: Dkt. No. 949 |

Before the Court is a joint administrative motion to file under seal the Federal Trade Commission's ("FTC") motion in limine # 2 to preclude testimony on topics withheld as privileged during discovery. ECF No. 949. For the following reasons, the court GRANTS in part and DENIES in part the instant motion to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

1

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC'S MOTION IN LIMINE # 2

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the production of goods . . . .  It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original).  Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)."  *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."  Civ. L. R. 79-5(d)(1).  Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L. R. 79-5(e)(1).

3
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC'S MOTION IN LIMINE # 2

Here, the information sought to be sealed consists of portions of the FTC's briefing on the motion in limine and accompanying exhibits. The Court concludes that the "compelling reasons" standard applies because the FTC's motion in limine is "more than tangentially related to the underlying cause of action." *Ctr. For Auto Safety*, 809 F.3d at 1099. The motion in limine's subject matter—whether to allow testimony related to Qualcomm Inc.'s ("Qualcomm") internal ratings system of its patents at trial—is central to the FTC's claims in the instant case. Furthermore, the parties themselves adopt the "compelling reasons" standard here. ECF No. 949 at 1.

The Court now turns to the substance of the sealing motion. Qualcomm has designated certain material as confidential. ECF No. 949 at 2. Qualcomm has, in turn, submitted declarations providing that portions of the motion in limine briefing and the accompanying exhibits are sealable. ECF Nos. 949-7, 949-8. The rationale is essentially the same—namely, that the information sought to be sealed reveals sensitive internal information regarding Qualcomm's patent portfolio.

Applying the compelling reasons standard, the Court grants in part and denies in part the parties' motion to seal. As explained, in *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th C9r. 2008) (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has held, and this Court has previously ruled, that "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements plainly constitute trade secrets, and are thus sealable. *Id.*; *accord* ECF No. 135 at 4.

To the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's competitive standing and divulges contract terms of licensing agreements, the Court

1  agrees with the parties that compelling reasons exist to seal this information. However, not all
2  information that the motion seeks to seal is sealable. The parties have not articulated "compelling
3  reasons" to keep such information from the public. Accordingly, with the Ninth Circuit's sealing
4  case law in mind, the Court rules on the instant motion as follows:

| ECF | Document | Page/Line | Ruling |
|---|---|---|---|
| 941 | FTC's Motion in Limine # 2 | 1:23-24 (n.3) | DENIED. |
| 941 | FTC's Motion in Limine # 2 | 2:20-21 | DENIED. |
| 941 | FTC's Motion in Limine # 2 | 2:27-28 (n.6) | DENIED. |
| 941 | FTC's Motion in Limine # 2 | 3:2 | DENIED. |
| 941 | FTC's Motion in Limine # 2 | 3:21 (n.7) | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 52:12-15 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 52:19-53:12 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 53:24-25 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 54:2-5 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 54:7-11 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 54:13-15 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 54:18-20 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 54:22-24 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 55:3-6 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 55:11-14 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 55:19-56:6 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 56:19 | DENIED. |
| 941-2 | Exhibit 1 to the | 56:22-23 | DENIED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC'S MOTION IN LIMINE # 2

| | | Motion in Limine | |
|---|---|---|---|
| 941-2 | Exhibit 1 to the Motion in Limine | 57:2-14 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 57:20-22 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 58:6-16 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 58:24-25 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 72:21-25 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 81:1-7 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 81:9-13 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 81:16-19 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 81:21 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 81:23-25 | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 82:1-3, from "Qualcomm" to "overall" | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 82:3-10, from "A" to "worth" | GRANTED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 82:10-12, from "So" to "question." | DENIED. |
| 941-2 | Exhibit 1 to the Motion in Limine | 82:17-25 | DENIED. |
| 941-6 | Exhibit 5 to the Motion in Limine | 10:25 | GRANTED. |
| 941-6 | Exhibit 5 to the Motion in Limine | 12:16-13:7 | DENIED. |
| 941-6 | Exhibit 5 to the Motion in Limine | 13:20-14:20 | DENIED. |
| 941-6 | Exhibit 5 to the Motion in Limine | 14:27-16:11 | DENIED. |

**IT IS SO ORDERED.**

6

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC'S MOTION IN LIMINE # 2

1  Dated: December 11, 2018

2  _____
3  LUCY H. KOH
   United States District Judge

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC'S MOTION IN LIMINE # 2