United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING QUALCOMM'S MOTION TO STRIKE PARAGRAPHS 72–86 OF AKL REBUTTAL EXPERT REPORT**<br><br>Re: Dkt. No. 797 |

Before the Court is Defendant Qualcomm Incorporated's ("Qualcomm") motion to strike portions of the rebuttal expert report of Plaintiff Federal Trade Commission's ("FTC") expert Dr. Robert Akl. ECF No. 797 ("Mot."). The FTC has filed an opposition, ECF No. 866 ("Opp."), and Qualcomm has filed a reply. ECF No. 894 ("Reply"). Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS Qualcomm's motion to strike paragraphs 72–86 of Dr. Akl's rebuttal expert report.

### I. LEGAL STANDARD

"Rebuttal disclosures of expert testimony are 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *In re*

1

Case No. 17-CV-00220-LHK
ORDER GRANTING QUALCOMM'S MOTION TO STRIKE PARAGRAPHS 72–86 OF AKL REBUTTAL
EXPERT REPORT

*High-Tech Emp. Antitrust Litig.*, 2014 WL 1351040, at *3 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). A rebuttal expert report may respond to "new unforeseen facts brought out in the other side's case." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *3 (N.D. Cal. Aug. 15, 2016) (citing *Columbia Grain, Inc. v. Hinrichs Trading*, LLC, 2015 WL 6675538, at *2 (D. Idaho Oct. 30, 2015)). However, "[r]ebuttal testimony cannot be used to advance new arguments or new evidence." *Id.* at *2 (internal quotation marks omitted). A party's rebuttal expert report "is not the time to change methodologies to account for noted deficiencies; instead, it is to respond to criticisms of such methodologies." *Id.* (internal quotation marks omitted). Of course, "offering a different, purportedly better methodology is a proper way to rebut the methodology of someone else." *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016). Ultimately, "[r]ebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address." *Perez v. State Farm Mut. Auto Ins. Co.*, 2011 WL 8601203, at *8 (N.D. Cal. Dec. 7, 2011); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.") (internal quotation marks omitted). Courts "have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter." *Kirola v. City & Cty. of S.F.*, 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The moving party bears the burden of showing a discovery violation has occurred. *See Hernandez ex rel. Telles–Hernandez v. Sutter Med. Ctr. of Santa Rosa*, 2008 WL 2156987, at *13 (N.D. Cal. May 20, 2008). Once that burden is satisfied, the burden shifts and the nonmoving party must prove that its failure to comply with Rule 26 was either justified or harmless. *Yeti by Molly*, 259 F.3d at 1107.

**II.   DISCUSSION**

2

Qualcomm moves to strike Paragraphs 72-86 from the Akl Rebuttal Report under Rule 26(a). Specifically, Qualcomm contends that Paragraphs 72–86 discuss the relative importance of third-party companies' standard essential patents ("SEPs") in technology areas not discussed in the Qualcomm expert report Dr. Akl purports to rebut. The FTC contends that Paragraphs 72–86 are proper rebuttal evidence because they "contextualize" the Qualcomm expert's analysis.

Below, the Court first describes the progression of expert reports leading to the Akl Rebuttal Report, in order to provide context for the challenged Paragraphs. Then, the Court explains why Paragraphs 72–86 do not "contradict or rebut evidence on the same subject matter identified by another party," Fed. R. Civ. P. 26(a)(2)(D)(ii), and must be stricken.

### A. Akl Opening Expert Report

The FTC retained Dr. Akl as an expert to "assist in an evaluation of the reasonableness and proportionality of the royalties charged by Qualcomm for its cellular standard essential patents." ECF No. 797-4 ("Akl Opening Report"), ¶ 1. Dr. Akl is "an expert in the field of telecommunications systems" and an Associate Professor and Associate Chair of Graduate Studies in the computer science and engineering department at the University of North Texas. *Id.* ¶¶ 2, 7. Dr. Akl produced his opening expert report on May 24, 2018. *Id.* As relevant here, the FTC asked Dr. Akl "to compile a 'census,' based upon recent data from a variety of sources, of the numbers and types of cellular SEPs declared as essential to various cellular standards by different entities." *Id.* ¶ 1. Dr. Akl's report also includes "background on cellular standards, standard setting organizations and mobile devices." *Id.* ¶ 15.

