United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 798, 867 |

Before the Court are three administrative motions to seal filed in connection with the parties' briefing on Defendant's motion to strike portions of the rebuttal expert report of Dr. Robert Akl. ECF Nos. 798, 867. Specifically, the parties seek to seal portions of their briefs and accompanying exhibits. For the following reasons, the Court GRANTS in part, DENIES in part, and DENIES WITHOUT PREJUDICE in part the parties' motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong

1

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART
ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-

5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

Here, the parties seek to seal portions of the parties' briefs on Qualcomm's motion to strike portions of Dr. Robert Akl's rebuttal expert report. Qualcomm contends that "[b]riefs regarding motions to strike expert reports are considered non-dispositive." ECF No. 798 at 1. While the district court in the case Qualcomm cites applied the lower "good cause" standard to a motion to strike an expert report, the district court also conducted an individualized analysis to determine whether that particular motion to strike implicated the merits. *United States v. Celgene Corp.*, 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016). The Ninth Circuit's case law requires that approach, and disfavors "mechanical classifications" based on the motion at issue. *Ctr. for Auto Safety*, 809 F.3d at 1098. Under *Center for Auto Safety*, the question is whether Qualcomm's motion to strike is "more than tangentially related to the underlying cause of action." *Id.* at 1099. The Ninth Circuit has held that "routine motions in limine [] are strongly correlative to the merits of a case." *Id.* Here, as in a motion in limine, Qualcomm seeks to strike expert testimony related to the value of Qualcomm's patent portfolio, which is a critical issue in the case. The FTC's Complaint alleges, for example that "Qualcomm has excluded competitors and harmed competition through a set of interrelated policies and practices," including "elevated royalties." ECF No. 1 ¶ 3a; *see also id.* ¶ 60 (alleging that Qualcomm charges "far more in royalties" than other licensors "with comparable portfolios of cellular SEPs"). Thus, the Court applies the compelling reasons to the parties' motions to seal.

The Court now turns to the substance of the sealing motions. Both the FTC and Qualcomm have designated certain material as confidential, as have non-parties. ECF No. 798 at 2; ECF No. 867 at 3. In *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

4

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART
ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

1   Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). This Court has previously granted the parties'
2   motions to seal information pertaining to specific "patent licensing agreements or negotiations" on
3   the basis that such information reveals competitive sensitive business information. ECF No. 935
4   at 4. Here, Qualcomm and third parties have submitted declarations providing that portions of the
5   exhibit attached to the FTC's opposition to Qualcomm's motion to strike contains information
6   related to "terms in licensing agreements, licensing negotiations, and licensing practices and
7   policies." ECF Nos. 867-3, 867-4, 867-5, 867-6, 867-7, 867-8. To the extent the parties seek to
8   seal such information, the Court agrees that compelling reasons exist to seal this information.

However, Qualcomm also seeks to seal the entirety of all seven exhibits attached to its motion to strike. *See* ECF No. 798. Most fundamentally, Qualcomm has failed to comply with Civil Local Rule 79-5, which requires that a sealing request "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b). The exhibits attached to Qualcomm's motion may contain "non-public discussion of Qualcomm's business strategies and patent portfolio," which the Court agrees is sealable, but the exhibits also contain information that is plainly not sealable. For example, the Rebuttal Expert Report of Dr. Robert Akl contains Dr. Akl's name and the boilerplate statement that Dr. Akl's "opinions are based on the information available to me to date." ECF No. 904-1. Such statements reveal no competitive sensitive business information and could not be sealed even if the lower good cause standard applied (it does not). Therefore, the Court DENIES WITHOUT PREJUDICE Qualcomm's motion to file under seal the entirety of all seven exhibits to Qualcomm's motion to strike. Moreover, Qualcomm's declaration in support of sealing portions of Qualcomm's motion to strike asserts generally that the motion "contains and references Qualcomm's trade secrets," but does not articulate how any specific information sought to be sealed satisfies the "compelling reasons" standard.

Thus, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Document | Page/Line | Ruling |
| --- | --- | --- | --- |
| 798 | Qualcomm Motion to Strike (ECF No. 797) | 1:9–10 | DENIED. |
| 798 | Qualcomm Motion to Strike | 1:13–15 | DENIED. |
| 798 | Qualcomm Motion to Strike | 2:7–8 | DENIED. |
| 798 | Qualcomm Motion to Strike | 3:10–13 | DENIED. |
| 798 | Qualcomm Motion to Strike | 3:14 | DENIED. |
| 798 | Qualcomm Motion to Strike | 3:16–18 | DENIED. |
| 798 | Qualcomm Motion to Strike | 4:3–10 | DENIED. |
| 798 | Qualcomm Motion to Strike | 4:13–14 | DENIED. |
| 798 | Qualcomm Motion to Strike | 4:16–17 | DENIED. |
| 798 | Qualcomm Motion to Strike | 4:18–21 | DENIED. |
| 798 | Qualcomm Motion to Strike | n.9 | DENIED. |
| 798 | Qualcomm Motion to Strike | 4:24–5:2 | DENIED. |
| 798 | Qualcomm Motion to Strike | 6:13 | DENIED. |
| 798 | Qualcomm Motion to Strike | 6:20–22 | DENIED. |
| 798 | Qualcomm Motion to Strike | 6:25–26 | DENIED. |
| 798 | Qualcomm Motion to Strike | 6:28 | DENIED. |
| 798 | Qualcomm Motion to Strike | 7:12–13 | DENIED. |
| 798 | Qualcomm Motion to Strike | 7:21–23 | DENIED. |
| 798 | Exhibits 1–7 to Qualcomm Motion to Strike (ECF Nos. 797-2, 797-3, 797-4, 797-5, 797-6, 797-7, 797-8) | Entire Documents | DENIED WITHOUT PREJUDICE. |
| 867 | Lasinski Expert Report (ECF No. 866-2) | ¶¶ 12, 13, 15, 27 & nn. 1, 6, 8–9, 13, 18 | GRANTED. |
| 867 | Lasinski Expert Report | Figures 1 & 8 | GRANTED. |
| 867 | Lasinski Expert Report, ECF No. | ¶ 135, Fig. 43 | GRANTED. |
| 867 | Lasinski Expert Report | n.19 | GRANTED. |
| 867 | Lasinski Expert Report | ¶¶ 20, 136 | GRANTED. |

If the parties choose to refile a joint administrative motion to seal portions of the exhibits accompanying Qualcomm's motion to strike, the parties must file such a motion by December 18, 2018. The motion to seal must comply with Civil Local Rule 79-5, this Court's Order at ECF No. 821, and applicable case law, with the exception of the time limit for filing the motion. Because the Court has determined that the briefing and exhibits that the parties seek to seal are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, the declarations shall set forth the "compelling reasons supported by specific factual findings" that the

parties believe "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79.

Importantly, the parties shall include with any joint motion to seal a chart which includes a row for each document or portion thereof that is sought to be sealed. The chart shall also include four additional columns that describe: (1) where the document or portion thereof appears in the filings; (2) the relevant standard; (3) the number of the paragraph in a specific declaration that justifies the sealing of that document under the relevant standard; and (4) any explanations.

**IT IS SO ORDERED.**

Dated: December 11, 2018

_____
LUCY H. KOH
United States District Judge