Nathan P. Eimer (*pro hac vice*)
Brian Y. Chang (SBN 287757)
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Phone: (312) 660-7600
Fax: (312) 692-1718
neimer@eimerstahl.com
bchang@eimerstahl.com

*Attorneys for non-party*
*LG Electronics, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>　　　Defendant. | Case No. 5:17-cv-00220-LHK<br><br>The Honorable Lucy H. Koh<br><br>**DECLARATION OF NATHAN P. EIMER IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE FTC'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 2 TO EXCLUDE LG TESTIMONY (DOC. 959)** |

I, Nathan P. Eimer, do declare and state as follows:

1. I am an attorney with the law firm of Eimer Stahl LLP, counsel for non-party LG Electronics, Inc. ("LGE") in relation to the above-captioned matter. I am a member in good standing of the State Bar of Illinois. I submit this declaration in support of the Joint Administrative Motion to File Under Seal the FTC's Opposition to Qualcomm's Motion in Limine No. 2 to Exclude LG Testimony (the "Joint Motion to Seal") (Doc. 959). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I have reviewed the Joint Motion to Seal (Doc. 959), the Declaration of Jennifer Milici in Support of the Joint Motion to Seal (Doc. 959-1), the Declaration of Gary A. Bornstein in Support of the Joint Motion to Seal (Doc. 959-2), and the FTC's Opposition to Qualcomm's Motion in Limine No. 2 to Exclude LG Testimony and exhibits (Doc. 959-3), with the policy considerations outlined in Civil Local Rule 79-5 in mind.

3. Exhibit 1 to the FTC's Opposition to Qualcomm's Motion in Limine No. 2 to Exclude LG Testimony ("Exhibit 1") is a copy of a portion of LGE's written responses, dated March 30, 2018, to a Letter of Request from the Federal Trade Commission and Qualcomm, Inc. These written responses were designated by LGE as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under the Protective Orders in *In re: Qualcomm Antitrust Litigation*, No. 17-md-02773-LHK-NMC (N.D. Cal.); *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-00220-LHK-NMC (N.D. Cal.); and *Apple, Inc. v. Qualcomm Incorporated*, No. 17-cv-0108-GPC-MDD (S.D. Cal.). LGE asks that the following portions of Exhibit 1 be kept under seal for the "compelling reasons supported by specific factual findings" described below. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

4. First, compelling reasons exist to keep under seal the highly confidential information contained in certain responses of Tony (Taekwon) Son, listed below, because the responses disclose competitive business information and sensitive licensing practices. The specific factual findings supporting the reasons for sealing each response are described below:

| Tony Son Responses | Type of Information | Compelling Reasons to Seal |
|---|---|---|
| ¶¶ 12–15 | Trade secrets, including pricing terms and conditions for LGE's baseband purchasing strategy | Disclosure could harm LGE's position in future negotiations with suppliers and put LGE at a disadvantage among competitors |
| ¶ 17 | Trade secrets embodying business impact of LGE's purchasing options in the baseband processor market, including production and supply capacity information | Disclosure could harm LGE's position in future negotiations with suppliers and put LGE at a disadvantage among competitors |
| ¶¶ 19–27 | Trade secrets, including but not limited to:<br>(a) Business impact of LGE's purchasing options in the baseband processor market, including production and supply capacity information;<br>(b) Business strategy choices illustrating competitive product mix; and<br>(c) Competitive supplier selection strategy | Disclosure could harm LGE's position in future negotiations with suppliers and put LGE at a disadvantage among competitors |
| ¶¶ 29–33 | Trade secrets, including but not limited to:<br>(a) Business impact of LGE's purchasing options in the baseband processor market, including production and supply capacity information;<br>(b) Business strategy choices illustrating competitive product mix; and<br>(c) Competitive supplier selection strategy | Disclosure could harm LGE's position in future negotiations with suppliers and put LGE at a disadvantage among competitors |
| ¶¶ 36–42 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of license | Disclosure could harm LGE's position in future negotiations with suppliers and put LGE at a disadvantage among competitors |
| ¶¶ 44–107 | Trade secrets, including but not limited to:<br>(a) Business impact of LGE's purchasing options in the baseband processor market, including production and supply capacity information;<br>(b) Business strategy choices illustrating competitive product mix; and<br>(c) Competitive supplier selection strategy | Disclosure could harm LGE's position in future negotiations with suppliers and put LGE at a disadvantage among competitors |

