United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING QUALCOMM'S FIRST AND SECOND MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 942, 944 |

Before the Court are two motions in limine filed by Defendant Qualcomm Incorporated ("Qualcomm") to exclude evidence designated by Plaintiff Federal Trade Commission ("FTC"). ECF Nos. 942 & 944. The FTC opposes both motions. ECF Nos. 952 & 953. Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court DENIES Qualcomm's first and second motions in limine.

**I.  LEGAL STANDARD**

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the

grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). FRE 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The ruling below balances the factors set forth in FRE 403.

## II. DISCUSSION

The Court addresses Qualcomm's first two motions in limine in order.

### A. Qualcomm's First Motion in Limine

Qualcomm seeks to exclude deposition testimony the FTC has designated from third-party Huawei Technologies Co., Ltd. ("Huawei") under FRE 403, FRE 802, and FRCP 32. ECF No. 942 at 1. Qualcomm contends that the Huawei testimony is hearsay and not admissible under the FRE 804(b)(1) exception for former testimony because Huawei "refused to make a meaningful production in response to Qualcomm's document requests," which prevented Qualcomm from "an effective opportunity" to cross-examine the Huawei witnesses. *Id.*

The Court agrees with the FTC that the testimony is admissible under FRE 804(b)(1) and FRCP 32. Although hearsay testimony is ordinarily inadmissible, FRE 804(b)(1) permits the admission of an unavailable declarant's testimony if that testimony was given at a "lawful deposition" and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(A)–(B). Regardless, the Huawei testimony is admissible under FRCP 32, which permits use of a non-party deposition where the witness "is outside the United States" for trial and the testimony "would be admissible . . . if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1)(B), (a)(4)(B); *see Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008) (holding that testimony admitted under FRCP 32 "need not also meet the requirements for admissibility set forth in Rule 804(b)(1)").

2

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S FIRST AND SECOND MOTIONS IN LIMINE

Here, the FTC seeks to include Huawei employee testimony taken at depositions. ECF Nos. 942-2 & 942-3 (FTC's deposition designations). The testimony is admissible under FRCP 32 because the Huawei employees are indisputably "outside the United States" and Qualcomm "was present or represented at the taking of the deposition." Fed. R. Civ. P. 32(a)(1), (a)(4)(B). Qualcomm does not contest that the Huawei employees are unavailable for trial. Indeed, although Qualcomm's first motion in limine cites FRCP 32, Qualcomm's motion includes *no argument* for why the Huawei testimony fails to satisfy FRCP 32. Qualcomm concedes that the Huawei witnesses provided testimony under oath and subject to cross-examination. ECF No. 942 at 2. Moreover, Qualcomm does not claim that the testimony of the Huawei witnesses—who testified to their own conduct—would be inadmissible if offered live in court. *See, e.g.*, ECF No. 942-4, at 24:14–20 (Huawei witness testifying about his lack of involvement in searching for documents). Thus, because the Huawei testimony satisfies FRCP 32, the Huawei testimony "need not also meet the requirements for admissibility set forth in Rule 804(b)(1)." *Nationwide*, 541 F.3d at 914.

Even if FRE 804(b)(1) applied, Qualcomm's cases do not stand for the proposition that testimony is inadmissible under FRE 804(b)(1) if the witness failed to produce relevant documents. For example, in *In re Complaint of Paducah Towing Co., Inc.*, 692 F.2d 412 (6th Cir. 1982), the Sixth Circuit concluded that a party lacked a meaningful opportunity to cross-examine the declarant because the party's predecessor in interest cross-examined the declarant using a non-attorney who could "not adequately test[]" the declarant's testimony. *Id.* at 419. Similarly, the district court in *United States v. Wilson*, 36 F. Supp. 2d 1177 (N.D. Cal. 1999), concluded that a prior cross-examination focused on civil forfeiture lacked a "similar motive" as would a cross-examination conducted at a criminal trial. *Id.* at 1184. Here, Qualcomm is not relying on the inadequacy of a predecessor's cross-examination or a cross-examination with a different motive. FRE 804(b)(1). Rather, Qualcomm itself deposed four different Huawei witnesses for purposes of the instant trial. *See* ECF Nos. 942-4, 942-5, 942-6, 942-7; *see also United States v. Salim*, 855 F.2d 944, 953–54 (2d Cir. 1988) (holding that cross-examination conducted via writing, with opportunity to pose follow-up questions, satisfied FRE 804(b)(1)). Therefore, Qualcomm had the

3

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S FIRST AND SECOND MOTIONS IN LIMINE

requisite "opportunity" to cross-examine the Huawei witnesses under FRE 804(b)(1).

