UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 959, 961 |

Before the Court are the parties' joint administrative motions to file under seal materials filed in connection with the FTC's oppositions to Qualcomm's first and second motions in limine. Specifically, the parties seek to seal excerpts from the written testimony of third party LG Electronics, Inc. ("LGE"), ECF No. 959, and excerpts from the deposition testimony of third party Huawei Technologies, Ltd. ("Huawei"). ECF No. 961.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong

1

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

The parties acknowledge that Qualcomm's motion in limine, which seeks to exclude evidence from trial, is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, and that the compelling reasons standard applies. ECF No. 959 at 1. The Court now turns to the substance of the sealing motions, which concerns material that third parties LGE and Huawei have designated highly confidential. ECF No. 959 at 2; ECF No. 961 at 2.

In *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). This Court has previously granted the parties' motions to seal information pertaining to specific "patent licensing agreements or negotiations" on the basis that such information reveals competitive sensitive business information. ECF No. 935 at 4. To the extent the parties seek to seal such information, the Court agrees that compelling reasons exist to seal this information.

Both motions seek to seal the entirety of exhibits attached to the FTC's briefing on Qualcomm's motion in limine. Specifically, the parties seek to seal (1) LGE's written responses to the FTC's and Qualcomm's Letter of Request Pursuant to the Hague Convention, attached as Exhibit 1 to the FTC's opposition to Qualcomm's second motion in limine; and (2) excerpts from Huawei deposition testimony, attached as Exhibit 1 to the FTC's opposition to Qualcomm's first motion in limine. However, both LGE and Huawei have provided declarations in support of the parties' joint sealing motions in which both LGE and Huawei declare that only specific, identified material in the exhibits reveals competitively sensitive business information. ECF No. 981 (LGE), ECF No. 982 (Huawei). For example, LGE declares that disclosure of certain LGE responses

4
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

reveals trade secrets relating to the "[b]usiness impact of LGE's purchasing options in the baseband processor market," which could "put LGE at a disadvantage among competitors." ECF No. 981 at 3. Huawei seeks to seal information revealing "the current status and amount of disputed royalty payments between Huawei and Qualcomm," and declares that public disclosure "will harm Huawei's competitive standing." ECF No. 982 at 2.

Thus, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 959 | LGE Written Responses to Letter of Request, Responses of Tony Son, ECF No. 959-4 | ¶¶ 12–15 | DENIED as to ¶ 12, but GRANTED as to the remainder. The answer to ¶ 12 is manifest from ¶ 11, which LGE does not seek to seal. |
| 959 | LGE Written Responses to Letter of Request, Responses of Tony Son | ¶¶ 17, 19–27 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Tony Son | ¶¶ 29–33 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Tony Son | ¶¶ 36–42 | DENIED as to ¶ 38, but otherwise GRANTED. The information in ¶ 38 is revealed in ¶ 43, which LGE does not seek to seal. |
| 959 | LGE Written Responses to Letter of Request, Responses of Tony Son | ¶¶ 44–107 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 8–16 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 17, 19 (questions and responses) | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 21–28 | GRANTED. |

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 33–36 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶ 38 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 40–43 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 45–47 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 49–52 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 54–57 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 59–62 | DENIED as to ¶ 62, but otherwise GRANTED. ¶ 62 is identical to ¶ 30, which LGE does not seek to seal. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 64–169 | DENIED as to ¶¶ 68, 90, 92, 106, 109, which are identical to ¶ 30, which LGE does not seek to seal. GRANTED as to the remainder. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 171–80 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 183–208 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 210–11 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 213–30 | GRANTED. |
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 232–45 | GRANTED. |

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 959 | LGE Written Responses to Letter of Request, Responses of Hwi-Jae Cho | ¶¶ 247–58 | GRANTED. |
| 959 | LGE Written Responses | All other portions | DENIED. None of the remaining information is supported by a declaration confirming that the information reveals trade secrets. |
| 961 | Excerpts from Deposition of Jian Xin Ding, ECF No. 953-2 | 60:15–18 | GRANTED. |
| 961 | Excerpts from Deposition of Jian Xin Ding | All other portions | DENIED. None of the remaining information is supported by a declaration confirming that the information reveals trade secrets. |

**IT IS SO ORDERED.**

Dated: December 12, 2018

_____
LUCY H. KOH
United States District Judge