UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING QUALCOMM'S THIRD MOTION IN LIMINE**<br><br>Re: Dkt. No. 945 |

Before the Court is Defendant Qualcomm Incorporated's ("Qualcomm") third motion in limine to exclude evidence designated by Plaintiff Federal Trade Commission ("FTC"). ECF No. 945. The FTC opposes the motion. ECF No. 955. Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court DENIES Qualcomm's third motion in limine.

I.  **LEGAL STANDARD**

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see*

1

1  *also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad

2  discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir.

3  1988) (alteration omitted)).  FRE 403 provides that "[t]he court may exclude relevant evidence if

4  its probative value is substantially outweighed by a danger of one or more of the following: unfair

5  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

6  presenting cumulative evidence."  The ruling below balances the factors set forth in FRE 403.

## II. DISCUSSION

Qualcomm seeks to exclude documents produced to the FTC by third-party Boston Consulting Group ("BCG") as inadmissible hearsay.  BCG created the documents during Project Phoenix, a consulting project BCG completed for Qualcomm.  The FTC contends that the documents are admissible under FRE 801(d)(2) as statements of a party-opponent or under the FRE 803(6) business records exception to the rule against hearsay.  The Court agrees with the FTC that the documents are admissible as statements of a party-opponent.[1]

Under FRE 801(d)(2), if a "statement is offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed," the statement is admissible.  Fed. R. Evid. 801(d)(2)(D).  In addition, a statement offered against an opposing party is not hearsay if the statement "is one the party manifested that it adopted or believed to be true."  *Id.* at 801(d)(2)(B).  For purposes of FRE 801(d)(2)(D), "[a]n agency relationship arises when 'both the principal and the agent must manifest assent to the principal's right to control the agent.'"  *Hill v. Novartis Pharm Corp.*, 944 F. Supp. 2d 943, 950 (E.D. Cal. 2013) (quoting *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010)).

Multiple courts, including the Ninth Circuit, have concluded that a consultant was a company's agent under FRE 801(d)(2), such that the consultant's statements were admissible as statements of a party-opponent.  *See Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d

---

[1] Because the Court so concludes, the Court need not reach the FTC's contention that the BCG documents are admissible under the FRE 803(6) business records exception.  Nonetheless, were the Court to consider the Declaration of Raj Varadarajan, ECF No. 945-2, the Declaration suffices to show that the BCG documents are admissible as business records.

1292, 1306 (9th Cir. 1983) (admitting under FRE 801(d) an outside consultant's report "prepared at the request" of the company); *see also Walden v. Seaworld Parks & Entm't, Inc.*, 2012 WL 4050176, at *2 (E.D. Va. May 31, 2012) (concluding that a consultant "specifically retained . . . to provide the defendant with a report detailing those issues and proposing corrective actions" was an agent under FRE 801(d)(2)). While other courts have reached an opposite conclusion on different facts, *see, e.g.*, *Hill*, 944 F. Supp. 2d at 950 (excluding consultants' emails because there was "no evidence" in the emails that the client company controlled the scope of the consultants' work), the record here is replete with evidence that BCG acted as Qualcomm's agent.

For example, the first BCG document, a presentation titled "Project Phoenix: Red Team Assessment," contradicts Qualcomm's argument that BCG provided only "the views of BCG." ECF No. 945 at 3. The cover of the presentation, which contains Qualcomm's logo, includes the following disclaimer: "The materials on this page and in this presentation were created pursuant to the specific request of Qualcomm Technologies, Inc. and *do not* reflect the advice or views of [BCG.]" ECF No. 963-6, Ex. 1, at 1. In addition, Qualcomm executive David Wise testified that he "was very involved in leading the analysis" during Project Phoenix and Qualcomm's presentation of BCG's analysis and conclusions to the Qualcomm board. ECF No. 955-7, Deposition of David Wise, 26:22; 29:3–19. Those facts alone support admission of the three BCG documents, which Qualcomm does not dispute BCG created for Qualcomm and at Qualcomm's direction. *See Beck v. Haik*, 377 F.3d 624, 638–40 (6th Cir. 2004) (holding that a consultant's statements that "dealt directly with the subject matter" of the consultancy and were "expressed during the course of that relationship" were admissible under FRE 801(d)(2)), *overruled on other grounds*, *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009).

Qualcomm's adoption of BCG's analysis and conclusions further demonstrates that BCG acted as Qualcomm's agent. For example, Wise stated that BCG did not need to present BCG's slides to the Qualcomm board because BCG's "analysis and conclusions are in line with management's assessment." ECF No. 963-9. Instead, Qualcomm management *itself* would present BCG's slides. *Id.* Even without Wise's explicit statement of adoption, Qualcomm's

3

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S THIRD MOTION IN LIMINE

incorporation of BCG's analysis and conclusions into Qualcomm's own presentation to Qualcomm's board demonstrates that Qualcomm adopted BCG's analysis and conclusions and that BCG was Qualcomm's agent. *See Walden*, 2012 WL 4050176, at *2 (holding that a company adopted a consultant's material where the company "incorporated portions of the outside consultant's reports" into the company's own material). Accordingly, BCG's documents are admissible pursuant to both FRE 801(d)(2)(B), which governs statements adopted by a party, and FRE 801(d)(2)(D), which governs statements by a party's agent.

In a further demonstration that BCG acted as Qualcomm's agent, BCG claimed privilege and redacted the documents at issue when BCG produced them to the FTC. *See* ECF No. 963-10. BCG informed the FTC that BCG's "analyses . . . implicated [Qualcomm's] legal decisions." *Id.* at 3. Qualcomm does not contest that the documents are privileged and has never agreed to disclose the redacted privileged information. ECF No. 945 at 3 n.2. If BCG was not acting a Qualcomm's agent, and Qualcomm disclosed privileged legal decisions to BCG, such a disclosure would waive the attorney-client privilege. *Segerstrom v. United States*, 2001 WL 283805, at *3 (N.D. Cal. Feb. 6, 2001) ("The attorney-client privilege covers communications between the attorney, the client, or *their agents*.") (emphasis added). Qualcomm's claim that BCG is an unrelated third party is in direct contradiction to BCG's assertion of privilege when producing to the FTC the documents that BCG created for Qualcomm at Qualcomm's direction.

For all of the above reasons, the Court concludes that the BCG documents are admissible statements of a party-opponent under FRE 801(d)(2). Therefore, the Court DENIES Qualcomm's third motion in limine.

**IT IS SO ORDERED.**

Dated: December 13, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge