UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 963 |

Before the Court is the parties' joint administrative motion to file under seal materials filed in connection with Qualcomm's third motion in limine. Specifically, the parties seek to seal portions of the FTC's opposition to Qualcomm's third motion in limine and certain exhibits attached to the FTC's opposition. ECF No. 963.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

1

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

2
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). The parties shall file concurrent with the administrative motion to file under seal all necessary declarations establishing that the information sought to be sealed is sealable. Pursuant to the Court's order at ECF No. 821, where the parties seek to seal information designated confidential by a non-party, that non-party "will have seven days, rather than the four days prescribed in Civil

3

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Local Rule 79-5" to file the non-party's declaration in support of sealing. ECF No. 821 at 2.

The parties acknowledge that Qualcomm's motion in limine, which seeks to exclude evidence from trial, is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, and that the compelling reasons standard applies. ECF No. 963 at 1. The Court now turns to the substance of the sealing motions, which concerns material that Qualcomm and non-party Boston Consulting Group ("BCG") have designated confidential. ECF No. 963 at 2–3. Qualcomm has provided a declaration in support of sealing, but BCG has not. ECF No. 963-3. In the declaration, Qualcomm Senior Vice President David Zuckerman declares that Qualcomm wishes to seal information "related to internal business analysis, strategy and decision-making related to corporate matters." *Id.* ¶ 3. That includes certain material attached to and referenced in the FTC's motion regarding "internal discussions of a 2015 proposal concerning various business structures, which was under consideration by a Special Committee of Qualcomm's Board of Directors." *Id.* Zuckerman declares that Qualcomm "went to great lengths to maintain the confidentiality of this information," and that personnel received the information "on a need-to-know basis." *Id.* ¶ 4. Specifically, Zuckerman declares that the exhibits Qualcomm seeks to seal could reveal "insights into Qualcomm's strategic planning" and "potentially undermine Qualcomm's relationships with its customers and licensees" because the exhibits "contain assessments of the value, strengths and weaknesses of those relationships. *Id.* ¶ 13.

In *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). Thus, to the extent that Qualcomm seeks to seal such competitively sensitive business information, the Court agrees that compelling reasons exist to seal this information. However, Qualcomm also seeks to seal references to the name of the

4

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

project—Project Phoenix—even though the FTC's opposition brief publicly reveals that name. *See* ECF No. 955 at 1. More important, Qualcomm has not established that the project name is proprietary or competitively sensitive business information and that the project name meets the compelling reasons standard for sealing. Similarly, Qualcomm's statement, for example, that BCG's "analysis and conclusions are in line with management's assessment" reveals no competitively sensitive business information, given that BCG's actual analysis and conclusions are sealable.

Thus, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motion as follows:

| Document | Page/Line | Ruling |
| --- | --- | --- |
| FTC Opposition to Qualcomm's Third Motion in Limine, ECF No. 955 | 1:12–13 | DENIED. The name of the project is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| FTC Opposition to Qualcomm's Third Motion in Limine | 1:13–15 | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| FTC Opposition to Qualcomm's Third Motion in Limine | 1:16–18 | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| FTC Opposition to Qualcomm's Third Motion in Limine | 1:18–21 | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| FTC Opposition to Qualcomm's Third Motion in Limine | 1:22–24 | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |

| Document | Page/Line | Ruling |
|---|---|---|
| FTC Opposition to Qualcomm's Third Motion in Limine | 1:26 n.1 | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| FTC Opposition to Qualcomm's Third Motion in Limine | nn.2–3 | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| ECF No. 955-2 | Entire Exhibit | GRANTED, except for page 1, which does not reveal any competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| BCG Document, ECF No. 955-3 | Entire Exhibit | GRANTED, except for page 1, which does not reveal any competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| BCG Document, ECF No. 955-4 | Entire Exhibit | GRANTED, except for text "Attached are notes from the management meetings over past two days on Phoenix." That information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| BCG Document, ECF No. 955-5 | Entire Exhibit | GRANTED, except for text between "Note" and "assessment" on the first page. That information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |
| ECF No. 955-6 | Entire Exhibit | DENIED. This information is not competitively sensitive business information. Thus, compelling reasons do not exist to seal the information. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

**IT IS SO ORDERED.**

Dated: December 13, 2018

_____
LUCY H. KOH
United States District Judge