UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FEDERAL TRADE COMMISSION, et al., Plaintiffs, v. QUALCOMM INCORPORATED, et al., Defendants. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC OPPOSITION TO QUALCOMM MOTION TO EXCLUDE EXPERT REPORTS OF RICHARD DONALDSON**<br><br>Re: Dkt. No. 869 |
|---|---|

Before the Court is a joint administrative motion to file under seal the Federal Trade Commission's ("FTC") opposition to Qualcomm Inc.'s ("Qualcomm") motion to exclude expert reports of Richard L. Donaldson. ECF No. 869. For the following reasons, the court GRANTS in part and DENIES in part the instant motion to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong

1    presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

2    Parties seeking to seal judicial records relating to motions that are "more than tangentially

3    related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

4    1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

5    supported by specific factual findings that outweigh the general history of access and the public

6    policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and

7    citation omitted). Compelling reasons justifying the sealing of court records generally exist "when

8    such 'court files might have become a vehicle for improper purposes,' such as the use of records to

9    gratify private spite, promote public scandal, circulate libelous statements, or release trade

10   secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the

11   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

12   litigation will not, without more, compel the court to seal its records." *Id.*

13   Records attached to motions that are "not related, or only tangentially related, to the merits

14   of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

15   1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

16   records attached only to non-dispositive motions because those documents are often unrelated, or

17   only tangentially related, to the underlying cause of action." (internal quotation marks and citation

18   omitted)). Parties moving to seal records attached to motions unrelated or only tangentially

19   related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the

20   Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d

21   at 1179–80. The "good cause" standard requires a "particularized showing" that "specific

22   prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*

23   *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P.

24   26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning"

25   will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

26   omitted).

2

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL FTC OPPOSITION TO QUALCOMM MOTION TO EXCLUDE EXPERT REPORTS OF
RICHARD DONALDSON

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). The parties shall file concurrent with the administrative motion to file under seal all necessary declarations establishing that the information sought to be sealed is sealable. Pursuant to the Court's order at ECF No. 821, where the parties seek to seal information designated confidential

3

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC OPPOSITION TO QUALCOMM MOTION TO EXCLUDE EXPERT REPORTS OF RICHARD DONALDSON

1   by a non-party, that non-party "will have seven days, rather than the four days prescribed in Civil

2   Local Rule 79-5" to file the non-party's declaration in support of sealing. ECF No. 821 at 2.

3         Here, the information sought to be sealed consists of portions of the FTC's opposition to

4   Qualcomm's motion to exclude expert reports of Richard L. Donaldson, as well as accompanying

5   exhibits. The Court concludes that the "compelling reasons" standard applies because the FTC's

6   opposition is "more than tangentially related to the underlying cause of action." *Ctr. For Auto*

7   *Safety*, 809 F.3d at 1099. The opposition's subject matter—whether to allow the expert reports of

8   Richard Donaldson, one of the FTC's key expert witnesses, at trial—is central to the merits of the

9   FTC's claims in the instant case.

10         The Court now turns to the substance of the sealing motion. The FTC has submitted a

11   declaration in which it represents that Qualcomm has requested certain material be kept as

12   confidential. ECF No. 869-1 at ¶¶ 6-7. Qualcomm has, in turn, submitted declarations providing

13   that portions of the opposition brief and the accompanying exhibits are sealable. ECF Nos. 869-3,

14   969-4, 869-5. The rationale provided in all 3 declarations is essentially the same—namely, that

15   the information sought to be sealed reveals sensitive internal information regarding Qualcomm's

16   patent portfolio and commercial strategy.

17         Applying the compelling reasons standard, the Court grants in part and denies in part the

18   parties' motion to seal. As explained, in *Kamakana*, the Ninth Circuit held that compelling

19   reasons exist to seal court records when the records may be used to "release trade secrets." 447

20   F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has

21   bowed before the power of a court to insure that its records are not used . . . as sources of business

22   information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F.

23   App'x 568, 569 (9th C9r. 2008) (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has held, and

24   this Court has previously ruled, that "pricing terms, royalty rates, and guaranteed minimum

25   payment terms" of patent licensing agreements plainly constitute trade secrets, and are thus

26   sealable. *Id.*; *accord* ECF No. 135 at 4.

