UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING FEDERAL TRADE COMMISSION'S THIRD MOTION IN LIMINE**<br><br>Re: Dkt. No. 943 |

Before the Court is Plaintiff Federal Trade Commission's ("FTC") third motion in limine to exclude belatedly-disclosed evidence. ECF No. 943. Defendant Qualcomm Inc. ("Qualcomm") opposes the motion. ECF No. 956. Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court GRANTS the FTC's third motion in limine.

**I.   LEGAL STANDARD**

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see*

*also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). FRE 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The ruling below balances the factors set forth in FRE 403.

## II. DISCUSSION

The FTC seeks to exclude certain witness testimony and documents. The Court discusses each of these issues in turn.

First, the FTC seeks to exclude testimony from Mr. Robert Mansfield and Mr. Raj Varadarajan. The FTC states that Qualcomm first disclosed these witnesses on June 19, 2018, after the March 30, 2018 fact discovery cutoff. ECF No. 943 at 1. Qualcomm does not deny that it failed to disclose these witnesses prior to the fact discovery cutoff. Qualcomm contends that its "need for their testimony became known only upon the FTC's dilatory post-discovery disclosures," and that the FTC would not be prejudiced by their testimony. ECF No. 956 at 1.

The Court previously denied Qualcomm's request to add these witnesses to its witness list. Specifically, on June 19, 2018, Qualcomm added three third-party witnesses, including Mr. Mansfield and Mr. Varadarajan, to its list of likely trial witnesses. ECF No. 780-3 at 2-17. Qualcomm argued that "[i]f the FTC wishes to take additional deposition testimony, there is ample time to do so before a January 2019 trial." *Id.* at 3. The Court denied the request for out-of-time depositions, explaining that the March 30, 2018 discovery deadline had been set since the initial case management conference and "allowing out-of-time depositions of the three individuals identified by Qualcomm at this late stage of the proceedings may negatively impact the case schedule and prejudice FTC." ECF No. 783 at 3. Consistent with its prior order, the Court finds that allowing Mr. Mansfield and Mr. Varadarajan to testify would be prejudicial to the FTC. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014) (explaining that late disclosure of witnesses is inherently prejudicial).

Qualcomm's additional arguments fail to show that its failure to disclose Mr. Mansfield and Mr. Varadarajan as witnesses was "substantially justified or harmless." Fed. R. Civ. P. 37(c). As to Mr. Mansfield, Qualcomm argues that the relevance of his testimony was not clear prior to April 25, 2018, when the FTC submitted interrogatory responses that identified five iPad models relevant to this litigation. ECF No. 956 at 1. The Court finds this argument unpersuasive. The complaint alleged that "[a]s a result of the exclusivity terms in its agreements with Qualcomm, Apple sourced baseband processors exclusively from Qualcomm for all new iPad and iPhone products that it launched over the five-year period from October 2011 until September 2016." ECF No. 1, ¶¶ 121-23, 126. Moreover, Qualcomm originally listed Mr. Mansfield as a potential witness in December 2017 before affirmatively dropping him from its list on January 31, 2018. *See* ECF No. 780-3 at 14-15. Accordingly, Qualcomm was aware of the subject matter of the allegations prior to the FTC's April 25, 2018 interrogatory responses.

As to Mr. Varadarajan, the FTC produced a declaration from Mr. Varadarajan on May 31, 2018, as custodian of records from third-party Boston Consulting Group ("BCG"). ECF No. 945-2, ("Varadarajan Declaration"). Qualcomm contends that "the FTC's belated service of the Varadarajan declaration [] gave rise to Qualcomm adding Mr. Varadarajan to its witness disclosure." ECF No. 956 at 2. The FTC produced the Varadarajan Declaration after the March 30, 2018 close of fact discovery, and therefore the Varadarajan Declaration will not be admissible at trial. Accordingly, the Varadarajan Declaration does not provide a basis for the late disclosure of Mr. Varadarajan as a witness. The Court agrees with the FTC that testimony by Mr. Varadarajan on matters outside the scope of this declaration, including "strategic alternatives under consideration by a special committee of Qualcomm's Board," would be prejudicial to the FTC. ECF No. 943 at 2 n.1. *See Ollier*, 768 F.3d 861-64 (affirming the district court's exclusion of witnesses identified after the close of fact discovery).

Second, the FTC seeks to exclude "documents created prior to the close of fact discovery, but produced after discovery closed." ECF No. 943 at 2. Both parties agree that these documents were produced "pursuant to the coordination of this action with the *Apple v. Qualcomm* litigation

3

Case No. 17-CV-00220-LHK
ORDER GRANTING FEDERAL TRADE COMMISSION'S THIRD MOTION IN LIMINE

in the Southern District of California." ECF No. 943 at 3; ECF No. 956 at 3 ("These documents were timely produced in the coordinated case in the Southern District."). The Coordination Order establishes procedures to "minimize the burden and expense of duplicative fact discovery across cases," ECF No. 513 at 1, including that "[a]ll written responses to discovery requests and subpoenas and materials provided in response to discovery requests and subpoenas in any Pending Case shall be treated as having been obtained through discovery in each Pending Case." ECF No. 513, ¶ 6. However, nothing in the Coordination Order changes the discovery deadlines in any of the cases. Moreover, with respect to depositions, the Coordination Order explicitly states that discovery deadlines for each case still apply. ECF No. 513, ¶ 8. In the March 20, 2018 Joint Case Management Statement, Qualcomm assured the Court that continuing production in the Southern District case would not affect the litigation schedule in this case. ECF No. 633 at 7.

Here, the Court set the March 30, 2018 fact discovery deadline on April 19, 2017. ECF No. 75. That deadline has not changed throughout the litigation. The Court finds that allowing the introduction of documents produced after that deadline would prejudice the FTC. The Court's order is consistent with its past orders in this case.

Qualcomm notes that four of the documents listed "are duplicates or near-duplicates of documents that were produced to the FTC prior to the fact discovery cutoff." ECF No. 956 at 3. The Court denies Qualcomm's request to substitute documents. If the documents are truly duplicates, then no substitution is necessary. If the documents are not duplicates, then they are untimely, and substitution is not allowed.

For the foregoing reasons, the Court GRANTS the FTC's third motion in limine.

**IT IS SO ORDERED.**

Dated: December 13, 2018

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge