1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FEDERAL TRADE COMMISSION, | Case No.17-cv-00220-LHK |
|---|---|
| Plaintiff, | **ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DEFENDANT QUALCOMM'S OPPOSITION TO FTC'S MOTION IN LIMINE #3** |
| v. | |
| QUALCOMM INCORPORATED, | |
| Defendant. | Re: Dkt. No. 962 |

Before the Court is the parties' joint administrative motion to file under seal portions of Qualcomm's opposition to the FTC's third motion in limine. ECF No. 962. For the following reasons, the Court GRANTS the parties' motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

1

Case No. 17-cv-00220-LHK
ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF
QUALCOMM'S OPPOSITION TO FTC'S MOTION IN LIMINE #3

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

2

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). Pursuant to the Court's order at ECF No. 821, where the parties seek to seal information designated confidential by a non-party, that non-party "will have seven days, rather than the four days prescribed in Civil Local Rule 79-5" to file the non-party's declaration in support of sealing. ECF No. 821 at 2.

Here, the parties seek to seal portions of Qualcomm's opposition to the FTC's third motion in limine. Qualcomm contends that "[b]riefs regarding motions in limine are considered non-dispositive." ECF No. 962 at 2. The district court in the case Qualcomm cites refused defendant's request—after the deadline for filing a motion for summary judgment had passed—to treat

3

Case No. 17-cv-00220-LHK
ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF QUALCOMM'S OPPOSITION TO FTC'S MOTION IN LIMINE #3

defendant's motion for summary judgment as a motion in limine. *Medlock v. Host Int'l, Inc.*, No. 12-cv-02024-JLT, 2013 WL 1820297, at *2 (E.D. Cal. Apr. 30, 2013). The case is irrelevant to the standard for reviewing a motion to file under seal. Under Ninth Circuit precedent, the question is whether Qualcomm's motion in limine is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The Ninth Circuit has held that "routine motions in limine [] are strongly correlative to the merits of a case." *Id.* Here, the FTC's motion in limine includes a request to preclude the testimony of Mr. Robert Mansfield. ECF No. 943 at 1. Qualcomm contends that Mr. Mansfield's testimony "would rebut the FTC's arguments regarding the purported anticompetitive effects of [Qualcomm's] agreements." ECF No. 956 at 1. This issue is central to the merits of case. Thus, the Court applies the compelling reasons standard to the parties' motions to seal.

In *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). This Court has previously granted the parties' motion to seal a similar description of Mr. Mansfield's testimony. ECF No. 825 at 4. The Court explained that the description related to "Apple's baseband chipset selection process and confidential business dealings between Apple and a supplier or Apple's product pricing and pricing process." *Id.* (internal quotations omitted). Here, Qualcomm and third party Apple have submitted similar declarations providing that portions of Qualcomm's opposition to the FTC's third motion in limine "regard[] Apple's baseband chipset selection process and confidential business dealings between Apple and potential suppliers." ECF No. 962-3 at 1. The Court agrees that compelling reasons exist to seal this information.

With this standard in mind, the Court GRANTS the parties' motion to seal as follows:

4

Case No. 17-cv-00220-LHK
ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF QUALCOMM'S OPPOSITION TO FTC'S MOTION IN LIMINE #3

| **Document** | **Line/Page** | **Ruling** |
|---|---|---|
| Qualcomm's Opposition (ECF No. 956) | Page 1, lines 21-23 | GRANTED. |

**IT IS SO ORDERED.**

Dated: December 13, 2018

_____
LUCY H. KOH
United States District Judge

Case No. 17-cv-00220-LHK
ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF
QUALCOMM'S OPPOSITION TO FTC'S MOTION IN LIMINE #3