Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Daniel Matheson, D.C. Bar No. 502490
Aaron Ross, D.C. Bar No. 1026902
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO QUALCOMM'S MOTION IN LIMINE NO. 2 TO EXCLUDE LG TESTIMONY**<br><br>Date:       December 13, 2018<br>Time:       1:30 p.m.<br>Courtroom:  8, 4th Floor<br>Judge:      Hon. Lucy H. Koh |

The Court should reject Qualcomm's attempt to exclude the written testimony of LG Electronics, Inc. ("LGE") witnesses pursuant to this Court's Letter of Request ("Request").  *See* ECF No. 944 ("Mot.").  This testimony is admissible under Fed. Rule of Evid. 804(b)(1) and 807.

**I.      The LGE Witnesses' Testimony is Admissible Under Rule 804(b)(1)**

Qualcomm's objections to the admission of the LGE witnesses' written testimony pursuant to Rule 804(b)(1) do not withstand scrutiny.  *First*, it is irrelevant that the LGE employees provided written rather than oral testimony.  Their testimony was sworn pursuant to Korean law, and thus satisfies Fed. R. Civ. P. 28.  *See generally* Fed. R. Civ. P. 28(b); ECF 944-2 (Mar. 30, 2018 Cover Letter), at 3 ("This written testimony is sworn under the oath which would be administered by a Korean court enforcing a Hague Convention request."); *see also United States v. Salim*, 855 F.2d 944, 953 (2d Cir. 1988) ("[A] deposition taken abroad pursuant to foreign law, but in conformity with Rule 28, would appear to be taken in compliance with law for purposes of the former testimony exception to the rule against hearsay.") (quotation marks omitted). *SEC v. Jasper*, 678 F.3d 1116 (9th Cir. 2012), and *Thorson v. Aviall Services*, 2018 WL 1426971 (N.D. Tex. Mar. 22, 2018), are inapposite—neither case concerns foreign testimony.

*Second*, Qualcomm's suggestion that it has had no opportunity to cross-examine LGE's witnesses is incorrect—Qualcomm *has* conducted cross-examination.  After receiving the FTC's draft Request, Qualcomm spent two weeks drafting 146 of its own questions, which were included in the Request.  Milici Decl. ¶ 5.  Consequently, Qualcomm did not oppose the FTC's filing and did not argue that it was being denied cross-examination.  *See* Unopposed Mot. to Approve Req. for Int'l Judicial Assistance, Jan. 5, 2018, ECF No. 448.  The Court approved the request, ECF No. 460, which was then forwarded to the Korean Central Authority.

LGE responded to Qualcomm's questions in the same fashion and just as fully as it responded to the FTC's questions.  *Compare, e.g.*, Milici Decl. Ex. 1, Testimony of Tony (Taekwon) Son, ¶¶ 1-23 (responses to FTC questions) *with id.* ¶¶ 24-107 (responses to Qualcomm questions); *see also* Milici Decl. ¶ 5 (explaining which questions each party added to the Request).  The witnesses sometimes answered "[t]he information is not available" in response to questions drafted by both the FTC and Qualcomm.  *See, e.g., id.* ¶¶ 16, 18 (declining to answer

1  certain FTC questions).  Indeed, the Request did not identify which party proposed any question,
2  and Qualcomm offers no reason to believe it was treated unfairly.
3        Qualcomm suggests that the absence of *live* cross-examination is *ipso facto* a denial of
4  *any* cross-examination.  But an opportunity to add written examination questions to a Request *is*
5  an adequate opportunity for cross.  *See United States v. Trout*, 633 F. Supp. 150, 152 (N.D. Cal.
6  1985) (noting, where the Court "authorized [Plaintiff] to append to the letters rogatory cross-
7  examination questions that should be asked subsequent to the questions posed by defendant,"
8  Plaintiff was "therefore incorrect in arguing, for purposes of the Court's application of Fed. R.
9  Evid. 804(b)(1), that it would be unable to conduct direct, cross, or redirect examination")
10 (quotation marks omitted).[1]  Qualcomm spent two weeks writing nearly 150 questions which
11 LGE's witnesses fairly answered; the notion that Qualcomm has been denied its opportunity for
12 cross-examination is incorrect.[2]

