United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkts. No. 789, 875, 892 |

Before the Court are three administrative motions to seal filed in connection with the parties' briefing on Plaintiff Federal Trade Commission's ("FTC") motion to exclude the expert testimony of Defendant Qualcomm Incorporated's ("Defendant") expert Dr. Edward Snyder. ECF Nos. 789, 875, 892.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART
ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Pursuant to the Court's order at ECF No. 821, the parties to this case shall file concurrent with the administrative motion to file under seal all necessary declarations establishing that the information sought to be sealed is sealable. Where the parties seek to seal information designated confidential by a non-party, that non-party "will have seven days, rather than the four days prescribed in Civil

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART
ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

1 Local Rule 79-5" to file the non-party's declaration in support of sealing. ECF No. 821 at 2.

2 Here, consistent with the Court's prior orders, the Court concludes that the compelling reasons standard applies to the instant sealing motions. As the Ninth Circuit has recognized, even "routine motions in limine [] are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099. The briefing that is the subject of the motions to seal concerns the expert testimony of Dr. Edward Snyder, who submitted a 372-page expert report addressing the crucial merits question of whether Qualcomm's conduct had anticompetitive effects. ECF No. 789-6, Ex. 1, ¶ 7. Therefore, because the FTC's underlying motion to exclude Dr. Snyder concerns whether Qualcomm can present evidence on a question "that is more than tangentially related to the [FTC's] underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, the Court applies the compelling reasons standard to the motions to seal.

The Court now turns to the substance of the sealing motions. Specifically, the parties seek to seal portions of the FTC's motion to exclude Dr. Snyder, portions of Qualcomm's brief in opposition, and exhibits filed in connection with the FTC's motion, Qualcomm's opposition, and the FTC's reply. Qualcomm and several different non-parties have designated as confidential the material at issue confidential. *See* ECF No. 789 at 2. Qualcomm and the non-parties have filed declarations in support of sealing. ECF Nos. 828, 830, 832, 834, 835, 836, 837, 840, 841, 843, 845, 849, 850.

In *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). Thus, to the extent that Qualcomm and the non-parties seeks to seal such competitively sensitive business information, the Court agrees that compelling reasons exist to seal this information.

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

However, the Court will deny without prejudice the motion to seal Dr. Snyder's report. The FTC provisionally filed under seal the entirety of Dr. Snyder's expert report. *See* ECF No. 789 at 3. Such a request is not narrowly tailored under Civil Local Rule 79-5. Although the FTC's motion to seal identifies, by non-party, the specific portions of Dr. Snyder's report that other parties have designated confidential, the table is not useful to the Court. In particular, the table does not identify where multiple entities seek to seal the same portion of Dr. Snyder's report. The Court recognizes that at the time the FTC filed the motion to seal, the Court had not yet entered its order at ECF No. 821 establishing procedures for filing administrative motions to file under seal in this case. Nonetheless, the Court finds that the parties' compliance with that order and the portions of the Court's order regarding sealing at ECF No. 1003 will aid in the Court's timely disposition of the motion to seal portions of Dr. Snyder's voluminous expert report.

Specifically, the parties shall refile a motion to seal portions of Dr. Snyder's expert report as a joint motion. The parties shall include in their motion a chart with a row for each portion of the report that is sought to be sealed. The chart shall include four columns that describe: (1) whose confidential information is to be sealed, (2) where the confidential information appears, (3) the number of the paragraph(s) in a specific declaration(s) justifying the sealing of that information under the compelling reasons standard, and (4) any explanations. In addition, consistent with Civil Local Rule 79-5, the parties shall refile under seal an unredacted version of Dr. Snyder's report that indicates by highlighting the portions of the report that have been omitted from the redacted version. Civ. L.R. 79-5(d)(1)(D). Helpfully, Qualcomm and non-parties have clarified in their declarations that sealing of the entire document is not warranted. The parties should file any such joint motion to seal by December 27, 2018.

Thus, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motions to seal as follows:

| **Motion to Seal** | **Document** | **Page/Line** | **Ruling** |
| --- | --- | --- | --- |
| 789 | FTC Motion to Exclude, ECF No. 788 | 12:1–4 | DENIED as to (1) the phrase beginning with "Dr. Snyder's" and ending with "Bain & Co" and (2) the word "Bain" between "the" and "analysis," but otherwise GRANTED. |
| 789 | Expert Report of Dr. Edward Snyder, ECF No. 788-1 | Entire Document | DENIED WITHOUT PREJUDICE. Pursuant to the Court's instructions above, the parties may refile as a joint motion their request to seal information in the Snyder Report by December 27, 2018. |
| 789 | Deposition of Dr. Edward Snyder, ECF No. 788-2 | Entire Document | DENIED, except for 32:25–33:1, 102:1–16, 125:12–16, 144:1–25. |
| 789 | Expert Report of Dr. Carl Shapiro, ECF No. 788-4 | Entire Document | DENIED, except for ¶ 9 (second sentences of second and fourth bullets), ¶ 327 (final sentence), n. 607 (parenthetical only), and ¶ 329 (final sentence) |
| 875 | Qualcomm Opposition to FTC Motion to Exclude, ECF No. 874 | 13:9–12 | DENIED. The information sought to be sealed does not satisfy the compelling reasons standard. Moreover, the information is publicly disclosed in the FTC's reply brief, ECF No. 891 at 4:1–2, which the parties did not seek to seal. |
| 875 | Qualcomm Opposition to FTC Motion to Exclude | 13:14–17 | GRANTED. |
| 875 | Qualcomm Opposition to FTC Motion to Exclude | 13:20–23 | GRANTED. |
| 875 | Qualcomm Opposition to FTC Motion to Exclude | n.8 | GRANTED. |
| 875 | Qualcomm Opposition to FTC Motion to Exclude | 20:6–8 | GRANTED. |

| Motion to Seal | Document | Page/Line | Ruling |
|---|---|---|---|
| 892 | Rebuttal Expert Report of Carl Shapiro, ECF No. 891-2 | ¶¶ 123–25 | GRANTED. |

**IT IS SO ORDERED.**

Dated: December 17, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge