United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING THE FTC'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PROF. NEVO**<br><br>Re: Dkt. No. 790 |

On August 30, 2018, Plaintiff Federal Trade Commission ("FTC") filed a motion to exclude expert testimony of Prof. Aviv Nevo. ECF No. 790 ("Mot."). On September 25, 2018, Defendant Qualcomm Incorporated ("Qualcomm") filed an opposition. ECF No. 873 ("Opp."). On October 4, 2018, the FTC filed a reply. ECF No. 889 ("Reply"). Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court GRANTS the FTC's motion to exclude Prof. Nevo's testimony.

**I.     BACKGROUND**

**A. Procedural Background**

At the initial Case Management Conference on April 19, 2017, the Court set March 30,

1
Case No. 17-CV-00220-LHK
ORDER GRANTING THE FTC'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PROF. NEVO

2018, as the close of fact discovery. ECF No. 75. The March 30, 2018 fact discovery cut-off date remained the same throughout the case, and the Court has warned the parties that any evidence related to post-discovery events must derive from full discovery and not "cherry picked data" or "cherry picked custodians." ECF No. 314 at 26-27. However, pursuant to the parties' stipulations, the Court allowed limited out-of-time depositions due to unavailability of third-party witnesses. On February 20, 2018, the Court approved the parties' request to extend the deadline for the deposition of former Qualcomm employee, Mr. Altman, due to Mr. Altman's planned travel to South America. ECF No. 580. On March 23, 2018, the Court approved the parties' proposal for out-of-time depositions of third-party witnesses from five companies. ECF No. 645. These depositions were to be completed before May 2018. *Id.* On April 6, 2018, the Court approved scheduling six out-of-time depositions, including former Qualcomm executive chairman and former board member Dr. Jacobs, former Qualcomm employee Mr. Aberle, and third-party Ericsson employees Mr. Zander and Ms. Petersson. ECF No. 678 at 1-2. These depositions were all to be completed by April 20, 2018. *Id.* The Court also approved scheduling Mr. Altman's deposition the week of May 21, 2018, following his return from South America. *Id.* at 2. In addition, the Court extended the deadline to file motions to compel fact discovery to May 18, 2018. *Id.*

On July 20, 2018, the Court denied Qualcomm's request for out-of-time depositions of three third-party witnesses that Qualcomm added after the close of fact discovery. ECF No. 783 at 3. The Court explained that "allowing out-of-time depositions . . . at this late stage of the proceedings may negatively impact the case schedule and prejudice FTC." ECF No. 783 at 3. On December 13, 2018, the Court denied Qualcomm's request to introduce evidence of post-discovery events. ECF No. 997.

**B. Dr. Nevo's Report**

On June 28, 2018, Qualcomm's expert Prof. Aviv Nevo submitted his expert report disclosing his opinions regarding the economic effects of Qualcomm's conduct at issue in this case. ECF No. 791-8. Prof. Nevo challenges the FTC's argument that Qualcomm's licensing

2

1  policies allowed Qualcomm to obtain elevated royalties. Prof. Nevo states that the sources he

2  relied on in reaching his conclusions included two license agreements that Qualcomm entered

3  after fact discovery closed.

## II. LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). FRE 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The ruling below balances the factors set forth in FRE 403.

## III. DISCUSSION

The FTC contends that it would be prejudiced by Prof. Nevo's testimony because Prof. Nevo relied on license agreements produced after the close of fact discovery. The FTC argues that it "had no opportunity to conduct discovery regarding the two licenses cited by Prof. Nevo" and accordingly the FTC's "ability to rebut [his] opinions regarding [those] licenses has been substantially hampered." Mot. at 4. Specifically, the FTC argues that "Qualcomm has not produced any documents concerning the negotiation of the license agreements at issue and yet Prof. Nevo proposed to testify that the licenses are evidence of the reasonableness of Qualcomm's royalty rates." Reply at 4.

Qualcomm contends that the FTC's motion would "limit[] the ability of Qualcomm's expert to opine about current market conditions and their likely effect on prospective events." Opp. at 1. Qualcomm acknowledges that Prof. Nevo relied on license agreements into which Qualcomm entered after the close of fact discovery, but it argues that the agreements are "highly

3

probative" of current market conditions and that no "case law suggest[s] that highly probative evidence should be altogether excluded in an injunctive relief case." Opp. at 7. Moreover, Qualcomm contends that the FTC would not be prejudiced by Prof. Nevo's testimony because the post-discovery license agreements were produced four weeks before the deadline for service of expert reports, and the FTC's experts could have addressed the agreements in their own reports. Opp. at 4. Finally, Qualcomm states that the FTC failed to raise any need for additional discovery with Qualcomm. Opp. at 9.

