UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 791, 877 |

Before the Court are two administrative motions to seal filed in connection with the parties' briefing on Plaintiff Federal Trade Commission's ("FTC") motion to exclude the expert testimony of Defendant Qualcomm Incorporated's ("Defendant") expert Prof. Aviv Nevo. ECF Nos. 791, 877.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).  Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)).  Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Pursuant to the Court's order at ECF No. 821, the parties to this case shall file concurrent with the administrative motion to file under seal all necessary declarations establishing that the information sought to be sealed is sealable. Where the parties seek to seal information designated confidential by a non-party, that non-party "will have seven days, rather than the four days prescribed in Civil Local Rule 79-5" to file the non-party's declaration in support of sealing. ECF No. 821 at 2.

Here, consistent with the Court's prior orders, the Court concludes that the compelling reasons standard applies to the instant sealing motions. As the Ninth Circuit has recognized, even

3

Case No. 17-CV-00220-LHK
ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL

"routine motions in limine [] are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099. The briefing that is the subject of the motions to seal concerns the expert testimony of Prof. Aviv Nevo, who submitted an expert report addressing the crucial merits question of whether Qualcomm's license policies have anticompetitive effects. ECF No. 791-8, Ex. 1, ¶ 7. Therefore, because the FTC's underlying motion to exclude Prof. Nevo concerns whether Qualcomm can present evidence on a question "that is more than tangentially related to the [FTC's] underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, the Court applies the compelling reasons standard to the motions to seal.

The Court now turns to the substance of the sealing motions. The parties seek to seal portions of the FTC's motion to exclude Prof. Nevo's testimony, portions of Jennifer Milici's supporting declaration, and the entirety of the exhibits attached to the FTC's motion. ECF No. 791. The parties seek to seal portions of Qualcomm's opposition, portions of M. Brent Byars supporting declaration, and the entirety of attached exhibits expert report of Carl Shapiro, rebuttal report of Carl Shapiro, and declaration of Fabian D. Gonell. ECF No. 877

The Court DENIES without prejudice the motions to seal portions of the FTC's motion and Qualcomm's opposition as well as the supporting declarations of Jennifer Milici and M. Brent Byars. The unredacted versions of these documents fail "to indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Moreover, Qualcomm seeks to seal information in its opposition that it has publicly disclosed in other filings. For example, Qualcomm seeks to seal any mention of post-discovery license agreements related to 5G cellular technology. ECF No. 877-7 at 1. However, in its request to introduce evidence of post-discovery events, Qualcomm stated that the Court should consider "several license agreements covering 5G products." ECF No. 929 at 3. Accordingly, Qualcomm's request to seal this information in its opposition is not narrowly tailored under Civil Local Rule 79-5.

The Court DENIES without prejudice the motions to seal the entirety of the exhibits to the FTC's motion and Qualcomm's opposition. Such requests are not narrowly tailored under Civil

4

Case No. 17-CV-00220-LHK
ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL

Local Rule 79-5. For example, the expert report of Prof. Nevo includes items such as Prof. Nevo's name, a general overview of the FTC's allegations and Qualcomm's business history, a list of materials relied upon, and generalized opinions regarding Qualcomm's business practices. None of the aforementioned examples are sealable under the law. *See, e.g.*, *Kamakana*, 447 F.3d at 1178-79 (9th Cir. 2006) (requiring "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure" to seal records relating to motions that are more than tangentially related to the underlying cause of action).

The parties shall refile one joint motion to seal portions of the FTC's motion to exclude Prof. Nevo and associated exhibits and declarations and to seal portions of Qualcomm's opposition and associated exhibits and declarations. The parties shall include with the joint motion a chart with a row for each portion of any document that is sought to be sealed. The chart shall include four columns that describe: (1) whose confidential information is to be sealed, (2) where the confidential information appears, (3) the number of the paragraph(s) in a specific declaration(s) justifying the sealing of that information under the compelling reasons standard, and (4) any explanations. In addition, consistent with Civil Local Rule 79-5, the parties shall refile under seal unredacted versions of all documents to be sealed that indicate by highlighting the portions of the document that have been omitted from the redacted version. Civ. L.R. 79-5(d)(1)(D). The parties shall file any such joint motion to seal by December 27, 2018.

**IT IS SO ORDERED.**

Dated: December 18, 2018

_____
LUCY H. KOH
United States District Judge

5
Case No. 17-CV-00220-LHK
ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL