KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina K. Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391 5400
Facsimile:   (415) 397 7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
Facsimile:   (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom *(pro hac vice)*
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone:  (202) 739-3000
Facsimile:   (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:   (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S NON-OPPOSITION TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION FOR LEAVE TO PLAY VIDEOTAPED DEPOSITION TESTIMONY**<br><br>Courtroom:  8, 4th Floor<br>Judge:         Hon. Lucy H. Koh |

Qualcomm's Non-Opposition to
FTC's Motion for Leave To Play
Videotaped Deposition Testimony
Case No. 5:17-cv-00220-LHK-NMC

Defendant Qualcomm Incorporated ("Qualcomm") submits this Non-Opposition to Plaintiff Federal Trade Commission's Administrative Motion for Leave to Play Videotaped Deposition Testimony ("Motion for Leave").

Qualcomm does not oppose the FTC's request for leave to play videotaped deposition testimony of Eric Reifschneider and Paul Jacobs, in lieu of calling them to testify live at trial during the FTC's case-in-chief. The parties have agreed to a schedule for the exchange of deposition designations and counter-designations from Mr. Reifschneider and Dr. Jacobs and objections thereto.

Likewise, Qualcomm does not object to the FTC's request to replace no more than 10 exhibits on the FTC's exhibit list with exhibits discussed in the FTC's new designations of testimony from these two witnesses.[1] Qualcomm did not have the opportunity to take a position on this request for relief prior to the FTC's filing because the FTC at the time had not yet provided Qualcomm with this degree of specificity as to the relief it is seeking.

To the extent that the FTC's filing is intended to suggest a lack of cooperation by Qualcomm in scheduling witnesses for testimony, that is incorrect. Mr. Reifschneider has not been employed by Qualcomm for over two years, and he currently lives in Dallas, Texas. He has nevertheless agreed to attend trial voluntarily, and Qualcomm informed the FTC of this fact in mid-October. Importantly, the FTC did not say anything about the scheduling of testimony from current or former Qualcomm employees until November 19, 2018, when it requested Qualcomm to "confirm" that all of the current Qualcomm employees on its witness list, as well as six former Qualcomm employees (one of whom was Mr. Reifschneider), will be available on each of the trial days between January 4 and January 18. (Nov. 19, 2018 email from D. Matheson.) The FTC did not at that point identify Mr. Reifschneider, or any other specific witness, as someone it wished to call on January 4. In response, on a meet and confer and in subsequent

---

[1] As indicated in the FTC's Motion (ECF No. 1026 at 5), Qualcomm reserves its right to object to any exhibits the FTC adds to its exhibit list or to identify responsive exhibits. Qualcomm further reserves the right to use at trial any exhibits identified on the FTC's exhibit list, even if the FTC removes them from its list to make room for the deposition exhibits of Mr. Reifschneider and Dr. Jacobs. (*See* Dec. 13, 2018 Tr. at 26:3-4 (FTC receiving confirmation that it may use exhibits from Qualcomm's exhibit list).)

1

Qualcomm's Non-Opposition to
FTC's Motion for Leave To Play
Videotaped Deposition Testimony
Case No. 5:17-cv-00220-LHK-NMC

correspondence, Qualcomm asked for more specific information about scheduling, so that the witnesses—and particularly the former employees—would not need to hold open a full two-week window for possible travel to San Jose. (*See* Nov. 25, 2018 email from G. Bornstein ("On the call we confirmed that we would be making [former employees] Eric Reifschneider, Michael Hartogs and Irwin Jacobs available for trial, provided we could work out scheduling, and we asked you to provide more clarity on when precisely you would like to call them.").)

The FTC did not diligently respond to Qualcomm's requests regarding scheduling. It was not until December 14, 2018, after this issue was raised by Qualcomm at the final pretrial conference (Tr. at 34:5-24), that the FTC first declared its intent to call Mr. Reifschneider on January 4, 2019. Within hours, Qualcomm informed the FTC that Mr. Reifschneider was not available to provide testimony on January 4 due to a long-scheduled vacation with his family. Although Mr. Reifschneider was originally unable to appear before January 11, he was able to re-arrange his professional schedule so as to make himself available on January 8 (the third day of trial), but his family obligations still prevent him from appearing live before then.

The other witnesses addressed in the FTC's Motion for Leave (Dr. Jacobs, Mr. Aberle and Mr. Altman) are former employees represented by separate counsel; Qualcomm lacks the ability to make them available or to address the scheduling concerns described in the FTC's Motion for Leave. Qualcomm has been advised, however, that Mr. Aberle has agreed to testify on January 7, 2019, the second day of trial.

Under these circumstances, the FTC's "alternative" request for the Court to "order Mr. Reifschneider and Mr. Aberle to appear on January 4" (Mot. at 2 & n.4) is unwarranted. Qualcomm does not oppose the primary relief sought by the FTC's motion. Further, although the FTC alleges that, under 15 U.S.C. § 23, the Court has the "power to authorize service of trial subpoenas to witnesses anywhere in the United States", Section 23 provides that such a subpoena shall issue only "upon proper application and cause shown".[2] Even if the FTC's Motion for

---

[2] In the only citation provided by the FTC in support of its assertion that "[c]ourts routinely authorize nationwide service of trial subpoenas in cases brought by the FTC", the FTC and a private party *stipulated* that the Court could issue nationwide subpoenas, but the Court did not

2

Qualcomm's Non-Opposition to
FTC's Motion for Leave To Play
Videotaped Deposition Testimony
Case No. 5:17-cv-00220-LHK-NMC

1  Leave constitutes a "proper application", there is no cause to compel the attendance of
2  Mr. Reifschneider on January 4, 2019, for a number of reasons, including the undue burden this
3  would cause to Mr. Reifschneider, a third party who lives outside the jurisdiction;
4  Mr. Reifschneider's agreement to provide testimony two trial days later, on January 8, 2019;
5  Qualcomm's offer to make other witnesses available on January 4, 2019, including its two most
6  senior executives, its CEO and its President; and the FTC's lack of diligence in scheduling
7  Mr. Reifschneider's testimony for January 4.

---

determine that Section 23 applies in cases brought pursuant to the FTC Act or what constitutes a "proper application and cause shown". *See FTC v. Whole Foods Mkt., Inc.*, Civ. No. 07-cv-01021-PLF, 2007 WL 9605037 (D.D.C. June 21, 2007).

3

Qualcomm's Non-Opposition to
FTC's Motion for Leave To Play
Videotaped Deposition Testimony
Case No. 5:17-cv-00220-LHK-NMC

Dated: December 21, 2018

                */s/ Gary A. Bornstein*

Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina K. Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188
rvannest@keker.com
epaige@keker.com
jsessions@keker.com

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com


Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

4

Qualcomm's Non-Opposition to
FTC's Motion for Leave To Play
Videotaped Deposition Testimony
Case No. 5:17-cv-00220-LHK-NMC