1  Daniel J. Stephenson (SBN 270722)
   K&L GATES LLP
2  10100 Santa Monica Boulevard
   Eighth Floor
3  Los Angeles, CA 90067
   Telephone:    (310) 552 5000
4  Facsimile:    (310) 552 5001
   Email: dan.stephenson@klgates.com
5
   *Attorney for Lenovo (United States), Inc. and*
6  *Motorola Mobility LLC*

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9                              **SAN JOSE DIVISION**

10 | FEDERAL TRADE COMMISSION, | Case No. 5:17-cv-00220-LHK-NMC |
11 | Plaintiff, | **DECLARATION OF IRA BLUMBERG IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
12 | v. | |
13 | QUALCOMM INCORPORATED, a Delaware corporation, | |
14 | Defendant. | |

16       I, Ira Blumberg, Vice President of Intellectual Property at Lenovo (United States), Inc.

17 ("Lenovo"), do hereby declare under oath as follows based upon my knowledge, information, and

18 belief:

19       1.      I understand that the Defendant Qualcomm, Inc. ("Qualcomm") has filed a Motion to

20 Exclude Expert Testimony of Richard Donaldson, Dkt. No. 799 ("Qualcomm's Motion"), which

21 attaches as an exhibit Richard Donaldson's expert report, Dkt. No. 799-2 (the "Donaldson Report"),

22 and that portions of the Donaldson Report contain non-public, confidential, and highly sensitive

23 business and commercial information of Lenovo, the disclosure of which would put Lenovo at an

24 unfair competitive disadvantage in the marketplace.

25       2.      Consistent with the Qualcomm's Administrative Motions to Seal regarding its Motion,

26 Dkt. No. 800 (the "Administrative Motion to Seal"), Lenovo requests that the Court maintain certain

27 limited portions of the Donaldson Report under seal.  Lenovo is seeking to seal only those limited

28 portions that are truly confidential in nature – as noted below.

3. The Donaldson Report (Dkt. No. 799-2) contains a number of quotations and summaries of Lenovo's confidential documents and information, including from my April 20, 2018 deposition testimony in this case as well as my internal email communications. First, footnote 131 on page 46 and footnote 132 on page 47 of the Donaldson Report each cite and directly quote testimony from deposition pertaining to the royalty and licensing fees Lenovo has negotiated and pays to various cellular chipset suppliers and how those royalty and licensing fees compare between suppliers. Second, footnote 139 on page 49 of the Donaldson Report summarizes my deposition testimony regarding the terms negotiated and agreed to between Lenovo and Qualcomm regarding patent licenses as well as Lenovo's internal position on certain of those negotiated terms. Third, footnote 164 on page 55 of the Donaldson Report cites to and directly quotes my deposition testimony regarding Lenovo's strategy and ability to negotiate with chipset suppliers and the availability of alternative suppliers. Fourth, paragraphs 135-137, 139 and footnote 209 summarize and quote from Lenovo and Qualcomm's licensing agreements, my deposition testimony, and various internal Lenovo and Motorola emails and document regarding the substance of Lenovo and Qualcomm's negotiations; Lenovo's strategy for negotiating with Qualcomm; the specific terms of Lenovo and Qualcomm's agreements regarding chipsets and licenses; Lenovo's internal opinions and positions regarding the terms of its agreements with Qualcomm; the ability of Lenovo to renegotiate its agreements with Qualcomm; and the status of continuing negotiations to extend the licensing agreements between Lenovo and Qualcomm. Lenovo maintains its sensitive business negotiations and agreements as well as its business strategy, plans, information, and analyses in strict confidence; they are not publicly known. If this sensitive information were to be released to the public, Lenovo's competitors and potential business partners would gain insight into Lenovo's internal business operations and strategy, which would compromise Lenovo's competitive standing in the highly competitive cellular products market.

4. Maintaining Lenovo's internal business strategy, goals, plans, and analyses under strict confidence is critical to ensuring that its competitors are not able to exploit differences, modify to emulate, and at a minimum, better compete with Lenovo. Public access to the information noted

above could pose significant financial harm to Lenovo with respect to its competitors as well as current and prospective business partners.

5. Accordingly, the following portions of the Donaldson Report should be redacted and sealed:

| Document | Portion to be Sealed |
|---|---|
| Donaldson Report (Dkt. No. 799-2) | Portion of footnote 131 on page 46 citing and quoting the deposition testimony of Ira Blumberg; |
| | Portion of footnote 132 on page 47 citing and quoting the deposition testimony of Ira Blumberg; |
| | Portion of footnote 139 on page 49 summarizing the terms of Lenovo's agreements with Qualcomm and citing the deposition testimony of Ira Blumberg; |
| | Portion of footnote 164 on page 55 citing and quoting the deposition testimony of Ira Blumberg; and |
| | Paragraphs 135-137, 139 and footnote 209. |

I DECLARE UNDER PENALTY OF PERJURY AS A REPRESENTATIVE OF LENOVO (UNITED STATES), INC. THAT THE FOREGOING DECLARATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. EXECUTED THIS 11th DAY OF SEPTEMBER, 2018.

*/s/ Ira Blumberg*

Ira Blumberg
Vice President of Intellectual Property
Lenovo (United States), Inc.

ATTESTATION

I, Daniel J. Stephenson, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel and, in compliance with Local Rule 5-1(i)(3), hereby attest that all signatories concur with this filing.

Dated:  December 21, 2018

*/s/ Daniel J. Stephenson*
Daniel J. Stephenson