1  SIDLEY AUSTIN LLP
   David C. Giardina (*pro hac vice*)
2  dgiardina@sidley.com
   One South Dearborn
3  Chicago, IL 60603
   312-853-7000 – Telephone
4  312-853-7036 – Facsimile

5  SIDLEY AUSTIN LLP
   Nathan A. Greenblatt (SBN 262279)
6  ngreenblatt@sidley.com
   1001 Page Mill Road, Bldg. 1
7  Palo Alto, CA  94304
   650-565-7107 – Telephone
8  650-565-7100 – Facsimile

9  *Attorneys for Non-Party HUAWEI DEVICE USA, INC.*

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13

14  FEDERAL TRADE COMMISSION,                )  Case No. 5:17-cv-00220-LHK
                                             )
15               Plaintiff,                  )
                                             )
16  v.                                       )  **DECLARATION OF STEVEN M.**
                                             )  **GEISZLER IN SUPPORT OF JOINT**
17  QUALCOMM INCORPORATED,                   )  **ADMINISTRATIVE MOTION TO**
                                             )  **FILE UNDER SEAL (DKT. 1024)**
18               Defendant.                  )
                                             )
19                                           )
                                             )
20  _____      )

21

22

23

24

25

26

27

28

## DECLARATION OF STEVEN GEISZLER

I, Steven M. Geiszler, declare as follows:

1.  I am the U.S. Chief Intellectual Property Litigation Counsel for Non-Party Huawei Device USA, Inc. ("Huawei Device USA").

2.  Pursuant to N.D. Cal. Civil Local Rule 79-5(d) and (e), I respectfully submit this declaration in support of the Joint Administrative Motion to File Under Seal Portions of Defendant Qualcomm Incorporated's Motion to Exclude Expert Reports of Richard L. Donaldson (Dkt. 1024) ("Motion to Seal").  I have personal knowledge of the information set forth herein.

3.  Huawei Device USA seeks to seal portions of Exhibit 1, the Expert Report of Richard Donaldson ("Donaldson Report") and Exhibit 2, the Rebuttal Report of Richard Donaldson ("Donaldson Rebuttal Report") because they contain references to highly confidential information that, if publicly disclosed, would harm the competitive standing of Huawei Device USA and its affiliates.  Huawei Device USA requests an order granting its motion to file under seal the following portions of documents:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|---|
| Exhibit 1 to the Declaration of Geoffrey T. Holtz in Support of Qualcomm Incorporated's Motion to Exclude Expert Reports of Richard L. Donaldson | ¶ 124, Pages 56-57 | Huawei Device USA, Inc. ("Huawei") | Declaration of Steven M. Geiszler In Support of Qualcomm's Motions to Strike or Exclude ("Geiszler Declaration") |
| Ex. 1 | ¶ 125, Lines 10-12, Page 57 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 126, Pages 57-58 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 127, Page 58 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 128, Lines 1-3, Page 59 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 129, Line 3, Page 60 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 131- 132, Pages 60-61 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 133, Line 1, Page 61 | Huawei | Geiszler Declaration |
| Ex. 1 | ¶ 133, Lines 3-4 and 8-9, Page 62 | Huawei | Geiszler Declaration |
| Ex. 1 | Footnote 164 (last two lines), Page 55 | Huawei | Geiszler Declaration |
| Ex. 1 | Footnote 166, Page 56-57 | Huawei | Geiszler Declaration |

2

| Ex. 1 | Footnote 171, Page 58, Lines 3- 4 | Huawei | Geiszler Declaration |
|---|---|---|---|
| Ex. 1 | Footnote 173, Page 58, Lines 1- 4 | Huawei | Geiszler Declaration |
| Ex. 1 | Footnote 176, Page 58 | | |
| Ex. 1 | Footnote 177, Page 59 | Huawei | Geiszler Declaration |
| Ex. 1 | Footnote 178, Page 59, Lines 1- 6 and 10-17 | Huawei | Geiszler Declaration |
| Ex. 1 | Footnote 190, Page 61, Line 1-3 | Huawei | Geiszler Declaration |
| Exhibit 2 to the Declaration of Geoffrey T. Holtz in Support of Qualcomm Incorporated's Motion to Exclude Expert Reports of Richard L. Donaldson | ¶ 22, Lines 12-14, Page 13 | Huawei | Geiszler Declaration |
| Ex. 2 | Footnote 41, Page 13, Lines 1- 4 | Huawei | Geiszler Declaration |

4.      Specifically, the identified portions of the Donaldson Report and the Donaldson Rebuttal Report describe the chipset supply and contract negotiation strategy employed by Huawei Technologies Co., Ltd. ("Huawei") and its foreign affiliates for their hardware and software product offerings. In describing these topics, Qualcomm's Motion exhibits contain references to Huawei's internal deliberations and its confidential licensing agreements with Qualcomm.  Ex. 1 at 57-59, 59-60, 60-61, 61-62; Ex. 2 at 13.

5.      The identified portions of the Donaldson Report and the Donaldson Rebuttal Report also describe Huawei's confidential licensing contract and chipset supply negotiations with Qualcomm.  Disclosing such negotiations could also disadvantage Huawei in negotiations with other suppliers and licensors.  Ex. 1 at 56-57, 57, 57-59, 60-61, 61-62; Ex. 2 at 13.

6.      The identified portions of the Donaldson Report describe Huawei's internal views on its patent portfolio, license agreement terms, and competitors.  Disclosing this information would disadvantage Huawei when negotiating with other licensors and suppliers.  Ex. 1 at 55.

7.      Huawei Device USA has a strong business interest in maintaining the confidentiality of its supplier decisions and contracts involved with manufacturing its products and therefore supports Plaintiffs' motion to seal insofar as it relates to these internal deliberations.  Huawei's cost

3

structure is sensitive and confidential.  Within Huawei, access to such confidential information is restricted.  Consistent with Huawei's continuous efforts to ensure that its confidential internal deliberations are not disseminated more widely than necessary, the documents containing this information were produced as "HUAWEI CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the Supplemental Protective Order.  (Dkt. 218)

8.      In addition, Huawei Device USA has a strong business interest in maintaining the confidentiality of its contact terms and negotiations with Qualcomm and therefore supports Plaintiffs' motion to seal insofar as it relates to these topics.  Huawei's contract negotiation strategy is sensitive and confidential.  Within Huawei, access to such confidential information is restricted. Consistent with Huawei's continuous efforts to ensure that its confidential contracts and negotiations are not disseminated more widely than necessary, the documents containing this information were produced as "HUAWEI CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the Supplemental Protective Order.  (Dkt. 218)

9.      Information concerning Huawei's contract terms and competitive strategy are kept in strict confidence, even from Huawei employees who do not have a need to know.  Public disclosure of any of this information would create an asymmetry between Huawei and its competitors and would hurt Huawei's competitive standing.  Disclosure of this information could be used by competitors to Huawei's disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this day, December 19, 2018 in Plano, Texas.

_Steven M. Geiszler_

Steven M. Geiszler

DECLARATION OF STEVEN M. GEISZLER IN SUPPORT OF JOINT MOTION TO SEAL
CASE NO. 5:17-CV-00220-LHK