**BAKER BOTTS L.L.P.**
Stuart C. Plunkett (SBN 187971)
Joseph A. Ostoyich
Heather Souder Choi
Jana I. Seidl
stuart.plunkett@bakerbotts.com
joseph.ostoyich@bakerbotts.com
heather.choi@bakerbotts.com
jana.seidl@bakerbotts.com
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for non-party AT&T Mobility LLC*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br>　　　　　Defendant. | CASE NO. 5:17-cv-00220-LHK-NMC<br><br>**DECLARATION OF JANA I. SEIDL IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 1024)** |

I, Jana I. Seidl, declare as follows:

1. I am an active member in good standing with the bars of the District of Columbia and the Commonwealth of Virginia. I am an Associate with the law firm of Baker Botts L.L.P. and represent non-party AT&T Mobility LLC ("AT&T") in connection with subpoenas issued in the course of this and other related Qualcomm antitrust litigations. I make this declaration, except where noted, of my own personal knowledge, and if called upon to do so, I could and would testify competently to the facts contained herein.

2. Pursuant to Civil Local Rules 7-11 and 79-5, I respectfully submit this declaration in support of Plaintiff the Federal Trade Commission's and Defendant Qualcomm Incorporated's ("Qualcomm") Joint Administrative Motion to File Under Seal, Dkt. No. 1024, ("Joint Motion") relating to Qualcomm's Motion to Exclude the Expert Reports of Richard L. Donaldson ("Motion to Exclude"), Dkt. No. 1024-1. In support of its Motion to Exclude, Qualcomm filed the Declaration of Geoffrey T. Holtz ("Holtz Declaration"), Dkt. No. 1024-2. Exhibit 1 to the Holtz Declaration is the Expert Report of Richard L. Donaldson ("Donaldson Report"), Dkt. No. 799-2.

3. Portions of the Donaldson Report contain information AT&T designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL under the governing Protective Orders in this action, or other AT&T confidential business information that qualifies for protection. The relevant Protective Orders and Supplemental Protective Orders include Protective Orders in the FTC Litigation, Case No. 5:17-cv-00220-LHK, Dkt. Nos. 81 and 430, Protective Orders in the MDL Litigation, Case No. 5:17-md-02773-LHK, Dkt. Nos. 46, and 259, and the Protective Order in the Southern District of California Litigation, Dkt. No. 163 ("Protective Orders").

4. Consistent with AT&T's obligation under Civil Local Rule 79-5, AT&T has "narrowly tailored" its sealing requests to only such specific information that qualifies for sealing. Civ. L.R. 79-5(b). AT&T understands that only the specific information in Qualcomm's Motion to Exclude and the accompanying Holtz Declaration and Exhibits including

the Donaldson Report containing AT&T confidential material are subject to sealing at this time. For the avoidance of doubt, AT&T intends to maintain confidentiality regarding any information contained within the underlying documents, does not waive any right to fully enforce the confidentiality of such documents, and intends to seek protection of any such documents at the appropriate time.

5. The right to "access judicial records is not absolute"—certain types of non-public, commercially sensitive documents may be protected from public disclosure. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Rule 26 of the Federal Rules of Civil Procedure provides district courts with broad discretion to seal filed materials in order to protect, among other things, "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(g).

6. The Ninth Circuit has articulated a "compelling reasons" standard for materials filed as part of dispositive motions or used at trial. *See Kamakana*, 447 F.3d at 1179-80. Commercially sensitive contractual language such as "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed." *See In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (applying *Kamakana* compelling reasons standard in determining that a trial exhibit containing detailed license information was properly sealable); *see also Rainbow Bus. Solutions v. Merch. Servs.*, 2013 WL 12308205, at *2 (N.D. Cal. May 10, 2013) (finding "particular information about the party's contractual agreements, including items such as pricing arrangements" properly sealable under the compelling reasons standard).

7. The following entries in the Donaldson Report, Exhibit 1 to the Holtz Declaration filed in support of Qualcomm's Motion to Exclude, contain information related to confidential AT&T license agreements and other non-public, commercially sensitive information. Thus, AT&T moves the court for the following narrowly tailored redactions consistent with Civil Local Rule 79-5(b):

//

| Paragraph or Footnote No. | Description |
|---|---|
| Paragraph 36 | Second through last sentence of paragraph reading "In 1990, … %." |
| Paragraph 111 | Portion of paragraph, i.e., last line on page 51 to half of first line on page 52, beginning with "—dating … ." |

8. The passages of the Donaldson Report identified in paragraph 7 contain highly confidential AT&T business information that satisfies the sealing requirements. AT&T has proposed "narrowly tailored" redactions consistent with the requirements of Civil Local Rule 79-5. Thus, AT&T respectfully asks that this Court grant the Joint Motion as to the excerpts cited in paragraph 7.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing facts are true and correct.

Executed this 21st day of December, 2018 in Washington, District of Columbia.

*/s/ Jana I. Seidl*
Jana I. Seidl
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 639-7855
Facsimile: (202) 585-4066
jana.seidl@bakerbotts.com

*Counsel for AT&T Mobility LLC*