MATTHEW L. KNOWLES (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
28 State Street
Boston, MA 02109
Telephone: (617) 535-3885
Facsimile: (617) 321-4608
mknowles@mwe.com

JODI L. BENASSI (Bar No. 309048)
**McDermott Will & Emery LLP**
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: (650) 815-7400
Facsimile: (650) 815-7401
jbenassi@mwe.com

*Attorneys for Non-Parties*
**BAIN & COMPANY, INC. and CHRISTOPHER JOHNSON**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>QUALCOMM INCORPORATED<br>a Delaware Corporation,<br><br>Defendant | CASE NO. 5:17-CV-00220 LHK<br><br>**NOTICE OF MOTION AND MOTION TO QUASH TRIAL SUBPOENA TO CHRISTOPHER JOHNSON, AND MEMORANDUM IN SUPPORT**<br><br>Date: TBD<br>Time: 1:30pm<br>Courtroom 8, 4th Floor<br><br>Hon. Lucy H. Koh |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on a date to be set by this Court, in Courtroom 8 of the above-entitled Court, at 1:30p.m., or as soon thereafter as counsel may be heard, Petitioners BAIN & COMPANY ("Bain") and CHRISTOPHER JOHNSON will move pursuant to Fed. R. Civ. P. 45(d)(3)(A)-(B) for an order from this Court quashing the Subpoena to Appear and Testify at Trial, dated December 4, 2018, that Defendant Qualcomm, Inc. ("Qualcomm") served on Mr. Johnson in connection with this action, *Federal Trade Commission v. Qualcomm, Inc.*, No. 5:17-CV-00220 LHK (N.D. Cal.).

This Motion will be heard in the Courtroom of the Honorable Judge Koh for the United States District Court of the Northern District of California, San Jose Division. The Court is located at 280 South First Street, San Jose, California 95113.

Petitioners respectfully submit this Motion on the grounds that the subpoena would subject Mr. Johnson to undue burden, given that the testimony Qualcomm seeks is inadmissible, and that it improperly seeks expert testimony. Accordingly, the Court should quash the subpoena.

This Motion is based on the memorandum of points and authorities below, the declaration submitted with this Motion, all exhibits attached to it, all other matters of which the Court may take judicial notice, and such other matters as may be presented to the Court at the time of the hearing.

MCDERMOTT, WILL & EMERY
ATTORNEYS AT LAW
MENLO PARK

-1-

MOTION TO QUASH CHRISTOPHER F
JOHNSON TRIAL SUBPOENA
CASE NO. C-17-00220 LHK

## I.   INTRODUCTION

During discovery, Qualcomm served a non-party Rule 30(b)(6) subpoena on Bain. Bain has no direct involvement in this case or the underlying dispute; it provided management consulting services to Intel Corporation (also a non-party). In response to a motion from Bain, Magistrate Judge Cousins sharply limited the scope and duration of the deposition. ECF No. 597.

Bain then selected Christopher Johnson—a relatively junior Bain partner—as its representative for the remaining deposition topics. Bain's work for Intel was conducted by hundreds of consultants in multiple offices around the world. Because of the limits of his own first-hand exposure to this work, Mr. Johnson prepared himself to testify about Bain's corporate knowledge by reviewing thousands of pages of Bain and Intel documents, and conducting interviews with four Bain consultants from various offices in the United States and Germany.

Qualcomm has now issued a non-party trial subpoena to Mr. Johnson individually. This is an impermissible gambit. Qualcomm seeks to use this trial subpoena (1) to circumvent the prohibition on hearsay and the requirement that witnesses have personal knowledge, and (2) to improperly introduce expert testimony on topics like the "[r]easons for Qualcomm's success in the modem chip business," (*Exhibit 1* (Qualcomm exhibit list))[1]—all from a lay witness who has been neither retained nor disclosed as an expert.

Rule 30(b)(6) does not create a loophole in the Rules of Evidence. Because Mr. Johnson lacks personal knowledge as to the issues in dispute, the subpoena therefore imposes an unnecessary burden. The Court should quash it.

## II.   BACKGROUND

In 2017, Qualcomm served a non-party subpoena for documents on Bain. Bain cooperated, and produced some 12,829 documents. Benassi Decl. ¶ 4 and *Exhibit 2*. Next, on January 26, 2018, Qualcomm served a Rule 30(b)(6) deposition subpoena on Bain. *Exhibit 3*. The subpoena sought Bain's understanding and analysis of Intel's competition with Qualcomm, and Bain's "competitive analysis" of Qualcomm, on a broad range of topics:

---

[1] Exhibits cited here are attached to the Declaration of Jodi L. Benassi ("Benassi Decl."), filed together with this motion.

McDermott, Will & Emery
Attorneys At Law
Menlo Park

-2-

Motion To Quash Christopher F
Johnson Trial Subpoena
Case No. C-17-00220 LHK

- "Competition between Intel and any company (including without limitation Qualcomm) selling Baseband Processors or other chips for use in Cellular Devices. . . ."

- "The market for Baseband Processors or other chips for use in Cellular Devices. . . ."

- "Any comparison of Intel's research and development with Qualcomm's research and development. . . ."

- "Intel's business with Apple for the sale of Baseband Processors or other chips for use in Cellular Devices. . . ."

- "Intel's strategy concerning the use of Baseband Processors or other chips designed for use in Cellular Devices for the Internet of Things or Machine to Machine"

- "Intel's M&A strategy in the Baseband Processor industry. . . ."

*Exhibit 3*.

On February 23, 2018, Bain moved to quash the Rule 30(b)(6) subpoena on the grounds that it imposed a substantial burden on Bain as a non-party; it sought sensitive, competitive information without justification; and that Qualcomm improperly sought expert testimony from Bain. ECF No. 558. Magistrate Judge Cousins granted the motion in part, striking some topics from the subpoena and limiting Bain's testimony to three hours. ECF No. 597. In particular, the Court prohibited Qualcomm from seeking testimony from Bain about Intel's M&A strategy. *Id.*

On March 28, 2018, Mr. Johnson—who became a partner at Bain in 2018—testified on behalf of Bain. Months later, on December 4, 2018, Qualcomm served a trial subpoena on Mr. Johnson individually. *Exhibit 4*. Concerned about the scope and burden of the subpoena and the use of confidential Bain and Intel information at trial, counsel for Bain and Mr. Johnson directed Qualcomm to the Court's order requiring that the parties:

> [D]isclose to each Third Party exactly what either documents or deposition testimony or other testimony that you intend to introduce that might implicate their trade secrets or their confidential business information[.]

*Exhibit 5* (Trans. of Dec. 13, 2018 hearing at 15:11-15). But Qualcomm sidestepped this request, responding simply that it will seek testimony about any topics covered at the deposition and those listed in its description of Mr. Johnson on its witness list. *See Exhibit 6* (email among counsel

-3-

discussing subpoena) and *Exhibit 7* (Qualcomm witness list). Qualcomm's "description" would include any testimony concerning:

- Anything covered in the Bain deposition;
- Anything covered in the Bain documents Qualcomm has identified as trial exhibits;
- Anything related to Bain's work for Intel; and
- Anything related to the documents or data introduced into evidence by Qualcomm or the FTC as to which Mr. Johnson has knowledge.

Of course, this is so broad that it amounts to no response at all. Bain and Mr. Johnson now seek relief from the Court.

### III.   LEGAL STANDARD

Rule 45(c) requires the party issuing a subpoena to take "reasonable steps to avoid imposing undue burden or expense" on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Where a subpoena "subjects a person to undue burden," the Court must issue an order quashing or modifying the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

Among other things, courts analyze the potential relevance and admissibility of the information sought when evaluating the burden imposed by a subpoena. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). "Of course, if the sought-after [evidence is] not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'" *Id.* (quotations omitted).

"Although the party who moves to quash has the burden of persuasion under Rule 45(c)(3), the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 12-CV-080082-LHK PSG, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012); *Chevron Corp. v. Donziger*, No. 12-MC-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (same). Courts generally apply the same standard with respect to trials subpoenas. *See, e.g., Televisa, S.A. de C.V. v. Univision Commc's, Inc.*, No. CV 05-3444 PSGMANX, 2008 WL 4951213, at *1 (C.D. Cal. Nov. 17, 2008) (with respect to motion to quash a trial subpoena, issuing party has burden to demonstrate that the testimony sought is relevant).

### IV.   ARGUMENT

**A.   Mr. Johnson's testimony would inevitably include inadmissible hearsay and evidence that is not based on his personal knowledge**

Mr. Johnson began working for Bain starting in early 2010, and he became a partner in 2018. *Exhibit 8* (deposition transcript) at 8:25-9:4. He worked on projects for Bain's client Intel at various times: from 2010 until mid-2011, and again beginning in 2015. *Id.* at 10:17-19. At other times, he worked with other Bain clients and had no involvement with Intel. In contrast, Bain has provided consulting services to Intel continuously for at least 11 years. *Id.* at 10:2-4.

Because he only has personal knowledge about the work that *some* Bain offices did on *some* Intel projects during *some* time periods, Mr. Johnson prepared extensively to learn about Bain's work for Intel, so that he could testify about *Bain's* knowledge under Rule 30(b)(6). He spent approximately ten days reviewing Bain documents, and conducted substantive interviews with four other Bain partners and managers (Michael Schallehn, Danil Traskov, Kayvan Ardalan, and Hang Tan). *Id.* at 13:5-12, 13:23-25. This included interviews with staff from Bain's German offices, because a substantial part of Bain's work for Intel was performed in Germany—not San Francisco, where Mr. Johnson is based.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. . . .", Fed. R. Evid. 602, and the witness's testimony must not be hearsay (unless an exception applies), *see* Fed. R. Evid. 802. And again, Rule 30(b)(6) is not a loophole in the hearsay rule or the requirement that a witness testify from personal knowledge:

> Rule 30(b)(6) does permit designated persons without personal knowledge to testify on behalf of a corporation on matters within the corporation's knowledge, further, a corporate designee may testify about not only a corporation's knowledge but also its subjective beliefs. **These principles are designed to relieve burdens imposed on corporate defendants; however, they do not change the rule that a 30(b)(6) designee cannot offer any testimony at trial to the extent that information was hearsay not falling within one of the authorized exceptions.**

*Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010) (cleaned up; emphasis added); *see also Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006) (Rule 30(b)(6) witness cannot offer hearsay testimony at trial, unless it falls within one of the

authorized hearsay exceptions).  Likewise, as the Fifth Circuit explained in *Union Pump Co. v. Centrifugal Tech. Inc.*:

> Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial. **However, a corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions.**

404 Fed. Appx. 899, 907-08 (5th Cir. 2010); *see also Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *4 (M.D. Fla. Oct. 6, 2014).[2]

The testimony at Bain's 30(b)(6) deposition went far beyond Mr. Johnson's personal knowledge.  For example, it included testimony about Bain slide decks prepared jointly with Intel and bearing Intel's logo:

> Q.  Is it Bain's practice on the engagement for Intel often to coauthor documents with employees from Intel?
>
> A.  Yes.
>
> Q.  And so are documents that appear with an Intel logo on them sometimes coauthored by individuals from Bain?
>
> A.  Sometimes, yes.

*Exhibit 8* at 18:4-18:11.  Likewise, it included testimony about work done in Bain's offices in Germany:

> Q.  Did Bain advise Intel in 2011 that it should consider establishing a leading position in high-volume low-end handsets? [. . .]
>
> A.  Some things get lost in translation, I think, because it's from our team in Germany, but yes. . .

---

[2] Where the witness (and Rule 30(b)(6) designee) is a *party*, the hearsay analysis is easier because much of the testimony comes in as a statement of a party opponent. *See, e.g., Brazos River Auth.*, 469 F.3d at 435.  That exception, of course, does not apply to Bain. Bain respectfully submits that the Court should scrutinize the caselaw that Qualcomm will offer in response to this motion, as cases permitting Rule 30(b)(6) testimony by *parties* are inapposite—they are governed by a much lower standard, given the party-opponent hearsay rule.

*Id.* at 28:7-15. And it included testimony about analysis compiled from unnamed industry experts and public sources:

> Q. What was the approach that Bain took in gathering the data that went into this analysis?
>
> A. [. . .] The Qualcomm numbers would have been [from] a variety of sources. Our approach here involved primarily three things. **One would be anything reported by Qualcomm in their 10-Ks [. . .] A few other data points were LinkedIn** [. . . ] And then the third would be **conducting interviews with people who are in the industry to get their perspective on, you know, ratios of how many people do you need in integration versus that, and triangulating over a number of sources, and get to a – an estimate.** Hopefully it's pretty close.

*Id.* at 79:18-80:22 (emphasis added). This is not just hearsay—it is double, or triple, or quadruple hearsay. It is flatly inadmissible.

*Even if* Qualcomm could somehow try to limit its questioning to Mr. Johnson's own work for Intel while at Bain, his knowledge would be inevitably commingled with his extensive Rule 30(b)(6) preparation. And *even if* Qualcomm could overcome that problem, Mr. Johnson's own work is not based on direct, personal knowledge but instead amalgamates his analysis with (hearsay) sources of data he relied on. *See* Fed. R. Evid. 602. Accordingly, it is inadmissible.

**B.    Mr. Johnson's opinions and analyses are not admissible as lay witness opinions**

Qualcomm may assert (as it did with respect to the deposition subpoena) that the testimony it seeks is admissible as lay opinion testimony under Rule 701. But this rule does not apply to opinions that are "based on scientific, technical, or other specialized knowledge," such as the opinions of analysts and consultants like Mr. Johnson. *See* Fed. R. Evid. 701(c). Nor can Qualcomm seek involuntary expert discovery by simply re-characterizing *opinions* as "facts."

Most of all, as the Court has emphasized in its earlier orders, lay opinion testimony may be permitted under Rule 701 only if the testimony is "rationally based on the witness's perception." *See* ECF No. 973 (quoting Fed. R. Evid. 701). Rule 701 does not permit a witness to repeat analyses and observations he learned from others (such as the interviews Mr. Johnson

conducted and documents he read in preparation for the 30(b)(6) deposition). Instead, the Rules of Evidence require personal knowledge for non-expert witnesses. *See United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014) (A lay opinion witness "may not testify based on speculation [or] rely on hearsay. . . ."). But here, Mr. Johnson's *direct* personal knowledge about the wireless modem market is limited:

> Q. Are you an engineer?
>
> A. I am not.
>
> Q. Did you ever work for a semiconductor company?
>
> A. Not directly.
>
> Q. Now, Bain doesn't design chipsets, does it?
>
> A. No.
>
> Q. It doesn't sell chipsets?
>
> A. We do not.
>
> Q. It doesn't manufacture chipsets?
>
> A. We do not.
>
> Q. Would you defer to a chipset maker such as Intel for their technical expertise with regard to the design, sale, manufacture of chipsets? [. . .]
>
> A. I would.

*Exhibit 8* at 134:3-134:22.

Analysis and advice from management consultants amounts to the opinions of experts. Bain's advice to Intel was compiled from public and private sources, examined and applied using the experience and expertise of Bain's management consultants. While this advice is of great value to Bain's clients, the Rules of Evidence make clear that it is simply not admissible.

**C.    Mr. Johnson cannot be compelled to give expert testimony**

Finally, there should be no question that Qualcomm cannot elicit expert testimony from Mr. Johnson, who has not been retained or designated as an expert. Rule 45 recognizes that it is

inappropriate to seek expert analysis or opinion testimony from an unretained expert. *See* Fed. R. Civ. P. 45(d)(3)(B); *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-CV-00865, 2014 WL 2600367, at *2 (N.D. Cal. June 10, 2014) (quashing subpoena that requires disclosure of "unretained expert opinions" about the "composition and dynamics of the market" in question).

Accordingly, the Court should quash this subpoena as it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). Mr. Johnson has never worked for or with Qualcomm, nor was his work performed for any party in this case. Just as a medical malpractice plaintiff cannot use Rule 45 to secure free expert testimony from any doctor who happens to study the disease the plaintiff is afflicted with, Qualcomm cannot use Rule 45 to get expert analysis from any consultant who studies and advises on the marketplace it happens to be litigating about. Yet much of the testimony Qualcomm seeks here is exactly that.

## V.   CONCLUSION

If Qualcomm seeks to introduce evidence about *Qualcomm's* products and its actions in the marketplace, it should do so through Qualcomm witnesses. If it seeks information about *Apple,* it should call Apple witnesses. If it seeks information about *Intel,* it should call Intel witnesses. If it seeks independent *expert analysis* about the products and markets at issue, it should retain and present an expert witness. But Qualcomm's effort to dragoon a Bain partner to provide a combination of corporate testimony and quasi-expert analysis is inappropriate.

Even if it were somehow relevant, Mr. Johnson's testimony would not be based on personal knowledge—it would be hearsay and improper evidence from a lay witness. As noted above, where "the sought-after [evidence is] not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'" *Gonzales*, 234 F.R.D. at 680 (quotations omitted). That is exactly the case here. The Court should quash Qualcomm's subpoena.

Respectfully submitted,

/s/ Matthew L. Knowles
MATTHEW L. KNOWLES (*pro hac vice*)
mknowles@mwe.com
**MCDERMOTT WILL & EMERY LLP**
28 State Street
Boston, MA 02109
Telephone: (617) 535-3885
Facsimile: (617) 321-4608

JODI L. BENASSI (Bar No. 309048)
jbenassi@mwe.com
**MCDERMOTT WILL & EMERY LLP**
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: (650) 815-7400
Facsimile: (650) 815-7401

*Attorneys for Non-Parties*
**BAIN & COMPANY, INC. and CHRISTOPHER JOHNSON**

Dated: December 21, 2018

### **ATTESTATION**

I, Jodi L. Benassi, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from Matthew L. Knowles.

By: /s/ *Jodi L. Benassi*
Jodi L. Benassi