United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 1023 |

Before the Court is the parties' joint administrative motion to file under seal exhibits filed in connection with the parties' briefing on Defendant Qualcomm Incorporated's ("Qualcomm's") motion to strike portions of the rebuttal expert report of Dr. Robert Akl, who will testify on behalf of Plaintiff Federal Trade Commission ("FTC"). On December 11, 2018, the Court denied without prejudice Qualcomm's motion to seal the entirety of all seven exhibits attached to Qualcomm's motion to strike. ECF No. 980 at 6. The parties have now refiled the motion as a joint motion, in accordance with the Court's instructions. ECF No. 1023.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of*

1

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
2  U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong
3  presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

4  Parties seeking to seal judicial records relating to motions that are "more than tangentially
5  related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,
6  1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons
7  supported by specific factual findings that outweigh the general history of access and the public
8  policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and
9  citation omitted). Compelling reasons justifying the sealing of court records generally exist "when
10 such 'court files might have become a vehicle for improper purposes,' such as the use of records to
11 gratify private spite, promote public scandal, circulate libelous statements, or release trade
12 secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the
13 production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
14 litigation will not, without more, compel the court to seal its records." *Id.*

15 Records attached to motions that are "not related, or only tangentially related, to the merits
16 of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at
17 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court
18 records attached only to non-dispositive motions because those documents are often unrelated, or
19 only tangentially related, to the underlying cause of action." (internal quotation marks and citation
20 omitted)). Parties moving to seal records attached to motions unrelated or only tangentially
21 related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the
22 Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d
23 at 1179–80. The "good cause" standard requires a "particularized showing" that "specific
24 prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*
25 *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P.
26 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning"

2
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL

1 will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Pursuant to the Court's order at ECF No. 821, the parties to this case must file concurrent with the

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

administrative motion to file under seal all necessary declarations establishing that the information sought to be sealed is sealable. Where the FTC and Qualcomm seek to seal information designated confidential by a non-party, that non-party may "have seven days, rather than the four days prescribed in Civil Local Rule 79-5" to file the non-party's declaration in support of sealing. ECF No. 821 at 2.

The Court has already explained that the compelling reasons standard applies to the motion to seal the exhibits filed in connection with Qualcomm's motion to strike Dr. Akl's rebuttal expert report, ECF No. 980 at 4, and does not repeat that analysis in this order.

The Court now turns to the substance of the instant joint sealing motion. The parties seek to seal material in the exhibits attached to Qualcomm's motion to strike portions of Dr. Akl's rebuttal expert report. Qualcomm and non-party Ericsson have designated various material as either confidential or highly confidential. ECF No. 1023 at 2. A declaration attached to the parties' motion notes that Ericsson "is still considering whether to seal the information" related to Ericsson and would file a supporting declaration "within seven days . . . if it decides to proceed with sealing." ECF No. 1023-2, ¶ 5. Now that seven days have elapsed and Ericsson has not filed such a declaration, the Court concludes that Ericsson does not wish to seal the designated material.

Qualcomm, however, has attached declarations in support of sealing Qualcomm-designated confidential material. In the parties' joint motion, Qualcomm contends that the information sought to be sealed "describes internal trade secret discussions about business partners, potential competitors, pricing, licensing practices, and technological developments, as well as confidential contractual terms." ECF No. 1023 at 4. In a declaration, Rajesh Pankaj, a senior vice president of engineering at Qualcomm, declares that the material sought to be sealed "contains confidential, highly sensitive, and proprietary information concerning Qualcomm's R&D activities, including information about development dates, timing, details and project code names." ECF No. 1023-7, ¶ 12. Further, Pankaj declares that revealing that information publicly could "potentially advantage[e] [Qualcomm's] competitors, giving them insights into valuable

4

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

information concerning Qualcomm's R&D operations." *Id.* ¶¶ 13–15; *see also* ECF No. 1023-8, ¶ 13 (another Qualcomm executive declaring that the material sought to be sealed contains "Qualcomm's internal assessments of its patent portfolio and R&D activities").

As explained, in *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal court records when the records may be used to "release trade secrets." 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Moreover, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th C9r. 2008) (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has held, and this Court has previously ruled, that "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements plainly constitute trade secrets, and are thus sealable. *Id.*; *accord* ECF No. 135 at 4. To the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information.

Thus, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motions to seal as follows:

| Document | Page/Line/Paragraph | Ruling |
|---|---|---|
| Akl Rebuttal Expert Report, ECF No. 1023-3 | Portions of ¶ 20 | GRANTED as to fourth sentence, but DENIED as to sixth sentence, which Ericsson does not seek to seal. |
| Akl Rebuttal Expert Report | ¶ 27 | GRANTED. |
| Akl Rebuttal Expert Report | ¶ 30 | GRANTED. |
| Akl Rebuttal Expert Report | n.23 | GRANTED. |
| Andrews Expert Report, ECF No. 1023-4 | ¶ 55 | GRANTED. |
| Andrews Expert Report | ¶ 57 | GRANTED. |

5
Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| Document | Page/Line/Paragraph | Ruling |
|---|---|---|
| Andrews Expert Report | ¶ 61 | GRANTED. |
| Andrews Expert Report | ¶ 69 | GRANTED. |
| Andrews Expert Report | ¶¶ 72–73 | GRANTED. |
| Andrews Expert Report | ¶ 77 | GRANTED. |
| Andrews Expert Report | ¶¶ 86–87 | GRANTED. |
| Andrews Expert Report | ¶ 186 | GRANTED. |
| Andrews Expert Report | ¶ 203 | GRANTED. |
| Andrews Expert Report | ¶ 222 | GRANTED. |
| Andrews Expert Report | ¶ 235 | GRANTED. |
| Andrews Expert Report | ¶ 274 | GRANTED. |
| Andrews Expert Report | ¶ 295 | GRANTED. |
| Deposition of Liren Chen, ECF No. 1023-5 | 12:20 | GRANTED. |
| Deposition of Liren Chen | All highlighted portions on p. 15 | GRANTED. |
| Deposition of Liren Chen | 61:5–10 | GRANTED as to lines 5–9, but DENIED as to line 10, which does not meet the compelling reasons standard. |
| Deposition of Liren Chen | 61:22 | GRANTED. |
| Deposition of Liren Chen | 110:14–15 | GRANTED. |
| Deposition of Liren Chen | 130:24–131:1–2 | GRANTED. |
| Deposition of Liren Chen | 158:3 | GRANTED. |

**IT IS SO ORDERED.**

Dated: December 28, 2018

_____
LUCY H. KOH
United States District Judge

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL