KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom *(pro hac vice)*
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S OPPOSITION TO MOTION TO QUASH TRIAL SUBPOENA TO CHRISTOPHER JOHNSON**<br><br>Re:  ECF No. 1041<br><br>Date:  TBD<br>Time:  1:30pm<br>Courtroom 8, 4th Floor<br>Hon. Lucy H. Koh |

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

STATEMENT OF FACTS .................................................................................................................. 2

    I.    Background. ........................................................................................................................... 2

    II.    Procedural History. ............................................................................................................... 4

LEGAL STANDARD ......................................................................................................................... 4

ARGUMENT ...................................................................................................................................... 5

    I.    Mr. Johnson's Anticipated Testimony is Relevant. ............................................................. 6

    II.    Bain Fails to Make Any Showing of Burden. ...................................................................... 7

    III.    Hypothetical Foundational Objections Are No Basis to Quash the Subpoena. ................................................................................................................................... 8

        A.    Mr. Johnson Has Personal Knowledge for the Testimony Qualcomm Intends to Elicit. ................................................................................................... 8

        B.    Even if Mr. Johnson Lacked Personal Knowledge, as a 30(b)(6) Designee, He May Testify as to Bain's Corporate Knowledge at Trial. ............................................................................................................................ 10

    IV.    Mr. Johnson's Anticipated Testimony Is Not Unpaid Expert Testimony. ........................ 11

CONCLUSION ................................................................................................................................. 13

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*,
   181 F.3d 216 (2d Cir. 1999) ................................................................................................ 7

*Agfa-Gevaert, A.G. v. A.B. Dick Co.*,
   879 F.2d 1518 (7th Cir. 1989) ............................................................................................. 9

*Ansell Inc. v. Schmid Labs., Inc.*,
   757 F. Supp. 467 (D.N.J. 1991) .......................................................................................... 7

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
   262 F.R.D. 293 (S.D.N.Y. 2009) ....................................................................................... 10

*Brazos River Auth. v. GE Ionics, Inc.*,
   469 F.3d 416 (5th Cir. 2006) ............................................................................................. 11

*Chartis Specialty Ins. Co. v. Scott Homes Multifamily Inc.*,
   2014 WL 12729149 (D. Ariz. Oct. 14, 2014) ..................................................................... 5

*Dropbox, Inc. v. Thru Inc.*,
   2016 WL 7116717 (N.D. Cal. Dec. 7, 2016) .................................................................... 11

*FTC v. CCC Holdings, Inc.*,
   605 F. Supp. 2d 26 (D.D.C. 2009) ...................................................................................... 7

*FTC v. Sysco Corp.*,
   113 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................................ 7

*HTC Corp. v. Tech Props. Ltd.*,
   2013 WL 12166376 (N.D. Cal. Sept. 20, 2013) ................................................................ 11

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
   2015 WL 12696109 (C.D. Cal. Nov. 5, 2015) .................................................................. 11

*Mora v. Zeta Interactive Corp.*,
   2017 WL 1187710 (E.D. Cal. Feb. 10, 2017) ..................................................................... 5

*Mount Hope Church v. Bash Back!*,
   705 F.3d 418 (9th Cir. 2012) ............................................................................................... 5

*Navel Orange Admin. Comm. v. Exeter Orange Co.*,
   722 F.2d 449 (9th Cir. 1983) ............................................................................................. 10

*Perry v. Shelby Cnty. Div. of Corrections*,
   2006 WL 8434662 (W.D. Ten. Aug. 17, 2006) .................................................................. 9

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

ii

*Radware, Ltd. v. A10 Networks, Inc.*,
  2014 WL 631537 (N.D. Cal. Feb. 18, 2014) ..................................................................13

*Red Lion Med. Safety, Inc. v. Ohmeda, Inc.*,
  63 F. Supp. 2d 1218 (E.D. Cal. 1999) .............................................................................7

*Sara Lee Corp. v. Kraft Foods Inc.*,
  276 F.R.D. 500 (N.D. Ill. 2011) .....................................................................................11

*SEC v. Mozilo*,
  2010 WL 11468959 (C.D. Cal. Oct. 7, 2010) ..................................................................5

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*,
  305 F.R.D. 630 (D. Ore. Mar. 23, 2015) ..........................................................................5

*Trujillo v. Board of Educ. of the Albuquerque Pub. Sch.*,
  2007 WL 2461617 (D.N.M. June 26, 2007) ....................................................................9

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
  2014 WL 4829173 (W.D. Wis. Sept. 29, 2014) .............................................................11

*United States ex rel. Lutz v. Berkeley Heartlab, Inc.*,
  2017 WL 5952689 (D.S.C. Nov. 29, 2017) ...................................................................10

*United States v. Lindsey*,
  680 F. App'x 563 (9th Cir. 2017) ..................................................................................12

*Verinata Health, Inc. v. Sequenom, Inc.*,
  2014 WL 2600367 (N.D. Cal. June 10, 2014) ...............................................................13

**Statutes & Rules**

Fed. R. Civ. P. 30(b)(6) .......................................................................................... passim

Fed. R. Civ. P. 30, note (1970) ........................................................................................8

Fed. R. Civ. P. 45 ..................................................................................................4, 12, 13

Fed. R. Civ. P. 45(d)(3)(B)(ii) .......................................................................................13

Fed. R. Evid. 602 .............................................................................................................9

Fed. R. Evid. 701 note (2000) .......................................................................................12

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

iii

**PRELIMINARY STATEMENT**

The Motion filed by Bain & Company, Inc. and Christopher Johnson (collectively, "Bain") to quash Qualcomm's subpoena for Mr. Johnson's trial testimony is Bain's latest attempt to avoid testifying about the consulting work it performed for Intel. (*See* ECF No. 1041 ("Mot.").) Bain previously objected to Qualcomm's 30(b)(6) deposition subpoena, raising the same arguments it recapitulates now. Magistrate Judge Cousins overruled Bain's objections and allowed Qualcomm to depose Bain's designee on slightly narrowed topics. Seeking to minimize Bain's burden, Qualcomm offered to admit Mr. Johnson's 30(b)(6) deposition testimony by designation, relieving him from testifying at trial. The FTC objected to that approach, arguing that Mr. Johnson works within the subpoena power of the Court and should testify live. Bain, however, now objects to live testimony. The FTC and Bain should not be permitted to whipsaw Qualcomm by this combination of objections and deprive the Court of important evidence regarding competition among suppliers of modem chips.

Qualcomm is entitled to introduce Bain testimony at trial. Bain concedes that Mr. Johnson "has personal knowledge about the work that some Bain offices did on some Intel projects". (Mot. 5 (emphasis omitted).) That allows Qualcomm to lay a foundation at trial for Mr. Johnson to discuss Bain's work ████████████████ Bain's suggestion that Mr. Johnson lacks personal knowledge because he also prepared for and participated in a 30(b)(6) deposition (Mot. 7) is also incorrect. That an employee prepared for corporate testimony does not indicate the absence of relevant personal knowledge.

Bain's position is the sort of gamesmanship that Rule 30(b)(6) circumscribes. Prior to Rule 30(b)(6), parties in litigation were frustrated in their attempts to secure relevant testimony from firms playing whack-a-mole: multiple corporate officers would be subpoenaed, and each would testify that they lacked personal knowledge of the subject of the examination, even though the information was known to the corporation. The 30(b)(6) mechanism streamlines this process by providing parties with relevant evidence free from foundational objection, while minimizing the burden on non-party entities to make dozens of witnesses available for examination. Mr.

1

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

1  Johnson can testify as to his personal knowledge—and Bain's knowledge—either live or by way
2  of the deposition testimony he already provided.
3  　　　　These concerns are particularly acute here because Mr. Johnson's testimony is damning to
4  the FTC's case.  The FTC alleges that various Qualcomm's business practices reduced competing
5  chipmakers' revenues, which in turn hampered their ability to match Qualcomm in research and
6  development ("R&D") spending, causing them to exit the modem chip business.  As explained
7  below, Mr. Johnson has testified that, ███████████████████████████████████████
8  ███████████████████████████████████████████████████████████████████████████████
9  ███████████████████████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████████████████████████
12 ███████████████████████████
13 　　　　This testimony is relevant, admissible and properly given by a lay witness.  Bain
14 articulates no burden sufficient to exclude it.  Bain's Motion to Quash should be denied.

**STATEMENT OF FACTS**

I.  **Background**

　　　　Bain & Company, Inc., a management consulting firm, has advised Intel for approximately 11 years.  (Mot. 5.)  As part of its work for Intel, Bain analyzed ████████ ███████████████████████████████████████████████████████████████████████████████ ████████████████████████████████  For its part, Intel has been actively involved in this litigation.  Intel has a common interest agreement with Apple, which in turn has a common interest agreement with the FTC.  (ECF No. 519 at 3.)  Intel submitted advocacy materials to the FTC and an *amicus curiae* brief to the Court, claiming that "the evidence will show that but for [Qualcomm's alleged] exclusionary conduct, Apple would have agreed to use Intel's chipsets in earlier iterations of the iPhone," and that because of Qualcomm's challenged conduct, Intel "lost sales and margin."  (ECF No. 92-1 at 6.)

　　　　Bain's analyses for Intel tell ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

2

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

1  ███████████████████████████████████████████████████████████

2  ███████████████████████████████████████████████████████████

3  Ultimately, Mr. Johnson testified that ████████████████████

4  ███████████████████████████████████████████████████████████

5  ███████████████████████████████████████████████████████████

6  ███████████████████████████████████████████████████████████

7      ███████████████████████████████████████████████████████

8  ██████████████████████████████████████████ (Byars Decl. Exs. C

9  (QX0122), D (QX0123).)  Mr. Johnson testified at his deposition that Intel's "headcount and

10 R&D investment . . . . was typically at around the right level, or at a similar level to peers."

11 (Byars Decl. Ex. A, Johnson Tr. 34:9-12; ███████████████████

12 ███████████████████████████████████████████████████████████

13 ███████████████████████████████████████████████████████████

14 ███████████████████████████████████████████████████████████

15 ███████████████████████████████████████████████████████████

16 █████████████████████████████████████████████

17 Mr. Johnson testified that, ████████████████████████████████

18 ███████████████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████████

20 ███████████████████████████████████████████████████████████

21 ███████████████████████████████████████████████████████████

22 ████████████████████████████████████████████

23        Bain's analyses ███████████████████████████████████████

24 ███████████████████████████████████████████████████████████

25 ███████████████████████████████████████████████████████████

26 ███████████████████████████████████████████████████████████

27 ███████████████████████████████████████████████████████████

28

3

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

1  ████████████████████████████████████████████

2  ████████████████████████████

3  II.   **Procedural History**

4  Bain produced documents containing the analyses described above.  (Mot. Ex. 2.) On January 26, 2018, Qualcomm served a Rule 30(b)(6) deposition subpoena on Bain, seeking testimony regarding Bain's advice to Intel concerning competition between Intel and Qualcomm for the sale of modem chips.  (Mot. Ex. 3.)  Each of Qualcomm's deposition topics listed specific documents that would aid in the preparation for the deposition.  (*Id.* at 3.)  On February 23, 2018, Bain moved to quash the deposition subpoena, raising similar arguments to those it makes now: that the deposition subpoena imposed an undue burden and sought unpaid expert testimony. (ECF No. 588.)  On February 27, 2018, Judge Cousins denied Bain's motion to quash in relevant part.  (ECF No. 597.)  Bain designated a San Francisco-based partner, Christopher Johnson, as its representative in the 30(b)(6) deposition.  Mr. Johnson consulted for Intel from early 2010 to mid-2011, and again since mid-2014.  (Byars Decl. Ex. A, Johnson Tr. 10:15-19.)  Qualcomm deposed Mr. Johnson on March 28, 2018.

Qualcomm designated testimony from Mr. Johnson's deposition for use at trial. The FTC objected on grounds that Mr. Johnson worked within 100 miles of the courthouse and lacked personal knowledge of his 30(b)(6) testimony (ECF No. 946 at 25), but made no objection that his testimony was irrelevant.  On December 10, Qualcomm informed Bain's counsel that it would call Mr. Johnson at trial.  (Mot. Ex. 6.)  Qualcomm listed only six Bain documents as intended trial exhibits.  (ECF No. 950-13 at 3.)  Bain's Motion to Quash followed.

**LEGAL STANDARD**

Bain bears the burden of persuasion to show why Qualcomm's subpoena unduly burdens Mr. Johnson.  (Mot. 4.)  "To meet that burden, the moving party 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena.'"  *SEC v. Mozilo*, 2010 WL 11468959, at *3 (C.D. Cal. Oct. 7, 2010) (citation

4

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

1  omitted). While the Ninth Circuit is "sensitive to the imposition of large discovery costs on non-
2  parties . . . [it] will not read 'undue burden' differently just because a non-party was subpoenaed."
3  *Chartis Specialty Ins. Co. v. Scott Homes Multifamily Inc.*, 2014 WL 12729149, at *3 (D. Ariz.
4  Oct. 14, 2014) (quoting *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012));
5  *see also St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 & n.3 (D. Ore. Mar. 3,
6  2015). Some courts "have interpreted the undue burden prong to incorporate challenges based on
7  relevancy", *Chartis*, 2014 WL 12729149, at *3, but "[r]elevancy to the subject matter of the
8  litigation 'has been construed broadly to encompass any matter that bears on, or that reasonably
9  could lead to other matter that could bear on, any issue that is or may be in the case'", *Mora v.
10 Zeta Interactive Corp.*, 2017 WL 1187710, at *3 (E.D. Cal. Feb. 10, 2017) (quotation marks and
11 citation omitted).

## ARGUMENT

The motion to quash should be denied for four reasons. *First*, the testimony Qualcomm seeks from Mr. Johnson is relevant. As demonstrated above and in the attached Exhibits, Mr. Johnson's testimony on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ goes to the heart of the FTC's claims that it was Qualcomm's allegedly anticompetitive conduct that caused competitors to lag behind Qualcomm and exit the baseband processor business. *Second*, brief trial attendance for a witness that works within the district is not unduly burdensome.[1] *Third*, Bain's contentions regarding Mr. Johnson's personal knowledge are meritless. Bain does not contend that Mr. Johnson has *no* personal knowledge on the topics on which he previously testified. Bain argues instead that, even if Mr. Johnson has personal knowledge, "his knowledge would be inevitably commingled with his extensive 30(b)(6) preparation". (Mot. 7.) But Bain provides no authority for the proposition that a witness *lacks* personal knowledge on subjects merely because the witness *also* prepared for a 30(b)(6) deposition. In any event, the Court may hear his testimony as to Bain's corporate

---

[1] Should the FTC change its mind, and subject to this Court's approval, Qualcomm remains willing to eliminate even that minimal burden by substituting deposition designations for Mr. Johnson's live testimony.

5

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

knowledge. *Finally*, Mr. Johnson's testimony is not unpaid expert opinion. Judge Cousins rejected that argument, and Bain did not challenge the ruling. Mr. Johnson may properly offer lay opinions that are based on his or Bain's knowledge.

I.     **Mr. Johnson's Anticipated Testimony is Relevant.**

Mr. Johnson's testimony is relevant to a core issue in this case, namely, whether Qualcomm's conduct had any anticompetitive effects, and it will refute at least two major contentions by the FTC. *First*, the FTC claims that Qualcomm's conduct decreased "competitors' abilities and incentives to invest and innovate". (ECF No. 966 at ¶¶ 351-52.) The FTC's economic expert, Professor Carl Shapiro, asserted that Qualcomm's alleged "excess royalty . . . predictably reduces the operating income that any rivals can earn from selling chipsets, which can be expected to reduce the investments these rivals make in modem chips." (ECF No. 788-02, Shapiro Rpt. ¶ 300.) In this way, it is Qualcomm's conduct, Professor Shapiro argues, that leads Qualcomm's rivals "to offer lower quality modem chips and/or to have reduced capacity". (*Id.* ¶ 301.) ███████████████████████████████████████████████████████████████████████ *Second*, the FTC alleges that "existing competition exited the CDMA and premium LTE modem chip markets in part due to Qualcomm's anticompetitive conduct." (ECF No. 966 ¶ 392.) ███████████████████████████████████████████████████████████████████████

This testimony is relevant, and courts routinely consider analyses from non-party consultants in antitrust cases. *See, e.g., FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 40-41 (D.D.C. 2015) (considering a "report done by the management consulting firm, McKinsey & Co." as "compelling evidence"); *Ansell Inc. v. Schmid Labs., Inc.*, 757 F. Supp. 467, 472 (D.N.J. 1991) (considering "sales statistics and market share data" prepared by the non-party Nielsen Company for "its corporate clients" in defining "distinct market segment"). Indeed, Bain's analyses have

6

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

been evidence in several antitrust actions in which it was not a party.  *See, e.g.*, *AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 227-28 (2d Cir. 1999); *FTC v. CCC Holdings, Inc.*, 605 F. Supp. 2d 26, 73-74 (D.D.C. 2009); *Red Lion Med. Safety, Inc. v. Ohmeda, Inc.*, 63 F. Supp. 2d 1218, 1228 (E.D. Cal. 1999).  Qualcomm seeks just this kind of evidence here.

II.     **Bain Fails to Make Any Showing of Burden.**

Bain's Motion fails to provide *any* reason why Mr. Johnson would be burdened (let alone unduly so) in coming to Court.  Qualcomm does not foresee questioning Mr. Johnson at length to establish the points described above and has repeatedly offered to confer with Mr. Johnson's counsel on a mutually convenient time for his trial testimony.  (See Mot. Ex. 6 at 4 ("Please let us know dates that Mr. Johnson is not available for trial.  We are available to meet and confer."); Mot. Ex. 9 at 2 ("Qualcomm is willing to meet and confer further.").)

The 30(b)(6) device—which Qualcomm selected to *reduce* the burden on Bain of having to make multiple fact witnesses available—is now what Bain uses to claim the subpoena is unduly burdensome.  Rule 30(b)(6) serves twin purposes:  it "curb[s] the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it"; and it also reduces the burden on "organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge."  Fed. R. Civ. P. 30, note (1970).  A single 30(b)(6) deposition of three hours and subsequent trial testimony from the same designee is less burdensome than deposing the "four other Bain partners" and "hundreds of consultants in multiple offices around the world" (Mot. 2, 5) who Bain suggests may have relevant knowledge.  Indeed, Qualcomm offered to "depos[e] 30(b)(1) witnesses if Bain w[ould] identify them and believes that would be less burdensome" (ECF No. 588 at 5), but Bain did not identify any such fact witnesses even though it clearly could (Mot. 5 (listing four other Bain partners with personal knowledge)).  Bain's objection and late disclosure of knowledgeable witnesses is the "bandying" that Rule 30(b)(6) prevents.

7

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

### III. Hypothetical Foundational Objections Are No Basis to Quash the Subpoena.

Bain argues that Mr. Johnson is burdened because his testimony would be based in part on knowledge gained from his 30(b)(6) deposition preparation and is therefore inadmissible. (Mot. 5-7.)  That is incorrect for two reasons.  *First*, as Bain concedes elsewhere in its Motion, Mr. Johnson has personal knowledge independent of his preparation.  *Second*, even if Mr. Johnson lacks personal knowledge about some topics, because he previously testified as a 30(b)(6) designee, he may properly testify as to Bain's knowledge at trial.

#### A. Mr. Johnson Has Personal Knowledge for the Testimony Qualcomm Intends to Elicit.

Mr. Johnson has personal knowledge on the topics described above that Qualcomm will question him about at trial, for at least five reasons.  *First*, Bain concedes that Mr. Johnson "has personal knowledge about the work that *some* Bain offices did on *some* Intel projects during *some* time periods". (Mot. 5.)  That concession provides ample basis for Qualcomm to lay a foundation for Mr. Johnson's testimony at trial.  It is unnecessary for a corporate agent to have personal knowledge about what *all* offices did on *all* projects during *all* time periods for a trial subpoena to withstand a motion to quash.

*Second*, more telling than what Bain's Motion says is what it omits.  Bain does not assert that Mr. Johnson lacks personal knowledge over topics such as Qualcomm's competition with Intel for the sale of modem chips.  Bain does not even attach an affidavit from Mr. Johnson describing his personal knowledge or lack thereof.  This failure alone has been sufficient to deny a motion to quash a third party trial subpoena on grounds the witness lacks personal knowledge. *See, e.g.*, *Trujillo v. Board of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2461617, at *2 (D.N.M. June 26, 2007) (denying motion to quash third-party trial subpoena where moving party did not "support[] its motion with an affidavit from" the witness); *Perry v. Shelby Cnty. Div. of Corrections*, 2006 WL 8434662, at *2 (W.D. Ten. Aug. 17, 2006) (similar).

*Third*, Bain cites no authority supporting the notion that witnesses cannot testify as to matters within their personal knowledge if they have also testified as a 30(b)(6) witness because corporate knowledge and personal knowledge would be "commingled." (Mot. 7.)

8    Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

Witnesses designated to give corporate testimony frequently appear in both their corporate and individual capacities and then ultimately testify at trial. Bain's position would preclude any 30(b)(6) testimony from coming in at trial, while also preventing any witness deposed as a 30(b)(6) designee from testifying in his or her personal capacity. The result would be that parties seeking discovery would never be able to use a 30(b)(6) deposition as anything other than a method for identifying other fact witnesses, all of whom could disclaim personal knowledge—precisely the fruitless search for admissible testimony that 30(b)(6) was meant to remedy.

*Fourth*, Bain's examples of topics on which Mr. Johnson lacks personal knowledge or would offer "quadruple hearsay" (Mot. 7) are all inapposite because they conflate knowledge learned from others with repeating out-of-court statements others have made. "Knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602, rather than hearsay, which is the repetition of a statement made by someone else. . . . Such a statement is different from a statement of personal knowledge merely based, as most knowledge is based, on information obtained from other people." *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989) (Posner, J.). For example, "the head of an administrative agency need not have first-hand knowledge of all the facts that inform an agency's understanding in order to testify"; it is enough that upon examination, the agency head testified "as to what their agents and employees had learned through investigation and had reported to them." *Navel Orange Admin. Comm. v. Exeter Orange Co.*, 722 F.2d 449, 453 (9th Cir. 1983). Likewise, Mr. Johnson will not repeat what a 10-K or an interviewee says; he will testify regarding Bain's independent analysis, which was generated drawing on information Bain (and Mr. Johnson) may have learned from others. Mr. Johnson has studied the modem chip industry for more than half of his 8-year tenure at Bain. That is sufficient foundation to testify.

*Finally*, even if the FTC were to raise and prevail on some potential foundational and hearsay objections Bain highlights, that is not a basis for excluding all of Mr. Johnson's testimony at the outset. A subpoena may seek "potentially relevant testimony", and relevance "is not the controlling factor in an undue burden analysis." *Aristocrat Leisure Ltd. v. Deutsche Bank*

9

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

*Trust Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (citations omitted) (denying motion to quash trial subpoenas). Rather, to the extent there are foundational objections to the scope of Mr. Johnson's personal knowledge, those objections are best handled at trial when the testimony arises. *See United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, 2017 WL 5952689, at *2 (D.S.C. Nov. 29, 2017) ("Subpoenas may not be used to hale random persons into court without cause, but [the witness] is not such a person. Where that threshold condition is satisfied, issues regarding the relevancy of the witness's testimony should not be litigated by non-parties before the parties have presented any testimony or evidence in this case.").

        B.        **Even if Mr. Johnson Lacked Personal Knowledge, as a 30(b)(6) Designee, He May Testify as to Bain's Corporate Knowledge at Trial.**

Even if there are any potential areas of Mr. Johnson's testimony that fall outside his personal knowledge, he may still testify on topics within Bain's corporate knowledge, as he did in his 30(b)(6) deposition. Bain offers out-of-circuit case law holding that "a 30(b)(6) designee cannot offer any testimony at trial to the extent that information was hearsay not falling within one the authorized exceptions." (Mot. 5 (citation omitted).) Bain further contends that, accordingly, the only cases where courts allowed 30(b)(6) testimony at trial, such as *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006), are those where the 30(b)(6) designee was that of a party-opponent, such that the testimony was non-hearsay. (Mot. 5-6 & n.2.)

The better reasoned authority holds that 30(b)(6) testimony is admissible at trial, even from non-parties. As explained above, the purpose of Rule 30(b)(6) is to prevent the runaround from having corporate employees each disclaim personal knowledge of a subject known to the corporation as a whole. "When it comes to using Rule 30(b)(6) depositions at trial, strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve." *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011). "For example, a party might force a corporation to 'take a position' on multiple issues through a Rule 30(b)(6) deposition, only to be left with the daunting task of identifying which individual employees . . . will have to be called at trial to establish the same facts." *Id.*

10

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

To effectuate Rule 30(b)(6), courts permit trial testimony by a non-party's corporate designee to the extent that the testimony is on "topics that are particularly suitable for Rule 30(b)(6) testimony", such as "corporate policies and procedures, or the corporations' opinions". *Id.* A court in this district has reached the same outcome and denied a motion to quash a trial subpoena seeking 30(b)(6) testimony from a non-party, there, Texas Instruments. *See HTC Corp. v. Tech Props. Ltd.*, 2013 WL 12166376, at *1-2 (N.D. Cal. Sept. 20, 2013). Other cases within and outside the Ninth Circuit have taken a similar course in analogous circumstances. *See Kaneka Corp. v. SKC Kolon PI, Inc.*, 2015 WL 12696109, at *8-9 (C.D. Cal. Nov. 5, 2015) (denying motion to exclude third-party 30(b)(6) deposition testimony from trial); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 2014 WL 4829173, at *5-6 (W.D. Wis. Sept. 29, 2014) (denying motion to exclude third-party 30(b)(6) declaration by Intel witness from trial); *cf. Dropbox, Inc. v. Thru Inc.*, 2016 WL 7116717, at *6 (N.D. Cal. Dec. 7, 2016) (rejecting argument that third-party 30(b)(6) deposition testimony was hearsay on motion for summary judgment).[2]

The same result should follow here. Mr. Johnson, even if he lacks personal knowledge on certain subjects Qualcomm has identified above, nevertheless can testify as to Bain's knowledge. Testimony as to Bain's practices in formulating its advisory presentations and on Bain's conclusions on ████████████████████████████████████ is "particularly suitable" for 30(b)(6) testimony and should be permitted.

IV.    **Mr. Johnson's Anticipated Testimony Is Not Unpaid Expert Testimony.**

Bain's argument that it should be entitled to quash Qualcomm's subpoena under Rule 45 because the 30(b)(6) topics seek expert opinions (Mot. 7-9) is incorrect for at least five reasons. *First*, Judge Cousins implicitly rejected this argument. Bain objected to Qualcomm's 30(b)(6) deposition subpoena, arguing that it was unduly burdensome and sought unpaid expert testimony. (ECF No. 588 at 2-3; *see generally* Byars Decl. Ex. F.) Judge Cousins nevertheless ordered the

---

[2] Bain asks the Court to "scrutinize the caselaw that Qualcomm will offer in response to this motion, as cases permitting Rule 30(b)(6) testimony by *parties* are inapposite [because] they are governed by . . . the party-opponent hearsay rule." (Mot. 6 n.2.) All of the cases Qualcomm cites in support of its position that 30(b)(6) testimony is admissible at trial concern third parties.

11

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

deposition to proceed on two of Qualcomm's deposition topics. (ECF No. 597.) Bain did not object to Judge Cousins' ruling. It cannot now press an argument it waived.

*Second*, much of the testimony Qualcomm seeks is factual, not opinion testimony. The work Bain performed for Intel was based on facts that Bain developed. (*See, e.g.*, Byars Decl. Ex. A, Johnson Tr. 26:14-16 ("A lot of this is positioned as facts and overviews rather than advice or recommendations."); *id.* 77:15-18 ("So this particular document looks like it was a fact-finding mission rather than recommendations.").) Qualcomm should be able to elicit the facts that Mr. Johnson and Bain observed in the course of their work for Intel.

*Third*, even if Mr. Johnson testifies about opinions, they would be lay opinions, not expert opinions. Where the opinion is based on "the particularized knowledge that the witness has by virtue of his or her position in the business", the opinion is admissible lay opinion. Fed. R. Evid. 701 note (2000). Bain reviewed ███████████████████████████████████████████████████████████; it did not base its opinions on specialized antitrust or electrical engineering knowledge. Mr. Johnson became familiar with these topics during his long tenure at Bain working on the Intel account, and he can also testify regarding Bain's corporate knowledge. Indeed, Bain's counsel lodged only one objection to potential expert testimony at the deposition, and in doing so confirmed that testimony regarding Bain's work for Intel is proper lay opinion testimony: "I object to the question to the extent it calls for an expert opinion *beyond particular analysis done for Intel in the course of Bain's work for Intel*." (Byars Decl. Ex. A, Johnson Tr. 89:3-6 (emphasis added).)

*Fourth*, even if Qualcomm sought expert opinions from Mr. Johnson, they would be admissible. The Rule 45 power to quash a subpoena compelling unpaid disclosure of an unretained expert's opinion applies only where the opinion "does not describe specific occurrences in dispute". Fed. R. Civ. P. 45(d)(3)(B)(ii). The notes to Rule 45 explain that the Court should consider "the difference between testifying to a previously formed or expressed opinion and forming a new one". *Id.* note (1991) (quotation omitted). This factor distinguishes *Verinata Health, Inc. v. Sequenom, Inc.* (Mot. 9), which involved hypothetical questions

12

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

regarding matters for which the subpoenaed party had never prepared any analysis. 2014 WL 2600367 at *3. (N.D. Cal. June 10, 2014). Here, by contrast, Qualcomm seeks testimony only about analyses that Bain has already prepared in its regular course of business, and on which Mr. Johnson has already testified.

*Last*, Bain's argument creates an exception that swallows the Rule. As one court has put it, if Bain's argument were "correct, a consultant . . . could not be deposed, and his statements . . . effectively would be insulated from the scrutiny of discovery". *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 631537, at *3 (N.D. Cal. Feb. 18, 2014). That is not the law.

## CONCLUSION

For the foregoing reasons, Bain's Motion to Quash should be denied.

13

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC

Dated: December 28, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

/s/            Gary A. Bornstein
             Gary A. Bornstein
             Yonatan Even

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
  KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Tel: (415) 676-2289
    Fax: (415) 397-7188
    rvannest@keker.com
    epaige@keker.com
    jsessions@keker.com

Richard S. Taffet
  MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, NY 10178-0060
    Tel: (212) 309-6000
    Fax: (212) 309-6001
    richard.taffet@morganlewis.com

Willard K. Tom
  MORGAN, LEWIS & BOCKIUS LLP
    1111 Pennsylvania Ave. NW
    Washington, DC 20004-2541
    Tel: (202) 739-3000
    Fax: (202) 739 3001
    willard.tom@morganlewis.com

Geoffrey T. Holtz
  MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
    San Francisco, CA 94105-1126
    Tel: (415) 442-1000
    Fax: (415) 442-1001
    geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

14

Qualcomm's Opposition to
Bain's Motion to Quash Trial Subpoena
Case No. 5:17-cv-00220-LHK-NMC