*Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>     v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>                Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**JOINT RESPONSE TO COURT ORDER PROPOSING SEALING PROCEDURES FOR TRIAL**<br><br>CTRM:   Courtroom 8<br><br>JUDGE:  Hon. Lucy H. Koh |

Defendant Qualcomm Incorporated ("Qualcomm") and Plaintiff Federal Trade Commission ("FTC") hereby jointly respond to this Court's Order Proposing Sealing Procedures for Trial, ECF No. 1012 ("Order").

In its Order, the Court requested the parties' feedback on its suggestion that sensitive third party information might be managed at trial, at least in part, through a glossary of code names for the third parties, such as "Firm A" and "Firm B."

The parties have met and conferred with one another and with a number of third parties. The parties do not have any objection to referring to third parties by their actual company names or by code names. While the parties recognize that the Court's suggested approach would work well in some actions, third parties have commented that they do not believe this approach would be feasible in this action for the following reasons.

First, third parties observed that the circumstances of particular third parties are such that it would be readily apparent which company was at issue even if a code name were used. For example, when a witness testifies, it is well known in the industry who the individual works or worked for, and referring to his or her employer by a code thus would not mask the company name. The parties do not currently expect that third party information introduced at trial could be sufficiently generalized that the use of code names would enable the parties and the Court efficiently to publicly discuss otherwise sealable third party information (if any). Second, much of the trial testimony will come in through video deposition testimony, and the actual company names were used, with no feasible technical ability to change the names to assigned codes.

The FTC has proposed that documents older than 36 months would presumptively not be sealed, with certain exceptions such as the specific terms of license agreements, and the presumption would be rebuttable where a party or third party can demonstrate the need to maintain the confidentiality of the particular information at issue. Qualcomm is willing to agree to the FTC's proposal on the condition that the same proposal apply to third party information. If this proposal is not generally applied to all information in this case, Qualcomm would be put in the position of revealing its confidential business information to its competitors or potential licensing counter-parties while similar third party information is afforded disproportionate

1  protection.  Besides being unfair, it would also disadvantage Qualcomm vis-à-vis those
2  competitors or licensing counter-parties.  There is no reason to apply different standards based
3  solely on the source of the information; the underlying rationale is the same.  The FTC does not
4  object to the same presumption applying to third party information, but has not had an
5  opportunity to meaningfully confer with third parties regarding Qualcomm's proposal and thus
6  the FTC is not in a position to speak for those parties.

7      The parties believe that other procedures put in place by the Court, including notifying
8  third parties in advance of exhibits and evidence that have been designated as Protected Material
9  under the Protective Order to give them the opportunity to determine if any information should
10 be sealed, and turning off the public monitors when sealable information is displayed, will help
11 to keep the need to seal the courtroom to a minimum.  The parties are also open to further
12 discussions of procedural options for limiting the need to seal the courtroom or specific evidence
13 as the trial is underway should unforeseen issues arise.

Dated:  January 2, 2019

FEDERAL TRADE COMMISSION

*/s/ Jennifer Milici*
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Daniel Matheson
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

**Attorneys for Federal Trade Commission**

|     |     |
| --- | --- |
| 1   | KEKER, VAN NEST & PETERS LLP |
| 2   |     |
| 3   | By: */s/ Robert A. Van Nest* |
| 4   | Robert A. Van Nest<br>Eugene M. Paige |
| 5   | Justina Sessions<br>KEKER, VAN NEST & PETERS LLP |
| 6   | 633 Battery Street<br>San Francisco, CA 94111-1809 |
| 7   | Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188 |
| 8   | rvannest@keker.com<br>epaige@keker.com |
| 9   | jsessions@keker.com |
| 10  | Gary A. Bornstein<br>Yonatan Even |
| 11  | CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza |
| 12  | 825 Eighth Avenue<br>New York, NY 10019 |
| 13  | Tel: (212) 474-1000<br>Fax: (212) 474-3700 |
| 14  | gbornstein@cravath.com<br>yeven@cravath.com |
| 15  |     |
| 16  | Richard S. Taffet<br>MORGAN, LEWIS & BOCKIUS LLP |
| 17  | 101 Park Avenue<br>New York, NY 10178-0060 |
| 18  | Tel: (212) 309-6000<br>Fax: (212) 309-6001 |
| 19  | richard.taffet@morganlewis.com |
| 20  | Willard K. Tom<br>MORGAN, LEWIS & BOCKIUS LLP |
| 21  | 1111 Pennsylvania Ave. NW<br>Washington, DC 20004-2541 |
| 22  | Tel: (202) 739-3000<br>Fax: (202) 739 3001 |
| 23  | willard.tom@morganlewis.com |
| 24  | Geoffrey T. Holtz<br>MORGAN, LEWIS & BOCKIUS LLP |
| 25  | One Market, Spear Street Tower<br>San Francisco, CA 94105-1126 |
| 26  | Tel: (415) 442-1000<br>Fax: (415) 442-1001 |
| 27  | geoffrey.holtz@morganlewis.com |
| 28  | ***ATTORNEYS FOR DEFENDANT QUALCOMM INCORPORATED*** |

**FILER'S ATTESTATION**

I, Geoffrey T. Holtz, am the ECF user whose identification and password are being used to make this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories of these documents have concurred in this filing.

*/s/ Geoffrey T. Holtz*
Geoffrey T. Holtz