MATTHEW L. KNOWLES (*pro hac vice*)
**McDermott Will & Emery LLP**
28 State Street
Boston, MA 02109
Telephone: (617) 535-3885
Facsimile: (617) 321-4608
mknowles@mwe.com

JODI L. BENASSI (Bar No. 309048)
**McDermott Will & Emery LLP**
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: (650) 815-7400
Facsimile: (650) 815-7401
jbenassi@mwe.com

*Attorneys for Non-Parties*
**BAIN & COMPANY, INC. and CHRISTOPHER JOHNSON**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff

v.

QUALCOMM INCORPORATED
a Delaware Corporation,

Defendant

CASE NO. 5:17-cv-00220-LHK

**REPLY IN SUPPORT OF NON-PARTIES BAIN & COMPANY, INC.'s AND CHRISTOPHER JOHNSON's MOTION TO QUASH TRIAL SUBPOENA**

McDermott, Will & Emery
Attorneys At Law
Menlo Park

Non-parties Bain & Company, Inc. ("Bain") and Christopher Johnson respectfully submit this reply in support of their motion (ECF No. 1041) to quash the trial subpoena that Defendant Qualcomm Incorporated ("Qualcomm") issued to Mr. Johnson.

**INTRODUCTION**

Qualcomm's opposition brief illustrates precisely why the Court should grant the motion. In explaining why the testimony it seeks from Mr. Johnson is relevant, Qualcomm describes the subject matter that it plans to cover:

- Whether Qualcomm or Intel was more efficient with respect to its chip design and other research and development spending; (Opp. at 2, 6)

- Whether consolidation in the modem chip industry was the result of the scale limitations inherent in the industry; (Opp. at 6)

- What number of modem chip suppliers would be sustainable, in light of consumer demand; (Opp. at 3)

The answers to these questions plainly amount to expert opinion and analysis—not lay testimony from a percipient witness. In fact, Qualcomm's brief even compares Bain's opinions with those of the FTC's retained expert witness, Professor Carl Shapiro, and argues that Bain's views rebut Professor Shapiro's opinions. Opp. at 6.

Qualcomm's effort to subpoena a non-party management consultant to offer this expert testimony is improper. If this were permissible under the rules, it would mean that any professor who has studied a particular field could be haled into court to testify in any case where that field is at issue. It would mean that any doctor or scientist who studies a disease could be subpoenaed to testify about past work analyzing and researching the disease, if the disease is relevant to the case. For good reason, the rules require parties to retain their expert witnesses, not conscript them.

Nor can this testimony come in as a "lay" opinion. Qualcomm argues to the contrary

-1-    REPLY ISO MOTION TO QUASH
JOHNSON TRIAL SUBPOENA

because Mr. Johnson's opinions stem from "particularized knowledge" he has "by virtue of his . . . position in the business." Opp. at 12 (citing Fed. R. Evid. 701 note (2000)). But if the Court were to read "the business" as broadly as Qualcomm proposes, this approach would swallow the rule (nearly all expert witnesses are, of course, professionals in their field of study). Likewise, lay opinion testimony is permitted only when based on *personal knowledge.* See Fed. R. Evid. 602. As Mr. Johnson testified at his deposition, his and Bain's opinions are based on analysis, interviews, and research:

> The Qualcomm numbers would have been [from] a variety of sources. . . One would be anything reported by Qualcomm in their 10-Ks [. . .] A few other data points were LinkedIn [. . . ] And then the third would be conducting interviews with people who are in the industry to get their perspective . . . and triangulating over a number of sources, and get to a – an estimate. Hopefully it's pretty close.

ECF No. 1041-9 at 79:18-80:22.

Indeed, lack of personal knowledge is fatal here. Even setting aside the question of expert opinions, Mr. Johnson cannot testify about the personal knowledge of others at Bain. There is no such thing as a Rule 30(b)(6) trial subpoena. Qualcomm faults Bain for citing "out-of-circuit case law" for the proposition that a Rule 30(b)(6) designee cannot offer hearsay testimony. Opp. at 10. But Qualcomm asks the Court to look past two published decisions from the Fifth Circuit, and directs the Court instead to a decision from Illinois where a Magistrate Judge essentially applied a balancing test on this question, while emphasizing the risks of non-party corporate testimony. *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011).

Finally, Qualcomm complains that it is being "whipsaw[ed]" because there is no trial equivalent to Rule 30(b)(6). Qualcomm misunderstands the important difference between *discovery* and *trial*. The rules of discovery allow broad fact-finding, without strict limitations on admissibility. Trial, of course, is much different. The drafters of the Rules of Civil Procedure

and Evidence provided for the Rule 30(b)(6) mechanism in discovery, but not at trial. Qualcomm asks the Court to ignore this distinction, and read an equivalent to Rule 30(b)(6) into the Rules of Evidence.

Mr. Johnson is not a party. His employer is not a party. His employer's client is not a party. It is unfair—and unduly burdensome—to require that he attend and testify at trial, particularly after he already spent the time to prepare and testify as a Rule 30(b)(6) witness. Qualcomm is correct in one regard, however: that there is a ready solution to this problem. Playing Mr. Johnson's videotaped deposition in lieu of live testimony would alleviate the burden on him, while permitting Qualcomm to offer its evidence and the FTC to raise any objections.

**ARGUMENT**

**1.   Qualcomm cannot use a non-party trial subpoena to secure free expert testimony from Bain and Mr. Johnson**

Rule 45 authorizes the Court to quash a subpoena where compliance requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii). As the notes to the rule make clear, this provision was adopted to address exactly what Qualcomm is attempting to do here: "[a] growing problem has been the use of subpoenas to compel the giving of evidence and information by unretained experts." *Id.* note (1991). The notes to Rule 45 suggest the Court consider several factors:

- "the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony;"

- "the difference between testifying to a previously formed or expressed opinion and forming a new one;"

- "the possibility that, for other reasons, the witness is a unique expert; the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify;"

- "and the degree to which the witness is able to show that he has been oppressed by having continually to testify."

*Id.* (citing *Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976)).  The bulk of these factors counsel strongly in favor of quashing the subpoena.  Mr. Johnson is a management consultant; there are others who would be better suited to testify about the facts concerning Qualcomm's or Intel's chip development.  Indeed, his knowledge is second, third, or fourth hand in this regard, and he has no scientific or technical training.  *See* ECF No. 1041-9 at 134:3-134:22.  Likewise, the parties in this case have had no trouble locating and retaining an impressive roster of experts.  There is nothing unique about the information Bain or Mr. Johnson have here.  And this will be the second time that Mr. Johnson will have to testify *in this case*.

Qualcomm argues halfheartedly that Bain has somehow waived this argument because it did not appeal Magistrate Judge Cousin's order limiting the scope and duration of Mr. Johnson's deposition, but Qualcomm offers no authority for this proposition.  *See* Opp. at 12.  In any case, this badly misses the mark.  Magistrate Judge Cousins granted in part and denied in part Bain's motion to quash the Rule 30(b)(6) subpoena, and limited the time of the deposition, documents to be used, and topics.  The order (made after submission of a joint dispute letter, without full briefing) did not include a memorandum of decision, and the order did not discuss the question of expert testimony. In any event, this was a ruling on a different motion concerning a different subpoena to a different entity (a Rule 30(b)(6) deposition subpoena to Bain as opposed to this trial subpoena to an individual).  Here, the record before the Court includes both what Mr. Johnson's testimony was at deposition and what Qualcomm seeks to elicit at trial.

**2.     Mr. Johnson's testimony is not admissible as a lay opinion**

Qualcomm argues that Bain's and Mr. Johnson's opinions are admissible under Rule 701 as lay opinions.  This argument fails for two reasons.  First, lay opinion testimony cannot be

-4-

REPLY ISO MOTION TO QUASH
JOHNSON TRIAL SUBPOENA

"based on . . . technical, or other specialized knowledge within the scope of Rule 702."  But Qualcomm seeks Mr. Johnson's testimony on topics like the efficiency of certain chip designs, the effect of R&D spending, and consolidation in the modem chip industry based on consumer demand.  *See* Opp. at 2-3, 6.  It is difficult to conceive how a lay person could testify about these topics at all, or how anyone could opine on them without technical or specialized knowledge.

The 2000 note to Rule 701 cites with approval a discussion of the difference between lay and expert testimony in a Tennessee case, *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992):

> In *Brown*, the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field."

Fed. R. Evid. 701 note (2000).  Applying this approach here yields a clear answer: the testimony Qualcomm seeks does not result from "a process of reasoning familiar in everyday life," but rather the views of a management consultant based on his and his firm's analyses, developed by specialists in their fields.  It is expert opinion testimony, not lay opinion testimony.

Qualcomm relies far too heavily on part of a comment in the 2000 note to Rule 701 stating that one factor is whether the opinion stems from "the particularized knowledge that the witness has by virtue of his or her position in the business."  *Id.*  Qualcomm stretches this to suggest that as long as the witness developed particularized knowledge through his or her work, the witness may offer lay opinions about it under Rule 701.  This, of course, is not the law: it would create an exception that swallows Rule 702 (expert opinion testimony).  Doctors, scientists, forensic accountants—in fact, nearly *all* experts—develop their specialized knowledge through their professional expertise.  The sentences before and after this quote in the note make clear that it is discussing far different scenarios, such as allowing an owner or officer of a business to testify about that business's value or projected profits, or allowing a lay witness familiar with an illegal

drug to testify that a substance appeared to be that drug (but not to give testimony about how the drug was manufactured or distributed). *Id.* Similarly, the fact that Qualcomm's questions might go primarily to analyses that Bain has completed in the past (rather than new analyses) does not matter. After all, the same could be true of researchers and scientists who have spent their careers studying a particular field.

The second problem with the lay opinion theory is that neither Bain nor Mr. Johnson truly have personal knowledge about these topics. Rule 602 provides that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The rule notes that this requirement does not apply to expert testimony under Rule 703. *Id.* Accordingly, it is clear that lay opinion testimony under Rule 701 must be based on personal knowledge. Qualcomm essentially admits that this is not the case here: "Bain reviewed publicly available information, marketplace surveys and information provided by Intel. . . ." Opp. at 12; *see also id.* at 9 ("he will testify regarding Bain's independent analysis, which was generated drawing on information Bain (and Mr. Johnson) may have learned from others."). Of course, publicly available information, market place surveys, and information provided by one's client is *not* personal knowledge.[1]

A final example illustrates this point. Qualcomm's brief references Bain's 2012 competitive analysis of research spending between Qualcomm and Intel. Opp. at 3. Yet Mr. Johnson was not even working on an Intel project at this time—this study was the work of others at Bain, and he could not have personal knowledge of it. *See* ECF No. 1041-9 at 10:17-19 (Mr.

---

[1] On this point, Qualcomm attacks Bain's "failure" to attach an affidavit from Mr. Johnson denying that he has personal knowledge. *See* Opp. at 8. Bain attached and cited excerpts from Mr. Johnson's sworn deposition testimony, where he was questioned by Qualcomm's lawyer. Mr. Johnson's sworn testimony provides the factual basis for the motion.

Johnson worked on Intel projects from early 2010 until mid-2011, then again for the last three-and-a-half years).

### 3. Mr. Johnson cannot testify to the personal knowledge of other Bain employees that he learned second-hand while preparing for the deposition

Qualcomm argues that the Court should permit Mr. Johnson to testify about the personal knowledge of other Bain employees, which he learned while preparing to testify as a Rule 30(b)(6) witness. *See* ECF No. 1041-9 at 13:5-12 (to prepare for his Rule 30(b)(6) deposition, Mr. Johnson reviewed scores of Bain documents and then interviewed four Bain consultants). Qualcomm asks the Court to look past the holdings of cases such as *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006) (a Rule 30(b)(6) witness cannot offer hearsay testimony at trial, unless it falls within one of the authorized hearsay exceptions) and *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. Appx. 899, 907-08 (5th Cir. 2010) ("a corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions."). Instead, Qualcomm directs the Court to an opinion from Illinois in which the Magistrate Judge adopted what amounts to a balancing test on this question:

> Given that some of [the witness's] testimony may be admitted based on the corporate knowledge of [his employer], the next question is how far the concept of "corporate knowledge" can be stretched. Few courts have addressed this issue, but the purposes underlying Rule 30(b)(6) must be balanced against the real dangers of admitting testimony based on hearsay. . . If he could, Rule 30(b)(6) would severely undercut the requirement, fundamental to our adversary system, that fact witnesses have personal knowledge of the matters upon which they testify.
>
> The dangers of testimony based on corporate knowledge multiply where the Rule 30(b)(6) witness is a third party rather than an opposing party. . .

*Sara Lee Corp.*, 276 F.R.D. at 503 (internal citations omitted). In any case, it is not clear where the textual basis for this balancing test arises. As *Brazos River* and *Union Pump* make clear, the hearsay rule applies to testimony by individuals previously designated under Rule 30(b)(6).

Similarly, Qualcomm cites the Seventh Circuit's decision in *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518 (7th Cir. 1989) for the proposition that "[b]usiness executives do not make assessments of a product's quality and marketability by inspecting the product at first hand. Their assessments are inferential, and as long as they are the sorts of inference that businessmen customarily draw they count as personal knowledge, not hearsay." *Id.* at 1523. However, formal interviews conducted to prepare for a Rule 30(b)(6) deposition hardly amount to the sort of inference that businesspeople customarily draw in their everyday lives. *Even if* Mr. Johnson could testify about what *he* concluded from his own analysis of independent research, to say he could interview colleagues and then inherit their personal knowledge as his own would be to stretch this term beyond any meaning.

The other cases that Qualcomm cites are also unavailing. For example, in *Fed. Trade Comm'n v. Sysco Corp.*, 113 F. Supp. 3d 1, 40-41 (D.D.C. 2015)*; AD/SAT, Div. of Skylight, Inc. v. Assoc. Press,* 181 F.3d 216, 227-28 (2d Cir. 1999); *Fed. Trade Comm'n v. CCC Holdings, Inc.*, 605 F. Supp. 2d 26, 73-74 (D.D.C. 2009); and *Red Lion Med. Safety, Inc. v. Ohmeda, Inc.,* 63 F.Supp. 2d 1218, 1228 (E.D. Cal. 1999), the consulting firms were working on behalf of parties to the case. *See id.* Each involved a written report or exhibit, rather than trial testimony by an individual witness. And none of these cases discusses or analyzes whether the reports in question are hearsay.[2]

The clear balance of the case law points in one direction: Rule 602 means what it says, and courts should not infer an equivalent to Rule 30(b)(6) in the Rules of Evidence when the drafters did not include one. *See, e.g., Union Pump Co.,* 404 Fed. Appx. at 907-08. Thus, even

---

[2] In fact, the characterization of the McKinsey report at issue in *Sysco Corp.* is telling with respect to Bain's objection about improper expert testimony, *supra*. *See* 113 F. Supp. at 41 ("**McKinsey is not the only industry analyst or expert** to acknowledge that national customers form a market distinct from local buyers." (emphasis added)).

-8-     REPLY ISO MOTION TO QUASH
JOHNSON TRIAL SUBPOENA

as to the testimony that Qualcomm characterizes as "factual" (*see* Opp. at 12), the Court should not waive the personal knowledge requirement in Rule 602 merely based on the discovery method (i.e., Rule 30(b)(6)) that Qualcomm used to collect it.

**4.    The subpoena imposes an undue burden because the testimony it seeks is inadmissible**

Without question, testifying at trial would impose a burden on Mr. Johnson. He has already spent days preparing to testify as Bain's Rule 30(b)(6) witness and then giving that deposition. Neither his employer nor his employer's client is a party in the case. Qualcomm now asks that Mr. Johnson take even more time away from his clients and his work to be on standby to testify at trial.

Of course, many witnesses have to bear the burden of testifying—the system requires it to function. The reason the burden here is *undue* is that the testimony Qualcomm seeks is inadmissible. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("Of course, if the sought-after [evidence is] not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'" (quotations omitted)); *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335 (N.D. Cal. 1995) (similar).

Bain has no objection to Qualcomm's alternative proposal to present Bain's Rule 30(b)(6) testimony by video, as this would alleviate the burden on Mr. Johnson. Bain is based in Boston, well over 100 miles from the courthouse. Likewise, as to Mr. Johnson individually, Federal Rule of Civil Procedure 32 empowers the Court to allow video testimony even from a witness who lives within 100 miles in exceptional circumstances when doing so is consistent with the interest of justice. *See* Fed. R. Civ. P. 32(a)(4)(E).

## CONCLUSION

The standards and rules for discovery and trial are different. Qualcomm's request to use non-party Rule 30(b)(6) testimony at trial ignores this distinction. Rule 30(b)(6) is a powerful fact-finding device, but the drafters did not incorporate a corresponding provision in the rules that govern evidence at trial. The Court should not infer one here. This is especially important where Qualcomm seeks opinion testimony about complex topics that plainly amount to expert rather than lay opinions. In fact, Qualcomm seeks not just Mr. Johnson's expert opinions, but rather asks him to testify about the expert opinions of his entire firm. Accordingly, Bain respectfully submits that the Court should quash the trial subpoena that Qualcomm issued to Mr. Johnson.

Respectfully submitted,

/s/ Matthew L. Knowles
MATTHEW L. KNOWLES (*pro hac vice*)
mknowles@mwe.com
**MCDERMOTT WILL & EMERY LLP**
28 State Street
Boston, MA 02109
Telephone: (617) 535-3885
Facsimile: (617) 321-4608

JODI L. BENASSI (Bar No. 309048)
jbenassi@mwe.com
**MCDERMOTT WILL & EMERY LLP**
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: (650) 815-7400
Facsimile: (650) 815-7401

*Attorneys for Non-Parties*
**BAIN & COMPANY, INC. and CHRISTOPHER JOHNSON**

Dated: January 2, 2019

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from Matthew L. Knowles, who signed the document.

By: /s/ Jodi L. Benassi
Jodi L. Benassi