KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>       Plaintiff,<br><br>   v.<br><br>QUALCOMM INCORPORATED,<br> a Delaware corporation,<br><br>       Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S HIGH PRIORITY OBJECTIONS FOR**<br>**JANUARY 4, 2019 TRIAL DAY** |

Pursuant to the Court's October 24 Case Management Order, Qualcomm respectfully submits the following high priority objections for the January 4, 2019 Trial Day.

**HPO No.1.** Qualcomm objects to the following lines of FTC deposition designations from third-party witness Ira Blumberg of Lenovo: Tr. 130:23-132:7; 148:25-149:13; and 271:23-273:17. The testimony reflects Mr. Blumberg's inadmissible opinions on the law and is therefore improper lay legal opinion pursuant to Federal Rules of Evidence 402, 403, and 701.

In the testimony designated by the FTC, Mr. Blumberg opines on topics such as the "▓▓▓▓" for a patent license (130:23-132:7) and whether certain licensing terms are "▓▓▓▓" or result from "▓▓▓▓." (Tr. 148:25-149:13, 271:23-273:17.) Those are legal opinions, and Mr. Blumberg freely admits that they are based, at least in part, on "▓▓▓▓" (Tr. 30:4-7.) Further, Mr. Blumberg's related testimony that, based on "▓▓▓▓" with Qualcomm, Mr. Blumberg believed that Qualcomm had committed "▓▓▓▓", is both improper lay legal opinion and inadmissible hearsay that should be excluded pursuant to Federal Rule of Evidence 802. (Tr. 44:23-45:13.)

During the parties' meet-and-confer, the FTC suggested that if a witness stated his legal opinion during the course of negotiations or otherwise held that legal opinion while negotiating, that testimony is relevant to the witness's "state of mind", and the witness can testify about those legal opinions.[1] The FTC is mistaken. Qualcomm is not aware of any case where a legal opinion was found to be relevant and admissible to show the "state of mind" of a negotiating party. Rather, the law is well settled within the Ninth Circuit that no witness— not a lay witness, an expert witness, or a witness who is an attorney—may offer legal conclusions or opinions on issues of law. *Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (excluding testimony about "how UCC § 9-406 applied to the facts of the case"). The Ninth Circuit affirmed the exclusion of such testimony under Rule 701 because it was improper

---

[1] The FTC has also reserved its right to assert that the testimony is admissible for the accuracy of the legal opinion asserted therein.

legal opinion and thus "not helpful to a clear understanding of the testimony or a fact in issue." *Id*. That the lay witness happens to be an attorney does not change the result. *See Trulove v. D'Amico*, 2018 WL 1090248, at *1 (N.D. Cal. Feb. 27, 2018) (excluding former district attorney's opinions regarding probable cause because these were "legal conclusions as to the ultimate issues in the case"). Indeed, even an expert witness "cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002) (internal quotations omitted). Such legal opinions are improper and should be excluded.

**HPO No. 2.** The FTC also has designated deposition testimony by Mr. Blumberg for which he had no personal knowledge or otherwise lacks foundation, specifically: Tr. 155:12-156:11; 160:4-15; 214:3-215:5; 228:20-230:7. The FTC must establish a foundation for the testimony it presents. FRE 602 (testimony requires "personal knowledge of the matter"); *Gwynn v. City of Philadelphia*, 719 F.3d 295, 304 (3rd Cir. 2013) (offering party has burden to establish foundation); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (excluding testimony based on speculation). Here, the FTC seeks to admit testimony regarding (1) ████████████████████████████████████████████████, despite Mr. Blumberg having admitted that he has no knowledge regarding these topics.

Mr. Blumberg admitted that he has *no knowledge* of the ████████████████████████████████████████████████████████ (Tr. 256:14-257:5.) With no such knowledge, he has no basis to testify whether Lenovo or Motorola "████████████████████████████████. His testimony on these issues is inadmissible speculation, or, at best, based on inadmissible hearsay. FRE 602, 802; *Carmen*, 237 F.3d at 1026.

Mr. Blumberg admitted that he ████████████████████████████████████████████ (Tr. 35:8-22; 43:12-15.) He also testified that he has no knowledge whether ████████████████████████████

1  ▓▓▓▓▓▓ (Tr. 42:6-12.) Without any knowledge of ▓▓▓▓▓▓
2  ▓▓▓▓▓▓ other than, at most, hearsay, he has no basis to opine on whether ▓▓▓▓▓▓
3  ▓▓▓▓▓▓.

**HPO No. 3.** The FTC designated testimony by Mr. Blumberg that should be excluded under Federal Rule of Evidence 403, specifically: Tr. 155:12-156:11. Mr. Blumberg testified in April 2018 that Lenovo has no "▓▓▓▓▓▓". (Tr. 155:12-156:11.) But six months later, in October 2018, Lenovo and Motorola *did* ▓▓▓▓▓▓ (which was produced to the FTC). The Court has ruled that agreements post-dating the discovery cutoff, including the October 2018 Lenovo agreement with Qualcomm, are excluded. (ECF 997.) But it would be highly misleading and prejudicial for the FTC to present evidence from a third party stating that it could not ▓▓▓▓▓▓, knowing that Qualcomm has been precluded from introducing evidence to establish the contrary. Here, the designated testimony would serve only to create a false and incomplete record. The FTC's only response is that the testimony is not misleading because the deposition is dated prior to the signing of the license agreement, but that does not cure the resulting prejudice to Qualcomm. Any relevance is outweighed by the prejudicial effect of the false impression.

**HPO No. 4.** The FTC designated testimony by Brian Chong that should be excluded under Federal Rule of Evidence 611(c), specifically: Tr. 360:13-18. Mr. Chong, an employee of Wistron, one of Apple's contract manufacturers provided this testimony in response to a clearly leading question posed by counsel for Apple; the answer is therefore barred by Federal Rule of Evidence 611(c) ("Leading questions should not be used on direct examination except as necessary to develop the witness's testimony."). The FTC asserted that the leading question was permissible because it concerned "preliminary matters", but the question did not relate to such "undisputed" preliminary matters such as the witness's identity, background, or relationship to the parties. *See* F.R.E. 611 Advisory Committee Note subd. (c). The testimony is further inadmissible because the question misstated the witness's prior testimony, which compounds the

unfairness of the leading question. Specifically, Mr. Chong was asked whether he remembered "███████████████████████████"; Qualcomm has been unable to locate such testimony in the deposition and the FTC, during the parties' meet-and-confer, declined to identify where in the designated testimony or otherwise Mr. Chong was asked such questions or testified about such a negotiation, telling Qualcomm that it was equally capable of reviewing the transcript.

**HPO No. 5.** The FTC designated testimony by Monica Yang that should be excluded under Federal Rule of Evidence 602, specifically: Tr. 184:6-16, 226:19-227:5, 244:17-245:22. Ms. Yang, an employee of Pegatron, another of Apple's contract manufacturers, has no personal knowledge and the testimony lacks foundation.

In the designated passages, Ms. Yang testifies that it was her "███████████████████████████████████████████████████████", but conceded that she did not know of any ███████████████████████████████. (Tr. 184:6-16.) Further, elsewhere in undesignated testimony, Ms. Yang repeatedly testified that because she was █████████████████████████████████, she did not know whether Qualcomm ever ███████████████████████████. (Tr. 184:2-5; 186:21-187:5.) Ms. Yang nonetheless testified that in the hypothetical situation in which Qualcomm did not sell Pegatron modem chips (Tr. 226:19-20), Pegatron would lose bargaining power (Tr. 227:3-5.) And, despite not being "in procurement", Ms. Yang testified—in response to another leading question posed by Apple's counsel—that ████████████████████████████████████████████████████████████████████████████ (Tr 244:23-245:4.) It is the FTC's burden to establish a proper foundation for the testimony it offers. *Gwynn*, 719 F.3d at 304. During the parties' meet and confer, the FTC declined to identify testimony that would establish the foundation for any of this testimony. The testimony should be excluded.

**HPO No. 6.** The FTC designated testimony by Nanfen Yu that should be excluded under

Federal Rule of Evidence 602, specifically: Tr. 49:13; 141:24-143:21. Ms. Yu—licensing counsel in the IPR Department at Huawei—provided testimony that is speculative, not based on personal knowledge, and lacking foundation. The FTC designated testimony where Ms. Yu was asked about ████████████████████████████████████████ ██████. (Tr. 49:13-23, 141:24-143:21.) Ms. Yu's testimony is purely speculative because (1) she lacks personal knowledge of ████████████████████████████, and the FTC fails to provide any foundation; and (2) ████████████████████████████ (49:8-10). *See* FRE 602; *Escobar v. Airbus Helicopters SAS*, No. 13-00598 HG-RLP, 2016 WL 5897554, at *6 (D. Haw. Oct. 7, 2016) ("[s]peculative testimony about how another might have acted without personal knowledge is not admissible as evidence") *Sempra Energy v. Marsh USA, Inc.*, No. CV0705431SJOJCX, 2008 WL 11335050, at *13-16 (C.D. Cal. Oct. 15, 2008) (excluding "speculative" deposition testimony regarding items outside of the witness's "personal knowledge and experience"). As a Huawei in-house lawyer, Ms. Yu focuses on licensing at Huawei—not buying chipsets. (9:11-14, 10:21-14 (testifying that she '████████████████████████.") When asked whether Qualcomm ████████████████████████████," Ms. Yu testified that her "████████████████████████████████████" (48:18-21.) As such, there is no foundation for Ms. Yu to testify regarding the ████████████████████████████ ████████████. It should be excluded.

Dated: January 3, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　CRAVATH, SWAINE & MOORE LLP

　　　　　　　　　　　　　　　　　　*s/ Gary A. Bornstein*
　　　　　　　　　　　　　　　　　　Gary A. Bornstein
　　　　　　　　　　　　　　　　　　Yonatan Even
　　　　　　　　　　　　　　　　　　Worldwide Plaza
　　　　　　　　　　　　　　　　　　825 Eighth Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10019

Telephone: (212) 474-1000
Facsimile: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 676-2289
Facsimile: (415) 397-7188
rvannest@keker.com
epaige@keker.com
jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 369-6000
Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*