KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S RESPONSES TO HIGH PRIORITY OBJECTIONS FOR JANUARY 4, 2019 TRIAL DAY** |

Pursuant to the Court's October 24 Case Management Order, Qualcomm respectfully submits the following response to the FTC's high priority objection for the January 4, 2019 Trial Day.

[[NYLIT:2781083v2:01/03/2019--07:51 AM]]

**HPO No. 1.**  The FTC has designated more than four hours of deposition video from seven different witnesses to be played "as early as Trial Day 1 (Friday, January 4)".  (12/31/18 Email from J. Baker.)  This objection concerns the FTC's refusal to play—together with its designated deposition testimony—approximately 10 minutes of deposition video designated by Qualcomm pursuant to the rule of completeness.[1]  *See* Federal Rule of Evidence 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."); Federal Rule of Civil Procedure 32(a)(6) ("an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced").  The FTC initially objected to all of Qualcomm's designations, though it later dropped some of its objections.  The FTC maintains the remaining objections even though, pursuant to the parties' agreement, Qualcomm's completeness designations will be charged against Qualcomm's trial time, not the FTC's.

The FTC has applied an improper test to Qualcomm's completeness designations, rejecting many on the grounds that the designation comprised a "new question and answer" or were not "in proximity of any designated testimony" on a deposition transcript.  (1/2/9 Email from E. Gillen.)[2]  However, the Rules do not limit completeness designations to those that literally complete a single question and answer or that are next to designated testimony.  Rather, completeness designations are proper when they "provide[] context for the deposition excerpts

---

[1] The FTC has objected to:  Chong Tr. 212:11-212:15; Chong Tr. 212:22-213:3; Grubbs Tr. 93:15-93:19; Grubbs Tr. 129:13-129:16; Grubbs Tr. 316:21-316:24; Grubbs Tr. 317:22-318:6; Grubbs Tr. 322:12-322:22; Jacobs Tr. 153:25-154:24; Jacobs Tr. 184:23-185:6; Jacobs Tr. 229:18-230:1; Reifschneider Tr. 51:10-52:11; Reifschneider Tr. 88:8-88:10; Reifschneider Tr. 88:13-88:14; Reifschneider Tr. 126:8-126:19; Reifschneider Tr. 128:14-128:18; Reifschneider Tr. 128:21-129:12; Yang Tr. 122:13-122:16; Yang Tr. 122:20-122:21; Yu Tr. 70:8-70:9; Yu Tr. 70:12-70:15; Yu Tr. 71:11-71:13.

[2] "New question and answer" is the sole basis for the FTC's objections to 10 Qualcomm designations.  "Not in proximity of any designated testimony" is an additional basis for the FTC's objections to six more.

---

[[NYLIT:2781083v2:01/03/2019--07:51 AM]]

already introduced" or "provide the Court with a clearer understanding of the testimony" of the witness. *Apple iPod iTunes Antitr. Litig.*, 2009 WL 10678937 (N.D. Cal. 2009). Completeness designations, further, are proper to avert "misunderstanding or distortion" that may result from introducing one portion of testimony separately from another portion. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988); *see also* F.R.E. 106 Advisory Committee Notes (the rule is designed to prevent "the misleading impression created by taking matters out of context"). During the parties' meet and confer, the FTC suggested that *all of* Qualcomm's completeness designations were unnecessary because Qualcomm could simply play designated testimony during its case. However, in recommending Rule 106, the Advisory Committee rejected precisely that argument, considering "the inadequacy of repair work when delayed to a point later in trial". Qualcomm's completeness designations would avoid the misunderstandings or misleading impressions the Rules were designed to prevent.

In attempt to avoid burdening the Court with this issue, following the meet-and-confer Qualcomm withdrew more than half of its completeness designations, including its brief re-direct examination of Mr. Reifschneider, which addresses misleading impressions left by the testimony the FTC has chosen to play. This will require the Court to hear the re-direct out of context during Qualcomm's case. Nevertheless, Qualcomm has made this accommodation to the FTC's objections.

Although the FTC then withdrew some of its objections, it continued to maintain 21 of them. Examples drawn from its remaining objections illustrate the improper standard it has applied to Qualcomm's completeness designations:

- From the deposition of Dr. Paul Jacobs, the FTC is declining to play a Qualcomm completeness designation that literally falls directly between two designations made by the FTC. (Tr. 153:25-154:24.) The FTC's stated basis for its objection is that Qualcomm's designation concerns an "entirely new portion of [the] email" that is discussed in the FTC's designations. (1/2/19 Email from E. Gillen.)

[[NYLIT:2781083v2:01/03/2019--07:51 AM]]

Qualcomm's completeness designation clearly concerns the same subject matter—and the same document—as the FTC's, and is necessary to provide context for the testimony designated by the FTC.  Yet the FTC improperly insists that Qualcomm use this completeness designation, if at all, weeks later in its own case, rather than permitting the Court to hear testimony about a single email in context, in a coherent and continuous sequence.  The FTC makes similarly baseless objections to completeness designations in the deposition of Eric Reifschneider.  (Tr. 51:10-52:11; 88:8-14; 126:8-19.)

- In deposition testimony designated by the FTC, John Grubbs testifies that his employer Blackberry ████████████████████████████ ██████████████████████████████ (Tr. 94:16-95:2), but the FTC has declined to play a short portion of the prior page of the deposition in which Mr. Grubbs indicates that he is not ██████████████████████ ████████████████████████████ (Tr. 93:15-19). The FTC's only basis for its objection is "new question and answer", which is not a proper basis to object to a completeness designation.

- Mr. Grubbs also testifies, in testimony designated by the FTC, that BlackBerry was ██████████████████████████████████ ██████████████████████████████ (Tr. 322:6-11), but *in response to the very next question*, Mr. Grubbs testifies that Blackberry in fact had ██████████ *against* Qualcomm because it had ████████████ ██████████████████████████████████ ██████████████████████████████ ████ (Tr. 322:12-22.)  The FTC's only stated basis for objecting is that it comprises a "new question and answer".

- In deposition testimony designated by the FTC, Nancy Yu, an employee of

[[NYLIT:2781083v2:01/03/2019--07:51 AM]]

Huawei, provides speculation that there has been no disruption in Huawei's supply of modem chips from Qualcomm only because Huawei had extended its license agreement with Qualcomm (Tr. 69:24-70:1), but in response to the next question Ms. Yu testifies that, in fact, Huawei has been ████████████████ ████████████████████████████████████████████████ ██████████████████████████ (Tr. 70:8-9; 12-15).  Ms. Yu's latter testimony is necessary to correct the misimpression that Huawei lacks the ability to challenge Qualcomm's licensing terms.

- In deposition testimony designated by the FTC, Brian Chong, an employee of Wistron, testifies that Wistron ████████████████████████████ ████████████████████████████████████████████ (Tr. 246:1-4; 250:113-18).  The FTC has declined to play a short section in which Mr. Chong testifies that ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ (Tr. 212:11-15; 212:22-213:3.)  The FTC's only stated bases for objecting is that the completeness designation is "not in proximity of any designated testimony" and is a "new question and answer", but Mr. Chong's testimony is necessary to avoid the misleading impression that Wistron lacked the ability to negotiate a license agreement with Qualcomm because of "pressure" resulting from an imminent business opportunity.

Although the FTC has denominated this as just one HPO, the FTC has objected to several other completeness designations, making it impractical (and not helpful to the Court) to address every single objection in this submission.  But those objections all raise the same general issue, which is that the FTC is applying the wrong standard for completeness, which if accepted would

[[NYLIT:2781083v2:01/03/2019--07:51 AM]]

require small snippets of testimony to be played out of context weeks from now.  The rule of completeness is designed to avoid such disjointed and misleading presentation of evidence.

The FTC's HPO No. 1 should be overruled.

[[NYLIT:2781083v2:01/03/2019--07:51 AM]]

Dated: January 3, 2019                    Respectfully submitted,


CRAVATH, SWAINE & MOORE LLP

*s/ Gary A. Bornstein*

Gary A. Bornstein
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
gbornstein@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone:  (415) 676-2289
Facsimile:  (415) 397-7188
rvannest@keker.com
epaige@keker.com
jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 369-6000
Facsimile:  (212) 309-6001
richard.taffet@morganlewis.com
Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001
willard.tom@morganlewis.com


Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP

QUALCOMM'S HPO RESPONSES FOR JANUARY 4, 2019 TRIAL DAY
17-CV-0220-LHK-NMC
6

One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*