1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

| FEDERAL TRADE COMMISSION, | Case No. 17-CV-00220-LHK |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL SNYDER EXPERT REPORT** |
| v. | |
| QUALCOMM INCORPORATED, | |
| Defendant. | Re: Dkt. 1048 |

18    Before the Court is the parties' joint administrative motion to file under seal portions of the

19   expert report of Dr. Edward Snyder ("Snyder Report").  ECF No. 1048.  For the following

20   reasons, the Court GRANTS in part and DENIES in part the parties' motion to seal.

21    "Historically, courts have recognized a 'general right to inspect and copy public records

22   and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of*

23   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

24   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong

25   presumption in favor of access is the starting point."  *Id.* (internal quotation marks omitted).

26    Parties seeking to seal judicial records relating to motions that are "more than tangentially

27

28   Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL SNYDER EXPERT REPORT

1 related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

2 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

3 supported by specific factual findings that outweigh the general history of access and the public

4 policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and

5 citation omitted).  Compelling reasons justifying the sealing of court records generally exist "when

6 such 'court files might have become a vehicle for improper purposes,' such as the use of records to

7 gratify private spite, promote public scandal, circulate libelous statements, or release trade

8 secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the

9 production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

10 litigation will not, without more, compel the court to seal its records." *Id.*

11     Records attached to motions that are "not related, or only tangentially related, to the merits

12 of a case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at

13 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

14 records attached only to non-dispositive motions because those documents are often unrelated, or

15 only tangentially related, to the underlying cause of action." (internal quotation marks and citation

16 omitted)).  Parties moving to seal records attached to motions unrelated or only tangentially

17 related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the

18 Federal Rules of Civil Procedure.  *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d

19 at 1179–80.  The "good cause" standard requires a "particularized showing" that "specific

20 prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v.*

21 *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P.

22 26(c).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning"

23 will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

24 omitted).

25     Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

26 documents for, inter alia, the protection of "a trade secret or other confidential research,

27

28 Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL SNYDER EXPERT REPORT

2

1    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has

2    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

3    trade secret may consist of any formula, pattern, device or compilation of information which is

4    used in one's business, and which gives him an opportunity to obtain an advantage over

5    competitors who do not know or use it."  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

6    (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the

7    production of goods . . . .  It may, however, relate to the sale of goods or to other operations in the

8    business . . . ." *Id.* (alterations in original).  Furthermore, the United States Supreme Court has

9    recognized that sealing may be justified to prevent judicial documents from being used "as sources

10   of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at

11   598.

12        In addition, parties moving to seal documents must comply with the procedures established

13   by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request

14   that establishes the document is "sealable," or "privileged, protectable as a trade secret or

15   otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  "The request must be

16   narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local

17   Rule] 79-5(d)."  *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a

18   "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table

19   format each document or portion thereof that is sought to be sealed," as well as an "unredacted

20   version of the document" that "indicate[s], by highlighting or other clear method, the portions of

21   the document that have been omitted from the redacted version."  Civ. L. R. 79-5(d)(1).  The

22   parties shall file concurrent with the administrative motion to file under seal all necessary

23   declarations establishing that the information sought to be sealed is sealable.  *Id.*  Pursuant to the

24   Court's order at ECF No. 821, where the parties seek to seal information designated confidential

25   by a third party and the parties are unable to file that third party's declaration in support of sealing

26   concurrently with the motion, the third party "will have seven days, rather than the four days

27

28   Case No. 17-CV-00220-LHK
     ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL SNYDER EXPERT REPORT

1    prescribed in Civil Local Rule 79-5" to file the third party's declaration in support of sealing.

2    ECF No. 821 at 2.

3         Here, the information sought to be sealed consists of portions of the Snyder Report, which

4    was attached to the FTC's motion to exclude Dr. Snyder's opinions.  The Court concludes that the

5    "compelling reasons" standard applies because the FTC's motion is "more than tangentially

6    related to the underlying cause of action."  *Ctr. For Auto Safety*, 809 F.3d at 1099.  The motion's

7    subject matter—whether to allow the expert opinions of Dr. Edward Snyder, who submitted a 372-

8    page expert report on whether Qualcomm's conduct had anticompetitive effects—is central to the

9    merits of the FTC's claims in the instant case.  *See* ECF No. 1014 at 4 (explaining, in previous

10   order addressing motions to seal connected with motion to exclude Dr. Snyder, why compelling

11   reasons standard applies).  The Court previously denied without prejudice the motion to seal the

12   Snyder Report because the parties sought to the seal the Snyder Report in its entirety.  *Id.* at 5.

13   The parties have complied with the Court's instruction to refile the motion to seal portions of the

14   Snyder Report with a chart with a row for each portion of the Snyder Report sought to be sealed.

15   *See id.*

16        The Court now turns to the substance of the sealing motion.  Qualcomm and several third

17   parties have designated as confidential material in the Snyder Report pursuant to the protective

18   orders governing this and related cases involving Qualcomm.  *See* ECF No. 1048 at 2.  Qualcomm

19   and the third parties have filed declarations in support of sealing.  ECF Nos. 828, 830, 832, 834,

20   835, 837, 840, 841, 743, 845, 849, 850.  For example, Qualcomm attests that portions of the

21   Snyder Report reveal Qualcomm's confidential information relating to "commercial and

22   operational strategies, sales and pricing negotiations and strategies, . . . competitive positioning for

23   sales of certain products and for certain customers, product development, and finances.  ECF No.

24   850-2, ¶ 11.  Similarly, third party MediaTek declares that the Snyder Report "contains detailed,

25   non-public and confidential . . . information of MediaTek regarding its commercial negotiations

26   and agreements with customers, its competitive strategy, and its research and development

27

28   Case No. 17-CV-00220-LHK
     ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL SNYDER EXPERT REPORT

1    activities."  ECF No. 849, ¶ 4; *see also* ECF No. 832, ¶ 9 (Samsung declaring that the Snyder

2    Report "contains, cites and directly quotes from a myriad of confidential sources containing

3    Samsung's highly confidential documents, data and testimony").

4          Applying the compelling reasons standard, the Court grants in part and denies in part the

5    parties' motion to seal.  As explained, in *Kamakana*, the Ninth Circuit held that compelling

6    reasons exist to seal court records when the records may be used to "release trade secrets."  447

7    F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).  Moreover, "the common law right of inspection has

8    bowed before the power of a court to insure that its records are not used . . . as sources of business

9    information that might harm a litigant's competitive standing."  *In re Elec. Arts, Inc.*, 298 F.

10   App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598).  Thus, to the extent that the

11   instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties'

12   competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

13   secrets, the Court agrees with the parties that compelling reasons exist to seal this information.

14         However, not all information that the motion seeks to seal is sealable.  The parties have not

15   articulated "compelling reasons" to keep such information from the public.  For example, the

16   motion seeks to seal Apple's commonsense statement that Apple "looks for the highest quality

17   suppliers and competitive pricing" when sourcing modem chips.  *See* ECF No. 1048-5, ¶ 134.  In

18   addition, the parties also seek to seal the readily available information that Apple selected Intel to

19   supply modem chips for Apple's 2018 iPhone.  *Id.* ¶ 310; *see* ECF No. 929 (Qualcomm public

20   filing referring to Apple's selection of Intel as a "public fact").  Accordingly, with the Ninth

21   Circuit's sealing case law in mind, the Court rules on the instant motion as follows:

| Document | Page/Line | Ruling |
|----------|-----------|--------|
| Snyder Report | ¶ 32(c) | GRANTED. |
| Snyder Report | ¶ 32(g) | GRANTED. |
| Snyder Report | ¶ 35(b) | GRANTED. |
| Snyder Report | ¶ 36(c) | GRANTED. |
| Snyder Report | ¶ 37(a) | GRANTED. |
| Snyder Report | ¶ 37(b), second sentence | DENIED |

5

United States District Court
Northern District of California

| Snyder Report | ¶ 37(b), remainder | GRANTED. |
|---|---|---|
| Snyder Report | ¶ 76 & associated footnotes[1] | GRANTED. |
| Snyder Report | ¶ 77 | GRANTED. |
| Snyder Report | ¶ 86, n.167 | GRANTED. |
| Snyder Report | ¶ 89 | GRANTED. |
| Snyder Report | ¶ 96 | GRANTED. |
| Snyder Report | ¶ 97 | GRANTED. |
| Snyder Report | ¶ 102 | GRANTED. |
| Snyder Report | ¶ 103 | GRANTED. |
| Snyder Report | ¶ 103, n.220 | GRANTED. |
| Snyder Report | ¶ 106 | DENIED. |
| Snyder Report | ¶ 108 | GRANTED. |
| Snyder Report | ¶ 110, n.230 | GRANTED. |
| Snyder Report | ¶ 112, n.234, beginning with "Q" | DENIED. |
| Snyder Report | ¶ 112, remainder | GRANTED. |
| Snyder Report | ¶ 133 | GRANTED. |
| Snyder Report | ¶ 134 | DENIED. |
| Snyder Report | ¶ 135 | GRANTED. |
| Snyder Report | ¶ 137 | GRANTED. |
| Snyder Report | ¶ 142 | GRANTED. |
| Snyder Report | ¶ 158, nn.317-319 | GRANTED. |
| Snyder Report | ¶ 160 | GRANTED. |
| Snyder Report | ¶ 161 | GRANTED. |
| Snyder Report | ¶ 165, portion of first sentence up until "that" | DENIED. |
| Snyder Report | ¶ 165, remainder | GRANTED. |
| Snyder Report | ¶ 170, "John Moynihan" | DENIED. |
| Snyder Report | ¶ 170, remainder | GRANTED. |
| Snyder Report | ¶ 171 | GRANTED. |
| Snyder Report | ¶ 175, n.358 | GRANTED. |
| Snyder Report | ¶ 181 | DENIED. |
| Snyder Report | ¶ 202 | GRANTED. |
| Snyder Report | ¶ 202, n.384 | GRANTED. |
| Snyder Report | ¶ 206, n.386 | GRANTED. |
| Snyder Report | ¶ 207 | GRANTED. |
| Snyder Report | ¶ 207, n.388 | GRANTED. |
| Snyder Report | ¶ 208, nn.389-90 | GRANTED. |
| Snyder Report | ¶ 211 | DENIED. |
| Snyder Report | ¶ 211, nn.394-95 | GRANTED. |
| Snyder Report | ¶ 212 | GRANTED. |

---

[1] Unless the Court specifically addresses the relevant footnote, where the Court grants the motion to seal a portion of a paragraph in the Snyder Report and the parties also seek to seal the associated footnote(s), the Court also grants the motion to seal the associated footnote.

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL SNYDER EXPERT REPORT

United States District Court
Northern District of California

United States District Court
Northern District of California

| Snyder Report | ¶ 235 | GRANTED. |
|---|---|---|
| Snyder Report | ¶ 237(ii), n.461 | GRANTED. |
| Snyder Report | ¶ 237(iv), second sentence & n.470 | GRANTED. |
| Snyder Report | ¶ 239 | DENIED. |
| Snyder Report | ¶ 239, n.484 | GRANTED. |
| Snyder Report | ¶ 243 | GRANTED. |
| Snyder Report | ¶ 243, nn.498-500 | GRANTED. |
| Snyder Report | ¶ 244 | GRANTED. |
| Snyder Report | ¶ 243, n.503 | GRANTED. |
| Snyder Report | ¶ 246 | GRANTED. |
| Snyder Report | ¶ 246, n.514 | GRANTED. |
| Snyder Report | ¶ 247 & nn.515, 517 | GRANTED. |
| Snyder Report | ¶ 248, nn.522-23 | GRANTED. |
| Snyder Report | ¶ 250 | GRANTED. |
| Snyder Report | ¶ 253, n.534 | GRANTED. |
| Snyder Report | ¶ 262 | GRANTED. |
| Snyder Report | ¶ 263, n.557 | GRANTED. |
| Snyder Report | ¶ 268 | GRANTED. |
| Snyder Report | ¶ 270, nn.578, 580-81 | GRANTED. |
| Snyder Report | ¶ 271(iii) | GRANTED. |
| Snyder Report | ¶ 272, first sentence | DENIED. |
| Snyder Report | ¶ 272, remainder | GRANTED. |
| Snyder Report | ¶ 274 | GRANTED. |
| Snyder Report | ¶ 275 | GRANTED. |
| Snyder Report | ¶ 286 | GRANTED. |
| Snyder Report | ¶ 287, nn.637-38, 640 | GRANTED. |
| Snyder Report | ¶ 288, nn.643-44 | GRANTED. |
| Snyder Report | ¶ 290, first sentence | DENIED. |
| Snyder Report | ¶ 290, remainder | GRANTED. |
| Snyder Report | ¶ 291 | GRANTED. |
| Snyder Report | ¶ 292 | GRANTED. |
| Snyder Report | ¶ 293 | GRANTED. |
| Snyder Report | ¶ 296 | GRANTED. |
| Snyder Report | ¶ 297 | GRANTED. |
| Snyder Report | ¶ 303-05 | GRANTED. |
| Snyder Report | ¶ 306, nn.728-29, 731 | GRANTED. |
| Snyder Report | ¶ 307, nn.733-34 | GRANTED. |
| Snyder Report | ¶ 308, n.736 | GRANTED. |
| Snyder Report | ¶ 309 | GRANTED. |
| Snyder Report | ¶ 310, last sentence | DENIED. |
| Snyder Report | ¶ 310, remainder | GRANTED. |
| Snyder Report | ¶ 315 | GRANTED. |
| Snyder Report | ¶ 317, between "for example" and "resulting" | DENIED. |

7

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL SNYDER EXPERT REPORT

| Snyder Report | ¶ 317, remainder | GRANTED. |
|---|---|---|
| Snyder Report | ¶¶ 318-20 | GRANTED. |
| Snyder Report | ¶ 322, first sentence | DENIED. |
| Snyder Report | ¶ 322, remainder | GRANTED. |
| Snyder Report | ¶¶ 324-25 | GRANTED. |
| Snyder Report | ¶ 327, first sentence | DENIED. |
| Snyder Report | ¶ 327, remainder | GRANTED. |
| Snyder Report | ¶¶ 328-31 | GRANTED. |
| Snyder Report | ¶ 332, second sentence from "However" to "support" | DENIED. |
| Snyder Report | ¶ 332, remainder | GRANTED. |
| Snyder Report | ¶ 333 | GRANTED. |
| Snyder Report | ¶ 334 | DENIED. |
| Snyder Report | ¶ 335 | GRANTED. |
| Snyder Report | ¶ 336 | GRANTED. |
| Snyder Report | ¶ 337 | GRANTED. |
| Snyder Report | ¶¶ 339-41 | GRANTED. |
| Snyder Report | ¶¶ 344-46 | GRANTED. |
| Snyder Report | ¶ 349 | GRANTED. |
| Snyder Report | ¶¶ 352-54 | GRANTED. |
| Snyder Report | ¶¶ 356 | GRANTED. |
| Snyder Report | ¶¶ 358 | GRANTED. |
| Snyder Report | ¶ 359, from "This execution" to "leading smartphones" | DENIED. |
| Snyder Report | ¶ 359, remainder | GRANTED. |
| Snyder Report | ¶ 361 | GRANTED. |
| Snyder Report | ¶ 364 | GRANTED. |
| Snyder Report | ¶ 365 (sentence associated with n.975 only)[2] | GRANTED. |
| Snyder Report | ¶ 366 | GRANTED. |
| Snyder Report | ¶ 368 | DENIED. |
| Snyder Report | ¶ 370 | GRANTED. |
| Snyder Report | ¶ 373 | GRANTED. |
| Snyder Report | ¶ 374 | GRANTED. |
| Snyder Report | ¶ 376, from "HiSilicon's" to "strength in execution" | DENIED. |
| Snyder Report | ¶ 376, remainder | GRANTED. |
| Snyder Report | ¶¶ 379-80 | GRANTED. |
| Snyder Report | ¶¶ 382-85 | GRANTED. |
| Snyder Report | ¶ 388 | GRANTED. |

[2] When filing the redacted version of the Snyder Report, the parties also redacted the sentence associated with n.976. ECF No. 1048-4 at 242. However, no party or third party in fact seeks to seal that sentence. *See* ECF No. 1048. The parties shall remove the redaction when refiling the redacted Snyder Report in accordance with this order.

United States District Court
Northern District of California

| Snyder Report | ¶ 395 | GRANTED. |
|---|---|---|
| Snyder Report | ¶ 403 | GRANTED. |
| Snyder Report | ¶¶ 406-07 | GRANTED. |
| Snyder Report | ¶¶ 411-12 | GRANTED. |
| Snyder Report | ¶ 434 | GRANTED. |
| Snyder Report | ¶ 436, "Via Telecom" in first sentence | DENIED. |
| Snyder Report | ¶ 436, remainder | GRANTED. |
| Snyder Report | ¶¶ 437-40 | GRANTED. |
| Snyder Report | ¶ 444 | GRANTED. |
| Snyder Report | ¶ 449 | GRANTED. |
| Snyder Report | ¶ 451 | GRANTED. |
| Snyder Report | ¶ 466(a) | GRANTED. |
| Snyder Report | ¶¶ 468(a)-(b) | GRANTED. |
| Snyder Report | ¶ 469 | DENIED. |
| Snyder Report | ¶ 471(d) | GRANTED. |
| Snyder Report | ¶ 472(e), last sentence | DENIED. |
| Snyder Report | ¶¶ 472(a), (c)-(e), remainder | GRANTED. |
| Snyder Report | ¶ 473 | DENIED. |
| Snyder Report | ¶ 502 | DENIED. |
| Snyder Report | ¶ 509 | GRANTED. |
| Snyder Report | ¶ 511 | GRANTED. |
| Snyder Report | ¶ 517 | GRANTED. |
| Snyder Report | ¶¶ 518-20 | GRANTED. |
| Snyder Report | ¶ 525 | GRANTED. |
| Snyder Report | ¶ 527(a), (c)-(e) | GRANTED. |
| Snyder Report | ¶ 528 | GRANTED. |
| Snyder Report | ¶ 529 | GRANTED. |
| Snyder Report | ¶¶ 531-32 | GRANTED. |
| Snyder Report | ¶¶ 536-37 | GRANTED. |
| Snyder Report | ¶¶ 541-42 | GRANTED. |
| Snyder Report | ¶¶ 547-50 | GRANTED. |
| Snyder Report | ¶ 552 | GRANTED. |
| Snyder Report | ¶ 554 | GRANTED. |
| Snyder Report | ¶ 556 | DENIED. |
| Snyder Report | ¶ 562 | GRANTED. |
| Snyder Report | n.177 | GRANTED. |
| Snyder Report | n.201 | GRANTED. |
| Snyder Report | nn.221-23 | GRANTED. |
| Snyder Report | n.227 | GRANTED. |
| Snyder Report | n.228 | GRANTED. |
| Snyder Report | n.238 | GRANTED. |
| Snyder Report | n.239 | GRANTED. |
| Snyder Report | n.242 | GRANTED. |
| Snyder Report | n.244 | GRANTED. |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL SNYDER EXPERT REPORT

| | | |
|---|---|---|
| Snyder Report | n.245 | GRANTED. |
| Snyder Report | n.247 | GRANTED. |
| Snyder Report | n.248 | GRANTED. |
| Snyder Report | n.252 | GRANTED. |
| Snyder Report | n.257 | GRANTED. |
| Snyder Report | n.260 | GRANTED. |
| Snyder Report | n.263 | GRANTED. |
| Snyder Report | n.268 | GRANTED. |
| Snyder Report | n.269 | GRANTED. |
| Snyder Report | n.272 | GRANTED. |
| Snyder Report | n.277 | DENIED. |
| Snyder Report | n.296 | GRANTED. |
| Snyder Report | n.312 | GRANTED. |
| Snyder Report | n.315 | GRANTED. |
| Snyder Report | n.317 | GRANTED. |
| Snyder Report | n.322 | GRANTED. |
| Snyder Report | n.328 | GRANTED. |
| Snyder Report | n.337 | GRANTED. |
| Snyder Report | nn.342-43 | GRANTED. |
| Snyder Report | n.344, first line | DENIED. |
| Snyder Report | n.344, remainder | GRANTED. |
| Snyder Report | n.345 | DENIED. |
| Snyder Report | n.350-54 | GRANTED. |
| Snyder Report | n.356 | DENIED. |
| Snyder Report | n.480 | DENIED. |
| Snyder Report | n.496 | GRANTED. |
| Snyder Report | n.501 | GRANTED. |
| Snyder Report | n.509 | GRANTED. |
| Snyder Report | n.510 | GRANTED. |
| Snyder Report | n.512 | GRANTED. |
| Snyder Report | n.513 | GRANTED. |
| Snyder Report | n.515 | GRANTED. |
| Snyder Report | n.518 | GRANTED. |
| Snyder Report | n.527 | GRANTED. |
| Snyder Report | n.535 | GRANTED. |
| Snyder Report | n.536 | GRANTED. |
| Snyder Report | n.542 | GRANTED. |
| Snyder Report | n.545 | GRANTED. |
| Snyder Report | n.561 | DENIED. |
| Snyder Report | n.576 | GRANTED. |
| Snyder Report | n.581 | GRANTED. |
| Snyder Report | n.594 | GRANTED. |
| Snyder Report | nn.597-98 | GRANTED. |
| Snyder Report | n.604 | GRANTED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL SNYDER EXPERT REPORT

| Snyder Report | n.605 | GRANTED. |
|---|---|---|
| Snyder Report | n.609 | GRANTED. |
| Snyder Report | n.611 | GRANTED. |
| Snyder Report | n.615 | GRANTED. |
| Snyder Report | n.630 | GRANTED. |
| Snyder Report | n.732 | GRANTED. |
| Snyder Report | n.737 | GRANTED. |
| Snyder Report | n.751 | GRANTED. |
| Snyder Report | n.783 | GRANTED. |
| Snyder Report | nn.788-89 | DENIED. |
| Snyder Report | n.828 | GRANTED. |
| Snyder Report | n.842 | DENIED. |
| Snyder Report | n.857 | GRANTED. |
| Snyder Report | n.860 | GRANTED. |
| Snyder Report | n.875 | GRANTED. |
| Snyder Report | n.886 | GRANTED. |
| Snyder Report | n.904 | GRANTED. |
| Snyder Report | n.906 | GRANTED. |
| Snyder Report | n.920 | GRANTED. |
| Snyder Report | n.932 | GRANTED. |
| Snyder Report | n.933, first line | DENIED. |
| Snyder Report | n.933, remainder | GRANTED. |
| Snyder Report | n.946 | GRANTED. |
| Snyder Report | n.960 | DENIED. |
| Snyder Report | n.972 | GRANTED. |
| Snyder Report | n.974 | GRANTED. |
| Snyder Report | n.978 | GRANTED. |
| Snyder Report | n.981 | GRANTED. |
| Snyder Report | n.986 | GRANTED. |
| Snyder Report | n.1258 | GRANTED. |
| Snyder Report | n.1301 | GRANTED. |
| Snyder Report | n.1303 | GRANTED. |
| Snyder Report | n.1304 | GRANTED. |
| Snyder Report | n.1305 | GRANTED. |
| Snyder Report | n.1307 | GRANTED. |
| Snyder Report | n.1392 | GRANTED. |
| Snyder Report | n.1430 | GRANTED. |
| Snyder Report | n.1439 | GRANTED. |
| Snyder Report | n.1461 | GRANTED. |
| Snyder Report | n.1477 | GRANTED. |
| Snyder Report | n.1510 | GRANTED. |
| Snyder Report | n.1517 | GRANTED. |
| Snyder Report | n.1576 | GRANTED. |

**IT IS SO ORDERED.**

11

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
UNDER SEAL SNYDER EXPERT REPORT

United States District Court
Northern District of California

1    Dated:  January 3, 2019

2                                                       _____

3                                                       LUCY H. KOH
                                                        United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                 12

28    Case No. 17-CV-00220-LHK
      ORDER GRANTING IN PART AND DENYING IN PART JOINT ADMINISTRATIVE MOTION TO FILE
      UNDER SEAL SNYDER EXPERT REPORT