THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MICHELE L. MARYOTT (SBN 191993)
mmaryott@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

*Attorneys for Non-Parties Wistron Corporation
and Pegatron Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-220-LHC-NMC<br><br>The Honorable Lucy H. Koh<br><br>**ADMINISTRATIVE MOTION TO SEAL TRIAL TESTIMONY AND EXHIBITS** |

1    Pursuant to Civil Local Rules 7-11 and the Pretrial Conference Order (Dkt. 1003), non-

2    parties Wistron Corporation ("Wistron") and Pegatron Corporation ("Pegatron") hereby move to

3    seal the following narrow portions of exhibits and deposition testimony of their employees,

4    which the Federal Trade Commission ("FTC") and Qualcomm Inc. ("Qualcomm") identified on

5    December 31, 2018 and January 2, 2019, as evidence they anticipate introducing at trial.  These

6    portions of the identified exhibits and testimony reveal licensing terms and business strategy

7    considered to be highly confidential by Wistron, Pegatron, and/or their respective customers and

8    business partners, as described in the attached declarations from each non-party.[1]  *See*

9    Declaration of Monica Huang ("Huang Decl."); Declaration of Zoe Chen ("Chen Decl.").

10   Wistron and Pegatron accordingly believe there are compelling reasons for the Court to seal

11   these portions of the identified exhibits and testimony during trial.  Nonetheless, in recognition

12   of the Court's desire for public access to relevant information during trial, and the inconvenience

13   of sealing the courtroom, Wistron and Pegatron are willing to consider and agree to more limited

14   mechanisms of sealing this information than sealing the entire courtroom during discussion of

15   their information.  With respect to the documentary exhibits, Wistron and Pegatron would

16   request that the parties not state the confidential terms of their agreements out loud, but that they

17   may display those terms to the Court on the monitors, so long as the monitors facing the public

18   are turned off.  With respect to the deposition testimony, if the Court would be amenable,

19   Wistron and Pegatron would agree that the entire courtroom need not be sealed while their

20   employees' testimony is played, but that the specific words to be sealed would be "muted" or

21   "censored with a beep" in the deposition videos, and the Court could view the sealed words in

22   the unsealed deposition transcripts.

23        When asked about their position as to this motion, the parties responded as follows: The

24   FTC has indicated that it does not oppose sealing with respect to the agreements, but does

---

[1]  Each of the declarations submitted by Wistron and Pegatron, respectively, identify some portions of deposition testimony that are not addressed in this motion.  These portions were included because they were previously identified by the parties as deposition testimony that could be played at trial.  However, the parties have since indicated that these additional portions would no longer be played at trial.  Nonetheless, out of an abundance of caution and in light of their non-party status, Wistron and Pegatron have left in their declarations the identification of the full set of deposition designations that they would request to seal.

oppose sealing the deposition testimony in question.  Qualcomm stated that it does not oppose sealing with respect to the agreements, and with respect to business documents and communications, it believes that evidence older than 36 months would presumptively not be sealed.

"[A] party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate 'compelling reasons' in favor of sealing." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) (Koh, J.).  "'[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

As explained in further detail below and in their respective declarations, Wistron and Pegatron each have narrowly tailored their request to seal to only their most sensitive licensing and business strategic information, and the strategic business information of their customers, whose public disclosure would harm them competitively in their business interactions with their customers, suppliers, potential licensors, and competitors.  As their declarations confirm in more detail, the information contained in these exhibits and deposition testimony is not publicly known, and its confidentiality is strictly maintained.  Huang Decl. ¶ 6; Chen Decl. ¶ 7.  Indeed, the information in question was produced during fact discovery pursuant to an outside counsel-only Highly Confidential designation in light of the competitively sensitive nature of such information.  The public disclosure of the information at issue in the deposition testimony, as discussed in more detail below and in their declarations, would reveal confidential product development strategies and licensing terms of not just Wistron and Pegatron, but of their customers, and accordingly would harm their business and competitive positions as well as customer relationships.  *See Lucas v. Breg, Inc.*, No. 15-CV-00258, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[C]ourts have been willing to seal court filings containing confidential business material, 'such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data,' where the parties have been able to point to concrete factual information to justify sealing."); *In re Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary

1  means by which the courts ensure full disclosure of relevant information, while still preserving

2  the parties' (and third parties)' legitimate expectation that confidential business information,

3  proprietary technology and trade secrets will not be publicly disseminated.").

4      Wistron and Pegatron accordingly seek to seal the following portions of exhibits and

5  deposition testimony, copies of which are attached to this motion:

6   • **JX0042** (Entire document except those portions of Sections 3, 5.1, and 5.2 that are

7      contained in green boxes) – JX0042 is a confidential license agreement between

8      Wistron and Qualcomm.  Disclosure of the terms of this confidential license

9      agreement would harm Wistron's business and competitive position by disclosing its

10     confidential licensing information to Wistron's competitors, suppliers, and potential

11     licensors, who would gain asymmetric insight into confidential business deals and the

12     licensing terms to which Wistron has agreed.  *See* Huang Decl., ¶ 7.  Nonetheless, in

13     recognition of the issues at trial, the compelling reasons standard, and Wistron's

14     understanding that certain of the licensing terms already have or will become public,

15     Wistron has limited its request to seal this license agreement to those terms that it

16     believes are not necessary to understand the relevant issues at trial, have not or will

17     not become public, and/or would cause Wistron substantial harm from their public

18     disclosure.

19  • **Deposition of Brian Chong** (only the customer/third party name highlighted at

20     246:3, 246:5, 246:12, 251:14, 251:16, 251:18, 361:5; the red boxes identify the full

21     set of testimony that the FTC and Qualcomm indicated will be played at trial) –

22     Wistron seeks to seal only the name of its customer mentioned in the confidential

23     testimony of Brian Chong.  Revealing that particular customer's strategic business

24     decisions with respect to choice of component suppliers could reveal insights into that

25     customer's product development strategy, and is the confidential information of both

26     that customer and Wistron.  Public disclosure of Wistron's customer's confidential

27     business strategy would be highly detrimental to Wistron, whose business of

28     providing contract manufacturing services for its customers requires Wistron to

Gibson, Dunn &
Crutcher LLP

1    protect the confidentiality of its customers' product development and business

2    strategies.

3    • **JX0053** (Entire document except those portions of Sections 3, 5.1, and 5.2 that are

4    contained in green boxes, or, only in the alternative, the entire document if the Court

5    denies sealing of the deposition of Monica Yang) – JX0053 is a confidential license

6    agreement between Pegatron and Qualcomm.  Disclosure of the terms of this

7    confidential license agreement would harm Pegatron's business and competitive

8    position by disclosing its confidential licensing information to its competitors,

9    suppliers, and potential licensors, all of whom would gain asymmetric insight into the

10   confidential business deals and licensing terms to which Pegatron has agreed.  *See*

11   Chen Decl., ¶¶ 7-8.  Nonetheless, in recognition of the issues at trial, the compelling

12   reasons standard, and Pegatron's understanding that certain of the licensing terms

13   already have or will become public, Pegatron has limited its request to seal this

14   license agreement to those terms that it believes are not necessary to understand the

15   relevant issues at trial, have not or will not become public, and/or would cause

16   Pegatron substantial harm from their public disclosure.  To the extent that the Court

17   denies Pegatron's request to seal the deposition of Monica Yang, however, Pegatron

18   respectfully requests that the entirety of JX0053, including sections 3, 5.1, and 5.2, be

19   sealed, in order to protect the confidentiality of the third party's license terms

20   referenced in the deposition of Monica Yang.

21   • **Deposition of Monica Yang** (only the third party name highlighted at 104:6, 104:14;

22   the red boxes identify the full set of testimony that the FTC and Qualcomm indicated

23   will be played at trial) – Pegatron seeks to seal just the name of the third party

24   referenced at 104:6 and 104:14.  Public disclosure of this third party's name would

25   reveal terms and information about that third party's confidential license agreement,

26   with respect to which Pegatron is not authorized to disclose, as well as information

27   about a Pegatron confidential license agreement.  Furthermore, public disclosure of

28   terms of this confidential license agreement would harm both the third party's and

1    Pegatron's business and competitive information.  The third party would be harmed

2    by public disclosure of its confidential licensing information, and Pegatron would be

3    harmed both by the public disclosure of these licensing terms as well as by the public

4    disclosure of its business partner's confidential information.  Pegatron would be

5    harmed if it could not protect the confidentiality of its business partners' confidential

6    license information.  *See* Chen Decl., ¶ 9.

7    Pursuant to the Pretrial Conference Order (Dkt. 1003), the following table identifies (1)

8    whose confidential information is sought to be sealed, (2) where the confidential information

9    appears, and (3) the number of the paragraph(s) in a specific declaration justifying sealing of that

10    information under the compelling reasons standard.

11

| Non-Party | Location of Information | Declaration ¶ Supporting Request | Explanation |
|-----------|------------------------|----------------------------------|-------------|
| Wistron | JX0042 – Entire document except the portions of Sections 3, 5.1, and 5.2 that are contained in green boxes | Huang Decl., ¶ 7. | The document is a confidential license agreement, and the public disclosure of its terms would harm Wistron's business and competitive positions by revealing those confidential terms to and giving asymmetric insight into Wistron's licensing and strategic business information to Wistron's business partners, customers, and potential licensors.  Wistron has nonetheless proposed leaving those portions of three provisions unsealed that Wistron understands to be central to issues at trial and/or have already been or will be publicly disclosed. |

| Non-Party | Location of Information | Declaration ¶ Supporting Request | Explanation |
|---|---|---|---|
| Wistron | Deposition of Brian Chong:<br>• 246:3 (customer name)<br>• 246:5 (customer name)<br>• 246:12 (customer name)<br>• 251:14 (customer name)<br>• 251:16 (customer name)<br>• 251:18 (customer name)<br>• 361:5 (customer name) | Huang Decl., ¶ 6. | The testimony reveals confidential product development and business strategy information of Wistron's customer.  Wistron understands that this information is considered highly confidential by its customer, and Wistron accordingly has maintained this information as highly confidential.  Public disclosure of this information would be harmful to Wistron.  Wistron's contract manufacturing business requires it to keep its customers' product development and business strategies highly confidential. |
| Pegatron | JX0053 – Entire document except the portions of Sections 3, 5.1, and 5.2 that are contained in green boxes | Chen Decl., ¶¶ 7-8. | The document is a confidential license agreement, and the public disclosure of its terms would harm Pegatron's business and competitive positions by revealing those confidential terms to and giving asymmetric insight into Pegatron's licensing and strategic business information to Pegatron's business partners, customers, and potential licensors.  Pegatron has nonetheless proposed leaving those portions of three provisions unsealed that Wistron understands to be central to issues at trial and/or have already been or will be publicly disclosed. (However, and only to the extent that the Court denies Pegatron's request to seal the deposition testimony of Monica Yang, Pegatron respectfully requests that the entirety of JX0053 be sealed, to protect the confidential licensing information of the third party referenced in Monica Yang's deposition testimony.) |
| Pegatron | Deposition of Monica Yang:<br>• 104:6 (third party name)<br>• 104:14 (third party name) | Chen Decl., ¶ 9. | This testimony refers to and reveals confidential terms of an agreement of a third party, and Pegatron is not authorized to disclose the terms of this agreement to which it is not a party. |

Dated: January 3, 2019

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ *Jennifer J. Rho*_____

THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MICHELE L. MARYOTT (SBN 191993)
mmaryott@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
RYAN IWAHASHI (SBN 284766)
riwahashi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

***Attorneys for Non-Parties Pegatron Corporation
and Wistron Corporation***

HUGH F. BANGASSER (*Pro Hac Vice*)
hugh.bangasser@klgates.com
CHRISTOPHER M. WYANT (*Pro Hac Vice*)
chris.wyant@klgates.com
J. TIMOTHY HOBBS (*Pro Hac Vice*)
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: +1 206 623 7580
Facsimile: +1 206 370 6371

CAITLIN C. BLANCHE (SBN 254109)
caitlin.blanche@klgates.com

---

Gibson, Dunn &
Crutcher LLP

ADMINISTRATIVE MOTION TO SEAL TRIAL TESTIMONY AND EXHIBITS
CASE NO. 5:17-CV-220-LHC-NMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

***Attorneys for Non-Parties Wistron Corporation***

ADMINISTRATIVE MOTION TO SEAL TRIAL TESTIMONY AND EXHIBITS
CASE NO. 5:17-CV-220-LHC-NMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document and its attachments has been served on January 3, 2019 to all counsel of record who

are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.

L.R. 5-1(e).  Any other counsel of record will be served by electronic mail and/or U.S. mail.


By:    /s/ *Jennifer J. Rho*

ADMINISTRATIVE MOTION TO SEAL TRIAL TESTIMONY AND EXHIBITS
CASE NO. 5:17-CV-220-LHC-NMC