THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MICHELE L. MARYOTT (SBN 191993)
mmaryott@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
Fax: (213) 229-7520

*Attorneys for Non-Party Pegatron Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-220-LHK-NMC<br><br>The Honorable Lucy H. Koh<br><br>**DECLARATION OF ZOE CHEN IN SUPPORT OF MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5(e)(1)** |

I, Zoe Chen, declare as follows:

1. I am a Deputy Director in the Legal & IPR Center of Pegatron Corporation ("Pegatron").

2. I make this declaration in support of Administrative Motion to File Under Seal as to portions of Plaintiff's Proposed Trial Exhibits pursuant to Civil Local Rule 79-5(e)(1). I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

3. As part of my role at Pegatron, I am familiar with Pegatron's agreements with customers and suppliers, license agreements, and negotiations of such agreements, and the efforts that Pegatron takes to ensure that sensitive licensing and pricing and other customer and supplier-related information is kept confidential. I am also familiar with the nature of Pegatron's relationships with its customers and the manufacturing activity that Pegatron conducts.

4. I have reviewed the portions of Plaintiff's proposed trial exhibits identified to me as potentially containing confidential Pegatron information. Based upon my review, I have determined that the following documents include confidential information, specifically in all or portions of the following:

- JX0053 – all sections except section 3 (portions), section 5.1 (whole), and section 5.2 (portions);
- JX0054 – all; and
- Deposition of Monica Yang, Volume 1 (March 15-16, 2018) ("Yang Deposition") at 104:6, 104:14, 113:8-22, 135:10-22, and Volume II at 214:23, 214:25, 230:5-8, 230:13-18.

5. I understand that my counsel will provide Plaintiff's counsel with a version of JX0053 and the Yang Deposition that identifies, with proposed redactions and/or red boxes, the language that is highly confidential to Pegatron and should be sealed.

6. Pegatron believes that there are compelling reasons to seal the limited amount of information that Pegatron seeks to seal here – specifically, precise confidential license terms of its and another entity's agreements.

7. The information in the identified parts of JX0053, in JX0054, as well as in lines 230:5-8 and 230:13-18 of the Yang Deposition reveal contractual provisions from or negotiation of confidential agreements between Pegatron and Qualcomm. The agreements include specific non-public provisions that have not been publicly disclosed by Pegatron or Qualcomm, as well as confidentiality provisions stating that the terms of these agreements should be kept confidential. Exposure of the terms of the agreements would also harm Pegatron's business and competitive position by disclosing this confidential information to its competitors, its customers, and its suppliers and thus provide them with insights into Pegatron's confidential business deals and licensing terms to which Pegatron has previously agreed. The information in these sections also contains communications or terms regarding licensing negotiations between Pegatron and Qualcomm. Pegatron does not disclose its confidential business negotiations to the public. Public disclosure of these confidential business negotiations, license terms, and licensing obligations would harm Pegatron's business and competitive position by revealing Pegatron's confidential and sensitive information to the public, including to Pegatron's competitors, customers, and suppliers, and therefore not only reveal the nature and content of those obligations but also, by exposing Pegatron's negotiating strategy or history, put the company at a competitive disadvantage in future negotiations with its customers and suppliers.

8. It is my understanding, moreover, the information in the identified parts of JX0053, the information in JX0054, as well as lines 230:5-8 and 230:13-18 of the Yang Deposition are not critically relevant to the issues being tried. It is therefore my opinion that there is a compelling reason to seal these portions to avoid causing significant harm to Pegatron.

9. Lines 104:6, 104:14, 113:8-22, 135:10-22, 214:23, 214:25, 230:5-8, and 230:13-18 of the Yang deposition reveal confidential information about the scope, content, and terms, of a confidential contract between Qualcomm and a non-Pegatron entity that Pegatron was authorized to review. Pegatron does not have the authority to publicly reveal the confidential terms of that agreement to which it is not a party. As a participant in the highly competitive contract manufacturing business, Pegatron's relationships with third parties and the ability to protect the confidentiality of their business and licensing information are core to Pegatron's business. Pegatron

would therefore be significantly harmed if it were not able to protect the confidential nature of such information of third parties.

10. It is also my understanding that this particular information is not at the center of the issues to be tried, and that maintaining the confidential nature of this particular information would not affect the public's ability to understand the issues at trial. Therefore, it is my opinion that there is a compelling reason to seal these portions to avoid causing significant harm to Pegatron.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Taipei, Taiwan, this 28 day of December, 2018.

*Zoe Chen*
Zoe Chen

Gibson, Dunn & Crutcher LLP

DECLARATION OF ZOE CHEN IN SUPPORT MOTION TO SEAL
CASE NO. 5:17-CV-220-LHK-NMC