THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MICHELE L. MARYOTT (SBN 191993)
mmaryott@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

*Attorneys for Non-Party Wistron Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-220-LHC-NMC<br><br>The Honorable Lucy H. Koh<br><br>**DECLARATION OF MONICA HUANG IN SUPPORT OF MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5(e)(1)** |

I, Monica Huang, declare as follows:

1. I make this declaration in support of Plaintiffs' Administrative Motion to File Under Seal as to Plaintiff's Proposed Trial Exhibits pursuant to Civil Local Rule 79-5(e)(1). I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. I am the Director of the International Legal Department for Wistron Corporation ("Wistron"). As part of my role at Wistron, I am familiar with Wistron's agreements with customers and suppliers, license agreements, and negotiations of such agreements, and the efforts that Wistron takes to ensure that sensitive licensing and other customer and supplier-related agreements is kept confidential.

3. I have reviewed the portions of Plaintiff's proposed trial exhibits identified to me as potentially containing confidential Wistron information. Based upon my review, I have determined that the following documents include confidential information, specifically in all or portions of the following:

- Deposition of Brian Chong, Volume II (Mar. 13, 2018) ("Chong Deposition"), at pages 246-247, 251, 257, 280, 285-286, and 361.
- JX0042 – all sections except section 3 (portions), section 5.1 (whole), and section 5.2 (portions).

4. FTC's counsel will be provided with a version of the relevant information in the proposed trial exhibits that identifies, with red boxes, the language that is highly confidential to Wistron and should be sealed.

5. Wistron believes that there are compelling reasons to seal the limited amount of information that Wistron seeks to seal here – specifically, precise confidential license terms and the particular names of customers whose business strategies and products – and Wistron's business strategies and operations for and with such customers – are being discussed.

6. Pages 246-47, 285-286, and 361 of the Chong Deposition that Wistron seeks to seal disclose non-public information about Wistron's business operations and strategy for, as well as relationships with, specified customers and suppliers and the business strategies of

those specified customers and suppliers. This information is considered highly confidential by Wistron and those customers, as it reveals specific, confidential information about particular products and business plans that are implemented by Wistron on behalf of those customers. In the course of conducting its business, Wistron has agreed to keep such information about how Wistron sources components, entities with which Wistron contracts, the manner in which it interacts with its customers, and its customers' business decisions and strategies for their products, confidential, including by entering confidentiality agreements. Wistron's relationships with is customers and its suppliers is at the core of Wistron's business, and being able to conduct activities in a confidential manner, as well as protecting the confidentiality of its suppliers' and customers' business operations and the details of its customers' products, is critical to the functioning of Wistron's business. Exposure of the names of the particular customers and suppliers at issue in the Chong Deposition, in the context of the discussion in the deposition, would also harm Wistron's business and competitive position by disclosing this confidential information to its competitors, who would have insights into Wistron's confidential business deals. Moreover, public exposure of these customers and suppliers' identities would reveal information about their businesses and therefore cause them harm. Wistron does not oppose these customers and suppliers being referenced at trial using code names.

7. JX0042, as well as Pages 257 and 280 of the Chong Deposition that Wistron seeks to seal disclose certain specific, non-public terms from agreements between Wistron and Qualcomm that contain confidentiality provisions indicating that such terms should be treated as confidential. These terms have not been revealed publicly and exposure of these Wistron-specific terms would harm Wistron's business and competitive position by disclosing this confidential information to Wistron's competitors who would have insights into that Wistron's confidential business deals. The public disclosure of these terms to Wistron's customers would also harm Wistron's business and competitive position, because it would

1  give Wistron's customers asymmetric information about Wistron's licensing obligations that
2  they could use to their advantage during business negotiations.
3      8.   It is my understanding that this particular information is not at the center of the
4  issues to be tried, and that maintaining the confidential nature of this particular information
5  would not affect the public's ability to understand the issues at trial.  Therefore, it is my
6  opinion that there is a compelling reason to seal these portions to avoid causing significant
7  harm to Wistron.

Gibson, Dunn &
Crutcher LLP

DECLARATION OF MONICA HUANG IN SUPPORT OF MOTION TO SEAL
CASE NO. 5:17-CV-220-LHC-NMC

1  I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct. Executed at New Taipei City, Taiwan, this 3rd day of January,
3  2019.

                                                                                  Monica Huang