Jennifer Milici, D.C. Bar No. 987096
Joseph R. Baker, D.C. Bar No. 490802
Philip J. Kehl, D.C. Bar No. 1010284
Daniel Matheson, D.C. Bar No. 502490
Aaron Ross, D.C. Bar No. 1026902
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>QUALCOMM INCORPORATED, a<br>Delaware corporation,<br><br>              Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO LENOVO/MOTOROLA'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Courtroom:  8, 4th Floor<br>Judge:      Hon. Lucy H. Koh |

Lenovo (United States), Inc., and Motorola Mobility LLC (together, "Lenovo") have moved to seal portions of the trial transcript containing the anticipated testimony of a Lenovo witness, Ira Blumberg, whose videotaped deposition testimony the FTC plans to present at trial. Lenovo further moves to seal portions of exhibits which will be introduced with Mr. Blumberg's testimony. Although the FTC appreciates that the procedure requested by Lenovo would not require sealing the courtroom when Mr. Blumberg's testimony is played,[1] the FTC opposes the sealing requests themselves as overbroad and not narrowly tailored to seal information meeting the legal standard.

## LEGAL STANDARD

In the Ninth Circuit, courts generally do not grant motions to seal judicial records at trial unless the moving party can show "compelling reasons." *FTC v. DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 840379, at *1 (N.D. Cal. Mar. 3, 2017) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)). This standard originates from a common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The moving party must therefore overcome a "strong presumption" favoring access to all records. *Foltz v. State Farms. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted).

Short of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosures, such as the public interest in understanding the judicial process," the Court should deny a motion to seal records at trial. *DIRECTV*, 2017 WL 840379, at *1 (quoting *Kamakana*, 447 F.3d at 1178-79). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient. *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).[2]

---

[1] Lenovo does not request that any testimony be played in a closed courtroom. Instead, Lenovo requests that the Court allow confidential information to "be discussed and disclosed in the Courtroom" but redact deposition excerpts from the final trial transcript, and turn off public video monitors when displaying certain trial exhibits. *See* Proposed Order, ECF No. 1072-1, at 2.

[2] Courts often treat requests to seal the courtroom entirely (a request not made here) with additional skepticism. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL

**ARGUMENT**

Specific contractual terms such as "pricing terms, royalty rates, and guaranteed minimum payment terms of patent licensing agreements" are often trade secrets which may be sealed and redacted from court records. Jan. 2, 2019 Order, ECF No. 1066, at 4 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)). In its motion, however, Lenovo seeks to seal testimony describing Qualcomm's licensing practices at a general level and answering high-level questions going to whether Qualcomm has engaged in conduct that is at the heart of the FTC's allegations in this case. *See* Mot. Ex. A, ECF No. 1072-3 ("Tr."), 83:8-84:3; 150:13-19; Tr. 155:20-156:11; Tr. 169-77; Tr. 216-18. The FTC's allegations that Qualcomm engaged in such conduct generally are public. *See*, *e.g.*, Complaint, ECF No. 1, ¶¶ 3(a), 147(b). Lenovo does not explain how answers to questions regarding whether Qualcomm engaged in such conduct with Lenovo are trade secrets that would harm Lenovo's competitive position if revealed.  In any event, testimony at such a general level about the Qualcomm/Lenovo relationship is not the sort of specific price term that warrants sealing.  *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 5505068, at *2 (N.D. Cal. Nov. 13, 2012) (denying sealing request where "the Court cannot see how information at this level of generality could possibly be used to [the movant's] disadvantage").

Lenovo supports its sealing motion with a declaration which states repeatedly that the testimony Lenovo seeks to seal concerns information that "is not publicly known," that "Lenovo maintains this type of sensitive business information in strict confidence," and that "if this sensitive information were to be released to the public, Lenovo's competitors and potential business partners would gain insight into Lenovo's internal business operations and strategy, which would compromise Lenovo's ability to compete in the highly competitive cellular products market."  ECF No. 1072-2 at 2-7 (¶¶ 5-19).[3]  But the mere fact that Lenovo maintains this

5476846, at *4 (W.D. Wash. Nov. 12, 2012) (holding that "[w]itness testimony . . . will be heard in open court, and therefore, if a witness discloses pertinent terms, rates or payments, such information will necessarily be made public").

[3] In certain places, the declaration also notes that some testimony is discussing or quoting documents. *See, e.g.*, ECF No. 1072-2 ¶ 16.

FTC's Opp. to Lenovo Motion to Seal
Case No. 5:17-cv-00220-LHK

1   information in confidence does not warrant sealing. *See, e.g.*, *UCP Int'l Co. Ltd. v. Balsam*

2   *Brands Inc.*, 252 F. Supp. 3d 828, 835 (N.D. Cal. 2017) (citation omitted). And Lenovo's

3   conclusory assertion of harm provides no specific reasons why Lenovo would suffer harm, as the

4   standard requires. *See, e.g.*, *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at

5   *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of 'unfair advantage' to competitors

6   without explaining 'how a competitor would use th[e] information to obtain an unfair advantage'

7   is insufficient.") (quoting *Dunbar v. Google, Inc.*, No. 12–cv–003305–LHK, 2012 WL 6202719,

8   at *4–*5 (N.D.Cal. Dec. 12, 2012)); *Welle v. Provident Life & Accident Ins. Co.*, No. 3:12-cv-

9   3016-EMC, 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013) ("[A]lthough [defendant]

10   identifies the information at issue as proprietary and confidential, it does not provide reasons

11   beyond the boilerplate references to competitive disadvantage if the information were publicly

12   available."). The court should deny Lenovo's request to seal the transcript.

13           Lenovo's request to seal trial exhibits is also overbroad. Lenovo seeks to seal trial exhibits

14   which are years old, with no specific explanation of why the information in them would still be

15   helpful to competitors or detrimental to Lenovo. *See, e.g.*, CX2079 (2013 email) (Blumberg Decl.

16   Ex. B, ECF No. 1072-4). The FTC is generally not opposed to sealing portions of trial exhibits

17   and not displaying those portions on public monitors when trial exhibits contain true trade secrets

18   (should this be technically possible).  However, Lenovo seeks to seal trial exhibits concerning

19   years-old Lenovo-Qualcomm negotiations, without any explanation as to why this information is

20   still sensitive or any tailoring to the specific terms that warrant sealing. Courts deny such

21   requests. *See, e.g.*, *DIRECTV*, 2017 WL 840379, at *2.

22

23

24

25

26

27

28

1 | Dated:  January 3, 2019

2

3 Respectfully submitted,

FEDERAL TRADE COMMISSION

5 */s/ Jennifer Milici*
Jennifer Milici
6 Joseph R. Baker
Philip J. Kehl
7 Daniel Matheson
Aaron Ross
8 Mark J. Woodward
Federal Trade Commission
9 600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
10 (202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov
11
**Attorneys for Federal Trade Commission**