SIDLEY AUSTIN LLP
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
One South Dearborn
Chicago, IL 60603
312-853-7000 – Telephone
312-853-7036 – Facsimile

SIDLEY AUSTIN LLP
Nathan A. Greenblatt (SBN 262279)
ngreenblatt@sidley.com
1001 Page Mill Road, Bldg. 1
Palo Alto, CA  94304
650-565-7000 – Telephone
650-565-7100 – Facsimile

Attorneys for Non-Party HUAWEI DEVICE USA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No. 5:17-cv-00220-LHK |
| Plaintiff, | ) |
| v. | ) **HUAWEI'S MOTION TO SEAL CERTAIN TRIAL TESTIMONY AND EXHIBITS** |
| QUALCOMM INCORPORATED, | ) |
| Defendant. | ) |

Pursuant to Civil Local Rule 79-5 and the Court's Pretrial Conference Order (Dkt. 1003), third party Huawei Device USA, Inc. ("Huawei") respectfully moves the Court to permit sealing of certain trial testimony and exhibits that contain Huawei confidential information.

The Court's Pretrial Conference Order provides that "[b]y December 17, 2018, each party shall provide notice to third parties of any third-party confidential information that may be disclosed at trial, so that the third party may seek to seal their information…This December 17, 2018 deadline applies to deposition testimony, trial testimony, and demonstratives." Dkt. 1003 at 1. Huawei received the requisite notices from the parties on the deadline, notified the parties of specific information Huawei might move to seal on December 28, 2018 as the parties requested, and received a revised (narrowed) notification from the FTC on December 31, 2018 and Qualcomm on January 2, 2018 identifying information that the parties intend to introduce on January 4, 2018.

Huawei now moves to seal the following designated deposition testimony and exhibits that it understands the parties intend to introduce at trial on or about January 4, 2018 because they reflect the terms of confidential license agreements and/or information relating to on-going confidential license negotiations, the public disclosure of which would harm Huawei's competitive standing:

| Document | Party Claiming Confidentiality | Portions to be Sealed | Relevant Standard for Sealing | Basis for Sealing & Any Explanations |
|---|---|---|---|---|
| Deposition Testimony of Nanfen (Nancy) Yu ("Yu Deposition") (Exhibit 1 hereto) | Huawei Device USA, Inc. ("Huawei") | 47:17-48:14; 70:3-5; 70:8-9; 70:12-15; 70:20-23; 116:7-8; 116:13-16; 116:19-20; 121:6-11; 122:5-11; 122:21-123:1; 132:13-24; 160:22-161:7; 162:2-5; 185:7-186:4; 195:23-196:13; 218:2-7; 218:18-21[1] | Compelling reasons | Declaration of Steven M. Geiszler In Support of Huawei's Motion to Seal ("Geiszler Declaration") ¶¶ 4-5 |
| CX-1101 (Exhibit 2 hereto) | Huawei | Pages 2-3 (Huawei-Qualcomm-00012572 to 73) | Compelling reasons | Geiszler Declaration ¶¶ 4-5 |

---

[1] For the Court's convenience, these portions have been highlighted in yellow in Exhibit 1 hereto. Huawei notes that the Yu Deposition contains other confidential information that Huawei does not seek to seal at this time, because the parties have not indicated to Huawei that they plan to introduce those portions at trial. This motion addresses only the specific portions identified by the parties.

| JX-022 (Exhibit 3 hereto) | Huawei | Entire document | Compelling reasons | Geiszler Declaration ¶¶ 4-5 |
| --- | --- | --- | --- | --- |
| JX-027 (Exhibit 4 hereto) | Huawei | Entire document | Compelling reasons | Geiszler Declaration ¶¶ 4-5 |
| JX-097 (Exhibit 5 hereto) | Huawei | Entire document | Compelling reasons | Geiszler Declaration ¶¶ 4-5 |
| JX-098 (Exhibit 6 hereto) | Huawei | Entire document | Compelling reasons | Geiszler Declaration ¶¶ 4-5 |

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598). The United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. The Ninth Circuit has held, and this Court has previously ruled, that "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements plainly constitute trade secrets, and are thus sealable. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *accord* Dkt. 135 at 4.

Here, as explained in the accompanying Declaration of Steven M. Geiszler ("Geiszler Decl."), the identified portions of the parties' designations of the Yu Deposition disclose royalty rates paid to Qualcomm, monetary amounts that Qualcomm claims Huawei owes, details of on-going license negotiations, and specific license provisions regarding rights obtained by Huawei or Qualcomm, in license agreements between Huawei Technologies Co. Ltd. and its foreign affiliates

1  and Qualcomm.  Geiszler Decl. ¶ 4; *see* Exhibit 1 (yellow highlighted portions).  Exhibit CX-1101

2  discloses proposed license agreement terms, including royalty rates, regarding ongoing negotiations

3  between Huawei and Qualcomm.  Geiszler Decl. ¶ 4; *see* Exhibit 2.  Exhibit CX-1011 also discloses

4  specific terms of Qualcomm license agreements.  *Id.*  Exhibits JX-022, JX-027, JX-097, and JX-098

5  are license agreements between Qualcomm and Huawei.  Geiszler Decl. ¶ 4; *see* Exhibits 3-6.[2]

6       Huawei has a strong business interest in maintaining the confidentiality of its license terms

7  and ongoing negotiations with Qualcomm, including royalty rates and the other information

8  identified above.  Geiszler Decl. ¶ 5.  Within Huawei, access to such confidential information is

9  restricted.  Consistent with Huawei's continuous efforts to ensure that its confidential licenses and

10 negotiations are not disseminated more widely than necessary, the documents containing this

11 information were produced as "HUAWEI CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

12 ONLY" pursuant to the Supplemental Protective Order. (Dkt. 218).  *Id.*  Public disclosure of this

13 information would create an asymmetry between Huawei and its competitors and would hurt

14 Huawei's competitive standing.  *Id.*  Disclosing this information would disadvantage Huawei when

15 negotiating with other licensors and licensees.  *Id.*

16      Accordingly, Huawei respectfully moves to seal the above-listed information at trial.

17 Dated: January 3, 2019                          Respectfully submitted,

18                                                 SIDLEY AUSTIN LLP

19

20                                                 */s/ David C. Giardina*
                                                    David C. Giardina (*pro hac vice*)
21                                                 dgiardina@sidley.com
                                                    SIDLEY AUSTIN LLP
22                                                 One South Dearborn
                                                    Chicago, IL 60603
23                                                 312-853-7000 – Telephone
                                                    312-853-7036 – Facsimile

24                                                 *Attorneys for Huawei Device USA, Inc.*

---

[2] Huawei has filed each exhibit to this motion under seal.  Huawei understands that the parties will introduce public versions of the exhibits, such as non-confidential portions of deposition testimony, during trial.

# CERTIFICATE OF SERVICE

I declare that I, Nathan A. Greenblatt, am employed by the firm of Sidley Austin LLP, located at 1001 Page Mill Road, Building 1, Palo Alto, CA 94304.

I declare that on January 3, 2019, I served a true and correct unredacted copy of Exhibits 1, 2, 3, 4, 5 and 6 to Huawei's Motion to Seal Certain Trial Testimony and Exhibits by electronically mailing it to the following addresses:

Geoffrey Holtz            gholtz@morganlewis.com
Morgan Lewis & Brockius LLP
101 Park Avenue
New York, NY  10178-0061

Kent Cox            kcox@ftc.gov
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC  20580

I certify under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated:  January 3, 2019            */s/ Nathan A. Greenblatt*
           Nathan A. Greenblatt