1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12   FEDERAL TRADE COMMISSION,

13           Plaintiff,

14       v.

15   QUALCOMM INCORPORATED,

16           Defendant.

17

Case No. 17-CV-00220-LHK

**ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 1072, 1084, 1089, 1090, 1094

18       Before the Court are motions to seal filed by the following third parties: (1) Lenovo, ECF

19   No. 1072; (2) Pegatron and Wintron, ECF No. 1084; (3) Huawei, ECF No. 1089; and (4)

20   Samsung, ECF No. 1090.  The motions all concern evidence that Plaintiff Federal Trade

21   Commission ("FTC") and Defendant Qualcomm Incorporated ("Qualcomm") plan to present at

22   trial on January 4, 2019.  The FTC has opposed Lenovo's motion to seal, ECF No. 1088, and

23   Huawei's motion to seal.  ECF No. 1096.  Pegatron also represents that the FTC and Qualcomm

24   oppose portions of Pegatron's motion to seal, although neither party has filed an opposition.  ECF

25   No. 1084 at 2–3.  For the following reasons, the Court GRANTS in part and DENIES in part the

26   third parties' motions to seal.

27

28   Case No. 17-CV-00220-LHK
     ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO
     FILE UNDER SEAL

1    "Historically, courts have recognized a 'general right to inspect and copy public records

2   and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

3   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

4   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong

5   presumption in favor of access is the starting point."  *Id.* (internal quotation marks omitted).

6    Parties seeking to seal judicial records relating to motions that are "more than tangentially

7   related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

8   1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

9   supported by specific factual findings that outweigh the general history of access and the public

10  policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and

11  citation omitted).  Compelling reasons justifying the sealing of court records generally exist "when

12  such 'court files might have become a vehicle for improper purposes,' such as the use of records to

13  gratify private spite, promote public scandal, circulate libelous statements, or release trade

14  secrets."  *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the

15  production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

16  litigation will not, without more, compel the court to seal its records."  *Id.*

17   As explained, in *Kamakana*, the Ninth Circuit held that compelling reasons exist to seal

18  court records when the records may be used to "release trade secrets."  447 F.3d at 1179 (citing

19  *Nixon*, 435 U.S. at 598).  Moreover, "the common law right of inspection has bowed before the

20  power of a court to insure that its records are not used . . . as sources of business information that

21  might harm a litigant's competitive standing."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

22  C9r. 2008) (quoting *Nixon*, 435 U.S. at 598).  The Ninth Circuit has held, and this Court has

23  previously ruled, that "pricing terms, royalty rates, and guaranteed minimum payment terms" of

24  patent licensing agreements plainly constitute trade secrets, and are thus sealable.  *Id.*; *accord* ECF

25  No. 135 at 4.

26   To the extent that the instant motions seek to seal information that, if published, may harm

27
                                                    2

28  Case No. 17-CV-00220-LHK
    ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO
    FILE UNDER SEAL

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1 might harm third parties' competitive standing and divulges terms of confidential contracts,

2 contract negotiations, or trade secrets, the Court agrees that compelling reasons exist to seal this

3 information.  However, not all of the information that the third parties seek to seal meets the

4 compelling reasons standard.  For example, Lenovo seeks to seal portions of the deposition

5 testimony of Ira Blumberg that refer only generally to Blumberg's "understanding" about

6 Qualcomm's past conduct related to unspecified customers even though Qualcomm and FTC do

7 not seek to seal such information.  *See, e.g.*, ECF No. 1072-3, 45:1-4.

8            Accordingly, with the Ninth Circuit's sealing case law in mind, the Court rules on the

9 instant motions to seal as follows:

10

| Motion to Seal and Requesting Party | Document | Page/Line | Ruling |
|---|---|---|---|
| ECF No. 1072, Lenovo | Blumberg Deposition | 44:23-45:16 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 71:19-72:8 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 83:8-84:3 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 150:13-19 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 155:20-24, 156:2-11 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 158:21-160:15 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 161:6-21 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 169:1-171:7 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 171:20-173:7 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 173:12-176:12 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 176:16-177:3 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 178:20-179:18 | GRANTED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Motion to Seal and Requesting Party | Document | Page/Line | Ruling |
|---|---|---|---|
| ECF No. 1072, Lenovo | Blumberg Deposition | 197:15-20, 198:4-199:11 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 214:20-215:5 | DENIED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | Portions from 216:14-218:24 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 253:14-254:2 | GRANTED. |
| ECF No. 1072, Lenovo | Blumberg Deposition | 275:18-276:6 | GRANTED. |
| ECF No. 1072, Lenovo | Portions of License Agreement, Exhibit B to ECF No. 1072 | All requested portions | GRANTED. |
| ECF No. 1072, Lenovo | Portions of License Agreement, Exhibit C to Blumberg Dep. | All requested portions | GRANTED. |
| ECF No. 1072, Lenovo | Portions of License Agreement, Exhibit C to ECF No. 1072 | All requested portions | GRANTED. |
| ECF No. 1072, Lenovo | Portions of License Agreement, Exhibit D to ECF No. 1072 | All requested portions | GRANTED. |
| ECF No. 1072, Lenovo | Portions of License Agreement, Exhibit E to ECF No. 1072 | All requested portions | GRANTED. |
| ECF No. 1072, Lenovo | Portions of License Agreement, Exhibit F to ECF No. 1072 | All requested portions | GRANTED. |
| ECF No. 1084, Pegatron and Wistron | JX0042 | All requested portions | GRANTED. |
| ECF No. 1084, Pegatron and Wistron | Chong Deposition | 246:3, 246:5, 246:12, 251:14, 251:16, 251:18, 361:5 | DENIED. |
| ECF No. 1084, Pegatron and Wistron | JX0053 | All requested portions | GRANTED. |
| ECF No. 1084, Pegatron and Wistron | Yang Deposition | 104:6, 104:14 | DENIED. |
| ECF No. 1089, Huawei | Yu Deposition | 47:17-48:14 | GRANTED. |

4

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

United States District Court
Northern District of California

| ECF No. 1089, Huawei | Yu Deposition | 70:3-5 | GRANTED. |
|---|---|---|---|
| ECF No. 1089, Huawei | Yu Deposition | 70:8-9 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 70:12-15 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 70:20-23 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 116:7-8 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 116:13-16 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 116:19-20 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 121:6-11 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 122:5-11 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 122:21-123:1 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 132:13-24 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 160:22-161:7 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 162:2-5 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 185:7-186:4 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 195:23-196:13 | GRANTED. |
| ECF No. 1089, Huawei | Yu Deposition | 218:2-7 | DENIED. |
| ECF No. 1089, Huawei | Yu Deposition | 218:18-21 | GRANTED. |
| ECF No. 1089, Huawei | CX-1101 | Pages 2-3 | GRANTED. |
| ECF No. 1089, Huawei | JX-022 | Entire Document | GRANTED. |
| ECF No. 1089, Huawei | JX-027 | Entire Document | GRANTED. |
| ECF No. 1089, Huawei | JX-097 | Entire Document | GRANTED. |
| ECF No. 1089, Huawei | JX-098 | Entire Document | GRANTED. |

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| ECF No. 1090, Samsung | Qualcomm Trial Evidence | All requested portions | GRANTED. |
|---|---|---|---|

**IT IS SO ORDERED.**

Dated: January 3, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 17-CV-00220-LHK
ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

United States District Court
Northern District of California