REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven @cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>    v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S HIGH PRIORITY OBJECTIONS FOR<br>JANUARY 7, 2019 TRIAL DAY** |

Pursuant to the Court's October 24 Case Management Order (ECF No. 922), Qualcomm respectfully submits the following high priority objections for the January 7, 2019 Trial Day 2.

1 **QC HPO No.1.   Qualcomm objects to the deposition testimony of third-party**
2 **witness Mark Davis at 240:7-9 on the grounds that Mr. Davis lacks personal knowledge to**
3 **provide that testimony, FRE 602**.  Mr. Davis is a former employee of modem chip supplier
4 VIA Telecom.  The FTC seeks to admit Mr. Davis's testimony that "███████████
5 ███████████████████████████████████████████████████████████████
6 ███████████████ (Davis Tr. 240:7-9.)  Mr. Davis's testimony is speculative and
7 without foundation.  He has no personal knowledge ████████████████████████
8 ████████████████████████████████████████.  Under FRE 602, the
9 FTC must establish that Mr. Davis has "personal knowledge of the matter" he is testifying about.
10 *Gwynn v. City of Philadelphia*, 719 F.3d 295, 304 (3rd Cir. 2013) (offering party has burden to
11 establish foundation); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir.
12 2001) (excluding testimony based on speculation).  The Court should exclude this designation.
13 **QC HPO No. 2.   Qualcomm objects to the deposition testimony of third-party**
14 **witness Mark Davis at 260:12-261:19 on the grounds that Mr. Davis lacks personal**
15 **knowledge to provide that testimony, FRE 602, and that the testimony constitutes hearsay**
16 **under Rule 802**.  The FTC asked Mr. Davis to testify ████████████████████
17 ███████████████████████████████████████████████████████████████
18 ███████████████████████████████████████████████████████████
19 (Davis Tr. 260:12-21.)  The FTC then asked him to elaborate further on what he was told:
20 ████████████████████████████████████████  His response, █████
21 ████████████████████████████████████, is also hearsay.  (Davis Tr.
22 260:12-261:19.)  Mr. Davis, who was employed by a chip supplier, also ████████
23 ██████████████████████████████████████████████  The Court should
24 exclude this testimony.
25 **QC HPO No. 3.   Qualcomm objects to the deposition testimony of third-party**
26 **witness Mark Davis at Tr. 254:21-255:24 and 266:1-266:18 on the grounds that Mr. Davis**
27 **lacks personal knowledge to provide that testimony, FRE 602**.  In this testimony, █████
28

1  ▊
2  ▊ When asked for " ▊ " on this
3  subject, he states that " ▊
4  ▊ " – and then speculates further about
5  why he ▊ . (Davis
6  Tr. 254:21-255:24.)  He later expounds on why he " ▊
7  ▊ " (*Id*. 266:1-266:18 (emphasis added).)  But Mr. Davis, who was employed by
8  a modem chip supplier and not a handset supplier, ▊
9  ▊ This testimony should be
10 excluded under Rule 602.
11 **QC HPO No. 4.**  **Qualcomm objects to the deposition testimony of third-party**
12 **witness Andrew Hong at Tr. 139:23-140:5 and 173:7-10 on the grounds that Mr. Davis**
13 **lacks personal knowledge to provide that testimony, FRE 602.**  Mr. Hong is an employee of
14 Samsung Electronics Co. Ltd.  The FTC seeks to admit testimony from Mr. Hong ▊
15 ▊
16 ▊
17 With regard to the failure of the joint venture, Mr. Hong testified that he had " ▊
18 ▊ " and that he was not ▊
19 ▊ . (Hong
20 Tr. 139:3-6.)  The Court should therefore exclude his testimony appearing at 139:23-140:5 and
21 173:7-10 as to why the joint venture failed.   Mr. Hong's testimony on these issues is
22 inadmissible speculation, or, at best, based on inadmissible hearsay.  FRE 602, 802; *Carmen*, 237
23 F.3d at 1026.
24 **QC HPO No. 5**.  **Qualcomm also objects to the FTC's use of exhibit CX2621A,**
25 **which contains inadmissible hearsay, and the related testimony of Mr. Hong for which he**
26 **had no personal knowledge or otherwise lacks foundation, specifically:  161:6-162:24**.
27 ▊
28

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The FTC offers Mr. Hong's testimony regarding

2  CX2621A and what "▮▮▮▮▮▮▮▮▮▮▮▮" (*Id*. at 161:21-22.)  But Mr. Hong ▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮ and thus not "▮▮▮▮▮▮▮▮▮▮▮▮▮" (*Id.* 161:16-17.)  Mr.

4  Hong in fact testified that he was ▮▮▮▮▮▮▮▮▮▮▮▮▮ and was ▮▮▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮ or some other, undefined document.  (*Id.* at 160:9-12.)  Mr. Hong cannot

6  authenticate the document.  FRE 901.  Nor can he testify as to its contents.  Both CX2621A and

7  the testimony concerning it are therefore inadmissible hearsay.

8        **QC HPO No. 6.**  **Qualcomm objects to CX3549 which contains hearsay that cannot**

9  **be rehabilitated**.  CX3549 is an internal MediaTek email that contains at least two layers of

10  hearsay that fail to satisfy any hearsay exception.  *See Padilla v. Terhune*, 309: F.3d 614, 621

11  (9th Cir. 2002) (ruling that "hearsay including within hearsay" is not admissible if "each link in

12  the hearsay chain" does not "conform[] to a separate hearsay exception.").  Specifically, CX3549

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (CX3549 at -004-5.)  The FTC has identified Mr. Moynihan as the

16  sponsor of CX3549, but he testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Moynihan

17  Tr. 435: 17-436:1.)  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮" are out-of-court declarants.  Thus, if offered

18  to prove the truth of the matters asserted, CX3549 contains hearsay within hearsay in violation of

19  Rule 805 that cannot be rehabilitated or cured by Mr. Moynihan's in-court testimony.  CX3549

20  should be excluded.

21        **QC Response to FTC HPO No. 1.**  The FTC objects to Qualcomm's completeness

22  designation of testimony from Mr. Hong in two lines of questioning that the FTC designated

23  from on pp. 78-82 (specifically 80:25-81:1 and 81:4-81:6, as well as in a subsequent passage on

24  98:3-18) and 137-141 (specifically 137:25-138:3, 138:21-139:6, 140:6-140:8, 140:14-140:16).

25        Specifically, in testimony designated by the FTC in the first passage, Mr. Hong testifies

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Hong Tr. at 78:17-24; 81:14-

27  21).  Qualcomm's completeness designation makes clear that Mr. Hong was ▮▮▮▮▮▮▮▮▮

28

1  █████████████████████████████████████████████████████
2  ████████████████████████ (*Id.* at 80:25-81:1; 81:4-6; and, in one subsequent passage,
3  98:3-18.)
4        In the second passage, Mr. Hong testified ███████████████████████████
5  ████████████████████████████████████████████████████████████
6  ████████████ (Hong Tr. 136:25-137:11, 139:23-140:5; 169:8-16; 170:13-171:4; 172:10-
7  173:10; 176:3-16).  Omitted from this testimony but captured by Qualcomm's completeness
8  designations is Mr. Hong's testimony that ████████████████████████████████
9  ████████████████████████████████████ (*Id.* at 137:25-138:3; 138:21-
10  139:6; 140:14-16) and that ████████████████████████████████████
11  █████. (*Id.* at 140:6-8.)
12        A party is permitted to introduce all or part of recorded statement that in fairness ought to
13  be considered at the same time as an adverse party's recorded statement.  *See* Fed. R. 106.
14  Completeness designations are proper when they "[p]rove context for deposition excerpts
15  already introduced" or "provide the court with a clearer understanding of the testimony" of the
16  witness.  *Apple iPod iTunes Litig.*, 2009 WL 10678937 (N.D. Cal. Nov. 20, 2009.)  Qualcomm's
17  completeness designations to Mr. Hong's deposition transcript are closely related to testimony
18  designated by the FTC—often following it by a few lines—and are necessary to avoid the
19  misunderstandings or misleading impressions Rule 106 was designed to prevent.  Qualcomm's
20  completeness designations are limited and necessary to avoid misleading presentation of
21  evidence and "prove context" to "provide the court with a clearer understanding of the
22  testimony".  *Apple iPod iTunes Litig.*, 2009 WL 10678937, at *1.
23        **QC Response to FTC HPO No. 2**.  The FTC objects to statements made by Qualcomm
24  and third parties in QX9233.  In this document, ████████████████████████
25  ████████████████████████████████████████████████████████████
26  ████████████████████████████████████████████████████████████
27  ████████████████████████████████████████████████████████████
28

1   [REDACTED] (QX9233 at -7212.) [REDACTED]

2   [REDACTED] (*Id.*)

3   The FTC's objection to this document is premature, and the Court should reserve ruling

4   on it until it is [REDACTED]

5   and can give non-hearsay testimony regarding it [REDACTED]

6   [REDACTED] The FTC's objection is best addressed in the context of [REDACTED]

7   Moreover, an exception to the rule against hearsay is for statements concerning the declarant's

8   "then-existing statement of mind". FRE 803(3). [REDACTED]

9   [REDACTED]

10  [REDACTED]. These statements are also highly relevant, [REDACTED]

11  [REDACTED]

12  [REDACTED]

13  [REDACTED]

14  [REDACTED]. *See SmithKlineBeecham Corp. v. Abbott Labs*, 2014 WL 6664226,

15  *4 (N.D. Cal. Nov. 24, 2014). QX9233 is admissible and the Court should not exclude it.[1]

16  **QC Response to FTC HPO No. 3**. The FTC also objects to QX9252 as hearsay.

17  [REDACTED]

18  [REDACTED]

19  [REDACTED] (QX9252 at -2704.) QX9252 is admissible as proof of

20  [REDACTED]. That is not

21  hearsay. QX9252 is admissible and the Court should not exclude it, but rather review its

22  admissibility in [REDACTED]

23  **QC Response to FTC HPO No. 4.** The FTC also objects to the statement made by

24  [REDACTED] under Rule 602. That statement

---

[1] To the extent the FTC objects to the parenthetical sentence beginning "At the meeting last week", Qualcomm does not intend to introduce that statement for the truth of the matter asserted.

███████████████████████████████████████████████████████████████████

██████████████████████████████████████. (QX9233 at -7212.) ███████████████████████████████████████████████████████ and had personal knowledge sufficient to form a view, based on his own personal observations, ███████████████████████████████████████████████████████ The document is admissible ██████████████████████████████████████████████ and specifically for ████████████████████████████████████████ (QX9233 at -7212.)  The Court should deny the FTC's 602 objection to QX9233, but rather review its admissibility in the ████████████████████████.

**QC Response to FTC HPO No. 5.** The FTC raises a hearsay objection to QX9308.  That objection is premature. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (CX9308 at 0231-241.)  The FTC also appears to object to █████████████████████████████████████████████████████████████████████████████████████████ (*Id.*)  Each of these statements was made by ████████████████████████████████████ The document should be evaluated in the context of his testimony.  Moreover, to the extent these statements are offered to show that ████████████████████████████████████████████, they are not offered for the truth of the matter asserted and thus do not even potentially constitute hearsay.

Dated: January 4, 2019					Respectfully submitted,


						CRAVATH, SWAINE & MOORE LLP

						*s/ Gary A. Bornstein*
						Gary A. Bornstein
						Yonatan Even
						   Worldwide Plaza
						      825 Eighth Avenue
						         New York, NY 10019
						            Telephone:  (212) 474-1000
						               Facsimile:  (212) 474-3700
						                  gbornstein@cravath.com
						                  yeven@cravath.com

						Robert A. Van Nest
						Eugene M. Paige
						Justina K. Sessions
						KEKER, VAN NEST & PETERS LLP
						   633 Battery Street
						      San Francisco, CA 94111
						         Telephone:  (415) 676-2289
						            Facsimile:  (415) 397-7188
						               rvannest@keker.com
						               epaige@keker.com
						               jsessions@keker.com

						Richard S. Taffet
						MORGAN, LEWIS & BOCKIUS LLP
						   101 Park Avenue
						      New York, NY 10178
						         Telephone:  (212) 369-6000
						            Facsimile:  (212) 309-6001
						                richard.taffet@morganlewis.com

						Geoffrey T. Holtz
						MORGAN, LEWIS & BOCKIUS LLP
						   One Market, Spear Street Tower
						      San Francisco, CA 94105
						         Telephone:  (415) 442-1000
						            Facsimile:  (415) 442-1001
						               donn.pickett@morganlewis.com
						               geoffrey.holtz@morganlewis.com

|   |
|---|
| *Attorneys for Qualcomm Incorporated* |