Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO SAMSUNG'S MOTION TO SEAL TRIAL TESTIMONY**<br><br>Courtroom: 7, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

Samsung has moved to seal designated deposition testimony and exhibits that it understands the parties intend to introduce at trial on or about January 7, 2019. While the FTC does not oppose sealing proposed exhibits, the FTC opposes Samsung's request to seal deposition testimony to be played by videotape at trial. The testimony Samsung seeks to seal is general in nature and Samsung's motion does not meet the "compelling reasons" standard for sealing trial testimony.

## LEGAL STANDARD

In the Ninth Circuit, courts generally do not grant motions to seal judicial records at trial unless the moving party can show "compelling reasons." *FTC v. DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 840379, at *1 (N.D. Cal. Mar. 3, 2017) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)). This standard originates from a common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The moving party must therefore overcome a "strong presumption" favoring access to all records. *Foltz v. State Farms. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted).

Short of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosures, such as the public interest in understanding the judicial process," the Court should deny a motion to seal records at trial. *DIRECTV*, 2017 WL 840379, at *1 (quoting *Kamakana*, 447 F.3d at 1178-79). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient. *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).[1]

## ARGUMENT

Samsung's motion to seal designated deposition testimony of Eushuk Andrew Hong (Vol. I, 162:15-24) does not meet the "compelling reasons" standard for sealing trial testimony.[2] The

---

[1] Courts often treat requests to seal the courtroom entirely with additional skepticism. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (holding that "[w]itness testimony . . . will be heard in open court, and therefore, if a witness discloses pertinent terms, rates or payments, such information will necessarily be made public").

[2] For the reasons stated in the FTC's response to Qualcomm's pending High Priority Objection to this testimony, the testimony is admissible. ECF No. 1103, at 3-4 (re Qualcomm Day 2 HPO #5).

testimony is at a high level of generality and does not disclose specific terms or strategies. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 5505068, at *2 (N.D. Cal. Nov. 13, 2012) (denying sealing request where "the Court cannot see how information at this level of generality could possibly be used to [the movant's] disadvantage"). In addition, the testimony immediately follows designated testimony covering the same subject matter, which Samsung has not sought to seal. *See* Hong Dep. 162:1-14.[3]

Samsung attempts to support its sealing motion with a declaration that states that public disclosure of the designated testimony would "harm Samsung in future sales negotiations." ECF No. 1112-1, at 2 (¶ 5). But given the nature of the testimony and the level of generality, it is hard to see how. *See Welle v. Provident Life & Accident Ins. Co.*, No. 3:12-cv-3016-EMC, 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013) ("[A]lthough [defendant] identifies the information at issue as proprietary and confidential, it does not provide reasons beyond the boilerplate references to competitive disadvantage if the information were publicly available."). The declaration further states that Samsung generally "guards the secrecy" of the information it seeks to seal. *Id.* at 4-5 (¶ 10). But the mere fact that Samsung maintains this information in confidence does not warrant sealing. *See, e.g.*, *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 835 (N.D. Cal. 2017) (citation omitted). The Court should deny Samsung's request to seal videotaped deposition testimony.

The FTC does not oppose Samsung's request to seal proposed exhibits, including confidential business contracts.[4] Sealing exhibits, including confidential contracts, do not present the same concerns as sealing live or videotaped courtroom testimony.

Samsung's request to seal videotaped deposition testimony to be played at trial should be denied.

---

[3] Testimony about this subject matter generally has been publicly presented in this Court. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-cv-630-LHK, ECF No. 1716, Transcript of Trial Proceedings for April 14, 2014, at 2682:17-19, 2785:7-8.

[4] Samsung appears not to have proffered redacted public copies of contracts it seeks to seal, which would be preferable from a public disclosure standpoint, but the FTC is sensitive to the time pressure and burden on third parties in this case.

Dated: January 4, 2019

                                          Respectfully submitted,

                                          FEDERAL TRADE COMMISSION

*/s/ Jennifer Milici*
Jennifer Milici
J. Alexander Ansaldo
Daniel Matheson
Mark J. Woodward
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

***Attorneys for Federal Trade Commission***

3

FTC'S OPP. TO SAMSUNG MOTION TO SEAL
Case No. 5:17-cv-00220-LHK