Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2300
Facsimile:  303.291.2400

Sarah E. Stahnke, California Bar #264838
SStahnke@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4489
Facsimile: 650.838.4350

**ATTORNEYS FOR NON-PARTY BROADCOM CORPORATION**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>  Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>JURY TRIAL DEMANDED<br><br>**NON-PARTY BROADCOM'S ADMINISTRATIVE MOTION TO SEAL (A) LIMITED PORTIONS OF THE SCOTT MCGREGOR DEPOSITION TESTIMONY TO BE PLAYED AT TRIAL AND (B) TRIAL EXHIBIT JX0095** |

Pursuant to Civil Local Rule 7-11, Non-Party Broadcom Corporation ("Broadcom") respectfully submits this Administrative Motion to Seal limited portions of Broadcom's former CEO's (Scott McGregor) deposition testimony and portions of a single exhibit, JX0095, that Plaintiff Federal Trade Commission ("FTC") and/or Defendant Qualcomm Incorporated ("Qualcomm") have indicated that they intend to introduce at trial. This motion is directed to only a small portion of the Broadcom material that the parties have indicated an intent to use at trial.

Broadcom is a non-party to this case, but in response to broad subpoenas from the FTC and Qualcomm, Broadcom produced hundreds of thousands of pages of documents in this matter. As explained below and in the attached declaration of Patrick Henderson, certain materials that the parties seek to use and introduce at trial contain competitively-sensitive business information. Broadcom risks harm to its business and customer relationships if this information were to be made public. Accordingly, Broadcom respectfully requests that the Court grant Broadcom's motion to seal and order that the information in the chart below be sealed.

At the Court's direction, on December 17, 2018, the FTC and Qualcomm provided Broadcom lengthy lists of Broadcom documents and a large volume of deposition testimony that they indicated they "may" introduce at trial. Despite requests from Broadcom, and despite the fact that the volume of information initially designated was so large that it was not reasonable to believe that it would all be used at trial, the parties would not initially narrow the list of information identified. Therefore, on December 27, 2018, Broadcom provided the FTC and Qualcomm with the list of the testimony and exhibits (created from the parties' own lists of materials that they were indicating that they might use at trial) that Broadcom intended to seek to have sealed and requested that the FTC and Qualcomm provide their positions on whether they would oppose a motion to seal this material. On January 2, 2019, Broadcom conferred with the FTC and Qualcomm, but both stated that they were not prepared to provide a position. Later, the FTC and Qualcomm finally provided a narrowed list of the testimony they actually intend to play at trial (leaving Broadcom only one business day to get its declaration signed and this motion filed) and narrowed the exhibits on their original list to just one document. Broadcom again

1  requested the parties' position on this motion, since it was then able to correspondingly narrow
2  the scope of this motion to seal.  The FTC, for its part, stated that it opposes this motion.  And
3  Qualcomm seemingly did not even look at the materials subject to this motion such that it could
4  take a comprehensible position, stating only that "We do not oppose sealing with respect to
5  agreements or their terms.  But with respect to business documents and communications,
6  evidence older than 36 months should presumptively not be sealed" and beyond that "Qualcomm
7  does not take any position."  Qualcomm would not, however, explain how this position related to
8  the information Broadcom seeks to seal here.

9  **I.    LEGAL STANDARD**

10         Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
11  documents for the protection of "a trade secret or other confidential research, development, or
12  commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  In addition, the United States Supreme
13  Court has acknowledged that sealing may be justified to prevent judicial documents from being
14  used "as sources of business information that might harm a litigant's competitive standing."
15  *Nixon v. Warner Comm'n, Inc.,* 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.,* 298 Fed.
16  Appx. 568, 569 (9th Cir. 2008) (unpublished) (quoting *Nixon*, 435 U.S. at 598).

17         Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a
18  party "establishes that the documents, or portions thereof, are privileged, protectable as a trade
19  secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  A party seeking to
20  seal a document must submit "narrowly tailor[ed]" requests and overcome the "strong
21  presumption in favor of access" that applies to court documents other than those that are
22  traditionally kept secret.  *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th
23  Cir. 2016).  For filings that are "more than tangentially related to the underlying cause of action,"
24  the declarations must set forth the "compelling reasons supported by specific factual findings"
25  which "outweigh the general history of access and the public policies favoring disclosure,"
26  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citation
27  omitted).

28         Counsel for the FTC has informed Broadcom that the Court has ordered that the

1  "compelling reasons" standard applies to information sought to be sealed at trial.  Further, counsel
2  for the FTC also stated that, at a pretrial conference on December 13, 2018, "Judge Koh []
3  acknowledged that some portion of the pre-recorded deposition testimony to be played at trial may
4  require closed sessions" and that the Court also "indicate[d] a willingness to have the parties shield
5  from public view particularly sensitive commercial information meeting a 'compelling reason'
6  sealing standard, by turning off public monitors and formulating examination questions so as to avoid
7  public disclosure."  *See* Dckt. 1072 at 7, 10.

## II.    FACTUAL BACKGROUND

Non-party Broadcom Corporation is an American semiconductor company that makes products for the wireless and broadband communication industry.  Henderson Decl., ¶4.  Broadcom competes directly with Qualcomm in many fields.  *Id.*  As relevant to this case, Broadcom used to have a baseband processor business, but it exited that business in 2014.  *Id.*  Although Broadcom is no longer in the baseband processor business, Broadcom has relationships with many of its baseband processor customers for other product lines and continues to service them today in other technology fields.  *Id.*  Broadcom's customer relationships and dealings with these customers are of the utmost importance to Broadcom.  *Id.*

In connection with this case, both the FTC and Qualcomm served subpoenas on Broadcom seeking a wide variety of information about Broadcom's business in 2014, including but not limited to the baseband processor business.  Broadcom cooperated with the subpoenas and ultimately produced hundreds of thousands of pages of documents to the FTC and Qualcomm.  These documents, as discussed in greater detail below, included highly-sensitive materials, including Board of Directors minutes, Board of Directors presentations, financial information, and customers communications.  Broadcom also made its former CEO, Scott McGregor, and its former Executive Vice President and General Manager, Robert Rango, available for depositions.  In their depositions, Mr. McGregor and Mr. Rango discussed many of these highly-sensitive topics and materials.

Consistent with the mandate of the Court's Pretrial Conference Order dated December 13, 2018 (Dckt. 1003), the information that Broadcom seeks to seal is:

| Item | Whose Confidential Information | Where Information Appears | Standard For Sealing | Henderson Decl. |
|---|---|---|---|---|
| Deposition Transcript of Scott McGregor | Broadcom | 17:4-18; 19:3-7; 26:19-27-5; 173:20-175:21; 184:9-24; 237:18-239:25. | Compelling reasons | ¶¶8-13 |
| JX0095 | Broadcom | BCRM000251-258, BCRM000260, BCRM000277-292, BCRM000297-307 | Compelling reasons | ¶¶6-7 |

For the Court's convenience, the relevant deposition testimony is attached to Mr. Henderson's declaration as Exhibit A, and JX0095 is attached to Mr. Henderson's declaration as Exhibit B.

### III.  ARGUMENT

The FTC and Qualcomm have indicated they intend at trial on Monday, January 7th to present and introduce the videotaped testimony of many portions of the deposition transcript of Mr. McGregor (Broadcom's former CEO), as well as an exhibit used at that deposition that is the Broadcom Board of Directors minutes for a special Board session.  Accordingly, Broadcom respectfully moves the Court to keep sealed specific, limited portions of that deposition testimony of Mr. McGregor and trial exhibit JX0095 (which was deposition exhibit QX1002). With this motion, Broadcom provides a declaration from Patrick Henderson of Broadcom to support its request to seal these limited portions.

As discussed in detail below and in Mr. Henderson's declaration, the testimony and portions of the Board exhibit that Broadcom seeks to seal contain Broadcom's confidential and sensitive business strategy and analyses, including financial and customer information, which are not publicly known and are maintained in confidence by Broadcom.  With respect to customer information particularly, it is important to bear in mind that the customers involved are some of Broadcom's largest and most important customers, who Broadcom works with today for multiple product lines.  If the sensitive information that is subject to this motion were released to the public, moreover, Broadcom's competitors could gain insight into Broadcom's internal business operations and strategy and it could hinder Broadcom's ability to compete in the marketplace.

Because the Declaration of Mr. Henderson discusses the specifics of the information sought to be sealed, Broadcom requests that his declaration be sealed as well.

### A.  JX0095

Broadcom respectfully requests that the Court seal the indicated portions of JX0095 (*i.e.*, deposition exhibit QX1002, *see* Table above for relevant portions) from public view at trial by not displaying those portions on the public terminals in the courtroom and by not making any copy of those portions or allowing any copy of those portions to be made in any way available to the public.  JX0095 is a copy of minutes from a Broadcom Board of Directors special meeting. It reveals Broadcom information that is regularly considered confidential by this Court, including:  business strategy, customer design wins and customer-related strategy, strategic options for various parts of Broadcom's business, financial information including forecasts, pricing, and revenue, potential M&A transactions, and discussion of strategic customer relationships and goals for those relationships.[1]  This kind of information is kept confidential by Broadcom and not publicly disclosed.  Henderson Decl. ¶¶6-7.  Broadcom's competitors and customers could use this information against Broadcom if it were publicly disclosed.  For example, if customers became aware of Broadcom's strategy related to M&A targets, it could attempt to interfere with those acquisitions.  *Id*.  Likewise, if Broadcom's competitors know Broadcom's confidential financial information about profit margins, it could use that information to its advantage to undercut Broadcom in meetings with Broadcom's customers.  *Id*.  Similarly, if Broadcom's competitors knew Broadcom's view of its most strategic customer and plans for those relationships, it could interfere in Broadcom's dealings with those customers and cause Broadcom competitive harm.  Henderson Decl. *Id*.

This Court regularly seals this kind of competitive business decision-making information. *See FTC v. DirecTV, Inc.*, 15-CV-01129-HSG, 2016 WL 7386133, at *1 (N.D. Cal. Dec. 21, 2016) (granting motion to seal document with containing a "discussion of internal processes,

---

[1] Broadcom redacted some portions of JX0095 before production due to privilege and relevance concerns.  Many of the remaining portions are highly sensitive as well and should also be shielded from public eye.

data tracking tools, web analytics strategy, internal research strategy, and internal operations and business structure"); *FTC v. DirecTV, Inc.*, 15-CV-01129-HSG, 2016 WL 5339797, at *2 (N.D. Cal. Sept. 23, 2016) (granting motion to seal documents that "contain sensitive business information regarding ... Defendant's development strategy and operations"); *Ehret v. Uber Techs., Inc.*, 14-CV-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting motion to seal exhibits that "concern internal discussions about Uber's proprietary business strategy, including pricing and marketing decisions").  Likewise, financial information of the type disclosed here is also regularly sealed.  *See Lawson v. Grubhub, Inc.*, 15-CV-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage" may present compelling reasons to seal) (citation omitted); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 14-CV-02864-JD, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (granting motion to file under seal "detailed sales information for customers that could be used to the company's competitive disadvantage").

### B. McGregor Testimony

Broadcom also seeks to seal the following portions of the McGregor Testimony, discussed by page/line number below.  Broadcom requests that these portions of the deposition testimony be presented in closed sessions of the Court not open to the public.  These excerpts are only a fraction of what the FTC and Qualcomm intend to present in their entirety and are limited to those that would cause Broadcom competitive harm.[2]

**17:4-18; 19:3-7; 26:19-27:5; and 237:18-239:25**

Broadcom seeks to seal 17:4-18, 19:3-7, 26:19-27:5, and 237:18-239:25 of the McGregor testimony.  These portions of the deposition testimony discuss or, in most instances, directly quote from the Board minutes in JX0095.  As discussed above and in Mr. Henderson's declaration, the information in this exhibit, including the specific portions referenced during the

---

[2] Even if the Court denies Broadcom's motion to seal with respect to these portions of the deposition testimony, Broadcom asks that it maintain the portions of JX0095 that are subject to this motion under seal and not display them on the Court monitors.

1  deposition testimony (Broadcom's internal analysis of reasons for exiting the baseband processor
2  business), is highly confidential and could cause harm to Broadcom if publicly known.
3  Henderson Decl. ¶¶8-10, 13.  Such competitive business decision-making information should be
4  sealed, as should the testimony relating to it.  *See FTC v. DirecTV, Inc.*, 2016 WL 7386133, at
5  *1; *FTC v. DirecTV, Inc.*, 2016 WL 5339797, at *2; *Ehret*, 2015 WL 12977024, at *3.

### 173:20-175:21

Broadcom seeks to seal line 20 of page 173 to line 21 of page 175 of the McGregor testimony.  In this testimony, Mr. McGregor discusses Broadcom's relationship with two specific customers, both who remain Broadcom customers today.  Henderson Decl. ¶11.  The testimony describes Broadcom's view of those customer relationships, their strategic value to Broadcom, and how Broadcom leverages its relationships with these customers to support its business.  This information could be harmful to Broadcom if publicly disclosed.  *Id*.

This Court regularly seals this kind of non-public customer information that could be used to the disclosing party's competitive disadvantage.  *See H.Q. Milton, Inc. v. Webster*, 17-CV-06598-PJH, 2017 WL 5625929, at *1 n.1 (N.D. Cal. Nov. 22, 2017) (granting motion to seal "trade secret information, including customer names or pricing information"); *Lawson*, 2017 WL 2951608, at *9 ("customer usage information kept confidential by a company that could be used to the company's competitive disadvantage" may present compelling reasons to seal) (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013)); *FTC v. DirecTV, Inc.*, 2016 WL 5339797, at *2 (granting motion to seal documents that "contain sensitive business information regarding customer feedback"); *Johnstech Int'l Corp.*, 2016 WL 4091388, at *2 (granting motion to seal "product-specific customer data," information that "identifies customers targeted by [Plaintiff]"); *Dynetix Design Sols. Inc. v. Synopsys Inc.,* C 11-CV-05973 PSG, 2013 WL 1366046, at *1 (N.D. Cal. Apr. 3, 2013) (granting motion to seal "documents [that] contain customer information and are kept highly confidential").

### 184:9-24

Finally, Broadcom seeks to seal lines 9 through 24 of page 184 of the McGregor testimony.  These lines discuss Broadcom's costs in the baseband processor business, how it

went about developing chips for this business, and how Broadcom viewed a particular customer relationship. This information could be harmful to Broadcom if publicly disclosed. Henderson Decl. ¶12.

IV. **CONCLUSION**

For these reasons, Broadcom respectfully requests that the Court seal the information described in the chart above.

Dated: January 4, 2019

Respectfully submitted,

 /s/ Amanda Tessar
Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2357
Facsimile:  303.291.2457

Sarah E. Stahnke, California Bar #264838
SStahnke@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4489
Facsimile: 650.838.4350

**ATTORNEYS FOR NON-PARTY BROADCOM CORPORATION**

**PROOF OF SERVICE**

I, Kate Smith, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3150 Porter Drive, Palo Alto, California 94304-1212.

On January 4, 2019, I served a true and correct unredacted copies of the Declaration of Patrick Henderson and Exhibits A and B to Non-Party Broadcom's Motion to Seal by electronically mailing it to the following addresses:

| | |
|---|---|
| Kenneth Hugh Merber<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>202-326-3551<br>Fax: 202-326-3496<br><br>*Counsel for Plaintiff*<br>*Federal Trade Commission* | kmerber@ftc.gov |
| Geoffrey Holtz<br>Morgan Lewis & Brockius LLP<br>101 Park Avenue<br>New York, NY  10178-0061<br><br>*Counsel for Defendant*<br>*Qualcomm Incorporated* | gholtz@morganlewis.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 4, 2019, at Palo Alto, California.

*/s/ Kate Smith*
Kate Smith