KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (pro hac vice)
gbornstein@cravath.com
Yonatan Even (pro hac vice)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (pro hac vice)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom (pro hac vice)
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 17-cv-0220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S OPPOSITION TO NONPARTY MEDIATEK INC.'S ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION** |

Qualcomm opposes MediaTek, Inc.'s ("MediaTek") request to close the courtroom during the testimony of MediaTek's witness, Finbarr Moynihan and to seal two trial exhibits to be used by the FTC (CX3551 and CX3542)[1]. MediaTek's request is unworkable and unfair.

### A. MediaTek's Request to Seal the Courtroom is Unworkable and Unfair

MediaTek seeks an unreasonable order either sealing the courtroom throughout Mr. Moynihan's testimony or, alternatively, during "any questioning by the parties" regarding numerous broad such as MediaTek's margins, profitability, future plans, roadmaps, competitive position, and potential customers. *See* ECF No. 1124 at 1. MediaTek's request is unjustified, contrary to the court's existing practice in this case, and would cause undue delay and burden.

Closing the courtroom for the entirety of Mr. Moynihan's testimony would be unfair and inconsistent with the Court's practice to date. The general topics that MediaTek identifies do not rise to the level of necessitating such an extreme measure.

Its alternative request to close the courtroom on a question-by-question basis is similarly unfair and unworkable. Closing the courtroom depending on the topic of questioning would necessitate a question-by-question determination by the Court as to whether the testimony elicited covers one of these topics. Such a process would be disruptive, waste time, and is unjustified as MediaTek has failed to offer sufficient "compelling reasons" for such an extreme measure.

The Court should not close the courtroom for all or parts of Mr. Moynihan's testimony.

### B. The Documents MediaTek Seals Do Not Meet the Compelling Interest Standard, But Qualcomm Does Not Object to those Document Being Sealed and Not Displayed on the Public Monitor

The two FTC trial exhibits that MediaTek seeks to seal do not meet the "compelling interest" standard.

- CX3542 is a communication from 2015, more than 36 months ago. The parties have previously agreed that materials older than 36 months would presumptively not be sealed—though that presumption could be rebutted.. *See* ECF No. 1067. Moreover, the document merely concerns a "potential" or "prospective" customer.

---

[1] MediaTek also has requested that CX3545 be sealed, but that request is now moot because the Court sustained Qualcomm's HPO objection to that document.

ECF No. 1124 at 3.  The communication does not refer to an actual agreement with a customer or MediaTek's dealings with a customer at that time.

- CX3551 is a high-level presentation from 2017.  MediaTek claims the document discusses "financials, margins, profitability, costs, and future product plans," *id.* at 2, but it asks the Court to indiscriminately seal the entire document.  MediaTek has failed to narrowly tailor its request by identifying the portions of the documents that contain purportedly confidential information, nor has it explained how that specific information is competitively sensitive to such an extent that it meets the "compelling interest" standard.

That said, consistent with practice to date, Qualcomm does not object to having the courtroom's public monitors turned off when these documents are discussed and to having the FTC lodge those exhibits under seal if the court deems that appropriate.

January 6, 2019    By:    /s/ Geoffrey T. Holtz
                              Geoffrey T. Holtz

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLPKEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED