Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Daniel Matheson, D.C. Bar No. 502490
Kenneth H. Merber, D.C. Bar No. 985703
Mark Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> QUALCOMM INCORPORATED, a Delaware corporation, <br><br> Defendant. | Case No. 5:17-cv-00220-LHK <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO BROADCOM'S ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION** |

1    On January 4, 2019, non-party Broadcom Corporation ("Broadcom") filed an administrative motion to seal (1) identified portions of videotaped deposition testimony from Mr. Scott McGregor, which the FTC plans to present on Trial Day 2 (Jan. 7, 2019); and (2) a single exhibit that the FTC will seek to introduce.

The FTC opposes Broadcom's motion. The motion is not narrowly targeted at sensitive business information that would meet the applicable "compelling reasons" standard. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

As a preliminary matter, for Trial Day 2 purposes, Broadcom's motion is moot as to three portions of designated testimony. (McGregor Dep. 17:4-18, 19:3-7, 26:19-27:5.) Qualcomm had identified these testimony excerpts as counter-designations for completeness, but dropped the designations during the HPO process. The FTC will therefore not play this testimony on Trial Day 2.

The remaining designated testimony[1] is general in nature and does not disclose sensitive business information. *See* Order re Samsung Motion to Seal, ECF No. 1123 (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)). As Broadcom notes in its motion, Mr. McGregor's testimony relates to Broadcom's past experience in and exit from the cellular modem chip business. As Broadcom is no longer in the business, the rationale for sealing this information is not clear. In addition, some of the information is public.[2]

Broadcom also seeks to seal portions of a proposed trial exhibit (JX0095). Broadcom's sealing request is also overbroad as to this proposed exhibit. The document dates from May 2014 and, like Mr. McGregor's testimony, relates to a business that Broadcom has exited. The overbreadth of Broadcom's sealing request as to the proposed exhibit is illustrated by the fact that it seeks to seal a press release that is publicly available.[3]

---

[1] McGregor Dep. 237:18-239:25; 173:20-175:21; 184:9-24.

[2] *See* Phil Goldstein, "Broadcom CEO: We were losing $2M per day in cellular baseband biz," Fierce Wireless (Jan. 15, 2015), *available at* https://www.fiercewireless.com/wireless/broadcom-ceo-we-were-losing-2m-per-day-cellular-baseband-biz.

[3] Compare BRCM000251 at -297 to https://www.prnewswire.com/news-releases/broadcom-to-explore-strategic-alternatives-for-cellular-baseband-business-261495831.html

1 | Broadcom's motion to seal should be denied.

Dated:  January 6, 2019

Respectfully submitted,

FEDERAL TRADE COMMISSION,

*/s/ Mark Woodward*
Mark Woodward
Jennifer Milici
Daniel Matheson
J. Alexander Ansaldo
Kenneth H. Merber
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

**Attorneys for Federal Trade Commission**