UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No.17-cv-00220-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT ADMINISTRATIVE MOTION TO SEAL THE JOINT PRETRIAL STATEMENT**<br><br>Re: Dkt. No. 950 |

Before the Court is the joint administrative motion to seal portions of the joint pretrial statement and accompanying exhibits. ECF No. 950. The Court DENIES without prejudice the motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

1

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Applying the compelling reasons standard, the Court finds that the motion to seal the joint pretrial statement is overbroad and includes information that has been publicly disclosed or that is too general to be sealed under the compelling reasons standard. In addition, the motion fails to clearly specify which declarations, if any, support each sealing request.

The parties shall refile one joint motion to seal portions of the joint trial statement. The parties shall include with the joint motion a chart with a row for each portion of any document that is sought to be sealed. The chart shall include four columns that describe: (1) whose confidential information is to be sealed, (2) where the confidential information appears, (3) the number of the paragraph(s) in a specific declaration(s) justifying the sealing of that information under the compelling reasons standard, and (4) any explanations. The parties shall attach to the motion updated versions of all documents to be sealed that reflect only the information that the parties still seek to seal. Consistent with Civil Local Rule 79-5, these attachments shall indicate by highlighting the portions of the document that the parties seek to seal. The parties shall file any such joint motion to seal by January 14, 2019.

**IT IS SO ORDERED.**

2

Case No. 17-cv-00220-LHK
ORDER DENYING WITHOUT PREJUDICE JOINT ADMINISTRATIVE MOTION TO SEAL THE JOINT PRETRIAL STATEMENT

United States District Court
Northern District of California

1   Dated: January 6, 2019

2                                                  _Lucy H. Koh_____

3                                                  LUCY H. KOH
                                                   United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          3

28   Case No. 17-cv-00220-LHK
     ORDER DENYING WITHOUT PREJUDICE JOINT ADMINISTRATIVE MOTION TO SEAL THE JOINT
     PRETRIAL STATEMENT