## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S HIGH PRIORITY OBJECTIONS AND RESPONSES FOR JANUARY 8, 2019 TRIAL DAY** |

Pursuant to the Court's October 24 Case Management Order (ECF No. 922), Qualcomm respectfully submits the following high-priority objections and responses for January 8, 2019.

**Qualcomm's HPO #1 (objection to the written answers of Hwi-Jae Cho of LG Electronics:  13-15, 34, 36, 37, 38(a-d, g, h), 46, 47, 50-52, 61, 65, 66, 86-89, 91, 93, 98-101, 104, 105, 107 and 108, on the grounds that he lacks personal knowledge or foundation for his testimony and because his testimony is hearsay)**

The FTC must establish a foundation for the testimony it presents.  FRE 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").  The FTC seeks to introduce written responses from Mr. Cho of LGE regarding documents and matters about which he lacks personal knowledge; much of it is also hearsay.  These answers are inadmissible under FRE 602 and 802.

*First*, Mr. Cho purports to testify about LGE's chip-related agreements and chip purchases.  (*See* Qs. 13-15, 104-105.)  Specifically, Mr. Cho writes ███████████████ ████████████████████████████████ (Qs. 13-14) and ████████████████████ ██████████████ (Qs. 104, 105).  But Mr. Cho is, and always has been, an employee in LGE's IP Center dealing with patent licensing and prosecution; he has no foundation for testifying about procurement and procurement agreements.  (Qs. 4, 5.)  *Second*, Mr. Cho speculates about the positions LGE took during its ████████████████████ with Qualcomm and its reasons therefor.  (Qs. 36, 37, 38(a)-(d), (g)-(h), 61, 86-89, 91, 93, 98-101, 107, 108.)  As foundation, Mr. Cho claims that, █████ he was ████████" in discussions with Qualcomm and ███████████████████████████████████████ ██████████████████████████████████████████████████".  (Q. 30.)  But Mr. Cho did not ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████, *see* Q. 4); indeed, his purported "████████████████████████ is nowhere explained.  At most, Mr. Cho is reporting about what he heard from other unnamed individuals at LGE, who may (or may not) have personally participated in ████████████████████.  This is not a

proper foundation for the designated responses.  Whereas an executive may sometimes testify about information he had learned from his reports, a low-ranking employee may not testify as to corporate actions and decisions based on his purported understanding of what he may have heard from his superiors.  The distinction here is particularly clear:  Mr. Cho is now the Director of the Intellectual Property Center at LGE, and in that capacity may be presumed to have knowledge of LGE's ████████████████████████  But Mr. Cho may not properly testify as to the ████████████████ based on what he heard ████████████████████ at LGE.  *Third*, Mr. Cho provides answers about the contents of letters exchanged between LGE and Qualcomm executives during ██████████████—letters that he neither sent nor received—and therefore lacks personal knowledge of.  (*E.g.,* Qs. 34, 46, 47, 50-52, 65, 66.)  Mr. Cho's answers should be excluded under FRE 602 and 802.

**Qualcomm's HPO # 2 (objection to CX5260, CX6774, CX6813, CX6816 and CX8117 designated for admission through the testimony of Hwi-Jae Cho for lack of foundation and personal knowledge and hearsay)**

The FTC seeks to admit five documents through Mr. Cho's written answers even though Mr. Cho did not author or receive them.  These documents include ████████████████ (CX5260, CX8117) and a ██████████████████████████ ████████████████ (CX6774, CX6813, CX6816).  To the extent the documents contain statements by persons other than Qualcomm, they also are inadmissible hearsay.  To be clear, Qualcomm would not object on these bases if the FTC sought admission of the documents through a sponsoring witness who could lay proper foundation for them.

**Qualcomm's HPO #3 (objection to designated deposition testimony of Isabel Mahe of Apple for lack of foundation and personal knowledge:  140:15-19, 141:25-142:20, 142:22-143:2, 200:23-201:5, 235:10-15, 273:13-17)**

The FTC has designated portions of Ms. Mahe's deposition testimony in which she speaks at length about an agreement between Apple and Qualcomm about which she has no personal knowledge.  By her own admission, Ms. Mahe "██████████████████████

1    ████████" (Tr. 142:4-6).  Elsewhere, Ms. Mahe makes clear that she was ████████

2    ████████████████████████████████ (Tr. 139:13-15), and that at most

3    ████████████████████████████████████████████████

4    ████████████████. (Tr. 140:6-9.)  When asked about the circumstances under

5    which any agreement was reached, Ms. Mahe responded, "████████████████

6    ████████████████" (Tr. 347:15-18.)  As to the effects of the agreement,

7    Ms. Mahe testified that she "[████████████████████]" any

8    incentive agreement and therefore could "████████████████████████

9    ████████████████████. (Tr. 147:18-22.)  And Ms.

10   Mahe further testified that her views of the effect of the agreements on Apple's choice of

11   supplier was formed "████████████" by others.  (Tr. 142:4-10.)

12        Based on Ms. Mahe's admitted lack of personal knowledge of the Apple-Qualcomm

13   agreement and its impact (if any) on Apple's sourcing decisions, this testimony should be

14   excluded.

15   **Qualcomm's HPO #4 (objection to designated deposition testimony of Todd**

16   **Madderom for lack of foundation and personal knowledge:  212:9-23)**

17        The FTC designates testimony that was provided in response to a question calling for

18   speculation, even though the witness explicitly *testified* that his answer was itself speculation.

19   Mr. Madderom was asked a hypothetical question about the consequences of "████████████

20   ████████████████████████████." (212:9-11.)  The witness prefaced

21   his response with: "████████████████████ (212:12.)  Mr. Madderom's

22   testimony therefore should be excluded.  *Sempra Energy v. Marsh USA, Inc.*, No.

23   CV0705431SJOJCX, 2008 WL 11335050, at *13-16 (C.D. Cal. Oct. 15, 2008) (excluding

24   "speculative" deposition testimony).

25

26

27

28

**Qualcomm's Response to FTC HPO No. 1 (QX9343) (demonstrative filed with FTC's HPOs)**

The FTC's objections to QX9343—a list of certain chips manufactured by Qualcomm that the FTC and its economic expert, Prof. Shapiro, have identified as within the "premium" LTE market—are without basis.  Qualcomm does not seek admission of the demonstrative into evidence.  Nor does it seek to use it to elicit expert testimony from Mr. Wyatt.  Rather, the demonstrative will be used to assist the Court in understanding the testimony of Mr. Wyatt, a VP of Finance at QCT, Qualcomm's chip and software business.  Mr. Wyatt is capable of testifying, in his capacity as a fact witness, concerning the characteristics of the chips identified by the FTC and listed in the demonstrative.  The FTC asserts that the demonstrative is misleading or prejudicial pursuant to FRE 403, but it has not identified any basis supporting that objection; the FTC has never disputed the accuracy of the exhibit.

**Qualcomm's Response to FTC HPO No. 2 (QX9226)**

The FTC objects to statements made by Cristiano Amon and third parties in QX9226 on hearsay, personal knowledge, relevance and completeness grounds.  QX9226 contains an email chain attaching a series of letters signed by Mr. Amon and addressed to various OEMs. Mr. Amon's signature appears on each of the letters in QX9226, and, through his testimony, Mr. Amon will establish his personal knowledge of their contents.  Moreover, the letters are not hearsay because they are verbal acts and are not being offered for the truth of their contents, but rather for their existence and effect on the recipient OEMs.  Qualcomm does not seek to elicit testimony from Mr. Amon about the cover emails to which the signed letters are attached, and has offered to stipulate to the limited admission of QX9226 without them.  Finally, the FTC asserts that the collection of letters to OEMs contained in QX9226 is incomplete, but it has not identified any other documents it believes should be considered together with QX9226 for the sake of completeness.  *See* FRE 106 ("an adverse party may require the introduction, at that time . . . of any other writing . . . that in fairness ought to be considered at the same time").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Qualcomm's Response to FTC HPO No. 3 (QX9322)**

The FTC objects to statements made by Mr. Amon and third parties in QX9322 as being inadmissible hearsay.  QX9322 is an email authored by Mr. Amon, about which he is prepared to testify.  Mr. Amon's statement in the email about complaints from OEMs is not being offered for the truth of matters asserted in those complaints, but for their contemporaneous effect on Mr. Amon's state of mind.

**Qualcomm's Response to FTC HPO No. 4 (QX0079)**

The FTC objects to QX0079, a 2011 submission by Intel to the FTC in which Intel advocates against regulatory intervention in SEP licensing.  The FTC seeks to exclude the document on grounds of relevance, foundation and hearsay.  QX0079 is clearly relevant.  The FTC alleges Qualcomm's SEP licensing practices violate its FRAND obligations and the antitrust laws.  Intel has been a complainant to the FTC and is aligned with the FTC; one of its executives is designated to testify in support of the FTC's case.  The fact that in 2011—decades after Qualcomm first adopted the practices at issue—Intel told the FTC that reports of problems with SEP licensing "have been overblown" and that the FTC should be "more concerned about . . . adoption of optimal industry standards than about the short term royalties that innovators may charge", *id.* at 2, is clearly relevant.

The FTC's objection that Ms. Evans of Intel lacks personal foundation to testify concerning the document is both premature and misplaced.  Ms. Evans's testimony has not yet begun.  And, even if she is unable to sponsor the document, the Court may take judicial notice of the fact that Intel submitted QX0079 to the FTC.  (ECF No. 931 at 9-10 (granting judicial notice of documents submitted to the Korea Fair Trade Commission because they were "filings with government regulatory bodies").)  The statements in the submission are not hearsay because they record Intel's state of mind regarding the state of SEP licensing in 2011, the very period when Intel was allegedly harmed by Qualcomm's practices.  FRE 803(3).

1   **Qualcomm's Response to FTC HPO No. 5 (Qualcomm's designations of deposition**
2   **testimony of Isabel Mahe pursuant to the rule of completeness:  139:5-140:14, 316:1-4)**

3         The FTC's objection to Qualcomm's designation of Mahe Tr. 139:5-140:14 pursuant to
4   the rule of completeness further compounds the flaws of Ms. Mahe's testimony that is the subject
5   of Qualcomm's objection above.  In Qualcomm's completeness designation, Ms. Mahe testifies
6   that she ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
7   ▆▆▆▆ (Mahe Tr. 139:13-15), and "▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
8   ▆▆▆▆▆▆▆" (Mahe Tr. 140:8-9).  The FTC's extensive designation of Ms. Mahe's
9   testimony is therefore misleading without Qualcomm's completeness designation, contrary to the
10  fairness principles of FRE 106.

11        Mahe Tr. 316:1-4 completes the testimony designated by the FTC at Mahe Tr. 315:15-24.
12  Without the designation, the Court would be left with a misleading impression by the testimony
13  designated by the FTC.  Specifically, the FTC designated testimony regarding a heading in an
14  exhibit, which raised the question of whether ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.
15  (Tr. 315:15-24.)  However, the FTC omitted testimony regarding what appears under that
16  heading, where the document states that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.  (Tr. 316:1-4.)
17  Absent this completeness designation, the testimony designated by the FTC is misleading, as it
18  suggests the document and related testimony have the opposite meaning of what they in fact
19  state.

Dated: January 7, 2019                    Respectfully submitted,


CRAVATH, SWAINE & MOORE LLP

*s/ Yonatan Even*

Gary A. Bornstein
Yonatan Even
    Worldwide Plaza
        825 Eighth Avenue
            New York, NY 10019
                Telephone:  (212) 474-1000
                    Facsimile:  (212) 474-3700
                        gbornstein@cravath.com
                        yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
KEKER, VAN NEST & PETERS LLP
    633 Battery Street
        San Francisco, CA 94111
            Telephone:  (415) 676-2289
                Facsimile:  (415) 397-7188
                    rvannest@keker.com
                    epaige@keker.com
                    jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
        New York, NY 10178
            Telephone:  (212) 369-6000
                Facsimile:  (212) 309-6001
                    richard.taffet@morganlewis.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28