Mark D. Selwyn (SBN: 244180)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)
Joseph J. Mueller (*pro hac vice*)
Mark A. Ford (*pro hac vice*)
Timothy Syrett (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Non-Party Intel Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**NON-PARTY INTEL CORPORATION'S ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION PURSUANT TO L.R. 7-11 & 79-5**<br><br>Courtroom: 8, 4th Floor<br>The Honorable Lucy H. Koh |

Case No. 5:17-CV-00220-LHK    Non-Party Intel's Administrative Motion to Seal Confidential Information Pursuant to L.R. 7-11 & 79-5

ActiveUS 171161897v.4

Pursuant to the Court's December 13, 2017 Order (ECF No. 1003) and Civil Local Rules 7-11 and 79-5(d) and (e), non-party Intel Corporation ("Intel") respectfully requests that the Court issue an order protecting from public disclosure (1) certain portions of proposed trial exhibits JX0104, JX0117, QX0089, QX0092, QX0094, QX0095, and CX 1598; and (2) highly confidential and competitively sensitive Intel information during the trial testimony of Aichatou ("Aicha") Evans, Senior Vice President and Chief Strategy Officer at Intel.

## REQUEST FOR RELIEF

Intel respectfully requests an order sealing portions of proposed trial exhibits JX0104, JX0117, QX0089, QX0092, QX0094, QX0095, and CX 1598 (as identified in Exhibits 1-7 to the accompanying Declaration of Timothy Syrett ("Syrett Declaration")) so that they will not be displayed to members of the public during trial or published without redactions in final, publicly-available trial transcripts and exhibits.

Intel also requests an order directing the parties to (a) refrain from asking questions that would disclose the specific contents of the redacted portions of the proposed trial exhibits; and (b) refrain from asking questions designed to elicit detailed public testimony from Ms. Evans relating to:

1. Intel's margins, profitability, or cost structure relating to 4G or 5G baseband chipsets;

2. Intel's future plans, future roadmap, or future competitive position with respect to 4G or 5G chipsets; or

3. The identity of confidential prospective customers of Intel with respect to the sale of baseband chipsets.

Intel asks that the Court exercise its discretion to preclude any questioning by the parties in open court, and to direct the parties to examine Ms. Evans on these subjects only in closed

Case No. 5:17-CV-00220-LHK   1   Non-Party Intel's Administrative Motion to Seal Confidential Information Pursuant to L.R. 7-11 & 79-5

ActiveUS 171161897v.4

session.  In the alternative, Intel requests that any examination on these subjects in open court be tailored to avoid detailed, specific testimony about these subjects.

## ARGUMENT

Trial exhibits, or excerpts thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitles to protection under the law."  Civ. Local Rule 79-5(b).  Though there is a "strong presumption in favor of access," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), a movant may overcome this presumption by submitting a "narrowly tailor[ed]" request, Civ. Local Rule 75-9(b), and articulating "'compelling reasons' in favor of sealing." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) (Koh, J.) ("'[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'"); *see also Kamakana v. Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (the designating party must set forth "compelling reasons supported by specific factual findings") (internal citations omitted).  When the information sought to be sealed may "release trade secrets," a "compelling reason" exists for the sealing of court records. *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) at 598).  "[T]he common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598).  For example, "pricing terms, royalty rates, and guaranteed minimum payment terms" are sealable trade secrets. *Id.*; *see also* ECF No. 1100 at 3.

The information that Intel seeks to seal meets the "compelling reasons" standard. Disclosure of the information contained within Intel's proposed redactions and related testimony would threaten competitive harm to Intel, including by disadvantaging Intel in negotiations with

Case No. 5:17-CV-00220-LHK    2    Non-Party Intel's Administrative Motion to Seal Confidential Information Pursuant to L.R. 7-11 & 79-5

ActiveUS 171161897v.4

current or future business partners or by providing Intel's competitors (including Qualcomm, which presumably will have corporate representatives in court) with information that would provide them with a competitive advantage against Intel, as detailed in the accompanying Declaration of Evangelina Almirantearena ("Almirantearena Decl.") ¶ 4.

QX0095 contains a 2017 presentation analyzing Intel's pricing of baseband chipsets to Apple and other customers. (Almirantearena Decl. ¶ 5(f).) The information that Intel seeks to redact includes specific pricing terms and analysis of Intel's pricing strategy, along with detailed analysis of Intel's products. (*Id*.) Similarly, QX0094 contains a 2016 email thread discussing in detail Intel's costs of production for baseband chipsets, strategies for cost reduction, and detailed analysis of Intel's products. (*Id*. ¶ 5(e).) There are compelling reasons to warrant sealing of this information along with any related testimony because it would put Intel at a significant disadvantage to its customers and competitors if they had insight into Intel's pricing strategy and its cost structure. *Id*.; *see In re Elec. Arts, Inc.*, 298 F. App'x at 569.

JX0104 contains a 2015 presentation that provides a detailed description of Intel's 5G strategy. (Almirantearena Decl. ¶ 5(a).) Likewise, JX0117 contains a 2016 presentation outlining strategy for Intel's Communications Devices Group (ICDG). (*Id*. ¶ 5(b).) QX0089 is a 2016 whitepaper evaluating Intel building mobile systems on a chip. (*Id*. ¶ 5(c).) QX0092 contains a 2015 analysis of Intel's research and development spending. (*Id*. ¶ 5(d).) The portions of these exhibits that Intel seeks to seal reveal detailed information about Intel's baseband chipset and 5G business strategies, including its valuation of available business opportunities and areas of focus; and its research and development costs, allocations, and areas of emphasis. (*Id*. ¶ 4.) Revealing this information to competitors would put Intel at a commercial disadvantage by providing detailed insight to its competitors regarding Intel's strategy to compete in the wireless industry. (*Id*.) Thus, there are compelling reasons to seal portions of these exhibits and shield from public view

Case No. 5:17-CV-00220-LHK        3        Non-Party Intel's Administrative Motion to
                                                    Seal Confidential Information Pursuant to L.R.
                                                    7-11 & 79-5

ActiveUS 171161897v.4

testimony regarding the redactions or related subject matter. *See*, *e.g.*, *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal pleadings and briefings that reveal "business strategies"); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (Koh., J.) (finding compelling reasons to seal "financial information and analysis" in a presentation that "appears to be highly sensitive and confidential"); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (finding compelling reasons to seal "e-mails which reveal business and marketing strategy, information regarding product development, sales and pricing information, financials, internal troubleshooting, and information regarding the businesses of clients").

Finally, CX1598 is an email and presentation regarding Intel's acquisition of Via Telecom. (Almirantearena Decl. ¶ 5(g).)  The only information that Intel seeks to seal in this exhibit relates to Intel's valuation of Via Telecom and summaries of certain license agreements implicated by the transaction.  Revealing Intel's purchase price for and valuations of Via Telecom would provide insight into Intel's valuation practices that could be applied by other potential acquisition targets to put Intel at a competitive disadvantage in negotiations.  (*Id.*); ECF No. 1100 at 2-3 (granting motion to seal "information that . . . divulges terms of confidential contracts, contract negotiations").

To Intel's knowledge, none of the information that it seeks to have sealed has ever been publicly disclosed. (Almirantearena Decl. ¶ 4.)  Further, Intel designated each of the documents contained in the proposed exhibits as highly confidential ("Intel Highly Confidential – Outside

Case No. 5:17-CV-00220-LHK         4     Non-Party Intel's Administrative Motion to
                                                Seal Confidential Information Pursuant to L.R.
                                                7-11 & 79-5

ActiveUS 171161897v.4

Attorneys' Eyes Only") under the protective order in this litigation. (Declaration of Timothy Syrett ¶¶ 6-12.)

Further, Intel has narrowly tailored its request. Intel seeks to seal only limited portions of a subset of the Intel documents that Qualcomm and the FTC have identified as potential trial exhibits for Ms. Evans's testimony. (*Id.* ¶ 4.)

## CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court grant its Motion to Seal and order the relief requested.

Dated: January 7, 2019

Respectfully submitted,

/s/ Timothy Syrett
William F. Lee
Joseph J. Mueller
Mark A. Ford
Timothy Syrett
William.Lee@wilmerhale.com
Joseph.Mueller@wilmerhale.com
Mark.Ford@wilmerhale.com
Timothy.Syrett@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6423
Facsimile: 617-526-5000

Mark Selwyn
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Non-Party Intel Corporation*

Case No. 5:17-CV-00220-LHK    5    Non-Party Intel's Administrative Motion to Seal Confidential Information Pursuant to L.R. 7-11 & 79-5

ActiveUS 171161897v.4