UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER RE HIGH PRIORITY OBJECTIONS FOR JANUARY 8, 2019**<br><br>Re: Dkt. Nos. 1158, 1160 |

Before the Court are the Federal Trade Commission's ("FTC") high priority objections ("HPO") and responses, ECF No. 1160, and Qualcomm Inc.'s ("Qualcomm") HPOs and responses, ECF No. 1158, for January 8, 2019, day 3 of the trial.

In its HPOs, the FTC references arguments made in prior HPOs and transcript designations made in the FTC's attached proposed order. The parties are reminded that their HPO's should be self-contained such that the Court does not need to refer to prior HPOs or to any attachments to understand the argument or identify what testimony is being challenged.

Moreover, in Qualcomm's HPO # 2, Qualcomm challenges the admissibility of 5 separate exhibits. Although Qualcomm presents its HPO as a sole objection, Qualcomm has in fact filed 5 separate HPOs to exclude 5 separate exhibits.

1

In the parties' daily joint list of admitted trial exhibits, the parties shall add a column to the table to denote which exhibits have been admitted with limitations. For example, the parties shall note that exhibits QX9322 and QX0079 may not be offered for the truth of the matter asserted.

The FTC objects to Qualcomm's completeness designations without fully identifying FTC's designated deposition testimony. In the future, the parties shall identify the relevant deposition designations so that the Court may better consider completeness objections.

Having considered the parties' briefs, the relevant law, the Federal Rules of Evidence, the record in this case, and balancing the factors set forth in Federal Rule of Evidence 403, the Court rules as follows:

| HPO | Designation/Document | Ruling |
| --- | --- | --- |
| FTC HPO # 1 | QX9343 | OVERRULED. |
| FTC HPO # 2 | QX9226 | OVERRULED. |
| FTC HPO # 3 | QX9322 | OVERRULED, but cannot be admitted for the truth of the matter asserted. |
| FTC HPO # 4 | QX0079 | OVERRULED, but cannot be admitted for the truth of the matter asserted. |
| FTC HPO # 5 | Mahe, 139:5-140:14; 316:1-4 | SUSTAINED. |
| Qualcomm HPO # 1 | Cho, 13-15, 34, 36, 37, 38(a-d, g, h), 46, 47, 50-52, 61, 65, 66, 86-89, 91, 93, 98-101, 104, 105, 107, 108 | OVERRULED. |
| Qualcomm HPO # 2 | CX6774 pages 005-010, 014-017, 020-021; CX6813; CX6816; CX8117 | OVERRULED. |
| Qualcomm HPO # 2 | CX5260; CX6774 pages 001-004, 011-013, 018-019 | SUSTAINED. |
| Qualcomm HPO # 3 | Mahe, 140:15-19; 141:25-142:20; 142:22-143:2; 200:23-201:5; 235:10-15; 273:13-17 | OVERRULED. |
| Qualcomm HPO # 4 | Madderon, 212:9-23 | OVERRULED. |

**IT IS SO ORDERED.**

Dated: January 7, 2019

_____
LUCY H. KOH
United States District Judge

3
Case No. 17-CV-00220-LHK
ORDER RE HIGH PRIORITY OBJECTIONS FOR JANUARY 8, 2019