UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING MOTION TO QUASH TRIAL SUBPOENA**<br><br>Re: Dkt. No. 1041 |

Before the Court is a motion to quash the trial subpoena served on Christopher Johnson ("Johnson"). ECF No. 1041 ("Mot."). The Court DENIES the motion.

**I.   BACKGROUND**

On January 26, 2018, Qualcomm served a Rule 30(b)(6) subpoena on Bain & Co. ("Bain"). Mot., Ex. 3. Bain provided management consulting services to third party Intel Co. ("Intel"). Mot. at 2. The subpoena sought information related to Bain's understanding and analysis of Intel's competition with Qualcomm. Mot. at 2. On February 23, 2018, Bain moved to quash the rule 30(b)(6) subpoena arguing, *inter alia*, that it imposed a substantial burden on Bain and that it improperly sought expert testimony from Bain. ECF No. 588. After a hearing, Magistrate Judge Cousins granted the motion in part, allowing the Rule 30(b)(6) deposition, but narrowing the

scope of topics to be addressed and limiting the duration of the deposition to three hours. ECF No. 597. On March 28, 2018, Johnson testified as Bain's 30(b)(6) representative.

On December 4, 2018, Qualcomm served a trial subpoena on Johnson. Mot., Ex. 4. On December 21, 2018, Bain and Johnson filed the motion to quash the subpoena. ECF No. 1041. On December 31, 2018, Qualcomm filed its opposition. ECF No. 1060. On January 2, 2019, Bain filed its reply. ECF No. 1069.

## II. DISCUSSION

### A. Hearsay

Bain contends that Johnson's testimony would be inadmissible hearsay. However, Bain acknowledges that Johnson "worked on projects for Bain's client Intel . . . from 2010 until mid-2011, and again beginning 2015." Mot. at 5. Bain cites no authority for its argument that "his knowledge would be inevitably comingled with his extensive Rule 30(b)(6) preparation." Mot. at 7. Accordingly, the Court finds that Johnson has personal knowledge as to testimony regarding his own work at Bain. This is a sufficient reason to reject Bain's argument that any testimony would be impermissible hearsay.

Moreover, one of the key cases relied upon by Bain is *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006). However, *Brazos River Auth.* holds that "if a rule 30(b)(6) witness is made available at trial, he should be allowed to testify as to matters within corporate knowledge to which he testified in deposition." *Id.* at 435. Similarly, the Court agrees that Johnson should be allowed to testify as to the matters to which he testified in his Rule 30(b)(6) deposition.

Accordingly, the Court concludes that Johnson's alleged lack of personal knowledge does not preclude Johnson from testifying to matters within Bain's corporate knowledge to which Johnson has already testified, including Bain's analysis of Intel's competition with Qualcomm and Bain's analysis of the relevant research output of Intel and Qualcomm. The Court finds that this testimony is relevant to the Court's analysis of whether Qualcomm's conduct had an anticompetitive effect by suppressing research activities of its competitors. However, this does not eliminate the restrictions of the hearsay rule. As explained by some of the cases upon which Bain

2

1  relies, Johnson may not testify to any material that constitutes hearsay not falling within one of the

2  authorized exceptions. *See Brazos River Auth.*, 469 F.3d at 435. Moreover, any appropriate

3  objections may be asserted at trial.

**B. Lay Testimony**

Bain contends that Johnson's testimony would be inadmissible as lay testimony and that Qualcomm seeks to improperly obtain unretained expert testimony. As this Court previously explained in its opinion rejecting a similar argument as to whether Qualcomm's own employees could testify regarding the contributions of Qualcomm's technologies to cellular standards and communications, Fed. R. Evid. 701 permits lay witness testimony that is founded in knowledge gained from the witness's employment in the business at issue. ECF No. 973 at 3. In that Order, the Court concluded that "so long as Qualcomm's witnesses base their testimony on their personal experiences as percipient witnesses, they are permitted to testify as lay witnesses regarding Qualcomm's contributions to standards and technologies." *Id.* Similarly, here the Court concludes that Johnson may give lay testimony on topics including the ability and incentive of Qualcomm and its competitors to invest in technology, provided that such testimony is based on his experience gained during his employment.

**III. CONCLUSION**

For the foregoing reasons, the Court rejects Bain's challenges to the admissibility of Johnson's testimony and finds that Johnson's testimony would be relevant. Accordingly, the Court DENIES Bain's motion to quash.

**IT IS SO ORDERED.**

Dated: January 8, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge