KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S HIGH PRIORITY OBJECTIONS AND RESPONSES FOR JANUARY 11, 2019 TRIAL DAY** |

1    Pursuant to the Court's October 24 Case Management Order (ECF No. 922), Qualcomm
2    respectfully submits the following high-priority objections and responses for January 11, 2019.
3    **Qualcomm's HPO #1 (objection to designated deposition testimony of Richard**
4    **Blaylock of Pillsbury Winthrop Shaw Pittman LLP for lack of foundation and personal**
5    **knowledge:  129:20-130:13 and 228:19-229:2**)
6    Qualcomm objects to the FTC's designation of certain testimony of Mr. Blaylock, which
7    contains hearsay.  (129:20-130:7-13, 228:19-229:2).  Mr. Blaylock is outside counsel for ZTE,
8    and in these excerpts, Mr. Blaylock described ███████████████████████████
9    ███████████████████████.  For example, Mr. Blaylock testified that ZTE
10   ████████████████████████████████████████ and that ███
11   ██████████████████████████████████████████████
12   ███████████████████████████ (130:1-3, 7-10.)  Mr. Blaylock later testified that
13   ██████████████████████████████ (228:25-229:2.)  Each of the
14   statements Mr. Blaylock described was purportedly made by a ZTE representative who will not
15   testify at trial.  Qualcomm is unable to cross-examine these ZTE representatives as to the truth of
16   their purported statements, whether they truly were ████████ or ████████, and
17   Mr. Blaylock's recitation of what they said is hearsay.  The Court previously ruled that similar
18   such statements should be excluded.  ECF 1121 (sustaining hearsay objection); *see also*
19   ECF 1103 at 2 ("To the extent [a witness] is relaying statements from third parties (e.g., 'and the
20   lawyers on their side fully understand this'), such statements represent a [] ground for exclusion
21   under 802.").  This testimony should be excluded under FRE 802.
22   **Qualcomm's HPO # 2 (objection to CX2639 as hearsay)**
23   The FTC seeks to admit as evidence CX2639, a written affidavit by Mr. Injung Lee of
24   Samsung.  (*See* Lee Tr. 221:1-222:5).  The affidavit, dated June 11, 2015, was originally drafted
25   and submitted in a regulatory proceeding before the Korea Fair Trade Commission and purports
26   to describe ████████████████████████████.  As an out of court statement offered
27   for the truth of the matter asserted, the statement is hearsay.  The FTC does not deny that this
28

1  statement is hearsay, but argues that the document should be admitted through the residual

2  exception under FRE 807.  Importantly, under the residual exception, a statement is admissible

3  only if, among other things, "it is *more probative* on the point for which it is offered *than any*

4  *other evidence* that the proponent can obtain through reasonable efforts".  FRE 807(a)(3)

5  (emphasis added).  The FTC has provided no reasons why the FTC could not have obtained the

6  same evidence that is contained in Mr. Lee's declaration during Mr. Lee's 14-hour deposition.

7  Accordingly, CX2639 should be excluded under FRE 802.

8  **Qualcomm's HPO #3 (objection to CX2643 and the related designated deposition**

9  **testimony of Mr. Lee (135:14-15 136:16-17, 136:19- 137:4, 137:6-8) as hearsay)**

10  The FTC seeks to admit CX2643, a purported summary of a December 2013 meeting

11  between ▮▮▮▮▮ and Samsung, through Mr. Lee's testimony.  When asked about the

12  document, Mr. Lee admitted that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (134:6-7), ▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (134:12-16) and ▮▮▮▮▮▮▮▮▮▮

14  (134:23-25).  The statements in the document and the surrounding testimony (135:14-15 136:16-

15  17, 136:19- 137:4, 137:6-8) are inadmissible hearsay that do not fall into any recognized hearsay

16  exception.  In particular, CX2643 does not qualify as a business record under FRE 803(6)

17  because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18  ▮▮▮▮▮▮▮▮▮ "was made at or near the time by . . . someone with knowledge".

19  FRE 803(6)(A); *United States v. Ordonez*, 737 F.2d 793, 805 (9th Cir. 1983)  (holding that

20  evidence did not fall under the business record exception where "[n]o evidence was offered by

21  any person that the records were kept by persons having personal knowledge of the facts

22  recorded or that the entries were made at or near the time of the transaction").  CX2643 and the

23  related testimony should be excluded under FRE 802.

24  **Qualcomm's HPO #4 (objection to the designated deposition testimony of Mr. Lee**

25  **for lack of foundation and personal knowledge and speculation:  135:23-25, 136:3-5, 166:3-**

26  **9, 166:12-167:7, 197:21-22, 197:24-198:10, 198:13-20, 198:23-199:2, 233:1-24)**

27  The FTC seeks to admit testimony from Mr. Lee about ▮▮▮▮▮▮▮▮▮▮▮▮▮

28

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (135:23-25, 136:3-5, 166:3-9, 166:12-167:7, 197:21-22, 197:24-198:10, 198:13-20, 198:23-199:2 and 233:1-24.) This testimony is inadmissible.  Under FRE 602, witnesses must testify to matters of which they have personal knowledge.  When a witness testifies as to matters outside his or her personal knowledge, it is improper speculation, and the testimony is inadmissible.  *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (excluding testimony based on speculation).  Mr. Lee lacks personal knowledge to testify as to Samsung's chip procurement practices because Mr. Lee does not work in chip procurement or any other operational role in handset production; he's a licensing negotiator.  (166:3-9, 166:12-167:7.)  Moreover, during his deposition, Mr. Lee was asked ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, but Mr. Lee testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (14:14-23.)  In other words, this hypothetical situation never came to pass, and Mr. Lee's testimony is speculation.  This testimony should be excluded under FRE 602.

**Qualcomm's Response to FTC HPO No. 1 (QX9219)**

QX9219, designated for use during the live testimony of Steve Mollenkopf, is an email in which John Kim and Jim Lederer, members of Qualcomm's modem chip sales organization, relay to Mr. Mollenkopf what Mr. Lederer describes as a "tough message" from KK Park, Samsung's Vice President of Procurement.  In the "tough message", Mr. Park asserted that he was "very upset about [Qualcomm's] pricing feedback (especially on CDMA)" and therefore would "influence [Samsung's] UMTS line-up in our unfavorable manner" and "do whatever he can" for competitor chipmaker VIA.  In other words, Samsung threatened to move to a different supplier of WCDMA and CDMA modem chips unless Qualcomm reduced its CDMA pricing.  The FTC's objection that the email contains hearsay is without merit; it is evidence of Qualcomm's belief that CDMA modem chip customers could leverage their purchases of WCDMA modem chips to obtain lower CDMA prices and is therefore admissible "state of mind" evidence pursuant to FRE 803(3).  Indeed, this Court previously overruled a hearsay

objection to documents concerning VIA's interactions with its customers (ECF No. 1121 (FTC HPO # 2)); the FTC had argued that they were admissible to show VIA's "state of mind as a prospective supplier" under Rule 803(3) (ECF No. 1103 at 2-3).  If evidence concerning VIA's state of mind as a prospective supplier is admissible, then evidence concerning Qualcomm's state of mind as a prospective supplier similarly should be admissible.

**Qualcomm's Response to FTC HPO No. 2 (QX9244)**

QX9244, designated for use during the live testimony of Steve Mollenkopf, is a 2014 email in which Matt Grob, Qualcomm's then-Chief Technology Officer, provides an update concerning Qualcomm's 5G R&D programs to Mr. Mollenkopf and other Qualcomm executives. The email is an admissible record of a regularly conducted activity pursuant to FRE 803(6).  The email was written by Mr. Grob at or near the time of the R&D activities he describes, was generated in the course of Qualcomm's regularly conducted R&D activities and was a part of the CTO's regular practice of updating company executives about ongoing R&D efforts.

**Qualcomm's Response to FTC HPO No. 3 (QX9097)**

QX9097, designated for use during the live testimony of Tony Blevins, Apple's Vice President of Procurement, is an email in which a direct report of Mr. Blevins explains that ███ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████.  The document is admissible as evidence of Mr. Blevins's state of mind, *i.e.*, that ████████████████ ████████████████████████████████████████████████████.  *See* FRE 803(3).

**Qualcomm's Response to FTC HPO No. 4 (QX9071)**

QX9071, designated for use during the live testimony of Tony Blevins, is an email from Mr. Blevins to his boss, then-VP of Operations Jeff Williams.  In the email, which concerns ████████████████████████████████████ Mr. Blevins reports that ████████████████ ████████████████████████████████████████ ████████████████ Mr. Blevins and his procurement colleagues ████████████

1   ██████████████████████████████, and the email and the attached presentation are
2   records of that activity.  Indeed, the FTC has a version of the presentation on its exhibit list
3   (CX0601).  The exhibit is admissible both as a business record and as evidence of Apple's state
4   of mind while evaluating alternative suppliers of modem chips.  FRE 803(3), 803(6).

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: January 10, 2019         Respectfully submitted,

                                            CRAVATH, SWAINE & MOORE LLP

*s/ Yonatan Even*
_____
Gary A. Bornstein
Yonatan Even
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 676-2289
Facsimile: (415) 397-7188
rvannest@keker.com
epaige@keker.com
jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 369-6000
Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Geoffrey T. Holtz
_____

1
2
3
4
5
6

MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*