KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Cody S. Harris (SBN 255302)
charris@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
Bryn Williams (SBN 301699)
bwilliams@keker.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, NY  10019-7475
Telephone:   (212) 474-1000
Facsimile     (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY  10178-0060
Telephone:   (212) 309-6000
Facsimile:    (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom *(pro hac vice)*
willard.tom@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
Telephone:   (202) 739-3000
Facsimile:    (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market Plaza, Spear Street Tower
San Francisco, CA  94105-1596
Telephone:   (415) 442-1000
Facsimile:    (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DECLARATION OF RISHI SATIA IN SUPPORT OF MOTION TO FILE CERTAIN PORTIONS OF TRIAL EXHIBITS UNDER SEAL**<br><br>Dept:         Courtroom 8, 4th Floor<br>Judge:       Hon. Lucy H. Koh |

**DECLARATION OF RISHI SATIA**

I, Rishi Satia, declare and state that:

1. I am an attorney licensed to practice law in the State of California, an associate of Morgan, Lewis & Bockius LLP, and counsel for Defendant Qualcomm Incorporated ("Qualcomm"). I submit this declaration in support of Qualcomm's Administrative Motion to File Certain Portions of Proposed Trial Exhibits Under Seal. I have personal knowledge of the facts set forth herein, or my knowledge is based on my review of records in this case. If called upon as a witness in this action, I could and would testify competently thereto.

2. Portions of the exhibits that the Parties have identified as likely to be introduced at trial on January 14, 2019 contain Qualcomm trade secrets. Specifically, Qualcomm employees have identified the following exhibits and designations as containing confidential Qualcomm trade secrets: JX0037, CX0599, CX0861, Lasinski Demonstrative, and Shapiro Demonstrative. Pursuant to the Protective Order Governing Confidential Material entered in this case (ECF No. 81) and Supplemental Protective Orders entered in this case by various third parties, Qualcomm employees are not permitted to view certain documents designated as "Highly Confidential – Attorneys' Eyes Only."

3. Many of the exhibits submitted by third parties in this case have been designated as "Highly Confidential – Attorneys' Eyes Only."

4. Some of those exhibits contain confidential Qualcomm trade secrets.

5. I have consulted with Qualcomm employees and have knowledge of the range of information that Qualcomm considers to be trade secrets.

6. I have reviewed the following documents produced by third parties and have identified the following exhibits as containing confidential Qualcomm trade secrets that Qualcomm has compelling reasons to seal:

7. Specifically, the following portion of JX0037, which is an email produced by non-party Apple Inc. dated November 15, 2006 with the subject line "Re: Qualcom," reflect confidential pricing terms and information:

- JX0037-001: highlighted portions

1  Qualcomm requests to seal only the portions of this exhibit that reveal information about
2  confidential pricing information. This information constitutes Qualcomm trade secrets. Public
3  disclosure of this information would harm Qualcomm and its affiliates by disclosing internal
4  licensing considerations and may unfairly benefit actual and potential third parties with respect to
5  contracting activities of Qualcomm and its affiliates.

   8. Specifically, the following portion of CX0599, which is an email produced by non-party Apple Inc. dated August 5, 2010 with the subject line "Fwd: 3G royalty for iPad," reflects confidential pricing terms:

   - CX0599-002: highlighted portions

Qualcomm requests to seal only the portions of this exhibit that reveal information about confidential pricing information. This information constitutes Qualcomm trade secrets. Public disclosure of this information would harm Qualcomm and its affiliates by disclosing internal licensing considerations and may unfairly benefit actual and potential third parties with respect to contracting activities of Qualcomm and its affiliates.

   9. Specifically, the following portions of CX0861, which is an email produced by non-party Apple Inc. dated January 11, 2011 with the subject line "Call with Paul Jacobs," reflects confidential pricing terms:

   - CX0861-001: highlighted portions

Qualcomm requests to seal only the portions of this exhibit that reveal information about confidential pricing information. This information constitutes Qualcomm trade secrets. Public disclosure of this information would harm Qualcomm and its affiliates by disclosing internal licensing considerations and may unfairly benefit actual and potential third parties with respect to contracting activities of Qualcomm and its affiliates.

   10. Specifically, the following portions of the Lasinski Demonstrative, which Plaintiff Federal Trade Commission ("FTC") plans to use at trial during its direct examination of expert witness Michael J. Lasinski ("Lasinski Demonstrative"), reflect confidential information regarding the distribution of royalty revenue:

   - Lasinski Demonstrative at 10: highlighted portions

- Lasinski Demonstrative at 11: highlighted portions
- Lasinski Demonstrative at 15: highlighted portions

Qualcomm requests to seal only the portions of this exhibit that reveal information about confidential royalty revenue. This information constitutes Qualcomm trade secrets. Public disclosure of this information would harm Qualcomm and its affiliates by disclosing internal licensing considerations and may unfairly benefit actual and potential third parties with respect to contracting activities of Qualcomm and its affiliates.

11. Specifically, the following portions of the Shapiro Demonstrative, which Plaintiff FTC plans to use at trial during its direct examination of their expert witness Professor Carl Shapiro ("Shapiro Demonstrative"), reflect confidential pricing information:

- Shapiro Demonstrative at 34: highlighted portions
- Shapiro Demonstrative at 35: highlighted portions
- Shapiro Demonstrative at 36: highlighted portions
- Shapiro Demonstrative at 37: highlighted portions
- Shapiro Demonstrative at 38: highlighted portions
- Shapiro Demonstrative at 39: highlighted portions

Qualcomm requests to seal only the portion of this exhibit that reveal information about confidential pricing information. This information constitutes Qualcomm trade secrets. Public disclosure of this information would harm Qualcomm and its affiliates by disclosing internal licensing considerations and may unfairly benefit actual and potential third parties with respect to contracting activities of Qualcomm and its affiliates.

12. Based on the foregoing, Qualcomm has proposed redactions to certain portions of proposed trial exhibits and designations. Attached to this declaration are copies of the Exhibits and Demonstratives that contain the proposed redactions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of January, 2019, in San Jose, California.

1                                                    MORGAN, LEWIS & BOCKIUS LLP

3                                    By:  */s/ Rishi Satia*
                                                 Rishi Satia

4

DECLARATION OF RISHI SATIA IN SUPPORT OF MOTION TO FILE CERTAIN PORTIONS OF TRIAL EXHIBITS UNDER SEAL
Case No. 5:17-cv-00220–LHK-NMC