| | |
|---|---|
| KEKER VAN NEST & PETERS LLP<br>Robert A. Van Nest<br>Eugene M. Paige<br>Justina K. Sessions<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 676-2289<br>Facsimile: (415) 397-7188<br><br>CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700 | MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-0060<br>Facsimile: (212) 309-6001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Geoffrey T. Holtz (SBN 191370)<br>Geoffrey.holtz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED<br><br>*Additional Counsel listed on the Signature Page* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED,<br> a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S HIGH PRIORITY OBJECTIONS AND RESPONSES FOR JANUARY 15, 2019 (TRIAL DAY 6)** |

Pursuant to the Court's October 24 Case Management Order (ECF No. 922), Qualcomm respectfully submits the following high priority objections and responses for January 15, 2019.

**Qualcomm's HPO No. 1 (objection to FTC's FRE 106 designation of Andrew Hong Tr. 249:9-16, asserted by the FTC to respond to Qualcomm's designation of Tr. 248:22-249:8)**

In the Hong deposition, Qualcomm has designated a series of complete questions and answers about Samsung's relationship with certain SEP holders. (Tr. 248:22-249:8.) Through its designation, the FTC attempts to introduce testimony regarding Samsung's relationship with a different licensee. (Tr. 249:9-16.) The FTC previously has objected to Qualcomm's completeness designations on the grounds that the purpose of a completeness designation pursuant to FRE 106 is "to prevent the introduction of 'a misleadingly-tailored snippet,' not to interject other issues or 'merely cast doubt on [a witness's] accuracy and reliability.' *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)." (ECF No. 1074 at 1.) The FTC further argued that completeness designations may not be used merely "to rebut designated testimony" or to place the witness's testimony "in context". (*Id*. at 2.) Rather, the FTC said, a completeness designation should be allowed only "to correct a misleading impression . . . that is created by taking something out of context", but is unnecessary when "the edited version of a statement did not 'distort the meaning of the statement'". (*Id*.)  The Court sustained the FTC's objections to Qualcomm's completeness designations. (*E.g.*, ECF No. 1099.) Qualcomm's objection similarly should be sustained.

**Qualcomm's HPO No. 2 (objection to FTC's FRE 106 designation of Nanfen Yu Tr. 70:20-71:10, asserted by the FTC to respond to Qualcomm's designation of Tr. 71:11-13)**

Qualcomm has designated testimony by Ms. Yu of Huawei concerning whether Huawei was paying royalties to Qualcomm during a time Huawei had an uninterrupted supply of modem chips from Qualcomm. (Tr. 71:11-13.) The FTC's designation concerns the witness's speculation as to why that was the case. (Tr. 70:20-71:10.) Because the FTC's designation

"introduces a new issue" and is unnecessary "to correct a misleading impression" or to prevent the "distort[ion] of the meaning of a statement", it is an improper designation under FRE 106 under the standard previously advocated by the FTC in this case. Qualcomm's objection should be sustained.

**Qualcomm's HPO No. 3 (objection to CX6823 designated for use with Irwin Jacobs because the witness lacks foundation and personal knowledge of the exhibit)**

Qualcomm objects to CX6823, a draft memo generated by members of Qualcomm's accounting department, because Dr. Jacobs lacks personal knowledge of the exhibit or foundation to testify about it. The FTC has asserted that Dr. Jacobs has foundation for the document because he was Chairman of Qualcomm at the time, but company executives cannot be charged with knowledge of all documents generated by their employees—let alone *draft* documents that there is no evidence that they saw or possessed.

**Qualcomm's HPO No. 4 (objection to CX7991 designated for use with Irwin Jacobs because the witness lacks foundation and personal knowledge of the exhibit)**

Qualcomm objects to CX7991, which is another draft memo generated by members of Qualcomm's accounting department, because Dr. Jacobs lacks personal knowledge of the exhibit or foundation to testify about it. The FTC has asserted that Dr. Jacobs has foundation for the document because he was Chairman of Qualcomm at the time, but company executives cannot be charged with knowledge of all documents generated by their employees—let alone *draft* documents that there is no evidence that they saw or possessed.

**Qualcomm's HPO No. 5 (objection to CX8267 designated for use with Irwin Jacobs because the witness lacks foundation and personal knowledge of the exhibit)**

Qualcomm objects to CX8267, which is an email that Dr. Jacobs did not send or receive, because Dr. Jacobs lacks personal knowledge of the exhibit and foundation to testify about it. The FTC has not provided any basis on which the Court could conclude that Dr. Jacobs has knowledge of the email.

**Qualcomm's Response to FTC HPO No. 1 (QX9205 designated for use with Irwin Jacobs)**

QX9205 is a "Chronology of CDMA" that was generated by Qualcomm in the ordinary course of business. The FTC has indicated that it does not object to the entirety of QX9205, but only to "quotes from or summaries of portions of newspaper articles, websites or press releases" contained within the document. Qualcomm has offered to stipulate that such quotes or summaries would not be introduced for the truth of the matters asserted, yet the FTC continues to press a hearsay objection to unspecified other portions of the exhibit. The exhibit is a business record of Qualcomm's CDMA R&D activities about which Dr. Jacobs will testify and is therefore admissible pursuant to FRE 803(6).

**Qualcomm's Response to FTC HPO No. 2 (Kim Tr. 71:15-19 and QX0562)**

QX0562 is an email relating to the preparation of a memo for a Samsung executive regarding the 2011 negotiation of a patent agreement with Qualcomm. In the email, Inyup Kang, an executive vice president of Samsung, provides feedback regarding the memo. In particular, Mr. Kang says there is a "nearly zero percent chance" that Qualcomm would sue if Samsung manufactured modem chips without a license. The FTC's foundation and hearsay objections should be overruled. *First*, the deponent Mr. Kim, as a custodian of the document and a Samsung employee who received it and participated in the negotiations at issue, can establish foundation for the exhibit. Indeed, he correctly identifies the author as the "executive vice president for the group that is charged with modem technology development" (Tr. 69:22-23) and someone who participated in development of modem technology (Tr. 70:18-20). *Second*, the document and testimony are admissible because they constitute "a statement of the declarant's then-existing state of mind". FRE 803(3). In the email, Mr. Kang states that "*I think* there is a nearly zero percent chance that [Qualcomm] would sue". (QX0562) (emphasis added). Qualcomm does not seek to admit the testimony to establish that Qualcomm is unlikely to sue (the truth of the matter asserted) but to establish the state of mind of Samsung employees at the time, *i.e.*, that they did not believe they were at any real risk of being sued by Qualcomm. This

1  evidence undermines testimony that the FTC designated from Mr. Kim and other Samsung
2  employees regarding Samsung's supposed belief that it needed a license from Qualcomm to
3  manufacture modem chips.

**Qualcomm's Response to FTC HPO No. 3 (Blumberg Tr. 110:6-21, 112:3-113:4)**

The FTC has previously argued that Mr. Blumberg's deposition testimony should be admitted because of his "personal involvement in Lenovo's licensing program, including as the primary Lenovo executive who participated in licensing negotiations with Qualcomm". (ECF No. 1074 at 3.) The FTC asserted that Mr. Blumberg's deposition testimony was "based on personal knowledge of those negotiations, including communications and related events", "provided evidence of how an OEM approaches license negotiations with Qualcomm", and "establishes the positions that Lenovo took with Qualcomm, and the reasons for these positions". (*Id*. at 4.) The FTC has asserted that Mr. Blumberg's testimony demonstrated that Lenovo "accede[d] to oppressive terms". (*Id*.) The Court overruled Qualcomm's objections to Mr. Blumberg's testimony. (ECF No. 1099.)

Now, however, the FTC asserts that testimony designated by Qualcomm concerning Lenovo's internal goals and approach to licensing negotiations with Qualcomm (such as that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬) are hearsay and lack foundation. (Tr. 110:6-21; Tr. 112:3-113:4.) The FTC cannot have it both ways: if Mr. Blumberg—as the "primary Lenovo executive" negotiating with Qualcomm—has foundation to testify about how Lenovo "approache[d] license negotiations with Qualcomm" and the "reasons for [Lenovo's] positions" during those negotiations, then he must have foundation to testify about Lenovo's internal goals. Further, the testimony is admissible impeachment of Mr. Blumberg's testimony that he and other Lenovo executives believed Qualcomm's royalty rate was "excessive" or resulted from chip leverage. (Tr. 273:8-17; Tr. 83:8-21.)

**Qualcomm's Response to FTC HPO No. 4 (Mahe Tr. 124:9-14 and 125:12-13 and QX1464)**

QX1464 is an email among Isabel Mahe and other Apple engineers. Ms. Mahe had foundation to provide testimony about QX1464 and statements in the exhibit, and the FTC's hearsay and foundation objections to the testimony and document should be overruled. Indeed, the testimony subject to the FTC's objection concerns Ms. Mahe's own statements in the email she sent (Tr. 124:9-14; Tr. 125:7-8; Tr. 125:12-13), and she was either an author or recipient of each email in the email chain. For those reasons also, the exhibit is not hearsay, as the FTC had a chance to cross-examine Ms. Mahe concerning the statements in her email. Indeed, the FTC repeatedly has examined witnesses by asking them to confirm or expand upon a statement they previously made—including in its own designations of Ms. Mahe's testimony (Tr. 237:14-20 (asking Ms. Mahe "What did you mean" by a statement in a document))—and it provides no reason why that would be an improper mode of cross-examination when Qualcomm proceeds that way with respect to witnesses that are adverse to Qualcomm.

**Qualcomm's Response to FTC HPO No. 5 (QX0113, addressed by designated testimony of Thomas Lindner)**

QX0113 is an exhibit to the deposition of Thomas Lindner of Intel and is designated to be introduced through Qualcomm's designations of Mr. Lindner's testimony. The first-in-time email (on the bottom of page -858) is an email from Matthias Sauer of Apple to Intel posing questions about Intel's modem chip offerings. The FTC does not specifically object to that email, and at least this portion of the exhibit is undisputedly admissible. The remainder of the exhibit is a discussion among Intel engineers regarding Mr. Sauer's questions, Apple's technical requirements and whether Intel's modem chip offerings could meet those requirements. The email is a contemporaneous record of regularly conducted interactions between Apple and Intel engineers and therefore an admissible business record pursuant to FRE 803(6). In fact, Mr. Lindner testified that the portions of the email at the top of page -856 were extracted from a

1    ▆▆▆▆▆▆. (Lindner Tr. 156:13-18.)

2        In the alternative, the exhibit is admissible evidence of Apple and Intel's state of mind
3    pursuant to FRE 803(3).  The FTC previously has argued that documents concerning interactions
4    between OEMs and modem chip suppliers were admissible pursuant to FRE 803(3) because they
5    showed the supplier's "state of mind as a prospective supplier" of modem chips, and the Court
6    overruled Qualcomm's hearsay objection.  (ECF No. 1121 (FTC HPO No. 2).)  The FTC's
7    objection should be similarly overruled.

Dated: January 14, 2019                      Respectfully submitted,

                                                             CRAVATH, SWAINE & MOORE LLP

                                                    *s/ Gary A. Bornstein*
                                                    Gary A. Bornstein
                                                    Yonatan Even
                                                        Worldwide Plaza
                                                            825 Eighth Avenue
                                                              New York, NY 10019
                                                                   Telephone:  (212) 474-1000
                                                                       Facsimile:  (212) 474-3700
                                                                             gbornstein@cravath.com
                                                                                 yeven@cravath.com

                                         Robert A. Van Nest
                                         Eugene M. Paige
                                         Justina K. Sessions
                                         KEKER, VAN NEST & PETERS LLP
                                               633 Battery Street
                                                   San Francisco, CA 94111
                                                       Telephone:  (415) 676-2289
                                                         Facsimile:  (415) 397-7188
                                                            rvannest@keker.com
                                                              epaige@keker.com
                                                             jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 369-6000
Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*