■REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

KEKER VAN NEST & PETERS LLP
Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-0060
Facsimile: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
Geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional Counsel listed on the Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FEDERAL TRADE COMMISSION

Plaintiff,

v.

QUALCOMM INCORPORATED,
a Delaware corporation,

Defendant.

Case No. 5:17-CV-0220-LHK-NMC

**QUALCOMM'S HIGH PRIORITY OBJECTIONS AND RESPONSES FOR JANUARY 18, 2019 TRIAL DAY**

Pursuant to the Court's October 24 Case Management Order (ECF No. 922), Qualcomm respectfully submits the following high-priority objections and responses for January 18, 2019.

**Qualcomm's HPO No. 1 (objection to CX5173 designated for use with Fabian Gonell because the witness lacks foundation and personal knowledge of the exhibit)**

Qualcomm objects to CX5173, a February 19, 2016 email with five attachments. Mr. Gonell did not send or receive this email, and was not copied on it.  There is no information in the documents to suggest that Mr. Gonell has knowledge of any of the five presentations attached to that email.  The FTC has provided no basis on which the Court could conclude that Mr. Gonell has knowledge of the email and its attachments.  This exhibit should be excluded under FRE 602.

**Qualcomm's HPO No. 2 (objection to CX6787 designated for use with Fabian Gonell pursuant to FRE 1002 and FRE 901)**

Qualcomm objects to CX6786, a document appearing to be a draft transcript of a Qualcomm meeting with the IRS, because CX6786 is not the best evidence for the discussion that occurred at that meeting and the FTC has provided insufficient evidence of authenticity (*i.e.*, that the "draft" is anything more than that).  Specifically, an original recording of the meeting exists and was timely produced to the FTC during the discovery period.  That alone warrants exclusion under FRE 1002, as a "tape [is] the best evidence of what was recorded upon it", *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996).   Here, exclusion is particularly appropriate because the purported transcript contains in-line revisions by multiple individuals, and at his deposition, Mr. Gonell cast doubt on the accuracy of the purported transcript and did not recall ever reviewing it, for accuracy or at all.  (Gonell Mar. 5, 2018 Tr. 180:14-19.)  This exhibit should be excluded under FRE 1002 and FRE 901.

**Qualcomm's HPO No. 3 (objection to CX5708 designated for use with Michael Hartogs because the witness lacks foundation and personal knowledge of the exhibit)**

Qualcomm objects to CX5708, a series of internal Qualcomm emails among various Qualcomm executives during October and November 2006.  Although Mr. Hartogs appears on

an email dated October 31, 2006 at 11:30 a.m., he is neither the sender nor the recipient of any of the following, later-in-time emails.  Mr. Hartogs thus lacks foundation to testify about any of those later-in-time emails.  This exhibit—or at least those emails that Mr. Hartogs neither sent nor received—should be excluded under FRE 602.

### Qualcomm's Response to FTC HPO No. 1 (QX2929—Martin Zander)

QX2929 is a package of ST Ericsson board materials.  Mr. Zander, Ericsson's Vice President and Head of Strategic Initiatives and Eco-Systems, testified at his deposition that he recognized the document and was familiar with it (Tr. 65:15-21, 66:3-6), which is sufficient to establish personal knowledge.  Similarly, the exhibit is not hearsay because Mr. Zander's testimony establishes that the business records exception applies to the document.  (Tr. 65:18-22.)  The FTC's objection should be overruled.

### Qualcomm's Response to FTC HPO No. 2 (trial testimony of Liren Chen)

The FTC objects to Qualcomm employee Liren Chen testifying at trial.  This objection is both exceedingly untimely and without merit.  Qualcomm repeatedly disclosed Mr. Chen as a trial witness, but the FTC waited until 36 hours prior to his scheduled trial testimony to object for the first time to his appearance.  Qualcomm is severely prejudiced by the FTC's delay.  Qualcomm indicated in July 2018 that "Qualcomm anticipates presenting at trial testimony by Liren Chen concerning the subject matters about which Qualcomm designated him to testify pursuant to Rule 30(b)(6)."  (July 10, 2018 Email from B. Byars to J. Milici.)  The FTC objected to the disclosure of *other* trial witnesses at the time (*see* ECF No. 783), but raised no objection as to Mr. Chen, then or since.  For example, when Qualcomm again disclosed Mr. Chen as a potential trial witness on November 9, 2018, as part of Qualcomm's pretrial disclosures, the FTC again did not object.  On November 29, 2018, when Qualcomm included Mr. Chen on its witness list in the joint pretrial statement, the FTC again objected to other Qualcomm witnesses—but not to Mr. Chen.  (ECF No. 950-09.)  Indeed, when the FTC disclosed its *own* trial exhibit list, the FTC identified Mr. Chen as the intended sponsoring witness for seven exhibits.  (ECF No. 950-11.)  As recently as January 15, 2019—two days ago—the FTC told Qualcomm in writing that it

anticipated using 10 minutes of its remaining trial time to cross-examine Mr. Chen, giving no indication that it objected to Mr. Chen's appearance at trial.  The FTC plainly waited until the last possible minute to object, all the while manifesting apparent agreement to his appearance at trial.  Qualcomm is prejudiced by the FTC's untimely objection, and it should be overruled on that basis alone.

The FTC's objection also fails as a substantive matter.  *First*, Qualcomm properly disclosed Mr. Chen as a potential trial witness.  Qualcomm's initial disclosures stated that "Qualcomm . . . reserves the right to rely at trial on the testimony of any witness whose deposition is taken . . . in this action".  (Qualcomm's 2d Am. Initial Disclosures, at 14.)  And even as the parties narrowed their witness lists, Qualcomm repeated this disclosure.  (*See, e.g.*, Jan. 31, 2018 Ltr. from Y. Even to D. Matheson ("Qualcomm reserves the right to rely at trial on the testimony of any witness deposed in this action, including by calling such a witness live at trial".); June 19, 2018 Ltr. from Y. Even to D. Matheson (same).)  Thus, the FTC has been on notice that Qualcomm may call Mr. Chen at trial at least since the FTC deposed Mr. Chen in April 2018.[1]  And for at least six months prior to trial, Qualcomm has explicitly told the FTC that Mr. Chen may testify at trial, including in a July 10, 2018 letter, in Qualcomm's November 9, 2018 pre-trial disclosure of trial witnesses, and in the parties' joint pretrial statement.  (ECF No. 950-09.)  The FTC cannot reasonably claim that it was not on notice that Mr. Chen may testify at trial.  *Second*, the FTC asserts that Mr. Chen cannot testify at trial because the FTC deposed him pursuant to a Rule 30(b)(6) subpoena.  But Mr. Chen's testimony at trial will concern the same matters about which he was deposed, as Qualcomm has told the FTC since July 10, 2018.  (July 10, 2018 Email from B. Byars to J. Milici (quoted above); *see also* ECF No. 950-09.)  The FTC's objection should be overruled.

### Qualcomm's Response to FTC HPO No. 3 (QX9240—Liren Chen)

QX9240 is an e-mail from Liren Chen to individuals at Apple, along with an attached

---

[1] The deposition was taken after the scheduled close of fact discovery by leave of Court. (ECF No. 678.)

slide deck regarding Qualcomm's patent portfolio.  Qualcomm intends to elicit testimony from Mr. Chen that he was heavily involved in drafting the slide deck and that he personally presented the slide deck to Apple.  Accordingly, Mr. Chen has personal knowledge, and the FTC's FRE 602 objection should be overruled.

Slides 3-6, 27, and 41-42 include statistics regarding Qualcomm's patent portfolio as of the date of the presentation.  In addition to his personal knowledge, Mr. Chen also will establish a business records foundation for these slides.  The remaining slides are not offered for the truth of the matter asserted, but are presented to demonstrate information that Qualcomm has provided to potential licensees.  This is relevant, among other reasons, to respond to testimony from the FTC's expert Mr. Donaldson about Qualcomm's licensing negotiations.  Thus, the FTC's hearsay objection as to those slides should be overruled.

The FTC separately objects to slides 7-9.  Each of these slides includes two pieces of content:  (1) a list of exemplary technology areas in Qualcomm's portfolio and (2) references to Apple.  The former was discussed extensively in Mr. Chen's deposition.  (Tr. 24:8-23 (listing exemplary categories of Qualcomm patents); 72:18-74:4 (listing exemplary types of Qualcomm non-cellular SEP).)  As to the latter, Qualcomm does not intend to elicit testimony related to that content.[2]

### Qualcomm's Response to FTC HPO No. 4 (QX9226—Fabian Gonell)

QX9226 contains an email chain attaching a series of letters to various OEMs, guaranteeing chipset supply even if an OEM challenges its licensing terms or refuses to pay royalties.  The Court previously overruled the FTC's objection based on relevance and completeness.  (ECF No. 1178, FTC HPO No. 2.)  The FTC nonetheless raises these arguments again—without providing any reason to revisit the Court's prior ruling.

On top of the objections already overruled by this Court, the FTC objects on the basis

---

[2] Qualcomm is willing to redact the slides to remove such references or to not offer slides 7-9 into evidence.  Separately, at the FTC's request, Qualcomm agreed not to enter slides 43-45 of QX9240 into evidence to resolve the FTC's objection to QX9240 under FRE 702.

that Mr. Gonell lacks personal knowledge.  But Mr. Gonell was copied on emails within the chain, and Qualcomm will elicit testimony at trial showing that Mr. Gonell, who was Division Counsel for QTL at the time of the emails, has personal knowledge of these letters.  The Court should deny the FTC's 602 objection and review the admissibility of QX9226 in the context of Mr. Gonell's testimony at trial.

### Qualcomm's Response to FTC HPO No. 5 (QX2259—Fabian Gonell)

QX2259 is a letter from an OEM proposing certain terms for a 3G and 4G subscriber unit and infrastructure equipment licenses.  Under Federal Rule 801, a "verbal act"—a "statement [that] itself affects the legal rights of the parties"—is not hearsay.  *See* Fed. R. Evid. 801 committee note to subdivision (c).  Thus, "[n]either an offer nor an acceptance is hearsay".  *United States v. Mendez-Perez*, Nos. 92-10350, 92-10354, 1993 WL 436971, at *1 (9th Cir. Oct. 27, 1993).  As Qualcomm is offering QX2259 for the verbal act of the offer made by the OEM, QX2259 is not hearsay.

### Qualcomm's Response to FTC HPO No. 6 (QX9325—Fabian Gonell)

QX9325 is a letter to a certain OEM notifying it that Qualcomm had adopted a royalty cap limiting the amount of money the OEM would be required to pay under its license agreement.  The FTC's objections under FRE 602 and 802 are misplaced.  Qualcomm will elicit testimony at trial that Mr. Gonell has personal knowledge of the letter sent by Derek Aberle, to whom Mr. Gonell reported at the time.  In addition, QX9325 is not hearsay.  QX9325 is a verbal act because the letter "revise[s] the terms and conditions applicable to QUALCOMM's voluntary royalty cap program with respect to certain Subscriber Units that are licensed under the [licensee's] License Agreement".  (QX9325, at 1.)  In other words, the letter itself is an act with legal significance.  *See Mendez-Perez*, 1993 WL 436971, at *1 .

### Qualcomm's Response to FTC HPO No. 7 (QX0218—Michael Hartogs)

QX0218 is an October 21, 2009 email from David Chang of MediaTek to Michael Hartogs and others of Qualcomm, regarding negotiations between Qualcomm and MediaTek of a ███████████████████████.  In response to near-finalization of the deal, Mr. Chang states "I

1   am so exciting [*sic*] that both Qualcomm and MediaTek will reach ███████████

2   ███████, it is definitely a WIN-WIN case for both companies."  Because QX0218

3   memorializes Mr. Chang's then-existing impression of the prospect of concluding the ████████

4   ████████████ with Qualcomm, it satisfies the "then-existing" state of mind exception to the

5   rule against hearsay under FRE 803(3), and therefore is admissible as an exception to the hearsay

6   rule.  Given that the FTC has asserted that competing chipmakers were harmed by Qualcomm's

7   refusal to enter into exhaustive chip-level licenses, the expression of Mr. Chang's state of mind

8   as the parties neared the conclusion of negotiations concerning ████████████ is

9   probative of the FTC's theory.[3]

10   **Qualcomm's Response to FTC HPO No. 8 (Todd Madderom Tr. 84:8-16)**

11          Todd Madderom of Lenovo/Motorola testified that he "was certainly a contributor" to a

12   document that he was shown at his deposition (Tr. 81:14-17) and testified concerning that

13   document.  Mr. Madderom's testimony is not only sufficient to show personal knowledge of the

14   document, but also to overcome the FTC's hearsay objection to his testimony concerning the

15   document.  Importantly, Qualcomm is not seeking to admit the document itself into evidence,

16   merely Mr. Madderom's testimony based on his personal knowledge of the document.  The

17   FTC's hearsay objection should be denied.

---

[3] During the meet-and-confer process, the FTC agreed that QX0218 could be admitted if not
admitted for the truth of the matter asserted.

Dated: January 17, 2019                    Respectfully submitted,


                                           CRAVATH, SWAINE & MOORE LLP

                                           *s/ Yonatan Even*

                                           Gary A. Bornstein
                                           Yonatan Even
                                               Worldwide Plaza
                                                   825 Eighth Avenue
                                                       New York, NY 10019
                                                           Telephone:  (212) 474-1000
                                                               Facsimile:  (212) 474-3700
                                                                   gbornstein@cravath.com
                                                                   yeven@cravath.com


                                           Robert A. Van Nest
                                           Eugene M. Paige
                                           Justina K. Sessions
                                           KEKER, VAN NEST & PETERS LLP
                                               633 Battery Street
                                                   San Francisco, CA 94111
                                                       Telephone:  (415) 676-2289
                                                           Facsimile:  (415) 397-7188
                                                               rvannest@keker.com
                                                               epaige@keker.com
                                                               jsessions@keker.com


                                           Richard S. Taffet
                                           MORGAN, LEWIS & BOCKIUS LLP
                                               101 Park Avenue
                                                   New York, NY 10178
                                                       Telephone:  (212) 369-6000
                                                           Facsimile:  (212) 309-6001
                                                               richard.taffet@morganlewis.com


                                           Geoffrey T. Holtz
                                           MORGAN, LEWIS & BOCKIUS LLP
                                               One Market, Spear Street Tower
                                                   San Francisco, CA 94105
                                                       Telephone:  (415) 442-1000
                                                           Facsimile:  (415) 442-1001
                                                               geoffrey.holtz@morganlewis.com


                                           *Attorneys for Qualcomm Incorporated*