| | |
|---|---|
| KEKER VAN NEST & PETERS LLP<br>Robert A. Van Nest<br>Eugene M. Paige<br>Justina K. Sessions<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 676-2289<br>Facsimile: (415) 397-7188 | MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-0060<br>Facsimile: (212) 309-6001 |
| CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700 | MORGAN, LEWIS & BOCKIUS LLP<br>Geoffrey T. Holtz (SBN 191370)<br>Geoffrey.holtz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED<br><br>*Additional Counsel listed on the Signature Page* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>  v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>      Defendant. | Case No. 5:17-CV-0220-LHK-NMC<br><br>**QUALCOMM'S HIGH PRIORITY OBJECTIONS AND RESPONSES FOR JANUARY 22, 2019 TRIAL DAY** |

Pursuant to the Court's October 24 Case Management Order (ECF No. 922), Qualcomm respectfully submits the following high-priority objections and responses for January 22, 2019.

**Qualcomm's HPO No. 1 (objection to FTC's FRE 106 designation of Hojin Kang Tr. 63:2-6, 63:9-10, 152:25-153:3, asserted by the FTC to respond to Qualcomm's designation of Tr. 62:24-63:1, 152:25-153:3)**

In the Kang deposition, Qualcomm has designated a series of complete questions and answers regarding the role of licensing in Samsung's selection process for modem chips.  The FTC previously has objected to Qualcomm's completeness designations on the grounds that the purpose of a completeness designation pursuant to FRE 106 is "to prevent the introduction of 'a misleadingly-tailored snippet,' not to interject other issues or 'merely cast doubt on [a witness's] accuracy and reliability.' *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)." (ECF No. 1074 at 1.)  The FTC further argued that completeness designations may not be used merely "to rebut designated testimony" or to place the witness's testimony "in context". (*Id.* at 2.) Rather, the FTC said, a completeness designation should be allowed only "to correct a misleading impression . . . that is created by taking something out of context", but is unnecessary when "the edited version of a statement did not 'distort the meaning of the statement'". (*Id.*) The Court sustained the FTC's objections to Qualcomm's completeness designations. (*E.g.*, ECF No. 1099.)  Here, Qualcomm designated testimony showing that Kang, in his role as the head of the procurement division in charge of procuring baseband processors, did not consider royalties as part of the chip selection process.  The FTC's proposed completeness designations do nothing to clarify this testimony or make it not misleading; rather, they reflect an attempt to elicit contradicting testimony about other individuals.  (Tr. 63:2-6, 63:9-10.)  These are not proper completeness designations under the standard put forward by the FTC.  Neither is the FTC's attempt to designate a question seeking identification of specific customers (Tr. 152:25-153:3) a proper completeness designation to Qualcomm's designation of a complete question regarding whether Samsung sold chips to any third parties.  This testimony is unnecessary to a full understanding of Qualcomm's designation.  Qualcomm's objection should be sustained.

**Qualcomm's HPO No. 2 (objection to FTC's FRE 106 designation of Jianxin Ding Tr. 299:11-25, asserted by the FTC to respond to Qualcomm's designation of Tr. 300:6-17)**

In the Ding deposition, Qualcomm designated a complete question and response regarding the 2004 and 2014 agreements between Huawei and Qualcomm. The FTC purports to correct this so-called misleading testimony by designating a prior question and answer, complete with lawyer colloquy, in which the witness provides a non-responsive answer to a similar question. Because the FTC's designation "introduces a new issue" and is unnecessary "to correct a misleading impression" or to prevent the "distort[ion] of the meaning of a statement", it is an improper designation under FRE 106 under the standard previously advocated by the FTC in this case. Qualcomm's objection should be sustained.

**Qualcomm's HPO No. 3 (objection to CX6138 for use with Lorenzo Casaccia because the witness lacks personal knowledge of and foundation for testimony about the exhibit)**

Qualcomm objects to CX6138, an email from Roger Martin to Ken Kaskoun and Jason Kenagy (all of Qualcomm), attaching a presentation, because Mr. Casaccia lacks personal knowledge of the exhibit or foundation to testify about it. In particular, Mr. Casaccia, who is neither the sender nor the recipient of the top email in this chain, lacks personal knowledge of the top email and the presentation at CX1638-003 to -028. The title slide of the presentation beginning on -005 does not list Mr. Casaccia as a presenter, and at his deposition he testified, "I don't recall the other parts of the deck . . . somebody then incorporated [my slides] in a broader deck". (Feb. 22, 2018 Tr. 188:8-18.) To be clear, Qualcomm does not object to admission of the presentation with Mr. Casaccia's name (CX6138-029 to 037), but the FTC has provided no basis to infer that Mr. Casaccia has personal knowledge of the remainder of CX6138. This exhibit should be excluded under FRE 602.

**Qualcomm's HPO No. 4 (objection to CX8262 for use with Lorenzo Casaccia because the witness lacks personal knowledge of and foundation for testimony about the exhibit)**

Qualcomm objects to CX8262, a presentation by Qualcomm's IP Advocacy Group titled "Meeting with the European Commission", because Mr. Casaccia lacks personal knowledge of the exhibit or foundation to testify about it. Mr. Casaccia is not and has never been a member of Qualcomm's IP Advocacy Group. The FTC has not provided any basis on which the Court could conclude that Mr. Casaccia has seen the document, or that he was involved in the meeting referenced in the title of the document. This exhibit should be excluded under FRE 602.

**Qualcomm's Response to FTC HPO No. 1 (QX0546 and related testimony of Injung Lee (Tr. 36:9-40:5))**

QX0546, an email between Derek Aberle of Qualcomm and SeungGun Park of Samsung, is admissible under the business records exception. FRE 803(6). QX0546 was sent as part of Samsung's renewal of its license agreement in connection with the 2008-2009 license agreement negotiations. The email is admissible as a business record pursuant to FRE 803(6) because it was created by Samsung employees as part of their business duties. Moreover, the email is not included for the truth of the matter asserted but to show when Samsung renewed its amendment and began negotiating. Mr. Lee has sufficient knowledge regarding the document and the event described therein. While Mr. Lee testified that he joined the negotiation team after this email, he also testified that he was knowledgeable regarding the 2008-2009 licensing negotiations and that he was briefed by others regarding the meetings he did not attend. (Tr. 141:24-142:2; Tr. 206:20-22 ("I –having served as the window of communication back then in the 2009 time frame and was thus familiar with the history in that regard"); 142:22-143:1.) Notably, the FTC played extensive testimony from Mr. Lee regarding these same negotiations, including testimony about Samsung's initial choice to renegotiate, a decision made before Mr. Lee was a part of the negotiation team. (*e.g.* Tr. 140:23-141:3; 141:6-11; 143:9-13; 143:16-23; 166:23-167:7.)

**Qualcomm's Response to FTC HPO No. 2 (QX0558 and related testimony of Injung Lee (Tr. 261:8 – 262:19))**

QX0558, a statement of Samsung's "modem chip acquisition status", qualifies for the business record exception because on its face it is a business record detailing Samsung's modem chip acquisition status.  Accordingly, it should be admissible for the truth of the matter asserted.  Even if it is not, the document is admissible for impeachment purposes.  FRE 801.  During the course of his deposition, Mr. Lee testified that Qualcomm supplied "████████████" that [Samsung was] incorporating into [their] mobile phones" (Tr. 151:13-16) and that this provided Qualcomm with leverage during negotiations and led Samsung to accept a royalty rate it otherwise would have refused.  (Tr. 198:23-199:2.)  QX0558 directly contradicts that statement because it states that Samsung was purchasing only ████████ from Qualcomm in 2008 and 2009.  The document therefore directly contradicts Mr. Lee's testimony and is thus impeachment material.

**Qualcomm's Response to FTC HPO No. 3 (QX0551 and related testimony of Injung Lee (Tr. 64:24 – 65:3))**

QX0551 is an internal summary of a meeting between Qualcomm and Samsung created by Samsung in the ordinary course of business, which is substantially similar to other documents admitted by this Court.  Mr. Lee testified that he had seen the minutes before and that they were one of many internal summaries prepared by Samsung.  (Tr. 63:18-25.)  Mr. Lee also testified that he had been briefed by others for meetings he did not attend.  (Tr. 142:22-143:1.)  The FTC argued that a similar document was admissible because "Mr. Lee further testified that Samsung regularly created such summary reports after negotiation meetings."  (ECF-1222.)  This Court admitted the document as a part of the FTC's designation of Mr. Lee's testimony.  (*See* ECF-1231.)  Accordingly, Mr. Lee can properly introduce this exhibit, which details the first negotiation, as a business record.

**Qualcomm's Response to FTC HPO No. 4 (QX1005 and associated testimony of Robert Rango (Tr. 67:12–68:19, 68:22–68:24, 69:11–70:15, 70:18–70:24, 71:2–71:15))**

Mr. Rango testified about Broadcom's chip business and Broadcom's reaction to Apple's rejection of Broadcom's product proposal. (Tr. 67:12–68:19, 68:22–68:24, 69:11–70:15, 70:18–70:24, 71:2–71:15.) Mr. Rango's testimony included testimony concerning QX1005, an internal Broadcom email from May 2014. Both of the FTC's objections to this testimony and exhibit should be overruled. *First*, Mr. Rango has personal knowledge of Broadcom's chip business through his role as Executive VP and GM of Broadcom's Mobile and Wireless Group. (Tr. 16:9-19.) And Mr. Rango was personally involved in Broadcom's product proposals to Apple. (*E.g.*, Tr. 73:12-18, 73:23-25, 74:11-14.) As to the related exhibit, QX1005, Mr. Rango is a recipient of the May 7, 2014 email and thus has personal knowledge of that email. In fact, he testified extensively about the content of the email and confirmed that the content of the exhibit is "consistent with" the "discussions [he] had with [Apple]". (Tr. 74:11-14.) Thus, the FTC's FRE 602 objection is without merit. *Second*, the FTC's hearsay objections are misplaced. Mr. Rango's testimony about Broadcom's chip business—based on his knowledge as a Broadcom executive—is not hearsay. (*E.g.*, Tr. 71:10-15 ("What is envelope tracking? . . . Was that a new feature for Broadcom's chips? Yes.").) To the extent the FTC asserts that Apple's statements to Mr. Rango are hearsay, those statements are offered to show the effect of Apple's rejection of Broadcom's product proposal on Mr. Rango, namely why Broadcom exited the chip business.

Dated: January 18, 2019                    Respectfully submitted,


CRAVATH, SWAINE & MOORE LLP

*s/ Yonatan Even*
Gary A. Bornstein
Yonatan Even
   Worldwide Plaza
      825 Eighth Avenue
         New York, NY 10019
            Telephone: (212) 474-1000
               Facsimile: (212) 474-3700
                  gbornstein@cravath.com
                  yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
Justina K. Sessions
KEKER, VAN NEST & PETERS LLP
   633 Battery Street
      San Francisco, CA 94111
         Telephone: (415) 676-2289
            Facsimile: (415) 397-7188
               rvannest@keker.com
               epaige@keker.com
               jsessions@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
   101 Park Avenue
      New York, NY 10178
         Telephone: (212) 369-6000
            Facsimile: (212) 309-6001
               richard.taffet@morganlewis.com

Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
      San Francisco, CA 94105
         Telephone: (415) 442-1000
            Facsimile: (415) 442-1001
               geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

**QUALCOMM'S HPOS AND RESPONSES FOR JANUARY 22, 2019 TRIAL DAY**
17-CV-0220-LHK-NMC

6