| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest - # 84065<br>rvannest@keker.com<br>Eugene M. Paige - # 202849<br>epaige@keker.com<br>Justina Sessions - # 270914<br>jsessions@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188<br><br>CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein *(pro hac vice)*<br>gbornstein@cravath.com<br>Yonatan Even *(pro hac vice)*<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, New York 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile:  (212) 474-3700<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED | MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet *(pro hac vice)*<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br>Facsimile:  (212) 309-6001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Willard K. Tom *(pro hac vice)*<br>willard.tom@morganlewis.com<br>1111 Pennsylvania Avenue NW<br>Washington, DC 20004-2541<br>Telephone: (202) 739-3000<br>Facsimile:  (202) 739-3001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Geoffrey T. Holtz (SBN 191370)<br>gholtz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**QUALCOMM INCORPORATED'S RESPONSE TO THE FTC'S ADMINISTRATIVE MOTION REGARDING THE FTC'S REBUTTAL CASE**<br><br>Judge: Hon. Lucy H. Koh |

Defendant Qualcomm Incorporated ("Qualcomm") respectfully submits this response to the FTC's Administrative Motion To Begin Rebuttal Case on January 28, 2019 (ECF No. 1374).

Qualcomm anticipates resting its case in the afternoon of January 25, 2019. Based on the remaining trial time available to both parties (11 hours, 52 minutes) and the average amount of trial time that has been used each day so far at trial (approximately five and a half hours), it is possible that both parties could complete their trial presentations by the end of the day on Friday, January 25, or come close to doing so. Nevertheless, Qualcomm does not oppose in principle the FTC's request to defer beginning its rebuttal case until the morning of Monday, January 28.

The FTC, however, has not proposed a practical schedule to govern the disclosure of rebuttal witnesses and evidence or for submission of any high priority objections in light of its request to delay its rebuttal case. For Monday trial days during both parties' cases (or for Tuesday, January 22, when Monday, January 21 was a Court holiday), the Court has required the parties to identify witnesses and to disclose evidence sufficiently in advance to permit the submission of high priority objections on the preceding Friday by 8:00 a.m. The FTC seeks a special exception to this rule for its rebuttal case that would result in high priority objections being submitted on Sunday, January 27, without good cause. Further, because the FTC has stated that it reserves the right to seek rebuttal testimony from Qualcomm employees—who would have to rearrange their professional schedules and travel to San Jose to testify—the FTC's proposal to delay identifying rebuttal witnesses until 8:00 p.m. on Friday, January 25, less than three days before the last day of trial, leaves Qualcomm and those witnesses in an untenable position.

The FTC asserts that it should be permitted to defer the disclosure of rebuttal witnesses and evidence until after Qualcomm presents the testimony of Prof. Aviv Nevo and Alex Rogers, who will testify on January 25. The testimony of both witnesses, however, will not be a surprise to the FTC. The FTC has an expert report submitted by Prof. Nevo (and Prof. Shapiro already has served an expert report purporting to rebut it) and an extensive, two-day deposition of Mr. Rogers. And the FTC will receive a disclosure of HPO evidence (trial exhibits and demonstratives) for both of these witnesses on Wednesday morning by 8:00 a.m. Further, the FTC already has received a disclosure of all remaining deposition testimony Qualcomm will

introduce in its case; there is no basis for its request to defer disclosing rebuttal deposition testimony for several more days. Even if it is possible that the FTC will need to add rebuttal evidence based on some unanticipated element of the January 25 live witnesses' testimony, that is not a reason to delay the FTC's disclosure of **all** rebuttal witnesses and evidence. The FTC should be required to disclose rebuttal witnesses and evidence according to the schedule the Court and the parties have used during past weeks:

- **Wednesday, January 23 at 6:00 p.m.: the FTC identifies rebuttal witnesses and discloses rebuttal deposition designations**
- **Thursday, January 24 at 8:00 a.m.: the parties disclose HPO evidence for the FTC's rebuttal witnesses, and Qualcomm identifies completeness designations**
- **Friday: January 25, at 8:00 a.m.: the parties submit high priority objections for the January 28 trial day**

Further, the FTC's request to delay its rebuttal case poses another practical problem relating to the deadline for high priority objections to closing argument slides, which is currently 5:00 p.m. on Monday, January 28. Qualcomm may need to address the FTC's rebuttal case in its closing arguments. However, if the FTC's rebuttal case does not even begin until the morning of January 28, it would be impractical for the parties to finish preparing and exchange closing argument slides, to meet and confer, and to brief high priority objections in the few hours between the close of the FTC's case and the 5:00 p.m. HPO deadline. And it would be unfairly prejudicial to require Qualcomm to provide the FTC its closing argument slides before the FTC has rested its rebuttal case, when the FTC will have a unique, one-sided opportunity to address Qualcomm's closing arguments in ongoing expert or other testimony. Accordingly, if the FTC's Motion is granted, Qualcomm respectfully requests that the parties be ordered **to submit high priority objections regarding closing argument slides no later than 8:00 a.m. on Tuesday, January 29**.

| | |
|---|---|
| Dated: January 21, 2019 | CRAVATH, SWAINE & MOORE LLP |
| | By: *s/ Gary A. Bornstein* |
| | Gary A. Bornstein *(pro hac vice)* |
| | Yonatan Even *(pro hac vice)* |
| | CRAVATH, SWAINE & MOORE LLP |
| | Worldwide Plaza |
| | 825 Eighth Avenue |
| | New York, NY 10019-7475 |
| | Tel.: (212) 474-1000 |
| | Fax: (212) 474-3700 |
| | gbornstein@cravath.com |
| | yeven@cravath.com |

Robert A. Van Nest (SBN 84065)
Eugene M. Paige (SBN 202849)
Justina Sessions (SBN 270914)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED