Jennifer Milici, D.C. Bar No. 987096
J. Alexander Ansaldo, Va. Bar No. 75870
Joseph R. Baker, D.C. Bar No. 490802
Elizabeth A. Gillen, Cal. Bar No. 260667
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO QUALCOMM'S BRIEF RE OFFER OF PROOF** |

At the close of Trial Day 8 on January 22, 2019, Qualcomm disclosed for the first time that it intends to submit a written offer of proof outlining post-discovery evidence that it would have offered at trial but for the Court's prior orders enforcing the March 30, 2018 discovery cutoff in this case.[1] Following a meet and confer on January 23, 2019, Qualcomm filed a brief requesting the opportunity to submit its offer of proof early on Trial Day 9, January 25, 2019. *See* Qualcomm's Brief Re Offer of Proof (ECF No. 1394). Qualcomm's proposed offer of proof is unnecessary and as framed, could allow Qualcomm to bypass other requirements for admissibility, including compliance with the Court's disclosure deadlines.

As an initial matter, an offer of proof is not necessary in response to the Court's prior orders because those orders were not tentative or without prejudice. *See United States v. McElmurry*, 776 F.3d 1061, 1066 n.24 (9th Cir. 2015) (citing Fed. R. Evid. 103(b)) ("Once the court rules definitively on the record, either before or at trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."); *see also Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (no offer of proof required where "an entire class of evidence has been in advance formally declared inadmissible by the trial court"). The general substance of the post-discovery evidence excluded by the Court's orders is apparent from the context of the orders and the briefing that preceded it: multiple Qualcomm briefs described the general types of post-discovery evidence that Qualcomm proposed to introduce at trial (although they did not fully encompass the specific exhibits that Qualcomm now says it wants to offer). *See* ECF Nos. 873, 929, 933 (seeking to introduce post-discovery license agreements and documents reflecting purported post-discovery market developments); *see also* Fed. R. Evid. 103(a)(2). As the Court noted at trial, two post-discovery license agreements have already been attached under seal to prior briefing. *See* ECF Nos. 791-7, 1206 at 2 (order sealing Exs. 3-7).

In addition, as framed, Qualcomm's proposed offer of proof would make an end-run around other requirements for admissibility, including compliance with the Court's case-

---

[1] *See* Order Denying Qualcomm's Request to Introduce Evidence of Post-Discovery Events (ECF No. 997, Dec. 13, 2018); Order Granting the FTC's Motion to Exclude Expert Testimony of Prof. Nevo (ECF No. 1015, Dec. 17, 2018); Order Granting FTC's Third Motion in Limine (ECF No. 995, Dec. 13, 2018).

1  management procedures. Qualcomm's proposed proffer includes documents that it never included
2  on its exhibit list and which lack a sponsoring witness, are hearsay, or are otherwise not
3  admissible.

4        The Court has broad discretion to set deadlines and other procedures for case
5  management, *see, e.g., Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001), and the Court
6  set clear requirements for pre-trial disclosures and evidentiary limits in this case. *See, e.g.,* ECF
7  No. 922 ("By November 27, 2018, the parties shall exchange a final pretrial list of up to 450
8  exhibits per side."). In spite of these requirements, Qualcomm now seeks to submit an offer of
9  proof involving documents that were not disclosed on Qualcomm's November 27 exhibit list—
10 even though the Court's mid-December orders denying Qualcomm's request to introduce post-
11 discovery evidence post-date that disclosure.[2] In other words, as of November 27, Qualcomm had
12 no reason to exclude documents from its exhibit list because of the Court's mid-December orders.
13 If Qualcomm wanted to allocate space on its exhibit list or trial time for the evidence it now seeks
14 to proffer, it should have done so from the start. It should not be allowed to revisit its decisions
15 now and use a proffer to improperly expand the record. Qualcomm's belated attempt to create a
16 record for appeal in circumvention of this Court's case management procedures should not be
17 condoned. *See generally Heyne*, 69 F.3d at 1481–82; Alan Wright et al., 21 *Fed. Practice & Proc.*
18 *Evid*. § 5034.4 (2d ed. 2018) ("[I]t has been held that Rule 103 does not apply to objections to the
19 trial court's limiting the time for trial of the case to two days even though this means that the
20 parties will have to forego the use of evidence to meet this deadline.").

21       Moreover, the proposed offer of proof could permit Qualcomm unfairly to bypass other
22 requirements for admissibility at trial. The proposed offer would evade the Court's requirement to
23 admit documents through a sponsoring witness, and the documents cited by Qualcomm are not

---

[2] For example, Qualcomm seeks to offer proof of 59 post-discovery license agreements, when only five of these agreements were on its November 27 exhibit list. *See* ECF No. 950-13. Qualcomm's November 27 exhibit list did include a proposed summary exhibit that purported to summarize 37 post-discovery license agreements. *See also* Qualcomm's Proposed Findings of Fact, at 13 ¶ 83 ("29 such agreements were entered in 2018"). Neither of the FCC statements Qualcomm proposes to proffer were on Qualcomm's November 27 exhibit list. *See* ECF No. 950-13.

1  plainly admissible on their face. For example, Qualcomm has made no showing of how it would
2  introduce third-party statements (*e.g.*, "5G modem announcements") that would be subject to
3  hearsay or foundation objections. And yet Qualcomm seeks to write or read into an offer of proof
4  broad categories of proposed evidence without identifying sponsoring witnesses, foundation, or
5  other bases for admissibility. *See Gibson v. King Cty.,* 256 F. App'x 39, 42 (9th Cir. 2007)
6  (finding no abuse of discretion in excluding evidence where offer of proof did not show "the
7  necessary foundation for admissibility"); *see also Perkins v. Silver Mountain Sports Club & Spa,*
8  *LLC*, 557 F.3d 1141, 1150 (10th Cir. 2009) (finding offer of proof insufficient where it did not
9  "identify the grounds for admitting the evidence").

10  Qualcomm's offer of proof is untimely and prejudicial to the FTC. Qualcomm has known
11  of the Court's orders regarding post-March 2018 evidence for over a month. If Qualcomm wanted
12  to seek the Court's guidance regarding the proper format for an offer of proof, it could have done
13  so in advance of trial. By waiting until the end of the eighth trial day to raise this issue,
14  Qualcomm has deprived the Court of an opportunity to require that the offer take place by
15  question and answer with live witnesses or that Qualcomm make the requisite showing of
16  admissibility throughout the trial. *See* Fed. R. Civ. P. 103(c). One of Qualcomm's proposed offers
17  of proof, for example, relates to the live testimony of witnesses from Intel and MediaTek.[3] These
18  witnesses finished testifying days before Qualcomm brought its offer of proof proposal to the
19  Court's and the FTC's attention. Moreover, Qualcomm's belated disclosure has deprived the FTC
20  of a reasonable opportunity to consider its response to Qualcomm's proposal, including other
21  potential objections or responses it may have had to the proffered evidence.

22  Any offer of proof on post-2018 evidence that was previously disclosed in compliance
23  with the Court's scheduling orders should be made on the trial record during Qualcomm's allotted
24  trial time. Offers of proof are designed "to let the trial judge 'reevaluate [the] decision in light of
25  the actual evidence to be offered' and to help the reviewing court decide whether 'exclusion
26  affected the substantial rights' of the offering party. In other words, the reason for requiring offers

---

[3] Another proposed offer of proof relates to testimony of Qualcomm executive Cristiano Amon.

1  of proof is to help the trial judge and any later reviewing court do the right thing." 1 Christopher
2  B. Mueller, Laird C. Kirkpatrick, *Fed. Evid.* § 1:13 (4th ed. 2018) (internal citations omitted).
3  Accordingly, it is within the Court's discretion to determine the method of an offer of proof,
4  including whether the proffer should occur by question and answer on the trial record. *See* Fed. R.
5  Evid. 103(c) (providing that "[t]he court may direct that an offer of proof be made in question-
6  and-answer form"); *see also Fidelity Savings & Loan v. Aetna Life and Casualty Co.*, 647 F.2d
7  933, 937 (9th Cir. 1981) (explaining that under Rule 103(b), the form of offers of proof is left to
8  discretion of trial judge); *United States v. Barta*, 888 F.2d 1220, 1223 (8th Cir. 1989) (finding a
9  failure to make a proper offer of proof regarding excluded testimony when the witness "was
10 present in the courtroom" and could have been asked questions forming the basis for an offer of
11 proof, but was not). Indeed, some courts have found that an offer of proof by counsel is the "least
12 favored method because of its potential to fall short of the standard required by the rules of
13 evidence." *See United States v. Adams*, 271 F.3d 1236, 1242 (10th Cir. 2001). Requiring
14 Qualcomm's offer of proof to be made on the trial record, in a matter that establishes the
15 foundation for admissibility, would provide the FTC with an opportunity to object to specific
16 testimony or documents that Qualcomm seeks to offer, including for the reasons detailed above,
17 and establish what evidence would have been excluded by operation of other case management
18 orders or barriers to admissibility rather than through the Court's enforcement of a discovery
19 cutoff.

Dated: January 24, 2018

        Respectfully submitted,

        FEDERAL TRADE COMMISSION,

*/s/ Jennifer Milici*
Jennifer Milici
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Daniel Matheson
Mark J. Woodward
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

***Attorneys for Federal Trade Commission***