UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING QUALCOMM'S REQUEST TO PROFFER ADDITIONAL POST-DISCOVERY DEADLINE EVIDENCE**<br><br>Re: Dkt. Nos. 1394, 1426 |

On December 13, 2018, the Court enforced the fact discovery deadline in this case and denied Qualcomm's request to introduce evidence of events that took place after the fact discovery deadline. ECF No. 997. In the briefing on this motion, Qualcomm argued that it should be allowed to introduce at trial evidence of current market conditions, including "several licensing agreements covering 5G products." ECF No. 929 at 3, 4; *see also* ECF No. 933 (contending that Court should consider "evidence of current market conditions").

On December 17, 2018, the Court granted the Federal Trade Commission's ("FTC") motion in limine to exclude the portions of the expert report of Qualcomm's expert, Professor Nevo, that discussed two 5G license agreements that post-date the fact discovery deadline in this case. ECF No. 1015.

After the close of the eighth day of the trial, with just over six hours of trial time remaining, Qualcomm for the first time indicated its intention to file an offer of proof of evidence that Qualcomm would have elicited absent the Court's orders denying the introduction of post-discovery deadline evidence. Qualcomm had not previously advised the FTC or the Court of Qualcomm's intention. For the following reasons, the Court DENIES Qualcomm's request to proffer post-discovery deadline evidence orally or in writing.

Under Federal Rule of Evidence 103, a party preserves a claim of error based on the Court's exclusion of evidence if "a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Fed. R. Evid. 103(a). However, "[o]nce the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103(b). As the Ninth Circuit has explained, "[a] proper offer of proof informs the trial court of what counsel expects to prove by the excluded evidence and preserves the record so that an appellate court can review the trial court's decision for reversible error." *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995). "The lack of an offer of proof, however, is excused where an entire class of evidence has been in advance formally declared inadmissible by the trial court . . . for the court's ruling relates forward to all possible offers of such evidence and renders them needless." *Id.* (internal quotation marks and citations omitted).

In the Court's evidentiary orders at issue, the Court declared inadmissible an entire category of evidence: "The parties may only seek to introduce evidence produced on or before the March 30, 2018 fact discovery cutoff and the testimony from the limited authorized out-of-time depositions" that extended into May 2018. ECF Nos. 997, 1015. Thus, Qualcomm's offer of proof is unnecessary under *Heyne*. As discussed above, Qualcomm has already identified the category of evidence that is the subject of its late and unnecessary offer of proof.

The cases Qualcomm cites all stand for the unremarkable proposition that Rule 103 "prohibits [the Ninth Circuit] from overturning the district court where the substance of the evidence was not made known to the court by offer or was not apparent from the context." *United*

2

*States v. Serrano*, 582 F. Appx. 729, 730 (9th Cir. 2014) (quoting *United States v. Morlan*, 756 F.2d 1442, 1447 (9th Cir. 1985)). Qualcomm's cases concern the evidence before the Court *at the time* of exclusion, but Qualcomm cites no authority for its request to produce an offer of proof more than a month after the Court's exclusion orders and after 8 full days of trial. *See United States v. Pacheco*, 912 F.2d 297, 304 (9th Cir. 1990) (declining to consider propriety of admitting evidence where the defendant never raised the issue to the district court). Here, where Qualcomm advised the Court of the categories of evidence at issue and the Court issued definitive rulings on the evidentiary objection, Rule 103 is satisfied. *See United States v. McElmurry*, 776 F.3d 1061, 1066 n.24 (9th Cir. 2015) (quoting Rule 103(b)) ("Once the court rules definitively on the record, either before or at trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

Qualcomm's eleventh hour request to make an offer of proof also prejudices both the Court and the FTC. The FTC was unable to take discovery on Qualcomm's post-discovery deadline evidence or to "test Qualcomm's assertions about what the post-discovery agreements show." ECF No. 1015 at 4. Qualcomm's evidence was not the subject of fact or expert discovery or eight days of trial.

Moreover, as the FTC points out, Qualcomm's proffer "would make an end-run around other requirements for admissibility." ECF No. 1426 at 1. For example, the parties exchanged proposed trial exhibits on November 27—before the Court's orders denying the admission of post-discovery deadline evidence—but Qualcomm did not include on its exhibit list all of the evidence Qualcomm apparently seeks to proffer. *See id.* at 2. Qualcomm's belated disclosure of its intention to file an offer of proof after 8 full days of trial also has denied the FTC an opportunity to object to the admissibility of any of Qualcomm's post-discovery deadline evidence. Requiring the FTC to raise such objections now, with six hours remaining in the trial, unduly prejudices both the FTC and the Court. Therefore, the Court DENIES Qualcomm's request to make an untimely and unnecessary offer of proof

**IT IS SO ORDERED.**

Dated:  January 24, 2019

_____
LUCY H. KOH
United States District Judge

4
Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO PROFFER ADDITIONAL POST-DISCOVERY EVIDENCE