# ANDERSON MŌRI & TOMOTSUNE

OTEMACHI PARK BUILDING

1-1-1 OTEMACHI, CHIYODA-KU, TOKYO 100-8136, JAPAN

Writer:     Yoshihito Shibata
Direct Tel: 81-3-6775-1054
Direct Fax: 81-3-6775-2054
E-mail:     Yoshihito.shibata@amt-law.com

TEL:  81-3-6775-1000
http://www.amt-law.com

TOKYO, OSAKA, NAGOYA
BEIJING,            SHANGHAI,
SINGAPORE
HO CHI MINH CITY, BANGKOK
JAKARTA

### Declaration of Yoshihito Shibata

I, Yoshihito Shibata, hereby declare as follows:

1. I am a Partner in the Japanese law firm Anderson Mori & Tomotsune.  I represent Qualcomm Incorporated ["Qualcomm"] in Case No. 2010 (Han) No. 1 before the Japan Fair Trade Commission ("JFTC"), in which Qualcomm seeks revocation of the JFTC Cease and Desist Order dated September 28, 2009 (the "CDO").

2. Attached hereto is a true and correct copy of the Japanese language Decision by the JFTC in Case No. 2010 (Han) No. 1, dated March 14, 2019, issued after consideration of evidence and arguments presented by Qualcomm and JFTC Investigation Officials.  The Decision holds that the CDO should be revoked in its entirety because Qualcomm's license provisions ordered to be revoked by the CDO do not have the tendency to impede fair competition and do not violate Japan's Antimonopoly Act.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: March 15, 2019     By: _____

Yoshihito Shibata

平成２２年（判）第１号

審　　　　　決

アメリカ合衆国カリフォルニア州サンディエゴ市モアハ
ウス・ドライヴ５７７５番地
　　　被審人　クアルコム・インコーポレイテッド
　　　同代表者　　　　　　スティーブ・Ｍ・モレンコフ
　　　同代理人　弁護士　古　城　春　実
　　　同　　　　　　　　矢　吹　公　敏
　　　同　　　　　　　　柴　田　義　人
　　　同復代理人弁護士　山　田　　　篤
　　　同　　　　　　　　伊　藤　多嘉彦
　　　同　　　　　　　　牧　野　知　彦
　　　同　　　　　　　　西　谷　　　敦
　　　同　　　　　　　　髙　橋　　　綾
　　　同　　　　　　　　河　合　　　健
　　　同　　　　　　　　田　子　小百合
　　　同　　　　　　　　片　山　いずみ

　　公正取引委員会は，上記被審人に対する私的独占の禁止及び公正取引の確保
に関する法律の一部を改正する法律（平成２５年法律第１００号）附則第２条
の規定によりなお従前の例によることとされる同法による改正前の私的独占の
禁止及び公正取引の確保に関する法律（昭和２２年法律第５４号）（以下「独
占禁止法」という。）に基づく排除措置命令審判事件について，私的独占の禁
止及び公正取引の確保に関する法律の一部を改正する法律の施行に伴う公正取
引委員会関係規則の整備に関する規則（平成２７年公正取引委員会規則第２号）
による廃止前の公正取引委員会の審判に関する規則（平成１７年公正取引委員
会規則第８号）（以下「規則」という。）第７３条の規定により審判長審判官
齊藤充洋から提出された事件記録に基づいて，同審判官から提出された別紙審
決案を調査し，次のとおり審決する。

1

主　　　　文

平成２１年９月２８日付けの排除措置命令（平成２１
年（措）第２２号）を取り消す。

理　　　　由

1　当委員会の認定した事実，証拠，判断及び法令の適用は，いずれも別紙
　審決案の理由第１ないし第７と同一であるから，これらを引用する。
　　なお，引用する審決案で用いられる用語のうち，同審決案別紙１の「用
　語」欄に掲げるものの定義は，同「定義」欄に記載のとおりである。
2　ところで，本件では，被審人による本件違反行為が平成２１年改正法に
　よる改正前の独占禁止法第２条第９項第４号，旧一般指定第１３項の規定
　する拘束条件付取引に該当し，独占禁止法第１９条の規定に違反するもの
　として，本件排除措置命令が発せられている。
　　この点，証拠（審１ないし審３，審１３，審１９，審２０，審７９，審
　２２１，審２７５，審２７６）及び第三世代携帯無線通信規格に必須であ
　る工業所有権の被審人の保有状況（審決案第３の２(4)イ）からすれば，被
　審人は，ＣＤＭＡ携帯電話端末等に関する技術に係る市場（本件検討対象
　市場）において有力な地位を有していたものと推認されるところ，このよ
　うな被審人による国内端末等製造販売業者との間の本件ライセンス契約の
　締結に至る過程において，独占禁止法による何らかの規制を受けるべき行
　為が認定される余地があったとも考えられる。しかしながら，審決案第６
　の１のとおり，被審人が本件無償許諾条項等を規定した本件ライセンス契
　約を国内端末等製造販売業者との間で締結したことについて，本件排除措
　置命令が摘示する拘束条件付取引に該当するものとして公正競争阻害性を
　有すると認めるに足りる証拠はない。
　　したがって，被審人による本件違反行為が平成２１年改正法による改正
　前の独占禁止法第２条第９項第４号，旧一般指定第１３項の規定する拘束
　条件付取引に該当し，独占禁止法第１９条の規定に違反するものとは認め
　られず，上記規定を根拠として被審人に対して排除措置命令を発すること
　はできない。
3　よって，被審人に対し，独占禁止法第６６条第３項及び規則第７８条第
　１項の規定により，主文のとおり審決する。

平成３１年３月１３日

公　正　取　引　委　員　会

委員長　　杉　　本　　和　　行

委　員　　三　　村　　晶　　子

委　員　　青　　木　　玲　　子

委　員　　小　　島　　吉　　晴

別紙

平成２２年（判）第１号

審　　決　　案

アメリカ合衆国カリフォルニア州サンディエゴ市モアハ
ウス・ドライヴ５７７５番地
　　　被審人　　クアルコム・インコーポレイテッド
　　　同代表者　　　　　　　スティーブ・Ｍ・モレンコフ
　　　同代理人　弁護士　古　城　春　実
　　　同　　　　　　　　　矢　吹　公　敏
　　　同　　　　　　　　　柴　田　義　人
　　　同復代理人弁護士　山　田　　　篤
　　　同　　　　　　　　　伊　藤　多嘉彦
　　　同　　　　　　　　　牧　野　知　彦
　　　同　　　　　　　　　西　谷　　　敦
　　　同　　　　　　　　　髙　橋　　　綾
　　　同　　　　　　　　　河　合　　　健
　　　同　　　　　　　　　田　子　小百合
　　　同　　　　　　　　　片　山　いずみ

　　上記被審人に対する私的独占の禁止及び公正取引の確保に関する法律の一部
を改正する法律（平成２５年法律第１００号）附則第２条の規定によりなお従
前の例によることとされる同法による改正前の私的独占の禁止及び公正取引の
確保に関する法律（昭和２２年法律第５４号）（以下「独占禁止法」という。）
に基づく排除措置命令審判事件について，公正取引委員会から独占禁止法第５
６条第１項及び私的独占の禁止及び公正取引の確保に関する法律の一部を改正
する法律の施行に伴う公正取引委員会関係規則の整備に関する規則（平成２７
年公正取引委員会規則第２号）による廃止前の公正取引委員会の審判に関する
規則（平成１７年公正取引委員会規則第８号）（以下「規則」という。）第１
２条第１項の規定に基づき担当審判官に指定された本職らは，審判の結果，次
のとおり審決することが適当であると考え，規則第７３条及び第７４条の規定
に基づいて本審決案を作成する。

1

　なお，以下の用語のうち，別紙１の「用語」欄に掲げるものの定義は，同「定義」欄に記載のとおりである。

主　　　　　　　　文

　平成２１年９月２８日付けの排除措置命令（平成２１年（措）第２２号）を取り消す。

理　　　　　　　　由

第１　審判請求の趣旨
　　　主文同旨
第２　事案の概要（当事者間に争いのない事実又は公知の事実）
　１　公正取引委員会は，被審人が，被審人等が保有し又は保有することとなるＣＤＭＡ携帯無線通信に係る知的財産権について，国内端末等製造販売業者に対してその実施権等を一括して許諾する契約を締結するに当たり，国内端末等製造販売業者等が保有し又は保有することとなる知的財産権について実施権等を無償で許諾することを余儀なくさせ，かつ，国内端末等製造販売業者等がその保有し又は保有することとなる知的財産権に基づく権利主張を行わない旨を約することを余儀なくさせており，これは，国内端末等製造販売業者の事業活動を不当に拘束する条件を付けて，国内端末等製造販売業者と取引しているものであって，私的独占の禁止及び公正取引の確保に関する法律の一部を改正する法律（平成２１年法律第５１号。以下「平成２１年改正法」という。）による改正前の独占禁止法第２条第９項第４号（平成２１年公正取引委員会告示第１８号による改正前の不公正な取引方法〔昭和５７年公正取引委員会告示第１５号〕第１３項〔以下「旧一般指定第１３項」という。〕）に該当し，独占禁止法第１９条の規定に違反するものであるとして，被審人に対し，平成２１年９月２８日，排除措置を命じた（平成２１年（措）第２２号。以下，この処分を「本件排除措置命令」といい，同命令において違反行為と認定された被審人の行為を「本件違反行為」という。）。

　　　本件排除措置命令に係る命令書の謄本は，平成２１年９月３０日，被審人に対して送達された。
　２　被審人は，平成２１年１１月２４日，本件排除措置命令の全部の取消し

2

を求めて審判請求をした。

第3　前提となる事実（各項末尾に括弧書きで証拠を掲記した事実は当該証拠から認定される事実であり，その余の事実は当事者間に争いのない事実又は公知の事実である。なお，以下，証拠の表記については，「第」及び「号証」を略し，単に「査○」，「審○」と記載する。）

　1　被審人について

　　　被審人は，肩書地に本店を置き，携帯無線通信（後記2⑴）に関する技術に係る研究開発，携帯無線通信に係る知的財産権についての実施権の許諾等並びに携帯電話端末及び携帯電話基地局に用いられる半導体集積回路（以下「チップ」ともいう。）の製造，販売等に係る事業を営む者である。

　2　第三世代の携帯無線通信について

　⑴　携帯無線通信の概要

　　　携帯無線通信とは，無線設備規則（昭和25年電波監理委員会規則第18号）第3条第1号に規定される無線通信及び外国法令等において規定され又は今後規定される類似の無線通信で，電気通信業務を行うことを目的として，携帯して使用するために開設された陸上移動局と通信を行うために開設された基地局との間で行われる無線通信等をいう。

　⑵　携帯無線通信の規格及びその変遷

　　　携帯無線通信の方式は，国際電気通信連合（以下「ITU」という。）並びに各国及び各地域の標準化機関において「規格」として規定されている。（査2）

　　　携帯無線通信に係る国際的な標準規格は，通信技術の進歩に伴って策定又は改定されており，実用化された順番に第一世代（1G），第二世代（2G），第三世代（3G）などと呼ばれ，区別されている（以下，各世代の携帯無線通信規格に対応する機器について，例えば，第三世代の携帯無線通信規格であれば，その携帯電話端末を「第三世代携帯電話端末」，基地局を「第三世代基地局」などという。）。

　　　我が国では，昭和54年に第一世代の携帯無線通信を利用したサービスが開始され，平成6年頃から第二世代の携帯無線通信を利用したサービスに移行し，平成13年以降，符号分割多元接続方式（Ｃｏｄｅ　Ｄｉｖｉｓｉｏｎ　Ｍｕｌｔｉｐｌｅ　Ａｃｃｅｓｓ。以下「ＣＤＭＡ」という。）による第三世代の携帯無線通信であるＣＤＭＡ携帯無線通信

を用いたサービスが提供されている。（査４）

　第三世代の携帯無線通信は,第二世代の携帯無線通信よりも高速なデータ通信が可能であり,高音質な通話,動画の配信,テレビ電話機能など,様々なマルチメディア通信サービスを提供することが可能とされている。

(3)　第三世代携帯無線通信規格策定の経緯等

ア　ＩＴＵにおける第三世代携帯無線通信規格の策定

　ＩＴＵは,平成１２年５月,第三世代の携帯無線通信について,「ＤＳ－ＣＤＭＡ（Ｄｉｒｅｃｔ　Ｓｐｒｅａｄ－ＣＤＭＡ）」及び「ＭＣ－ＣＤＭＡ（Ｍｕｌｔｉ　Ｃａｒｒｉｅｒ－ＣＤＭＡ）」を含む計５規格を,「ＩＭＴ－２０００」と称する国際規格として承認した。

　前者は,日本及び欧州が提案したＷ－ＣＤＭＡ方式に対応する規格であり,後者は,米国が提案したＣＤＭＡ２０００方式に対応する規格である。

　（査２,査６ないし査８）

イ　我が国における第三世代携帯無線通信規格の策定

　我が国の標準化機関である社団法人電波産業会（ＡＲＩＢ。平成２３年４月１日に一般社団法人へ移行）に設置された規格会議（以下「規格会議」という。）は,平成１２年３月,我が国における第三世代の携帯無線通信について,「ＩＭＴ－２０００　ＤＳ－ＣＤＭＡ　Ｓｙｓｔｅｍ　ＡＲＩＢ　Ｓｔａｎｄａｒｄ（ＡＲＩＢ　ＳＴＤ－Ｔ６３　Ｖｅｒ．１．００）」（以下「ＡＲＩＢ　ＳＴＤ－Ｔ６３　Ｖｅｒ．１．００」という。）及び「ＩＭＴ－２０００　ＭＣ－ＣＤＭＡ　Ｓｙｓｔｅｍ　ＡＲＩＢ　Ｓｔａｎｄａｒｄ（ＡＲＩＢ　ＳＴＤ－Ｔ６４　Ｖｅｒ．１．００）」（以下「ＡＲＩＢ　ＳＴＤ－Ｔ６４　Ｖｅｒ．１．００」という。）の２規格を標準規格として承認した（以下,これらの各規格及びその後に改正されたものを含めて「第三世代携帯無線通信規格」という。）。前者は,日本及び欧州がＩＴＵに提案したＷ－ＣＤＭＡ方式に対応する規格であり,後者は,米国が提案したＣＤＭＡ２０００方式に対応する規格である。（査２）

(4)　規格会議における第三世代携帯無線通信規格に係る工業所有権の取扱い

ア　標準規格に係る工業所有権の取扱いに関する基本指針

4

(7)　規格会議は，標準規格（第三世代携帯無線通信規格）の策定に際して，標準規格の内容の全部又は一部に必須の工業所有権（工業所有権とは，特許権，実用新案権及び意匠権をいい，出願中のものを含む。必須の工業所有権とは，当該知的財産権を侵害することなく，標準規格を満足する装置，機器，システム又はソフトウェアの製造，販売又は使用が技術的に不可能なものをいう。以下，標準規格の内容を説明する本項及び次の(イ)項における記載を除き，基本的に「技術的必須知的財産権」という。）に関する取扱いについて，「標準規格に係る工業所有権の取扱に関する基本指針」（平成７年９月５日第１回規格会議決定。以下「基本指針」という。）を定めた。（査２，査１０）

(イ)　基本指針には，次のような取扱いが規定されていた。

　　a　規格会議は，一の標準規格で規定する内容の全部又は一部が必須の工業所有権の対象に含まれる場合にあって，当該必須の工業所有権の権利所有者（以下「当該権利所有者」という。）が，次の第一号又は第二号に掲げる取扱いを選択する場合は，標準規格の対象とし，第三号に掲げる取扱いを選択する場合は，標準規格の対象としない。（基本指針１（１））

　　　一　当該権利所有者が，当該必須の工業所有権について，当該標準規格を使用する者に対し，一切の権利主張をせず，無条件で当該必須の工業所有権の実施を許諾する。

　　　二　当該権利所有者が，当該必須の工業所有権の権利の内容，条件を明らかにした上で，当該標準規格を使用する者に対し，適切な条件の下に，非排他的かつ無差別に当該必須の工業所有権の実施を許諾する。

　　　三　当該権利所有者が，上記各号に掲げる取扱いをしない。

　　b　規格会議は，標準規格で規定する内容の全部又は一部が必須の工業所有権の対象に含まれるか否かについて，確認する責任はなく，また，工業所有権に係る紛争について，責任を有しない。（基本指針１（２））

　　c　当該権利所有者は，一の標準規格で規定する内容の全部又は一部が必須の工業所有権の対象に含まれる場合にあって，前記ａの

　　　第二号に掲げる取扱いを選択する場合，標準規格の名称，該当工業所有権（技術的必須知的財産権）及び実施を許諾するに当たっての対価等の条件を明示した上で，当該必須の工業所有権について，前記ａの第二号に掲げる取扱いを選択することを確認する旨の「別表第二号　必須の工業所有権の実施の権利に係る確認書」（以下「確認書」という。）を規格会議委員長に提出する。（基本指針２（１），別表第二号）

　　　　（査１０）

イ　被審人による確認書の提出等

　⑺　被審人は，規格会議における標準規格（第三世代携帯無線通信規格）の策定に先立つ平成１２年１月２１日，前記ア⑷ａの第二号の取扱いを選択し，確認書を規格会議委員長に提出した。被審人が提出した同確認書には，「ＡＲＩＢ　ＳＴＤ－Ｔ６３　Ｖｅｒ．１．００」の規格に関して６３件の該当工業所有権が，「ＡＲＩＢ　ＳＴＤ－Ｔ６４　Ｖｅｒ．１．００」の規格に関して６４件の該当工業所有権が，被審人の保有する技術的必須知的財産権として記載されていた。（査２，査１１）

　⑻　いくつかの国内端末等製造販売業者も，被審人と同様，それぞれ第三世代携帯無線通信規格に必須であると主張する工業所有権が記載された確認書を規格会議委員長に提出した。

　　　なお，「ＡＲＩＢ　ＳＴＤ－Ｔ６３　Ｖｅｒ．１．００」の規格に関し，松下電器産業株式会社（現パナソニック株式会社。以下「パナソニック」という。）が提出した確認書には３１件の該当工業所有権が，株式会社日立製作所（以下「日立製作所」という。）が提出した確認書には２６件の該当工業所有権が，富士通株式会社（以下「富士通」という。）が提出した確認書には２１件の該当工業所有権が，日本電気株式会社（以下「日本電気」という。）が提出した確認書には７件の該当工業所有権が，株式会社東芝（以下「東芝」という。）が提出した確認書には７件の該当工業所有権が，各国内端末等製造販売業者の保有する技術的必須知的財産権として記載され，「ＡＲＩＢ　ＳＴＤ－Ｔ６４　Ｖｅｒ．１．００」の規格に関し，日立製作所が提出した確認書には１９件の該当工業所有権が，パナ

　　　　ソニックが提出した確認書には８件の該当工業所有権が，富士通が
　　　　提出した確認書には８件の該当工業所有権が，日本電気が提出した
　　　　確認書には６件の該当工業所有権が，三菱電機株式会社（以下「三
　　　　菱電機」という。）が提出した確認書には５件の該当工業所有権が，
　　　　各国内端末等製造販売業者の保有する技術的必須知的財産権として
　　　　記載されていた。

　　　　　（査１１）

　　(ｲ)　規格会議委員長に提出された確認書において，「ＡＲＩＢ　ＳＴＤ
　　　　－Ｔ６３　Ｖｅｒ．１．００」の規格に係るものとして記載された
　　　　該当工業所有権（技術的必須知的財産権）の総数は３５０件であり，
　　　　「ＡＲＩＢ　ＳＴＤ－Ｔ６４　Ｖｅｒ．１．００」の規格に係るもの
　　　　として記載された該当工業所有権（技術的必須知的財産権）の総数
　　　　は２３３件であった。（査２，査１１）

３　ＣＤＭＡ携帯無線通信に係る技術取引について

　⑴　ＣＤＭＡ携帯無線通信に係る技術に関する知的財産権

　　　　ＣＤＭＡ携帯無線通信を行う携帯電話端末（以下「ＣＤＭＡ携帯電話
　　端末」という。），基地局（以下「ＣＤＭＡ基地局」という。）及びそ
　　れらに利用される半導体集積回路（チップ）その他のＣＤＭＡ携帯電話
　　基地局用部品（以下「ＣＤＭＡ部品」といい，ＣＤＭＡ携帯電話端末及
　　びＣＤＭＡ基地局と併せて「ＣＤＭＡ携帯電話端末等」という。）を製
　　造,販売等するために利用される知的財産権には,ＣＤＭＡ携帯無線通信
　　に係る技術的必須知的財産権のほか，これには該当しないものの，装置,
　　機器，システム又はソフトウェアに競争上の優位性を与えたり，市場で
　　合理的に要求される可能性のある機能その他の特徴を与えたりする知的
　　財産権（以下「商業的必須知的財産権」という。）がある。（査２２）

　　　　なお，ＣＤＭＡ携帯無線通信に係る技術的必須知的財産権は，ＣＤＭ
　　Ａ携帯無線通信に係る信号処理を行う半導体集積回路に搭載され，ＣＤ
　　ＭＡ携帯電話端末等に内蔵されているが，近時，携帯電話端末で利用さ
　　れる半導体集積回路については，携帯電話端末の消費電力を低減する電
　　力消費節減機能，音楽再生や動画表示を実現するＡＶ機能等と信号処理
　　等の各種の機能を一つの半導体集積回路に統合する，いわゆるシングル
　　チップ化が進められており，このような多様な機能を有する半導体集積

回路の製造，販売等においては，ＣＤＭＡ携帯無線通信に係る技術的必須知的財産権に加えて商業的必須知的財産権を利用する場合がある。

(2)　ＣＤＭＡ携帯無線通信に係る技術に関する知的財産権の取引形態

　　ＣＤＭＡ携帯無線通信に係る技術に関する知的財産権は，権利保有者と利用者との間の個別のライセンス契約（ライセンサーとライセンシーがそれぞれ保有する権利につき相互に実施権を許諾するクロスライセンス契約を含む。）又はパテントプールを介した実施権の許諾により取引されている。

4　国内端末等製造販売業者と被審人との間のライセンス契約について

(1)　国内端末等製造販売業者

　　平成１２年から平成２１年までの間に我が国でＣＤＭＡ携帯電話端末等を製造，販売していた主要な国内端末等製造販売業者は，カシオ計算機株式会社（平成１６年４月１日より携帯電話端末事業を子会社の株式会社カシオ日立モバイルコミュニケーションズ〔以下「カシオ日立」という。〕に移管。以下「カシオ」という。），京セラ株式会社（以下「京セラ」という。），三洋電機株式会社（平成２０年４月１日に携帯電話端末事業を京セラに譲渡。以下「三洋電機」という。），シャープ株式会社（以下「シャープ」という。），東芝，日本電気，パナソニックモバイルコミュニケーションズ株式会社（平成１５年１月１日に松下通信工業株式会社から社名変更。以下「パナソニックモバイル」という。），日立製作所（平成１６年４月１日より携帯電話端末事業をカシオ日立に移管），富士通，三菱電機（平成２０年３月３日に携帯電話端末事業を終息させる旨公表）等であった。

　　このうち，日本電気，パナソニックモバイル，日立製作所，富士通及び三菱電機の５社は，ＣＤＭＡ基地局の製造，販売も行っていた。また，日本電気，パナソニックモバイル，富士通等は，自社又は関連会社において，ＣＤＭＡ携帯電話端末等に使用される半導体集積回路も製造していた。

(2)　国内端末等製造販売業者と被審人の間のライセンス契約締結に至る経緯の概要

　ア　国内端末等製造販売業者は，平成７年以降，被審人との間で，被審人等が保有し又は保有することとなる第二世代の携帯無線通信規格に

　　係る知的財産権の実施権の許諾を受けることを内容とする第二世代携
　　帯電話端末向けライセンス契約，及び（又は）第二世代基地局向けラ
　　イセンス契約を締結した。
　イ　国内端末等製造販売業者は，平成１１年頃，株式会社エヌ・ティ・
　　ティ・ドコモ（以下「ＮＴＴドコモ」という。），ＫＤＤＩ株式会社
　　等の電気通信事業者が，第三世代携帯無線通信規格に適合する携帯無
　　線通信を利用したサービスへの移行を進めており，また，前記２⑶イ
　　のとおり，平成１２年３月には，規格会議が我が国における第三世代
　　携帯無線通信規格を正式に策定したことなどから，ＣＤＭＡ携帯電話
　　端末等を製造，販売するため，自社以外のＣＤＭＡ携帯無線通信に係る
　　技術的必須知的財産権の保有者から実施権の許諾等を受ける必要が
　　あった。（査３，査３７）
　　　一方，被審人は，前記２⑷イのとおり，保有するという第三世代携
　　帯無線通信規格に係る多数の技術的必須知的財産権が記載された確認
　　書を規格会議委員長に対して提出するとともに，おおむね平成１１年
　　８月以降，国内端末等製造販売業者に対し，ＣＤＭＡ携帯無線通信に
　　係る技術的必須知的財産権を多数保有していることを主張し，国内端
　　末等製造販売業者がＣＤＭＡ携帯電話端末等を製造，販売するために，
　　被審人が保有する知的財産権について実施権の許諾を受けるように要
　　請した。
　　　そして，被審人は，おおむね平成１２年３月から平成１３年３月に
　　かけて，第二世代携帯電話端末向けライセンス契約及び（又は）第二
　　世代基地局向けライセンス契約を基礎として，同契約を修正する形で，
　　別表記載の国内端末等製造販売業者との間で，概要として別表記載の
　　とおり（別表は，判断に必要な範囲で被審人と国内端末等製造販売業
　　者との間で締結されたライセンス契約の概要を示したものであり，実
　　際に締結された契約では実施権を許諾する知的財産権の範囲，その他
　　について，より細かな定めがされている。），ＣＤＭＡ携帯電話端末
　　等の製造，販売等のため，被審人等が保有するＣＤＭＡ携帯無線通信
　　に係る知的財産権の実施権を許諾する旨の第三世代携帯電話端末向け
　　ライセンス契約及び（又は）第三世代基地局向けライセンス契約を締
　　結した（以下，被審人等が保有し又は保有することとなるＣＤＭＡ携

帯無線通信に係る知的財産権の実施権を許諾することなどを内容とし
て，被審人が上記の期間に国内端末等製造販売業者との間で締結した
契約を「本件ライセンス契約」という。）。

　なお，被審人と日本電気，パナソニックモバイル，東芝，三菱電機
及び富士通との間の本件ライセンス契約締結までの交渉の経緯は，別
紙２のとおりである。

(3)　本件ライセンス契約の概要

　本件ライセンス契約の内容は，携帯電話端末を対象とするものは「Ｓ
ＵＢＳＣＲＩＢＥＲ　ＵＮＩＴ　ＬＩＣＥＮＳＥ　ＡＧＲＥＥＭＥＮＴ」
と題する契約，同契約の改定契約である「Ａｍｅｎｄｍｅｎｔ　ｔｏ
Ｓｕｂｓｃｒｉｂｅｒ　Ｕｎｉｔ　Ｌｉｃｅｎｓｅ　Ａｇｒｅｅｍｅｎ
ｔ」と題する契約等に，基地局を対象とするものは「ＩＮＦＲＡＳＴＲ
ＵＣＴＵＲＥ　ＥＱＵＩＰＭＥＮＴ　ＬＩＣＥＮＳＥ　ＡＧＲＥＥＭＥ
ＮＴ」と題する契約，同契約の改定契約である「Ａｍｅｎｄｍｅｎｔ
ｔｏ　Ｉｎｆｒａｓｔｒｕｃｔｕｒｅ　Ｅｑｕｉｐｍｅｎｔ　Ｌｉｃｅ
ｎｓｅ　Ａｇｒｅｅｍｅｎｔ」と題する契約等に，それぞれ規定されて
いるところ，本件ライセンス契約の概要は，次のとおりである（本件ラ
イセンス契約の内容については，別表記載のほか，国内端末等製造販売
業者によって差異があるものの，以下においては，本件における判断に
影響を及ぼさない差異は捨象して事実を記述する。）。

ア　被審人は，国内端末等製造販売業者に対し，国内端末等製造販売業
者等によるＣＤＭＡ携帯電話端末等の製造，販売等のため，本件ライ
センス契約において対象として特定された被審人等が保有し又は保有
することとなるＣＤＭＡ携帯無線通信に係る知的財産権の実施権を一
身専属的（譲渡禁止），全世界的及び非排他的に許諾する。（審５２）

イ　国内端末等製造販売業者は，被審人に対し，契約締結時及び契約改
定時に一定額の金員（以下「一時金」という。）を支払うほか，暦四
半期ごとに，同期間中に国内端末等製造販売業者が販売した契約製品
の数に，契約製品１台当たりの正味販売価格の所定割合を乗じた金額
の金員（以下「ロイヤルティ」という。）を支払う。契約製品１台当
たりの正味販売価格の所定割合（以下「ロイヤルティ料率」という。）
は，ライセンシーが販売した契約製品の個数に応じ，おおむね５パー

　　セントないし６．５パーセントである。

ウ　国内端末等製造販売業者は，別表記載のとおり，被審人に対し，被
　　審人等によるＣＤＭＡ携帯電話端末及びＣＤＭＡ部品の製造，販売等
　　のために，本件ライセンス契約において対象として特定された国内端
　　末等製造販売業者等が保有し又は保有することとなる知的財産権の一
　　身専属的（譲渡禁止），全世界的及び非排他的な実施権を許諾する（当
　　該条項を，審査官は無償許諾条項であるとし，被審人はクロスライセ
　　ンス条項であるとするが，審査官の主張の当否を検討するという見地
　　から，本審決案においては当該条項を特定する用語として「本件無償
　　許諾条項」という。なお，本件無償許諾条項は，上記のとおり，被審
　　人によるＣＤＭＡ携帯電話端末及びＣＤＭＡ部品の製造，販売等のた
　　めに知的財産権の実施権を許諾するというものであるが，本件ライセ
　　ンス契約が締結された当時，被審人はＣＤＭＡ携帯電話端末の製造，
　　販売等から既に撤退していたことから，特段の断りのない限り，本件
　　無償許諾条項は被審人によるＣＤＭＡ部品の製造，販売等に係るもの
　　として記述する。）。

エ　国内端末等製造販売業者のうち，日本電気，パナソニックモバイル
　　及び三菱電機は，別表記載のとおり，被審人等に対し，又は，これに
　　加えて被審人からＣＤＭＡ部品を購入した顧客（以下「被審人の顧客」
　　という。）に対し，被審人等によるＣＤＭＡ部品の製造，販売等又は
　　これに加えて被審人の顧客が被審人のＣＤＭＡ部品を自社の製品に組
　　み込んだことについて，本件ライセンス契約において対象として特定
　　された国内端末等製造販売業者等が保有し又は保有することとなる知
　　的財産権に基づいて権利主張を行わないことを約束する（当該条項を，
　　審査官は被審人等に対する非係争条項であるとし，被審人はクロスコ
　　ベナント条項であるとするが，審査官の主張の当否を検討するという
　　見地から，本審決案においては当該条項を特定する用語として「被審
　　人等に対する非係争条項」という。）。

オ　国内端末等製造販売業者は，被審人のライセンシーに対し，当該被
　　審人のライセンシーによるＣＤＭＡ携帯電話端末等の製造，販売等に
　　ついて，本件ライセンス契約において対象として特定された国内端末
　　等製造販売業者等が保有し又は保有することとなる知的財産権に基づ

いて権利主張を行わないことを約束する（当該条項を，審査官はライ
センシーに対する非係争条項であるとし，被審人は非係争条項である
とするが，審査官の主張の当否を検討するという見地から，本審決案
においては当該条項を特定する用語として「被審人のライセンシーに
対する非係争条項」という。また，本件無償許諾条項，被審人等に対
する非係争条項及び被審人のライセンシーに対する非係争条項を併せ
て「本件無償許諾条項等」という。）。

なお，被審人のライセンシーに対する非係争条項は，これを規定す
るか否かを国内端末等製造販売業者が任意に選択することができるも
のとなっており，当該条項の規定は，同様の条項を規定した他の被審
人のライセンシーのみに適用される。

カ　本件ライセンス契約の契約期間は定められていない。

第４　本件の争点

１　本件無償許諾条項等を規定した本件ライセンス契約の締結が，国内端末
等製造販売業者の事業活動を拘束するものとして，公正な競争を阻害する
おそれ（公正競争阻害性）を有し，旧一般指定第１３項に該当するか（争
点１）

２　本件排除措置命令の対象範囲が，規律管轄権及び国際礼譲に関する国際
法に違反するか（争点２）

３　本件排除措置命令が，独占禁止法第２０条，同第２１条及び憲法第３１
条に違反するか（争点３）

第５　当事者の主張

１　争点１について

⑴　審査官の主張

ア　本件違反行為

被審人は，本件ライセンス契約を締結するに当たり，本件無償許諾
条項等により，国内端末等製造販売業者等が保有し又は保有すること
となる知的財産権について実施権を無償で許諾することを余儀なくさ
せ，かつ，国内端末等製造販売業者等がその保有し又は保有すること
となる知的財産権に基づく権利主張を行わない旨を約することを余儀
なくさせた（本件違反行為）。

イ　公正競争阻害性

　　本件無償許諾条項等の制約の程度，内容が，国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であり，その制約による不利益を填補又は回避する可能性もなかったことからすれば，本件違反行為は，ＣＤＭＡ携帯電話端末等に関する技術について国内端末等製造販売業者の研究開発意欲を阻害するおそれがあるほか，被審人の有力な地位を強化するおそれがあり，公正な競争秩序に悪影響を及ぼすものであるから，公正競争阻害性を有するものと認めることができる。

ウ　国内端末等製造販売業者の研究開発意欲阻害のおそれ

⑺　本件無償許諾条項等の制約の程度，内容が，国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であること

　　a　本件無償許諾条項等によって権利行使が制限される範囲が広範であること

　　⒜　権利行使が制限される権利の範囲

　　　　本件無償許諾条項等により国内端末等製造販売業者による行使が制限される権利の範囲は，有力な技術であるＣＤＭＡ携帯無線通信に係る技術的必須知的財産権のほか，商業的必須知的財産権（被審人のライセンシーに対する非係争条項により行使が制限される権利の範囲は技術的必須知的財産権のみ）にも及んでおり，その範囲は広範である。

　　⒝　権利行使が制限される権利の取得時期

　　　　本件無償許諾条項等において実施権の許諾や権利主張をしないことの約束の対象となる権利の取得時期（改良期間）は，技術的必須知的財産権については，大半が無期限であり，その行使が制限される範囲は広範である。

　　　　一方，商業的必須知的財産権については，多くの場合，平成１４年１月１日までという改良期間の定めがある。

　　　　しかし，ＣＤＭＡ携帯無線通信に係る技術革新のスピードは非常に速いところ，国内端末等製造販売業者は，本件無償許諾条項等により，成長が見込まれていたＣＤＭＡ携帯電話端末等に関する技術に係る市場において，いち早く研究開発を行い，

適時にその成果を市場において自由に活用することを妨げられることになる。また，改良期間の定めがあるとしても，国内端末等製造販売業者は，改良期間終了後に被審人が開発又は取得する知的財産権について実施権の許諾等を受けないまま，第三世代携帯無線通信規格に適合する携帯電話端末等を製造，販売すると，結果として被審人の保有する知的財産権を侵害し，被審人からの差止請求訴訟の提起等を招くおそれがある。そのため，国内端末等製造販売業者は，被審人から改良期間の延長を要求されると，これを受け入れざるを得ない。たとえ被審人から改良期間の延長を要求されず，本件ライセンス契約の規定上は改良期間の延長がなされない場合であっても，国内端末等製造販売業者は，改良期間終了後に開発又は取得した知的財産権を被審人に対して行使しても，被審人からも同様に改良期間終了後に開発又は取得した知的財産権をもって対抗され，あるいは半導体事業の分社化によって権利行使をなし得ない状況に置かれる。このように，改良期間終了後に開発又は取得される知的財産権も，単に形式上，本件無償許諾条項等の対象とされていないというだけで，実質的には対象となっており，国内端末等製造販売業者が本件ライセンス契約期間中に開発又は取得する全てのＣＤＭＡ携帯電話端末等に関する知的財産権が本件無償許諾条項等の対象となり得ることからすれば，その行使が制限される範囲は広範である。

(c)　権利行使ができない相手方

　国内端末等製造販売業者が，本件無償許諾条項及び被審人等に対する非係争条項により権利行使ができない相手方は，被審人のほか，ＣＤＭＡ携帯電話端末等の製品市場で国内端末等製造販売業者と競争関係に立つ世界各地の被審人の顧客等，少なくとも１００社以上に及ぶ。

　また，被審人のライセンシーに対する非係争条項により権利行使ができない相手方は，同様の条項を規定した他の被審人のライセンシーであり，少なくとも１３０社以上に及ぶ。

(d)　権利行使ができない期間

１４

本件ライセンス契約には契約期間の定めがなく，本件無償許諾条項等により権利行使ができない期間も特に限定されていないことから，国内端末等製造販売業者は，本件無償許諾条項等が有効に存続する限り，権利行使ができないことになる。

(e) まとめ

以上のとおり，本件無償許諾条項等は，当該条項により権利行使が制限される権利の範囲及び取得時期並びに権利行使できない相手方及び期間のいずれの点においても適用範囲が広範であり，国内端末等製造販売業者が現に保有している技術及び将来開発するＣＤＭＡ携帯電話端末等に係る技術ないし当該技術に係る権利の行使を広範にわたり制限するものである。

b　無償ライセンスとしての性質を有すること

本件無償許諾条項等について契約書に「ｆｕｌｌｙ－ｐａｉｄ ａｎｄ ｒｏｙａｌｔｙ ｆｒｅｅ ｌｉｃｅｎｓｅ」（無償の実施権）と記載されているように，国内端末等製造販売業者は，自ら保有し又は保有することとなる知的財産ポートフォリオについて，被審人に対し，その実施権を許諾し，又は，非係争を約束等しても，被審人から対価の支払を何ら受けることができない。

また，被審人は，実施権の許諾の対象となる知的財産権の詳細が具体的に明らかではなく，その価値の検討，評価がされていない段階で，国内端末等製造販売業者に対し，一方的に，本件無償許諾条項等を含む本件ライセンス契約の案を提示し，しかも，国内端末等製造販売業者から，上記の案について，双方の知的財産ポートフォリオの価値を適切に反映した妥当なものではないとしてロイヤルティ料率等の条件の調整を求められたにもかかわらず，国内端末等製造販売業者が保有する知的財産権の価値を評価することはしないという姿勢を明言し，国内端末等製造販売業者の要求には応じなかった。

上記のような本件無償許諾条項等の規定内容及び本件無償許諾条項等が規定されるに至った経緯に鑑みれば，本件無償許諾条項等は，その対象となる国内端末等製造販売業者の知的財産ポートフォリオの価値を検討，評価し，その結果を前提としてロイヤル

ティ料率及びその他の契約条件を調整したものではなく，無償ライセンスとしての性質を有するといえる。

c　不均衡であること

　国内端末等製造販売業者は，本件無償許諾条項等により，被審人，被審人の顧客及びライセンシーに対し，莫大な費用及び労力を投じて開発する広範な知的財産ポートフォリオの実施権を無償で許諾等した上，被審人が一方的に決定したロイヤルティ料率に基づくロイヤルティの支払を義務付けられることとなった。一方，被審人は，国内端末等製造販売業者等が保有し又は保有することとなるＣＤＭＡ携帯電話端末等に関する極めて広範な知的財産権を，何らの対価を支払うことなく使用し，特許権侵害訴訟の提起等によって差し止められるなどといった権利行使を受けることのない安定性を有するＣＤＭＡ部品を顧客に提供することが可能となることからすれば，本件無償許諾条項等は，国内端末等製造販売業者と被審人との間で不均衡を生じさせるものといえる。

　また，本件無償許諾条項等は，保有状況等が異なる国内端末等製造販売業者の知的財産権の価値を考慮しない点で，国内端末等製造販売業者各社を実質的に差別的に取り扱うものであり，国内端末等製造販売業者各社間でも不均衡を生じさせるものとなっている。

d　まとめ

　前記ａないしｃによれば，本件無償許諾条項等は，国内端末等製造販売業者に対し，国内端末等製造販売業者等が発明した技術又は将来発明する技術に係る広範な知的財産権を，長期間，被審人のほか，ＣＤＭＡ携帯電話端末等の製品市場で国内端末等製造販売業者と競争関係に立つ世界各地の被審人の顧客等に対して実質的に無償で許諾するという制約を課するものである。

　このような本件無償許諾条項等による制約の程度，内容は，国内端末等製造販売業者にとって，自らが発明した技術又は将来発明する技術に係る広範な知的財産権が長期間にわたり被審人又は被審人の顧客等に使用されても，使用された知的財産権の価値に応じた対価の支払を受けるという形での利用をできなくするもの

であり，どれほど価値のある技術を開発しても，対価の支払を受けることができない場合を多く発生させる。

また，本件無償許諾条項等によって国内端末等製造販売業者が権利行使を妨げられる相手方には，ＣＤＭＡ携帯電話端末等の製品市場における競争者が多く含まれることから，国内端末等製造販売業者にとってＣＤＭＡ携帯電話端末等の差別化を行うことが困難となるおそれもある。

さらに，本件無償許諾条項等は，被審人と国内端末等製造販売業者の間や，国内端末等製造販売業者各社間で均衡を欠くものであるところ，国内端末等製造販売業者が価値ある技術を開発して当該技術に係る知的財産権を保有すればするほど，上記不均衡の程度は拡大する。

したがって，本件無償許諾条項等の制約の程度，内容は，国内端末等製造販売業者が研究開発の成果たる技術ないし技術に係る権利について，本来その保有者として自由になし得べき利用を，単に制約するにとどまらず，ライセンシーたる国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理なものといえる。

(イ)　国内端末等製造販売業者は，本件無償許諾条項等により被るおそれのある不利益を填補又は回避できなかったこと

本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理なものであったとしても，国内端末等製造販売業者が，本件ライセンス契約の交渉過程において，本件無償許諾条項等により被るおそれのある不利益を填補又は回避することができたのであれば，研究開発意欲阻害のおそれを基礎付ける事実は認められないことになる。

この点，まず，国内端末等製造販売業者は，ＡＲＩＢ等の標準化機関において採用された第三世代携帯無線通信規格を採用することを前提として事業計画を立てるＮＴＴドコモやＫＤＤＩ株式会社等の電気通信事業者を取引先としており，莫大な投資をするなどしてＣＤＭＡ携帯電話端末等の製造，販売のための準備を進めていたた

め，本件ライセンス契約を締結した当時，ＣＤＭＡ携帯電話端末等の製造，販売から撤退すること等は事実上困難な状況にあった。そのため，国内端末等製造販売業者は，ＡＲＩＢ等の標準化機関に対して第三世代携帯無線通信規格に係る技術的必須知的財産権を多く保有するとして確認書の提出をしていた被審人から，その保有する技術的必須知的財産権の実施権の許諾等を受けることが必要不可欠な状況にあり，本件無償許諾条項等を含む本件ライセンス契約を受け入れる以外に現実的な選択肢を有していなかった。

　一方，被審人は，このような状況の下，本件ライセンス契約の契約条件について，国内端末等製造販売業者の要求に応じて修正する意思を有しておらず，一方的に交渉期間を設定したり，半導体事業の分社化計画を通告したり，第三世代基地局の販売差止めを求める訴訟を提起することも辞さない旨を示唆したりすることにより，国内端末等製造販売業者の交渉機会及び交渉手段を意図的に制限し，本件無償許諾条項等を含む本件ライセンス契約の早期締結を迫った。

　そして，上記のような被審人の交渉姿勢に直面した国内端末等製造販売業者としては，本件無償許諾条項等の対象となる知的財産ポートフォリオの価値に応じて被審人の主張するロイヤルティ料率を調整させたり，本件無償許諾条項等を削除させたりすることはおよそ現実的ではなかったため，本件無償許諾条項等により被るおそれのある不利益を填補又は回避することができなかった。

　以上のように，国内端末等製造販売業者は，本件無償許諾条項等により被るおそれのある不利益を填補又は回避することができなかったのであるから，本件無償許諾条項等が国内端末等製造販売業者の研究開発意欲を阻害するおそれを基礎付ける事実は否定されない。

(ｲ)　本件無償許諾条項等の具体的な効果が認められ，国内端末等製造販売業者の研究開発意欲阻害のおそれが具体的に立証されること

　　a　新たな技術のための研究開発活動への再投資を妨げられていること

　　　国内端末等製造販売業者は，実際に他の事業者に対して相応のロイヤルティを請求することができる技術的必須知的財産権を含む広範で有力な知的財産権を保有していたにもかかわらず，本件

１８

無償許諾条項等による拘束の結果，当該知的財産権を利用する被審人に対して，ロイヤルティを請求することを妨げられ，しかも，本件無償許諾条項等の対象となる知的財産権の価値の評価及びその評価結果に基づくロイヤルティ料率等の契約条件の調整を被審人に拒絶されたため，本件無償許諾条項等の対象となる自らの保有に係る知的財産権の価値に応じてロイヤルティ料率等の調整を受けることもできなかった。

　また，国内端末等製造販売業者は，本件無償許諾条項等による拘束の結果，被審人の半導体集積回路等の製品を購入した顧客，又は，被審人との間で被審人のライセンシーに対する非係争条項と同様の条項を規定した他の被審人のライセンシーに対する権利の行使も妨げられ，ロイヤルティ収入等の経済的利益を獲得する機会を奪われた。

　さらに，国内端末等製造販売業者が，他社製品との競争のためにＣＤＭＡ携帯電話端末等に係る知的財産権の研究開発に多額の費用を投じても，本件無償許諾条項等によって他社製品との差別化を行うことが困難となるから，差別化による売上げの拡大により経済的利益を獲得することも難しくなっている。

　このように，国内端末等製造販売業者は，本件無償許諾条項等により，広範かつ長期間にわたって自社が保有する技術的必須知的財産権を含む広範で有力な知的財産権の行使を妨げられ，ロイヤルティ収入等の経済的利益を得る機会を逸失しており，新たな技術のための研究開発活動への再投資を行うことを妨げられている。

b　制約が広範かつ長期にわたり，また，不均衡な内容であることを認識して研究開発を行わざるを得ないこと

　国内端末等製造販売業者は，①自社が保有する知的財産権を，自社等の製品に利用して差別化を図ったり，その実施権を他社に許諾したりして利益を獲得する，又は被審人を含む他社との間でクロスライセンス契約を締結する際にライセンスの対象に加えることによって他社に支払うこととなるロイヤルティを減額させる等の方法で，その成果を活用することはできないこと，②本件無

19

償許諾条項等により，研究開発において被審人が自社よりもはるかに大きな利益を得ること，③自社が保有し又は保有することとなる知的財産権の有無にかかわらず被審人に対して支払うロイヤルティ料率が同じであること，④被審人がＣＤＭＡ携帯電話端末等に係る事業の継続のために不可欠な知的財産権を保有する限り，今後も被審人との間でライセンス契約を修正したり，新たに締結したりせざるを得ず，その際にも被審人が要求する本件無償許諾条項等を含む標準ライセンス条件の受入れを余儀なくされることなどを念頭に置きつつ研究開発に従事せざるを得なくなっていることから，積極的に研究開発活動を拡大する意欲を失っている。

　　　c　まとめ

　　　　以上のとおり，本件無償許諾条項等の具体的な効果として，国内端末等製造販売業者は，新たな技術のための研究開発活動への再投資を妨げられ，しかも，制約が広範かつ長期にわたり，また不均衡な内容であることを認識して研究開発活動を行わざるを得ないことが認められるから，国内端末等製造販売業者の研究開発意欲を阻害するおそれが具体的に立証される。

　エ　被審人の有力な地位が強化されるおそれ

　　　被審人は，規格会議に対して第三世代携帯無線通信規格に係る技術的必須知的財産権を多数保有する旨の確認書を提出し，実際にも第三世代携帯無線通信規格に係る技術的必須知的財産権を多数保有している。また，国内端末等製造販売業者がＣＤＭＡ携帯電話端末等を製造，販売するためには，被審人等が保有していた知的財産権について実施権の許諾等を受けることが不可欠であったことからすれば，被審人はＣＤＭＡ携帯電話端末等に関する技術に係る市場（以下「本件検討対象市場」ともいう。）において有力な地位を有していたものと認められる。

　　　そして，前記ウのとおり，国内端末等製造販売業者は，被審人の本件違反行為により本件無償許諾条項等を含む本件ライセンス契約の締結を余儀なくされた結果，ＣＤＭＡ携帯電話端末等に関する技術の研究開発意欲を阻害されるおそれがあることから，これにより，国内端末等製造販売業者は本件検討対象市場における地位が低下し，相対的

２０

に，被審人の有力な地位が更に強化されることになる。また，被審人は，自らが利用する国内端末等製造販売業者等が保有する技術について費用の支出を免れる一方で，被審人等が保有する技術について，自社が一方的に定めたロイヤルティ料率に基づく収入を継続的かつ安定的に獲得し，更には，特許権侵害訴訟の提起等をされない安定した状態で半導体集積回路を顧客に販売して得られる収益を確保することになる。

　このように，被審人は，本件違反行為により，国内端末等製造販売業者を含む他の事業者よりも有利な条件で研究開発に必要な原資を蓄積し，研究開発活動費に充てることで，強力な知的財産ポートフォリオを築き上げ，その有力な地位を更に強化することが可能となる。

オ　公正な競争秩序への悪影響

　本件において検討の対象となる市場は，ＣＤＭＡ携帯電話端末等に関する技術に係る市場（本件検討対象市場）であるところ，本件検討対象市場において，国内端末等製造販売業者と被審人とが競争者の関係にあり，かつ，国内端末等製造販売業者がＣＤＭＡ携帯電話端末等に関する技術を保有する有力な事業者であることを勘案すると，国内端末等製造販売業者の研究開発意欲を阻害するおそれを有する本件無償許諾条項等は，被審人のＣＤＭＡ携帯電話端末等に関する技術に対抗するＣＤＭＡ携帯電話端末等に関する技術やこれに関する製品の出現を妨げ，本件検討対象市場における競争を阻害するおそれを有するものであり，本件検討対象市場における競争秩序に悪影響を及ぼすものといえる。

　また，被審人が，本件無償許諾条項等により，有力な競争事業者である国内端末等製造販売業者よりも有利な条件で研究開発活動を進めることで，有力な技術が被審人に集積することとなれば，国内端末等製造販売業者は，被審人が保有する知的財産ポートフォリオを回避することができなくなる。そうすると，ライセンス交渉における被審人の優位性が高まり，本件検討対象市場における将来の技術取引において被審人による恣意的なライセンス条件の設定が可能となるおそれが生じ，当該市場における競争秩序に悪影響を及ぼす。

カ　正当化事由の不存在

２１

　不公正な取引方法においては，独占禁止法第２条第９項各号に規定する行為要件が認められ，「公正な競争を阻害するおそれがある」とされる外形的な事実が立証されれば，原則として独占禁止法第１９条の構成要件に該当するものの，例外的に，当該行為の目的や当該目的を達成する手段としての必要性・合理性の有無・程度等からみて当該行為が公正な競争秩序に悪影響を及ぼすおそれがあるとはいえない特段の事情（正当化事由）が認められるときには，公正競争阻害性はないものと判断される。

　この点，被審人は，本件無償許諾条項等には競争促進効果があるから，本件違反行為には正当化事由が認められ，公正競争阻害性はないなどと主張する。

　しかし，ある行為に競争促進効果があるとしても，より制限的でない他の手段により目的を達成することが可能であるときには，当該行為は正当化されないところ（以下，この基準を「ＬＲＡ基準」という。），被審人が主張する競争促進効果は，国内端末等製造販売業者が被審人に対して保有する知的財産権の実施権を無償で許諾するという方法ではなく，本件ライセンス契約の締結において国内端末等製造販売業者が保有する知的財産権の価値について評価するという公正な競争を阻害するおそれをもたらさない方法によっても十分に実現可能であるから，被審人による本件違反行為は正当化されない。

(2)　被審人の主張

ア　本件ライセンス契約の条項が公正競争阻害性を有することが立証されていないこと

　審査官は，本件ライセンス契約について，①国内端末等製造販売業者がその保有する知的財産権の実施権の許諾等をする条項自体が不合理であること，及び，②国内端末等製造販売業者はかかる条項を含む契約の締結を余儀なくされたことから，③国内端末等製造販売業者のロイヤルティ収入が減少し，④国内端末等製造販売業者の研究開発意欲が減退して，⑤被審人の地位が強化され，⑥競争減殺効果が発生するとしているが，基礎となる事実の認定が恣意的なだけでなく，認定された因果の流れも憶測にすぎず，独占禁止法第１９条及び旧一般指定第１３項の下で必ず考慮されるべき現実の質的及び量的な影響が考

２２

慮されていない。しかも，審査官は，本来必要な公正競争阻害性の立証をすることなく，独占禁止法第１９条及び旧一般指定第１３項の要件でも考慮要素でもない「不合理性」や「余儀なく」を一方的に認定した上で，安易に上記のような因果関係を主張することで，立証の負担を不当に低減しようとしている。

　また，旧一般指定第１３項に違反しているというためには，問題となる行為が，相手方との不公正な取引方法であって，相手方の事業活動を不当に制限するものであり，公正競争阻害性を有していることを裏付ける具体的な事実及び経済学的な証拠が示されなければならない。特に，審査官が本件無償許諾条項等と主張する国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）が一般的に競争促進効果を有する典型的なライセンス条項であることを踏まえると，これらの条項が規定された本件ライセンス契約の公正競争阻害性を検討する際には，競争促進効果と競争減殺効果を総合的に勘案した上で，客観的な事実及び経済学的な証拠に基づいて分析を行うことが必要不可欠である。しかし，本件において，審査官が立証のために用いている証拠のほとんどは，本件のために作成された，本件に利害関係を有する国内端末等製造販売業者の供述証拠であり，公正競争阻害性が認められることを裏付ける客観的な証拠は示されていない。

　さらに，そもそも公正競争阻害性の判断は実質要件（「不当に」）について客観的かつ第三者からも検証できる形で行う必要があり，その前提として，専門家の鑑定を通じた市場画定が必要である。しかし，審査官はそのような客観的な手法を通じた適切な市場画定を一切行っておらず，市場の適切な地理的範囲あるいは市場参加者の外縁も曖昧であるので，公正競争阻害性が立証されているとはいえない。

イ　本件ライセンス契約に規定された条項が国内端末等製造販売業者の研究開発意欲を阻害するおそれがないこと

　審査官は，本件ライセンス契約に規定された条項が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあるものであり，本件違

２３

反行為が公正競争阻害性を有すると主張するが，以下のとおり，本件
ライセンス契約に規定された条項が国内端末等製造販売業者の研究開
発意欲を阻害するおそれはない。

(7)　本件ライセンス契約に規定された条項が不合理なものではないこ
と

　a　国内端末等製造販売業者が被審人等に対して知的財産権の実施
権の許諾等をする条項が合理的なものであること

　　　本件ライセンス契約のような包括的クロスライセンス契約では，
当事者が幅広く関連する知的財産権を互いにライセンスするため，
当事者双方が自らの権利の行使に一定の制限を受けるのは当然の
ことである。

　　　また，本件ライセンス契約において，国内端末等製造販売業者
は，自らの権利行使の制限と引き換えに被審人等が保有する価値
ある知的財産ポートフォリオを利用でき，又は，本件ライセンス
契約に被審人のライセンシーに対する非係争条項を規定した他の
被審人のライセンシーの知的財産ポートフォリオを利用できると
いう多大な利益を得ている。

　　　にもかかわらず，審査官は，国内端末等製造販売業者が被審人
等に対して知的財産権の実施権の許諾等をする条項及び国内端末
等製造販売業者が他の被審人のライセンシーに対して知的財産権
の権利主張を行わないことを約束する条項（本件無償許諾条項等）
による国内端末等製造販売業者の権利行使の制限のみを取り上げ
て，これらの条項が国内端末等製造販売業者等が現に保有し又は
将来開発する知的財産権の権利行使を広範に制限するとしている
が，国内端末等製造販売業者が本件ライセンス契約から得られる
利益を無視しており，本件ライセンス契約のような包括的クロス
ライセンス契約が競争に与える効果を分析する手法として誤って
いる。

　　　国内端末等製造販売業者が被審人等に対して知的財産権の実施
権の許諾等をする条項は，①知的財産権の実施権の許諾が非独占
的なものであり，被審人のチップセットの顧客にパススルーされ
る国内端末等製造販売業者の権利の適用範囲が狭いこと，②対象

となる知的財産権の範囲について，当事者間の交渉により調整することが可能であり，多くのケースで実際に調整が行われていること，③対象となる権利の範囲が，交渉で定められた捕捉期間（改良期間）により制限されていること，④当該条項の対象となる知的財産権の範囲と，被審人によるライセンスの対象となる知的財産権の範囲は，相互に均衡のとれた内容であること，⑤当該条項を含む本件ライセンス契約が，正常な商業的な交渉を通じて決定された適切な価格を反映していることなどから，合理的な条項と認められる。

b　国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項の適用範囲が広範とはいえないこと

(a)　権利行使が制限される権利の範囲

前記ａのとおり，審査官の主張は，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項による国内端末等製造販売業者による権利行使の制限のみに着目しており，国内端末等製造販売業者が本件ライセンス契約により得られる利益を無視している。

また，上記各条項の対象となる権利の範囲は，目的を達成するために合理的で必要な範囲に限定されており，しかも，被審人と国内端末等製造販売業者の間で交渉して合意されたものであるから，同各条項による制限が不当に広範とはいえない。

(b)　権利行使が制限される権利の取得時期

審査官は，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）の対象となる技術的必須知的財産権（被審人は本件ライセンス契約における用語や定義から「技術的必要知的財産権」と主張している。以下，本審決案の被審人の主張において「技術的必須知的財産権」と記述するものは，上記の「技術的必要知的財産権」の意味である。）の取得期間について，大半が無期限であると主張するが，技術的必須知的財産権について無期限の改良期間

２５

を定めている本件ライセンス契約は半数以下である。

また，本件ライセンス契約締結当時に技術的必須知的財産権を有していたと主張する国内端末等製造販売業者との間の本件ライセンス契約では，そのほぼ全てにおいて，技術的必須知的財産権についての極めて短期間かつ固定の改良期間が定められている。一方，本件ライセンス契約締結当時に技術的必須知的財産権を保有していると主張していない国内端末等製造販売業者については，被審人の技術的必須知的財産権の取得時期を定めるものでもある改良期間を限定するよりも，限定しない方が有利であるため，改良期間は短期とされていない。

審査官は，本件ライセンス契約において短期間の改良期間が定められている場合でも，国内端末等製造販売業者が改良期間終了後に開発又は取得する知的財産権について，単に形式上対象とされていないというだけであって，実質的には国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項の対象とされることになるなどとして，その制約の範囲が広範であると主張するが，これは証拠に基づかない主張であり，実際，本件ライセンス契約の改良期間は両当事者の相互の合意がなければ変更できず，そのほとんどは一度も変更されなかった。

(c) 権利行使ができない相手方

国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）によって国内端末等製造販売業者が権利主張することができなくなる相手方の範囲は，その目的を達成するために合理的で必要な範囲に限られている。

また，国内端末等製造販売業者のうちパナソニックモバイルや日本電気等は，被審人に対し，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項による知的財産権の消尽の理論による利益を享受できる当事者の範囲

２６

に対する制限を設けることを要請し，かかる制限を獲得している。

　なお，審査官は，国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（被審人のライセンシーに対する非係争条項）がこれを誓約した他の全てのライセンシーに適用されることから，適用範囲が広範であると主張するが，そもそも，同条項を本件ライセンス契約に含むことを自らの意思で選択しなかった国内端末等製造販売業者には，同条項による制限は一切適用されない。

(d)　権利行使ができない期間

　新たに開発される知的財産権が国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）の対象となるか否かは，改良期間によって決まるのであって，本件ライセンス契約の契約期間によって決まるわけではない。

　また，本件ライセンス契約において，被審人と国内端末等製造販売業者は互恵的関係にあることから，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項が期限の定めなく継続する場合，国内端末等製造販売業者は被審人からのライセンスによる利益を享受し続けることができる。

　さらに，国内端末等製造販売業者の一部は，本件ライセンス契約を「理由のいかんを問わず」解約する権利を有しており，当該国内端末等製造販売業者が，被審人から受けるライセンスにより十分な利益を得られていないと判断すれば，解約権を行使することにより契約を終了させることができる。

c　無償ライセンスとしての性質は認められないこと

(a)　本件ライセンス契約全体の構造（対価性）

　国内端末等製造販売業者は，本件ライセンス契約において，

①一時金の支払，②ロイヤルティの支払，③国内端末等製造販売業者等が保有する一定の知的財産権の実施権の許諾又は権利主張をしないことの約束の対価として，被審人等が保有する知的財産権の実施権を許諾されていることからすれば，国内端末等製造販売業者の負う義務と被審人の負う義務には全体として対価関係があり，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項が無償のものであるとはいえない。

なお，国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（被審人のライセンシーに対する非係争条項）については，国内端末等製造販売業者は，同条項に同意したことの対価として，同様の条項に同意した他の被審人のライセンシーが保有する，関連する知的財産権の実施権の許諾を受けることになっていることからすれば，明確に対価が存在する。

(b)　本件ライセンス契約の規定内容

本件ライセンス契約には，「ｆｕｌｌｙ－ｐａｉｄ　ａｎｄ　ｒｏｙａｌｔｙ　ｆｒｅｅ　ｌｉｃｅｎｓｅ」と，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項が「全額支払済みでロイヤルティの発生しない」ものであると規定されている。このように，本件ライセンス契約では，同条項に関して対価は既に支払済みであって，ロイヤルティが支払われないものであるとされている。

また，一部の国内端末等製造販売業者の本件ライセンス契約の前文には，上記条項を含む規定が，全体として，被審人からの知的財産権の実施権の許諾の対価の一部を構成していることが明確に記載されている。

このように，本件ライセンス契約の規定内容からも，上記条項が無償といえないことが明らかである。

(c)　本件ライセンス契約の交渉経緯

国内端末等製造販売業者の交渉議事録及び社内文書には，国内端末等製造販売業者が被審人等に対して知的財産権の実施権

２８

の許諾等をする条項に対する対価を受け取っていることを十分
に認識していたことを示す記載が存在する。

(d)　本件ライセンス契約の契約条項の調整

審査官は，国内端末等製造販売業者が被審人等に対して知的
財産権の実施権の許諾等をする条項及び国内端末等製造販売業
者が他の被審人のライセンシーに対して知的財産権の権利主張
を行わないことを約束する条項（本件無償許諾条項等）につい
て，その規定内容及び規定されるに至った経緯に鑑みると，被
審人が国内端末等製造販売業者の知的財産ポートフォリオの価
値を検討し，評価し，その結果を前提としてロイヤルティ料率及
びその他の契約条件を調整したものではないことから，無償ラ
イセンスとしての性質を有すると主張する。

しかし，知的財産権のライセンス契約の交渉において，知的
財産権の価値を検討，評価し，その結果に基づいて調整すると
いう方法は非現実であり，審査官の主張は，ライセンス契約に
係る商取引における対価の評価に関する一般的な法理に反する
独自の基準に基づくものである。

また，国内端末等製造販売業者はロイヤルティ料率を調整す
るに足りるだけの価値及び重要性のある知的財産権を有してい
なかったこと，別表記載の国内端末等製造販売業者のうち，被
審人に対して，具体的な知的財産権を提示した上で，それらを
評価してその結果に基づいて契約条件を調整するように求めた
者は３社（パナソニックモバイル，日本電気及び東芝）だけで
あり，他の１１社は，上記３社が行ったような要求を行ってい
ないことからすれば，被審人が，国内端末等製造販売業者が保
有する知的財産権を評価して調整等を行う必要性があったとは
いえない。

さらに，被審人は，本件ライセンス契約締結に至る交渉にお
いて，特定の具体的な知的財産権を示してその評価，調整を求
めた国内端末等製造販売業者（上記３社）については，これを
評価し，その評価に基づいて，ロイヤルティ料率の調整には値
しないと判断したものの，上記３社の要求に応じて本件ライセ

２９

ンス契約の契約条件を大幅に修正している。

　なお，国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（被審人のライセンシーに対する非係争条項）は，完全に任意選択の条項であり，被審人の利益にはならないことから，被審人がその対象となる知的財産権の内容を検討，評価し，その結果に基づいて調整する余地はない。

　したがって，上記条項が無償ライセンスとしての性質を有するという審査官の主張に理由はない。

　　d　不均衡ではないこと

　審査官は，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）が，被審人と国内端末等製造販売業者との間で均衡を欠くと主張するが，これは，同各条項が無償であり，かつ，権利行使の制限の範囲が不当に広範であるという誤った前提に依拠するものであり，失当である。

　審査官は，上記各条項が，国内端末等製造販売業者各社間の均衡を欠くものであるとも主張するが，国内端末等製造販売業者がそれぞれ保有する知的財産ポートフォリオの価値に有意な差がなかったことからすれば，国内端末等製造販売業者各社間の均衡を欠くものとはいえない。

　(イ)　本件ライセンス契約の締結を余儀なくされていないこと（本件無償許諾条項等により不利益を被るおそれがあったとしても，これを填補又は回避することができたこと）

　　a　審査官が主張する「余儀なく」については，独占禁止法第１９条及び旧一般指定第１３項の規定に存在しないものであり，拘束条件付取引の公正競争阻害性の有無を判断する要素とはならない。

　　b　次に，本件排除措置命令で問題とされた被審人の４つの行為（①知的財産権に関する関連情報を適時に開示しなかったこと，②契約時に支払われる一定額の金員（一時金）を段階的に増加させることを示唆したこと，③差止請求訴訟の提起を示唆したこと，④

３０

ライセンス事業からチップ事業の分社化の可能性について告知したこと）は，適法なビジネス交渉として行われたものであるし，このような被審人の行為を理由として，国内端末等製造販売業者が本件ライセンス契約の締結を余儀なくされたと評価することはできない。

また，国内端末等製造販売業者は，被審人とライセンス契約を締結しない又は拒絶するという選択，被審人に対する特許権侵害訴訟を提起する選択，被審人からの特許権侵害訴訟又は差止請求に対するフランド義務違反（標準規格を使用するものに対し，適切な条件の下に，非排他的かつ無差別に当該必須の工業所有権の実施を許諾するという当該権利所有者の義務の違反）の主張をするという選択等，本件ライセンス契約締結の代替手段を有していた。実際，被審人は，パナソニックモバイル及び日本電気に対して，クロスライセンス条項等を全く含まない契約を締結することを選択肢として示したが，パナソニックモバイルや日本電気は，この提案を受け入れなかった。

加えて，国内端末等製造販売業者の企業規模が被審人のそれよりも大きく，被審人との交渉を行う国内端末等製造販売業者の従業員等が，高度の知的素養を有し，被審人の技術及び被審人との既存のライセンス契約に精通していたことなどを踏まえると，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）の規定された本件ライセンス契約の締結を国内端末等製造販売業者が余儀なくされたなどということはあり得ない。

(ｹ)　国内端末等製造販売業者の研究開発意欲阻害のおそれが具体的に立証されていないこと

a　新たな技術のための研究開発活動への再投資が妨げられないこと

審査官は，国内端末等製造販売業者が，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及

び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）により経済的利益を得る機会を逸失していることから，研究開発活動への再投資を行うことを妨げられていると主張する。

しかし，審査官の主張は，本件ライセンス契約が締結された当時，国内端末等製造販売業者が有益な知的財産権を保有していたことを前提とするものであるが，この前提を裏付ける証拠はない。むしろ，被審人が提出した証拠によれば，国内端末等製造販売業者は，価値又は重要性の高い技術的必須知的財産権を保有していなかったものと認められる。

また，国内端末等製造販売業者が，保有する知的財産権について，その実施権を許諾することにより利益を得ることを企図していたことを裏付ける証拠はなく，実際，上記各条項が存在したために，国内端末等製造販売業者が被審人の顧客等に対する権利の行使を妨げられ，その結果，ロイヤルティ収入等の経済的利益を得る機会を逸失したという事実も認められない。

さらに，１０年余りにわたる客観的な事実経過によれば，国内端末等製造販売業者は，本件ライセンス契約に基づき，ＣＤＭＡ携帯電話端末等の製造，販売を拡大し，収益を増大させており，この利益を更なる研究開発活動に投資している。

加えて，製品を差別化するために必要な知的財産権は商業的必須知的財産権（被審人は本件ライセンス契約における用語や定義から「商業的必要知的財産権」と主張しており，以下，本審決案の被審人の主張において「商業的必須知的財産権」と記述するものは，上記の「商業的必要知的財産権」の意味である。）であるところ，本件ライセンス契約では，商業的必須知的財産権の改良期間は短期間で終了するため，国内端末等製造販売業者は，改良期間終了後に出願又は取得した商業的必須知的財産権により製品の差別化を行い，売上げを増大させることができた。

このように，上記各条項が規定された本件ライセンス契約を締結したことにより国内端末等製造販売業者が研究開発活動への再

投資を妨げられたという事実はない。

　　b　制約が広範かつ長期にわたり，また，不均衡な内容であること
を認識して研究開発を行わざるを得ないことについて

　　審査官の主張は，国内端末等製造販売業者が被審人等に対して
知的財産権の実施権の許諾等をする条項及び国内端末等製造販売
業者が他の被審人のライセンシーに対して知的財産権の権利主張
を行わないことを約束する条項（本件無償許諾条項等）による国
内端末等製造販売業者の権利行使の制限が広範であること，同各
条項が無償ライセンスとしての性質を有すること，同各条項の内
容が不均衡であることといった誤った主張を前提とするものであ
る。

　　また，実際，国内端末等製造販売業者が，本件ライセンス契約
の結果として，その研究開発を縮小し，方向性を変更したことを
示すような客観的証拠は存在しない。むしろ，証拠によれば，本
件ライセンス契約締結直後から，国内端末等製造販売業者による
携帯電話端末，通信機器及びインフラ機器に関する特許出願の件
数は大幅に増加しており，国内端末等製造販売業者は，研究開発
意欲を維持し，向上させたことが認められる。

ウ　国内端末等製造販売業者が被審人等に対して知的財産権の実施権の
許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセ
ンシーに対して知的財産権の権利主張を行わないことを約束する条項
によって被審人の有力な地位が強化されているわけではないこと

　　仮に，審査官が主張するように，国内端末等製造販売業者が被審人
等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製
造販売業者が他の被審人のライセンシーに対して知的財産権の権利主
張を行わないことを約束する条項（本件無償許諾条項等）の規定され
た本件ライセンス契約の締結後に，被審人の地位が強化されたとして
も，それは，市場における被審人自らの投資及び競争に勝つための努
力によるものであるか，又は，被審人及び国内端末等製造販売業者の
事業戦略に起因するものであり，被審人の市場における成功と国内端
末等製造販売業者の地位の低下は，本件ライセンス契約の締結とは無
関係である。

３３

　エ　国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項は公正な競争秩序に悪影響を与えるものではないこと

　(7)　市場が適切に画定されておらず，分析が不十分であること

　　　公正競争阻害性の判断を行うためには，その前提として，専門家の鑑定による市場画定が必要となる。にもかかわらず，審査官は，客観的な手法による適切な市場画定を行うことなく，根拠も示さないまま本件検討対象市場を「ＣＤＭＡ携帯電話端末等に関する技術に係る市場」と定めており，恣意的で都合の良い市場画定を行っている。

　　　また，技術市場における研究開発意欲を正確に分析するためには，本来，その技術を利用した製品市場における事業者の事業活動を検討しなければならないから，本件においても，ＣＤＭＡ携帯電話端末等に関する技術に係る市場のみならず，川下の製品市場も視野に入れて適切な市場画定を行う必要がある。にもかかわらず，審査官は，技術市場のみを検討対象市場としており，この点においても，市場画定を誤っている。

　　　さらに，ＣＤＭＡ携帯電話端末等の最終製品の製造，販売に係る市場が日本国内に限定されるとしても，その技術の開発については世界規模で競争が行われ，そこでの競争が日本国内における競争にも影響を及ぼしていることからすると，被審人以外の外国事業者の同市場における地位も検討する必要がある。にもかかわらず，審査官は，本件検討対象市場の参加者（技術の供給者）としてノキア・コーポレイションなどの外国事業者を挙げながらも，分析の焦点を専ら被審人と国内端末等製造販売業者との間に絞っていることからすると，市場を適切に画定し，正確な分析を行っているとはいえない。

　(イ)　審査官が主張する市場において競合又は代替関係がある技術が存在しないこと

　　　審査官が主張する本件検討対象市場に含まれる技術的必須知的財産権は，定義上，他の技術的必須知的財産権と補完関係にあり，競

３４

合関係あるいは代替関係にはない。そのため，仮に国内端末等製造
販売業者等がＣＤＭＡ携帯電話端末等に関する技術的必須知的財産
権を保有しているとしても，それらの技術的必須知的財産権と被審
人等が保有する技術的必須知的財産権との間に競争関係又は代替関
係も存在しない。

　また，審査官は，本件検討対象市場において，技術的必須知的財
産権同士，あるいは，技術的必須知的財産権と商業的必須知的財産
権の間に競争が存在することについて，分析や立証を一切行ってい
ない。

(ｳ)　公正競争阻害性は立証されていないこと

　審査官は，国内端末等製造販売業者が被審人等に対して知的財産
権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の
被審人のライセンシーに対して知的財産権の権利主張を行わないこ
とを約束する条項（本件無償許諾条項等）によってもたらされたと
いう競争への具体的な悪影響を裏付ける証拠を何ら提示しておらず，
公正競争阻害性についての立証をしていない。

(ｴ)　国内端末等製造販売業者が被審人等に対して知的財産権の実施権
の許諾等をする条項及び国内端末等製造販売業者が他の被審人のラ
イセンシーに対して知的財産権の権利主張を行わないことを約束す
る条項は競争促進効果を有すること

　本件では，拘束条件付取引という原則違法ではない行為類型が問
題となっていること，上記各条項がもたらす特許の平和という競争
促進効果が同各条項に生来的に備わっているものであることからす
れば，単に行為の外形から競争阻害効果の有無を判断するのではな
く，競争促進効果を公正競争阻害性の判断において正面から勘案す
る判断枠組みを採用すべきである。

　そして，上記各条項は，①携帯端末市場への新規参入を促す，②
国内端末等製造販売業者を含む製造業者の取引コストを低減する，
③訴訟にさらされるリスクを減らす，といった競争促進効果を有す
るものであり，公正な競争を阻害するおそれという要件の成立自体
を否定する要素を持っている。また，実際，証拠によれば，同各条
項のある本件ライセンス契約により，ＣＤＭＡ携帯電話端末等製品

３５

　　に係る競争が促進されていることが認められることからすると，同
　　各条項のある本件ライセンス契約を締結することについて，公正競
　　争阻害性は認められない。

オ　正当化事由

⑺　仮に国内端末等製造販売業者が被審人等に対して知的財産権の実
　施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人
　のライセンシーに対して知的財産権の権利主張を行わないことを約
　束する条項(本件無償許諾条項等)に反競争的効果があるとしても，
　その目的，手段に鑑みて「一般消費者の利益を確保するとともに，
　国民経済の民主的で健全な発達を促進する」という独占禁止法の究
　極の目的に実質的に反しないと認められる場合には，正当化事由が
　認められ，公正競争阻害性は認められないというべきである。

　　そして，拘束条件付取引が原則違法とされる行為類型ではなく，
　上記各条項が競争促進効果を有することからすると，その正当化事
　由の有無は，ＬＲＡ基準のような厳格な基準ではなく，正当な目的
　を実現するために合理的に必要とされる範囲内のものといえるか否
　かという基準によって判断されるべきである。

⑷　国内端末等製造販売業者が被審人等に対して知的財産権の実施権
　の許諾等をする条項は，被審人が，特許権侵害訴訟のリスクにさら
　されることなく，ＣＤＭＡ部品を販売するためのものであり，ライ
　センサーがこのような目的でライセンシーに対してクロスライセン
　スその他の権利の付与を求め，これを得ることは一般的に広く行わ
　れていることからすれば，同条項の目的は正当である。

　　そして，①知的財産権の消尽の理論により被審人の顧客に対して
　権利行使ができなくなる国内端末等製造販売業者の権利の範囲は，
　狭く調整されていること，②同範囲は，当事者間の交渉により調整
　することが可能であり，実際に調整されていたこと，③クロスライ
　センスされる権利の範囲は，交渉に基づいて定められた改良期間に
　より制限されていること，④被審人による実施権の許諾の対象とな
　る知的財産権の範囲と国内端末等製造販売業者のクロスライセンス
　又はクロスコベナントの対象となる知的財産権の範囲は，相互的か
　つ均衡のとれた内容であること，⑤本件ライセンス契約は，業界事

情に精通した洗練された大企業同士が正常な商業交渉を通じて決定した適切なものであることなどからすれば，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項は，目的達成のための合理的な範囲内のものといえる。

(ウ)　国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（被審人のライセンシーに対する非係争条項）は，同条項に同意するライセンシー間の特許の平和と国内端末等製造販売業者の競争力の向上という正当な目的を有している。

また，①ライセンシーにとって，上記条項の採否は完全に任意であること，②同条項の対象範囲が技術的必須知的財産権に限られていること，③被審人自身が同条項から直接的な利益を受けていないこと，④同条項に同意したライセンシーは全て，同条項に同意した他のライセンシーと全く同じ内容の権利を与えられることなどからすれば，同条項は，目的達成のための合理的な範囲内のものといえる。

(エ)　以上によれば，審査官の主張する本件違反行為は，仮にそれが反競争的効果を有するとしても，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）の目的が正当であり，これを達成するために合理的に必要とされる範囲内のものといえるから，正当化事由があり，公正競争阻害性は認められない。

2　争点2について

(1)　審査官の主張

ア　本件排除措置命令に関して我が国の規律管轄権が認められること

本件排除措置命令において問題とされている被審人による本件違反行為は，被審人が国内端末等製造販売業者に対して本件無償許諾条項等の規定された本件ライセンス契約の締結を余儀なくさせる行為である。

この点，まず，被審人と国内端末等製造販売業者による本件ライセ

3 7

ンス契約の交渉は，日本国内に所在する国内端末等製造販売業者のそれぞれの本社及び肩書地に所在する被審人の本社における面前交渉や，ファクシミリ又は電子メール等による遠隔地交渉という手段により行われ，分社化計画の通告や差止請求訴訟提起の示唆等といった被審人の行為は，日本国内において行われている。そうすると，本件排除措置命令において問題とされている，被審人が本件無償許諾条項等を含む本件ライセンス契約の締結を余儀なくさせる行為は，我が国の領域内で実際に行われたものと認められる。

また，本件では，被審人の本件違反行為によって，国内端末等製造販売業者の研究開発意欲が阻害されるおそれ及び被審人の有力な地位が強化されるおそれがあり，国内端末等製造販売業者を需要者とする本件検討対象市場における公正な競争を阻害するおそれが生じている。

このように，本件では，被審人による本件違反行為が我が国の領域内で実際に行われており，かつ，当該行為によって公正競争阻害性が我が国の領域内において生じていることから，諸国が共通して採用する管轄権原則である属地主義に基づき，本件排除措置命令に関して我が国の規律管轄権を認めることができる。

イ　国際礼譲を理由に規律管轄権の行使が制限されないこと

国際法における国際礼譲とは，国際法上の法的な義務，権能としてではなく，単なる政治的な便宜であるとか，国家間における慣行又は儀礼的な考慮に基づいて行われる対応のことで，国際法上の権利義務の問題とは区別されるものである。

したがって，国際礼譲を理由に規律管轄権の行使が制限されることはない。

(2)　被審人の主張

ア　規律管轄権及び国際礼譲について

競争法の分野では，規制国の国境の外で生じる行為を規制対象に含めるために，規律管轄権の範囲を拡大することがあるが，それは，当該行為が当該規制国における競争に対して，直接的かつ実質的な影響を及ぼす場合に限られ，その場合の規律管轄権の行使は，他の国々の利益への影響に照らして合理的である必要がある。

他方，国際礼譲とは，ある国の規律管轄権の域外行使が合理的であ

るが，当該国以外の他国の利害の方が大きい場合に，当該他国の主権
を侵害する可能性がある措置を行う前に，当該国が当該他国の措置に
委ねるべきことを求めるものである。

イ　本件排除措置命令の対象範囲が，規律管轄権及び国際礼譲に反する
こと

本件排除措置命令は，他国の法律に基づいて他国の法域で付与され
た被審人等及びそのライセンシーが保有する知的財産権に対して，我
が国の法律を適用して規制するものであって，不合理なものであるこ
とからすれば，規律管轄権及び国際礼譲に反し，取り消されるべき，
又は，少なくとも限定されるべきである。

3　争点3について

⑴　審査官の主張

本件排除措置命令の内容が独占禁止法第20条，同法第21条及び憲
法第31条に違反するという被審人の主張は，以下のとおり理由がない。

ア　本件排除措置命令の主文が不当に曖昧かつ不明確なものであるとい
う被審人の主張について

本件排除措置命令の主文第2項の「余儀なくさせる行為」とは，そ
の字義のとおり，国内端末等製造販売業者に対して本件無償許諾条項
等と同種の各条項に代わり得る選択肢を与えずに，それを受け入れざ
るを得ない状況を生じさせる行為であることからすれば，本件排除措
置命令の主文が不当に曖昧かつ不明確という被審人の主張は当たらな
い。

イ　本件無償許諾条項等の破棄を命じることが公正取引委員会の裁量権
の範囲を逸脱するものであるという被審人の主張について

本件排除措置命令において被審人に対して命じられた本件無償許諾
条項等の破棄は，独占禁止法第20条の規定に基づき，被審人の違法
行為を排除するために必要な措置として命じられ，相手方当事者の意
思にかかわらず，本件無償許諾条項等を破棄することを命じるもので
あるから，被審人が一方的に破棄することは不可能であるという被審
人の主張は，前提自体を誤るもので失当である。仮に，本件無償許諾
条項等の破棄に異論を唱える相手方当事者がいる場合には，本件無償
許諾条項等を破棄すると同時に本件無償許諾条項等と同一の内容の条

39

項を改めて合意すれば足りるのであって，破棄によって実質的な問題が生じることはない。

　　また，被審人は，本件ライセンス契約が現在の内容で均衡がとれており，これを破棄するとむしろ不均衡なものとなると主張するが，本件無償許諾条項等の対象となる国内端末等製造販売業者等が保有する知的財産権の価値に応じたロイヤルティ料率等の契約条件が調整されていないことからすると，そもそも，本件ライセンス契約の内容は均衡がとれているということはできない。被審人の上記主張は，本件違反行為が不均衡なものであって公正競争阻害性を有することを度外視するものである。

　　したがって，本件無償許諾条項等の破棄を命じることが公正取引委員会の裁量権の範囲を逸脱するものとはいえない。

ウ　本件排除措置命令が独占禁止法第２１条に違反するものであるという被審人の主張について

　　独占禁止法第２１条は，著作権法等による権利の行使と認められる行為には独占禁止法を適用しない旨規定している。この規定は，文字どおり，著作権法等による権利の行使と認められる行為には独占禁止法の規定が適用されないことを示すものであり，著作権法等による権利の行使とみられるような行為であっても，行為の目的，態様，競争に与える影響等を勘案した上で，知的財産権制度の趣旨を逸脱し，又は同制度の目的に反すると認められる場合には，当該行為が同条にいう「権利の行使と認められる行為」とは評価されず，独占禁止法が適用されることを確認する趣旨で設けられたものであると解される（公正取引委員会平成１３年８月１日審決・公正取引委員会審決集第４８巻３頁〔ソニー・コンピュータエンタテインメントに対する件〕）。

　　この点，被審人による本件違反行為は，知的財産権制度の趣旨を逸脱し，その目的に反するものであるから，同条の「権利の行使と認められる行為」ということができないのは明らかである。

　　したがって，本件排除措置命令は同条に違反するものではない。

エ　本件排除措置命令が被審人のライセンシー及び顧客に対して憲法第３１条の定める手続保障の機会を与えることのないままその権利を奪うものであるという被審人の主張について

４０

　　そもそも，憲法第３１条の定める適正手続の保障は，直接的には刑事手続に関するものであり，行政処分の相手方にすべからく手続保障の機会を与える必要があるか否かという点自体に法律上争いがある（最高裁判所平成４年７月１日判決・民集４６巻５号４３７頁参照）。

　　また，本件排除措置命令は，被審人の顧客及びライセンシーを名宛人とするものではなく，これらの者に対し，直接，何らかの義務を課すものでもない。仮に，本件排除措置命令によって被審人の顧客及びライセンシーに何らかの影響が及ぶとしても，これらの者が何ら関与することのないところで締結された被審人と国内端末等製造販売業者との間の本件ライセンス契約に含まれる本件無償許諾条項等が破棄されることにより生じる間接的なものにすぎないから，これらの者に関し，憲法第３１条の定める適正手続の保障は問題とならない。

　　したがって，本件排除措置命令は憲法第３１条の定める適正手続の保障に欠ける違法なものなどではない。

(2) 被審人の主張

　　本件排除措置命令の内容は，以下のとおり，独占禁止法第２０条，同法第２１条及び憲法第３１条に違反する。

ア　本件排除措置命令の主文が不当に曖昧かつ不明確なものであること

　　本件排除措置命令の主文第２項は，被審人が国内端末等製造販売業者に対し，知的財産権の実施権を無償で許諾すること及び知的財産権に基づく権利主張を行わないことを「余儀なくさせる行為」を禁じているが，いかなる行為が「余儀なくさせる行為」に該当するかという客観的な基準が全く示されていない。本件排除措置命令は，その内容があまりにも抽象的であるため，これを受けた被審人が命令を履行するために何をすべきかが具体的に分からず，その他その履行が不能，あるいは著しく困難なもの（東京高等裁判所昭和４６年７月１７日判決・公正取引委員会審決集第１８巻１６７頁〔明治商事株式会社による審決取消請求事件〕参照）であるから，不当に曖昧かつ不明確な措置を命じるものとして，違法である。

イ　国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項

の破棄を命じることが公正取引委員会の裁量権の範囲を逸脱するものであること

　本件排除措置命令の主文は，国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（本件無償許諾条項等）の破棄を被審人に義務付けているが，本件ライセンス契約の特定の条項を削除又は修正するためには，被審人は各契約の他方当事者の同意を得る必要があり，被審人から一方的に本件ライセンス契約の条項を破棄することは不可能である。特に国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（被審人のライセンシーに対する非係争条項）は，当該ライセンシーの事業活動に利益をもたらすものとして規定されたものであり，これを規定したライセンシーが削除に同意する可能性は低い。したがって，同各条項の破棄を命じることは，被審人に対して不可能又は著しく困難なことを命じるものであって，公正取引委員会の裁量権の範囲を逸脱するものといえる。

　また，本件ライセンス契約の各条項は，交渉の結果として規定されたものであって，互いに関連し，均衡がとれているところ，同各条項が破棄されると，例えば，被審人並びに被審人の顧客及び非係争条項に同意した他の被審人のライセンシーは自社の知的財産権を国内端末等製造販売業者にライセンス等する義務を負う反面，同各条項の対象であった国内端末等製造販売業者の知的財産権に係る権利を失うことになるなど，極端に不均衡なものとなる。公正取引委員会には，私企業に対して，そのような措置を命じる権限はないから，同各条項の破棄を命じることは公正取引委員会の権限の範囲を逸脱するものである。

ウ　本件排除措置命令が独占禁止法第２１条に違反するものであること
　国内端末等製造販売業者が被審人等に対して知的財産権の実施権の許諾等をする条項を含む本件ライセンス契約の締結に向けた被審人の交渉及び合意並びに国内端末等製造販売業者が他の被審人のライセンシーに対して知的財産権の権利主張を行わないことを約束する条項（被審人のライセンシーに対する非係争条項）を本件ライセンス契約に含

めることの申出は，特許法に基づき被審人に与えられている権利の正
当な行使に当たる。

　したがって，審査官の主張する本件違反行為については，「この法
律の規定は，著作権法，特許法，実用新案法，意匠法又は商標法によ
る権利の行使と認められる行為にはこれを適用しない」と定めている
独占禁止法第２１条により，同法の適用を受けない。

エ　本件排除措置命令が被審人のライセンシー及び被審人の顧客に対し
て憲法第３１条の定める適正手続の保障を与えることのないままその
権利を奪うものであること

　本件排除措置命令により，国内端末等製造販売業者が被審人等に対
して知的財産権の実施権の許諾等をする条項及び国内端末等製造販売
業者が他の被審人のライセンシーに対して知的財産権の権利主張を行
わないことを約束する条項（本件無償許諾条項等）が破棄された場合，
被審人のライセンシー及び被審人の顧客は，何らの代償も，法的手続
を行う機会もなく，国内端末等製造販売業者による特許権侵害請求か
ら保護される権利を不当に奪われることになることから，本件排除措
置命令は憲法第３１条の定める適正手続の保障に違反する。

第６　審判官の判断

１　争点１について

⑴　不当な拘束条件付取引に該当する場合

ア　独占禁止法第１９条は，「事業者は，不公正な取引方法を用いては
ならない。」と定めているところ，平成２１年改正法による改正前の
独占禁止法第２条第９項第４号は，不公正な取引方法に当たる行為の
１つとして，相手方の事業活動を不当に拘束する条件をもって取引す
る行為であって，公正な競争を阻害するおそれがあるもののうち，公
正取引委員会が指定するものを掲げており，これを受けた旧一般指定
第１３項において，「相手方とその取引の相手方との取引その他相手
方の事業活動を不当に拘束する条件をつけて，当該相手方と取引する
こと。」が指定されている。

イ　旧一般指定第１３項に規定する「不当に」の要件は，平成２１年改
正法による改正前の独占禁止法第２条第９項が規定する「公正な競争
を阻害するおそれ」（公正競争阻害性）があることを意味するものと

４３

解される。

　そして，独占禁止法が不当な拘束条件付取引を規制するのは，競争に直接影響を及ぼすような拘束を加えることは，相手方の事業活動において，相手方が良質廉価な商品・役務を提供するという形で行われるべき競争を人為的に妨げる側面を有しているからであり，拘束条件付取引の内容が様々であることから，不当な拘束条件付取引に該当するか否かを判断するに当たっては，個々の事案ごとに，その形態や拘束の程度等に応じて公正な競争を阻害するおそれを判断し，それが公正な競争秩序に悪影響を及ぼすおそれがあると認められる場合に初めて相手方の事業活動を「不当に」拘束する条件を付けた取引に当たるというべきである（最高裁判所平成１０年１２月１８日判決・民集第５２巻第９号１８６６頁・公正取引委員会審決集第４５巻４６１頁〔有限会社江川企画による地位確認等請求上告事件〕参照）。

　また，不当な拘束条件付取引に該当するか否かを判断するに当たっては，具体的な競争減殺効果の発生を要するものではなく，ある程度において競争減殺効果発生のおそれがあると認められる場合であれば足りるが，この「おそれ」の程度は，競争減殺効果が発生する可能性があるという程度の漠然とした可能性の程度でもって足りると解するべきではなく，当該行為の競争に及ぼす量的又は質的な影響を個別に判断して，公正な競争を阻害するおそれの有無が判断されることが必要である（公正取引委員会平成２０年９月１６日審決・公正取引委員会審決集第５５巻３８０頁〔マイクロソフトコーポレーションに対する件〕参照）。

ウ　審査官は，本件無償許諾条項等について，被審人に対して国内端末等製造販売業者が，保有し，若しくは保有することとなる知的財産権の実施権を許諾し，又は，被審人等や被審人の顧客，他の被審人のライセンシーに対してその権利主張をしないと約束するものであり，国内端末等製造販売業者の事業活動を拘束する条件に該当するとしている。

　そうすると，本件違反行為が旧一般指定第１３項に該当するかどうかを判断するに当たっては，被審人が国内端末等製造販売業者との間で締結した本件ライセンス契約において本件無償許諾条項等を規定す

　　ることにより国内端末等製造販売業者の事業活動を拘束することが，
　　公正な競争を阻害するおそれがあるということができるかどうかを判
　　断する必要がある。
⑵　本件ライセンス契約及びこれに関連する事実（争いのない事実，前提
　　事実並びにこれら及び各末尾記載の証拠によって認定できる事実）
　　ア　本件ライセンス契約の内容について
　　　⑺　概要
　　　　　本件ライセンス契約は，おおむね，被審人が，国内端末等製造販
　　　　売業者に対し，国内端末等製造販売業者等によるＣＤＭＡ携帯電話
　　　　端末，ＣＤＭＡ部品（国内端末等製造販売業者のＣＤＭＡ携帯電話
　　　　端末に組み込まれる場合に限る。）及びＣＤＭＡ基地局の製造，販
　　　　売等のために，本件ライセンス契約において対象として特定された
　　　　被審人が保有し又は保有することとなるＣＤＭＡ携帯無線通信に係
　　　　る知的財産権の実施権を一身専属的（譲渡禁止），全世界的及び非
　　　　排他的に許諾し，一方で，国内端末等製造販売業者が，被審人に対
　　　　し，ロイヤルティを支払うほか，①被審人等によるＣＤＭＡ携帯電
　　　　話端末及びＣＤＭＡ部品の製造，販売等のために，本件ライセンス
　　　　契約において対象として特定された国内端末等製造販売業者等が保
　　　　有し又は保有することとなる知的財産権の一身専属的（譲渡禁止），
　　　　全世界的及び非排他的な実施権を許諾するほか（本件無償許諾条項），
　　　　②被審人等に対し，又は，これに加えて被審人の顧客に対し，被審
　　　　人等によるＣＤＭＡ部品の製造，販売等，又は，これらに加えて被
　　　　審人の顧客が被審人のＣＤＭＡ部品を自社の製品に組み込んだこと
　　　　について，本件ライセンス契約において対象として特定された国内
　　　　端末等製造販売業者等が保有し，若しくは保有することとなるＣＤ
　　　　ＭＡ携帯無線通信に係る知的財産権に基づいて権利主張を行わない
　　　　ことを約束したり（被審人等に対する非係争条項），③被審人の
　　　　ライセンシーに対する非係争条項を規定した国内端末等製造販売業者
　　　　が，同様の条項を規定した他の被審人のライセンシーに対し，当該
　　　　ライセンシーによるＣＤＭＡ携帯電話端末及び（又は）ＣＤＭＡ部
　　　　品の製造，使用及び販売について，本件ライセンス契約において対
　　　　象として特定された国内端末等製造販売業者等が保有し又は保有す

ることとなる知的財産権に基づいて権利主張を行わないことを約束
したりするものとなっている（前記第３の４⑶のとおり，国内端末
等製造販売業者によって本件ライセンス契約の内容に差異があるも
のの，以下においても，本件における判断に影響を及ぼさない差異
は捨象して事実を記載する。被審人は本件ライセンス契約における
用語や定義から，本件ライセンス契約の各条項の対象となる「技術
的必須知的財産権」を「技術的必要知的財産権」であると，同じく
「商業的必須知的財産権」を「商業的必要知的財産権」であると，
それぞれ主張するが，以下，本件ライセンス契約の各条項の対象と
なる知的財産権を示す場合も，単に「技術的必須知的財産権」，「商
業的必須知的財産権」と記述する。また，「技術的必須知的財産権」
及び「商業的必須知的財産権」を本件ライセンス契約の各条項の対
象として記載する場合は，特段の断りのない限り，以下，本件ライ
センス契約において対象として特定されたものをいう。）。

(イ)　被審人の国内端末等製造販売業者に対する知的財産権の実施権の
許諾

a　概要

被審人は，国内端末等製造販売業者に対し，国内端末等製造販
売業者等によるＣＤＭＡ携帯電話端末，ＣＤＭＡ部品（国内端末
等製造販売業者のＣＤＭＡ携帯電話端末に組み込まれる場合に限
る。）及びＣＤＭＡ基地局の製造，販売等のために，本件ライセ
ンス契約において対象として特定された被審人等が保有し又は保
有することとなるＣＤＭＡ携帯無線通信に係る知的財産権の実施
権を一身専属的（譲渡禁止），全世界的及び非排他的に許諾する。

b　被審人が実施権の許諾をする知的財産権の範囲

被審人が本件ライセンス契約に基づいて国内端末等製造販売業
者に対して実施権を許諾する知的財産権は，ＣＤＭＡ携帯無線通
信に係る技術的必須知的財産権及び商業的必須知的財産権であり，
それぞれ，本件ライセンス契約の発効日以前に被審人等が開発（出
願。以下同じ。）又は取得したものに加え，本件ライセンス契約
で定められた改良期間内に被審人等が開発又は取得することとな
る改良技術が対象となる。

４６

　　つまり，被審人は，本件ライセンス契約に基づき，国内端末等製造販売業者に対し，本件ライセンス契約の発効日以前に被審人等が開発又は取得した技術的必須知的財産権及び商業的必須知的財産権のみならず，改良期間内に被審人等が開発又は取得することとなる技術的必須知的財産権及び商業的必須知的財産権の実施権も許諾することになる。

　c　被審人が実施権の許諾をする知的財産権の時的範囲（改良期間）

　　前記ｂのとおり，被審人が本件ライセンス契約に基づいて国内端末等製造販売業者に対して実施権を許諾することになる知的財産権には，本件ライセンス契約発効日より後に開発又は取得することとなるものも含まれることになるが，その範囲は，本件ライセンス契約で定められた改良期間によって画されている（別表の「改良期間の終期」欄のとおり，改良期間は国内端末等製造販売業者によって異なっている。）。

　　本件ライセンス契約では，技術的必須知的財産権と商業的必須知的財産権において，それぞれ異なる改良期間が定められていることが多く，技術的必須知的財産権については，別表記載の国内端末等製造販売業者１４社中８社との契約において，改良期間が無期限とされており（三菱電機については基地局契約のみが無期限であり，日立製作所については特定の事業部の知的財産権のみが無期限となっている。），その他の６社との契約については，契約発効日から数か月ないし２年以内とされている（三洋電機については，後に無期限に変更されている。）。一方，商業的必須知的財産権については，上記１４社とのいずれの契約でも，改良期間は無期限とされておらず，契約発効日から数か月ないし３年以内とされている（以上について，別表の「改良期間の終期」欄参照）。

　　なお，被審人が本件ライセンス契約に基づいて国内端末等製造販売業者に対して実施権を許諾することになる知的財産権の範囲を画する基準となる改良期間は，国内端末等製造販売業者が本件無償許諾条項等に基づいて被審人に対して実施権の許諾等をすることになる知的財産権の範囲を画する基準となる改良期間と共通

４７

のものとなっている。

d　被審人が権利行使できなくなる相手方の範囲

　被審人は，本件ライセンス契約に基づいて国内端末等製造販売業者に対して前記ｂ及びｃの範囲内の知的財産権の実施権を許諾することから，その効果により，国内端末等製造販売業者のほか，国内端末等製造販売業者から上記知的財産権を使用して製造された携帯電話端末等を購入した相手方に対しても，当該携帯電話端末等による当該知的財産権の侵害について，権利行使をすることができなくなる。

e　被審人が知的財産権の実施権を許諾する期間（契約期間）

　被審人と国内端末等製造販売業者との間の本件ライセンス契約については，契約期間が定められていない。

f　被審人による知的財産権の権利行使の制限

　被審人は，本件ライセンス契約が存続する限り，本件ライセンス契約に基づいて被審人等が本件ライセンス契約の発効日以前に開発又は取得した前記ｂの知的財産権並びに被審人等が改良期間内に開発又は取得することとなる前記ｂの知的財産権の実施権を国内端末等製造販売業者に許諾することにより，国内端末等製造販売業者及びこれらの者から製品を購入した者による上記各知的財産権の侵害について，その差止請求や損害賠償請求等の権利行使をすることができなくなる。

　一方で，被審人は，本件ライセンス契約の終了後は，国内端末等製造販売業者等による以後の製品の製造等によって本件ライセンス契約の対象となっていた被審人等の知的財産権を侵害されれば，権利行使をすることができるようになるのはもとより，本件ライセンス契約の終了前であっても，被審人等が改良期間終了後に開発又は取得した知的財産権の侵害については，国内端末等製造販売業者及びこれらの者から製品を購入した者に対してその差止請求や損害賠償請求等の権利行使をすることができる。

　これを国内端末等製造販売業者の側からみると，国内端末等製造販売業者は，本件ライセンス契約が存続する限り，本件ライセンス契約に基づき，被審人に対してロイヤルティを支払うことに

より，本件ライセンス契約の発効日以前に被審人等が開発又は取得した知的財産権及び改良期間内に被審人等が開発又は取得した知的財産権を侵害しても，その差止請求や損害賠償請求等の権利行使を受けないことになる。

　一方で，国内端末等製造販売業者は，本件ライセンス契約の終了後は，以後の製品の製造等によって本件ライセンス契約の対象となっていた被審人等の知的財産権を侵害すれば，被審人から，その差止請求や損害賠償請求等の権利行使を受けることはもとより，本件ライセンス契約の終了前であっても，被審人等が改良期間終了後に開発又は取得した知的財産権を侵害すれば，その差止請求や損害賠償請求等の権利行使を受けることになる。

(ｳ)　国内端末等製造販売業者の被審人に対するロイヤルティの支払及び知的財産権の実施権の付与等

　a　金員（ロイヤルティ）の支払

　　国内端末等製造販売業者は，被審人に対し，契約締結時及び契約改定時に一時金を支払うほか，暦四半期ごとに，同期間中に国内端末等製造販売業者等が販売した契約製品の数に，契約製品１台当たりの正味販売価格に所定割合を乗じたロイヤルティを支払うものとされているところ，契約製品１台当たりの正味販売価格のロイヤルティ料率は，ライセンシーが販売した契約製品の個数に応じ，おおむね５パーセントないし６．５パーセントである。

　　なお，被審人と国内端末等製造販売業者との間で締結された本件ライセンス契約では，国内端末等製造販売業者等の保有する知的財産権を考慮したロイヤルティ料率の調整はされていない。（査１１６，査１６１，審８８）

　　また，本件ライセンス契約では，被審人が，国内端末等製造販売業者に対し，特段の金員を支払うことは定められていない。

　b　本件無償許諾条項による知的財産権の実施権の許諾

　　(a)　概要

　　　国内端末等製造販売業者は，被審人に対し，被審人等によるＣＤＭＡ携帯電話端末及びＣＤＭＡ部品の製造，販売等のために，本件ライセンス契約において対象として特定された国内端

４９

　　　末等製造販売業者等が保有し又は保有することとなる知的財産
　　　権の一身専属的（譲渡禁止），全世界的及び非排他的な実施権
　　　を許諾する。

(b)　国内端末等製造販売業者が実施権の許諾をする知的財産権の
　　　範囲

　　　　国内端末等製造販売業者が本件無償許諾条項に基づいて実施
　　　権を許諾する知的財産権は，ＣＤＭＡ携帯無線通信に係る技術
　　　的必須知的財産権（(i)国内端末等製造販売業者が，被審人に対
　　　して，他の第三者に対するロイヤルティ又は他のいかなる対価
　　　の支払をすることもなく，実施権等を許諾する権限を有し，(ii)
　　　コモン・エア・インターフェース（ＩＳ－９５規格及びこれと
　　　実質的に同様の規格並びにＣＤＭＡ携帯無線通信に係る規格を
　　　含む。以下「ＣＡＩ」という。）に適合する「加入者端末」及
　　　び（又は）「部品」を製造，使用又は販売するために必須であ
　　　る「知的財産権」を意味する。以下，特段の断りのない限り，
　　　本件無償許諾条項等においておおむね同様である。）及び商業
　　　的必須知的財産権（(i)国内端末等製造販売業者が，被審人に対
　　　して，他の第三者に対するロイヤルティ又は他のいかなる対価
　　　の支払をすることもなく，実施権等を許諾する権限を有し，(ii)
　　　ＣＡＩに適合する「加入者端末」及び（又は）「部品」を製造，
　　　使用又は販売するために必須ではなく，(iii)「加入者端末」及
　　　び（又は）「部品」に競争上の優位性（例えばコスト，リード
　　　タイム，品質等の優位性）を与えるか，又は市場で合理的に要
　　　求される可能性のある機能その他の特徴を付与する「知的財産
　　　権」を意味する。以下，特段の断りのない限り，本件無償許諾
　　　条項等においておおむね同様である。なお，パナソニックモバ
　　　イル及び日本電気が本件無償許諾条項に基づいて実施権の許諾
　　　をするのは技術的必須知的財産権のみとされている。）である
　　　が，それぞれ本件ライセンス契約の発効日以前に国内端末等製
　　　造販売業者等が開発又は取得したものに加え，改良期間内に国
　　　内端末等製造販売業者等が開発又は取得することとなる改良技
　　　術が対象となる。

　　つまり，国内端末等製造販売業者は，本件無償許諾条項に基づき，本件ライセンス契約の発効日以前に国内端末等製造販売業者等が開発又は取得した技術的必須知的財産権及び商業的必須知的財産権のみならず，改良期間内に国内端末等製造販売業者等が開発又は取得することとなる技術的必須知的財産権及び商業的必須知的財産権についても，その実施権を被審人に対して許諾することになる。

　　なお，別表のとおり，本件無償許諾条項は，被審人との間で本件ライセンス契約を締結した全ての国内端末等製造販売業者との間の本件ライセンス契約に規定されているところ，ほとんどの国内端末等製造販売業者は，被審人に対し，技術的必須知的財産権及び商業的必須知的財産権の双方の実施権を許諾しているが，パナソニックモバイル及び日本電気は，知的財産権の許諾の効果として権利行使ができなくなる相手方の範囲を狭めることを要望し，その結果，上記のとおり，被審人等による「部品」の製造，販売等について，商業的必須知的財産権の実施権を被審人に対して許諾せず，一定の範囲の相手方に権利主張をしないことを約束するという被審人等に対する非係争条項を規定している。また，パナソニックモバイルについては一定の「部品」の第三者への販売等について，技術的必須知的財産権の実施権を許諾していないほか，実施権を許諾する知的財産権の範囲を一部限定している。

(c)　国内端末等製造販売業者が実施権の許諾をする知的財産権の時的範囲（改良期間）

　　前記(b)のとおり，国内端末等製造販売業者が実施権を許諾することになる知的財産権には，本件ライセンス契約の発効日より後に国内端末等製造販売業者等が開発又は取得することとなるものも含まれることになるが，その範囲は，本件ライセンス契約で定められた改良期間によって画されている（別表の「改良期間の終期」欄のとおり，改良期間は国内端末等製造販売業者によって異なっている。）。

　　なお，本件無償許諾条項において国内端末等製造販売業者が

5 1

　　被審人に対して実施権の許諾をすることになる知的財産権の範
　　囲を画する基準となる改良期間は，被審人が国内端末等製造販
　　売業者に対して実施権を許諾することになる知的財産権の範囲
　　を画する基準となる改良期間（前記(イ) c ）と共通のものとなっ
　　ている。

(d)　国内端末等製造販売業者が権利行使できなくなる相手方の範
　　囲

　　　国内端末等製造販売業者は，本件無償許諾条項に基づいて被
　　審人に対して前記(b)及び(c)の範囲内の知的財産権の実施権を
　　許諾することから，その効果により，被審人等のほか，被審人
　　の顧客に対しても，当該被審人の顧客が購入したＣＤＭＡ部品
　　による当該知的財産権の侵害について，権利行使をすることが
　　できなくなる。

　　　なお，国内端末等製造販売業者が，被審人の顧客に対する権
　　利行使を制限されるのは，当該顧客が被審人等から購入したＣ
　　ＤＭＡ部品による知的財産権の侵害に限られるため，国内端末
　　等製造販売業者は，被審人等から購入したＣＤＭＡ部品が組み
　　込まれていない製品によって知的財産権が侵害された場合はも
　　とより，被審人等から購入したＣＤＭＡ部品が被審人の顧客の
　　製品に組み込まれている場合であっても，当該製品のうちの当
　　該ＣＤＭＡ部品以外の部分又は機能によって知的財産権が侵害
　　された場合には，被審人の顧客に対し，差止請求や損害賠償請
　　求等をすることができる。

(e)　国内端末等製造販売業者が知的財産権の実施権の許諾をする
　　期間

　　　前記(イ) e のとおり，被審人と国内端末等製造販売業者との間
　　の本件ライセンス契約については，契約期間が定められておら
　　ず，本件無償許諾条項について，その効力を有する期間が格別
　　に定められているわけでもない。

(f)　国内端末等製造販売業者による知的財産権の権利行使の制限
　　　国内端末等製造販売業者は，本件ライセンス契約が存続する
　　限り，本件無償許諾条項に基づき，本件ライセンス契約の発効

５２

日以前に開発又は取得した前記(b)の知的財産権並びに改良期間内に開発又は取得することとなる前記(b)の知的財産権の実施権（パナソニックモバイル及び日本電気は技術的必須知的財産権のみ）を被審人に許諾することにより，被審人等及び被審人の顧客による上記各知的財産権の侵害について，その差止請求や損害賠償請求等の権利行使をすることができなくなる。

　一方で，国内端末等製造販売業者は，本件ライセンス契約の終了後は，被審人等による以後の製品の製造等によって本件無償許諾条項の対象となっていた国内端末等製造販売業者の知的財産権を侵害されれば，被審人等及び被審人の顧客に対し，その差止請求や損害賠償請求等の権利行使をすることができるようになるのはもとより，本件ライセンス契約の終了前であっても，改良期間終了後に開発又は取得した知的財産権の侵害については，被審人等及び被審人の顧客に対して権利行使をすることができるほか，被審人等の製造等したＣＤＭＡ部品が被審人の顧客の製品に組み込まれた場合であっても，当該ＣＤＭＡ部品に起因しない国内端末等製造販売業者の知的財産権の侵害については，被審人の顧客に対して権利行使をすることができる。

(g)　契約書の記載

　国内端末等製造販売業者の本件ライセンス契約の契約書には，本件無償許諾条項に関し，「ｆｕｌｌｙ－ｐａｉｄ　ａｎｄ　ｒｏｙａｌｔｙ　ｆｒｅｅ　ｌｉｃｅｎｓｅ」という文言が記載されており，一部の国内端末等製造販売業者の本件ライセンス契約の契約書には，その前文において，本件無償許諾条項を含む規定が，全体として，被審人からの知的財産権の実施権の許諾についての対価の一部を構成していることを示す記載がされている。（審５０の６４の１，審５０の７２の１，審５１の６４の１等）

c　被審人等に対する非係争条項による権利主張をしない旨の約束

(a)　概要

　国内端末等製造販売業者のうち，被審人等に対する非係争条項を規定した本件ライセンス契約を締結したパナソニックモバ

５３

イル，三菱電機及び日本電気は，被審人等に対し，又は，これに加えて被審人の顧客に対し，被審人等によるＣＤＭＡ部品の製造，販売等，又は，これに加えて被審人の顧客が被審人等のＣＤＭＡ部品を自社の製品に組み込んだことについて，本件ライセンス契約において対象として特定された国内端末等製造販売業者等が保有し又は保有することとなるＣＤＭＡ携帯無線通信に係る知的財産権に基づいて権利主張を行わないことを約束している。

　前記ｂ (a) のとおり，本件無償許諾条項は，国内端末等製造販売業者が被審人に対して知的財産権の実施権を許諾するというものであり，前記ｂ (d) のとおり，その効果により，国内端末等製造販売業者は，被審人等のみならず，被審人の顧客に対しても，一定の範囲で権利行使をすることができなくなるが，これとは異なり，被審人等に対する非係争条項は，国内端末等製造販売業者が被審人に対して知的財産権の実施権を許諾するというものではなく，主として商業的必須知的財産権について，契約によって定められた範囲の相手方に対する権利主張をしないことを約束するというものである。

　なお，日本電気とパナソニックモバイルは，別紙２の１及び２のとおり，当初，被審人から，本件無償許諾条項を規定することを求められたものの，交渉の結果，主として商業的必須知的財産権について，被審人に対して実施権の許諾をせずに，被審人等に対し，又は，これに加えて被審人の顧客に対し，権利主張をしないという被審人等に対する非係争条項の対象とすることとしたものである（三菱電機は，被審人との間で平成７年に締結された従前のライセンス契約から，技術的必須知的財産権についての被審人等に対する非係争条項を規定しており，これが本件ライセンス契約に引き継がれているものの，本件ライセンス契約では別途本件無償許諾条項が規定されていることから，実質的に意味のない条項となっている。そのため，以下，被審人等に対する非係争条項については，パナソニックモバイル及び日本電気に係るものとして記述する。）。

　　（査６７の１ないし４，査７０の１ないし４，査７１の１な
いし４，査１８９，査１８９の２，審５２，審７３，審７３の
２）

(b)　国内端末等製造販売業者が権利主張を行わないことを約束す
る知的財産権の範囲

　　パナソニックモバイルが被審人等に対する非係争条項に基づ
いて権利主張を行わないことを約束する知的財産権は，ＣＤＭ
Ａ携帯無線通信に係る技術的必須知的財産権及び商業的必須知
的財産権であり，日本電気が被審人等に対して権利主張を行わ
ないことを約束する知的財産権は，ＣＤＭＡ携帯無線通信に係
る商業的必須知的財産権であるが，それぞれ本件ライセンス契
約の発効日以前に国内端末等製造販売業者等が開発又は取得し
たものに加え，改良期間内に国内端末等製造販売業者等が開発
又は取得することとなる改良技術が対象となっている。（査６
７の１ないし４，査７０の１ないし４，査１８９，査１８９の
２，審５２，審７３，審７３の２）

(c)　国内端末等製造販売業者が権利主張を行わないことを約束す
る知的財産権の時的範囲（改良期間）

　　前記(b)のとおり，パナソニックモバイル及び日本電気が権利
主張を行わないことを約束する知的財産権には，本件ライセン
ス契約の発効日より後に国内端末等製造販売業者等が開発又は
取得することとなるものも含まれることになるが，その範囲は，
本件ライセンス契約で定められた改良期間によって画されてい
る（別表の「改良期間の終期」欄のとおり，改良期間は国内端
末等製造販売業者によって異なっている。）。

　　なお，被審人等に対する非係争条項においてパナソニックモ
バイル及び日本電気が被審人等及び被審人の顧客に対して権利
主張が行えなくなる知的財産権の範囲を画する基準となる改良
期間は，被審人が国内端末等製造販売業者に対して実施権を許
諾することになる技術的必須知的財産権及び商業的必須知的財
産権の範囲を画する基準となる改良期間（前記(イ)ｃ）と共通の
ものとなっている。

　　　　（査６７の１ないし４，査７０の１ないし４，査１８９，査
　　　１８９の２，審５２，審７３，審７３の２）

(d)　国内端末等製造販売業者が権利主張を行うことができなくな
　　る相手方の範囲

　　　被審人等に対する非係争条項によって国内端末等製造販売業
　　者による権利主張ができなくなる相手方は，契約で定められた
　　範囲の者に限られることになるところ，パナソニックモバイル
　　が権利主張をしないと約束したのは，被審人等による「部品」
　　の製造，販売等及び顧客の製品に被審人等から購入した「顧客
　　部品」（「部品」よりも狭いものとして定義されている。以下
　　同じ。）を組み込んだことにより生じる権利侵害に限られ，ま
　　た，「顧客部品」とそれ以外の製品とを組み合わせることによ
　　る権利侵害については，権利主張ができるものとされているこ
　　とから，パナソニックモバイルが権利主張を行えなくなる相手
　　方は，被審人等と被審人等から被審人の「顧客部品」を購入し
　　てこれを製品に組み込んだ顧客（「顧客部品」とそれ以外の製
　　品とを組み合わせることによる権利侵害をした顧客を除く。）
　　となる。

　　　一方，日本電気が権利主張をしないと約束したのは，被審人
　　等の製造，販売等についてであることから，日本電気が権利主
　　張を行えなくなる相手方は被審人等となる。

　　　　（査６７の１ないし４，査７０の１ないし４，査１８９，査
　　　１８９の２，審５２，審７３，審７３の２）

(e)　国内端末等製造販売業者が知的財産権の権利主張を行うこと
　　ができない期間

　　　前記(f)eのとおり，被審人と国内端末等製造販売業者との間
　　の本件ライセンス契約については，契約期間が定められておら
　　ず，被審人等に対する非係争条項について，その効力を有する
　　期間が格別に定められているわけでもない。

(f)　国内端末等製造販売業者による知的財産権の権利主張の制限

　　　被審人等に対する非係争条項を規定した本件ライセンス契約
　　を締結したパナソニックモバイル及び日本電気は，本件ライセ

ンス契約が存続する限り，被審人等に対する非係争条項により，
権利主張をしないことを約束した相手方による，本件ライセン
ス契約の発効日以前に開発又は取得した前記(b)の知的財産権並
びに改良期間内に開発又は取得することとなる前記(b)の知的財
産権の各侵害について，その差止請求や損害賠償請求等の権利
行使をすることができなくなる。

　しかし，パナソニックモバイル及び日本電気は，まず，本件
ライセンス契約の終了後は上記のような知的財産権の侵害につ
いて権利行使をすることができるようになるのはもとより，本
件ライセンス契約の終了前であっても，改良期間終了後に開発
又は取得した知的財産権の侵害については，被審人等に対する
非係争条項において権利主張をしないことを約束した相手方に
対しても権利行使をすることができる。

　また，パナソニックモバイルは，被審人等に対する非係争条
項により，被審人等のほか，被審人等から被審人の「顧客部品」
を購入してこれを製品に組み込んだ被審人の顧客に対しても，
権利主張を行うことができなくなるが，権利主張を行うことが
できなくなるのは「顧客部品」に起因する権利侵害に限られる
ことから，被審人の「顧客部品」を購入してこれを製品に組み
込んだ顧客に対し，「顧客部品」が組み込まれていない製品に
よって知的財産権が侵害された場合はもとより，「顧客部品」
が組み込まれている場合であっても，「顧客部品」以外の部分
又は機能によって知的財産権が侵害された場合のほか，被審人
等のＣＤＭＡ部品と当該顧客の製品との組み合わせ製品によっ
て知的財産権が侵害された場合にも，当該被審人の顧客に対し
て差止請求や損害賠償請求等の権利行使をすることができる。

　一方，日本電気は，被審人等に対する非係争条項により，被
審人等に対しては権利主張ができないことになるが，被審人の
顧客に対する権利主張は制限されない。

d　被審人のライセンシーに対する非係争条項による権利主張をし
ない旨の約束

(a)　概要

57

　国内端末等製造販売業者のうち，被審人のライセンシーに対する非係争条項を規定した本件ライセンス契約を締結した国内端末等製造販売業者は，同様の条項を規定した他の被審人のライセンシーに対し，当該ライセンシーによるＣＤＭＡ携帯電話端末及び（又は）ＣＤＭＡ部品の製造，使用及び販売について，本件ライセンス契約において対象として特定された国内端末等製造販売業者等が保有し又は保有することとなる知的財産権に基づいて権利主張をしないことを約束している。

　このように，本件ライセンス契約に被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者は，同様の条項を規定した他の被審人のライセンシーに対する権利行使が一定の範囲で制限されるものの，自らのＣＤＭＡ携帯電話端末及び（又は）ＣＤＭＡ部品の製造，使用及び販売について，同様の条項を規定した他の被審人のライセンシーの保有する技術的必須知的財産権を侵害したとしても，当該ライセンシーから権利主張を受けないこととなる。そのため，被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者と，同様の条項を規定した他の被審人のライセンシーは，相互に，金銭の授受等なしに保有する知的財産権を使用することができることとなる。

　なお，被審人のライセンシーに対する非係争条項は，これを本件ライセンス契約に規定するか否かを任意に選択することができるところ，被審人のライセンシーに対する非係争条項を規定しているのは，別表記載の国内端末等製造販売業者１４社のうち，パナソニックモバイル，日本電気及び日立製作所を除く１１社である。

(b)　国内端末等製造販売業者が権利主張を行わないことを約束する知的財産権の範囲

　被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者が同様の条項を規定した他の被審人のライセンシーに対して権利主張を行わないことを約束する知的財産権は，ＣＤＭＡ携帯無線通信に係る技術的必須知的財産権のみで

あり，それぞれ国内端末等製造販売業者等が本件ライセンス契約の発効日以前に開発又は取得したものに加え，国内端末等製造販売業者等が改良期間内に開発又は取得することとなる改良技術が対象となる。

(c)　国内端末等製造販売業者が権利主張を行わないことを約束する知的財産権の時的範囲（改良期間）

　　前記(b)のとおり，被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者が同様の条項を規定した他の被審人のライセンシーに対して権利主張をしないと約束する技術的必須知的財産権には，本件ライセンス契約の発効日より後に国内端末等製造販売業者等が開発又は取得することとなるものも含まれることになるが，その範囲は，本件ライセンス契約で定められた改良期間によって画されている（別表のとおり，改良期間は国内端末等製造販売業者によって異なっている。）。

(d)　国内端末等製造販売業者が権利主張を行うことができなくなる相手方の範囲

　　被審人のライセンシーに対する非係争条項によって国内端末等製造販売業者の権利行使が妨げられる相手方は，同様の条項を規定した他の被審人のライセンシーに限られる。

(e)　国内端末等製造販売業者が知的財産権の権利主張を行うことができない期間

　　前記(f)のとおり，被審人と国内端末等製造販売業者との間の本件ライセンス契約については，契約期間が定められておらず，被審人のライセンシーに対する非係争条項について，その効力を有する期間が格別に定められているわけでもない。

(f)　国内端末等製造販売業者による知的財産権の権利主張の制限

　　被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者は，本件ライセンス契約が存続する限り，被審人のライセンシーに対する非係争条項により，同様の条項を規定した他の被審人のライセンシーによる本件ライセンス契約の発効日以前に国内端末等製造販売業者等が開発又は取得した技術的必須知的財産権及び国内端末等製造販売業者等が改良期

５９

間内に開発又は取得することとなる技術的必須知的財産権の侵害について，その差止請求や損害賠償請求等の権利行使をすることができなくなる。

　しかし，被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者は，本件ライセンス契約終了後は，上記のような知的財産権の侵害について権利行使をすることができるようになるのはもとより，本件ライセンス契約の終了前であっても，改良期間終了後に開発又は取得した知的財産権の侵害については，同様の条項を規定した他の被審人のライセンシーに対しても権利行使をすることができる。

　　(g)　対価の不存在

　　　本件ライセンス契約では，被審人のライセンシーに対する非係争条項を規定した国内端末等製造販売業者について，同様の条項を規定した他の被審人のライセンシーとの間で格別の金員の授受をすることは定められていない。

　イ　その他

　　(ｱ)　本件ライセンス契約の交渉時点において，別表記載の国内端末等製造販売業者１４社のうち，日立製作所，富士通，日本電気，東芝及び三菱電機は，第三世代携帯無線通信規格に係る技術について確認書の提出を行っていたものの，上記５社を除く９社は，確認書の提出を行っておらず（パナソニックモバイルは提出を行っていないものの，パナソニックは提出を行っている。前記第３の２(4)イ(ｲ)），そのうちの５社（三洋電機，カシオ，株式会社ケンウッド〔以下「ケンウッド」という。〕，アルプス電気株式会社〔以下「アルプス電気」という。〕及び京セラ）は，実際，本件ライセンス契約締結当時，ＣＤＭＡ携帯無線通信に係る技術的必須知的財産権を保有していなかった。（査１８１ないし査１８３，査２０７，査２６５）

　　(ｲ)　別表記載の国内端末等製造販売業者１４社のうち，日本電気，パナソニックモバイル及び東芝を除く１１社は，被審人との間の本件ライセンス契約の交渉において，保有する知的財産権を具体的に示して，その検討，評価，調整を行うことを被審人に要求していない。

(3)　本件無償許諾条項等を規定する本件ライセンス契約の締結が，国内端

末等製造販売業者の事業活動を拘束するものとして，公正競争阻害性を
有するか

ア　審査官が主張する公正競争阻害性

(7)　知的財産の利用に関する独占禁止法上の指針（以下「知財ガイド
ライン」という。）は，その第4の5(6)において，ライセンサーが
ライセンシーに対し，「ライセンシーが所有し，又は取得すること
となる全部または一部の権利をライセンサー又はライセンサーの指
定する事業者に対して行使しない義務」又は「ライセンシーが所有
し，又は取得することとなる全部又は一部の特許権等をライセンサー
又はライセンサーの指定する事業者に対してライセンスをする義務」
を課す行為は，ライセンサーの技術市場若しくは製品市場における
有力な地位を強化することにつながること，又はライセンシーの権
利行使が制限されることによってライセンシーの研究開発意欲を損
ない，新たな技術の開発を阻害することにより，公正競争阻害性を
有する場合には，不公正な取引方法に該当するとしている。

(イ)　審査官は，知財ガイドラインの前記(7)の考え方を踏まえて，本件
無償許諾条項等の制約の程度，内容が，国内端末等製造販売業者の
研究開発意欲を阻害するおそれがあると推認できる程度に不合理で
あり，その制約による不利益を填補又は回避する可能性もなかった
ことから，ＣＤＭＡ携帯電話端末等に関する技術について国内端末
等製造販売業者の研究開発意欲を阻害するおそれがあるほか，被審
人の有力な地位を強化するおそれがあるとして，本件ライセンス契
約において本件無償許諾条項等を規定することにより国内端末等製
造販売業者の事業活動を拘束するという本件違反行為は，公正な競
争秩序に悪影響を及ぼすおそれがあるものと認められると主張する。

(ウ)　この点，前記(1)のとおり，不当な拘束条件付取引に該当するか否
かを判断するに当たっては，具体的な競争減殺効果の発生を要する
ものではなく，ある程度において競争減殺効果発生のおそれがある
と認められる場合であれば足りるが，この「おそれ」の程度は，競
争減殺効果が発生する可能性があるという程度の漠然とした可能性
の程度でもって足りると解するべきではない。

　　　また，前記(2)で認定した各事実を踏まえて本件無償許諾条項及び

６１

被審人等に対する非係争条項が規定された本件ライセンス契約の権利義務関係を総合的に検討すると，本件ライセンス契約は，被審人が国内端末等製造販売業者に対してＣＤＭＡ携帯無線通信に係る知的財産権の実施権を許諾する一方，国内端末等製造販売業者が被審人に対し，一時金及び継続的なロイヤルティの支払のほか，国内端末等製造販売業者の被審人に対するＣＤＭＡ携帯無線通信に係る知的財産権の実施権の許諾（本件無償許諾条項）又は国内端末等製造販売業者の被審人等及び被審人の顧客に対するＣＤＭＡ携帯無線通信に係る知的財産権の権利主張をしない約束（被審人等に対する非係争条項）をするというものであり，基本的な契約の構造としては，被審人が保有する知的財産権の実施権を許諾するのに対し，国内端末等製造販売業者も保有する知的財産権の非独占的な実施権を許諾するというクロスライセンス契約（特許権の一部について権利主張をしない約束をしているものを含む。以下同じ。）としての性質を有するものといえる（被審人は金員の支払義務を負わず，国内端末等製造販売業者だけが金員の支払義務を負うことになっているものの，このような態様の契約も，クロスライセンス契約として非典型的なものとはいえないし，その金員の多寡も契約の性質自体に影響を及ぼすものとは認められない。）。また，被審人のライセンシーに対する非係争条項も，これを本件ライセンス契約に規定した国内端末等製造販売業者と，同様の条項を規定した他の被審人のライセンシーが，無償で，互いに保有する知的財産権の権利主張をしないことを約束するというものであって，相互に保有する知的財産権の使用を可能とするものとして，クロスライセンス契約に類似した性質を有するものと認めるのが相当である。そして，クロスライセンス契約を締結すること自体は原則として公正競争阻害性を有するものとは認められない（知財ガイドライン第１の１，第４の５⑹，同⑼の記述も，このような考え方を前提としているものと解される。）。

　そうすると，クロスライセンス契約としての性質を有する本件無償許諾条項等が規定された本件ライセンス契約について，国内端末等製造販売業者の研究開発意欲を阻害するなどして公正な競争秩序に悪影響を及ぼす可能性があると認められるためには，この点につ

いての証拠等に基づくある程度具体的な立証等が必要になるものと解される。

　　　　以下検討する。

イ　本件無償許諾条項等の制約の程度，内容が，国内端末等製造販売業者の研究開発意欲を阻害するおそれがあるものと推認できる程度に不合理か否か

　(ｱ)　審査官の主張

　　　　審査官は，まず，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であると主張し，その根拠として，①本件無償許諾条項等の適用範囲が広範であること，②本件無償許諾条項等が無償ライセンスとしての性質を有すること，③本件無償許諾条項等が不均衡であることを挙げる。

　(ｲ)　本件無償許諾条項等の適用範囲が広範であるという点について

　　　ａ　審査官は，本件無償許諾条項等は，当該条項により権利行使ができなくなる知的財産権の範囲及び取得時期並びに権利行使ができなくなる相手方及び期間のいずれの点においても適用範囲が広範であり，国内端末等製造販売業者による権利の行使を広範にわたり制約しており，これが，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであると主張する。

　　　ｂ(a)　しかしながら，前記ア(ｳ)で説示したとおり，本件無償許諾条項等が規定された本件ライセンス契約は，クロスライセンス契約としての性質を有するものであり，契約の性質上，双方の知的財産権の行使が制限されるのは当然であって，そのうちの国内端末等製造販売業者等の保有する知的財産権の行使が制限される部分のみを取り出し，その適用範囲の広範性を論じるのは適切とはいえない。

　　　　(b)　そして，前記(2)によれば，まず，本件無償許諾条項等により実施権を許諾し，又は，権利主張を行わないと約束する国内端

６３

末等製造販売業者の知的財産権は，ＣＤＭＡ携帯電話端末等の製造，販売等のためのＣＤＭＡ携帯無線通信に係る技術的必須知的財産権及び商業的必須知的財産権（被審人のライセンシーに対する非係争条項は技術的必須知的財産権のみ）であるが，この範囲が，携帯無線通信に係る携帯電話端末，基地局及びこれらに使用される部品の製造，販売等のための知的財産権のライセンス契約ないしクロスライセンス契約において実施権の許諾等の対象となる知的財産権の範囲として，通常のものとは異なり，特に広範なものであると認めるに足りる証拠はない。また，国内端末等製造販売業者は，一方で，被審人等に対し，国内端末等製造販売業者等が保有する知的財産権について，本件無償許諾条項等により実施権を許諾し，又は，権利主張を行わないと約束するものの，他方で，被審人から，被審人等が保有するＣＤＭＡ携帯無線通信に係る技術的必須知的財産権及び商業的必須知的財産権の実施権の許諾を受けたり，他の被審人のライセンシーから，保有する技術的必須知的財産権についての権利主張をされなかったりすることを考慮すると，本件無償許諾条項等の対象として国内端末等製造販売業者の権利行使が制限される知的財産権の範囲について，これが広範なものであって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであると認めるのは困難である。

(c) 次に，本件無償許諾条項等で実施権の許諾等がされる国内端末等製造販売業者の知的財産権には，本件ライセンス契約の発効日以前に開発又は取得したもののみならず，本件ライセンス契約で定められた改良期間に開発又は取得することとなるものも含まれる。

この点，別表のとおり，国内端末等製造販売業者１４社のうちの９社との本件ライセンス契約では，技術的必須知的財産権の改良期間が無期限と定められているものの，そもそも，技術的必須知的財産権は，標準規格（第三世代携帯無線通信規格）

６４

を構成するものであり，規格会議により，標準規格の対象とするものについては，当該権利所有者が，一切の権利主張をせずに無条件に，又は適切な条件の下に非排他的かつ無差別に実施権を許諾するものとされており，ＣＤＭＡ携帯電話端末等の製品の差別化要素となるものではない。しかも，国内端末等製造販売業者が被審人に対して実施権の許諾等をする知的財産権の範囲を画する改良期間は，被審人が国内端末等製造販売業者に実施権を許諾する知的財産権の範囲を画する改良期間と共通のものでもあり，改良期間が定められていない（無期限とされている）場合，被審人も，（本件ライセンス契約が存続する限り）国内端末等製造販売業者に対し，本件ライセンス契約の発効日から無期限の期間に開発又は取得することとなる知的財産権の実施権の許諾等をすることになることからすると，技術的必須知的財産権の改良期間が無期限とされていることをもって，その範囲が広範なものであって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであるとまで認めることはできない。

　また，別表のとおり，国内端末等製造販売業者１４社のうちの５社との間の本件ライセンス契約では，技術的必須知的財産権の改良期間は，契約発効日から数か月ないし２年以内と定められており，他の事業者の製品との差別化の要素となる商業的必須知的財産権については，上記の国内端末等製造販売業者１４社全てとの間の本件ライセンス契約において，改良期間は無期限とされておらず，いずれも本件ライセンス契約の発効日から数か月ないし３年以内と定められている上，この改良期間は，被審人が国内端末等製造販売業者に対して実施権を許諾する技術的必須知的財産権及び商業的必須知的財産権の実施権と共通のものであることからすると，国内端末等製造販売業者が本件無償許諾条項等に基づいて実施権を許諾し，又は，権利主張をしないと約束した知的財産権について，本件ライセンス契約の発効日以前に開発又は取得したもののみならず，本件ライセン

ス契約で定められた改良期間に開発又は取得することとなるも
のも含まれるということをもって,その範囲が広範なものであっ
て,本件無償許諾条項等の制約の程度,内容が国内端末等製造
販売業者の研究開発意欲を阻害するおそれがあると推認できる
程度に不合理であることを基礎付けるような広範なものである
と認めることはできない。

(d)　前記(2)ア(ｳ)ｂ(d)のとおり,本件無償許諾条項に基づいて国
内端末等製造販売業者が被審人に対して知的財産権の実施権を
許諾することによって権利行使が制限される相手方の範囲は,
被審人等のほか,被審人等からＣＤＭＡ部品を購入した者(被
審人の顧客)であるが,実際に国内端末等製造販売業者が被審
人の顧客に対して権利行使をすることができなくなるのは,当
該被審人の顧客が被審人等のＣＤＭＡ部品に使用された知的財
産権によって国内端末等製造販売業者の知的財産権を侵害する
場合に限られ,被審人等のＣＤＭＡ部品を組み込まない顧客の
製品の部分又は機能によって知的財産権を侵害された場合には,
権利行使をすることを妨げられない。そして,知的財産権の実
施権を許諾した者が,それを使用して製造した製品を購入した
者に対し,その製品による知的財産権の侵害について,権利行
使を制限されること自体は,一般的なライセンス契約やクロス
ライセンス契約で通常生じるものである。さらに,前記ア(ｳ)で
説示したとおり,本件無償許諾条項が規定された本件ライセン
ス契約は,クロスライセンス契約としての性質を有しており,
上記のとおり,一方で,国内端末等製造販売業者は,本件無償
許諾条項の効果により,被審人の顧客に対する権利主張を一定
の範囲で制限されるものの,他方で,本件ライセンス契約に基
づいて実施権を許諾された被審人等の保有する知的財産権を使
用して製品を製造した場合,同様に,その製品を購入した国内
端末等製造販売業者の顧客の製品による被審人の知的財産権の
侵害について,被審人から権利行使を受けないという利益を得
ることからすると,本件無償許諾条項によって国内端末等製造
販売業者が権利行使をすることができなくなる相手方の範囲に

６６

ついて，これが広範なものであって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであると認めることはできない。

　また，前記(2)ア(ｳ)ｃ(a)によれば，被審人等に対する非係争条項は，国内端末等製造販売業者が被審人に対して知的財産権の実施権を許諾するというものではなく，国内端末等製造販売業者が権利行使できなくなる相手方の範囲を個別に定めたものである。被審人等に対する非係争条項は，国内端末等製造販売業者等が開発若しくは取得し，又は開発若しくは取得することとなる知的財産権の一部について，本件無償許諾条項の対象とすることを避け，国内端末等製造販売業者が権利行使を制限される範囲を具体的に定めるために規定されたものであり，本件無償許諾条項よりも権利行使が制限される相手方の範囲が狭くなるように定められている被審人等に対する非係争条項について，これによって権利行使が制限される相手方の範囲について，これが広範なものであって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであると認めることはできない。

　さらに，前記(2)ア(ｳ)ｄ(d)によれば，被審人のライセンシーに対する非係争条項については，これによって権利行使が制限される相手方の範囲が，同様の条項を規定した他の被審人のライセンシーに限られる上，自身が権利行使を受けなくなる相手方の範囲と一致することからすると，権利行使が制限される相手方の範囲について，これが広範なものであって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであると認めることはできない。

(e)　被審人と国内端末等製造販売業者との間の本件ライセンス契約では，契約期間が定められていないが，これは，本件ライセンス契約及び本件無償許諾条項等の対象となる知的財産権につ

６７

いて，その実施権を許諾し，又は，権利主張をすることができ
なくなる期間が定められていないということを意味するだけで
あり，国内端末等製造販売業者が被審人等に対して実施権を許
諾し，又は，権利主張を行えなくなる知的財産権の範囲につい
て，これを画定する期間が定められていないということを意味
するものではない。つまり，本件ライセンス契約の契約期間に
かかわらず，国内端末等製造販売業者は，改良期間終了後に開
発又は取得することとなる知的財産権を別途行使できるのであ
るから，本件ライセンス契約の契約期間が無期限あるいは長期
間であるということをもって，国内端末等製造販売業者が行使
できなくなる知的財産権の範囲が広範であるということはでき
ない。

　もとより，本件ライセンス契約の契約期間が無期限あるいは
長期間であるということは，国内端末等製造販売業者が本件無
償許諾条項等に基づいて実施権の許諾等をする知的財産権につ
いて，その行使を制限される期間が無期限あるいは長期間であ
ることを意味するものの，この点は，被審人が国内端末等製造
販売業者に対して知的財産権の実施権を許諾する期間と一致す
るものであって，国内端末等製造販売業者が権利行使できない
期間が一方的に無期限あるいは長期間にわたるものというもの
ではないし，上記のとおり，国内端末等製造販売業者は，改良
期間終了後に開発又は取得することとなる知的財産権を別途行
使できることは変わりない。

　したがって，本件ライセンス契約の契約期間が無期限あるい
は長期間であるということをもって，その範囲が広範であって，
本件無償許諾条項等の制約の程度，内容が国内端末等製造販売
業者の研究開発意欲を阻害するおそれがあると推認できる程度
に不合理であることを示すものと認めることはできない。

(f)　以上によれば，本件無償許諾条項等の適用範囲（国内端末等
製造販売業者が権利行使を制限される範囲）について，これが
広範なものであって，本件無償許諾条項等の制約の程度，内容
が国内端末等製造販売業者の研究開発意欲を阻害するおそれが

あると推認できる程度に不合理であることを示すものであるという審査官の主張を採用することはできない。

c (a)　これに対し，審査官は，まず，本件無償許諾条項等によって国内端末等製造販売業者の権利行使が制限される知的財産権の範囲について，本件無償許諾条項等に改良期間の定めがあるとしても，国内端末等製造販売業者は，改良期間経過後に被審人等が保有することとなった技術的必須知的財産権の実施権の許諾等を受けなければならなくなるため，被審人から改良期間の延長を要求されると，これを受け入れざるを得ないこと，また，改良期間の延長を要求されないとしても，改良期間経過後の権利行使に対し被審人から対抗されることから，実質的には，国内端末等製造販売業者等が本件ライセンス契約の期間中に取得する全てのＣＤＭＡ携帯電話端末等に関する知的財産権が本件無償許諾条項等の対象となり得る旨主張する。

しかしながら，そもそも，本件無償許諾条項等の規定された本件ライセンス契約は，クロスライセンス契約としての性質を有するものであり，しかも，被審人及び国内端末等製造販売業者が実施権の許諾や権利主張をしないことの約束によって権利行使をすることができなくなる知的財産権の時的範囲を画する改良期間は共通のものとなっていることからすると，改良期間の延長は，国内端末等製造販売業者が実施権の許諾等をする知的財産権の拡張を意味するだけではなく，被審人が国内端末等製造販売業者に対して実施権を許諾する知的財産権の拡張を意味することになる。そうすると，仮に，審査官が主張するように，被審人又は国内端末等製造販売業者において，相手方が改良期間経過後に開発又は取得することとなる知的財産権を使用するために，改良期間の延長をする可能性が高かったとしても，国内端末等製造販売業者が権利行使を制限されることになる知的財産権だけを取り上げて，国内端末等製造販売業者の権利行使が制限される知的財産権の範囲が無限定であると評価することはできない。

また，審査官の主張するような権利行使が制限される知的財

産権の拡張の可能性は，対象とする知的財産権の範囲を一定の（時的）範囲に限定したライセンス契約一般に存在するものであり，仮に，そのような契約において，対象となる知的財産権の範囲を画する期間を延長する可能性があったとしても，そのことをもって，現に契約において定められた期間が事実上無期限であると評価することはできない。本件無償許諾条項等が規定された本件ライセンス契約についても，改良期間の延長がされるか否かは，被審人と国内端末等製造販売業者が改良期間終了後に開発した知的財産権の数やその内容，経営判断に基づいて行われるものであり，仮にその可能性が高かったとしても，このような不確実な事実を前提として，国内端末等製造販売業者等が改良期間終了後に開発又は取得することとなる知的財産権も無限定に捕捉されると評価することはできない。そして，このことは，実際に改良期間が延長された事例が存在するからといって左右されるものではない。

　以上によれば，国内端末等製造販売業者が本件ライセンス契約の期間中に取得する全てのＣＤＭＡ携帯電話端末等に関する知的財産権が本件無償許諾条項等の対象となり得るとする審査官の主張を採用することはできず，本件無償許諾条項等によって国内端末等製造販売業者の権利行使が制限される知的財産権の範囲について，これが広範なものであって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理であることを示すものであると認めることはできない。

(b) 次に，審査官は，ＣＤＭＡ携帯無線通信に係る信号処理のほか，携帯電話端末の消費電力を低減する電力消費節減機能，音楽再生や動画表示を実現するＡＶ機能等の各種の機能を半導体集積回路に搭載するシングルチップ化が進められている現状においては（前記第３の３(1)），国内端末等製造販売業者等の保有するかかる技術が被審人のチップにも利用されることで，技術的必須知的財産権のほか，多くの商業的必須知的財産権も権利消尽の対象となり得るとか，被審人の顧客が少なくとも１０

７０

０社以上に及ぶことからすれば，国内端末等製造販売業者が本
件無償許諾条項等によって権利行使をすることができなくなる
知的財産権の範囲が狭いとはいえないなどと主張する。

　しかし，被審人が本件無償許諾条項に基づいて実施権を許諾
された国内端末等製造販売業者等の保有する知的財産権を使用
して製造，販売したＣＤＭＡ部品等について，国内端末等製
造販売業者の権利行使が制限されることは，知的財産権の実施権
の許諾の性質上，当然のことである（被審人等に対する非係争
条項に基づいて一定の範囲の被審人の顧客に対する権利主張が
制限されることも，当然である。）。また，本件ライセンス契
約では，国内端末等製造販売業者も，被審人から知的財産権の
実施権を許諾されており，審査官が主張するシングルチップ化
や実施権を許諾されて知的財産権を用いた商品の顧客の数が多
数となることにより，一方で，被審人が権利主張することがで
きなくなる範囲も広がることになるのであって，国内端末等製
造販売業者が本件無償許諾条項等によって権利行使をすること
ができなくなる知的財産権の範囲だけが一方的に広範であると
いうことはできない。審査官は，被審人の顧客の数が多いこと
をもって，国内端末等製造販売業者の権利制限の範囲が広いと
も主張するようであるが，国内端末等製造販売業者が被審人に
実施権を許諾すべき知的財産権の範囲と，被審人が国内端末等
製造販売業者に対して実施権を許諾すべき知的財産権の範囲は
基本的に同じであり，それぞれが現に保有する知的財産権の数
をもってその制限の範囲の広狭を論じるのが不合理であること
と同様に，それぞれが実施権の許諾を受けて製造する製品の数
や顧客の数をもって，その制限の範囲の広狭を論じることもま
た不合理であり，審査官の主張を採用することはできない。

　そうすると，審査官の上記主張を踏まえても，本件無償許諾
条項等によって国内端末等製造販売業者の権利行使が制限され
る知的財産権の範囲について，これが広範なものであって，本
件無償許諾条項等の制約の程度，内容が国内端末等製造販売業
者の研究開発意欲を阻害するおそれがあると推認できる程度に

７１

不合理であることを示すものであると認めることはできない。

(c)　その他，審査官は，被審人の顧客が国内端末等製造販売業者から権利行使を受けない利益の享受を望む場合，ＣＤＭＡ携帯電話端末等に被審人の半導体集積回路等のＣＤＭＡ部品を搭載すれば，権利行使を受けない製品を拡張することが可能になるとして，本件無償許諾条項等によって国内端末等製造販売業者が権利行使できなくなる範囲が容易に拡張され得ると主張する。

しかし，前記(b)のとおり，被審人が本件無償許諾条項に基づいて実施権を許諾された国内端末等製造販売業者の知的財産権を使用して製造，販売したＣＤＭＡ部品による知的財産権の侵害について，当該ＣＤＭＡ部品を購入した被審人の顧客に対する国内端末等製造販売業者の権利行使が制限されるのは，知的財産権の実施権の許諾の性質上，当然のことであるし，被審人等に対する非係争条項に基づいて一定の範囲の被審人の顧客に対する権利主張が制限されることも，また，当然のことであって，この点については，国内端末等製造販売業者が本件ライセンス契約に基づいて実施権を許諾された被審人の知的財産権を使用して製造，販売した携帯電話端末等による知的財産権の侵害について，当該携帯電話端末等を購入した国内端末等製造販売業者の顧客に対する被審人の権利行使が制限されるのと同様である。

また，本件無償許諾条項及び被審人等に対する非係争条項によって国内端末等製造販売業者の権利行使が制限されるのは，飽くまで，被審人等のＣＤＭＡ部品による知的財産権の侵害に限られ，被審人等の部品等を搭載した製品の当該部品以外の部分又は機能が国内端末等製造販売業者の知的財産権を侵害する場合には，国内端末等製造販売業者は権利行使をすることが可能である。仮に，本件無償許諾条項及び被審人等に対する非係争条項によって被審人等が製造したＣＤＭＡ部品を搭載した顧客に対する権利行使がし難くなるという事実があるとしても，これはライセンス契約一般に生じ得る問題であるし，事実上，権利行使ができなかったり，断念せざるを得なかったりしたと

７２

しても，そのような事実をもって，国内端末等製造販売業者が
権利行使をすることができる範囲が広範であるとか，拡張され
ると評価することはできない。

　　したがって，審査官の上記主張を踏まえても，本件無償許諾
条項等によって国内端末等製造販売業者の権利行使が制限され
る知的財産権の範囲について，これが広範なものであって，本
件無償許諾条項等の制約の程度，内容が国内端末等製造販売業
者の研究開発意欲を阻害するおそれがあると推認できる程度に
不合理であることを示すものであると認めることはできない。

　d　以上によれば，本件無償許諾条項等によって国内端末等製造販
売業者の権利行使ができなくなる範囲について，これが広範なも
のであって，本件無償許諾条項等の制約の程度，内容が国内端末
等製造販売業者の研究開発意欲を阻害するおそれがあると推認で
きる程度に不合理であることを示すものであると認めることはで
きない。

（ｳ）　無償ライセンスとしての性質を有するという点について

　a　審査官は，本件無償許諾条項等が無償ライセンスとしての性質
を有しており，これが，本件無償許諾条項等の制約の程度，内容
が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあ
ると推認できる程度に不合理であることを示すものであると主張
する。

　b（a）　この点，まず，本件無償許諾条項及び被審人等に対する非係
争条項について検討するに，前記(2)ア（ｳ）ａのとおり，本件ライ
センス契約では，国内端末等製造販売業者が被審人に対してロ
イヤルティを支払うものとされている一方，本件ライセンス契
約の契約書には，本件無償許諾条項に関して「ｒｏｙａｌｔｙ
　ｆｒｅｅ　ｌｉｃｅｎｓｅ」という記載がされており，被審人
が国内端末等製造販売業者に対して格別の金員を支払うものと
はされていないことは確かである。

　　（b）　しかしながら，前記ア（ｳ）で説示したとおり，本件無償許諾条
項及び被審人等に対する非係争条項が規定された本件ライセン
ス契約は，被審人と国内端末等製造販売業者がそれぞれ保有す

７３

る知的財産権を互いにライセンスし合うクロスライセンス契約
としての性質を有するものであると認められるところ，通常，
このような契約は，その性質上，契約において定められた当事
者双方の義務が相互に関連するものとして定められているもの
と解するのが相当であるから，一方の契約当事者の一部の義務
だけを取り出して，その評価を行うのは相当ではない。そして，
本件ライセンス契約において，国内端末等製造販売業者は，一
方で，本件無償許諾条項等に基づき，被審人に対し，国内端末
等製造販売業者等が保有し又は保有することとなる知的財産権
について，実施権を許諾し，又は，一定の範囲の相手方に対し
てその権利主張をしないことを約束するほか，一時金とロイヤ
ルティという金員を支払うものとされているものの，他方で，
被審人等が保有し又は保有することとなる知的財産権の実施権
の許諾を得ていることからすると，国内端末等製造販売業者が，
一定の範囲の知的財産権について，その実施権を許諾し，又は，
一定の範囲の相手方に対してその権利主張をしないことを約束
するという本件無償許諾条項等だけを取り出して，国内端末等
製造販売業者が何らの対価も得られないままに義務付けられた
ものと解釈することは，本件ライセンス契約の解釈として相当
ではなく，これをもって本件無償許諾条項等が対価のない無償
のものであると評価することはできない。

　また，仮に，本件ライセンス契約について，その内容を実質
的にみて，被審人が得る一時金やロイヤルティ収入，そして，
国内端末等製造販売業者等の保有する知的財産権の実施権の許
諾等をされる利益と，国内端末等製造販売業者が得る被審人等
の保有する知的財産権の実施権の許諾をされるという利益が釣
り合っていない(国内端末等製造販売業者の得る利益が小さい)
という事実が認められたとしても，上記のような本件無償許諾
条項及び被審人等に対する非係争条項が規定された本件ライセ
ンス契約の性質に加えて，本件ライセンス契約が被審人と国内
端末等製造販売業者との交渉の結果として成立していることか
らすると，本件ライセンス契約に規定された条項の一部が対価

７４

のない無償のものであると評価することは困難である。この点を措いたとしても，本件ライセンス契約については，被審人及び国内端末等製造販売業者が具体的にどのような数，内容の知的財産権の実施権を相互に許諾することになるのか，その金銭的評価はどのようになるのか，国内端末等製造販売業者が被審人に対してロイヤルティを支払う必要があるのか，どの程度のロイヤルティ料率が妥当なのかについて，証拠上明らかにすることは困難であり，現に，本件証拠上もこれらは明らかではない。そのため，本件ライセンス契約について，被審人が得る利益と国内端末等製造販売業者が得る利益が釣り合っていないという事実を認めることができず，実質的にみて，本件無償許諾条項や被審人等に対する非係争条項によって国内端末等製造販売業者が課された義務が無償のものであると認めることもできない。

その他，前記⑵ア㈦ｂ(g)のとおり，本件ライセンス契約の契約書には，本件無償許諾条項について，金員の支払を定めない「ｒｏｙａｌｔｙ　ｆｒｅｅ」という文言がある一方で，「ｆｕｌｌｙ－ｐａｉｄ」という文言があるほか，一部の国内端末等製造販売業者の本件ライセンス契約の契約書の前文には，本件無償許諾条項等を含む規定が，全体として，被審人からの知的財産権の実施権の許諾についての対価の一部を構成していることを示す記載もされていることからすると，本件ライセンス契約の契約書の文言から，本件無償許諾条項や被審人等に対する非係争条項が，対価を有しない無償のものであると認めることはできない。

したがって，本件無償許諾条項及び被審人等に対する非係争条項が，無償ライセンスとしての性質を有すると認めることはできない。

(c) これに対し，審査官は，本件無償許諾条項に係る「ｒｏｙａｌｔｙ　ｆｒｅｅ」の文言の解釈や，本件ライセンス契約において被審人が国内端末等製造販売業者に対する金員の支払義務を負っていないことに加え，国内端末等製造販売業者の本件無

75

償許諾条項の契約文言に対する認識や，被審人が本件無償許諾
条項の対象となるライセンシーの知的財産権の価値に応じたロ
イヤルティ料率又はその他の契約条件の調整のプロセスを拒絶
したという経緯に照らせば，本件無償許諾条項及び被審人等に
対する非係争条項は，その対象となる国内端末等製造販売業者
の知的財産ポートフォリオの価値を検討，評価し，その結果を
前提としてロイヤルティ料率及びその他の契約条件を調整した
ものではなく，無償ライセンスとしての性質を有すると主張す
る。

　しかしながら，まず，本件ライセンス契約に係る契約書に本
件無償許諾条項に係る「ｆｕｌｌｙ－ｐａｉｄ　ａｎｄ　ｒｏ
ｙａｌｔｙ　ｆｒｅｅ」という記載があることや，被審人が国
内端末等製造販売業者に対する金員の支払義務を負っていない
ことをもって，本件無償許諾条項や被審人等に対する非係争条
項に基づく国内端末等製造販売業者の義務が無償であると評価
できないことは，前記(b)で説示したとおりであり，国内端末等
製造販売業者の本件無償許諾条項の契約文言に対する認識のみ
をもって，上記判断は左右されるものではない。

　次に，審査官は，本件無償許諾条項及び被審人等に対する非
係争条項について，本件ライセンス契約の構造から直ちに無償
のものということができず，また，被審人等と国内端末等製造
販売業者等が保有する知的財産権の価値を客観的に評価してこ
れらを無償のものと評価することも困難であるとしても，被審
人と国内端末等製造販売業者の交渉の経緯（被審人が本件無償
許諾条項の対象となるライセンシーの知的財産権の価値に応じ
たロイヤルティ料率又はその他の契約条件の調整のプロセスを
拒絶したこと）から，本件無償許諾条項及び被審人等に対する
非係争条項が実質的に無償と評価することができると主張する
ものと解される。

　この点，証拠によれば，一部の国内端末等製造販売業者は，
その価値や重要性はともかくとして，ＣＤＭＡ携帯無線通信技
術に係る一定の知的財産権を保有していたものと推認すること

ができるところ，別紙２の交渉経緯によれば，被審人は，一部の国内端末等製造販売業者から，当該国内端末等製造販売業者の保有する知的財産権を理由としてロイヤルティの減額（ロイヤルティ料率の低減）を求められたものの，これを拒絶し，前記(2)ア(ｳ)ａのとおり，本件ライセンス契約におけるロイヤルティ料率を国内端末等製造販売業者について基本的に一律のものとしているなど，審査官が指摘するとおり，被審人が，国内端末等製造販売業者等の保有する知的財産権の内容等を考慮してロイヤルティ料率の調整を行わなかったことは確かである。

しかし，そもそも，本件無償許諾条項や被審人等に対する非係争条項が規定された本件ライセンス契約は，双方が一定の義務を負担するクロスライセンス契約としての性質を有するものであり，しかも，被審人と国内端末等製造販売業者が一定の交渉を経て締結したものであることからすると，仮に，被審人が，国内端末等製造販売業者等の保有する知的財産権についての十分な検討やロイヤルティ料率の調整を行っていなかったり，ロイヤルティの減額に拒否的な態度を示していたりしていて，その交渉態度に問題があるといえたとしても，このような事実をもって，本件無償許諾条項及び被審人等に対する非係争条項が実質的に無償であると評価するのは困難である（同様に，仮に，国内端末等製造販売業者が求めた知的財産権の開示の要求に対する被審人の対応が時期的及び内容的に不十分であったとか，国内端末等製造販売業者が多数の技術的必須知的財産権を保有するものと推認される被審人との間で本件無償許諾条項等を規定した本件ライセンス契約を締結することを余儀なくされたという事実があったとしても，本件無償許諾条項や被審人等に対する非係争条項が規定された本件ライセンス契約の締結の経緯における上記のような事実をもって，本件無償許諾条項等が無償ライセンスとしての性質を有するものと認めることはできない。）。

また，上記の点を措くとしても，前記(2)イのとおり，本件ライセンス契約の交渉時点において，別表記載の国内端末等製造

７７

販売業者１４社のうち日立製作所，富士通，日本電気，東芝及び三菱電機を除く９社は，第三世代携帯無線通信規格に係る技術について確認書の提出を行っていない（パナソニックモバイルは提出を行っていないものの，パナソニックは提出を行っている。）。また，上記９社のうちの５社（三洋電機，カシオ，ケンウッド，アルプス電気及び京セラ）は，実際，ＣＤＭＡに係る技術的必須知的財産権を保有していなかった。そして，本件ライセンス契約の交渉において，別表記載の国内端末等製造販売業者１４社のうち，日本電気，パナソニックモバイル及び東芝を除く１１社は，被審人に対し，保有する知的財産権を具体的に示して，その検討，評価，調整を行うことを要求していないことからすると，少なくとも，上記の１１社に係る本件ライセンス契約に関しては，被審人において，本件無償許諾条項及び被審人等に対する非係争条項の対象となる国内端末等製造販売業者の知的財産ポートフォリオの価値を検討，評価したり，その結果を前提としてロイヤルティ料率及びその他の契約条件を調整したりしていなかったとしても，何ら不合理なものではなく，被審人が上記のような検討，評価，調整を行っていなかったからといって，上記１１社に係る本件ライセンス契約に規定された本件無償許諾条項や被審人等に対する非係争条項が無償ライセンスとしての性質を有するものと認めることはできない。そして，仮に，上記１１社について，被審人の態度から減額を受け入れられることがないと考えて，交渉自体を断念したという事情があったとしても，現に，上記１１社が保有する知的財産権を具体的に示して，その検討，評価，調整を行うことを被審人に要求していない以上，上記判断は左右されるものではない。

　他方，別紙２の交渉経緯によれば，日本電気，パナソニックモバイル及び東芝の３社は，自社が保有する具体的な知的財産権を示して被審人との交渉を行っているところ，被審人は，上記３社との間の本件ライセンス契約に関し，ロイヤルティ料率の調整は行わなかったものの,商業的必須知的財産権について，

　本件無償許諾条項による実施権の許諾の対象とせずに，被審人
等に対する非係争条項を規定してその対象としたり，被審人の
顧客が国内端末等製造販売業者に対して権利主張する場合や被
審人の製造したチップと第三者の製品とが組み合わせられた場
合に，当該国内端末等製造販売業者による権利主張を可能とし
たり，被審人等に対する非係争条項において権利主張をしない
と約束する範囲を定める「部品」や「顧客部品」の定義を限定
したり，被審人等に対する非係争条項において権利主張をしな
いと約束する相手方から被審人の顧客を除外したり，契約時に
支払われる一定額の金員（一時金）を減額したりして，本件無
償許諾条項等を含む本件ライセンス契約における契約条件の調
整を行っている。そうすると，上記３社については，被審人が，
本件無償許諾条項及び被審人等に対する非係争条項の対象とな
る知的財産ポートフォリオの価値を検討し，評価し，その結果を
前提としてロイヤルティ料率及びその他の契約条件を調整して
いないと認めることはできず，少なくとも，このような調整が
されていないことを理由として本件無償許諾条項及び被審人等
に対する非係争条項が無償ライセンスとしての性質を有すると
いう審査官の主張はその前提を欠くものといえるし，やはり，
ロイヤルティ料率の調整が行われていないことをもって，本件
無償許諾条項等が実質的に無償のものであると評価することも
できない。

　さらに，別紙２の交渉経緯及び証拠によれば，一部の国内端
末等製造販売業者は，ロイヤルティ料率の低減に応じてもらえ
なかったことを不満に思っていたものと認められるものの（査
１７２等），本件ライセンス契約で定められたロイヤルティ料
率が不相当であると認めるに足りる証拠もなく，また，仮に，
上記のようなロイヤルティ料率についての国内端末等製造販売
業者の不満がもっともなものであるといえたとしても，それゆ
えに本件ライセンス契約における本件無償許諾条項等が無償ラ
イセンスとしての性質を有するということもできない。

　以上によれば，本件無償許諾条項及び被審人等に対する非係

79

争条項について，その対象となる国内端末等製造販売業者の知
的財産ポートフォリオの価値を検討，評価し，その結果を前提
としてロイヤルティ料率及びその他の契約条件を調整したもの
ではないことを理由に，無償ライセンスとしての性質を有する
という審査官の主張を採用することはできない。

c　次に，被審人のライセンシーに対する非係争条項について検討
するに，被審人のライセンシーに対する非係争条項は，被審人と
の間のライセンス契約に同様の条項を規定した被審人のライセン
シー同士が，自らが保有し又は保有することとなる知的財産権に
係る権利主張を相互にしないことを被審人に対して約束するとい
うものであり，実質的にみると，被審人のライセンシーが保有し
又は保有することとなる知的財産権を相互に利用することができ
るようにすることを目的とした条項といえる。

そうすると，被審人のライセンシーに対する非係争条項は，国
内端末等製造販売業者にとっては，当該条項と同様の条項を規定
した他の被審人のライセンシーの知的財産権を利用できるという
対価があることになるから，被審人のライセンシーに対する非係
争条項が無償ライセンスとしての性質を有するとはいえない。

また，被審人のライセンシーに対する非係争条項は，国内端末
等製造販売業者と被審人との間における直接的な関係を生じさせ
るものではないことからすると，被審人が，当該条項の対象とな
る国内端末等製造販売業者の知的財産ポートフォリオの価値を検
討，評価し，その結果を前提としてロイヤルティ料率及びその他
の契約条件を調整していないことを理由に，無償ライセンスとし
ての性質を有するとはいえない。

d　以上によれば，本件無償許諾条項等が無償ライセンスとしての
性質を有しており，これが，本件無償許諾条項等の制約の程度，
内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれ
があると推認できる程度に不合理であることを示すものであると
いう審査官の主張を採用することはできない。

(ェ)　不均衡であるという点について

a　審査官は，まず，本件無償許諾条項等により，国内端末等製造

販売業者が，莫大な費用及び労力を投じて開発する広範な知的財産ポートフォリオについて，被審人に対し，無償で実施権を許諾し，又は，これに加えて被審人等や被審人の顧客及びライセンシーに対して権利主張をしないことを約束するとともに，被審人が一方的に決定したロイヤルティ料率に基づくロイヤルティを支払うことを義務付けられる一方で，被審人は，国内端末等製造販売業者等が保有し又は保有することとなるＣＤＭＡ携帯電話端末等に関する極めて広範な知的財産権を，何らの対価を支払うことなく使用して，特許権侵害訴訟の提起等によって差し止められるなどといった権利行使を受けることのない安定性を有するＣＤＭＡ部品を顧客に提供することが可能となることから，国内端末等製造販売業者と被審人との間で均衡を欠くと主張する。

　しかしながら，前記ア(ｳ)のとおり，本件無償許諾条項等が規定された本件ライセンス契約は，基本的に，クロスライセンス契約としての性質を有するものであるところ，審査官の主張は，本件無償許諾条項等を含む本件ライセンス契約の特定の条項についての国内端末等製造販売業者が負う義務と被審人が得られる権利だけを考慮し，国内端末等製造販売業者が得られる権利や被審人が負う義務を考慮しないものであり，本件ライセンス契約における本件無償許諾条項等の不均衡性の検討方法としては適切なものとはいえない。

　また，上記の点を措くとしても，審査官の主張は，国内端末等製造販売業者が自ら保有する知的財産権の実施権を無償で被審人に対して許諾するなどしたことを前提とするものであるところ，前記(ｳ)で説示したとおり，本件無償許諾条項等が無償ライセンスとしての性質を有するとは認められないことからすると，審査官の主張は，その前提を欠くものといえる。

　なお，両者の間で形式的に不均衡が生じているようにも見えるのは，国内端末等製造販売業者が被審人に対して一時金とロイヤルティを支払う義務を負うという点であるが，そもそも，クロスライセンス契約において，双方が実施権の許諾等をする知的財産権の価値が一致するものと合意されるとは限らず，そこに差異が

あるのであれば，一方当事者が他方当事者に対して知的財産権の実施権の許諾等に加えて金員の支払をする旨の合意がされることは何ら不合理なものではなく，このようなクロスライセンス契約における一方の契約当事者による金員の支払の合意をもって，当該契約が不均衡なものと評価できないのは当然である。また，本件ライセンス契約の締結に至る経緯や確認書に記載された該当知的財産権の数を踏まえても，被審人は，本件ライセンス契約を締結した各国内端末等製造販売業者よりも総体として価値の高い知的財産権を保有していたものと推認されるから，本件ライセンス契約において，国内端末等製造販売業者が，被審人に対し，国内端末等製造販売業者等が保有し又は保有することとなる知的財産権の実施権を許諾したり，その権利主張をしないことを約束したりするほかに，被審人に対してロイヤルティ等の支払をするということ自体が，明らかに均衡を失するものとはいえない。さらに，国内端末等製造販売業者は，一方で，被審人等に対し，国内端末等製造販売業者等が保有する知的財産権について，本件無償許諾条項等により実施権を許諾し，又は，権利主張を行わないと約束するものの，他方で，被審人から，被審人等が保有する知的財産権の実施権の許諾を受けたり，他の被審人のライセンシーから保有する技術的必須知的財産権についての権利主張をされなかったりするのであり，国内端末等製造販売業者が被審人等の保有するＣＤＭＡ携帯無線通信に係る技術的必須知的財産権及び商業的必須知的財産権の実施権の許諾を受けられる範囲に関し，被審人等の保有する上記の知的財産権の実施権の許諾が国内端末等製造販売業者のＣＤＭＡ携帯電話端末に組み込まれる場合に限られる点等において差異があるものの，前記(ｳ)ｂ(b)で説示したとおり，本件無償許諾条項等が規定された本件ライセンス契約において双方が実施権を許諾し，又は，権利主張しないことを約束した知的財産権の数や内容，評価が明らかでない以上，被審人の国内端末等製造販売業者に対する知的財産権の実施権の許諾と，国内端末等製造販売業者の被審人に対する上記の一時金及びロイヤルティの支払並びに知的財産権の実施権の許諾又は権利主張をしない旨

の約束が均衡のとれていないものであると認めるに足りる証拠も
ないといわざるを得ない。

　以上によれば，被審人と国内端末等製造販売業者の得る利益や
負う義務について，これが不均衡なものであって，本件無償許諾
条項等の制約の程度，内容が国内端末等製造販売業者の研究開発
意欲を阻害するおそれがあると推認できる程度に不合理であるこ
とを示すものとは認められない。

b　次に，審査官は，本件無償許諾条項等は，国内端末等製造販売
業者の保有する知的財産権の価値の差異を考慮していない点で，
国内端末等製造販売業者各社を実質的に差別的に取り扱うもので
あり，国内端末等製造販売業者各社間の均衡を欠くと主張する。

　しかし，国内端末等製造販売業者がそれぞれ保有する知的財産
権について，その価値が全く同一ということがあり得ないことは
確かであるが，そこに存在する差異が本件無償許諾条項等の規定
された本件ライセンス契約の内容に何らかの差異を設けるべきほ
どのものであるのかは，証拠上明らかでなく，国内端末等製造販
売業者の間で契約内容の差異を設けなかったことが，本件無償許
諾条項等の制約の程度，内容が一部の国内端末等製造販売業者の
研究開発意欲を阻害するおそれがあると推認できる程度に不合理
であることを示すものであるとはいえない。しかも，別紙２のと
おり，ロイヤルティ料率について差異がなかったとしても，本件
無償許諾条項等における改良期間の定め，対象となる権利の範囲，
一時金の金額等が，各国内端末等製造販売業者において一部異なっ
ていることに鑑みると，被審人が国内端末等製造販売業者の知的
財産権の価値を考慮せず，各社を実質的に差別的に取り扱ってい
るとまではいえない。

c　以上によれば，本件無償許諾条項等が不均衡なものであり，こ
れが，本件無償許諾条項等の制約の程度，内容が国内端末等製造
販売業者の研究開発意欲を阻害するおそれがあると推認できる程
度に不合理であることを示すものであるという審査官の主張を採
用することはできない。

(ｷ)　本件無償許諾条項等が国内端末等製造販売業者の研究開発意欲を

阻害するおそれがあると推認できる程度に不合理か否か

a　審査官は,①本件無償許諾条項等の適用範囲が広範であること,②本件無償許諾条項等が無償ライセンスとしての性質を有すること,③本件無償許諾条項等が不均衡であることを根拠に,国内端末等製造販売業者が価値のある技術を開発しても,対価の支払を受けることができない場合が広く発生すること,権利行使が妨げられる相手方には競争者が多く含まれ,ＣＤＭＡ携帯電話端末等製品の差別化が困難となること,国内端末等製造販売業者が価値ある技術を開発し,当該技術に係る知的財産権を保有すれば保有するほど,被審人との間又は国内端末等製造販売業者間の不均衡の程度が拡大することから,本件無償許諾条項等の制約の程度,内容が,国内端末等製造販売業者が競って研究開発をしようとする意欲を低下させるものであると主張する。

b　しかしながら,本件ライセンス契約に規定された本件無償許諾条項等によって,国内端末等製造販売業者が被審人に対して実施権を許諾し,又は,被審人等や被審人のライセンシーに対して権利主張をしないことを約束する知的財産権の範囲が,国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理なものであることを示すような広範なものとはいえないことは,前記(イ)で説示したとおりである。特に,ライセンス契約における知的財産権に係る研究開発意欲の阻害という点からは,当該知的財産権のライセンス契約において契約当事者が実施権を許諾し,又は,権利主張をしないことを約束する知的財産権のうち,契約当事者が契約時に保有するものの範囲ではなく,それ以後に開発又は取得するものの範囲が問題となるところ,本件ライセンス契約においては,多くの契約における技術的必須知的財産権の改良期間と全ての契約における商業的必須知的財産権の改良期間は,数か月ないし３年以内とされているし,一部の契約において技術的必須知的財産権の改良期間が無期限と定められているものの,前記(イ)b(c)で説示したとおり,そもそも,技術的必須知的財産権は,標準規格（第三世代携帯無線通信規格）を構成するものであり,規格会議により,標準規格の対象とするも

のについては，当該権利所有者が，一切の権利主張をせずに無条件に，又は適切な条件の下に非排他的かつ無差別に実施権を許諾するものとされており，ＣＤＭＡ携帯電話端末等の製品の差別化要素となるものではないことからすると，本件無償許諾条項等が規定された本件ライセンス契約において，契約当事者である国内端末等製造販売業者が実施権を許諾し，又は，権利主張をしないことを約束する知的財産権のうち，当該契約締結後に開発又は取得するものの範囲自体が，通常の契約内容とは異なり，国内端末等製造販売業者等の研究開発意欲を阻害する程度に広範なものであると認めることはできない。

　また，本件無償許諾条項等が無償ライセンスとしての性質を有するとは認められないことも前記(ウ)で説示したとおりであるし，仮に，その一部が無償ライセンスとしての性質を有するとしても，そのことのみをもって，直ちに，国内端末等製造販売業者の研究開発意欲を阻害するものと認めることはできない。

　さらに，本件無償許諾条項等が規定された本件ライセンス契約が不均衡なものと認めるに足りる証拠がないことも，前記(エ)で説示したとおりであり，仮に被審人と国内端末等製造販売業者との間で契約内容が一部不均衡なものとなっていたとしても，そのことのみをもって，直ちに，国内端末等製造販売業者の研究開発意欲を阻害するものと認めることはできない。

　そうすると，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理なものであるという審査官の主張は，その根拠を欠くものといえる。

ｃ　また，本件無償許諾条項等の規定された本件ライセンス契約の内容や性質，そして，審査官の主張する広範性，無償性，不均衡性などの要素を総合的に考慮したとしても，基本的に知的財産権の非独占的な実施権を許諾するというクロスライセンス契約としての性質を有する本件無償許諾条項等の規定された本件ライセンス契約が，公正競争阻害性を有しないとされる一般的なクロスライセンス契約と比較して，その内容において，特に，国内端末等

８５

製造販売業者の研究開発意欲を阻害するおそれがあると推認でき
る程度に不合理なものであると認めるに足りる証拠はないといわ
ざるを得ない。

　なお，本件無償許諾条項等が規定された本件ライセンス契約で
は，被審人が国内端末等製造販売業者に対する金員の支払義務を
負っておらず，国内端末等製造販売業者だけが被審人に対する金
員の支払義務を負っているが，クロスライセンス契約において，
一方の当事者のみが金員の支払義務を負うこと自体は特殊なこと
とは認められず，この点において，金員の支払義務を負う当事者
の研究開発意欲を阻害するおそれがあると推認できる程度に不合
理なものであると認めるに足りる証拠はないし，被審人の国内端
末等製造販売業者に対する知的財産権の実施権の許諾と，国内端
末等製造販売業者の被審人に対する一時金及びロイヤルティの支
払並びに知的財産権の実施権の許諾又は権利主張をしない旨の約
束が均衡のとれていないものであると認めるに足りる証拠がない
ことは前記(ｴ)で説示したとおりである。

d　さらに，審査官は，本件無償許諾条項等によって権利行使が制
限される相手方には国内端末等製造販売業者の競争者が多く含ま
れており，これにより，ＣＤＭＡ携帯電話端末等製品の差別化が
困難となるため，国内端末等製造販売業者の研究開発意欲を低下
させるとも主張するが，国内端末等製造販売業者が権利行使を妨
げられる相手方に競争者が多く含まれているとしても，他の事業
者の製品との差別化のために重要となる商業的必須知的財産権に
ついては，数か月ないし約３年という比較的短い改良期間が定め
られていて，国内端末等製造販売業者等が改良期間経過後に開発
又は取得した知的財産権については権利行使をすることが可能で
あり，証拠（審３０ないし審４９，審２３９，審２５３ないし審
２７３）によれば，実際にも，本件ライセンス契約締結後に国内
端末等製造販売業者が携帯電話端末等の通信分野において積極的
に技術開発を行い，特許出願を行っていることが認められ，この
ような事実も併せ考えれば，本件無償許諾条項等が規定された本
件ライセンス契約が，国内端末等製造販売業者において携帯電話

端末等の製品分野において，差別化のための研究開発を行うこと
を困難とするものであって，国内端末等製造販売業者の研究開発
意欲を阻害するおそれがあると推認できる程度に不合理なものと
までは認められない。

e　加えて，審査官は，本件無償許諾条項等により，国内端末等製
造販売業者が価値ある技術を開発し，当該技術に係る知的財産権
を保有すれば保有するほど，被審人との間又は国内端末等製造販
売業者間の不均衡の程度が拡大するため，国内端末等製造販売業
者の研究開発意欲が低下すると主張するが，前記ｂないしｄで説
示したことに加え，特に，国内端末等製造販売業者は，一方で，
被審人に対し，国内端末等製造販売業者等が改良期間に開発又は
取得することとなった知的財産権について，本件無償許諾条項等
により実施権を許諾し，又は，権利主張を行わないと約束するも
のの，他方で，被審人から，被審人等が共通する改良期間内に開
発又は取得したＣＤＭＡ携帯無線通信に係る技術的必須知的財産
権及び商業的必須知的財産権の実施権の許諾を受けることからす
ると，本件無償許諾条項等が規定された本件ライセンス契約によ
り，国内端末等製造販売業者が価値ある技術を開発し，当該技術
に係る知的財産権を保有すれば保有するほど，被審人との間又は
国内端末等製造販売業者間の不均衡の程度が拡大するという審査
官の主張を採用することはできない。

f　その他，仮に，国内端末等製造販売業者が本件無償許諾条項等
を規定した本件ライセンス契約の締結を余儀なくされたという事
実があったとしても，この余儀なくされたということ自体は，本
件無償許諾条項等の制約の程度，内容が，国内端末等製造販売業
者の研究開発意欲を阻害するおそれがあると推認できる程度に不
合理なものであるか否かとは別の問題であって，これを基礎付け
るものとはいえない。

g　以上によれば，本件無償許諾条項等の制約の程度，内容が，国
内端末等製造販売業者の研究開発意欲を阻害するおそれがあると
推認できる程度に不合理なものであるという審査官の主張は，本
件無償許諾条項等の規定された本件ライセンス契約の評価を誤る

　　　　　ものであって，採用することができない。

ウ　国内端末等製造販売業者は本件無償許諾条項等により被るおそれの
　ある不利益を填補又は回避できなかったという審査官の主張について
　　審査官は，本件無償許諾条項等の制約の程度，内容が国内端末等製
　造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度
　に不合理なものであったとしても，国内端末等製造販売業者が，本件
　ライセンス契約の交渉過程において，本件無償許諾条項等により被る
　おそれのある不利益を填補又は回避することができたのであれば，研
　究開発意欲阻害のおそれを基礎付ける事実は認められないところ，本
　件において，国内端末等製造販売業者は，本件無償許諾条項等が規定
　された本件ライセンス契約の締結を「余儀なく」されており，本件無
　償許諾条項等により被るおそれのある不利益を填補又は回避すること
　ができなかったと主張する。

　　この点，まず，本件排除措置命令では，被審人が優越的地位にある
　として，その地位を濫用して国内端末等製造販売業者に対して不当に
　不利益となるような本件無償許諾条項等を本件ライセンス契約に規定
　することを余儀なくさせたとされているわけではなく，被審人の本件
　違反行為が旧一般指定第１３項の規制する拘束条件付取引に該当する
　とされているところ，拘束条件が付された取引を「余儀なく」させた
　か否かは，拘束条件付取引に該当するための直接の要件となるもので
　はない。

　　また，審査官は，本件無償許諾条項等の制約の程度，内容が，国内
　端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認で
　きる程度に不合理なものであることを前提として，本件無償許諾条項
　等により被るおそれのある不利益を填補又は回避することができなかっ
　たから，国内端末等製造販売業者の研究開発意欲阻害のおそれを基礎
　付ける事実が認められると主張しているが，本件無償許諾条項等の制
　約の程度，内容が，国内端末等製造販売業者の研究開発意欲を阻害す
　るおそれがあると推認できる程度に不合理なものと認められないこと
　は，前記イで説示したとおりである。そうすると，本件無償許諾条項
　等により被るおそれのある不利益を填補又は回避することができなかっ
　たという審査官の主張は，その前提を欠くものであって，検討及び判

断することを要しないこととなる。

エ　本件無償許諾条項等の具体的な効果が認められ，国内端末等製造販
　売業者の研究開発意欲阻害のおそれが具体的に立証されるという審査
　官の主張について

　(7)　審査官の主張

　　　審査官は，本件無償許諾条項等の具体的な効果として，国内端末
　等製造販売業者が，本件無償許諾条項等により，新たな技術のため
　の研究開発活動への再投資を妨げられているほか，制約が広範かつ
　長期にわたり，また，不均衡な内容であることを認識して研究開発
　を行わざるを得なくなっていることから，国内端末等製造販売業者
　の研究開発意欲を阻害するおそれが具体的に立証されると主張する。

　　　この点，審査官の上記主張は，本件無償許諾条項等が規定された
　本件ライセンス契約の公正競争阻害性については，実際に国内端末
　等製造販売業者の研究開発意欲を損ない，新たな技術の開発を阻害
　した事実までの主張立証は不要であり，研究開発意欲が阻害される
　おそれの立証で足りることを前提とした上で，実際に本件無償許諾
　条項等による国内端末等製造販売業者の研究開発意欲が阻害されて
　いることを主張立証することによって，本件無償許諾条項等による
　研究開発意欲阻害のおそれを間接的に立証しようとするものと考え
　られる。

　　　以下，検討する。

　(イ)　国内端末等製造販売業者が，新たな技術のための研究開発活動へ
　の再投資を妨げられているという主張について

　　a　審査官は，国内端末等製造販売業者が，本件無償許諾条項等に
　　よって保有する知的財産権の行使を妨げられ，これによって本来
　　得ることができる経済的利益を獲得する機会を奪われたため，新
　　たな技術のための研究開発活動への再投資を妨げられ，研究開発
　　意欲が阻害されたと主張する。

　　b　しかしながら，そもそも，本件無償許諾条項等が規定された本
　　件ライセンス契約は，クロスライセンス契約としての性質を有し
　　ており，その性質上，各契約当事者が実施権を許諾するなどした
　　知的財産権の行使が制限され，別途，その実施権の許諾等による

対価を得ることができる余地が減少するのは当然のことであるから，国内端末等製造販売業者が本件無償許諾条項等のため，自社が保有する知的財産権を行使する機会が制限されたことをもって，直ちに，本来得ることができる経済的利益を獲得する機会を奪われたと評価することはできない。

　また，国内端末等製造販売業者が，被審人等や被審人の顧客からロイヤルティを得たり，本件ライセンス契約において被審人に対して支払うものとされたロイヤルティ料率の調整を受けたりすることができなかったという点については，前記イ(エ)のとおり，被審人の国内端末等製造販売業者に対する知的財産権の実施権の許諾と，国内端末等製造販売業者の被審人に対する一時金及びロイヤルティの支払並びに知的財産権の実施権の許諾又は権利主張をしない旨の約束が均衡のとれていないものであると認めるに足りる証拠がない以上，本件無償許諾条項等が規定された本件ライセンス契約により，国内端末等製造販売業者が本来得ることができる経済的利益を得る機会を獲得することができなかったことを示すものと認めることはできない。

　さらに，他の事業者との差別化を図るために必要となる商業的必須知的財産権については，改良期間が数か月ないし約３年とされており，国内端末等製造販売業者等が改良期間経過後に開発又は取得することとなる知的財産権については権利行使をすることが可能であることからすると，本件無償許諾条項等が規定された本件ライセンス契約により，国内端末等製造販売業者による製品の差別化が実際に困難となったと認めるに足りる証拠はないといわざるを得ない。

　加えて，審査官の主張は，国内端末等製造販売業者が，保有する知的財産権によってライセンス収入を得て，これを研究開発費として再投資することを前提とするものであるが，国内端末等製造販売業者は，保有する知的財産権によってライセンス収入を得るということしかできないわけではなく，本件無償許諾条項等を含む本件ライセンス契約により，自らが保有する知的財産権に基づく権利行使をしない代わりに，被審人等から（被審人のライセ

ンシーに対する非係争条項を規定した場合には他の被審人のライセンシーからも）権利行使を受けずに，これらの者が保有する知的財産権を使用して携帯電話端末等を製造，販売し，これによって収入を得ることができることからすると，国内端末等製造販売業者が本件無償許諾条項等によって研究開発に再投資すべき経済的利益を獲得する機会を奪われているとか，それによって国内端末等製造販売業者の研究開発意欲を実際に阻害されたと認めるに足りる証拠はないといわざるを得ない。この点，国内端末等製造販売業者の中に，ライセンス収入を研究開発費として還元している事業者が存在するとしても，それは当該国内端末等製造販売業者側の事業戦略の問題であるから，上記のような事業者の存在を理由に，本件無償許諾条項等により通常は研究開発費の原資が不足するなどとして，本件無償許諾条項等によって研究開発意欲が阻害されると認めることはできない。

　しかも，本件無償許諾条項等は，国内端末等製造販売業者が被審人に対して保有する知的財産権の独占的な実施権を許諾するというものではないから，国内端末等製造販売業者は，被審人等及び被審人の顧客以外の事業者に対して保有する知的財産権に係るライセンス料の請求等をすることは可能であるし，また，被審人等，被審人の顧客及び被審人のライセンシーに対する権利行使が制限されるのは，本件ライセンス契約の発効日以前に国内端末等製造販売業者等が開発又は取得した知的財産権及び国内端末等製造販売業者等が改良期間内に開発又は取得した知的財産権に限られるから，改良期間終了後に開発又は取得した知的財産権を行使して，被審人等や被審人の顧客，他の被審人のライセンシーに対してライセンス料の請求等をすることも可能である。そして，証拠（査２４ないし査２８，査４５ないし査４７，査５０ないし査５４）によれば，一部の国内端末等製造販売業者は，実際に，有力な事業者とライセンス契約を締結しているほか，平成１５年に形成された第三世代携帯無線通信規格であるＷ－ＣＤＭＡ方式のパテントプールの「Ｗ－ＣＤＭＡ　Ｐａｔｅｎｔ　Ｌｉｃｅｎｓｉｎｇ　Ｐｒｏｇｒａｍｍｅ」に，平成２１年９月の時点で，富

士通，三菱電機，日本電気，シャープ，パナソニック及び東芝が参加して，ライセンス料収入等を得ているものと認められることからすると，仮に，国内端末等製造販売業者が，本件無償許諾条項等により，一定の経済的利益を獲得する機会を奪われていたとしても，それが国内端末等製造販売業者の研究開発意欲を実際に阻害するものであるとは認めるに足りないというべきである。

c　その他，審査官は，国内端末等製造販売業者が本件無償許諾条項等により再投資による研究開発投資の積極的拡大を妨げられている証拠として，本件ライセンス契約が締結された平成１２年ないし平成１３年以降の特許出願件数に係る特許件数調査（査２５５）を提出する。

　しかしながら，特許出願件数は様々な要因（研究の期間，市場の状況等）によって左右されるものと認められるから，本件無償許諾条項等の特許出願件数への影響だけを取り出して直接立証することは困難であり，被審人が主張する国内端末等製造販売業者の特許出願状況の維持や活性を認めるに足りる証拠がないのと同様に，審査官が提出する特許件数調査（査２５５）等によっても，本件無償許諾条項等によって国内端末等製造販売業者の特許出願が減少したとは認めるに足りないというべきである。

　したがって，国内端末等製造販売業者による特許出願件数から，本件無償許諾条項等が規定された本件ライセンス契約について，国内端末等製造販売業者の研究開発意欲を低下させるおそれがあるものと認めることはできない。

d　また，審査官は，本件無償許諾条項等によって国内端末等製造販売業者が権利行使の機会を失ったという実例があるとするが，そもそも，クロスライセンス契約としての性質を有する本件ライセンス契約を締結した国内端末等製造販売業者が一定の範囲で権利行使ができなくなるのは当然であり，権利行使ができなかった事例の存在をもって，本件無償許諾条項等の制約の程度，内容が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理なものであると評価することはできない。

９２

　　しかも，国内端末等製造販売業者による権利行使を制限されたとして国内端末等製造販売業者の従業員が供述等する事例（査１６，査２４ないし査２８，査３０，査３１，査３４，査４５ないし査４７，査５５，査２４８，査２５１，査２８１の１及び２）を具体的に見ると，本件無償許諾条項等の法的な効果によって権利行使が妨げられたというよりも，実際には本件無償許諾条項等を前提としても権利行使が可能であったにもかかわらず，相手方から本件無償許諾条項等を理由として拒否されたため，訴訟等に訴えることもなく断念したり，契約条件を譲歩したりしたものなど，要は交渉が不奏功であったために事実上権利行使ができなかったというものが散見される。このような事例は，本件無償許諾条項等に基づく権利行使の制限によって生じたものとはいえず，仮にこれによって国内端末等製造販売業者の研究開発意欲が低下したとしても，本件無償許諾条項等の規定された本件ライセンス契約によって研究開発意欲が阻害されたとはいえず，本件無償許諾条項等の公正競争阻害性を基礎付けるものとはいえない。

e　　国内端末等製造販売業者の担当者が，本件無償許諾条項等が規定された本件ライセンス契約を締結したことにより，保有する知的財産権について企図していた利用ができず，本来は得ることができたはずの経済的利益を得ることができなかった旨の供述をしていたとしても（査１５，査１６，査３３，査３５等），そもそも，知的財産権を開発した者は，それによって必ずしも自身の期待する利益を得ることができるとは限らないのであるし，本件について利害関係のある国内端末等製造販売業者の従業員の供述をもって，国内端末等製造販売業者が本件無償許諾条項等が規定された本件ライセンス契約によって再投資することができたはずの経済的利益を得る機会を失ったとは認めるに足りないというべきである。

f　　以上によれば，国内端末等製造販売業者が本件無償許諾条項等によって保有する知的財産権の行使が制限されたことをもって，国内端末等製造販売業者が研究開発のための再投資が妨げられて研究開発意欲を低下させられたという審査官の主張を採用するこ

とはできない。

　(ウ)　本件無償許諾条項等による制約が広範かつ長期にわたり，また，不均衡な内容であることを認識して研究開発を行わざるを得ないという主張について

　　審査官は，本件無償許諾条項等による制約により国内端末等製造販売業者が認識するであろう不利益（前記第５の１(1)ウ (ウ) ｂの①ないし④）を挙げ，これにより，国内端末等製造販売業者が積極的に研究開発活動を拡大する意欲を失うことになると主張する。

　　しかし，本件無償許諾条項等が，その性質上，国内端末等製造販売業者の研究開発意欲を低下させるおそれがあると推認される程度に不合理なものと認められないことは，前記イで説示したとおりである。審査官の上記主張は，このことを国内端末等製造販売業者の認識の点から表現しているにすぎず，格別の主張であるとは認められない。

　　また，国内端末等製造販売業者であるパナソニックの従業員と三菱電機の従業員は，現に本件無償許諾条項等によって研究開発意欲が削られたかのような供述をしているものの（査２３，査３５），本件無償許諾条項等自体について，国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に広範，無償，不均衡で不合理なものと認めるに足りる証拠がないことは，前記イ (イ) ないし (エ) で説示したとおりであり，本件について利害関係を有する国内端末等製造販売業者の従業員の供述のみをもって，本件無償許諾条項等が規定された本件ライセンス契約が国内端末等製造販売業者の研究開発意欲を阻害するおそれがあると推認できる程度に不合理なものと認めることはできない。

　　よって，審査官の上記主張を採用することはできない。

　(エ)　小括

　　以上によれば，本件無償許諾条項等の具体的な効果が認められ，国内端末等製造販売業者の研究開発意欲阻害のおそれが具体的に立証されるという審査官の主張を採用することはできない。

オ　被審人の有力な地位が強化されるおそれ

　(ア)　審査官は，被審人が本件検討対象市場において有力な地位を有し

94

ていたことを前提に，被審人により本件無償許諾条項等を含む本件
ライセンス契約の締結を余儀なくされた結果，国内端末等製造販売
業者による研究開発意欲を阻害するおそれがあり，これにより国内
端末等製造販売業者の地位が低下することとなる一方で，相対的に
被審人の有力な地位が更に強化されると主張する。

　また，審査官は，被審人が，国内端末等製造販売業者が保有する
技術を利用する際に費用の支出を免れる一方で，自らは継続的なロ
イヤルティ収入を得て，安定した半導体集積回路の販売利益を確保
することになり，被審人が有利な条件で研究開発活動の原資を獲得
し，研究開発活動費に充てることで強力な知的財産ポートフォリオ
を築き上げ，その有力な地位を更に強化すると主張する。

(ｵ)　しかしながら，審査官が主張するように，被審人が，規格会議に
対して第三世代携帯無線通信規格に係る技術的必須知的財産権を多
数保有する旨の確認書を提出し，実際にもこれを保有していること
などから，被審人がＣＤＭＡ携帯電話端末等に関する技術に係る市
場において有力な地位を有していたものと認められるとしても，前
記イ及びエのとおり，本件無償許諾条項等が規定された本件ライセ
ンス契約が，国内端末等製造販売業者によるＣＤＭＡ携帯電話端末
等に関する技術の研究開発意欲を阻害するおそれを推認させる程度
に不合理なものであるとまでは認められないことからすると，本件
無償許諾条項等が規定された本件ライセンス契約によって国内端末
等製造販売業者の研究開発意欲が阻害され，それによって国内端末
等製造販売業者の地位が低下し，被審人の有力な地位が更に強化さ
れるという審査官の主張は，その前提を欠くものといえる。

　また，審査官は，被審人が国内端末等製造販売業者等の保有する
技術を利用する際に費用の支出を免れることができるとも主張する
が，本件無償許諾条項等が規定された本件ライセンス契約は基本的
にクロスライセンス契約としての性質を有するものであり，被審人
が，本件ライセンス契約に基づき，ライセンス料の支払を受けるほ
か，国内端末等製造販売業者等の保有する知的財産権の実施権の許
諾や非係争の利益を得る一方で，国内端末等製造販売業者も，被審
人等が保有する知的財産権の実施権の許諾を受けるのであり，被審

９５

人の国内端末等製造販売業者に対する知的財産権の実施権の許諾と，国内端末等製造販売業者の被審人に対する一時金及びロイヤルティの支払並びに知的財産権の実施権の許諾又は権利主張をしない旨の約束が均衡のとれていないものであると認めるに足りる証拠がないことからすると，本件ライセンス契約ないし本件無償許諾条項等が，保有する知的財産権の範囲を超えて，被審人の地位を一方的に強化するものであると認めることはできない。

(ｳ)　よって，本件無償許諾条項等が規定された本件ライセンス契約によって被審人の有力な地位が強化されるという審査官の主張を採用することはできない。

⑷　公正な競争秩序への悪影響

前記⑶のとおり，本件無償許諾条項等が，国内端末等製造販売業者の研究開発意欲を阻害するおそれを有するとも，被審人の有力な地位が強化されるおそれを有するとも認めるに足りないことからすると，本件無償許諾条項等が，本件検討対象市場における競争秩序に悪影響を及ぼすとはいえない。

審査官は，本件無償許諾条項等により，被審人が有利な条件で研究開発活動を進めることができ，被審人に有力な技術が集積することで，ライセンス交渉における被審人の優位性が高まり，被審人による恣意的なライセンス条件の設定が可能となると主張するが，それらは単なる可能性にとどまり，競争秩序に悪影響を及ぼすことを裏付ける証拠等がないことからすれば，審査官の主張は採用できない。

2　結論

前記1のとおり，本件無償許諾条項等により，公正競争阻害性が認められるとはいえないことからすれば，その余の点について判断するまでもなく，審査官の主張する本件違反行為は，平成21年改正法による改正前の独占禁止法第2条第9項第4号，旧一般指定第13項に該当し，独占禁止法第19条の規定に違反するとはいえない。

第7　法令の適用

以上によれば，被審人の本件審判請求には理由があるから，独占禁止法第66条第3項の規定により，主文のとおり審決することが相当である。

9 6

平成３０年１２月４日

公正取引委員会事務総局

審判長審判官　　齊　藤　充　洋

審判官堀内悟及び審判官渡邉明子は転任のため署名押印できない。

審判長審判官　　齊　藤　充　洋

別紙1

| 番号 | 用語 | 定義 |
|---|---|---|
| 1 | 被審人等 | 被審人並びに被審人の関連会社及び半導体集積回路の製造、販売等に係る事業に関する承継者として本件ライセンス契約（審決案第3の4⑶参照）においてそれぞれ定義される者 |
| 2 | ＣＤＭＡ携帯無線通信 | 携帯無線通信（審決案第3の2⑴参照）のうち，無線設備規則（昭和２５年電波監理委員会規則第１８号）第３条第３号に規定されるものであって第三世代携帯無線通信規格に適合するもの及び同条第４号及び第４号の２に規定されるもの並びに外国法令等において規定され又は今後規定される類似のもの |
| 3 | 知的財産権 | 知的財産基本法（平成１４年法律第１２２号）第２条第２項に規定される知的財産権及び外国法令上保護される類似の権利 |
| 4 | 国内端末等製造販売業者 | 我が国の携帯電話端末（後記番号６）又は携帯電話基地局（後記番号７）の製造販売業者 |
| 5 | 国内端末等製造販売業者等 | 国内端末等製造販売業者，その親会社及び国内端末等製造販売業者の関連会社として本件ライセンス契約（審決案第3の4⑶参照）においてそれぞれ定義される者 |
| 6 | 携帯電話端末 | 電波法施行規則（昭和２５年電波監理委員会規則第１４号）第４条第１項第１２号に規定される陸上移動局として使用され又は使用されることとなる機器及び当該機器と同等の機能を有し，国外において使用され又は使用されることとなる機器（携帯電話のほか，パーソナルコンピューターその他の電子機器におけるデータ通信に利用されるモデムカードや通信モジュールを含む。） |
| 7 | 携帯電話基地局 | 電波法施行規則（昭和２５年電波監理委員会規則第１４号）第４条第１項第６号に規定される基地局として，又は基地局とともに使用され若しくは使用されることとなる機器及び当該機器と同等の機能を有し，国外において使用され又は使用されることとなる機器 |

別紙２

## 被審人と主要な国内端末等製造販売業者との交渉経緯

### 1　日本電気

(1)　日本電気は，被審人との間で，平成６年１２月１５日に第二世代携帯電話端末向けライセンス契約を，平成７年６月２日に第二世代基地局向けライセンス契約を締結した。

(2)　被審人は，平成１１年８月２６日の会合において，日本電気に対し，第三世代の携帯無線通信に係るライセンス契約の締結を提案した。その際，被審人は，第三世代携帯無線通信規格に係る戦略及び知的財産権の状況などについて説明した上，第三世代ライセンス契約について，第二世代の携帯無線通信に係るライセンス契約を基礎として対象特許の範囲を拡大し，第三世代携帯無線通信規格に対応する製品の開発，製造及び販売が可能となるよう改定することや，ロイヤルティ料率は変更しないこと，契約時に支払われる一定額の金員を徴収することなどの条件を提示した。(査１４，査９９の１及び２)

(3)　被審人は，平成１２年２月３日，日本電気に対し，被審人が平成１１年８月２６日に提示したライセンス条件について，平成１２年３月２６日以降も有効であると保証できないこと，市場の状況に応じて金員を増額する権利を留保することなどを通知した。

　　　また，被審人は，同年２月１０日，日本電気に対し，日本電気が同年３月２５日までに契約を締結する場合，契約時に支払われる一定額の金員の支払を数か月繰り延べて，分割払とすることを認める旨通知した。

(4)　日本電気は，平成１２年２月２２日，被審人に対し，日本電気がＷ－ＣＤＭＡ方式の技術に関して重要な知的財産ポートフォリオを有していること，被審人がＷ－ＣＤＭＡ方式の製造業者向け半導体集積回路の提供を計画していることからすると，第三世代携帯電話端末について，日本電気から被審人に対する一方的なロイヤルティの支払の取決めは適当ではないとして，被審人が平成１１年８月２６日の会合で提示したライセンス条件は受け入れ難い旨回答した。また，日本電気は，第三世代携帯無線通信規格に関して日本電気が保有する特許及び特許出願並びに被審人が製造，販売している半導体集積回路で使用されていると考えた日本電気保有に係る特許及び特許出願等のリスト（特許又は特許出願の番号，出願日及び出願国

を記載したもの）を送付したが，平成１２年８月頃まで，これに対する被審人の返答はなかった。

(5)　被審人は，平成１２年８月９日，日本電気に対し，被審人の半導体集積回路の製造，販売等に係る事業をスピンコと称する別法人に分社化し，被審人が保有するＣＤＭＡ携帯無線通信に係る特許の一部をスピンコに譲渡することとした旨説明した。そして，同年１０月以降は，同特許をスピンコに移すこともあり得るため，ライセンス形態がどうなるか不明であると告げた。

　　また，被審人は，同年８月１２日，日本電気に対し，スピンコの株式公開前であれば，被審人が保有する特許及び被審人がスピンコに譲渡する特許について，１本の契約で日本電気に実施権を許諾することは保証するが，スピンコの株式公開後はライセンス形態や費用等がどうなるか不明であること，半導体事業の分社化完了後は，被審人が日本電気からクロスライセンスを受ける必要はほとんどなくなるか又は全くなくなることを伝えた。

　　　（査１０３の１及び２，査１０４の１及び２）

(6)　日本電気は，平成１２年８月２８日，被審人に対し，再度，日本電気保有に係る特許及び特許出願等のリスト（同年２月２２日に送付したリストに新たな特許を追加したもの）を送付して，ライセンス条件についての交渉をするための会合を持つことを求めた。

　　被審人は，同年８月３１日，日本電気に対し，半導体事業の分社化計画の概要と分社化後のライセンス形態等について説明した上，同年２月２２日に日本電気から提示を受けた特許については，被審人の特定用途向け半導体集積回路事業において当該特許のライセンスを必要とするか否かについて被審人の特許部門が綿密に分析し，その必要はないとしていること，日本電気がスピンコの特定用途向け半導体集積回路に使用される可能性があると考えている最新の特許についても，特許部門に検証させる予定であること，いずれの場合においても，半導体事業の分社化により，被審人は日本電気からこのようなクロスライセンスを許諾される必要はないと考えていること，日本電気が半導体集積回路に関するクロスライセンスをスピンコに許諾する意思がない場合には，被審人が日本電気に許諾する特許からスピンコに譲渡する関連特許及び出願中の特許を除外しなければならないこと，他方で，日本電気は，Ｗ－ＣＤＭＡ方式に係る特許を含め，平成

　７年７月１日以降に出願された重要な特許を利用可能とするためには，現行のライセンス契約の拡張が必要であること等を伝えた。また，被審人は，日本電気が平成１２年９月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結しない場合には，同年１０月１日以降，契約時に支払われる一定額の金員を携帯電話端末向けライセンスについては２５０万ドルから５００万ドルに，基地局向けライセンスについては５００万ドルから１０００万ドルにそれぞれ倍増する旨伝え，日本電気に対し，同年９月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結するよう促した。

　　（査１０６の１及び２）

⑺　日本電気は，平成１２年９月５日，被審人に対し，同月８日に予定されている会合のため，同年８月２８日に送付したリストに記載された日本電気保有の特許の一部に係るクレームチャートを送付した。

⑻　被審人は，平成１２年９月６日，日本電気に対し，同月８日の被審人と日本電気の会合に先立ち，第三世代の携帯無線通信に係るライセンス契約書案（以下「平成１２年９月６日付け契約書案」という。）を送付した。

　平成１２年９月６日付け契約書案は，日本電気の保有する特許の実施権を許諾する条項を含むものとなっており，当該条項の対象特許は，第二世代の携帯無線通信に係るライセンス契約と同様，ライセンシーの技術的必須知的財産権とする一方で，「部品」について，当該「部品」が被審人によって被審人の携帯電話端末又は基地局の一部として当該携帯電話端末等に組み込まれて使用される場合に限定されておらず，被審人が「部品」を第三者に販売することを認めるものとなっていた。

⑼　被審人は，平成１２年９月８日に開かれた日本電気との会合において，平成１２年９月６日付け契約書案について説明を行った上で，日本電気の特許について，同年１０月１日以降クロスライセンスは不要である旨述べ，交渉は継続するが，同日以降は当該契約書案に規定されているとおり契約時に支払われる一定額の金員を増額すると説明した。

　これに対し，日本電気は，同年２月に日本電気の保有に係る特許及び特許出願等のリストを被審人に送付して，被審人からの応答を待っていたところ，突然，被審人が交渉の期限を区切ったことについて抗議し，日本電気の保有する特許についての議論に応じるように求めた。

　　その結果，日本電気と被審人は，同年９月２８日に米国の被審人本社で会合を開催し，双方の技術者の出席の下，日本電気の保有する特許の技術説明を行うこととした。

　　（査１０９の１及び２）

⑽　被審人は，平成１２年９月１１日，日本電気に対して，同月２８日に予定していた会合を同年１０月下旬まで延期することを申し出た。

⑾　被審人の子会社であり，被審人の事業に係るマーケティング事業を営むクアルコムジャパン株式会社の松本徹三社長は，平成１２年９月２８日頃，日本電気に対し，日本電気によるＷ−ＣＤＭＡ方式に対応する基地局の納入が発表されたことを指摘し，場合によっては出荷差止め等の法的措置を採らなければいけないとも考えていること，被審人は特許の議論をするつもりはなく，そのために会合を同年１０月に延期したことを伝えた。（査１１１）

⑿　日本電気は，平成１２年９月２９日，被審人に対し，契約時に支払う一定額の金員の倍増を伴わない第三世代の携帯無線通信に係るライセンス契約の交渉期限を，最長で４週間延長することを求め，被審人は，交渉期限を同年１０月３１日まで延長することを認めた。

⒀　日本電気は，平成１２年１０月５日，被審人に対し，ライセンス交渉のための会合を申し入れ，同月１１日，被審人との会合を開催し，平成１２年９月６日付け契約書案に基づいて交渉を行った。日本電気は，同会合において，被審人に対し，日本電気の保有する特許を考慮してライセンス料率を低減するように求めたが，被審人はこれに応じなかった。一方，同会合では，同契約書案で提示された日本電気が被審人による「部品」の製造，販売等のために日本電気の技術的必須知的財産権をライセンスするという条項について，スピンコ及びその顧客に対して，スピンコ及びその顧客が日本電気を無線通信分野の特許で攻撃しない限り，日本電気がスピンコ及びその顧客を攻撃しないとする内容の条項（被審人等に対する非係争条項）とすることとされた。（査１１５）

⒁　日本電気は，平成１２年１０月２３日に被審人との会合を行って，日本電気が保有する知的財産ポートフォリオの強さを示して，再度，ロイヤルティ料率を低減することを求めたが，被審人は，これを拒絶した。また，日本電気と被審人は，被審人による「部品」の製造，販売等のための条項

　　として，同月１１日の会合における合意のとおり，日本電気の保有する特
　　許の実施権を許諾する条項ではなく，被審人等に対する非係争条項とする
　　ことを確認し，被審人が契約書の修正案を作成して，日本電気に送付する
　　こととなった。

⒂　被審人は，平成１２年１０月２３日の会合終了後，日本電気に対し，第
　　三世代の携帯無線通信に係るライセンス契約書の修正案を送付した。

　　　これに対し，日本電気は，同日，上記修正案における被審人等に対する
　　非係争条項が，同日の会合で合意した内容とかけ離れていることを抗議し
　　た上，同会合で合意したとおり，当該非係争条項の対象特許は日本電気の
　　技術的必須知的財産権に限定されるべきであり，同対象製品は，被審人又
　　はスピンコが製造し，その顧客に販売する「部品」に限定されるべきであ
　　るなどと主張して，当該主張を反映した修正案を送付した。

⒃　被審人は，平成１２年１０月２４日，日本電気に対し，被審人等に対す
　　る非係争条項の対象を技術的必須知的財産権に限定することはできないと
　　し，当該非係争条項について，以下の２つの選択肢及びこれらを反映させ
　　た２種類の契約書案を送付した。

　　ア　選択肢１

　　　　日本電気の「部品」に対する非係争条項を削除する。しかし，その代
　　　わり，被審人から日本電気への許諾の対象からスピンコの全ての特許を
　　　除外する。

　　イ　選択肢２

　　　　日本電気の技術的必須知的財産権のみを非係争条項の対象とする一方，
　　　スピンコの技術的必須知的財産権のみを日本電気への許諾の対象とする。
　　　しかしながら，スピンコが被審人の関連会社でなくなる日から３年間は，
　　　日本電気の全ての特許を非係争条項の対象とすると同時に，スピンコの
　　　全ての特許を被審人から日本電気への許諾の対象とする。

　　　（査１１９の１及び２）

⒄　日本電気は，平成１２年１０月２５日，被審人に対し，前記⒃の２種類
　　の契約書案の内容は，両者が同月２３日の会合で議論した内容，さらには，
　　被審人が当初提示した平成１２年９月６日付け契約書案とも大きく異なっ
　　ていると抗議し，平成１２年９月６日付け契約書案に規定されていた日本
　　電気の保有する特許の実施権を許諾する条項を基礎として，被審人の顧客

１０３

が日本電気の携帯無線通信機器に対して技術的必須知的財産権を主張して
きた場合には，当該条項は，当該顧客に関する限りにおいて消滅する旨規
定する契約書案を送付した。

　これに対し，被審人は，同年１０月２５日，平成１２年９月６日付け契
約書案において日本電気による実施権許諾の対象が技術的必須知的財産権
に限定されていたのは，「我々側の間違い」であったなどとして，日本電
気の提案に追加する形で，ライセンシーの技術的必須知的財産権を対象と
してその実施権を許諾する条項に加えて，日本電気が「ライセンシー（こ
の場合，日本電気）の誓約特許」（「ライセンシーの知的財産権」のうち
実施権の許諾をする条項の対象となる「技術的必須知的財産権」以外の日
本電気の全ての特許及び出願中の特許）について，被審人等（ただし，被
審人の顧客は除く。）に対して権利主張しないことを誓約する旨の非係争
条項を含む修正契約書案を日本電気に送付した。

　　（査１２１の１及び２）

⒅　日本電気は，平成１２年１０月３１日，被審人と本件ライセンス契約を
締結した。

　本件ライセンス契約の本件無償許諾条項等の主な内容は別表のとおりで
あり，具体的には，①日本電気が保有する商業的必須知的財産権は，本件
無償許諾条項の対象ではなく，被審人等に対する非係争条項の対象とされ，
日本電気は，被審人が部品を製造，販売するに当たり，被審人とその関連
会社，その製造受託業者及びその販売者についてのみ（被審人の顧客は除
く。），商業的必須知的財産権を権利主張しないことを誓約すること，②
被審人の顧客が保有する技術的必須知的財産権を日本電気に主張した場合，
当該顧客に対する被審人の部品の使用に関する日本電気の技術的必須知的
財産権の実施権の許諾は，当該顧客において，平成１３年４月１日より販
売された部品について終了することなどが規定されている。

　　（査６７の２，査６７の４，審５０の６７の２，審５１の６７の２の２，
審７８）

⒆　被審人は，平成１３年７月２４日，被審人の半導体集積回路の製造，販
売等に係る事業の分社化を取りやめたこと，分社化は被審人の半導体集積
回路製造販売部門が独立事業者として第三者の知的財産権への合理的なア
クセスを可能とすることを意図したものであったこと，分社化を公表した

　　後，日本電気，富士通，パナソニックモバイルなど約４０の事業者とライ
　センス契約を締結又は改定し，それによって半導体集積回路の供給に必要
　な権利を得たこと，今後もし紛争により被審人の事業活動に悪影響がもた
　らされる場合には改めて分社化を検討する可能性があること等を公表した。

２　パナソニックモバイル

⑴　パナソニックモバイルは，平成５年１２月２０日，被審人との間で，携
　帯電話端末向けライセンス契約（以下「原契約」という。）を締結した。
　原契約における被審人の許諾対象技術は，ＩＳ－９５と呼ばれる第二世代
　のＣＤＭＡ規格及びその他のＣＤＭＡ規格であって，標準化団体によって
　今後採用される可能性のある規格，並びにデファクト標準であるＣＤＭＡ
　規格と規定されており，Ｗ－ＣＤＭＡ方式やＣＤＭＡ２０００方式などの
　第三世代携帯無線通信規格も含まれていた。なお，原契約には，ライセン
　シーであるパナソニックモバイルの技術的必須知的財産権の実施権を被審
　人に対して許諾する条項が規定されていた。

⑵　被審人は，平成９年１２月５日，パナソニックモバイルに対し，原契約
　に被審人のライセンシーに対する非係争条項を盛り込むことに合意した事
　業者名を挙げ，被審人のライセンシーに対する非係争条項等を盛り込んだ
　原契約の改定を提案するとともに，協議によってロイヤルティ料率を引き
　下げることはできない旨通知した。（査１４２の１及び２）

⑶　パナソニックモバイルは，平成９年から平成１０年頃，ＮＴＴドコモ向
　けの第三世代携帯無線通信規格であるＷ－ＣＤＭＡ方式に対応する基地局
　などのインフラ設備やフィールド試験用の試験機器の製造，販売事業に参
　入することを検討していた。（査１２）

　　そこで，パナソニックモバイルは，平成１０年８月５日，被審人に対し，
　第三世代の携帯無線通信に係る基地局及び試験機器向けライセンス契約の
　締結に関心がある旨を通知し，会合を開催して契約締結の可能性について
　話し合いたい旨申し入れた。また，原契約に被審人のライセンシーに対す
　る非係争条項を追加することについては，依然，社内で検討中であると通
　知した。

⑷　被審人は，平成１０年８月１３日，パナソニックモバイルからの会合開
　催の提案に同意し，会合では，原契約の改定契約に被審人のライセンシー
　に対する非係争条項を追加することに対するパナソニックモバイル側の社

１０５

内検討の結果を聞きたいとして，パナソニックモバイルに対し，携帯電話端末向けライセンス契約において被審人のライセンシーに対する非係争条項に同意した事業者の最新版のリストを送付した。

⑸　パナソニックモバイルは，その後，被審人がＣＤＭＡ携帯無線通信に関する規格の策定をめぐって，Ｗ－ＣＤＭＡ方式に係る技術的必須知的財産権のライセンス供与をしないという方針を欧州の標準化団体等に対して明らかにしたと考え，これ以上交渉しても被審人がパナソニックモバイルに対してＷ－ＣＤＭＡ方式に係る必須特許を基地局及び試験機器向けにライセンスすることは当面期待できないと判断し，被審人に対して交渉の延期を申し入れた。（査１２）

⑹　被審人は，交渉延期から約１年経過した平成１１年８月２３日の会合において，パナソニックモバイルに対し，第三世代携帯無線通信規格に係る戦略や知的財産権の状況などについて説明した上，原契約を基礎として，対象特許の範囲を拡大し，第三世代携帯無線通信規格に対応する製品の開発，製造及び販売が可能となるよう改定することや，ロイヤルティ料率は変更しないこと，契約時に支払われる一定額の金員を徴収することなどのライセンス条件を提示して，原契約の改定並びに第三世代基地局及び試験機器向けライセンス契約の締結に係る提案を行った。

⑺　パナソニックモバイルは，平成１１年９月１６日，被審人に対し，同年８月２３日の被審人の提案について検討中であることを伝えるとともに，パナソニックモバイルは，被審人が関心を持ち，被審人にとって価値があるパナソニックモバイルの特許及び技術について，改定契約に取り込むことができるように評価作業を進めており，かかる検討が終了次第，速やかに連絡する旨通知した。

⑻　パナソニックモバイルは，平成１１年１２月２７日，被審人に対し，パナソニックモバイルの特許の評価作業をおおむね完了したため，かかる評価結果を示すことができる旨通知し，パナソニックモバイルの保有する特許には，被審人が関心を持ち，被審人にとって価値のある特許が存在するとして，これらの特許についての説明を行いながら，原契約の拡張又は修正について協議することを申し出た。（査１４７の１及び２）

⑼　被審人は，平成１１年１２月２８日，パナソニックモバイルに対し，原契約の拡張又は修正について議論するために会合を開催することに応じる

こと，パナソニックモバイルの保有する特許に興味を抱く可能性はあるが，それらの特許により実現可能な技術についてより詳しい情報が必要であること，被審人は基地局事業を売却済みであり，携帯電話端末事業についても売却する旨公表したため，被審人による製品の販売は大幅に焦点が絞られることを通知した。（査１４８の１及び２）

⑽　被審人は，平成１２年２月３日，パナソニックモバイルに対し，被審人が平成１１年８月２３日の会合で提示したライセンス条件について，平成１２年３月２６日以降も有効であると保証できないこと，市場の状況に応じて金員を増額する権利を留保することなどとともに，パナソニックモバイルが第三世代の携帯無線通信に係るライセンス契約の締結に関心がある場合には，直ちに被審人に連絡するように通知した。

⑾　被審人は，平成１２年２月１１日，パナソニックモバイルに対し，同月１８日に予定されている会合に先立ち，第三世代基地局及び試験機器向けライセンス契約書案を送付した。当該契約書案には，「ライセンシーの知的財産権」を対象として実施権を許諾する旨の条項が規定されており，その「ライセンシーの知的財産権」は，パナソニックの「関連会社」（パナソニックモバイルの親会社であるパナソニックが含まれる。）が保有する技術的必須知的財産権及び商業的必須知的財産権を含むとされていた。さらに，当該契約書案には，被審人のライセンシーに対する非係争条項が盛り込まれていた。

⑿　パナソニックモバイルは，平成１２年２月１８日に被審人との会合を開催し，原契約の改定並びに第三世代基地局及び試験機器向けライセンス契約の内容について協議し，改良期間を同年１２月３１日まで延長することが必要であるとしたほか，被審人が「部品」を製造，販売するために必要となるパナソニックモバイル又はパナソニックの特許を，被審人に無償でライセンスすれば，パナソニックモバイルとしては，被審人から被審人製「部品」を購入した携帯電話端末メーカーに対しても，パナソニックモバイル又はパナソニックの特許の使用を無償で許諾することと同じことになるとして，被審人に対してパナソニックモバイル又はパナソニックの特許を無償でライセンスすることはできない旨主張した。

　これに対し，被審人は，パナソニックモバイル又はパナソニックが被審人に対し，被審人が「部品」を製造，販売するための特許をライセンスす

１０７

ることによって，パナソニックモバイルの競争者に対しても当該特許をライセンスすることになってしまうという懸念は理解できるとして，代替案として，パナソニックモバイルが被審人に対して非紛争を誓約することとする案を提案した。その一方で，被審人は，パナソニックモバイルが求めているロイヤルティ料率の修正を拒絶し，パナソニックモバイル又はパナソニックから，被審人が「部品」を製造，販売するための特許のライセンスを受けられないのであれば，パナソニックモバイルに対し，拡張された改良期間において被審人が開発した特許をライセンスする意向がない旨述べた。

　そこで，パナソニックモバイルは，パナソニックモバイル又はパナソニックが保有する第三世代携帯無線通信規格関連の特許リストを提示し，さらに，ＭＰＥＧ４規格関連特許についても被審人に開示する旨申し入れた。

　これに対し，被審人は，パナソニックモバイル又はパナソニックが保有する特許について検討すると述べるとともに，被審人としても，原契約の改良期間後に被審人が開発した特許を，後日パナソニックモバイルに開示すると約束した。

　なお，パナソニックモバイルは，平成１２年２月１１日に被審人から提示された第三世代基地局向けライセンス契約書案において，親会社であるパナソニックが保有する特許が，被審人に対する無償許諾の対象に含まれていること等の問題点を指摘した。

　（査１５１，査１５２）

⒀　被審人は，平成１２年４月４日，パナソニックモバイルに対し，パナソニックモバイル及びパナソニックが保有する特許に関する追加の情報を求めた。

　パナソニックモバイルは，上記の追加情報提供の要請を受けて，同月１３日，被審人に対し，パナソニックモバイル又はパナソニックが保有する特許に関する追加の情報を提供した。

⒁　パナソニックモバイルは，パナソニックモバイルが平成１２年２月１８日の会合での合意に基づいて第三世代携帯無線通信規格関連特許及びＭＰＥＧ４規格関連特許のリストを被審人に送付しているのに，被審人の特許リストをいまだ受け取っていないとして，同年４月１８日，被審人に対し，同会合での合意に基づき，原契約の改良期間後に被審人が開発又は取得し

た特許のリストを送付するよう催促した。

⒂　被審人は，平成１２年５月１６日，パナソニックモバイルに対して，ＡＲＩＢが一般に公表している第三世代携帯無線通信規格に係る必須特許のリスト（以下「ＡＲＩＢリスト」という。なお，ＡＲＩＢリストには，特許権者，特許発明の名称，特許出願番号及び出願国がリスト化されている。）を参照するよう通知した。

　　しかし，パナソニックモバイルは，被審人から参照するように通知されたＡＲＩＢリストが原契約の改良期間後に被審人が開発又は取得した特許のリストではなく，また，被審人からＡＲＩＢリストに記載された特許発明の特徴や構成要件の解釈等に係る情報の提供もなかったため，被審人が有意な技術的必須知的財産権を保有しているか否かを適切に評価することができなかった。

　　（査１９４）

⒃　被審人は，平成１２年８月１７日，パナソニックモバイルに対し，被審人の半導体集積回路の製造，販売等に係る事業を，スピンコと称する別法人に分社化し，被審人が保有するＣＤＭＡ携帯無線通信の規格に係る特許の一部を，スピンコに譲渡することとしたこと等を説明するとともに，これらの与える被審人とパナソニックモバイルとの間のライセンス契約への影響について，スピンコの株式公開後は，被審人に対するロイヤルティの支払に加えてスピンコに対するロイヤルティの支払も必要となること，パナソニックモバイルから特許ライセンスを受ける必要がなくなること等を明らかにした。（査１２，査１５５）

⒄　被審人は，平成１２年９月８日，パナソニックモバイルに対し，半導体事業の分社化計画の概要及び分社化後のライセンス形態等について説明を行って，半導体事業の分社化により，被審人は，パナソニックモバイルが保有する知的財産権に係る実施権の許諾等を受ける必要がほとんどなくなること，他方で，パナソニックモバイルが，平成７年７月２６日以降に出願された被審人が保有する重要な特許の利用を可能とするためには，現行のライセンス契約の拡張が必要であること，平成１２年９月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結しない場合には，同年１０月１日以降，契約時に支払う一定額の金員を２５０万ドルから５００万ドルに倍増することを伝え，パナソニックモバイルに対し，同年９月

109

３０日までに第三世代の携帯無線通信に係るライセンス契約を締結するよう促した。

⒅　パナソニックモバイルは，平成１２年９月１２日，被審人から同年２月１１日付けで送付を受けた契約書案は，原契約の内容と大きく異なることから社内調整が困難であることを伝え，代替措置として原契約の拡張，すなわち，原契約におけるライセンス対象製品に基地局及び試験機器を加えることを求めた。

⒆　被審人は，平成１２年９月２１日，パナソニックモバイルに対して，原契約におけるライセンス対象製品に基地局及び試験機器を加えることについて，有効期限を同年１０月１日として，以下の２つの案を提示するとともに，被審人が保有する特許の特許番号一覧を送付した。

ア　選択肢１

改良期間を拡張する。この場合，契約時に支払う一定額の金員は４５０万ドル（基地局の対象地域が日本のみの場合）とする。かかる改定には，被審人の標準的な「部品についての無償クロスライセンス」が挿入される。

イ　選択肢２

改良期間を拡張しない。この場合，契約時に支払う一定額の金員は３３０万ドル（基地局の対象地域が日本のみの場合）とする。かかる改定には，被審人の標準的な「部品についての無償クロスライセンス」が挿入される。

（査１２，査１５４の１及び２）

⒇　パナソニックモバイルは，平成１２年９月２９日，被審人に対し，これまでのライセンス契約交渉に対する意見として，分社化の影響についての説明がパナソニックモバイルを困惑させる内容であることを指摘し，被審人から同月２１日に送付を受けた特許番号の一覧を評価するためには，多大な時間が必要であるのに，被審人が同月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結しない場合には契約時に支払うことになる一定額の金員の倍増を示唆して時間的な制約を課していることについての懸念を述べた。そして，基地局及び試験機器向けライセンス契約に関し，現行の携帯電話端末向けライセンス契約を拡張することで対応してほしいと求めた。

１１０

　また，パナソニックモバイルは，同月２１日に被審人から提示された２つの案に関し，いまだ検討中であるとした上，「選択肢１」に記載のとおり改良期間を拡張する契約書案の方が双方にとって望ましいのではないかと回答した。

　さらに，パナソニックモバイルは，被審人がパナソニックモバイルに求めているパナソニックモバイルの保有する特許の実施権を許諾する条項に関して，被審人又はスピンコが特定用途向け半導体集積回路を顧客に販売することにより，それらの顧客がパナソニックモバイルの開発した特許を使用できるようになる事態を容認することはできず，このような取決めは両者間に不公平をもたらし，他社との取引を非常に困難にすると述べた。そして，この点は，同年２月１８日の会合において，被審人が特許の実施権を許諾する条項の代替案として，被審人に対して非係争を誓約することとする案を提案したことから，適切な方法で解決されたと思っていたとも述べた。

　（査１５９の１及び２）

(21)　被審人は，平成１２年１０月２日，パナソニックモバイルに対し，パナソニックモバイルが保有する特許の実施権を許諾する条項に関して，同年２月１８日の会合の時点と現在とで被審人の立場は変わったとして，原契約の改定や基地局及び試験機器向けライセンスについて話し合うため，再度，会合を設けることを提案した。

(22)　パナソニックモバイルは，平成１２年１０月１８日及び同月１９日に被審人との会合を開催し，これまでのやり取りで被審人の提案内容がその都度変わるなどとして，被審人の立場について説明を求めた。

　これに対し，被審人は，「ビジネスの環境が変わることから提案の内容を変える権利がある」，「同年２月の会合では何も決定されていない」などと述べた上，パナソニックモバイルが要求するロイヤルティの引下げについて，「被審人としては，特許を評価していろいろ決めることはやっていない」などとして，これを拒絶した。

　また，パナソニックモバイルは，パナソニックモバイルの保有する特許の実施権を許諾する条項に関する妥協案として，対象製品である「部品」について，ＣＤＭＡ規格に特有（「Ｓｐｅｃｉｆｉｃ　ｔｏ　ＣＡＩ」）の「部品」に限定することなどを条件として，同条項の代わりに，被審人及

　び被審人から「部品」を購入した顧客に対して，パナソニックモバイルの知的財産権を権利主張できないという非係争義務を受け入れるという案を提案した。

　　　（査１２，査１６１）

　　他方，被審人は，パナソニックモバイルが被審人の顧客から権利主張を受けた場合には，パナソニックモバイルがそのような被審人の顧客に対して権利主張を行うことができるようにすること等を提案した。

⑵ 被審人は，平成１２年１０月２３日，パナソニックモバイルに対し，基本合意書及び原契約の改定案（以下「平成１２年１０月２３日付け契約書案」という。）を提示し，同月３１日までに基本合意書に署名するように求めた。

　　被審人が提示した基本合意書には，了解事項として，両当事者は，同年１１月３０日までに，平成１２年１０月２３日付け契約書案と実質的に同一の内容の改定契約に署名するために誠実に交渉すること，改定契約には，原契約におけるロイヤルティ料率を修正する旨の規定を設けないこと，改定契約には，平成１２年１０月２３日付け契約書案の「被審人等に対する非係争条項」（第８．１条）等の条件と実質的に等しい内容の規定を設けること，改定契約締結後も契約修正について誠実に協議を行うものの，被審人はロイヤルティ料率の修正に応じる義務を負わないこと等が規定されていた。

　　また，平成１２年１０月２３日付け契約書案には，パナソニックモバイルが，「部品」の製造，販売等について，被審人及びその承継人に対し，また，被審人及びその承継人から購入した「部品」を組み込んだ顧客の「ＣＤＭＡマルチモード製品」に対し，パナソニックモバイルの「誓約特許」を主張できないとする非係争条項が規定されていたところ，同月１８日及び同月１９日の会合において議論した「部品」の定義について，ＣＤＭＡ規格に係る限定がされていなかった。なお，「誓約特許」には，改良期間の末日までに出願，登録等された特許及び出願中の特許を含むとされており，加えて非係争条項の対象たるパナソニックモバイルの「誓約特許」については，パナソニックモバイルの従業員等による発明に係る特許等であれば，親会社であるパナソニックに権利者名義が移転した特許等も含まれるとされていた。さらに，パナソニックモバイルの非係争誓約は，被審人

１１２

の顧客が「誓約特許」に基づいてパナソニックモバイルに権利主張しない限り存続する，とされていた。

⑵4　パナソニックモバイルは，平成１２年１０月２６日，被審人に対し，平成１２年１０月２３日付け契約書案は，同月１８日及び同月１９日の会合における被審人の提案とかけ離れた内容の提案を含むものであること等を指摘して，平成１２年１０月２３日付け契約書案の検討には時間を要する旨連絡した。

⑵5　パナソニックモバイルは，平成１２年１１月１４日，被審人に対し，被審人が課すロイヤルティ料率について改めて重大な懸念を示す一方，被審人側の事情として，ライセンスプログラム全体に影響を与えることとなるようなロイヤルティ料率の修正に応じられないということは理解したとして，ロイヤルティ料率について，他の会社がパナソニックモバイルより優遇されていないことを被審人が表明すること等を条件として，ロイヤルティ料率低減の要求を撤回することに同意する旨通知し，ライセンス契約の改定契約書案（以下「平成１２年１１月１４日付け改定契約書案」という。）を送付した。

　平成１２年１１月１４日付け改定契約書案では，非係争条項の対象となる「部品」について，ＣＤＭＡ技術を実装するため設計されたＡＳＩＣ（特定用途向け半導体集積回路）等や携帯電話端末等の使用に供するＣＤＭＡ信号を処理するＡＳＩＣ等に限定する旨の修正や，被審人がパナソニックモバイルやパナソニックによる「部品」の製造，販売等に対して権利主張をしない旨の規定を挿入する修正，改良期間延長に係る契約時に支払われる一定額の金員について，５０万ドルを免除するという修正などがされていた。

　　　（査１２，査１６４の１及び２）

⑵6　被審人は，平成１２年１１月２１日，パナソニックモバイルに対し，平成１２年１１月１４日付け改定契約書案に関し，契約時に支払われる一定額の金員の減額及びパナソニックモバイルによる部品の販売に対する被審人の非係争誓約のいずれについても応じることができないなどと回答し，平成１２年１１月１４日付け改定契約書案に対する修正案を送付した。

　上記修正案では，「部品」の定義について，パナソニックモバイルが提案した「ＣＤＭＡ」との限定が無線通信（「ｗｉｒｅｌｅｓｓ　ｃｏｍｍ

１１３

ｕｎｉｃａｔｉｏｎ」）と修正されており，これにより，第二世代携帯無線通信規格であるＧＳＭ規格に係る通信に用いられる部品なども「部品」に含まれることになり，このような「部品」の製造，販売等に関して，パナソニックモバイルが被審人及び被審人の顧客に対して非係争義務を負うこととされていた。

　　（査１６５の１及び２）

(27)　クアルコムジャパン株式会社は，平成１３年１月１５日，パナソニックモバイルに対し，パナソニックモバイルがＮＴＴドコモ向けの基地局の出荷を開始したことについて，このままでは特許問題になるなどと通告した。

　　（査１２）

(28)　パナソニックモバイルは，平成１３年１月１６日，被審人に対し，原契約には最恵待遇条項が規定されているにもかかわらず，ある中国企業に対してパナソニックモバイルよりも有利なロイヤルティ料率を認めている疑いがあることについて問い質した。

　　これに対し，被審人は，同日，パナソニックモバイルに対して，中国企業のロイヤルティ料率に係る質問につき回答するとともに，パナソニックモバイルがＣＤＭＡ規格に対応する基地局の出荷を開始できるように，速やかに第三世代の携帯無線通信に係るライセンス契約を締結することを望む旨返答した。

(29)　パナソニックモバイルは，平成１３年３月２８日，被審人と本件ライセンス契約を締結した。

　　本件ライセンス契約における本件無償許諾条項等の主な内容は別表のとおりであり，具体的には，①対象となる技術的必須知的財産権は，パナソニックモバイルに保有されているか，パナソニック又はパナソニック若しくはパナソニックモバイルの関連会社に譲渡されるか否かに関わりなく，全部又は一部をパナソニックモバイルの従業員又は代理人によって考案された発明，創作された作品又はその他の形で生じた知的財産権に関連する権利を含むこと，②「部品」について，ＣＤＭＡ技術を実装するために設計される部品と，無線通信信号向けの信号処理回路に関与する部品と限定した上で，電池，ディスプレイ，キーボード，アンテナ又は電池の消耗削減を主目的とする部品を除外すること，③被審人等に対する非係争条項の対象となる顧客部品（被審人の顧客に付与される権利）について，「部品」

１１４

には，ＣＤＭＡ技術を実装するために設計される部品と，無線通信信号向けの信号処理回路に関与する部品が含まれるところ（前記②），後者の部品について，無線通信信号のうち，ＣＤＭＡ無線通信向けの信号処理回路に関与する部品と更に限定すること，④パナソニックモバイルは，問題とされる特許が被審人へのクロスライセンス条項等に含まれているか否かにかかわらず，被審人のチップと第三者の製品との組み合わせを根拠に，被審人の顧客を特許侵害により訴える権利を有すること，⑤パナソニックモバイルが被審人の顧客に対して権利主張をしないことの誓約は，顧客が自らの技術的必須知的財産権及び商業的必須知的財産権を，パナソニックモバイルのＣＤＭＡ携帯電話端末等の製品に権利主張しない場合，又はパナソニックモバイルの改良期間後の特許が先に被審人の顧客に主張されていないときに，当該顧客が自らの改良期間後の特許をパナソニックモバイルのＣＤＭＡ携帯電話端末等の製品に権利主張しない場合においてのみ継続することなどが規定されている。

　　（査７０の２，査７０の４，審５０の７０の２，審５１の７０の２，審５１の７０の２の２，審４２８）

⑶⓪ 被審人は，前記１⑲のとおり，平成１３年７月２４日，半導体事業の分社化計画の撤回を公表した。

3　東芝

⑴　東芝は，平成７年７月１２日，被審人との間で，第二世代携帯電話端末向けライセンス契約を締結した。

⑵　被審人は，平成１１年８月２６日，東芝に対し，第三世代携帯電話端末向けライセンス契約に係る説明を行った。

⑶　東芝は，平成１２年３月２４日，被審人に対し，東芝が被審人に対して多大な技術的貢献を行ったことのほか，東芝が保有する又は出願中の特許リスト及び東芝が達成した携帯電話端末の販売数量を具体的に説明して，第二世代携帯電話端末向けライセンス契約に規定されているロイヤルティ料率は時代にそぐわないものとなっていると指摘し，第三世代携帯電話端末向けライセンス契約において適用されるロイヤルティ料率及び契約時に支払われる一定額の金員の額を引き下げるよう求めた。（査１９９，審１５２の２）

⑷　被審人は，平成１２年５月１０日，東芝に対し，被審人のロイヤルティ

115

料率構造は，ＣＤＭＡ業界の成長を妨げておらず，第三世代携帯電話端末
向けライセンスに関して，このような業界標準の料率を受け入れる多くの
事業者があることを指摘し，同年６月末日より前であれば，契約時に支払
われる一定額の金員の調整を検討できる旨通知した。（査１９９，審１５
３）

(5) 東芝は，平成１２年６月２１日，被審人に対し，契約時に支払われる一
定額の金員を５０万ドル減額することを求め，被審人はこの要求を受け入
れた。

(6) 東芝は，平成１２年６月２３日，被審人に対し，第三世代携帯電話端末
向けライセンス契約の締結後に，再度ロイヤルティ料率について協議する
機会を求め，平成１２年６月２６日付けで本件ライセンス契約を締結した。

4 三菱電機

(1) 三菱電機は，平成７年２月２２日，被審人との間で第二世代携帯電話端
末向けライセンス契約を締結した。同契約には三菱電機の保有する特許の
実施権を許諾する条項，被審人の顧客に対する非係争条項及び被審人のラ
イセンシーに対する非係争条項が規定されていた。ただし，上記の特許の
実施権を許諾する条項の対象となる特許は，技術的必須知的財産権に限定
されていた。

(2) 被審人は，平成１１年８月２６日の会合において，三菱電機に対して，
第三世代の携帯無線通信に係るライセンス契約の締結を提案した。被審人
は，第三世代携帯無線通信規格に係る戦略及び知的財産権の状況などにつ
いて説明した上，第二世代の携帯無線通信に係るライセンス契約を基礎と
して，対象特許の範囲を拡大し，第三世代携帯無線通信規格に対応する製
品の開発，製造及び販売が可能となるよう改定することや，ロイヤルティ
料率は変更しないこと，契約時に支払われる一定の金員を徴収すること
などのライセンス条件を提示した。

(3) 被審人は，平成１２年２月３日，三菱電機に対し，被審人が平成１１年
８月２６日の会合で提示したライセンス条件について，平成１２年３月２
６日以降も有効であると保証できないこと，市場の状況に応じて金員を増
額する権利を留保することなどを通知した。また，同年２月１０日には，
三菱電機が同年３月２５日までに契約を締結する場合，契約時に支払われ
る一定額の金員の支払を数か月繰り延べて，分割払とすることを認める旨

通知した。

(4) 三菱電機は，平成１２年３月１７日，被審人に対し，被審人が提示するロイヤルティ料率は，第三世代通信業界において商業的に実行可能なものではなく，不合理に高いなどとして，被審人が提案する第三世代の携帯無線通信に係るライセンス契約のライセンス条件は受け入れることはできないこと，被審人が保有する特許と第三世代携帯無線通信規格との関係について明確な説明がなく，被審人からの実施権の許諾を受ける必要性について判断することができないことを通知した。

(5) 被審人は，平成１２年４月７日，三菱電機に対し，被審人がＡＲＩＢに届け出た第三世代携帯無線通信規格に関連する特許のリストが掲載されているＩＴＵのウェブページのＵＲＬを示し，多数の国際的な電気通信メーカーが被審人と第二世代の携帯無線通信に係るライセンス契約を改定して第三世代の携帯無線通信に係るライセンス契約を締結したことによっても，被審人が保有する特許の有効性と必須性が証明されると主張した。（査１２７の１及び２）

(6) 被審人は，平成１２年６月２日，三菱電機に対し，第三世代の携帯無線通信に係るライセンス契約書案を送付した。

　　上記契約書案では，三菱電機の保有する特許の実施権を許諾する条項の対象が，技術的必須知的財産権及び商業的必須知的財産権も含めたものに拡張される一方，三菱電機が求めていたロイヤルティ料率の低減は規定されていなかった。また，被審人は，被審人と第三世代の携帯無線通信に係るライセンス契約を締結したとする事業者のリストを示し，かかる事業者は，被審人の知的財産ポートフォリオの価値を認め，第三世代の製品についても第二世代と同様のロイヤルティ料率とすることを受け入れている旨主張した。さらに，被審人は，第三世代の携帯無線通信に係るライセンス契約の締結に関心がある場合には直ちに被審人にコメントを送付するように促した上で，同月末日までに第三世代の携帯無線通信に係るライセンス契約を締結する場合には，契約時に支払われる一定額の金員について便宜を図る用意がある旨述べた。

(7) 被審人は，平成１２年８月９日，三菱電機に対し，被審人の半導体集積回路の製造，販売等に係る事業をスピンコと称する別法人に分社化し，被審人が保有するＣＤＭＡ携帯無線通信の規格に係る特許の一部をスピンコ

に譲渡することとしたこと等を説明し，スピンコの株式公開後はスピンコとの間でも別途ライセンス契約を締結することが必要となる可能性があり，その場合，スピンコの株式公開前に契約を締結した場合とライセンス条件が異なることがあるが，スピンコの株式公開前であれば，被審人のみと契約すれば足りるなどとして，三菱電機に対して契約書案を提示した。

⑻　被審人は，平成１２年８月１１日，三菱電機に対し，スピンコの株式公開前であれば，被審人が保有する特許及び被審人がスピンコに譲渡する特許について，１本の契約で三菱電機に実施権を許諾することを保証するが，スピンコの株式公開後はライセンス形態や費用等がどうなるか不明であること，また，半導体事業の分社化完了後は被審人にとって三菱電機からクロスライセンスを受ける必要はほとんどなくなるか又は全くなくなることを伝えた。

⑼　被審人は，平成１２年８月３１日，三菱電機に対して，半導体分社化計画の概要と分社化後のライセンス形態等について説明した上，半導体事業の分社化により，被審人は三菱電機が保有する知的財産権に係る実施権の許諾等を受ける必要はほとんどなくなること，他方で，Ｗ－ＣＤＭＡ方式に係る特許を含む平成７年７月２６日以降に出願された重要な特許を被審人から実施権の許諾を受ける対象として，これを利用可能とするためには，現行のライセンス契約の拡張が必要であること等を伝えるとともに，三菱電機が平成１２年９月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結しない場合には，同年１０月１日以降，契約時に支払われる一定額の金員を携帯電話端末向けライセンスについては２５０万ドルから５００万ドルに，基地局向けライセンスについては５００万ドルから１０００万ドルにそれぞれ倍増する旨伝え，同年９月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結するよう促し，同月１０日に，上記の増額内容を反映した第三世代の携帯無線通信に係るライセンス契約書の改訂版を提示した。

⑽　被審人は，平成１２年９月１２日，三菱電機に対して，被審人の分社化計画及び分社化に伴うライセンスポリシーの変更点等について説明を行った。

三菱電機は，被審人のロイヤルティ料率が不当に高額である旨主張したが，被審人は，被審人のプロダクトは特許であり，リーズナブルであると

１１８

説明した。

　　（査１３３）

⑾　三菱電機は，平成１２年９月１８日，被審人に対し，三菱電機が第三世代携帯電話端末の製造，販売を行っておらず，何ら特許権侵害が発生していない現段階において，被審人が同月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結しない場合に契約時に支払う一定額の金員を倍増する旨唆したことは，被審人の三菱電機に対する不合理な圧力と受け取らざるを得ず，被審人の申入れをそのまま受け取ることはできないと伝えるとともに，契約締結前に第三世代の携帯無線通信に係るライセンス契約の全ての要素を確認する必要があるとして，被審人の特許及び出願中の特許のうち，真に第三世代携帯無線通信規格の実施に必須の特許，当該必須特許のみ許諾を受ける場合の契約条件等について，情報の提供を求めた。

⑿　被審人は，平成１２年９月２１日，三菱電機に対し，各国に同じ特許を出願することによる重複を除けば，被審人の保有する特許のリストには約１１０件の独立した特許及び出願中の特許が含まれているが，現段階では，ＣＤＭＡ携帯無線通信に関する規格が確定していないので，上記のいかなる特許及び出願中の特許も，被審人の必須特許のリストから削除することは時期尚早であること，実施権の許諾の対象が，技術的必須知的財産権及び商業的必須知的財産権の両方であったとしても，単に技術的必須知的財産権のみであったとしても，ロイヤルティ料率と契約時に支払われる一定額の金員の額に変更はないこと，また，許諾の対象が，ノウハウを含まず特許の実施権のみに限定される場合であっても，ロイヤルティ料率を低減するつもりはないことなどを主張した。

⒀　三菱電機は，平成１２年９月２９日，被審人に対し，現在提示を受けている契約時に支払われる一定額の金員の有効期限を同年１０月３１日まで延長することを求め，被審人はこれに応じた。

⒁　三菱電機は，平成１２年１０月３０日，被審人に対し，現在提示されている契約時に支払われる一定額の金員２５０万ドルを直ちに支払う代わりに，契約締結まで１年間の猶予を求めたが，被審人は，これを拒否し，既に延長している期限までに回答しなければ，同年１１月１日以降，契約時に支払われる一定額の金員の増額が適用されると通知した。

⒂　被審人は，三菱電機が期限内に回答を行わなかったことから，平成１２年１１月１日，三菱電機に対し，三菱電機が被審人の意図を誤解し，最終的に不必要な金員を支払うことになってしまうのではないかと懸念しており，そのような状況にある日本の主要な国内端末等製造販売業者は三菱電機だけであるとして，第三世代の携帯無線通信に係るライセンス契約の締結の検討を促した。（査１４１の１及び２）

⒃　三菱電機は，平成１２年１１月２日，被審人が提示するロイヤルティ料率が，他の規格に比べて極端に高いことを指摘した上で，ロイヤルティ料率の低減を求めた。

⒄　被審人は，平成１２年１１月３日，三菱電機に対し，ＣＤＭＡは，第三世代携帯無線通信規格における事実上の標準になっているところ，三菱電機が第三世代携帯無線通信に参入するつもりであれば，Ｗ－ＣＤＭＡ方式及びＣＤＭＡ２０００方式へのライセンス対象の拡大が必要になると伝えた。そして，日本の主要な携帯端末等製造販売業者の中で，被審人と第三世代の携帯無線通信に係るライセンス契約を締結していないのは三菱電機だけであると指摘し，契約時に支払われる一定額の金員が増額されない期限である同年１０月３１日を徒過したことにより，契約時に支払われる一定額の金員の額が２５０万ドルから５００万ドルに増額されること，さらに，ＮＴＴドコモが第三世代携帯無線通信規格に係る商用サービスを開始すれば，再度ライセンス条件を変更することがあり得ることを通告した。その上で，三菱電機が同年１１月１０日までに第三世代の携帯無線通信に係るライセンス契約に署名すれば，有効期限を同年１０月３１日までとして被審人が三菱電機に提示していた契約条件を遡及的に適用することを提案した。（査１４１の１及び２）

⒅　三菱電機は，平成１２年１１月１４日，被審人に対し，第三世代携帯無線通信規格に含まれる暗号技術及びＭＰＥＧ４技術に関して重要な特許を有していることを具体的に主張し，被審人と三菱電機が保有する知的財産ポートフォリオに応じてライセンス条件を修正するように要求したが，被審人はこれに応じなかった。また，三菱電機は，第三世代の携帯無線通信に係るライセンス契約に関して独占禁止法の問題があると考えると指摘したが，被審人はこれを否定した。（査１３，査２９３，審１２２）

⒆　三菱電機は，平成１２年１１月３０日，第三世代携帯電話端末向けライ

１２０

センス契約書に署名し，被審人が当初の交渉期限として設定した同年９月３０日付けで被審人と第三世代携帯電話端末向けの本件ライセンス契約を締結した。

(20) 三菱電機は，平成１３年３月３０日，被審人との間で，第三世代基地局向けの本件ライセンス契約を締結した。

(21) その後，前記１(19)のとおり，被審人は，平成１３年７月２４日に，半導体事業の分社化計画の撤回を公表した。

5　富士通

(1) 富士通は，被審人との間で，平成７年７月２４日に第二世代携帯電話端末向けライセンス契約を，同年９月１１日に第二世代基地局向けライセンス契約を締結した。

　第二世代携帯電話端末向けライセンス契約及び第二世代基地局向けライセンス契約には，富士通が保有する特許の実施権を許諾する条項及び被審人のライセンシーに対する非係争条項が規定されていた。第二世代の携帯無線通信に係るライセンス契約における上記の特許の実施権を許諾する条項は，技術的必須知的財産権及び商業的必須知的財産権の両方を対象として，携帯電話端末及び基地局に加えて，それらの部品，すなわち，半導体集積回路等の製造，販売等を被審人に許諾する内容のものであった。

(2) 被審人は，平成１１年８月２７日，富士通に対し，第三世代の携帯無線通信に係るライセンス契約の締結を提案した。その際，被審人は，第三世代携帯無線通信規格に係る戦略及び知的財産権の状況などについて説明した上，第二世代の携帯無線通信に係るライセンス契約を基礎として，対象特許の範囲を拡大することや，ロイヤルティ料率は変更しないこと，契約時に支払われる一定額の金員を徴収すること，被審人のライセンシーに対する非係争条項は強制できないものであり，ライセンス契約に当該条項を設けていないライセンシーが存在することなどのライセンス条件を提示した。

　これに対し，富士通は，第三世代携帯無線通信規格に係る技術について，被審人だけではなく，富士通を含む複数の事業者が特許を保有していることを理由として，ロイヤルティ料率の見直しを求めた。

　しかし，被審人は，第三世代携帯無線通信規格について，ＣＤＭＡ２０００方式で統一した方がよいとの被審人の主張を受け入れずに技術的にも

優れているとはいえないW－CDMA方式を推進した国内端末等製造販売
業者が，そのW－CDMA方式の特許に関して被審人にロイヤルティ料率
の低減を求めるのはおかしなことであり，被審人はこれを受け入れる動機
はないとして，ロイヤルティ料率の見直しを拒絶した。

　　（査167）

⑶　被審人は，平成12年2月3日，富士通に対し，被審人が平成11年8
　月27日に提示したライセンス条件について，平成12年3月26日以降
　も有効であると保証できないこと，また，被審人は，市場の状況に応じて，
　金員を増額する権利を留保することなどを通知して，第三世代の携帯無線
　通信に係るライセンス契約の締結に関心がある場合には，直ちに被審人に
　連絡するよう促した。

⑷　被審人は，平成12年2月10日，富士通に対し，富士通が同年3月2
　6日までに契約を締結する場合には，契約時に支払われる一定額の金員を
　数か月繰り延べて，分割払とすることを認める旨通知した。（査169の
　1及び2）

⑸　富士通は，平成12年3月24日，被審人に対し，富士通の社内協議に
　おいて，被審人だけではなく多くの企業（富士通を含む。）が第三世代携
　帯無線通信規格に必須な特許を有していると考えられている点が重要なポ
　イントとして示されているとして，関係者が相互に満足できるライセンス
　契約とすることを望む旨回答した。（査170の1及び2）

⑹　被審人は，平成12年6月2日，富士通に対し，第三世代の携帯無線通
　信に係るライセンス契約書案を提示した。

　　当該契約書案では，富士通が低減を求めていた第二世代の携帯無線通信
　に係るライセンス契約に規定されていたロイヤルティ料率について，修正
　はされていなかった。

⑺　被審人は，平成12年8月11日の富士通との会合において，富士通に
　対し，被審人の半導体集積回路の製造，販売等に係る事業をスピンコと称
　する別法人に分社化し，被審人が保有するCDMA携帯無線通信の規格に
　係る特許の一部をスピンコに譲渡することとしたこと等を説明し，ライセ
　ンス条件が変更になり得るとした上で，被審人がライセンス条件に責任を
　持てるのはスピンコの株式公開までに富士通が第三世代の携帯無線通信に
　係るライセンス契約に署名した場合に限られると述べ，富士通に対してス

122

ピンコ設立を踏まえた契約書案を提示した。（査５８，査１７２ないし査
１７４の２）

　富士通は，富士通を含む複数の事業者も第三世代携帯無線通信規格に関
連する知的財産権を保有しており，被審人がほぼ唯一の知的財産権の保有
者であった第二世代携帯無線通信規格とは状況が異なること，第二世代の
携帯無線通信に係るライセンス契約においては，特許のほかにノウハウに
ついてもライセンスされていたところ，第三世代携帯無線通信規格におい
てノウハウのライセンスは不要であることを理由に，再度，被審人に対し
てロイヤルティ料率等の見直しを求めた。

　しかしながら，被審人は，ロイヤルティ料率等の変更に強い拒否反応を
示した。

　（査５８，査１７２）

⑻　被審人は，平成１２年８月１２日，富士通に対し，再度，スピンコの株
式公開前であれば，被審人が保有する特許及び被審人がスピンコに譲渡し
た特許について，１本の契約で富士通に実施権を許諾することを保証する
が，スピンコの株式公開後は，ライセンス形態や費用等がどうなるか不明
であること，また，半導体事業の分社化完了後は被審人にとって富士通か
らクロスライセンスを受ける必要はほとんどなくなるか又は全くなくなる
こと等を伝えた。（査１７５の１及び２）

⑼　被審人は，平成１２年８月３１日，富士通に対し，半導体事業の分社化
計画の概要及び分社化後のライセンス形態等について説明し，分社化後は，
被審人がクロスライセンスを受ける必要はほとんどなくなること，他方，
富士通が，被審人が保有するＷ－ＣＤＭＡ方式に係る特許を含む平成７年
７月２６日以降に出願された重要な特許を利用可能とするためには，現行
のライセンス契約の拡張が必要であること等を伝えるとともに，平成１２
年９月３０日までに第三世代の携帯無線通信に係るライセンス契約を締結
しない場合には，同年１０月１日以降，契約時に支払われる一定額の金員
を携帯電話端末向けライセンスについては２５０万ドルから５００万ドル
に，基地局向けライセンスについては５００万ドルから１０００万ドルに
それぞれ倍増する旨伝え，同年９月３０日までに第三世代の携帯無線通信
に係るライセンス契約を締結するよう促した。（査１７６の１及び２）

⑽　被審人は，平成１２年９月８日，富士通に対して，同年１０月１日以降，

１２３

契約時に支払われる一定額の金員を倍増する旨の規定を追加した第三世代の携帯無線通信に係るライセンス契約書案を提示した。（査１７７の１及び２，査１７８の１及び２）

⑾　その後，会合を含む数回のやり取りを経て，富士通は，平成１２年９月２７日に，被審人と本件ライセンス契約を締結した。

　なお，富士通は，被審人に対し，①ライセンスの対象となる「部品」の範囲を第二世代の携帯無線通信に係るライセンス契約と同程度に限定すること，②契約時に支払われる一定額の金員の支払を２回の分割払とすることなどを求めていた。

　この意向を受けて，本件ライセンス契約においては，①「部品」の定義について，他の標準的なライセンス契約における「部品」の定義に「ＣＤＭＡアプリケーションに関する少なくとも１つの動作モードを組み込んだもの」という限定が付され，さらに，光伝送装置，弾性表面波フィルター，誘電体フィルター及び液晶ディスプレイの４種類の製品が除外される旨，②契約時に支払われる一定額の金員の支払が分割払とされる旨が規定された。

　（査１９７）

⑿　被審人は，前記１⒆のとおり，平成１３年７月２４日に，半導体事業の分社化計画の撤回を公表した。

以上

別表

排除措置命令において破棄を命じている規定等一覧

| 番号 | 国内端末等製造販売業者 | ライセンス等の対象 | 知的財産権 | 本件無償許諾条項 | 被審人等に対する非係争条項 | 被審人のライセンシーに対する非係争条項 | 改良期間の終期 | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 本件ライセンス契約（契約発効日） | 同契約からの修正（契約発効日） |
| 1 | 三洋電機 | 端末及び部品 | 技術 | ○ | — | ○ | 平成14年1月1日（平成12年6月30日） | 無期限（平成15年10月8日） |
| | | | 商業 | ○ | — | — | | 平成16年1月1日（平成15年10月8日） |
| 2 | パナソニックモバイル | 端末及び部品 | 技術 | ○（部品は加入者端末に組み込まれる場合のみ） | ○（部品のみ） | — | 平成14年1月1日（平成13年3月28日） | — |
| | | | 商業 | — | ○（部品のみ） | — | | |
| 3 | 三菱電機 | 端末及び部品 | 技術 | ○ | ○ | ○ | 平成14年1月1日（平成12年9月30日） | — |
| | | | 商業 | ○（部品のみ） | — | — | | |
| | | 基地局及び部品 | 技術 | ○ | — | ○ | 無期限（平成13年3月30日） | — |
| | | | 商業 | ○ | — | — | 平成13年3月30日（平成13年3月30日） | — |
| 4 | 日本電気 | 端末及び部品 | 技術 | ○ | | | 平成14年1月1日（平成12年10月31日） | — |
| | | | 商業 | — | ○（部品のみ） | — | | |
| | | 基地局及び部品 | 技術 | ○ | — | — | 平成14年1月1日（平成12年10月31日） | — |
| | | | 商業 | — | ○（部品のみ） | — | | |

| 番号 | 国内端末等製造販売業者 | ライセンス等の対象 | 知的財産権 | 本件無償許諾条項 | 被審人等に対する非係争条項 | 被審人のライセンシーに対する非係争条項 | 改良期間の終期 本件ライセンス契約（契約発効日） | 改良期間の終期 同契約からの修正（契約発効日） |
|---|---|---|---|---|---|---|---|---|
| 5 | 日立製作所 | 端末及び部品 | 技術 | ○ | ― | ― | 「IID（日立製作所の情報映像メディア事業部）の特許」及び「サブライセンスされた他の部門の特許」は無期限。その他は平成9年9月12日<br>（平成9年9月12日） | ― |
| | | | 商業 | ○ | ― | ― | 平成12年1月1日<br>（平成9年9月12日） | ― |
| | | 基地局及び部品 | 技術 | ○ | ― | ― | 「HTD（日立製作所の情報通信事業部）の特許」及び「サブライセンスされた他の部門の特許」は無期限。その他は平成8年12月5日<br>（平成8年12月5日） | ― |
| | | | 商業 | ○ | ― | ― | 「最初の製造日」から5年が経過した日又は「製造及びテスト技術情報」の提供から7年が経過した日のうち最初に到来する日<br>（平成9年3月12日） | ― |
| 6 | 富士通 | 端末及び部品 | 技術 | ○ | ― | ○ | 平成14年1月1日<br>（平成12年9月27日） | ― |
| | | | 商業 | ○ | ― | ― | | ― |
| | | 基地局及び部品 | 技術 | ○ | ― | ― | 平成14年1月1日<br>（平成12年9月27日） | ― |
| | | | 商業 | ○ | ― | ― | | ― |

| 番号 | 国内端末等製造販売業者 | ライセンス等の対象 | 知的財産権 | 本件無償許諾条項 | 被審人等に対する非係争条項 | 被審人のライセンシーに対する非係争条項 | 改良期間の終期 | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 本件ライセンス契約（契約発効日） | 同契約からの修正（契約発効日） |
| 7 | シャープ | 端末及び部品 | 技術 | ○ | — | ○ | 無期限（平成 9 年 4 月 30 日又は日本政府の承認日のうち遅い日） | — |
| | | | 商業 | ○ | — | — | 平成 13 年 1 月 1 日（平成 12 年 9 月 22 日） | — |
| 8 | カシオ | 端末及び部品 | 技術 | ○ | — | ○ | 無期限（平成 10 年 3 月 24 日） | |
| | | | 商業 | ○ | — | — | 平成 12 年 1 月 1 日（平成 10 年 3 月 24 日） | — |
| 9 | 京セラ | 端末及び部品 | 技術 | ○ | — | ○ | 無期限（平成 8 年 8 月 31 日） | |
| | | | 商業 | ○ | — | — | 平成 14 年 1 月 1 日（平成 12 年 9 月 29 日） | |
| 10 | 東芝 | 端末及び部品 | 技術 | ○ | — | ○ | 平成 13 年 12 月 31 日（平成 12 年 6 月 26 日） | 平成 14 年 12 月 31 日（平成 14 年 11 月 12 日） |
| | | | 商業 | ○ | — | — | | |
| 11 | ケンウッド | 端末及び部品 | 技術 | ○ | — | ○ | 無期限（平成 8 年 6 月 28 日） | — |
| | | | 商業 | ○ | — | — | 平成 14 年 1 月 1 日（平成 12 年 11 月 30 日） | |
| 12 | アルプス電気 | 端末及び部品 | 技術 | ○ | — | ○ | 平成 14 年 1 月 1 日（平成 13 年 11 月 20 日） | — |
| | | | 商業 | ○ | — | — | | |
| 13 | セイコー株式会社 | 端末及び部品 | 技術 | ○ | — | ○ | 無期限（平成 12 年 1 月 3 日） | — |
| | | | 商業 | ○ | — | — | 平成 15 年 6 月 10 日（平成 15 年 6 月 10 日） | 平成 19 年 10 月 1 日（平成 19 年 10 月 1 日） |

| 番号 | 国内端末等製造販売業者 | ライセンス等の対象 | 知的財産権 | 本件無償許諾条項 | 被審人等に対する非係争条項 | 被審人のライセンシーに対する非係争条項 | 改良期間の終期 | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 本件ライセンス契約（契約発効日） | 同契約からの修正（契約発効日） |
| 14 | 株式会社デンソー | 端末及び部品 | 技術 | ○ | － | ○ | 無期限<br>（平成 14 年 8 月 9 日） | － |
| | | | 商業 | ○ | － | － | 平成 14 年 8 月 9 日<br>（平成 14 年 8 月 9 日） | |

（本表における用語の定義）
端末： ＣＤＭＡ携帯電話端末
基地局： ＣＤＭＡ基地局
部品：ＣＤＭＡ部品
技術：技術的必須知的財産権
商業：商業的必須知的財産権

128

これは謄本である

平成３１年３月１３日

公正取引委員会事務総局

内閣府事務官　榎本　勤也