Jennifer Milici, D.C. Bar No. 987096
Geoffrey M. Green, D.C. Bar No. 428392
Daniel Matheson, D.C. Bar No. 502490
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO STATEMENT OF INTEREST FILED BY UNITED STATES DEPARTMENT OF JUSTICE ANTITRUST DIVISION**<br><br>Courtroom: 7, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

The FTC files this short response to the untimely Statement of Interest submitted by the Antitrust Division of the U.S. Department of Justice to clarify that the FTC did not participate in or request this filing.[1] While, as the record shows, the FTC supports and is prepared to provide further briefing and argument on remedy should the Court's liability ruling make such briefing

---

[1] Whether to permit or deny a statement of interest is committed to the discretion of the district court. *See, e.g., LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703–04 (D. Minn. 2018) (declining to consider statement of interest "[i]n light of the Antitrust Division's unjustified delay and the fact that [the] case [had] been fully and thoroughly briefed by all other parties"); *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 926–27 (S.D. Tex. 2007), *aff'd*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008).

and argument necessary,[2] we disagree with a number of contentions in the Statement. Among other things, the submission ignores this Court's prior orders and the parties' briefing on remedy and misconstrues applicable law and the record.[3] The FTC is cognizant, however, of the Court's comments about the voluminous existing briefing in this case.[4] The FTC will therefore refrain from further comment on the Statement unless the Court requests otherwise.

Dated: May 9, 2019                            Respectfully submitted,

FEDERAL TRADE COMMISSION

 */s/ Jennifer Milici*
Jennifer Milici
Geoffrey M. Green
Daniel Matheson
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

***Attorneys for Federal Trade Commission***

---

[2] *See* ECF No. 928 at 2 n.1; ECF No. 932 at 4 n.4.

[3] *See* ECF No. 997, at 10 (Dec. 13, 2018 Court order that "[t]he January 2019 trial will address both liability and remedy"); ECF No. 75 (April 19, 2017 scheduling order; no bifurcation of liability and remedy); Nov. 15, 2017 Hr'g Tr. at 4:21-5:3 (ECF No. 314) (Court rejecting Qualcomm bifurcation proposal); Oct. 24, 2018 Hr'g Tr. at 49:24-57:18 (ECF No. 916) (extensive discussion of remedy issues); ECF Nos. 928, 929, 932, 933 (party briefs on remedy evidence); ECF No. 966, at 66-67 (FTC proposed conclusions of law on remedy); ECF No. 967, at 139-151 (Qualcomm proposed conclusions of law on remedy); ECF No. 1051, at 24-25 (Qualcomm pre-trial brief); ECF No. 1053, at 21-22 (FTC pre-trial brief). The Statement also cites documents that Qualcomm chose not to introduce at trial and cites a commentator whom Qualcomm chose not to offer as a witness at trial. *See* Statement at 5 n.6.

[4] *See* Trial Tr. at 142:17-20, 396:13-16, 854:2-5, 1279:5-6.