UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING SAMSUNG'S MOTION TO SEAL**<br><br>Re: Dkt. No. 1493 |

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Courts balance the "competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179. The public has an interest in understanding the judicial process. *Id.* at 1178. Specifically, courts have refused to allow sealing when the information sought to be sealed "played a central role in the Court's decision," as "the balance of interests tips heavily in favor of disclosure." *Hunter v. City & Cty. of San Francisco*,

1
Case No. 17-CV-00220-LHK
ORDER DENYING SAMSUNG'S MOTION TO SEAL

2013 U.S. Dist. LEXIS 74711, at *7 (N.D. Cal. May 28, 2013); *see also, e.g.*, *Osband v. Ayers*, 2008 U.S. Dist. LEXIS 86227, at *12-13 (E.D. Cal. June 13, 2008) ("Sealing significant portions of the transcript would deny anyone interested in information about the case the ability to review petitioner's claims and the bases for the court's decision."); *Saint Alphonsus Med. Center— Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014) ("This is crucial to an understanding of the case and the Court's decision. No compelling reason exists to warrant sealing."). Conversely, courts have sealed information when "public access . . . will not further the public's understanding of the reasoning underlying the Court's decision." *In re iPhone Application Litig.*, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013).

Before the Court is Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc.'s (collectively, "Samsung") motion to seal. ECF No. 1493. Specifically, Samsung seeks to seal the amount of money Qualcomm paid Samsung to extinguish Samsung's antitrust claims and to silence Samsung about any anticompetitive conduct by Qualcomm. *Id.* Samsung contends that public disclosure of the amount of money Qualcomm paid Samsung will enable Samsung's competitors to use that information to negotiate the same or more money from Qualcomm to extinguish those competitors' antitrust claims and to silence those competitors about any anticompetitive conduct by Qualcomm. *Id.*

Qualcomm's payment of money to Original Equipment Manufacturers ("OEMs") to extinguish the OEMs' antitrust claims and to silence the OEMs about any anticompetitive conduct by Qualcomm played a central role in this Court's Findings of Fact and Conclusions of Law. Thus, public disclosure of the amount of money Qualcomm paid Samsung will further the public's understanding of the reasoning underlying the Court's decision. Accordingly, the balance of interests tips heavily in favor of public disclosure.

Moreover, courts have refused to seal wrongdoing because the wrongdoing itself is a matter of public concern. *Perez v. Nevada*, 2016 U.S. Dist. LEXIS 45353, at *3 (D. Nev. Apr. 4, 2016); *see also Cordice v. Meagher Cty.*, 2018 WL 4696753, at *1 (D. Mont. Oct. 1, 2018) (holding that information about misconduct is "a matter of public concern," and thus should not be

sealed). In the instant case, Qualcomm's payment of money to Original Equipment Manufacturers ("OEMs") to extinguish the OEMs' antitrust claims and to silence the OEMs about any anticompetitive conduct by Qualcomm is a matter of public concern and thus should not be sealed.

As stated above, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178. Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks and citation omitted). Findings of Fact and Conclusions of Law are clearly more than tangentially related to the underlying cause of action. Thus, the "compelling reasons" standard applies to Samsung's motion. Samsung has failed to provide compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.

Thus, the Court DENIES Samsung's motion to seal.

**IT IS SO ORDERED.**

Dated: May 23, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge