# Exhibit A

List of Time Extensions Granted

1. On February 2, 2017, the Court ordered an extension for filing deadlines governing Qualcomm's response to the complaint and briefing on a motion to dismiss. Qualcomm's response to the complaint, which had been due 60 days after notice of request of waiver, would be due on March 27, 2017. Opposition to a rule 12(b) motion, which had been due 14 days after the initial motion is filed, would be due on May 5, 2017. The reply re the Rule 12(b) motion, which had been due 7 days after the opposition was filed, would be due on May 26, 2017. (Dkt. 42.)

2. On March 27, 2017, the Court ordered an extension for filing deadlines governing Qualcomm's response to the complaint and briefing on a motion to dismiss. Qualcomm's response to the complaint, which had been due March 27, 2017, would be due on April 3, 2017. Opposition to a rule 12(b) motion, which had been due May 5, 2017, would be due on May 12, 2017. The reply re the Rule 12(b) motion, which had been due May 26, 2017, would be due on June 2, 2017. (Dkt. 61.)

3. On March 30, 2017, the Court granted the parties' stipulation to defer the Rule 26(f) conference, ADR form filings (both had been due March 29, 2017), joint Case Management Conference ("CMC") statement, and initial disclosures (both had been due April 12, 2017) to a later date, to be set by the Court at the April 19, 2017 CMC hearing. (Dkt. 66.)

4. On May 19, 2017, the Court ordered an extension for Intel Corp. to seek a supplemental protective order, which had been due 14 days after the May 1, 2017 protective order was entered, to May 23, 2017. (Dkt. 103.)

5. On May 19, 2017, the Court ordered an extension for non-party Nokia entities to seek a supplemental protective order, which had been due 14 days after the May 1, 2017 protective order was entered, to May 23, 2017. (Dkt. 108.)

6. On July 31, 2017, the Court granted the parties' stipulation to continue the July 19, 2017 CMC to September 6, 2017, or as soon thereafter as the Court's calendar would permit. (Dkt. 151.)

7. On August 10, 2017, the Court granted the parties' stipulation shortening time on Qualcomm's motions to approve requests for international judicial assistance in procuring evidence from foreign entities. The court ordered that the deadline for the FTC response brief be adjusted to August 18, 2017, and that there would be no reply brief and the Court would resolve the motions without a hearing, unless it deemed a hearing necessary. (Dkt. 178.)

8. On September 8, 2017, the Court granted the parties' stipulation to continue the September 13, 2017 CMC to November 8, 2017, or as soon thereafter as the Court's calendar would permit. (Dkt. 199.)

9. On December 18, 2017, the Court granted the parties' stipulation to extend the December 15, 2017 deadline for a motion to compel documents from Lenovo (U.S.) Inc. regarding to 30 days after Lenovo completed its document production. (Dkt. 406.)

10. On January 2, 2018, the Court granted the parties' stipulation to extend the January 5, 2018 deadline for the production of certain documents by non-party Apple Inc. to January 8, 2018. (Dkt. 438.)

11. On January 8, 2018, the Court granted the parties' stipulation to extend the January 5, 2018 deadline for the production of certain documents by non-party Sequans Communications, Inc. to January 19, 2018. (Dkt. 457.)

12. On January 18, 2018, the Court partially granted non-parties Contract Manufacturers' motion to extend time to produce documents from January 5, 2018 to January 26, 2018.  (Dkt. 502.)

13. On February 20, 2018, the Court granted the parties' stipulation that Mr. Jeff Altman's deposition could be conducted after the close of fact discovery on March 30, 2018, but no later than June 1, 2018.  (Dkt. 580.)

14. On March 23, 2018, the Court issued a CMC order adjusting the case schedule as follows:  Plaintiff's opening expert reports, which had been due on April 20, 2018, would be due on April 30, 2018.  Defendant's expert reports, which had been due on May 25, 2018, would be due on June 4, 2018.  Plaintiff's rebuttal expert reports, which had been due on June 22, 2018, would be due on July 2, 2018.  Close of expert discovery, which had been scheduled for July 20, 2018, would be scheduled for July 27, 2018.  (Dkt. 645.)

15. On April 6, 2018, the Court amended the case schedule as follows:  The April 6, 2018 CMC would be scheduled for April 24, 2018.  Plaintiff's opening expert reports, which had been due on April 30, 2018, would be due on May 24, 2018.  Defendant's expert reports, which had been due on June 4, 2018, would be due on June 28, 2018.  Plaintiff's rebuttal expert reports, which had been due on July 2, 2018, would be due on July 26, 2018.  Close of expert discovery, which had been scheduled for July 27, 2018, would be due August 16, 2018.  The last day to file dispositive or Daubert motions was extended from August 10 to August 30, 2018.  Summary judgment oppositions and replies, which had been due on September 10 and September 28, 2018, respectively, would be due on September 24 and October 4, 2018, respectively.  (Dkt. 678.)

16. On April 23, 2018, the Court continued the April 24, 2018 CMC to May 4, 2018.  (Dkt. 706.)

17. On April 30, 2018, the Court granted Plaintiff's unopposed motion to reschedule the May 2, 2018 discovery hearing to May 4, 2018.  (Dkt. 709.)

18. On May 22, 2018, the Court granted the parties' stipulation to consolidate the May 23, 2018 discovery hearing with the May 24, 2018 hearing on plaintiff's motion for relief from the Magistrate's pretrial order.  (Dkt. 749.)

19. On September 7, 2018, the Court continued the September 12, 2018 CMC to October 24, 2018; the joint case management statement was due October 17, 2018.  (Dkt. 826.)

20. On January 5, 2019, the Court granted Samsung's motion for an extension of time to comply with the Court's order re redacted agreement from January 4 to January 5, 2019.  (Dkt. 1130.)