Jennifer Milici, D.C. Bar No. 987096
Wesley G. Carson, D.C. Bar No. 1009899
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>    Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO QUALCOMM'S MOTION TO SHORTEN TIME**<br><br>Courtroom: 8, 4th Floor<br>Judge:      Hon. Lucy H. Koh |

## ARGUMENT

Qualcomm has not established good cause to shorten the FTC's time to respond to Qualcomm's motion for a stay pending appeal. Specifically, Qualcomm does not identify any irreparable harm that will occur in the eleven days between May 31, 2019, the deadline proposed by Qualcomm for the FTC's response, and June 11, 2019, the date on which the FTC's response would otherwise be due.[1] The primary harm Qualcomm argues will occur absent a stay stems from the requirement that it negotiate or renegotiate license agreements with modem-chip manufacturers and current licensees free from threatened loss of access to or discriminatory provision of chip supply. But at trial, Qualcomm's own witnesses contended that past license negotiations and renegotiations took considerably longer than eleven days. (Tr. 1404:6-9; 1461:2-5.) Qualcomm fails to demonstrate that complying with the briefing schedule established by the Local Rules would cause any harm.[2]

By contrast, an abbreviated briefing schedule will prejudice the FTC. Qualcomm first informed the FTC of its intention to move for a stay on May 24, 2019, but did not provide any information regarding its arguments or basis for requesting a stay. The FTC learned of Qualcomm's specific positions the evening of Tuesday, May 28, when Qualcomm filed its twenty-four page motion. (ECF No. 1495.) Three days does not provide the FTC with adequate time to consider and respond, as necessary, to Qualcomm's arguments.

The FTC respectfully requests that the Court deny Qualcomm's motion to shorten time, except that the FTC does not object to Qualcomm waiving its reply brief.

---

[1] Although Qualcomm would normally be entitled to a reply brief due June 18, 2019, its briefing appears to agree to waive that reply. (ECF No. 1496 at 1.)

[2] The harm that Qualcomm suggests may befall it is entirely speculative. (ECF No. 1495-1.) Nothing in the Court's order prevents Qualcomm from negotiating and receiving reasonable royalties in exchange for licenses to its intellectual property. Nor does the Court's order prevent Qualcomm from charging market-based prices for its chips.

| | |
|---|---|
| Dated:  May 29, 2019 | Respectfully submitted, |
| | FEDERAL TRADE COMMISSION |
| |   |
| |   /s/ Jennifer Milici              |
| | Jennifer Milici |
| | Wesley G. Carson |
| | Daniel Matheson |
| | Mark J. Woodward |
| | Federal Trade Commission |
| | 600 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20580 |
| | (202) 326-2912; (202) 326-3496 (fax) |
| | jmilici@ftc.gov |
| | |
| | ***Attorneys for Federal Trade Commission*** |