EIMER STAHL LLP
Nathan P. Eimer
neimer@eimerstahl.com
Brian Y. Chang (SBN 287757)
bchang@eimerstahl.com
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Phone: (312) 660-7600
Fax: (312) 692-1718

*Attorneys for LG Electronics, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**NOTICE OF MOTION AND MOTION OF LG ELECTRONICS, INC.<br>FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE<br>IN OPPOSITION TO QUALCOMM'S MOTION TO STAY THE JUDGMENT PENDING APPEAL** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that LG Electronics, Inc. ("LGE") hereby moves the Court for leave to file a brief as *amicus curiae* in opposition to the motion for a stay pending appeal filed by Defendant Qualcomm, Incorporated. (ECF No. 1495). The proposed *amicus* brief is attached to this motion as Exhibit 1. A proposed order granting this motion is attached as Exhibit 3. LGE believes this motion is suitable for resolution without a hearing, but it welcomes such a hearing if the Court believes one to be necessary.

## INTEREST OF *AMICUS CURIAE*

LGE is a Korean electronics company and an original equipment manufacturer ("OEM") that designs, markets, and sells Cellular Handsets. Op. 3. As an OEM, LGE has suffered numerous harms resulting from Qualcomm's anticompetitive conduct in the chip industry, which this Court has detailed. That conduct, as found by this Court, has included "cutting off LGE's chip supply, threatening to withdraw technical support, threatening to require the return of software, charging higher patent royalty rates when LGE used a rival's instead of Qualcomm's chip, giving LGE chip incentive funds if LGE purchased at least 85% of its chips from Qualcomm, and giving rebates on the price of Qualcomm's chips." Op. 45. To remedy these and other violations, this Court enjoined Qualcomm (1) not to condition its supply of modem chips on a customer's patent license status and to negotiate license terms in good faith and in a non-discriminatory manner, op. 227; (2) to make exhaustive SEP licenses available to modem-chip suppliers on fair, reasonable, and non-discriminatory ("FRAND") terms, op. 229; and (3) not to enter express or de facto exclusive dealing agreements for the supply of modem chips, op. 229–30. In support of each of these remedies, the Court explicitly cited the risk of ongoing harm to LGE, among other businesses and consumers, as a reason justifying relief.

## REASONS WHY THE MOTION SHOULD BE GRANTED

District courts enjoy "broad discretion" to permit *amicus* participation, *Hoptowit v. Ray*, 682 F. 2d 1237, 1260 (9th Cir. 1982) *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472, (1995). "As this Court has previously recognized, whether to allow *Amici* to file a brief is solely within the

Court's discretion, and generally courts have exercised great liberality in permitting *amicus* briefs." *California by & through Becerra v. United States Dep't of the Interior*, No. C 17-5948 SBA, 2019 WL 2223804, at *6 (N.D. Cal. Mar. 29, 2019) (citations and alterations omitted). "There are no strict prerequisites that must be established prior to qualifying for *amicus* status; an individual seeking to appear as *amicus* must merely make a showing that his participation is useful or otherwise desirable to the court." *Id.*

LGE satisfies this Court's liberal standard for *amicus* participation. First, because "issuance of the stay [would] substantially injure" LGE, its interest in the pending motion is direct and obvious. *Nken v. Holder*, 556 U.S. 418, 434 (2009). At this moment, LGE and Qualcomm are negotiating several new license agreements, for CDMA, 4G, and 5G, as well as a new chip purchase agreement. Declaration of JongSang Lee, June 11, 2019 at ¶ 3, attached as Exhibit 2. As this Court found, there is an extremely high risk that Qualcomm will persist in its anticompetitive conduct—and directly harm LGE and any other companies currently negotiating with Qualcomm—absent enforcement of this Court's injunction. Because of these imminent risks, LGE's participation as *amicus* will prove "useful or otherwise desirable to the court" because its proposed brief (Exhibit 1) will illustrate the several ways in which "issuance of the stay [would] substantially injure" LGE and likely other Qualcomm customers and competitors as well. *Luna v. OKeefe*, No. 17-CV-02129-LHK, 2018 WL 2197555, at *1 (N.D. Cal. May 14, 2018); see also *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1085, 1092 (N.D. Cal. 2018) (noting that the effect-on-interested-parties stay factor "permits the Court to consider the harm to non-parties"). LGE's proposed brief does not otherwise duplicate arguments made by the Federal Trade Commission in its opposition, with which LGE agrees.

| | |
|---|---|
| Dated: June 11, 2019 | Respectfully submitted, |
| | By:  /s/ Nathan P. Eimer |
| | Nathan P. Eimer |
| | neimer@eimerstahl.com |
| | Brian Y. Chang (SBN 287757) |
| | bchang@eimerstahl.com |
| | EIMER STAHL LLP |
| | 224 South Michigan Avenue |
| | Suite 1100 |
| | Chicago, IL 60604 |
| | Phone: (312) 660-7600 |
| | Fax: (312) 692-1718 |
| | |
| | *Attorneys for* |
| | *LG Electronics, Inc.* |

**CERTIFICATE OF SERVICE**

On this 11th day of June, 2019, I hereby certify that I caused the foregoing Notice of Motion and Motion of LG Electronics, Inc. for Leave to File Brief as *Amicus Curiae* in Opposition to Qualcomm's Motion to Stay The Judgment Pending Appeal to be filed via the court's CM/ECF system, which shall send notice to the counsel of record for the parties.

Dated: June 11, 2019                                     Respectfully submitted,

By: /s/ Nathan P. Eimer
Nathan P. Eimer

*Attorney for*
*LG Electronics, Inc.*