Jennifer Milici, D.C. Bar No. 987096
Joseph R. Baker, D.C. Bar No. 490802
Geoffrey M. Green, D.C. Bar No. 428392
Daniel Matheson, D.C. Bar No. 502490
Mark J. Woodward, D.C. Bar. No. 479537
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3695; (202) 326-3496 (fax)
*jmilici@ftc.gov*

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>                    Plaintiff<br><br>            v.<br><br>QUALCOMM INCORPORATED, a Delaware Corporation,<br>                    Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**FEDERAL TRADE COMMISSION'S OBJECTIONS TO MATERIALS FILED WITH QUALCOMM'S REPLY IN SUPPORT OF ITS MOTION FOR STAY PENDING APPEAL**<br><br>Courtroom:  8, 4th Floor<br>Judge:         Hon. Lucy H. Koh |

Pursuant to Local Rule 7-3(d), the FTC objects to materials that Qualcomm filed with its reply in support of its motion for a stay pending appeal and new arguments raised for the first time on reply. Specifically, the FTC objects to Exhibits C, D, E, and F to the Declaration of M. Brent Byars in Support of Qualcomm's Reply. (ECF Nos. 1506-5, 1506-6, 1506-7, and 1506-8.) The Court should disregard Exhibits C, D, and E because they are offered in support of an argument raised for the first time in Qualcomm's reply. *See* Reply, ECF No. 1506, at 8 ("The irreparable harm is exacerbated by the prospect of inconsistencies between the Order and foreign regulators."). Qualcomm did not make this argument in its opening motion, and the argument does not respond to any point advanced by the FTC or any amici. The Court should not consider it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Oak Point Partners, Inc. v. Lessing*, No. 11-CV-03328-LHK, 2012 WL 4121109, at *4 (N.D. Cal. Sept. 18, 2012) (Koh, J.) (same). Moreover, these documents were not introduced at trial and are not part of the record in this case.

In addition, the Court should disregard and strike Exhibit F to the Byars Declaration as unfair and prejudicial. *See Tech. & Intellectual Prop. Strategies Grp. PC v. Insperity, Inc.*, No. 12-cv-3163 LHK, 2012 WL 6001098, at *14 n.6 (N.D. Cal. Nov. 29, 2012) (striking attachments to reply brief). Exhibit F is Qualcomm's opening statement slide presentation in *In re Qualcomm Litigation*, No. 3:17-cv-0108-GPC-MDD (S.D. Cal.). Qualcomm's reply brief cites to a single slide that Qualcomm asserts is an excerpt from an internal Apple document. (Reply, ECF No. 1506, at 7 n.4.)[1] Qualcomm did not introduce any such document at trial in this case. Had Qualcomm sought to introduce a document with the content excerpted in the slide, the document would have been the subject of high priority objection procedures mandated by the Court and

---

[1] The excerpts cited in footnote 4 also do not respond to any new argument raised by the FTC or *amici*. Indeed, the footnote quoting purported excerpts of an undated and unadmitted document does not even support the argument in the text of Qualcomm's reply brief. Moreover, the footnote improperly asserts that the cited document is an "internal Apple document listing strategies"—without any support for the proposition that the document lists Apple strategies and without authentication of the document.

testimony by an Apple witness. Had the document survived a high priority objection, an Apple witness may have testified to, among other things, the document's context and purpose and the meaning of the cited language. Any such testimony would then have been part of the record on appeal in this case. Qualcomm's attempt to introduce excerpts from a document that it obtained in pre-trial discovery via a post-trial stay reply circumvents procedures intended to test the relevance and reliability of proffered evidence, and thus is unfair and prejudicial to the FTC.

Beyond this single slide, submission of Qualcomm's Southern District slide presentation as a whole is improper, unfair, and prejudicial. The slides contain excerpts from and counsel's summaries of other materials that Qualcomm had prior to trial and yet chose not to offer as evidence in this case. The slides were not subject to the meet and confer and high-priority objection procedures mandated by this Court before opening (and closing) slides were presented in this case. As a non-party in the Southern District case, the FTC had no opportunity to confer about, object to, or respond to the slides that Qualcomm now tries to insert into the record in this case.

The FTC respectfully requests that the Court (i) disregard Exhibits C, D, E, and F to the Byars Declaration and Qualcomm's argument that the Court's order is inconsistent with foreign regulators' requirements; and (ii) strike Exhibit F to the Byars Declaration.

Respectfully submitted,

Dated: June 20, 2019

 */s/ Jennifer Milici*
JENNIFER MILICI
JOSEPH R. BAKER
GEOFFREY M. GREEN
DANIEL MATHESON
MARK J. WOODWARD

Bureau of Competition

*Attorneys for Plaintiff Federal Trade Commission*