Dr. Akl's report explains that the "census database is intended to be used as a reliable indicator of the *numbers* of SEPs declared essential to the relevant standards by various parties." *Id.* ¶ 46 (emphasis added). Dr. Akl compiled his census from SEP databases compiled by various standard setting organizations ("SSOs"). *See id.* ¶¶ 47–68. Based on the census, the Akl Opening Report includes charts identifying, for a given cellular standard, the top ten holders of SEPs essential to that standard. *See, e.g.*, *id.* ¶ 71 (chart with top ten holders of SEPs declared essential

3

Case No. 17-CV-00220-LHK
ORDER GRANTING QUALCOMM'S MOTION TO STRIKE PARAGRAPHS 72–86 OF AKL REBUTTAL EXPERT REPORT

to the UMTS standard). Dr. Akl concludes that the census "allows for the calculation of statistics regarding the percentage of SEPs declared by various entities with respect to certain cellular standards." *Id.* ¶ 74. Nowhere in the report does Dr. Akl provide any qualitative analysis of the relative value of SEPs identified in his census. Indeed, the FTC states that Dr. Akl's opening report includes only "an overview of cellular technology" and Dr. Akl's census of "the *number* of cellular patents declared standard-essential to cellular standards by various companies." Opp. at 2 (emphasis added).

### B. Andrews Expert Report

Dr. Jeffrey Andrews is a professor in the electrical and computer engineering department at the University of Texas at Austin. ECF No. 797-5 ("Andrews Report"), ¶ 1. Qualcomm served Dr. Andrews' expert report ("Andrews Report") on June 28, 2018. *Id.* at Cover. Qualcomm retained Dr. Andrews to "opine on . . . the importance of certain technologies to mobile devices and the mobile ecosystem," and the role of Qualcomm's SEPs in those areas. *Id.* ¶ 2. Specifically, the Andrews Report discusses "the importance of the UMTS, LTE, and 5G NR standard-defined waveform and air interface, carrier aggregation, heterogeneous networks ("HetNet"), and unlicensed spectrum features, as well as on the role of certain of Qualcomm's SEP's in implementing those features." *Id.* ¶ 3. Dr. Andrews opines that the patents he discusses "demonstrate that Qualcomm possess a wide-ranging portfolio in a broad range of subject areas" and that Qualcomm's patents "provide substantial value to the consumer." *Id.* ¶ 7. Dr. Andrews also opines that "Qualcomm's portfolio has continued to grow and expand over time." *Id.* ¶ 8.

In his deposition, Dr. Andrews testified that he was "not offering an opinion . . . as to the value of Qualcomm's patents relative to patents held by others" and "not offering an opinion as to a reasonable royalty for Qualcomm's patent portfolio as a whole." ECF No. 797-7 at 34:8–13, 36:1–6. Dr. Andrews further testified that he was "not offering opinions on patents that aren't in my report." ECF No. 866-2, Ex. 3 at 74:21–23.

### C. Akl Rebuttal Report

4

Dr. Akl completed the Akl Rebuttal Report on July 26, 2018. ECF No. 797-2. The Akl Rebuttal Report states that it responds to the Andrews Report. *Id.* ¶ 1. The Akl Rebuttal Report opines that Dr. Andrews "understates the involvement of companies other than Qualcomm in the formulation of various cellular telecommunication standards" and that Dr. Andrews "has not identified all of the fundamental or important aspects of the standards." *Id.* ¶ 4. Dr. Akl also opines that "[i]mplicit in [the Andrews Report] is an argument that Qualcomm's patent portfolio is superior to the portfolios held by other companies." *Id.* ¶ 5. Thus, the Akl Rebuttal Report provides examples of patents held by other companies that Dr. Akl "conclude[s] are of similar importance to the Qualcomm patents identified by Dr. Andrews." *Id.* Dr. Akl first discusses other companies that contributed to the standards and technology areas addressed in the Andrews Report. *See id.* ¶ 13 (asserting that Dr. Andrews "downplay[s] the contributions of companies other than Qualcomm to the development of these technologies and standards"); *see generally id.* ¶¶ 32–71 (addressing specific third-party patents in "technology areas discussed by Dr. Andrews").

As relevant here, the Akl Rebuttal Report also discusses "certain example technology areas and patents that, in [Dr. Akl's] view, are of comparable importance to those discussed by Dr. Andrews," and are owned by companies other than Qualcomm. *Id.* ¶ 72. Those technology areas are Discontinuous Reception, *id.* ¶¶ 73–77, Semi-persistent Scheduling, *id.* ¶¶ 78–80, Handover, *id.* ¶¶ 81–83, and Circuit-switched Fallback, *id.* ¶¶ 84–86. Based on the evidence in the Akl Rebuttal Report, Dr. Akl opines that "patents within Qualcomm's portfolio identified by Dr. Andrews as 'important' or 'fundamental' to the UMTS and LTE standards are matched by patents of comparable importance within the portfolios of at least these other companies." *Id.* ¶ 87.

**D. Analysis**

Qualcomm's motion presents a straightforward question: whether Paragraphs 72–86 of the Akl Rebuttal Report address the "same subject matter" as the Andrews Report. Fed. R. Civ. P. 26(a)(2)(D)(ii). In the Andrews Report, Dr. Andrews discusses how Qualcomm's SEPs

"encompass[] fundamental and innovative aspects" of technology important to certain cellular standards. Andrews Report ¶ 297. Qualcomm contends that the Andrews Report "illustrate[s] the flaws in the FTC's experts' reliance on simple patent counting as a basis for valuing Qualcomm's portfolio." Reply at 1. Qualcomm does not move to strike those portions of the Akl Rebuttal Report addressing third-party SEPs in the technology areas that Dr. Andrews discusses. *Id.* at 4.

Here, Paragraphs 72–86 of the Akl Rebuttal Report do not discuss the technology areas addressed in the Andrews Report or discuss Qualcomm's SEPs. Instead, Paragraphs 72–86 include Dr. Akl's opinions on third-party SEPs in "other portions of the standards that are . . . of equal importance to those identified by Dr. Andrews." Akl Rebuttal Report ¶ 72. Notably, Paragraphs 72–86 do not attempt to contradict the Andrews Report's opinion that Qualcomm has important or fundamental patents in specific technology areas. Instead, the Paragraphs make a different point altogether: third-party companies have important patents in *other* technology areas. For that reason, Paragraphs 72–86 are not "intended solely to contradict or rebut evidence on the same subject matter" as the Andrews Report. Fed. R. Civ. P. 26(a)(2)(D)(ii).

The Akl Rebuttal Report sets forth its own purpose in such terms. For example, Dr. Akl states that his report discusses third-party patents "in standardized technology areas *not addressed* by Dr. Andrews" and responds to the argument, "*[i]mplicit* in Dr. Andrews's report," that Qualcomm's patents are superior to those of third parties. Akl Rebuttal Report ¶ 5 (emphases added). Neither Dr. Akl in the Akl Rebuttal Report nor the FTC in its opposition brief identifies a section of the Andrews Report where Dr. Andrews opines that the technology areas he discusses are the *only* technology areas of importance. *See id.* ¶ 72 (stating only that "Dr. Andrews's report discusses a number of technology areas that he says are important to cellular standards"). Nor does the FTC identify any authority for the proposition that a rebuttal expert report may respond to an implied argument. The FTC's other arguments are also not convincing.

First, the FTC contends that the subject matter of the Andrews Report is "cellular technology declared essential to a relevant standard," and that Paragraphs 72–86 are within that

6

scope. Opp. at 1. However, the Andrews Report is not so broad in scope. Dr. Andrews opines only on "some of Qualcomm's fundamental patents" in technology areas in which Dr. Andrews has a "particular focus." Andrews Report ¶¶ 3, 8. The FTC appears to argue that because "this case concerns whether Qualcomm's cellular SEP licensing practices lead to elevated royalties at the portfolio level," the Akl Rebuttal Report can address any topic under that umbrella. Opp. at 7. However, a rebuttal expert does not receive *carte blanche* to address the broad subject matter of the *case*, but rather to "contradict or rebut evidence on the same subject matter" as the other party's expert report. *In re High-Tech.*, 2014 WL 1351040, at *13 (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)); *see also FTC v. Innovative Designs, Inc.*, 2018 WL 3611510, at *3 (W.D. Pa. July 27, 2018) ("[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports.").

The FTC contends that Paragraphs 72–86 contradict Dr. Andrews's opinion that "Qualcomm possesses a wide-ranging portfolio in a broad range of subject areas," Andrews Report ¶ 7, and aim to "avoid the misimpression that Qualcomm was uniquely responsible for the development of all major cellular standards." Opp. at 8. However, the opinions expressed in Paragraphs 72–86 (third parties possess certain important SEPs) and in the Andrews Report (Qualcomm possesses important SEPs in other technology areas) do not contradict each other, as both opinions could simultaneously be true.

Examples of proper rebuttal further demonstrate how Paragraphs 72–86 are outside the bounds of Rule 26. In *In re High-Tech*, this Court denied a motion to strike a rebuttal report in which an expert, in response to criticism, "explain[ed] in detail greater than his opening report the statistical significance" of a particular variable. 2014 WL 1351040, at *13. Similarly, in *Matthew Enterprises*, the district court denied a motion to strike a rebuttal report that applied a "prior methodology to smaller sample sizes." 2016 WL 4272430, at *6. Finally, in *Ericsson*, the district court denied a motion to strike rebuttal material in which the original expert reached "one

7

Case No. 17-CV-00220-LHK
ORDER GRANTING QUALCOMM'S MOTION TO STRIKE PARAGRAPHS 72–86 OF AKL REBUTTAL EXPERT REPORT

conclusion about the value of certain patents based on one methodology" and the rebuttal expert "arrive[d] at a different conclusion on the basis of his alternate methodology of valuing patents." 2016 WL 7042085, at *6. By contrast, the alleged conclusion in the Andrews Report that Paragraphs 72–86 seek to rebut—"the misimpression that Qualcomm was uniquely responsible for the development of all major cellular standards technology," Opp. at 8—is not in fact in the Andrews Report. To the extent the FTC wishes to contest an expansive framing of Dr. Andrews's conclusions, the FTC has developed deposition testimony that Dr. Andrews is "not offering an opinion . . . as to the value of Qualcomm's patents relative to patents held by others," "not offering an opinion as to a reasonable royalty for Qualcomm's patent portfolio as a whole," and "not offering opinions on patents that aren't in [his] report." ECF No. 797-7 at 34:8–13, 36:1–6; ECF No. 866-2, Ex. 3 at 74:21–23. Dr. Andrews also testified in his expert report that his opinion concerns only "some of Qualcomm's fundamental patents" in technology areas in which Dr. Andrews has a "particular focus." Andrews Report ¶¶ 3, 8.

Second, the FTC contends that the Andrews Report discusses SEPs in two of the technology areas that Dr. Akl addresses in Paragraphs 72–86. However, the Andrews Report references Discontinuous Reception and Semi-Persistent Scheduling in the context of Dr. Andrews's background on the "history of cellular." Andrews Report ¶¶ 62–66. Nowhere does Dr. Andrews address any Qualcomm SEPs (or third-party SEPs) related to those two technologies. Instead, Dr. Andrews states that those two technologies help improve a different feature that Qualcomm introduced, not that Qualcomm created or even contributed to those two technologies. *Id.* ¶ 62.

Under Rule 37, striking the challenged Paragraphs is required. *Yeti by Molly*, 259 F.3d at 1106 (explaining that Rule 37 is a "self-executing" and "automatic" sanction). The FTC offers no argument that its failure to disclose Dr. Akl's improper rebuttal testimony "is substantially justified or harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Therefore, the Court grants Qualcomm's motion to strike Paragraphs 72–86 of the Akl

8
Case No. 17-CV-00220-LHK
ORDER GRANTING QUALCOMM'S MOTION TO STRIKE PARAGRAPHS 72–86 OF AKL REBUTTAL EXPERT REPORT

Rebuttal Report. At trial, Dr. Akl may not testify about the opinions therein, although he may testify about the opinions in the remainder of the Akl Rebuttal Report and in the Akl Opening Report. However, if Dr. Andrews testifies outside the stated scope of the Andrews Report, the Court may reconsider whether Dr. Akl's opinions in Paragraphs 72–86 are proper rebuttal testimony.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Qualcomm's motion to strike paragraphs 72–86 of the Akl Rebuttal Report.

**IT IS SO ORDERED.**

Dated: December 11, 2018

_____
LUCY H. KOH
United States District Judge

Case No. 17-CV-00220-LHK
ORDER GRANTING QUALCOMM'S MOTION TO STRIKE PARAGRAPHS 72–86 OF AKL REBUTTAL EXPERT REPORT