5.   Second, compelling reasons exist to keep under seal the highly confidential information contained in certain questions and responses of Hwi-Jae Cho, listed below, because the

questions and responses disclose competitive business information and sensitive licensing practices. The specific factual findings supporting the reasons for sealing each questions and response are described below:

| Hwi-Jae Cho Questions & Responses | Type of Information | Compelling Reasons to Seal |
|---|---|---|
| ¶¶ 8–16 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of license | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors |
| ¶ 17 (question and response) | Question: The title of Exhibit 2 referenced in the question includes identifying information about the year and type of licensing agreement<br><br>Response: Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of license | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors |
| ¶ 19 (question and response) | Question: The title of Exhibit 3 referenced in the question includes identifying information about the year and type of licensing agreement<br><br>Response: Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors |
| ¶¶ 21–28 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors |
| ¶¶ 33–36 | Trade secrets embodying specific claims asserted in arbitration and accompanying foundational answers disclosing confidential third-party information | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶ 38(a)–(h) | Trade secrets, including but not limited to:<br>(a) Specific claims asserted in arbitration;<br>(b) Accompanying foundational answers disclosing confidential third-party information; and<br>(c) Specific terms of patent licensing arrangements, including duration and | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |

| Hwi-Jae Cho Questions & Responses | Type of Information | Compelling Reasons to Seal |
|---|---|---|
|  | scope of licenses and royalty calculations |  |
| ¶¶ 40–43 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 45–47 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 49–52 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 54–57 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 59–62 | Trade secrets embodying business impact of LGE's licensing negotiation strategy, including possible attorney-client privileged communications and work product | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 64–169 | Trade secrets, including but not limited to:<br>(a) Specific claims asserted in arbitration;<br>(b) Accompanying foundational answers disclosing confidential third-party information; and<br>(c) Specific terms of patent licensing arrangements, including duration and scope of licenses and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 171–80 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 183–208 | Trade secrets embodying business impact of LGE's licensing negotiation strategy, including | Disclosure could harm LGE's position in future negotiations for patent licenses and put |

**DECLARATION OF NATHAN P. EIMER IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE FTC'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 2 TO EXCLUDE LG TESTIMONY (DOC. 959)**
Case No. 5:17-cv-00220-LHK

5

| Hwi-Jae Cho Questions & Responses | Type of Information | Compelling Reasons to Seal |
|---|---|---|
|  | possible attorney-client privileged communications and work product | LGE at a disadvantage with competitors. |
| ¶¶ 210–11 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 213–30 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 232–45 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |
| ¶¶ 247–58 | Trade secrets embodying specific terms of patent licensing arrangements, including duration and scope of licenses, negotiation positions, and royalty calculations | Disclosure could harm LGE's position in future negotiations for patent licenses and put LGE at a disadvantage with competitors. |

6. To protect LGE from substantial competitive harm, LGE respectfully requests that the confidential portions of Tony Son's and Hwi-Jae Cho's written testimony identified above be fully redacted and sealed from public access.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on December 11, 2018, in Chicago, Illinois.

By: __/s/__Nathan P. Eimer_____

Nathan P. Eimer (*pro hac vice*)
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

**DECLARATION OF NATHAN P. EIMER IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE FTC'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 2 TO EXCLUDE LG TESTIMONY (DOC. 959)**
Case No. 5:17-cv-00220-LHK                                                                                                              6

Phone: (312) 660-7600
Fax: (312) 692-1718
neimer@eimerstahl.com

*Attorney for non-party*
*LG Electronics, Inc.*

**DECLARATION OF NATHAN P. EIMER IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE FTC'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 2 TO EXCLUDE LG TESTIMONY (DOC. 959)**
Case No. 5:17-cv-00220-LHK                                                                 7