Alternatively, Qualcomm contends that even though Huawei produced data and more than 200,000 pages of documents in discovery and Qualcomm cross-examined four Huawei witnesses who testified under oath, FRE 403 requires exclusion of the Huawei testimony because "a non-party cannot selectively participate in discovery." ECF No. 942 at 2. Again, the cases Qualcomm cites do not support Qualcomm's contention. *See United States v. Cohen*, 2012 WL 289769, at \*4 (C.D. Ill. Jan. 31, 2012) (holding that cross-examiner lacked an opportunity to develop the declarant's testimony under FRE 804(b)(1) because the declarant refused to sit for a voluntary deposition, refused to sit for a deposition even after the Court so requested, and refused to answer any questions during a hearing conducted by a judge in Liechtenstein). *Cohen* never addressed FRE 403. Qualcomm also quotes the Ninth Circuit's statement in *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998), that "[t]here is no point to a lawsuit, if it merely applies law to lies." *Id.* at 1058. However, the Ninth Circuit in that case was reviewing a district court's imposition of sanctions for discovery violations, which the district court imposed based on specific findings of fact. *Id.* at 1054. Qualcomm's apparent speculation that Huawei lied has no basis in the record. Moreover, the fact that Huawei is a competitor of Qualcomm's does not merit exclusion of the Huawei testimony under FRE 403. *See United States v. Rizk*, 660 F.3d 1125, 1133 (9th Cir. 2011) ("[E]vidence is not unfairly prejudicial merely because it tends to prove a defendant's guilt.") (citation omitted).

For the foregoing reasons, the Court DENIES Qualcomm's first motion in limine.

**B. Qualcomm's Second Motion in Limine**

Qualcomm's second motion in limine raises a similar question as Qualcomm's first motion in limine. Qualcomm seeks to exclude a document containing LG Electronics, Inc's ("LGE") responses to questions propounded by the FTC and Qualcomm. ECF No. 944. Qualcomm contends that LGE's responses are inadmissible hearsay and should be excluded under FRE 403 and FRE 802. The FTC argues that LGE's responses are admissible as former testimony under FRE 804(b)(1) or the residual exception in FRE 807. ECF No. 952. The Court agrees with the

4

1  FTC that LGE's responses are admissible under FRE 804(b)(1).

2  At issue are LGE's responses to written questions that the FTC and Qualcomm
3  propounded in a Letter of Request Pursuant to the Hague Convention. ECF No. 448-2 (Letter of
4  Request). The parties requested testimony in the form of direct examination and cross-
5  examination by Korean counsel. *Id.* at 7, 9. LGE responded to the request in the form of written
6  responses "sworn under the oath which would be administered by a Korean court enforcing a
7  Hague Convention request for evidence." ECF No. 944-2 at 2.

8  Qualcomm contends that FRE 804(b)(1) applies only to oral testimony, not written
9  testimony. However, under FRCP 28, a deposition may be taken in a foreign country "under a
10 letter of request." Fed. R. Civ. P. 28(b)(1)(B). Specifically, "[e]vidence obtained in response to a
11 letter of request need not be excluded merely because it is not a verbatim transcript, because the
12 testimony was not taken under oath, or because of any similar departure from the requirements for
13 depositions taken within the United States." Fed. R. Civ. P. 28(b)(4). Therefore, even though
14 LGE did not provide testimony orally, LGE's written responses constitute deposition testimony
15 for purposes of FRE 804(b)(1). *See Salim*, 855 F.2d at 953 (holding that "a deposition taken
16 abroad pursuant to foreign law, but in conformity with Rule 28" satisfies FRE 804(b)(1); *see also*
17 ECF No. 944-2 (stating that LGE responses were "sworn under the oath which would be
18 administered by a Korean court"). The cases Qualcomm cites all involve written testimony under
19 domestic law and are thus inapplicable. *See, e.g., Thorson v. Aviall Servs., Inc.*, 2018 WL
20 1426971, at *5 (N.D. Tex. Mar. 22, 2018) (holding that affidavit completed in United States did
21 not qualify as "testimony" under FRE 804(b)(1)).

22 Relatedly, Qualcomm contends that Qualcomm's opportunity to submit its own
23 questions—146 in total—to LGE in the Letter of Request does not qualify as cross-examination
24 under FRE 804(b)(1). However, if LGE's written responses qualify as a deposition for purposes
25 of FRE 804(b)(1), Qualcomm's opportunity to propound 146 written questions necessarily
26 constitutes cross-examination. *See United States v. Trout*, 633 F. Supp. 150, 152 (N.D. Cal. 1985)
27 (rejecting argument that a party's "inability to conduct conventional cross-examination justifie[d]

28

exclusion" of deposition testimony because the party "ha[d] an opportunity to conduct cross-examination by submitting its own questions to follow those of [the opposing party]" sufficient to satisfy FRE 804(b)(1)); *see also Salim*, 855 F.2d at 953 (holding that a cross-examination conducted via written questions "was not thereby rendered ineffective"). The record demonstrates that LGE responded to the 146 questions that Qualcomm propounded. ECF No. 959-4 (LGE responses). LGE's conduct is distinguishable from that in *Cohen*, 2012 WL 289769, in which the witness "addressed very few of those questions" propounded by the moving party, such that the witness effectively "refused to answer." *Id.* at *4. Therefore, LGE's responses are admissible under FRE 804(b)(1).[1]

For the foregoing reasons, the Court DENIES Qualcomm's second motion in limine.

**IT IS SO ORDERED.**

Dated:

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[1] Because the Court concludes that LGE's responses are admissible under FRE 804(b)(1), the Court does not reach the FTC's alternative argument that LGE's responses are admissible under FRE 807.