To the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's competitive standing and divulges contract terms of licensing agreements, the Court agrees with the parties that compelling reasons exist to seal this information. However, not all information that the motion seeks to seal is sealable. The parties have not articulated "compelling reasons" to keep such information from the public. Accordingly, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motion as follows:

| ECF | Document | Page/Line | Ruling |
|---|---|---|---|
| 868 | Opposition Brief | 5:6-7, from "the" to "duration" | DENIED. |
| 868 | Opposition Brief | 5:7, from "—" to the comma | GRANTED. |
| 868 | Opposition Brief | 5:7-8, from "and" to "time" | DENIED. |
| 868 | Opposition Brief | 5:9-11 | GRANTED. |
| 868 | Opposition Brief | 5:17 | GRANTED. |
| 868 | Opposition Brief | 5:26-l:1 | GRANTED. |
| 868 | Opposition Brief | 8:27-9:1 | DENIED. |
| 868 | Opposition Brief | 10:24-26 | GRANTED. |
| 868 | Opposition Brief | 13:12-13, from "customized" to "with" | DENIED. |
| 868 | Opposition Brief | 13:13-14, from the colon to the word ending in "a" | GRANTED. |
| 868 | Opposition Brief | 13:14-15, from "(id. ¶¶ 52-62) to (id. ¶ 50) | DENIED. |
| 868 | Opposition Brief | 13:16-17, from "six" to the first "—" | DENIED. |
| 868 | Opposition Brief | 13:17, between the first and second "—" | GRANTED. |
| 868 | Opposition Brief | 13:17-20, from "as" to "with" | DENIED. |
| 868 | Opposition Brief | 13:20-21, from the word after "with" to the period | GRANTED. |
| 868 | Opposition Brief | 13:21, from "*In*" to "OEMs" | DENIED. |
| 868 | Opposition Brief | Footnote 2 | DENIED. |
| 868 | Opposition Brief | 14:1-3 | DENIED. |
| 868 | Opposition Brief | 14:3-4 | DENIED. |
| 868 | Opposition Brief | Footnote 3, from "Email from Eric Reifschneider (Qualcomm) to Derek" to "think" | DENIED. |
| 868 | Opposition Brief | Footnote 3, remainder | GRANTED. |
| 868 | Opposition Brief | Footnote 4 | GRANTED. |

| | | | |
|---|---|---|---|
| 868 | Opposition Brief | 16:5 | DENIED. |
| 868-2 | Exhibit 1 to Opposition Brief | 118:21 | DENIED. |
| 868-2 | Exhibit 5 to Opposition Brief | Entirety | GRANTED. |
| 868-2 | Exhibit 7 to the Opposition Brief | Entirety | GRANTED. |
| 868-2 | Exhibit 8 to the Opposition Brief | Entirety | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 148:9-10 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 148:15-17 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 148:24-25 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 149:9 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 149:23-150:1 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:3-4 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:6-7 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:10 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:14 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:17-18 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:19 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 150:22 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 151:11-12 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 151:15 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 151:17-18 | DENIED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 151:20-21 | GRANTED. |
| 868-2 | Exhibit 9 to the Opposition Brief | 152:4-6 | GRANTED. |
| 868-2 | Exhibit 9 to the | 152:20 | GRANTED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC OPPOSITION TO QUALCOMM MOTION TO EXCLUDE EXPERT REPORTS OF RICHARD DONALDSON

| | | Opposition Brief | | |
|---|---|---|---|---|
| | 868-2 | Exhibit 9 to the Opposition Brief | 152:21 | GRANTED. |
| | 868-2 | Exhibit 9 to the Opposition Brief | 153:3-4 | GRANTED. |
| | 868-2 | Exhibit 9 to the Opposition Brief | 153:8-20 | GRANTED. |
| | 868-2 | Exhibit 9 to the Opposition Brief | 153:23-24 | DENIED. |
| | 868-2 | Exhibit 10 to the Opposition Brief | Entirety | GRANTED. |
| | 868-2 | Exhibit 11 to the Opposition Brief | Entirety | GRANTED. |
| | 868-2 | Exhibit 12 to the Opposition Brief | Entirety | GRANTED. |
| | 868-2 | Exhibit 13 to the Opposition Brief | Redactions for cover email, sealing for entire attachment | GRANTED. |

**IT IS SO ORDERED.**

Dated: December 13, 2018

_____
LUCY H. KOH
United States District Judge

7

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL FTC OPPOSITION TO QUALCOMM MOTION TO EXCLUDE EXPERT REPORTS OF RICHARD DONALDSON