### II.     LGE Witnesses' Written Testimony is Admissible Under Rule 807

14    Even accepting *arguendo* Qualcomm's claim that LGE's testimony is not admissible
15 under Rule 804, it would still be admissible under Rule 807.  Rule 807 provides for a "residual"
16 exception to the rule against hearsay, citing four relevant factors: (i) "trustworthiness," (ii)
17 materiality, (iii) whether it is more probative than other evidence that the proponent can obtain
18 through reasonable efforts, and (iv) the interests of justice.  "[T]he trial judge has a fair degree of

---

[1] *United States v. Cohen* is distinguishable because in that case the witness's testimony "addressed very few of those questions" which had been submitted.  No. 08-3282, No. 08-3282, 2012 WL 289769, at *4 (C.D. Ill. Jan. 31, 2012); *see also* FTC's Opp. to Qualcomm MIL No. 1 (further discussing *Cohen*).  Here, the LGE witnesses gave fulsome responses to Qualcomm's questions.  And *United States v. Wilson*, 36 F. Supp. 2d 1177 (N.D. Cal. 1999), concerns the use of a civil deposition at a later criminal trial, which is wholly irrelevant here.  *Id.* at 1179.

[2] Qualcomm's complaint that the procedure used to generate LGE's response does not exactly match the procedure identified in the Request, Mot. at 1, is similarly misplaced.  Letters of Request are *requests*; the request need not be followed to the letter. *See, e.g.*, *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 366–67 (D. Kan. 2010) ("[D]efendants ask the court to include a request that the parties be permitted to conduct the examinations of the witnesses, or at a minimum, allow counsel to conduct a cross-examination . . . The German courts do not permit cross-examination, however. . . . The court believes it is probably futile to ask the German courts to permit the parties to cross-examine the witnesses. But since this request is unopposed, the court nonetheless will include it in the letters.") (citations and internal quotation marks omitted).

latitude in deciding whether to admit statements" under this rule. *United States v. Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994).

Of the four Rule 807 factors, Qualcomm contests only the "trustworthiness" of the witnesses' testimony, but this argument fails because "the opportunity to examine the declarant provides safeguards similar to the circumstantial guarantees of trustworthiness found in other exceptions to the hearsay rule." Mot. at 2-3 (quoting *In re Paducah Towing Co.*, 692 F.2d 412, 418 (6th Cir. 1982)). Qualcomm has already conducted a written cross-examination. *See supra* § I. Other courts admit non-party affidavits in similar circumstances. *E.g.*, *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 576 (7th Cir. 1989) (non-party affidavits admitted where "each was made under oath subject to perjury penalties," the affiants described "facts about which they ha[d] personal knowledge," and the defendants were "given proper notice" and "even had a chance to question the affiants themselves"); *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 113 (3d Cir. 2001).

The other three Rule 807 factors cannot seriously be disputed. Qualcomm does not and cannot deny that LGE's witnesses' testimony is material. The fact that both parties employed the letter of request process demonstrates that neither could, through reasonable efforts, obtain evidence that is more probative of LGE's interactions with Qualcomm. And the interests of justice are best served by considering evidence third parties have voluntarily provided—not by excluding it. LGE's status as a Qualcomm licensee and customer does not render it an "interested" party whose testimony should be excluded; if it were, testimony by victims of antitrust violations would rarely be admissible. Qualcomm suggests that LGE's testimony is similar to *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998)—in which a party hid "smoking gun" evidence and was sanctioned for its "lies"—but this is unwarranted. Here, not only has LGE voluntarily answered the questions Qualcomm added to the Request, LGE has provided document discovery to Qualcomm as well. *See* Milici Decl. Ex. 2.[3]

---

[3] Qualcomm's reliance on an email in which the FTC reserved the right to object to testimony at trial from a third party that refused to produce documents or provide testimony in discovery is thus wholly misplaced. LGE has provided both documents and testimony. Moreover, the FTC's reservation of a right to raise an evidentiary objection does not modify the rules of evidence.

Dated: December 3, 2018

Respectfully submitted,

FEDERAL TRADE COMMISSION,

*/s/ Jennifer Milici*
Jennifer Milici
J. Alexander Ansaldo
Joseph R. Baker
Daniel Matheson
Aaron Ross
Mark J. Woodward
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

**Attorneys for Federal Trade Commission**