Qualcomm's arguments here largely repeat the arguments it made in support of its request to introduce evidence of post-discovery events. *See* ECF Nos. 929, 933. In particular, the Court previously addressed Qualcomm's request to introduce evidence of "license agreements covering 5G products." ECF No. 929 at 3. The Court's order here is consistent with its previous order denying Qualcomm's request to introduce evidence of post-discovery events. *See* ECF No. 997.

### A. Prejudice to the FTC

The Court finds that any probative value from Prof. Nevo's testimony is substantially outweighed by the danger of unfair prejudice to the FTC. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice."); *see also Olano*, 62 F.3d at 1204 ("[T]rial courts have very broad discretion in applying Rule 403." (citation omitted)). Here, Qualcomm argues for the probative value of Prof. Nevo's testimony precisely because Prof. Nevo reviewed post-discovery license agreements. Opp. at 4-5. As a result of Prof. Nevo's reliance on these post-discovery agreements, the Court agrees with the FTC that the FTC would be unfairly prejudiced in its ability to respond to Prof. Nevo's testimony.

The Court rejects Qualcomm's argument that the FTC would not be prejudiced by Prof. Nevo's testimony because the FTC's experts could have addressed the post-discovery license agreements in their own expert reports. The Court concludes that the FTC's experts could not have meaningfully responded to Prof. Nevo's testimony without additional discovery to test Qualcomm's assertions about what the post-discovery agreements show. The FTC's experts

4

lacked any discovery from Qualcomm or third parties regarding the negotiation of the license agreements at issue. Absent such discovery, the FTC's experts would be entirely reliant upon the license agreements themselves. As this Court explained in its order denying Qualcomm's request to introduce post-discovery evidence, "the discovery required to test Qualcomm's assertions regarding [] post-discovery [licensing agreements] would have to include documents and testimony from multiple Qualcomm custodians involved in licensing and chip sales, as well as document and deposition discovery from third parties." ECF No. 997 at 8 (internal quotation omitted). Adding to the burden that the FTC would face, many of these third parties are located abroad. *Id.*

The cases Qualcomm cites to support its argument are distinguishable. In *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 933 (9th Cir. 2002), the Ninth Circuit reversed the district court's exclusion of post-discovery evidence obtained "through means not within the meaning of 'discovery' in Rule 26(a)(5) of the Federal Rules of Civil Procedure." The court explained that "[a] discovery cutoff date does not [] affect admissibility of evidence obtained outside of the discovery process." *Id.* (citation omitted). *Los Angeles News Serv.* is inapplicable to evidence that is in the control of one of the parties and would have been subject to discovery had it been timely produced. In *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994), the court concluded that "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial." Here, the question is not about whether the post-discovery license agreements are relevant evidence. Rather, the question here is whether the FTC is prejudiced by its inability to respond to this evidence because it was not produced prior to the close of fact discovery. As the Ninth Circuit explained in *Los Angeles News Serv.*, the district court may properly enforce "a discovery cutoff date [] to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." 305 F.3d at 933.

The Court's order is consistent with its past orders enforcing the fact discovery cutoff that has been set since the beginning of this case. The Court reiterates its earlier conclusion that there

5
Case No. 17-CV-00220-LHK
ORDER GRANTING THE FTC'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PROF. NEVO

will "always be some delay between fact discovery cutoff and trial." ECF No. 997 at 10. Such delay is necessary to address discovery motions, summary judgment motions, *Daubert* motions, motions in limine, and pretrial motions. *Id.* The Court further rejects Qualcomm's argument that the FTC should have raised the need for additional discovery with Qualcomm. The FTC was under no obligation to review Qualcomm's post-discovery production for information that would be prejudicial to the FTC.

### B. Evidence Required for Injunctive Relief

Nothing in the standard for injunctive relief requires the Court to consider post-discovery evidence. In a case governed by the Federal Trade Commission Act, "an injunction will issue only if the wrongs are ongoing or likely to recur." *Fed. Trade Comm'n v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985). Injunctive relief may be appropriate under this standard even when the unlawful conduct has ceased. *See id.* at 1088 ("Even though Evans' alleged violations have completely ceased, we must review whether those violations are likely to recur."). None of the cases cited by Qualcomm support the proposition that the Court must consider post-discovery evidence prior to issuing an injunction. As this Court explained in its order denying Qualcomm's request to introduce post-discovery evidence, "continually producing new evidence would only burden the parties and the court." ECF No. 997 at 8 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the FTC's motion to exclude expert testimony of Prof. Nevo.

**IT IS SO ORDERED.**

Dated: December 17, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge